Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No. _____ |
| | ) | |
| v. | ) | |
| | ) | PERSONAL INJURY |
| A.W. CHESTERTON COMPANY, | ) | |
| ALLIED PAINT & WALLPAPER COMPANY, INC., | ) | PRODUCTS LIABILITY |
| BRAND INSULATIONS, INC., | ) | |
| BWDAC INC., f/k/a BWD AUTOMOTIVE | ) | JURY TRIAL DEMANDED |
|   CORPORATION, | ) | |
| CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., | ) | |
| CASE NEW HOLLAND INDUSTRIAL, INC., | ) | |
| CATERPILLAR INC., | ) | |
| CBS CORPORATION, a Delaware corporation f/k/a | ) | |
|   VIACOM INC. successor-by-merger to CBS | ) | |
|   CORPORATION, a Pennsylvania corporation f/k/a | ) | |
|   WESTINGHOUSE ELECTRIC CORPORATION, | ) | |
| CLEAVER-BROOKS, INC., | ) | |
| CNH INDUSTRIAL AMERICA LLC, | ) | |
| CRANE CO., | ) | |
| CROWN CORK & SEAL COMPANY, INC., | ) | |
| CUMMINS, INC., | ) | |
| DAIMLER TRUCKS NORTH AMERICA LLC, | ) | |
| DEERE & COMPANY, | ) | |
| EATON CORPORATION, | ) | |
| FORD MOTOR COMPANY, | ) | |
| FOSTER WHEELER ENERGY CORPORATION, | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| GENERAL GASKET CORPORATION, | ) | |
| HERCULES, LLC, | ) | |
| INDUSTRIAL HOLDINGS CORPORATION f/k/a THE | ) | |
|   CARBORUNDUM COMPANY, | ) | |
| J.P. BUSHNELL PACKING, | ) | |
| JOHN CRANE, INC., | ) | |
| KELLY MOORE PAINT COMPANY INC., | ) | |
| MACK TRUCKS INC., | ) | |
| MCKESSON CORPORATION, | ) | |
| MISSOURI DRYWALL SUPPLY INC., | ) | |
| MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC | ) | |
|   LLC, and Successor-by-Merger to BORG-WARNER | ) | |

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

```
  CORPORATION,                                     )
NAVISTAR INC.,                                     )
PACCAR INC.,                                       )
PNEUMO ABEX LLC, successor-in-interest to ABEX     )
  CORPORATION, f/k/a PNEUMO ABEX                   )
  CORPORATION,                                     )
RILEY STOKER CORPORATION,                          )
UNION CARBIDE CORPORATION,                         )
VOLVO GROUP NORTH AMERICA INC.,                    )
WESTERN AUTO SUPPLY COMPANY,                       )
                                                   )
                  Defendants.                      )
```

## PETITION

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY

CONROY, for their cause of action state:

### Jurisdiction, Venue and General Allegations

1.       Petitioners David Butler and Kathy Butler are residents of the State of Washington.

Petitioner Kathy Butler is married to Petitioner David Butler.

2.       Petitioner David Butler was employed, at relevant times, from 1978 to 2018 as a

laborer, roofer, mechanic, and business owner/operator at various locations throughout the United

States, including, but not limited to, locations in the State of Missouri.

3.       The following Defendants and each of them are jointly and severally liable in that

they contributed to causing Petitioner David Butler's injuries:

> Defendant, A.W. CHESTERTON COMPANY, is a corporation
> doing business in the State of Missouri. Defendant corporation
> does not maintain a registered agent in Missouri, although it
> and/or its predecessors in interest have conducted substantial
> business in Missouri. Said corporation may be served pursuant to
> the Missouri Long-Arm Statute through its registered agent C.T.
> Corporation System, 208 South LaSalle Street, 17th Floor, Suite
> 814, Chicago, IL 60604.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, ALLIED PAINT & WALLPAPER COMPANY, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent, 3100 South Glenn, Springfield, MO 65807.

Defendant, BRAND INSULATIONS, INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation System, 208 South LaSalle Street, 17th Floor, Suite 814, Chicago, IL 60604.

Defendant, BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

Defendant, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent United Agent Group Inc., 12747 Olive Boulevard, #300, Saint Louis, MO 63141.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, CASE NEW HOLLAND INDUSTRIAL, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, CATERPILLAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CBS CORPORATION, a Delaware corporation f/k/a VIACOM INC. successor-by-merger to CBS CORPORATION, a Pennsylvania corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CLEAVER-BROOKS, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CNH INDUSTRIAL AMERICA LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, CRANE CO., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, CROWN CORK & SEAL COMPANY, INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, 5555 W. 115th Street, Extension #5550, Alsip, IL 60803.

Defendant, CUMMINS, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, DAIMLER TRUCKS NORTH AMERICA LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, DEERE & COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, EATON CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, FORD MOTOR COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent The Corporation Company, 120 South Central Avenue, Clayton, MO 63105.

Defendant, FOSTER WHEELER ENERGY CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent c/o United Agent Group, Inc., 12747 Olive Boulevard, #300, St. Louis, MO 63141.

Defendant, GENERAL ELECTRIC COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, GENERAL GASKET CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Agent: A.J. Bronsky of Brown & James, 800 Market Street, Suite 1100, St. Louis, MO 63101.

Defendant, HERCULES, LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent Maron & Marvel, P.A., 1201 North Market Street, Wilmington, DE 19801-1147.

Defendant, J.P. BUSHNELL PACKING, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Registered Agent: Dennis Sullivan, Justin Sullivan, Mark Monroe or Jayne McDonald, 3041 Locust Street, St. Louis, MO 63103.

Defendant, JOHN CRANE, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, KELLY MOORE PAINT COMPANY INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, 987 Commercial Street, San Carlos, CA 94070.

Defendant, MACK TRUCKS INC., is a corporation doing business in the State of Missouri. Said corporation may be served

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, MCKESSON CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, MISSOURI DRYWALL SUPPLY INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation Trust Company, 1209 N. Orange Street, Wilmington, DE 19801-1120.

Defendant, NAVISTAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, PACCAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent Prentice-Hall Corporation System, 251 Little Falls Drive, Wilmington, DE 19801.

Defendant, RILEY STOKER CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, UNION CARBIDE CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, VOLVO GROUP NORTH AMERICA INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, WESTERN AUTO SUPPLY COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent National Registered Agents, Inc., 120 South Central Avenue, Suite 400, Clayton, MO 63105.

4.      A.W. CHESTERTON COMPANY, ALLIED PAINT & WALLPAPER COMPANY, INC., BRAND INSULATIONS, INC., BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., CASE NEW HOLLAND INDUSTRIAL, INC., CATERPILLAR INC., CBS CORPORATION, a Delaware corporation f/k/a VIACOM INC. successor-by-merger to CBS CORPORATION, a Pennsylvania corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, CLEAVER-BROOKS, INC., CNH INDUSTRIAL AMERICA LLC, CRANE CO., CROWN CORK & SEAL COMPANY, INC., CUMMINS, INC., DAIMLER TRUCKS NORTH AMERICA LLC, DEERE & COMPANY, EATON CORPORATION , FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GENERAL GASKET CORPORATION, HERCULES, LLC, INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY, J.P. BUSHNELL PACKING, JOHN CRANE, INC., KELLY MOORE PAINT COMPANY INC., MACK TRUCKS INC., MCKESSON CORPORATION, MISSOURI DRYWALL SUPPLY INC., MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION, NAVISTAR INC., PACCAR INC., PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION , RILEY STOKER CORPORATION, UNION CARBIDE CORPORATION, VOLVO GROUP NORTH AMERICA INC., WESTERN AUTO SUPPLY COMPANY, the above Defendants and each of them, at all relevant times directly, and/or

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

indirectly by exercising control over others doing so, mined, manufactured, sold, distributed, marketed, specified, designed, promoted,  licensed, installed, removed and/or otherwise used asbestos and asbestos-containing materials and products, including but not limited to manufacturing, assembling, selling, distributing, marketing, designing, promoting,  licensing, leasing and supplying for business purposes, installing, removing, maintaining, repairing and otherwise using equipment (including vehicles), chattels, instrumentalities, procedures, and/or technologies which included, specified, recommended, and/or required asbestos-containing materials / products as parts, components and/or appurtenances.

5.      Said Defendants and each of them also specified, manufactured, sold, distributed, marketed, promoted and otherwise provided asbestos-containing replacement / aftermarket parts, components and appurtenances used on, in and with the aforesaid equipment.

6.      General jurisdiction is proper because Defendants and each of them are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, and have systematically conducted and continue to conduct operations in Missouri of a quantity and quality relative to the overall business of each of them that Defendants and each of them are deemed "at home" in Missouri.

7.      Specific jurisdiction is proper because, as to Defendants and each of them, a portion of the acts, omissions and events leading to and giving rise to Plaintiff's exposure to each Defendant's asbestos-containing materials / products occurred in and/or through Missouri including, but not limited to: the manufacture, fabrication, assembly and/or production of asbestos-containing materials / products or components thereof to which Plaintiff was exposed; the purchase, acquisition, distribution, delivery, sale and/or resale  of asbestos-containing materials / products or components thereof to which Plaintiff was exposed; the development, design, testing

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

and/or test marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; the conducting of health / hygiene studies, surveys, tests relating to the health effects and hazards of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; and/or decision-making regarding the production and marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed.

8.      During portions of the course of said employment / From 1986 to 1991, Petitioner David Butler worked with and around the above-described materials, products, equipment, conditions and activities and was thereby exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers from said sources.

9.      Petitioner was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991.

10.      Petitioner's exposure to the materials, products, equipment, activities and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout Petitioner's entire career or life as to any particular Defendant.

11.      Each and every Defendant is amenable to suit in the State of Missouri by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri.

12.      Venue is proper in the City of St. Louis, Missouri, pursuant to Missouri Revised Statutes 508.010 because Petitioner David Butler was first exposed to asbestos outside the State of Missouri and one or more of the named Defendants maintains a registered agent in the City of St. Louis.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

13.     Petitioner's exposure to said asbestos was foreseeable and could or should have been anticipated by all Defendants and each of them.

14.     Defendants and each of them knew or should have known: that asbestos is toxic, poisonous and has a deleterious effect on the health of persons exposed thereto; and, that exposure to asbestos posed an unreasonable risk of harm to Petitioner David Butler and others similarly situated. Defendants and each of them possessed specific and superior knowledge concerning the hazards of asbestos including, but not limited to, that persons exposed to asbestos would inevitably be harmed in some manner.

15.     Petitioner and his immediate employer did not know and had no reasonable way to know or realize the risks of being exposed to asbestos and/or the various ways and places in which asbestos was being used by Defendants and each of them.  Defendants and each of them should have anticipated that Petitioner and his immediate employer did not know and would not discover or realize the same.

16.     During times relevant hereto, adequate substitutes for asbestos and for asbestos-containing materials / products, parts and components were available, and Defendants and each of them knew or should have known of said availability. At all times relevant hereto, Defendants and each of them had feasible means by which to convey warnings, hazard communications and other necessary health-related information to those using and/or working with and/or around the above-described materials, products, equipment, conditions and activities.

17.     As a direct and proximate result of the above-described cumulative exposure to asbestos, Petitioner David Butler contracted and suffers from asbestos-related diseases, including but not limited to Pleural Mesothelioma. Petitioner first became aware that of said disease(s) on or about July 20, 2017, and subsequently became aware that the same was wrongfully caused.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

18.     As a direct and proximate result thereof: Petitioner David Butler has been disabled, disfigured and impaired in the enjoyment of recreational/life activities; Petitioner has incurred and will incur in the future necessary expenses for hospital, medical and other health care services; Petitioner has incurred and will incur in the future necessary expenses for household labor and tasks that Petitioner can no longer perform; Petitioner has and will in the future experience physical pain and mental and emotional suffering; Petitioner has been and will be hindered from pursuing employment, resulting in the loss of past and future income, wages, benefits and pension rights.

**Count I – Negligence**
**(materials / products / equipment)**

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants described in paragraph 3 of the general allegations states:

1.     Petitioner herein incorporates by reference the General Allegations of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.     At all times relevant hereto, said materials, products and equipment were being employed in the manner and for the purposes for which they were intended. Specifically, Defendants and each of them intended, knew and/or should have known: that asbestos-containing parts and components would require periodic replacement; that other asbestos-containing materials and products would be used on and/or with said equipment / vehicles / technologies; and, that said equipment / vehicles / technologies would require regular and periodic servicing, maintenance and repairs.

3.     Defendants and each of them knew or should have known that said use, servicing, maintenance and repair would involve the disturbance of asbestos-containing materials, products, components, parts and appurtenances, such that those performing such work and others in the

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

vicinity would be exposed to asbestos and asbestos fibers.

4.      Defendants and each of them issued, provided and disseminated specifications, catalogues, service manuals, parts lists, bulletins and like publications that gave instructions and directions for servicing, maintaining and repairing the aforesaid equipment. Defendants and each of them intended and/or foresaw that said publications would be used and relied upon by those performing such work and/or training others to do the same.

5.      At all times herein relevant, Defendants and each of them had a duty to exercise reasonable and ordinary care for the health, safety and well-being of Petitioner and others similarly situated who were working with and around the aforesaid materials, products and equipment including, but not limited to, a duty to warn / communicate foreseeable hazards arising in connection with any and all known and/or intended uses of the same.

6.      The Defendants and each of them breached said duties and were negligent in one or more of the following respects:

(a)     Designed, manufactured, sold, distributed, marketed, specified, promoted, licensed, installed, removed and/or otherwise used materials / products which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(b)     Designed, manufactured, sold, distributed, marketed, licensed, leased and supplied, installed, removed and/or otherwise used equipment / chattels / instrumentalities / technologies that included and/or specified parts and components which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(c)     Engaged in the aforesaid activities when adequate non-asbestos substitutes were available;

(d)     Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of asbestos-containing replacement parts / components for the above-described equipment / technologies;

(e)     Provided publications and instructions that directed individuals working on

or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts, components and appurtenances in ways that would cause the liberation of asbestos fibers, thereby exposing themselves and others;

(f)     Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts and components without including any or adequate warnings / hazard communications and/or instructions as to less hazardous methods for working with and/or around asbestos materials, including specific instructions on how to prevent and/or reduce exposure to asbestos;

(g)     Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around the above-described materials / products / equipment of the presence of asbestos and/or the hazards associated therewith;

(h)     Otherwise failed to provide any or adequate instructions to persons working with and around the above-described materials / products / equipment concerning less hazardous methods of working with and around the same, including specific instructions on how to avoid and/or reduce exposure to asbestos;

(i)     Failed to provide adequate warnings / hazard communications and/or instructions regarding asbestos-related hazards that would foreseeably be encountered in the course of known and/or intended use, service, maintenance and repair of said materials / products / equipment including, but not limited to, those associated with other materials and products foreseeably disturbed in the ordinary and intended course of such work;

(j)     Failed to conduct tests to determine the hazards to which those working with and around their materials / products / equipment would be exposed and the nature and extent of such hazard;

(k)     Failed to disclose known and knowable information concerning the presence and uses of asbestos in and with the aforesaid materials / products / equipment and the hazards associated therewith;

(l)     Failed to warn as to and/or communicate the hazards of carrying asbestos fibers from work into homes, vehicles and living spaces shared with family and household members and/or advise of practices designed to prevent and/or reduce the same; and/or,

(m)    Failed to take adequate steps to remedy the above including, but not limited to: failing to recall or require / recommend removal or replacement of

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

asbestos and asbestos materials/ products / parts / components; failing to provide any or adequate post-sale warnings / hazard communications and/or instruction; and, failing to replace, recall, revise and/or edit inadequate publications and instructions.

7.      As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count II – Willful / wanton misconduct
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants from Count I, states:

1.      Petitioner herein incorporates by reference the General Allegations and paragraphs Two (2) through Four (4) of Count I of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.      The Defendants and each of them had a duty to refrain from willful and wanton acts, omissions and/or misconduct which would foreseeably expose Petitioner to an unreasonable risk of harm.

3.      Defendants and each of them breached said duties and committed one or more of the following acts or omissions amounting to willful and wanton misconduct, in that they intentionally or with reckless disregard for the health, safety and well-being of Petitioner and

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

others similarly situated:

    (a)    Designed, manufactured, sold, distributed, marketed, specified, promoted, licensed, installed, removed and/or otherwise used materials / products which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

    (b)    Designed, manufactured, sold, distributed, marketed, licensed, leased and supplied, installed, removed and/or otherwise used equipment / chattels / instrumentalities / technologies that included and/or specified parts and components which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

    (c)    Engaged in the aforesaid activities when adequate non-asbestos substitutes were available;

    (d)    Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of asbestos-containing replacement parts / components for the above-described equipment / technologies;

    (e)    Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts, components and appurtenances in ways that would cause the liberation of asbestos fibers, thereby exposing themselves and others;

    (f)    Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts and components without including any or adequate warnings / hazard communications and/or instructions as to less hazardous methods for working with and/or around asbestos materials, including specific instructions on how to prevent and/or reduce exposure to asbestos;

    (g)    Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around the above-described materials / products / equipment of the presence of asbestos and/or the hazards associated therewith;

    (h)    Otherwise failed to provide any or adequate instructions to persons working with and around the above-described materials / products / equipment concerning less hazardous methods of working with and around the same, including specific instructions on how to avoid and/or reduce exposure to asbestos;

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

(i)     Failed to provide adequate warnings / hazard communications and/or instructions regarding asbestos-related hazards that would foreseeably be encountered in the course of known and/or intended use, service, maintenance and repair of said materials / products / equipment including, but not limited to, those associated with other materials and products foreseeably disturbed in the ordinary and intended course of such work;

(j)     Failed to conduct tests to determine the hazards to which those working with and around their materials / products / equipment would be exposed and the nature and extent of such hazard;

(k)     Failed to disclose known and knowable information concerning the presence and uses of asbestos in and with the aforesaid materials / products / equipment and the hazards associated therewith;

(l)     Failed to warn as to and/or communicate the hazards of carrying asbestos fibers from work into homes, vehicles and living spaces shared with family and household members and/or advise of practices designed to prevent and/or reduce the same; and/or,

(m)    Failed to take adequate steps to remedy the above including, but not limited to: failing to recall or require / recommend removal or replacement of asbestos and asbestos materials/ products / parts / components; failing to provide any or adequate post-sale warnings / hazard communications and/or instruction; and, failing to replace, recall, revise and/or edit inadequate publications and instructions.

4.     As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions on the part of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

5.     An award of punitive damages is necessary and appropriate to punish Defendants and each of them for their willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant(s) and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages separately as to Defendants and each of them.

### Count III – Strict Liability
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants from Count I, states:

1. Petitioner herein incorporates by reference the General Allegations and paragraphs Two (2) through Four (4) of Count I of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2. Said materials / products / equipment were in a defective and unreasonably dangerous condition at the time they left the control of the Defendants and each of them in that: (a) they contained and incorporated asbestos, a hazardous / carcinogenic substance, in a manner that said asbestos would be liberated and inhaled by end-users; (b) they were designed and intended to be used with materials and products that contained and incorporated asbestos, a hazardous / carcinogenic substance, such that the regular, expected and intended use of Defendants' materials / products / equipment would cause asbestos to be liberated and inhaled by end-users; (c) they were not accompanied by any warnings or instructions regarding the asbestos hazards associated with the regular, expected and intended use of said materials / products / equipment and/or any such warning or instructions were not adequate.

3. Said materials / products / equipment reached the end-users and the point of Petitioner's exposure in substantially the same condition as when they left the control of the Defendants and each of them. At all relevant times, said materials / products / equipment were

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

used in the manners and environments anticipated, expected and intended by Defendants and each of them, and which were reasonably foreseeable to Defendants and each of them.

4.     As a direct and proximate result of one or more of the foregoing unreasonably dangerous and defective conditions of the materials / products / equipment of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

## Count IV – Negligence
### <u>(loss of consortium)</u>

Petitioner Kathy Butler by her attorneys, SIMMONS HANLY CONROY, for her cause of action against all Defendants named herein, states:

1.     Petitioner herein incorporates by reference the General Allegations and the factual allegations of Counts I-III of this Petition. This Count is brought against all Defendants named in said Counts.

2.     As a direct and proximate result of the negligent acts and omissions of Defendants and each of them, which caused Petitioner's spouse to develop the above stated asbestos-related disease and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

WHEREFORE, Petitioner Kathy Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count V – Willful / wanton misconduct
### (loss of consortium)

Petitioner Kathy Butler by her attorneys, SIMMONS HANLY CONROY, for her cause of action against all Defendants named herein, states:

1.	Petitioner herein incorporates by reference the General Allegations and the factual allegations set forth in Counts I-III of this Petition. This Count is brought against all Defendants named in said Counts.

2.	As a direct and proximate result of the willful, wanton, intentional and/or reckless acts and omissions of Defendants and each of them, which caused Petitioner's spouse to develop the above stated asbestos-related disease and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

3.	An award of punitive damages is necessary and appropriate to punish Defendants and each of them for their willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant(s) and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner Kathy Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages separately as to Defendants and each of them.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

**Count VI – Negligence**
**(spoliation of evidence)**

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY

CONROY, for their cause of action against all Defendants named herein, state:

1.      Petitioners incorporate by reference the General Allegations of this Petition. This

Count is brought against all named Defendants.

2.      Prior to the commencement of this case, Defendants and each of them had in their

respective possession, custody and control documents and information referring to, relating to

and/or reflecting issues relevant to this case.

3.      Upon information and belief, said issues include, but are not limited to:  the

identification of asbestos-containing materials / products to which Petitioner David Butler was

exposed, the locations to, and at, which Defendants sold, distributed and applied asbestos-

containing materials / products; the identity of the manufacturers and others in the distribution

chain of said materials / products; and, Defendants' respective knowledge, notice and information

regarding the hazards of asbestos and their acts and omissions in response thereof.

4.      It was foreseeable to a reasonable person/entity in the respective positions of

Defendants and each of them that said documents and information included evidence which was

material to pending and/or potential civil litigation involving asbestos. Said Defendants and each

of them therefore had a duty to maintain and preserve said documents and information.

5.      Petitioners have sought, but been unable to obtain, full disclosure of said documents

and information from Defendants and each of them, leading to the inference that Defendants and

each of them destroyed and/or otherwise disposed of the same.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

6.      Said Defendants and each of them thereby breached their duty to preserve said material evidence at a time when they and each of them knew or should have known that the same constituted material evidence in pending / potential civil litigation.

7.      As a direct and proximate result of said destruction and disposal of material evidence, Petitioners have been: prejudiced and impaired in proving claims against all potentially liable parties including, but not limited to, the Defendants named herein; thereby compelled to forego, dismiss and/or unfavorably compromise said claims against certain Defendants and/or potentially liable entities; and, thereby been caused to suffer damages in the form of lost or reduced compensation from other potentially liable parties, including certain Defendants name herein.

WHEREFORE, Petitioners David Butler and Kathy Butler pray judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count VII – Willful / wanton misconduct
### (spoliation of evidence)

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY CONROY, for their cause of action against all Defendants named herein, state:

1.      Petitioners incorporate by reference the General Allegations of this Petition and paragraphs Two (2) through Five (5) of Count VI of this Petition. This Count is brought against all named Defendants.

2.      In destroying and disposing of said documents and information, which included evidence material to this case, said Defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

3.      As a direct and proximate result of said intentional / reckless destruction and disposal of material evidence, Petitioners have been: prejudiced and impaired in proving claims against all potentially liable parties including, but not limited to, the Defendants named herein; thereby compelled to forego, dismiss and/or unfavorably compromise said claims against certain Defendants and/or potentially liable entities; and, thereby been caused to suffer damages in the form of lost or reduced compensation from other potentially liable parties, including certain Defendants name herein.

WHEREFORE, Petitioners David Butler and Kathy Butler pray judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

Respectfully Submitted,

David Butler and Kathy Butler, his wife,
Petitioners

**SIMMONS HANLY CONROY**

By: /s/ John E. Richardson, Jr._____
         John E. Richardson, Jr., #58561
         One Court Street
         Alton, IL  62002
         Phone: (618) 259-2222
         Fax: (618) 259-2251