

Search for Cases by: Select Search Method...

| Judicial Links | | eFiling | | Help | | Contact Us | | Print | GrantedPublicAccess Logoff PAUL_KNOBBE

## 2222-CC00226 - DAVID BUTLER ET AL V A W CHESTERTON INC ET AL (E-CASE)

| Case Header FV | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**09/12/2022** ☐ **Motion to Dismiss**

Oshkosh Corporations Motion to Dismiss Plaintiff First Amended Petition; Electronic Filing Certificate of Service.
    **Filed By:** SARAH B MANGELSDORF
    **On Behalf Of:** OSHKOSH CORPORATION

☐ **Answer Filed**

Oshkosh Corporations Answer and Affirmative Defenses to Plaintiff First Amended Petition; Electronic Filing Certificate of Service.
    **Filed By:** SARAH B MANGELSDORF

☐ **Entry of Appearance Filed**

Oshkosh Corporations Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** SARAH B MANGELSDORF

**08/25/2022** ☐ **Notice**

Notice of Compliance; Electronic Filing Certificate of Service.
    **Filed By:** JOHN E RICHARDSON JR
    **On Behalf Of:** DAVID BUTLER, KATHY BUTLER

**08/19/2022** ☐ **Cert Serv Answers Interrog Fil**

Cert of Service and Proof of Service; Electronic Filing Certificate of Service.
    **Filed By:** JOHN E RICHARDSON JR
    **On Behalf Of:** DAVID BUTLER, KATHY BUTLER

**08/17/2022** ☐ **Jury Trial Scheduled**

    **Scheduled For:** 10/11/2022;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

☐ **Hearing Continued/Rescheduled**

    **Hearing Continued From:** 08/22/2022;  9:00 AM Jury Trial

**08/16/2022** ☐ **Notice to Take Deposition**

Notice of Videotaped Deposition; Electronic Filing Certificate of Service.
    **Filed By:** JOHN E RICHARDSON JR
    **On Behalf Of:** DAVID BUTLER, KATHY BUTLER

**08/12/2022** ☐ **Notc Change of Address Filed**

Notice of Change of Address; Electronic Filing Certificate of Service.
    **Filed By:** CARL JOHN GERACI
    **On Behalf Of:** INDUSTRIAL HOLDINGS CORPORATION

| 07/27/2022 | ☐ | **Answer Filed** |
|---|---|---|

ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION ON BEHALF OF DEERE & COMPANY; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW JOHN FISCHER

**On Behalf Of:** DEERE & COMPANY

☐ **Notice**

NOTICE OF FILING; ELECTRONIC FILING CERTIFICATE OF SERVICE

**Filed By:** MATTHEW JOHN FISCHER

☐ **Entry of Appearance Filed**

Deeres Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW JOHN FISCHER

| 07/26/2022 | ☐ | **Notice** |
|---|---|---|

Defendant BWDAC, Inc.s Notice of Filing; Electronic Filing Certificate of Service.

**Filed By:** MARCIE JANNAE VANTINE

**On Behalf Of:** BWDAC INC

☐ **Motion to Dismiss**

Defendant BWDAC, Inc.s Objection to Personal Jurisdiction and Motion to Dismiss Petitioners First Amended Petition; Electronic Filing Certificate of Service.

**Filed By:** MARCIE JANNAE VANTINE

☐ **Answer Filed**

Defendant BWDAC, Inc.s Answer to Petitioners First Amended Petition; Electronic Filing Certificate of Service.

**Filed By:** MARCIE JANNAE VANTINE

| 07/25/2022 | ☐ | **Motion to Dismiss** |
|---|---|---|

HERCULES LLCs Motion to Dismiss Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.

**Filed By:** BRYAN DENNIS NICHOLSON

**On Behalf Of:** HERCULES LLC

| 07/19/2022 | ☐ | **Entry of Appearance Filed** |
|---|---|---|

2022-07-19 EOA - S. Rozell - Ford; Electronic Filing Certificate of Service.

**Filed By:** SHERRY ANN ROZELL

**On Behalf Of:** FORD MOTOR COMPANY

| 07/13/2022 | ☐ | **Motion to Dismiss** |
|---|---|---|

DEFENDANT CATERPILLAR INC.S CONSOLIDATED MOTION TO DISMISS FIRST AMENDED PETITION PURSUANT TO RULE 55.27; Electronic Filing Certificate of Service.

**Filed By:** JULIE SIMAYTIS

**On Behalf Of:** CATERPILLAR INC

| 07/08/2022 | ☐ | **Answer Filed** |
|---|---|---|

General Gaskets Answer to First Amended Petition - David Butler; Electronic Filing Certificate of Service.

**Filed By:** ALBERT J BRONSKY JR

**On Behalf Of:** GENERAL GASKET CORPORATION

☐ **Motion to Dismiss**

Missouri Drywalls Motion to Dismiss First Amended Petition - Butler; Electronic Filing Certificate of Service.

**Filed By:** ALBERT J BRONSKY JR
**On Behalf Of:** MISSOURI DRYWALL SUPPLY INC

07/07/2022 ☐ **Motion to Dismiss**

DEFENDANT JOHN CRANE INC.S MOTION TO DISMISS PLAINTIFFS FIRST AMENDED PETITION, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.
**Filed By:** ALBERT J BRONSKY JR
**On Behalf Of:** JOHN CRANE INC

07/05/2022 ☐ **Answer Filed**

CUMMINS INC.S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS FIRST AMENDED PETITION; Electronic Filing Certificate of Service.
**Filed By:** DILLON BRODERICK WILLIAMS
**On Behalf Of:** CUMMINS INC

06/27/2022 ☐ **Notice of Hearing Filed**

Case New Holland Industrial Inc.s Notice of Hearing for its Motion to Dismiss Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** ERICK EDWARD VANDORN
**On Behalf Of:** CASE NEW HOLLAND INDUSTRIAL INC

☐ **Suggestions in Support**

Case New Holland Industrial Inc.s Suggestions in Support of its Motion to Dismiss Plaintiffs First Amended Petition; Exhibit A to the Suggestions in Support of its Motion to Dismiss Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** ERICK EDWARD VANDORN

☐ **Motion to Dismiss**

Case New Holland Industrial Inc.s Motion to Dismiss Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** ERICK EDWARD VANDORN

☐ **Notice of Hearing Filed**

CNH Industrial America LLCs Notice of Hearing for its Motion to Dismiss and Strike Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** ERICK EDWARD VANDORN
**On Behalf Of:** CNH INDUSTRIAL AMERICA LLC

☐ **Suggestions in Support**

CNH Industrial America LLCs Suggestions in Support of its Motion to Dismiss and Strike Plaintiffs First Amended Petition for Lack of Personal Jurisdiction; Exhibit A to the Suggestions in Support of its Motion to Dismiss Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** ERICK EDWARD VANDORN

☐ **Motion to Dismiss**

CNH Industrial America LLCs Motion to Dismiss or Strike Plaintiffs First Amended Petition; Electronic Filing Certificate of Service.
**Filed By:** ERICK EDWARD VANDORN

06/24/2022 ☐ **Motion to Dismiss**

J.P. Bushnell Packing Supply Co.s Motion to Dismiss Plaintiffs First Amended Petition or, Alternatively, for a More Definite Statement
**Filed By:** CARY ALLEN PRESS
**On Behalf Of:** J P BUSHNELL PACKING

☐ **Answer Filed**

J.P. Bushnell Packing Supply Co.s Answer and Affirmative Defenses to Plaintiffs First Amended

Petition; Electronic Filing Certificate of Service.

    **Filed By:** CARY ALLEN PRESS

☐ **Motion to Dismiss**

Defendant PACCAR Incs Motion to Dismiss First Amended Petition for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.

    **Filed By:** MARK DAHLQUIST CRAPO

    **On Behalf Of:** PACCAR INC

☐ **Answer Filed**

MORSE TEC LLC, FKA BORGWARNER MORSE TEC, LLC, AND SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATIONS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS FIRST AMEND; Electronic Filing Certificate of Service.

    **Filed By:** DYANNA BALLOU

    **On Behalf Of:** MORSE TEC LLC

☐ **Answer Filed**

DEFENDANT EATON CORPORATIONS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS FIRST AMENDED PETITION; Electronic Filing Certificate of Service.

    **Filed By:** SARAH ELISE SCHWARTZ

    **On Behalf Of:** EATON CORPORATION

☐ **Summ Issd- Circ Pers Serv O/S**

Document ID: 22-SMOS-1737, for OSHKOSH CORPORATION.

06/23/2022 ☐ **Motion to Dismiss**

DEFENDANT BRAND INSULATIONS, INC.S MOTION TO DISMISS PLAINTIFFS FIRST AMENDED PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.

    **Filed By:** MATTHEW EDWARD PELIKAN

    **On Behalf Of:** BRAND INSULATIONS INC

☐ **Motion to Dismiss**

DEFENDANT PNEUMO ABEX, LLCS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.

    **Filed By:** MATTHEW EDWARD PELIKAN

    **On Behalf Of:** PNEUMO ABEX LLC

06/22/2022 ☐ **Motion to Dismiss**

    **Filed By:** MARY GRACE SULLIVAN

    **On Behalf Of:** MACK TRUCKS INC

☐ **Certificate of Service**

Mack Trucks Incs Certificate of Service for its Motion to Dismiss First Amended Petition for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.

    **Filed By:** MARY GRACE SULLIVAN

☐ **Motion to Dismiss**

    **Filed By:** MARY GRACE SULLIVAN

    **On Behalf Of:** VOLVO GROUP NORTH AMERICA INC

☐ **Certificate of Service**

Volvo Group North America LLCs Certificate of Service for its Motion to Dismiss First Amended Petition; Electronic Filing Certificate of Service.

    **Filed By:** MARY GRACE SULLIVAN

☐ **Motion to Dismiss**

DEFENDANT WESTERN AUTO SUPPLY COMPANY'S OBJECTION TO PERSONAL JURISDICTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION; Electronic Filing Certificate of

Service.

> **Filed By:** APRIL ANN VESELY
>
> **On Behalf Of:** WESTERN AUTO SUPPLY COMPANY

☐ **Answer Filed**

DEFENDANT WESTERN AUTO SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION; Electronic Filing Certificate of Service.

> **Filed By:** APRIL ANN VESELY

☐ **Motion to Dismiss**

Industrial Holdings Corporation fka The Carborundum Companys Motion to Dismiss First Amended Petition; Exhibit A; Electronic Filing Certificate of Service.

> **Filed By:** BRENDA G. BAUM
>
> **On Behalf Of:** INDUSTRIAL HOLDINGS CORPORATION

**06/21/2022** ☐ **Suggestions in Support**

2022-06-21 Ford SIS MTD First Amd; Electronic Filing Certificate of Service.

> **Filed By:** SHERRY ANN ROZELL
>
> **On Behalf Of:** FORD MOTOR COMPANY

☐ **Motion to Dismiss**

2022-06-21 Ford MTD First Amd; 2022-06-21 Ford MTD First Amd - Ex. A; Electronic Filing Certificate of Service.

> **Filed By:** SHERRY ANN ROZELL

**06/16/2022** ☐ **Note to Clerk eFiling**

> **Filed By:** JOHN E RICHARDSON JR

☐ **Amend Pet/Mot to Modfy Filed**

First Amended Petition; Electronic Filing Certificate of Service.

> **Filed By:** JOHN E RICHARDSON JR
>
> **On Behalf Of:** DAVID BUTLER, KATHY BUTLER

**06/15/2022** ☐ **Order Granting Leave**

On Motion of the Petitioners to amend their Petition, leave is hereby granted to the Petitioners to file their First Amended Petition. SO ORDERED: JUDGE JASON M. SENGHEISER

**05/24/2022** ☐ **Motion Filed**

Motion to Amend Petition; Electronic Filing Certificate of Service.

> **Filed By:** JOHN E RICHARDSON JR
>
> **On Behalf Of:** DAVID BUTLER, KATHY BUTLER

**05/03/2022** ☐ **Entry of Appearance Filed**

Entry of Appearance on Behalf of Navistar, Inc.; Electronic Filing Certificate of Service.

> **Filed By:** CLEMENT DAVID WARR
>
> **On Behalf Of:** NAVISTAR INC

**04/25/2022** ☐ **Motion to Dismiss**

MOTION TO DISMISS PLAINTIFFS' PETITION; Electronic Filing Certificate of Service.

> **Filed By:** GREGORY ALAN IKEN
>
> **On Behalf Of:** HERCULES LLC

☐ **Motion to Dismiss**

MOTION TO DISMISS PLAINTIFFS' PETITION FOR LACK OF PERSONAL JURISDICTION ; Electronic Filing Certificate of Service.

> **Filed By:** GREGORY ALAN IKEN

☐ **Entry of Appearance Filed**

SPECIAL AND LIMITED ENTRY OF APPEARANCE on behalf of Defendant HERCULES LLC, for the purposes of challenging personal jurisdiction, both specific and general.; Electronic Filing Certificate of Service.

**Filed By:** GREGORY ALAN IKEN

04/12/2022  ☐ **Notc of Limtd Appearance Filed**

Crane Co. Special and Limited Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** GREGORY ALAN IKEN
**On Behalf Of:** CRANE CO

☐ **Motion to Dismiss**

Crane Co. Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.

**Filed By:** GREGORY ALAN IKEN

☐ **Motion Granted/Sustained**

The law firm of Polsinelli, PC hereby withdraw as counsel for Defendant Navistar, Inc., and the law firm of Swanson, Martin & Bell, LLP hereby enters its appearance for same defendant. So Ordered: Judge Michael Stelzer #40716

04/08/2022  ☐ **Motion for Sub of Counsel**

Motion for Substitution of Counsel - Navistar, Inc,; Electronic Filing Certificate of Service.

**Filed By:** LEO CASIMIR CHMIELEWSKI
**On Behalf Of:** NAVISTAR INC

☐ **Entry of Appearance Filed**

2022-04-08 EOA - A. Riley; Electronic Filing Certificate of Service.

**Filed By:** ALEX CRAIG RILEY
**On Behalf Of:** FORD MOTOR COMPANY

03/29/2022  ☐ **Certificate of Service**

CERTIFICATE OF SERVICE; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW EDWARD PELIKAN

☐ **Motion to Dismiss**

DEFENDANT BRAND INSULATIONS, INC.S MOTION TO DISMISS PLAINTIFFS PETITION OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW EDWARD PELIKAN
**On Behalf Of:** BRAND INSULATIONS INC

03/25/2022  ☐ **Motion Granted/Sustained**

The Motion of Defendant MCKESSON CORPORATION for leave to file out of time is hereby granted. So Ordered: Judge Michael Stelzer #40716

☐ **Motion Granted/Sustained**

The Motion of Defendant Riley Power, Inc. for leave to file out of time is hereby granted. So Ordered: Judge Michael Stelzer #40716

03/24/2022  ☐ **Motion to Dismiss**

GENERAL ELECTRIC COMPANY Motion To Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.

**Filed By:** ANITA MARIA KIDD
**On Behalf Of:** GENERAL ELECTRIC COMPANY

☐ **Motion to Dismiss**

**Filed By:** ANITA MARIA KIDD

☐ **Notc of Limtd Appearance Filed**

GENERAL ELECTRIC COMPANY Special And Limited Entry Of Appearance; Electronic Filing Certificate of Service.

> **Filed By:** ANITA MARIA KIDD

03/23/2022 ☐ **Order**

The Motion of Defendant, RILEY POWER, INC., incorrectly named and served herein as RILEY STOKER CORPORATION, for leave to file out of time is hereby granted. Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement is attached to said motion and is hereby ordered and filed instanter. SO ORDERED: JUDGE JASON M. SENGHEISER

☐ **Order**

The Motion of Defendant, MCKESSON CORPORATION, for leave to file out of time is hereby granted. Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement is attached to said motion and is hereby ordered and filed instanter. SO ORDERED: JUDGE JASON M. SENGHEISER

☐ **Certificate of Service**

Certificate of Service for Defendant Riley Power, Inc.s Disclosure of Fact and Expert Witnesses; Electronic Filing Certificate of Service.

> **Filed By:** KENT L PLOTNER
> **On Behalf Of:** RILEY STOKER CORPORATION

☐ **Motion to Dismiss**

> **Filed By:** KENT L PLOTNER
> **On Behalf Of:** MCKESSON CORPORATION, RILEY STOKER CORPORATION

☐ **Entry of Appearance Filed**

Entry of Appearance for Defendant Riley Power, Inc., incorrectly named and served herein as Riley Stoker Corporation; Electronic Filing Certificate of Service.

> **Filed By:** KENT L PLOTNER

☐ **Motion to Dismiss**

Defendant McKesson Corporations Motion to Dismiss, or in the Alternative, for More Definite Statement; Electronic Filing Certificate of Service.

> **Filed By:** KENT L PLOTNER

☐ **Entry of Appearance Filed**

Entry of Appearance for Defendant McKesson Corporation; Electronic Filing Certificate of Service.

> **Filed By:** KENT L PLOTNER

☐ **Proposed Order Filed**

Proposed Order - Defendant Riley Power, Inc.s Motion for Leave to File Out of Time Response to Petitioners Petition; Electronic Filing Certificate of Service.

> **Filed By:** KENT L PLOTNER

☐ **Mot for Leave to File Out/Time**

Defendant Riley Power, Inc.s Motion for Leave to File Out of Time Response to Petitioners Petition; Electronic Filing Certificate of Service.

> **Filed By:** KENT L PLOTNER

☐ **Proposed Order Filed**

Proposed Order - Defendant McKesson Corporations Motion for Leave to File Out of Time Response to Petitioners Petition; Electronic Filing Certificate of Service.

> **Filed By:** KENT L PLOTNER

☐ **Mot for Leave to File Out/Time**

Defendant McKesson Corporations Motion for Leave to File Out of Time Response to Petitioners Petition; Electronic Filing Certificate of Service.

> **Filed By:** KENT L PLOTNER

03/22/2022 ☐ **List of Witnesses**

Defendant BWDAC, Inc.s List of Potential Fact and Expert Witnesses; Electronic Filing Certificate of Service.

> **Filed By:** MARCIE JANNAE VANTINE
> **On Behalf Of:** BWDAC INC

☐ **Notice**

Defendant BWDAC, Inc.s Notice of Filing; Electronic Filing Certificate of Service.

> **Filed By:** MARCIE JANNAE VANTINE

☐ **Motion to Dismiss**

Defendant BWDAC, Inc.s Objection to Personal Jurisdiction and Motion to Dismiss Petitioners Petition; Electronic Filing Certificate of Service.

> **Filed By:** MARCIE JANNAE VANTINE
> **On Behalf Of:** BWDAC INC

☐ **Answer Filed**

> **Filed By:** MARCIE JANNAE VANTINE

☐ **Entry of Appearance Filed**

Defendant BWDAC, Inc.s Entry of Appearance; Electronic Filing Certificate of Service.

> **Filed By:** MARCIE JANNAE VANTINE

03/21/2022 ☐ **Motion to Dismiss**

DEFENDANT PNEUMO ABEX LLCS MOTION TO DISMISS PLAINTIFFS PETITION, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.

> **Filed By:** MATTHEW EDWARD PELIKAN
> **On Behalf Of:** PNEUMO ABEX LLC

☐ **Entry of Appearance Filed**

ENTRY OF APPEARANCE; Electronic Filing Certificate of Service.

> **Filed By:** MATTHEW EDWARD PELIKAN

☐ **Certificate of Service**

CERTIFICATE OF SERVICE; Electronic Filing Certificate of Service.

> **Filed By:** MATTHEW EDWARD PELIKAN

☐ **Motion to Dismiss**

DEFENDANT CATERPILLAR INC.S CONSOLIDATED MOTION TO DISMISS PURSUANT TO RULE 55.27; Electronic Filing Certificate of Service.

> **Filed By:** JULIE SIMAYTIS
> **On Behalf Of:** CATERPILLAR INC

☐ **Suggestions in Support**

> **Filed By:** SHERRY ANN ROZELL

☐ **Motion to Dismiss**

2022-03-21 Ford MTD; 2022-03-21 Ford MTD - Ex. A; Electronic Filing Certificate of Service.

> **Filed By:** SHERRY ANN ROZELL
> **On Behalf Of:** FORD MOTOR COMPANY

☐ **Motion to Dismiss**

DEFENDANT PACCAR INC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; ELECTRONIC FILING CERTIFICATE OF SERVICE

> **Filed By:** MARK DAHLQUIST CRAPO
> **On Behalf Of:** PACCAR INC

☐ **Notc of Limtd Appearance Filed**

SPECIAL AND LIMITED ENTRY OF APPEARANCE on behalf of Defendant PACCAR Inc for the special and limited purpose of contesting personal jurisdiction. ; Electronic Filing Certificate of Service.

> **Filed By:** MARK DAHLQUIST CRAPO

**03/18/2022** ☐ **Motion to Dismiss**

Missouri Drywall Supply, Inc. Motion to Dismiss, or, in the alternative, Motion for a More Definite Statement; Electronic Filing Certificate of Service.
**Filed By:** ALBERT J BRONSKY JR
**On Behalf Of:** MISSOURI DRYWALL SUPPLY INC

**03/17/2022** ☐ **Certificate of Service**

Certificate of Service of Defendant John Crane Inc.s Trial Exhibit List and Notice and Designation of Expert and Lay Witnesses; Electronic Filing Certificate of Service.
**Filed By:** ALBERT J BRONSKY JR
**On Behalf Of:** JOHN CRANE INC

☐ **Motion to Dismiss**

DEFENDANT JOHN CRANE INC.S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; Electronic Filing Certificate of Service.
**Filed By:** ALBERT J BRONSKY JR

☐ **Motion to Dismiss**

**Filed By:** MARY GRACE SULLIVAN
**On Behalf Of:** VOLVO GROUP NORTH AMERICA INC

☐ **Notc of Limtd Appearance Filed**

Volvo Group North America LLCs Special and Limited Appearance; Electronic Filing Certificate of Service.
**Filed By:** MARY GRACE SULLIVAN

☐ **Certificate of Service**

Volvo Group North America LLCs Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** MARY GRACE SULLIVAN

☐ **Certificate of Service**

Volvo Group North America LLCs Certificate of Service for its Disclosure of Lay and Expert Witnesses; Electronic Filing Certificate of Service.
**Filed By:** MARY GRACE SULLIVAN

☐ **Motion to Dismiss**

Mack Trucks Incs Motion to Dismiss Petition for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.
**Filed By:** CURTIS RAY PICOU
**On Behalf Of:** MACK TRUCKS INC

☐ **Notc of Limtd Appearance Filed**

Mack Trucks Incs Special and Limited Appearance; Electronic Filing Certificate of Service.
**Filed By:** MARY GRACE SULLIVAN

☐ **Certificate of Service**

**Filed By:** MARY GRACE SULLIVAN

☐ **Certificate of Service**

Mack Trucks Incs Certificate of Service for its Disclosure of Lay and Expert Witnesses; Electronic Filing Certificate of Service.
**Filed By:** MARY GRACE SULLIVAN

☐ **Certificate of Service**

J.P. Bushnell Packing Supply Co.s Certificate of Service for Fact and Expert Witness Disclosure; Electronic Filing Certificate of Service.
**Filed By:** CARY ALLEN PRESS
**On Behalf Of:** J P BUSHNELL PACKING

☐ **Motion to Dismiss**

J.P. Bushnell Packing Supply Co.s Motion to Dismiss Petitioners Petition or, Alternatively, for a More Definite Statement; Electronic Filing Certificate of Service.

    **Filed By:** CARY ALLEN PRESS

☐ **Answer Filed**

    **Filed By:** CARY ALLEN PRESS

☐ **Entry of Appearance Filed**

J.P. Bushnell Packing Supply Co.s Appearance; Electronic Filing Certificate of Service.

    **Filed By:** CARY ALLEN PRESS

☐ **Motion to Dismiss**

    **Filed By:** JAMES RICHARD GRABOWSKI
    **On Behalf Of:** DAIMLER TRUCKS NORTH AMERICA LLC

☐ **Entry of Appearance Filed**

DAIMLER TRUCK NORTH AMERICA, LLCs Entry of Appearance; Electronic Filing Certificate of Service.

    **Filed By:** JAMES RICHARD GRABOWSKI

03/16/2022 ☐ **Notice of Hearing Filed**

Case New Holland Inc.s Notice of Hearing for its Motion to Dismiss or Strike Plaintiffs Petition; Electronic Filing Certificate of Service.

    **Filed By:** LINDSAY GILMORE
    **On Behalf Of:** CASE NEW HOLLAND INDUSTRIAL INC

☐ **Suggestions in Support**

Case New Holland Industrial Inc.s Suggestions in Support of its Motion to Dismiss or Strike Plaintiffs Petition; Exhibit A to the Suggestions in Support of its Motion to Dismiss; Electronic Filing Certificate of Service.

    **Filed By:** LINDSAY GILMORE

☐ **Motion to Dismiss**

Case New Holland Industrial Inc.s Motion to Dismiss or Strike Plaintiffs Petition; Electronic Filing Certificate of Service.

    **Filed By:** LINDSAY GILMORE

☐ **Entry of Appearance Filed**

Case New Holland Industrial Inc.s Entry of Appearance; Electronic Filing Certificate of Service.

    **Filed By:** LINDSAY GILMORE

☐ **Notice of Hearing Filed**

CNH Industrial America LLCs Notice of Hearing for its Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.

    **Filed By:** LINDSAY GILMORE
    **On Behalf Of:** CNH INDUSTRIAL AMERICA LLC

☐ **Suggestions in Support**

CNH Industrial America LLCs Suggestions in Support of its Motion to Dismiss or Strike Plaintiffs Petition for Lack of Personal Jurisdiction; Exhibit A to the Suggestions in Support of its Motion to Dismiss; Electronic Filing Certificate of Service.

    **Filed By:** LINDSAY GILMORE

☐ **Motion to Dismiss**

    **Filed By:** LINDSAY GILMORE

☐ **Entry of Appearance Filed**

CNH Industrial America LLCs Entry of Appearance; Electronic Filing Certificate of Service.

    **Filed By:** LINDSAY GILMORE

☐ **Entry of Appearance Filed**

    **Filed By:** SARAH ELISE SCHWARTZ

**On Behalf Of:** EATON CORPORATION

☐ **Answer Filed**

DEFENDANT EATON CORPORATIONS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS PETITION; Electronic Filing Certificate of Service.

**Filed By:** SARAH ELISE SCHWARTZ

03/15/2022  ☐ **Entry of Appearance Filed**

**Filed By:** DYANNA BALLOU
**On Behalf Of:** MORSE TEC LLC

☐ **Answer Filed**

MORSE TEC LLC, FKA BORGWARNER MORSE TEC, LLC, AND SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATIONS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS PETITION; Electronic Filing Certificate of Service.

**Filed By:** DYANNA BALLOU

☐ **Motion Filed**

DEFENDANT, INDUSTRIAL HOLDINGS CORPORATION F/K/A THE CARBORUNDUM COMPANY'S MOTION PURSUANT TO SUPREME COURT RULE 55.27(d), MOTION FOR MORE DEFINITE STATEMENT, MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO STRIKE, MOTION TO DISMISS, and MOTION PURSUANT TO MISSOURI SUPREME COURT RULE 55.27(f), "CONSOLIDATION OF DEFENSES IN MOTION" DIRECTED TO PLAINTIFFS"PETITION; EXHIBIT A ELECTRONIC FILING CERTIFICATE OF SERVICE

**Filed By:** BRENDA G. BAUM
**On Behalf Of:** INDUSTRIAL HOLDINGS CORPORATION

☐ **Entry of Appearance Filed**

ENTR Y OF APPEARANCE on behalf of behalf of INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company.; Electronic Filing Certificate of Service.

**Filed By:** BRENDA G. BAUM

03/14/2022  ☐ **Motion to Dismiss**

DEFENDANT CUMMINS INC.S MOTION TO DISMISS PLAINTIFFS PETITION FOR FAILURE TO ESTABLISH PERSONAL JURISDICTION; Ex. A; Ex. B; Ex. C; Electronic Filing Certificate of Service.

**Filed By:** DILLON BRODERICK WILLIAMS
**On Behalf Of:** CUMMINS INC

☐ **Entry of Appearance Filed**

ENTRY OF APPEARANCE; Electronic Filing Certificate of Service.

**Filed By:** NATHAN ASHER LINDSEY
**On Behalf Of:** CUMMINS INC

☐ **Entry of Appearance Filed**

ENTRY OF APPEARANCE; Electronic Filing Certificate of Service.

**Filed By:** DILLON BRODERICK WILLIAMS

☐ **Answer Filed**

CUMMINS INC.S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS PETITION; Electronic Filing Certificate of Service.

**Filed By:** DILLON BRODERICK WILLIAMS
**On Behalf Of:** CUMMINS INC

☐ **Answer Filed**

Defendant Western Auto Supply Companys Answer to Plaintiffs Petition; Electronic Filing Certificate of Service.

**Filed By:** APRIL ANN VESELY
**On Behalf Of:** WESTERN AUTO SUPPLY COMPANY

☐ **Motion to Transfer**

Defendant Western Auto Supply Companys Motion to Transfer Venue, or, in the Alternative, Motion to Make More Definite and Certain; Electronic Filing Certificate of Service.

**Filed By:** APRIL ANN VESELY

☐ **Motion to Dismiss**

Defendant Western Auto Supply Companys Objection to Personal Jurisdiction and Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.

**Filed By:** APRIL ANN VESELY

☐ **Entry of Appearance Filed**

**Filed By:** APRIL ANN VESELY

☐ **Certificate of Service**

Defendant Western Auto Supply Companys Certificate of Service; Electronic Filing Certificate of Service.

**Filed By:** APRIL ANN VESELY

03/11/2022 ☐ **Answer Filed**

**Filed By:** DANIEL GERARD DONAHUE
**On Behalf Of:** CBS CORPORATION

☐ **Notc of Limtd Appearance Filed**

Spec Limited Entry of Appearance of Paramount Global fka VIACOMCBS, Inc., a DE Corp., fka CBS Corp., a DE corp fka Viacom Inc successor by merger to CBS Corp a; Electronic Filing Certificate of Service.

**Filed By:** DANIEL GERARD DONAHUE

03/10/2022 ☐ **Certificate of Service**

Certificate of Service for General Gasket Corp.s Disclosure of Witnesses; Electronic Filing Certificate of Service.

**Filed By:** ALBERT J BRONSKY JR
**On Behalf Of:** GENERAL GASKET CORPORATION

☐ **Answer Filed**

DEFENDANT GENERAL GASKET CORP.S ANSWER TO PLAINTIFFS PETITION; Electronic Filing Certificate of Service.

**Filed By:** ALBERT J BRONSKY JR

03/08/2022 ☐ **Motion to Dismiss**

DEFENDANT CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.'S CONSOLIDATED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM; OR, IN THE ALTERNATIVE, TO TRANSFER VENUE; OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT AND TO EXTEND TIME TO FILE OR AMEND MOTION TO TRANSFER VENUE; ELECTRONIC FILING CERTIFICATE OF SERVICE

**Filed By:** JEFFREY THOMAS BASH

☐ **Entry of Appearance Filed**

ENTRY OF APPEARANCEon behalf of the defendant, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., in the above-captioned matter.; Electronic Filing Certificate of Service.

**Filed By:** JEFFREY THOMAS BASH
**On Behalf Of:** CARLISLE INDUSTRIAL BRAKES & FRICTION, INC

02/28/2022 ☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** MATTHEW EDWARD PELIKAN
**On Behalf Of:** BRAND INSULATIONS INC

02/25/2022 ☐ **Entry of Appearance Filed**

John Crane, Inc. Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** ALBERT J BRONSKY JR
    **On Behalf Of:** JOHN CRANE INC

02/24/2022 ☐ **Entry of Appearance Filed**
ENTRY OF APPEARANCE; Electronic Filing Certificate of Service.
    **Filed By:** JULIE SIMAYTIS
    **On Behalf Of:** CATERPILLAR INC

02/22/2022 ☐ **Entry of Appearance Filed**
Missouri Drywall Supply, Inc. Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** ALBERT J BRONSKY JR
    **On Behalf Of:** MISSOURI DRYWALL SUPPLY INC

    ☐ **Entry of Appearance Filed**
General Gasket Corporation Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** ALBERT J BRONSKY JR
    **On Behalf Of:** GENERAL GASKET CORPORATION

02/18/2022 ☐ **Jury Trial Scheduled**
    **Associated Entries: 08/17/2022 - Hearing Continued/Rescheduled**
    **Scheduled For:** 08/22/2022;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

02/09/2022 ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-432, for VOLVO GROUP NORTH AMERICA INC.

    ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-431, for PNEUMO ABEX LLC.

    ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-430, for MORSE TEC LLC.

    ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-429, for KELLY MOORE PAINT COMPANY INC.

    ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-428, for INDUSTRIAL HOLDINGS CORPORATION.

    ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-427, for CROWN CORK AND SEAL COMPANY INC.

    ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-426, for BWDAC INC.

    ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-425, for BRAND INSULATIONS INC.

    ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-424, for A W CHESTERTON COMPANY.

    ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-632, for WESTERN AUTO SUPPLY COMPANY.

    ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-631, for UNION CARBIDE CORPORATION.

    ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-630, for RILEY STOKER CORPORATION.

    ☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-629, for PACCAR INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-628, for NAVISTAR INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-627, for MISSOURI DRYWALL SUPPLY INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-626, for MCKESSON CORPORATION.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-625, for MACK TRUCKS INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-624, for JOHN CRANE INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-623, for J P BUSHNELL PACKING.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-622, for HERCULES LLC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-621, for GENERAL GASKET CORPORATION.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-620, for GENERAL ELECTRIC COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-619, for FOSTER WHEELER ENERGY CORPORATION.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-618, for FORD MOTOR COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-617, for EATON CORPORATION.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-616, for DEERE & COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-615, for DAIMLER TRUCKS NORTH AMERICA LLC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-614, for CUMMINS INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-613, for CRANE CO.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-612, for CNH INDUSTRIAL AMERICA LLC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-611, for CLEAVER-BROOKS INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-610, for CBS CORPORATION.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-609, for CATERPILLAR INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-608, for CASE NEW HOLLAND INDUSTRIAL INC.

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-607, for CARLISLE INDUSTRIAL BRAKES & FRICTION, INC.

☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-606, for ALLIED PAINT & WALLPAPER COMPANY INC.

02/08/2022 ☐ **Confid Filing Info Sheet Filed**

**Filed By:** JOHN E RICHARDSON JR

☐ **Memorandum Filed**

Memorandum to Clerk.

**Filed By:** JOHN E RICHARDSON JR

**On Behalf Of:** DAVID BUTLER, KATHY BUTLER

☐ **Pet Filed in Circuit Ct**

Petition.

**Filed By:** JOHN E RICHARDSON JR

☐ **Judge Assigned**

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

DAVID BUTLER and KATHY BUTLER, his wife,  )
                                    )
        Petitioners,  )   Cause No. _____
                                      )
    v.                                 )
                                      )   PERSONAL INJURY
A.W. CHESTERTON COMPANY,  )
ALLIED PAINT & WALLPAPER COMPANY, INC.,  )   PRODUCTS LIABILITY
BRAND INSULATIONS, INC.,  )
BWDAC INC., f/k/a BWD AUTOMOTIVE  )   JURY TRIAL DEMANDED
   CORPORATION,  )
CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.,  )
CASE NEW HOLLAND INDUSTRIAL, INC.,  )
CATERPILLAR INC.,  )
CBS CORPORATION, a Delaware corporation f/k/a  )
   VIACOM INC. successor-by-merger to CBS  )
   CORPORATION, a Pennsylvania corporation f/k/a  )
   WESTINGHOUSE ELECTRIC CORPORATION,  )
CLEAVER-BROOKS, INC.,  )
CNH INDUSTRIAL AMERICA LLC,  )
CRANE CO.,  )
CROWN CORK & SEAL COMPANY, INC.,  )
CUMMINS, INC.,  )
DAIMLER TRUCKS NORTH AMERICA LLC,  )
DEERE & COMPANY,  )
EATON CORPORATION,  )
FORD MOTOR COMPANY,  )
FOSTER WHEELER ENERGY CORPORATION,  )
GENERAL ELECTRIC COMPANY,  )
GENERAL GASKET CORPORATION,  )
HERCULES, LLC,  )
INDUSTRIAL HOLDINGS CORPORATION f/k/a THE  )
   CARBORUNDUM COMPANY,  )
J.P. BUSHNELL PACKING,  )
JOHN CRANE, INC.,  )
KELLY MOORE PAINT COMPANY INC.,  )
MACK TRUCKS INC.,  )
MCKESSON CORPORATION,  )
MISSOURI DRYWALL SUPPLY INC.,  )
MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC  )
   LLC, and Successor-by-Merger to BORG-WARNER  )

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

```
  CORPORATION,                                    )
NAVISTAR INC.,                                    )
PACCAR INC.,                                      )
PNEUMO ABEX LLC, successor-in-interest to ABEX    )
  CORPORATION, f/k/a PNEUMO ABEX                  )
  CORPORATION,                                    )
RILEY STOKER CORPORATION,                         )
UNION CARBIDE CORPORATION,                        )
VOLVO GROUP NORTH AMERICA INC.,                   )
WESTERN AUTO SUPPLY COMPANY,                      )
                                                  )
                Defendants.                       )
```

## PETITION

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY CONROY, for their cause of action state:

### Jurisdiction, Venue and General Allegations

1.      Petitioners David Butler and Kathy Butler are residents of the State of Washington. Petitioner Kathy Butler is married to Petitioner David Butler.

2.      Petitioner David Butler was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri.

3.      The following Defendants and each of them are jointly and severally liable in that they contributed to causing Petitioner David Butler's injuries:

> Defendant, A.W. CHESTERTON COMPANY, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation System, 208 South LaSalle Street, 17th Floor, Suite 814, Chicago, IL 60604.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, ALLIED PAINT & WALLPAPER COMPANY, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent, 3100 South Glenn, Springfield, MO 65807.

Defendant, BRAND INSULATIONS, INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation System, 208 South LaSalle Street, 17th Floor, Suite 814, Chicago, IL 60604.

Defendant, BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

Defendant, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent United Agent Group Inc., 12747 Olive Boulevard, #300, Saint Louis, MO 63141.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, CASE NEW HOLLAND INDUSTRIAL, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, CATERPILLAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CBS CORPORATION, a Delaware corporation f/k/a VIACOM INC. successor-by-merger to CBS CORPORATION, a Pennsylvania corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CLEAVER-BROOKS, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CNH INDUSTRIAL AMERICA LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, CRANE CO., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, CROWN CORK & SEAL COMPANY, INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, 5555 W. 115th Street, Extension #5550, Alsip, IL 60803.

Defendant, CUMMINS, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, DAIMLER TRUCKS NORTH AMERICA LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, DEERE & COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, EATON CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, FORD MOTOR COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent The Corporation Company, 120 South Central Avenue, Clayton, MO 63105.

Defendant, FOSTER WHEELER ENERGY CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent c/o United Agent Group, Inc., 12747 Olive Boulevard, #300, St. Louis, MO 63141.

Defendant, GENERAL ELECTRIC COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, GENERAL GASKET CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Agent: A.J. Bronsky of Brown & James, 800 Market Street, Suite 1100, St. Louis, MO 63101.

Defendant, HERCULES, LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent Maron & Marvel, P.A., 1201 North Market Street, Wilmington, DE 19801-1147.

Defendant, J.P. BUSHNELL PACKING, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Registered Agent: Dennis Sullivan, Justin Sullivan, Mark Monroe or Jayne McDonald, 3041 Locust Street, St. Louis, MO 63103.

Defendant, JOHN CRANE, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, KELLY MOORE PAINT COMPANY INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, 987 Commercial Street, San Carlos, CA 94070.

Defendant, MACK TRUCKS INC., is a corporation doing business in the State of Missouri. Said corporation may be served

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, MCKESSON CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, MISSOURI DRYWALL SUPPLY INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation Trust Company, 1209 N. Orange Street, Wilmington, DE 19801-1120.

Defendant, NAVISTAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, PACCAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent Prentice-Hall Corporation System, 251 Little Falls Drive, Wilmington, DE 19801.

Defendant, RILEY STOKER CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, UNION CARBIDE CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, VOLVO GROUP NORTH AMERICA INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

Defendant, WESTERN AUTO SUPPLY COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent National Registered Agents, Inc., 120 South Central Avenue, Suite 400, Clayton, MO 63105.

4.      A.W. CHESTERTON COMPANY, ALLIED PAINT & WALLPAPER COMPANY, INC., BRAND INSULATIONS, INC., BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., CASE NEW HOLLAND INDUSTRIAL, INC., CATERPILLAR INC., CBS CORPORATION, a Delaware corporation f/k/a VIACOM INC. successor-by-merger to CBS CORPORATION, a Pennsylvania corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, CLEAVER-BROOKS, INC., CNH INDUSTRIAL AMERICA LLC, CRANE CO., CROWN CORK & SEAL COMPANY, INC., CUMMINS, INC., DAIMLER TRUCKS NORTH AMERICA LLC, DEERE & COMPANY, EATON CORPORATION , FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GENERAL GASKET CORPORATION, HERCULES, LLC, INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY, J.P. BUSHNELL PACKING, JOHN CRANE, INC., KELLY MOORE PAINT COMPANY INC., MACK TRUCKS INC., MCKESSON CORPORATION, MISSOURI DRYWALL SUPPLY INC., MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION, NAVISTAR INC., PACCAR INC., PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION , RILEY STOKER CORPORATION, UNION CARBIDE CORPORATION, VOLVO GROUP NORTH AMERICA INC., WESTERN AUTO SUPPLY COMPANY, the above Defendants and each of them, at all relevant times directly, and/or

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

indirectly by exercising control over others doing so, mined, manufactured, sold, distributed, marketed, specified, designed, promoted,  licensed, installed, removed and/or otherwise used asbestos and asbestos-containing materials and products, including but not limited to manufacturing, assembling, selling, distributing, marketing, designing, promoting,  licensing, leasing and supplying for business purposes, installing, removing, maintaining, repairing and otherwise using equipment (including vehicles), chattels, instrumentalities, procedures, and/or technologies which included, specified, recommended, and/or required asbestos-containing materials / products as parts, components and/or appurtenances.

5.      Said Defendants and each of them also specified, manufactured, sold, distributed, marketed, promoted and otherwise provided asbestos-containing replacement / aftermarket parts, components and appurtenances used on, in and with the aforesaid equipment.

6.      General jurisdiction is proper because Defendants and each of them are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, and have systematically conducted and continue to conduct operations in Missouri of a quantity and quality relative to the overall business of each of them that Defendants and each of them are deemed "at home" in Missouri.

7.      Specific jurisdiction is proper because, as to Defendants and each of them, a portion of the acts, omissions and events leading to and giving rise to Plaintiff's exposure to each Defendant's asbestos-containing materials / products occurred in and/or through Missouri including, but not limited to: the manufacture, fabrication, assembly and/or production of asbestos-containing materials / products or components thereof to which Plaintiff was exposed; the purchase, acquisition, distribution, delivery, sale and/or resale  of asbestos-containing materials / products or components thereof to which Plaintiff was exposed; the development, design, testing

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

and/or test marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; the conducting of health / hygiene studies, surveys, tests relating to the health effects and hazards of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; and/or decision-making regarding the production and marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed.

8.      During portions of the course of said employment / From 1986 to 1991, Petitioner David Butler worked with and around the above-described materials, products, equipment, conditions and activities and was thereby exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers from said sources.

9.      Petitioner was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991.

10.     Petitioner's exposure to the materials, products, equipment, activities and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout Petitioner's entire career or life as to any particular Defendant.

11.     Each and every Defendant is amenable to suit in the State of Missouri by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri.

12.     Venue is proper in the City of St. Louis, Missouri, pursuant to Missouri Revised Statutes 508.010 because Petitioner David Butler was first exposed to asbestos outside the State of Missouri and one or more of the named Defendants maintains a registered agent in the City of St. Louis.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

13. Petitioner's exposure to said asbestos was foreseeable and could or should have been anticipated by all Defendants and each of them.

14. Defendants and each of them knew or should have known: that asbestos is toxic, poisonous and has a deleterious effect on the health of persons exposed thereto; and, that exposure to asbestos posed an unreasonable risk of harm to Petitioner David Butler and others similarly situated. Defendants and each of them possessed specific and superior knowledge concerning the hazards of asbestos including, but not limited to, that persons exposed to asbestos would inevitably be harmed in some manner.

15. Petitioner and his immediate employer did not know and had no reasonable way to know or realize the risks of being exposed to asbestos and/or the various ways and places in which asbestos was being used by Defendants and each of them. Defendants and each of them should have anticipated that Petitioner and his immediate employer did not know and would not discover or realize the same.

16. During times relevant hereto, adequate substitutes for asbestos and for asbestos-containing materials / products, parts and components were available, and Defendants and each of them knew or should have known of said availability. At all times relevant hereto, Defendants and each of them had feasible means by which to convey warnings, hazard communications and other necessary health-related information to those using and/or working with and/or around the above-described materials, products, equipment, conditions and activities.

17. As a direct and proximate result of the above-described cumulative exposure to asbestos, Petitioner David Butler contracted and suffers from asbestos-related diseases, including but not limited to Pleural Mesothelioma. Petitioner first became aware that of said disease(s) on or about July 20, 2017, and subsequently became aware that the same was wrongfully caused.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

18.     As a direct and proximate result thereof: Petitioner David Butler has been disabled, disfigured and impaired in the enjoyment of recreational/life activities; Petitioner has incurred and will incur in the future necessary expenses for hospital, medical and other health care services; Petitioner has incurred and will incur in the future necessary expenses for household labor and tasks that Petitioner can no longer perform; Petitioner has and will in the future experience physical pain and mental and emotional suffering; Petitioner has been and will be hindered from pursuing employment, resulting in the loss of past and future income, wages, benefits and pension rights.

### Count I – Negligence
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants described in paragraph 3 of the general allegations states:

1.     Petitioner herein incorporates by reference the General Allegations of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.     At all times relevant hereto, said materials, products and equipment were being employed in the manner and for the purposes for which they were intended. Specifically, Defendants and each of them intended, knew and/or should have known: that asbestos-containing parts and components would require periodic replacement; that other asbestos-containing materials and products would be used on and/or with said equipment / vehicles / technologies; and, that said equipment / vehicles / technologies would require regular and periodic servicing, maintenance and repairs.

3.     Defendants and each of them knew or should have known that said use, servicing, maintenance and repair would involve the disturbance of asbestos-containing materials, products, components, parts and appurtenances, such that those performing such work and others in the

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

vicinity would be exposed to asbestos and asbestos fibers.

4.      Defendants and each of them issued, provided and disseminated specifications, catalogues, service manuals, parts lists, bulletins and like publications that gave instructions and directions for servicing, maintaining and repairing the aforesaid equipment. Defendants and each of them intended and/or foresaw that said publications would be used and relied upon by those performing such work and/or training others to do the same.

5.      At all times herein relevant, Defendants and each of them had a duty to exercise reasonable and ordinary care for the health, safety and well-being of Petitioner and others similarly situated who were working with and around the aforesaid materials, products and equipment including, but not limited to, a duty to warn / communicate foreseeable hazards arising in connection with any and all known and/or intended uses of the same.

6.      The Defendants and each of them breached said duties and were negligent in one or more of the following respects:

(a)      Designed, manufactured, sold, distributed, marketed, specified, promoted, licensed, installed, removed and/or otherwise used materials / products which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(b)      Designed, manufactured, sold, distributed, marketed, licensed, leased and supplied, installed, removed and/or otherwise used equipment / chattels / instrumentalities / technologies that included and/or specified parts and components which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(c)      Engaged in the aforesaid activities when adequate non-asbestos substitutes were available;

(d)      Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of asbestos-containing replacement parts / components for the above-described equipment / technologies;

(e)      Provided publications and instructions that directed individuals working on

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts, components and appurtenances in ways that would cause the liberation of asbestos fibers, thereby exposing themselves and others;

(f)     Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts and components without including any or adequate warnings / hazard communications and/or instructions as to less hazardous methods for working with and/or around asbestos materials, including specific instructions on how to prevent and/or reduce exposure to asbestos;

(g)     Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around the above-described materials / products / equipment of the presence of asbestos and/or the hazards associated therewith;

(h)     Otherwise failed to provide any or adequate instructions to persons working with and around the above-described materials / products / equipment concerning less hazardous methods of working with and around the same, including specific instructions on how to avoid and/or reduce exposure to asbestos;

(i)     Failed to provide adequate warnings / hazard communications and/or instructions regarding asbestos-related hazards that would foreseeably be encountered in the course of known and/or intended use, service, maintenance and repair of said materials / products / equipment including, but not limited to, those associated with other materials and products foreseeably disturbed in the ordinary and intended course of such work;

(j)     Failed to conduct tests to determine the hazards to which those working with and around their materials / products / equipment would be exposed and the nature and extent of such hazard;

(k)     Failed to disclose known and knowable information concerning the presence and uses of asbestos in and with the aforesaid materials / products / equipment and the hazards associated therewith;

(l)     Failed to warn as to and/or communicate the hazards of carrying asbestos fibers from work into homes, vehicles and living spaces shared with family and household members and/or advise of practices designed to prevent and/or reduce the same; and/or,

(m)     Failed to take adequate steps to remedy the above including, but not limited to: failing to recall or require / recommend removal or replacement of

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

asbestos and asbestos materials/ products / parts / components; failing to provide any or adequate post-sale warnings / hazard communications and/or instruction; and, failing to replace, recall, revise and/or edit inadequate publications and instructions.

7.      As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count II – Willful / wanton misconduct<br>(materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants from Count I, states:

1.      Petitioner herein incorporates by reference the General Allegations and paragraphs Two (2) through Four (4) of Count I of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.      The Defendants and each of them had a duty to refrain from willful and wanton acts, omissions and/or misconduct which would foreseeably expose Petitioner to an unreasonable risk of harm.

3.      Defendants and each of them breached said duties and committed one or more of the following acts or omissions amounting to willful and wanton misconduct, in that they intentionally or with reckless disregard for the health, safety and well-being of Petitioner and

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

others similarly situated:

(a)    Designed, manufactured, sold, distributed, marketed, specified, promoted, licensed, installed, removed and/or otherwise used materials / products which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(b)    Designed, manufactured, sold, distributed, marketed, licensed, leased and supplied, installed, removed and/or otherwise used equipment / chattels / instrumentalities / technologies that included and/or specified parts and components which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(c)    Engaged in the aforesaid activities when adequate non-asbestos substitutes were available;

(d)    Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of asbestos-containing replacement parts / components for the above-described equipment / technologies;

(e)    Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts, components and appurtenances in ways that would cause the liberation of asbestos fibers, thereby exposing themselves and others;

(f)    Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts and components without including any or adequate warnings / hazard communications and/or instructions as to less hazardous methods for working with and/or around asbestos materials, including specific instructions on how to prevent and/or reduce exposure to asbestos;

(g)    Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around the above-described materials / products / equipment of the presence of asbestos and/or the hazards associated therewith;

(h)    Otherwise failed to provide any or adequate instructions to persons working with and around the above-described materials / products / equipment concerning less hazardous methods of working with and around the same, including specific instructions on how to avoid and/or reduce exposure to asbestos;

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

(i)     Failed to provide adequate warnings / hazard communications and/or instructions regarding asbestos-related hazards that would foreseeably be encountered in the course of known and/or intended use, service, maintenance and repair of said materials / products / equipment including, but not limited to, those associated with other materials and products foreseeably disturbed in the ordinary and intended course of such work;

(j)     Failed to conduct tests to determine the hazards to which those working with and around their materials / products / equipment would be exposed and the nature and extent of such hazard;

(k)     Failed to disclose known and knowable information concerning the presence and uses of asbestos in and with the aforesaid materials / products / equipment and the hazards associated therewith;

(l)     Failed to warn as to and/or communicate the hazards of carrying asbestos fibers from work into homes, vehicles and living spaces shared with family and household members and/or advise of practices designed to prevent and/or reduce the same; and/or,

(m)     Failed to take adequate steps to remedy the above including, but not limited to: failing to recall or require / recommend removal or replacement of asbestos and asbestos materials/ products / parts / components; failing to provide any or adequate post-sale warnings / hazard communications and/or instruction; and, failing to replace, recall, revise and/or edit inadequate publications and instructions.

4.     As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions on the part of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

5.     An award of punitive damages is necessary and appropriate to punish Defendants and each of them for their willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant(s) and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages separately as to Defendants and each of them.

## Count III – Strict Liability
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants from Count I, states:

1.     Petitioner herein incorporates by reference the General Allegations and paragraphs Two (2) through Four (4) of Count I of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.     Said materials / products / equipment were in a defective and unreasonably dangerous condition at the time they left the control of the Defendants and each of them in that: (a) they contained and incorporated asbestos, a hazardous / carcinogenic substance, in a manner that said asbestos would be liberated and inhaled by end-users; (b) they were designed and intended to be used with materials and products that contained and incorporated asbestos, a hazardous / carcinogenic substance, such that the regular, expected and intended use of Defendants' materials / products / equipment would cause asbestos to be liberated and inhaled by end-users; (c) they were not accompanied by any warnings or instructions regarding the asbestos hazards associated with the regular, expected and intended use of said materials / products / equipment and/or any such warning or instructions were not adequate.

3.     Said materials / products / equipment reached the end-users and the point of Petitioner's exposure in substantially the same condition as when they left the control of the Defendants and each of them. At all relevant times, said materials / products / equipment were

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

used in the manners and environments anticipated, expected and intended by Defendants and each of them, and which were reasonably foreseeable to Defendants and each of them.

4.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous and defective conditions of the materials / products / equipment of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count IV – Negligence
### (loss of consortium)

Petitioner Kathy Butler by her attorneys, SIMMONS HANLY CONROY, for her cause of action against all Defendants named herein, states:

1.    Petitioner herein incorporates by reference the General Allegations and the factual allegations of Counts I-III of this Petition. This Count is brought against all Defendants named in said Counts.

2.    As a direct and proximate result of the negligent acts and omissions of Defendants and each of them, which caused Petitioner's spouse to develop the above stated asbestos-related disease and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

WHEREFORE, Petitioner Kathy Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

<div align="center">

**Count V – Willful / wanton misconduct**
**(loss of consortium)**

</div>

Petitioner Kathy Butler by her attorneys, SIMMONS HANLY CONROY, for her cause of action against all Defendants named herein, states:

1.      Petitioner herein incorporates by reference the General Allegations and the factual allegations set forth in Counts I-III of this Petition. This Count is brought against all Defendants named in said Counts.

2.      As a direct and proximate result of the willful, wanton, intentional and/or reckless acts and omissions of Defendants and each of them, which caused Petitioner's spouse to develop the above stated asbestos-related disease and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

3.      An award of punitive damages is necessary and appropriate to punish Defendants and each of them for their willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant(s) and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner Kathy Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages separately as to Defendants and each of them.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

## Count VI – Negligence
## (spoliation of evidence)

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY CONROY, for their cause of action against all Defendants named herein, state:

1.      Petitioners incorporate by reference the General Allegations of this Petition. This Count is brought against all named Defendants.

2.      Prior to the commencement of this case, Defendants and each of them had in their respective possession, custody and control documents and information referring to, relating to and/or reflecting issues relevant to this case.

3.      Upon information and belief, said issues include, but are not limited to:  the identification of asbestos-containing materials / products to which Petitioner David Butler was exposed, the locations to, and at, which Defendants sold, distributed and applied asbestos-containing materials / products; the identity of the manufacturers and others in the distribution chain of said materials / products; and, Defendants' respective knowledge, notice and information regarding the hazards of asbestos and their acts and omissions in response thereof.

4.      It was foreseeable to a reasonable person/entity in the respective positions of Defendants and each of them that said documents and information included evidence which was material to pending and/or potential civil litigation involving asbestos. Said Defendants and each of them therefore had a duty to maintain and preserve said documents and information.

5.      Petitioners have sought, but been unable to obtain, full disclosure of said documents and information from Defendants and each of them, leading to the inference that Defendants and each of them destroyed and/or otherwise disposed of the same.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

6.      Said Defendants and each of them thereby breached their duty to preserve said material evidence at a time when they and each of them knew or should have known that the same constituted material evidence in pending / potential civil litigation.

7.      As a direct and proximate result of said destruction and disposal of material evidence, Petitioners have been: prejudiced and impaired in proving claims against all potentially liable parties including, but not limited to, the Defendants named herein; thereby compelled to forego, dismiss and/or unfavorably compromise said claims against certain Defendants and/or potentially liable entities; and, thereby been caused to suffer damages in the form of lost or reduced compensation from other potentially liable parties, including certain Defendants name herein.

WHEREFORE, Petitioners David Butler and Kathy Butler pray judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

## Count VII – Willful / wanton misconduct
### (spoliation of evidence)

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY CONROY, for their cause of action against all Defendants named herein, state:

1.      Petitioners incorporate by reference the General Allegations of this Petition and paragraphs Two (2) through Five (5) of Count VI of this Petition. This Count is brought against all named Defendants.

2.      In destroying and disposing of said documents and information, which included evidence material to this case, said Defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

3.     As a direct and proximate result of said intentional / reckless destruction and disposal of material evidence, Petitioners have been: prejudiced and impaired in proving claims against all potentially liable parties including, but not limited to, the Defendants named herein; thereby compelled to forego, dismiss and/or unfavorably compromise said claims against certain Defendants and/or potentially liable entities; and, thereby been caused to suffer damages in the form of lost or reduced compensation from other potentially liable parties, including certain Defendants name herein.

WHEREFORE, Petitioners David Butler and Kathy Butler pray judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

Respectfully Submitted,

David Butler and Kathy Butler, his wife,
Petitioners

**SIMMONS HANLY CONROY**

By: /s/ John E. Richardson, Jr.
        John E. Richardson, Jr., #58561
        One Court Street
        Alton, IL  62002
        Phone: (618) 259-2222
        Fax: (618) 259-2251

2222-CC00226

Electronically Filed - City of St. Louis - February 08, 2022 - 02:25 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | Cause No. |
| Petitioners, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

All defendants that are going to be served in this matter will be served with personal service by our special process server.

**SIMMONS HANLY CONROY**

By: /s/ John E. Richardson, Jr.
John E. Richardson, Jr., #58561
One Court Street
Alton, IL  62002
Phone: (618) 259-2222
Fax: (618) 259-2251

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **ALLIED PAINT & WALLPAPER COMPANY INC**
**Alias:**

**3100 SOUTH GLENN**
**SPRINGFIELD, MO  65807**

> SPECIAL PROCESS SERVER

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*****Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. *****

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                    Date                                                Notary Public

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 22-SMCC-606**   1 of 1 (2222-CC00226)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  CARLISLE INDUSTRIAL BRAKES & FRICTION, INC
                                              **Alias:**

UNITED AGENT GROUP INC
12747 OLIVE BOULEVARD #300
SAINT LOUIS, MO  63141



*COURT SEAL OF*

*CITY OF ST LOUIS*

| SPECIAL PROCESS SERVER |
|---|

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

   **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

February 9, 2022                         *Thomas Kloeppinger*
_____          _____
         Date                                       Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                       Signature of Sheriff or Server

                    **Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*          Subscribed and sworn to before me on _____ (date).

                    My commission expires: _____          _____

Date

Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

 A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   CASE NEW HOLLAND INDUSTRIAL INC
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*CITY OF ST LOUIS*

> **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

February 9, 2022

_____          _____
Date                                            Clerk
Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____          _____
Date                                            Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| vs. | | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  CATERPILLAR INC**
**Alias:**

CSC LAWYERS INC SERVICE
COMPANY 221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

> **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

February 9, 2022
_____        _____
Date        Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date        Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  CBS CORPORATION**
**Alias:  A DELAWARE CORP, FKA VIACOM, INC, SUCC CBS CORP**
**A PENNSYLVANIA CORP, FKA WESTINGHOUSE ELECTRIC CORPORATION**

PRENTICE-HALL CORP SYSTEM
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

| SPECIAL PROCESS SERVER |
|---|

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

February 9, 2022

_____
Date

_____
Clerk

Further Information:

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with

_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____            _____
                                             Date                                           Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY<br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  CLEAVER-BROOKS INC**
**Alias:**

CSC LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

SPECIAL PROCESS SERVER

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____

Date_____    Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: **2222-CC00226** | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   CNH INDUSTRIAL AMERICA LLC
                           Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

> **SPECIAL PROCESS SERVER**

**COURT SEAL OF**

**CITY OF ST LOUIS**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

    **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

        February 9, 2022

_____      _____
                Date                                         Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
      Printed Name of Sheriff or Server                    Signature of Sheriff or Server

                **Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*      Subscribed and sworn to before me on _____ (date).

      My commission expires: _____

Date
Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  CRANE CO
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
STE 400
CLAYTON, MO 63105



*COURT SEAL OF*

*CITY OF ST LOUIS*

| SPECIAL PROCESS SERVER |
|---|

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____

Date

Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   CUMMINS INC
                        Alias:

PRENTICE HALL CORPORATION
SYSTEM 221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

February 9, 2022                                    *Thomas Kloeppinger*
_____                     _____
            Date                                                Clerk
Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).


_____                _____
    Printed Name of Sheriff or Server                      Signature of Sheriff or Server

                    **Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*          Subscribed and sworn to before me on _____ (date).

            My commission expires: _____        _____
                                                    Date                        Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **DAIMLER TRUCKS NORTH AMERICA LLC**
**Alias:**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

February 9, 2022 _____ Thomas Kloeppinger _____
Date _____ Clerk

Further Information:

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
Date _____ Notary Public

SJRC (07-21) SM30 (SMCC) *For Court Use Only: Document ID # 22-SMCC-615*  1 of 1 (2222-CC00226)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 |
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   DEERE & COMPANY
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO  63105

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**  ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                     Date                   Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  EATON CORPORATION
                           Alias:

C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

<div align="right">

**SPECIAL PROCESS SERVER**

</div>



*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

> ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____

Date

Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| vs. | | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **FORD MOTOR COMPANY**
Alias:

THE CORPORATION COMPANY
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*



*CITY OF ST LOUIS*

| SPECIAL PROCESS SERVER |
|---|

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

> **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

February 9, 2022                              *Thomas Kloppinger*
_____        _____
Date                                          Clerk
Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                          Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  FOSTER WHEELER ENERGY CORPORATION
Alias:

C/O UNITED AGENT GROUP INC
12747 OLIVE BOULEVARD #300
SAINT LOUIS, MO  63141

*COURT SEAL OF*

*CITY OF ST LOUIS*

**SPECIAL PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

February 9, 2022                                     *Thomas Kloeppinger*
_____          _____
           Date                                              Clerk
Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                      Signature of Sheriff or Server

                      Must be sworn before a notary public if not served by an authorized officer:
                      Subscribed and sworn to before me on _____ (date).

*(Seal)*

                      My commission expires: _____          _____
                                                                Date                              Notary Public

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-619   1 of 1 (2222-CC00226)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  GENERAL ELECTRIC COMPANY
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
STE 400
CLAYTON, MO  63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

SPECIAL PROCESS SERVER

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                              Date                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  HERCULES LLC
                                           Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
SUITE 400
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

**SPECIAL PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

February 9, 2022                          *Thomas Kloppinger*
_____          _____
Date                                               Clerk
Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                     Date                              Notary Public

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-622   1 of 1 (2222-CC00226)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 |
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY<br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:   J P BUSHNELL PACKING

Alias:

DENNIS SULLIVAN,
JUSTIN SULLIVAN, MARK MONROE
OR JAYNE MCDONALD 3041 LOCUST
ST LOUIS, MO  63103



*COURT SEAL OF*

*CITY OF ST LOUIS*

| SPECIAL PROCESS SERVER |
|---|

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**        ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

February 9, 2022                              *Thomas Kloeppinger*
_____          _____
Date                                                     Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                                    Date                                          Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  JOHN CRANE INC<br>Alias: | |
|---|---|
| C.T. CORPORATION SYSTEM<br>120 SOUTH CENTRAL AVENUE<br>SUITE 400<br>CLAYTON, MO  63105 | SPECIAL PROCESS SERVER |

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                        Date                                          Notary Public

**Sheriff's Fees, if applicable**

Summons                          $_____

Non Est                          $_____

Sheriff's Deputy Salary
Supplemental Surcharge           $_____10.00_____

Mileage                          $_____ (_____ miles @ $._____ per mile)

**Total**                        $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 |
| Plaintiff/Petitioner:<br>DAVID BUTLER | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 |
| vs. | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MACK TRUCKS INC
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

> **SPECIAL PROCESS SERVER**



COURT SEAL OF

CITY OF ST LOUIS

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**      ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

February 9, 2022                              *Thomas Kloppinger*
_____          _____
Date                                        Clerk
Further Information:

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____           _____
                                Date                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  MCKESSON CORPORATION**
           **Alias:**

PRENTICE HALL CORP SYSTEM
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

| | |
|---|---|
| **COURT SEAL OF**<br><br>**CITY OF ST LOUIS** | SPECIAL PROCESS SERVER |

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

    **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

| February 9, 2022 | _Thomas Kloeppinger_ |
|---|---|
| Date | Clerk |

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____

                                    Date                          Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  MISSOURI DRYWALL SUPPLY INC
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
SUITE 400
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

> **SPECIAL PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

> ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

February 9, 2022                                      *Thomas Kloeppinger*
_____                 _____
Date                                                              Clerk
Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____ .

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                 _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                        Date                             Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 |
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  NAVISTAR INC**
    **Alias:**

**CSC LAWYERS INC SERVICE CO**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

<div align="right">

| SPECIAL PROCESS SERVER |
|---|

</div>

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

    **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

<div align="center">

February 9, 2022          *Thomas Kloeppinger*

</div>

| Date | Clerk |
|---|---|

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| | |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

<div align="center">

**Must be sworn before a notary public if not served by an authorized officer:**

</div>

*(Seal)*      Subscribed and sworn to before me on _____ (date).

         My commission expires: _____

Date

Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: **2222-CC00226** | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  PACCAR INC
       Alias:

**PRENTICE HALL CORP SYSTEM**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____

Date

Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  RILEY STOKER CORPORATION
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
SUITE 400
CLAYTON, MO 63105

*COURT SEAL OF*

*CITY OF ST LOUIS*

**SPECIAL PROCESS SERVER**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

   **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

February 9, 2022                              *Thomas Kloeppinger*
_____          _____
Date                                              Clerk
Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                    Date                              Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 |
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to:  UNION CARBIDE CORPORATION<br>Alias: | |
| CT CORPORATION SYSTEM<br>120 SOUTH CENTRAL AVENUE<br>STE 400<br>CLAYTON, MO  63105 | **SPECIAL PROCESS SERVER** |

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| February 9, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

| Date | Notary Public |
|---|---|

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br> A W CHESTERTON COMPANY<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **WESTERN AUTO SUPPLY COMPANY**
      **Alias:**
NATIONAL REGISTERED AGENTS INC
120 SOUTH CENTRAL AVENUE
SUITE 400
CLAYTON, MO 63105

*COURT SEAL OF*

**SPECIAL PROCESS SERVER**

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

February 9, 2022                   *Thomas Kloppinger*

_____      _____
Date                           Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server             Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                              Date                      Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING | (Date File Stamp) |
| Nature of Suit:<br>CC Asbestos | 10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    A W CHESTERTON COMPANY
                             Alias:

CT CORPORATION SYSTEM
208 SOUTH LASALLE STREET
17TH FLOOR SUITE 814
CHICAGO, IL  60604

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 9, 2022**

*CITY OF ST LOUIS*

_____ Date          _____ Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    - [ ] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    - [ ] other: _____.

Served at _____ (address)
in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | (Date File Stamp) |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Asbestos | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   BRAND INSULATIONS INC
                           Alias:

CT CORPORATION SYSTEM
208 S LASALLE ST 17TH FLOOR
SUITE 814
CHICAGO, IL  60604

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 9, 2022**

*CITY OF ST LOUIS*

_____
Date

_____ *Thomas Kloeppinger*
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*       ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Asbestos | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   BWDAC INC
                    Alias:  F/K/A BWD AUTOMOTIVE CORPORATION

THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE  19802

<div align="center"><strong>SPECIAL PROCESS SERVER</strong></div>

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 9, 2022**

*CITY OF ST LOUIS*

_____     _____
             Date                                          Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
☐  delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐  other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
  Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                     ☐ the judge of the court of which affiant is an officer.
                     ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                     ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
           Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:   CROWN CORK AND SEAL COMPANY INC
 Alias:

**5555 W 115TH STREET**
**EXTENSION #5550**
**ALSIP, IL  60803**

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 9, 2022**

_____     _____
Date     *Thomas Kloeppinger*     Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $ _____ per mile) |
| Total | $_____ | |

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* Document ID# 22-SMOS-427        1 of 2 (2222-CC00226)        Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Asbestos | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   INDUSTRIAL HOLDINGS CORPORATION
Alias: FKA THE CARBORUNDUM COMPANY

MARON & MARVEL PA, RAGT
1201 NORTH MARKET STREET
WILMINGTON, DE 19801

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 9, 2022**

*CITY OF ST LOUIS*

_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) 
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Asbestos | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    KELLY MOORE PAINT COMPANY INC
                             Alias:

987 COMMERCIAL STREET
SAN CARLOS, CA 94070

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*CITY OF ST LOUIS*

**February 9, 2022**

_____          _____
Date                                              Clerk

Further Information: _____

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
*(Seal)*            ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY<br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to:   MORSE TEC LLC<br>Alias: FKA BORGWARNER MORSE TEC LLC, SUCC BORG WARNER CORPORATION |
|---|

CT CORPORATION TRUST
COMPANY 1209 N ORANGE STREET
WILMINGTON, DE 19801

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 9, 2022**

_____
Date

Further Information:

_____ *Thomas Kloeppinger*
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
*(Seal)* ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

# Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Asbestos | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:   PNEUMO ABEX LLC
                             Alias:  SUCC ABEX CORPORATION, FKA PNEUMO ABEX CORPORATION

PRENTICE HALL CORP SYSTEM
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

### SPECIAL PROCESS SERVER

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 9, 2022**

_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths.  (use for court-appointed server)

_(Seal)_

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| Total | $_____ |

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL  62002 | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Asbestos | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   VOLVO GROUP NORTH AMERICA INC
              Alias:
THE CORPORATION TRUST COMPANY
1209 ORANGE STREET
WILMINGTON, DE  19801

> **SPECIAL PROCESS SERVER**

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 9, 2022**

_____          _____
              Date                                              Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
     ☐  delivering a copy of the summons and a copy of the petition to the defendant/respondent.
     ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
     ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to
     _____ (name) _____ (title).
     ☐  other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                 ☐ the judge of the court of which affiant is an officer.
                 ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                 ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
                                                     Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - February 22, 2022 - 11:05 AM

**IN THE CIRCUIT COURT**
**OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS, STATE OF MISSOURI**

DAVID BUTLER and KATHY BUTLER, his wife, )
                                   )
               Plaintiffs,          )
                                     )
v.                                   )       Cause No. 2222-CC00226
                                     )
A.W. CHESTERTON COMPANY, etc., et al.,   )
                                     )
              Defendants.      )

**ENTRY OF APPEARANCE**

Come now A. J. Bronsky, Agota Peterfy, and BROWN & JAMES, P.C., and enter their appearances on behalf of the defendant, General Gasket Corporation, in the above-captioned lawsuit.

/s/ A.J. Bronsky
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2000
Telephone: 314-421-3400
E-mail: ajbronsky@bjpc.com
E-mail: apeterfy@bjpc.com
**ATTORNEYS FOR DEFENDANT**
**GENERAL GASKET CORPORATION**

**CERTIFICATE OF SERVICE AND**
**CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)**

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 22nd day of February, 2022 upon: SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record. In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky

AJB/ALS:ams
27251788.1

Electronically Filed - City of St. Louis - February 22, 2022 - 11:15 AM

**IN THE CIRCUIT COURT
OF THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS, STATE OF MISSOURI**

DAVID BUTLER and KATHY BUTLER, his wife, )
                                      )
         Plaintiffs,                 )
                                        )
v.                                            )      Cause No. 2222-CC00226
                                        )
A.W. CHESTERTON COMPANY, et al.,      )
                                        )
         Defendants.              )

## ENTRY OF APPEARANCE

Come now A. J. Bronsky, Agota Peterfy, and BROWN & JAMES, P.C., and enter their appearances on behalf of the defendant, Missouri Drywall Supply, Inc., in the above-captioned lawsuit.

                          /s/ A.J. Bronsky
                          A. J. Bronsky, #29686
                          Agota Peterfy, #48378
                          **BROWN & JAMES, P.C.**
                          800 Market Street, Suite 1100
                          St. Louis, Missouri 63101-2000
                          Telephone:  314-421-3400
                          E-mail:  ajbronsky@bjpc.com
                          E-mail:  apeterfy@bjpc.com
                          **ATTORNEYS FOR DEFENDANT
MISSOURI DRYWALL SUPPLY, INC.**

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 22nd day of February, 2022 upon: SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

                          /s/ A.J. Bronsky

AJB/AP/ams
27251840.1

Electronically Filed - City of St. Louis - February 24, 2022 - 01:12 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) | |
| | ) | Cause No. 2222-CC00226 |
| Petitioners, | ) ) | Division 1 (Asbestos) |
| vs. | ) ) | |
| A.W. CHESTERTON COMPANY, *et al.,* | ) ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COME NOW Michael B. Hunter and Julie A. Simaytis of Baker Sterchi Cowden & Rice LLC and enter their appearance in this matter on behalf of Defendant Caterpillar Inc.

BAKER STERCHI COWDEN & RICE LLC

By:    */s/ Julie A. Simaytis*
Michael B. Hunter #45097
Julie A. Simaytis #56199
100 North Broadway, 21st Floor
St. Louis, MO 63102
(314) 345-5000
(314) 345-5010 (FAX)

ATTORNEYS FOR CATERPILLAR INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed with the Court and served upon counsel of record via the Missouri Courts e-Filing System this 24th day of February, 2022.

   */s/ Julie A. Simaytis*

Electronically Filed - City of St. Louis - February 25, 2022 - 08:47 AM

**IN THE CIRCUIT COURT
OF THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS, STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 2222-CC00226 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

Come now A. J. Bronsky, Agota Peterfy, and BROWN & JAMES, P.C., and enter their appearances on behalf of the defendant, John Crane Inc., in the above-captioned lawsuit.

/s/ A.J. Bronsky _____
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2000
Telephone:  314-421-3400
E-mail:  ajbronsky@bjpc.com
E-mail:  apeterfy@bjpc.com
**ATTORNEYS FOR DEFENDANT
JOHN CRANE, INC.**

**CERTIFICATE OF SERVICE AND
CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)**

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 25th day of February, 2022 upon: SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky _____

AJB/ALS/ams
27263689.1

Electronically Filed - City of St. Louis - February 28, 2022 - 02:43 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | Cause No. 222-CC00226 |
| | ) | |
| Plaintiffs, | ) | ASBESTOS DOCKET |
| | ) | |
| v. | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | **JURY TRIAL** |
| Defendants. | ) | **DEMANDED** |

**ENTRY OF APPEARANCE**

COMES NOW Thomas L. Orris, Matthew E. Pelikan, and Ross S. Titzer of Pelikan &

Orris, LLC, and enter their appearance on behalf of Defendant Brand Insulations, Inc.


Respectfully submitted,

PELIKAN & ORRIS, LLC

By:    /s/ Matthew Pelikan
        Thomas L. Orris     #37416
        Matthew E. Pelikan   #57820
        Ross S. Titzer      #59581
        10 South Broadway, Suite 1100
        St. Louis, MO 63102
        314-735-2560
        314-300-9487 (Facsimile)
        tom.orris@pelikanorris.com
        matthew.pelikan@pelikanorris.com
        ross.titzer@pelikanorris.com
        citymail@pelikanorris.com

*Attorneys for Defendant Brand Insulations, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.


/s/ Matthew Pelikan_____

Electronically Filed - City of St. Louis - February 28, 2022 - 02:43 PM

39391-104296

No. 2222-CC00226

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.: 2222-CC00226 |
| | ) | |
| vs. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | **DEFENDANT DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

NOW COMES the law firm, LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby enters its appearance on behalf of the defendant, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., in the above-captioned matter.

CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.,
Defendant

BY: _____/s/ Jeffrey T. Bash_____
LEWIS BRISBOIS BISGAARD & SMITH LLP
Jeffrey T. Bash – #56389
Matthew J. Morris – #58183
Charles S. Anderson – #59299
Matthew W. Schuh - #60385

LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Telephone:  618.307.7290
Facsimile:  618.692.6099

39391-104296

No. 2222-CC00226

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon plaintiff's counsel and all parties who have entered an appearance.

/s/ Jeffrey T. Bash

LEWIS, BRISBOIS, BISGAARD & SMITH LLP

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

39391-104298

Cause No. 2222-CC00226

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, ) | | |
| | ) | |
| Plaintiffs, | ) | Cause No.: 2222-CC00226 |
| | ) | |
| vs. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | **DEFENDANT DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendants. | )f | |

**DEFENDANT CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.'S CONSOLIDATED MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM;
OR, IN THE ALTERNATIVE, TO TRANSFER VENUE;
OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT AND TO EXTEND TIME TO
FILE OR AMEND  MOTION TO TRANSFER VENUE**

COMES NOW Defendant, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.  (hereinafter "

Defendant"), by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, for its

Consolidated Motion Pursuant to Rule 55.27(f) which includes: its Motion to Dismiss for Lack of

Personal Jurisdiction and for Failure to State a Claim pursuant to Rule 55.27(a)(2) and Rule

55.27(a)(6) , its Motion in the Alternative to Transfer Venue pursuant to Rule 51.045 and R.S.Mo.

§508.010, and its Motion in the Alternative for a More Definite Statement and to Extend the

Time to File or Amend a Motion to Transfer Venue pursuant to Rule 55.27(d) and Rule 51.045;

and in support thereof states as follows:

**BACKGROUND**

1.     On or about February 8, 2022, Plaintiffs filed a multi-count Petition against

several Defendants, including Carlisle Industrial Brake & Friction, Inc., claiming damages for

Plaintiffs' alleged asbestos and/or asbestos-containing products.

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

2.    Defendant was served on February 18, 2022 and is timely filing this consolidated motion in accordance with each motion's respective controlling rules and/or statutes.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM
### (Missouri Rule of Civil Procedure 55.27(a)(2) and 55.27(a)(6))

**Plaintiffs' Petition Fails to Establish Personal Jurisdiction**

3.    Defendant moves to dismiss Plaintiffs' Petition pursuant to Rule 55.27(a)(2) because this Court lacks both general and specific personal jurisdiction over Defendant.

4.    Plaintiffs have the burden to plead sufficient facts to establish a basis for the assertion of personal jurisdiction over each defendant, but have failed to plead facts that would provide a basis for the Court to exercise either general or specific personal jurisdiction over Defendant. *Missouri ex rel. Specialized Transport v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. 2008) (a plaintiff must "plead and prove" personal jurisdiction); *Sloan-Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 406 (Mo. App. 2001) ("The plaintiff has the burden of proving the existence of personal jurisdiction over the defendant."); *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S.--- , 137 S. Ct. 1773 (2017) (the requirements "'must be met as to each defendant over whom a state court exercises jurisdiction'"); *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (same).

**General Personal Jurisdiction**

5.    Absent exceptional circumstances, a company is only subject to general jurisdiction in Missouri when it incorporates in Missouri or makes Missouri its principal place of business, i.e., where it is "at home." *See Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (U.S. 2014) (for a corporation, the "paradig[m] ... bases for general jurisdiction" are its "place of incorporation and principal place of business"); *accord BNSF Railway Co. v. Tyrrell*, 137 S. Ct.

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

1549, 2017 WL 2322834, at *9 (May 30, 2017); *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 44-48 (Mo. 2017).

6.　　Defendant is neither incorporated in, nor maintains its principal place of business in, Missouri.

7.　　Thus, Defendant is not "at home" in Missouri and is not subject to general personal jurisdiction in Missouri.

**Specific Personal Jurisdiction**

8.　　To exercise specific jurisdiction over a defendant, Plaintiffs must meet <u>both</u> prongs of the test most recently outlined by the Missouri Supreme Court in *State ex rel. LG Chem, Ltd. v. Laughlin, No. SC97991, 2020 Mo. LEXIS 193, at *6 (June 2, 2020)*: (1) the Plaintiffs must plead and establish facts adequate to invoke Missouri's long-arm statute <u>and</u>, (2) the facts must show minimum contacts with Missouri sufficient to satisfy due process. Failure to make <u>either</u> showing is grounds to dismiss. *Id. at *6 n.2.* (citing *State ex rel. PPG Indus., Inc. v. McShane*, 560 S.W.3d 888, 890 (Mo. banc 2018) ("Missouri courts use a two-prong test to determine if personal jurisdiction exists over a nonresident defendant.") and *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010)); *See Also: Mo. ex rel. Specialized Transport v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. 2008) (a plaintiff must "plead and prove" <u>both</u> a statutory basis for long-arm jurisdiction and that exercise thereof would comport with due process).

9.　　Under Missouri's long-arm statute Plaintiffs must show that Defendant committed a tortious act within Missouri. *See* R.S.Mo. § 506.500; *L.G. Chem, Ltd. at 6*; *State ex rel. PPG Indus.*, 560 S.W.3d 888; and *Bennett v. Rapid Am. Corp.*, 816 S.W.2d 677, 678 (Mo. banc 1991) ("Plaintiffs must show that defendant committed a tort in Missouri, [and] that the action

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

caused the plaintiff's injury").

10.    Plaintiffs' claims against Defendant do not arise out of alleged tortious conduct committed by Carlisle Industrial Brake & Friction, Inc. within the State of Missouri.

11.    Plaintiffs cannot, therefore, show that Defendant falls under the Missouri Long-arm statute, and fails the first prong of the specific personal jurisdiction test.

12.    Under the second prong, Plaintiffs have the burden of showing "the defendant has sufficient minimum contacts with Missouri to satisfy due process." *PPG Indus.,* 560 S.W.3d. at 891. The minimum contacts analysis entails two separate requirements of its own: (1) that the defendant's contacts with the forum state are "purposeful," in that they directed activities to the forum state or "targeted" the state; and (2) that the plaintiff's claim "arises out of" such contacts. *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985); Baldwin v. Fischer-Smith, 315 S.W.3d 389, 396 (Mo. App. 2010; .Walden* 134 S. Ct. 1115, 1121 (2014) ("the defendant's suit-related conduct must create a substantial connection with the forum State."); *Bristol-Myers Squibb* 582 U.S.--- , 137 S. Ct. 1773 (2017) ("In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.") (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 931 n.6   (2011)); *see also L.G. Chem, Ltd. at 10\** (asserting personal jurisdiction over a defendant would violate due process when Plaintiff  does not allege that defendant  "in any relevant sense" targeted Missouri).

13.    Plaintiffs make the conclusory allegations that each defendant is amenable to suit in Missouri "by reason of having sold, distributed and/or installed the aforementioned

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and/or by maintaining a registered agent in Missouri." Petition, ¶8. This statement fails to show how Carlisle Industrial Brake & Friction, Inc. purposefully targeted Missouri, or how Plaintiff, David Butler's injuries arose from any of Carlisle Industrial Brake & Friction, Inc.'s contacts with Missouri, and fails to comport with modern due process requirements for specific jurisdiction. It further advances a stream of commerce theory directly rebutted by *L.G. Chem Ltd. (Id.).*

14.     Therefore, Plaintiffs fail to meet either prong of specific personal jurisdiction in that Plaintiffs cannot show that Defendant is subject to Missouri's long-arm statute and that Defendant had minimum contacts with the state of Missouri sufficient to satisfy due process.

15.     Because of the aforementioned, Plaintiffs fail to satisfy their burden of showing that this court has either specific or general personal jurisdiction over the defendant.

**Plaintiffs' Petition fails to state a cause action against this Defendant.**

16.     "Missouri is a fact-pleading state." *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997).   Accordingly, Missouri Supreme Court Rule 55.05 requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Rule 55.05. This requirement is not without purpose. Rather, fact-pleading is necessary to present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits." *Gibson*, 952 S.W.2d at 245.

17.     In order to state a cause of action against Defendant, Plaintiffs must plead that a specific product attributable to Defendant was a substantial factor in causing the alleged harm. *ITT Comm. Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W.2d 371,379 (Mo. 1993).

18.     Plaintiffs' entire Petition makes conclusory allegations against Defendant which

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

are not supported by any factual allegations.

19.     Paragraph 2 of Plaintiffs' Petition simply alleges that the Plaintiff, David Butler, was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri.

20.     The Petition as written fails to state a cause of action against Defendant because it fails to identify where and when the alleged exposure to Defendant's products or activities occurred.  Furthermore, the Petition as written fails to plead how Defendant's products or activities were a substantial factor in causing Plaintiff's alleged exposure to asbestos.

21.     Defendant cannot possibly prepare a responsive pleading without knowing, at minimum, the product(s) at issue, as well as the occupation, employer, time periods and job locations Plaintiff, David Butler, is alleged to have worked with, and/or been exposed to, Defendant's products or activities.

22.     Moreover, Plaintiffs' claims are potentially barred by applicable statute of limitations.  Given the limited information found in Plaintiffs' pleading, it is unclear if Missouri's statute of limitations apply to Plaintiffs' claims or a foreign state's statute of limitations applies via Missouri's Borrowing Statute.  R.S.Mo. § 516.100.

**Plaintiffs' Petition Fails to Allege the Necessary Elements to Seek Special Damages**

23.     The Petition also improperly seeks special damages because it does not comply with the pleading specificity requirements imposed by Rule 55.19.

**MOTION IN THE ALTERNATIVE
TO TRANSFER VENUE
(Missouri Rule of Civil Procedure 51.045 and R.S.Mo. §508.010)**

24.     Assuming that this Court finds there is jurisdiction over Defendant is proper in

39391-104298

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

Missouri, Plaintiffs' Petition fails to carry Plaintiffs' burden of showing venue in St. Louis City is proper, and in fact shows that St. Louis County is the proper venue, and therefore, should this Court find there is in fact jurisdiction, Defendant moves this Court to in the alternative to the above Motion, rule that transfer to St. Louis County is proper.

25.    Missouri's Venue Statute, RSMo. 508.010, is the controlling statute with regard to proper venue in tort cases. Missouri Rule of Civil Procedure 51.045 is the controlling Supreme Court Rule with regard to venue practice in tort cases. Proper venue is determined by several factors, including where the alleged injury first took place and the plaintiffs' place of residence.

26.    When venue is challenged, plaintiffs have the burden of showing that venue is proper. *State ex rel. Harness v. Grady*, 201 S.W.2d 48, 50 (Mo. App. E.D. 2006). "Where venue is an issue, the plaintiff carries the burden of proof to show an _honest belief_ that there is a _justiciable claim_ against a _resident party_." *Igoe v. Dept. of Labor and Indus. Relations*, 152 S.W.3d 284, 288 (Mo. Banc 2005) *citing  Raskas Foods, Inc. v. Southwest Whey, Inc.*, 978 S.W.2d 46, 49 (Mo. App. E.D. 1998) (emphasis added).

27.    Speculation and conjecture are not proof that carries a burden.  In fact, Rule 51.045 specifically excludes the Court from considering in a venue determination "allegations relating to fictitious defendants."

28.    Rather, in order to plead proper venue, Plaintiffs must plead facts, as it is well-settled that Missouri is a fact pleading state.  *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997).

29.    Courts have strictly interpreted the venue statute. *In State ex rel. Selimanvoic v. Dierker*, the court held; "When read together, sections 508.010.4 and 508.010.14 require a determination of where the plaintiff was "first injured," which, in turn, requires a determination

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

of where the "trauma or exposure occurred." 246 S.W.3d 931, 932-33 (Mo. banc 2008).

30.    The registered agent of a non-fictitious defendant at the time of filing suit is relevant for determination of venue if first exposure occurred out of state. RSMo. 508.010.5. In *State ex rel. DePaul Health Center v. Mummert*, the Supreme Court of Missouri held that the location of a defendant is determined at the time the action is filed. 870 S.W.2d 820 (Mo. 1994).

31.    Consequently, Plaintiffs' burden is to show– by pleading facts and not conjecture, and without consideration to fictitious defendants – where Plaintiff was first injured, and that Plaintiff has an honest belief that there is a justiciable claim against a resident party whom is a resident *at the time of filing suit.*.

32.    Plaintiffs' Petition here states in Paragraph 12 that:

> Venue is proper in the City of St. Louis, Missouri, pursuant to Missouri Revised Statutes 508.010 because Petitioner David Butler was first exposed to asbestos outside the State of Missouri and one or more of the named Defendants maintains a registered agent in the City of St. Louis.

33.    General Gasket is a fictitious defendant. General Gasket Corporation was administratively dissolved on August 29, 2012, and therefore does not maintain a registered agent within the City of St. Louis.  *See General Gasket Corporation's Administrative Dissolution or Revocation for a For-Profit Corporation*, attached hereto as **Exhibit 1**. There are no facts plead establishing a justiciable claim against General Gasket.  It is the only defendant of the entire list of defendants that has a registered agent in St. Louis City.

34.    It is impermissible under Missouri law to add a fictitious defendant as a mere pretense for the sole purpose of fixing venue in City of St. Louis, rather than an appropriate venue. *State ex rel. Malone v. Mummert*, 889 S.W.2d 822, 824 (Mo. banc. 1994). In discussing

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

*Mummert,* The Missouri Supreme Court, in *Mo. ex. Rel. The Doe Run Resources Corp. v. Neill,* 128 S.W.3d 502 (Mo. 2004) said:

> "There are two tests for pretensive joinder. *Mummert*, at 824. Under the first test, joinder is pretensive if the petition on its face fails to state a claim against the joined defendant. Id. Under the second test, joinder is pretensive if there is in fact no cause of action against the joined defendant, even though the petition on its face states a cause of action. *Id*. at 825. Both tests are objective, requiring that the plaintiff have a realistic belief under the law and evidence that a valid claim exists. *Id*. Joinder is pretensive if either test is satisfied.

35.     Under the above analysis, a plaintiff's joinder of a defendant is pretensive where, as here, the plaintiff has no evidentiary basis to form an objectively realistic belief that he has a valid claim against the joined defendant.

36.     Even if the joinder of General Gasket were not pretensive, it is a fictitious defendant that did not maintain a registered agent in St. Louis City at the time this suit was commenced on April 17, 2020.

37.     Given the strict interpretation of the Missouri Tort Venue Statute, that this court cannot consider General Gasket under Rule 51.045 and under the applicable law as it is fictitious and its joinder is pretensive, Plaintiffs have failed to plead sufficient facts to demonstrate that the Circuit Court of the City of St. Louis is the proper venue.  Plaintiffs' Petition uses "boilerplate" allegations that are vaguely worded and are insufficient to meet the requirements of pleading facts sufficient to support any honest belief of a justiciable claim against a defendant resident of the City of St. Louis.

38.     Moreover, considering the minimal facts available to Defendant in Plaintiffs' Petition, it appears that venue is most proper in St. Louis County, Missouri, where the majority of the defendants have their registered agents and where this Defendant, Carlisle Industrial

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

Brake & Friction, Inc., maintains its registered agent.

39.     Thus, this case should be transferred to the location of this Defendant's registered agent, in St. Louis County, Missouri.

<div align="center">

**MOTION IN THE ALTERNATIVE**
**FOR MORE DEFINITE STATEMENT**
**AND TO EXTEND TIME TO FILE OR AMEND MOTION TO TRANSFER VENUE**
**(Missouri Rule of Civil Procedure Rule 55.27(d) and Rule 51.045**

</div>

40.     Assuming that this Court finds that jurisdiction over Defendant is proper in Missouri and that the burden to transfer venue has not been met, Defendant moves this Court to in the alternative to rule that Plaintiffs' Petition is devoid of the necessary facts to assess whether venue in St. Louis City is proper, to state a cause of action, or to allow for Defendant to assert a proper defense, and to therefore order Plaintiffs to present a more definite statement and to extend Defendants time to transfer venue until these facts are provided.

41.     Here Plaintiffs have failed to allege critical facts including but not limited to where "first exposure" to asbestos occurred *that relates to defendant* named in this lawsuit.

42.     Both R.S. Mo. §508.010.4 (personal injury) and R.S. Mo. §508.010.11 expressly require consideration of first injury by acts or conduct alleged in the action. R.S.Mo. 508.010.04. Plaintiffs cannot claim asbestos exposure *unrelated* to their cause of action in order to affix venue in a certain court. The plain language of the statute clearly requires first injury to be tied to a wrongful acts or negligent conduct of the part of those named in the Petition. See *In State ex rel. Selimanvoic v. Dierker*, 246 S.W.3d 931, 932-33 (Mo. banc 2008) (noting strict construction of venue statute).

43.     Here Plaintiffs have also failed to allege facts averred with sufficient definiteness or particularity to enable Defendant to properly prepare responsive pleadings or to prepare

39391-104298                                                                            Cause No. 2222-CC00226

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

generally for trial in relation to all the claims of the petition, including but not limited to the previously discussed and hereunder incorporated allegations regarding first exposure to asbestos of a defendant named in this action.

44.     Because these facts are missing and will require additional discovery beyond the 60 day limit under Rule 51.045, Defendant requests in the alternative an extension of time to file a motion to transfer in accordance Rule 51.045 until the close of Plaintiffs' fact discovery..

WHEREFORE, for the reasons stated above, Defendant, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., respectfully moves this Honorable Court to dismiss the instant case against it, or in the alternative, to transfer the case to the appropriate venue of St. Louis County, or, in the alternative, to require Plaintiffs to make more definite and certain the allegations against this Defendant and extend time to file or supplement/amend a motion to transfer venue until after close of plaintiffs' discovery , and for such other and further relief as the court deems just and proper.

CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.,
Defendant


BY: _____/s/ Jeffrey T. Bash_____
LEWIS BRISBOIS BISGAARD & SMITH LLP
Jeffrey T. Bash – #56389
Matthew J. Morris – #58183
Charles S. Anderson – #59299
Matthew W. Schuh - #60385


LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Telephone:  618.307.7290
Facsimile:  618.692.6099


4888-7174-9139.1                         Page 11 of 12

39391-104298

Cause No. 2222-CC00226

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon plaintiff's counsel and all parties who have entered an appearance.

_____/s/ Jeffrey T. Bash_____
LEWIS, BRISBOIS, BISGAARD & SMITH LLP

Electronically Filed - City of St. Louis - March 08, 2022 - 12:13 PM

# ADMINISTRATIVE DISSOLUTION
# OR REVOCATION FOR A
# FOR-PROFIT CORPORATION

00086607
**GENERAL GASKET CORP.**
**SANDRA S. MCCLUSKEY**
**2322 SOUTH SEVENTH STREET**
**ST. LOUIS, MO 63104**

<div style="border:1px solid black">
EXHIBIT
1
</div>

**August 29, 2012**

GENERAL GASKET CORP.
00086607

The above corporation has failed to comply with Section 351.484 or 351.598 RSMo, by:

*Failure to file a correct and current annual report*

Therefore, the above corporation stands **administratively dissolved or revoked** under the provisions of Section 351.486 or Section 351.602, RSMo, as of August 29, 2012, subject to rescission as in these acts provided. **A corporation administratively dissolved may not carry on any business except that necessary to wind up and liquidate its business and affairs under Section 351.476.**

**To request reinstatement forms please include your name, mailing address, telephone number, entity name and entity charter number by email to rescissions@sos.mo.gov <mailto:rescissions@sos.mo.gov>, by fax at (573) 751-5841 or by calling toll free (866) 223-6535.**

For further information, please contact the Corporations Division at (866) 223-6535 toll free.



Rich Lamb
**Executive Deputy Secretary of State**

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

**IN THE CIRCUIT COURT**
**OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS, STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No.: 2222-CC00226 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

<u>**DEFENDANT GENERAL GASKET CORP.'S ANSWER TO PLAINTIFFS' PETITION**</u>

COMES NOW the Defendant, General Gasket Corp., by and through its undersigned attorneys, and for its Answer to Plaintiffs' Petition, states as follows:

<u>**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**</u>

1.      Defendant denies the allegations contained in Paragraph 1.

2.      Defendant denies the allegations contained in Paragraph 2.

3.      Defendant denies the allegations contained in Paragraph 3.

4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies the allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant denies the allegations contained in Paragraph 7.

8.      Defendant denies the allegations contained in Paragraph 8.

9.      Defendant denies the allegations contained in Paragraph 9.

10.     Defendant denies the allegations contained in Paragraph 10.

11.     Defendant denies the allegations contained in Paragraph 11.

12.     Defendant denies the allegations contained in Paragraph 12.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

13.     Defendant denies the allegations contained in Paragraph 13.

14.     Defendant denies the allegations contained in Paragraph 14.

15.     Defendant denies the allegations contained in Paragraph 15.

16.     Defendant denies the allegations contained in Paragraph 16.

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

WHEREFORE, Defendant, General Gasket Corp. prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**<u>AFFIRMATIVE DEFENSES</u>**

1.     Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.     Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the doctrine of laches.

5.     Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.     Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.     Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.     Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.     Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.     Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the Petition should be dismissed.

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

13.    Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.    Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.    Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.    Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the Petition.

17.    Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

20.     Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.     Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.     Defendant states that to the extent that the Plaintiffs' Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

### <u>COUNT I – NEGLIGENCE (MATERIALS/PRODUCTS/EQUIPMENT)</u>

1.     Defendant denies the allegations contained in Paragraph 1 of Count I.

2.     Defendant denies the allegations contained in Paragraph 2 of Count I.

3.     Defendant denies the allegations contained in Paragraph 3 of Count I.

4.     Defendant denies the allegations contained in Paragraph 4 of Count I.

5.     Defendant denies the allegations contained in Paragraph 5 of Count I.

6.     Defendant denies the allegations contained in Paragraph 6 of Count I, including sub-paragraphs (a) through (m) thereof of Count I.

7.     Defendant denies the allegations contained in Paragraph 7 of Count I.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

## AFFIRMATIVE DEFENSES

1.      Defendant states that it was the Plaintiff's own conduct which caused or contributed to her injuries in whole or in part.

2.      Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.      Defendant states that all claims asserted against this Defendant in the Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.      Defendant states that all claims asserted against this Defendant in the Petition are barred by the doctrine of laches.

5.      Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.      Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.      Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.      Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.    Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.    Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the Petition should be dismissed.

11.    Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.    Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.    Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.    Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.    Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.    Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the Petition.

17.    Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.    Defendant states that to the extent that the Plaintiffs' Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

## COUNT II – WILLFUL/WANTON MISCONDUCT (MATERIALS/PRODUCTS/EQUIPMENT)

1.     Defendant denies the allegations contained in Paragraph 1 of Count II.

2.     Defendant denies the allegations contained in Paragraph 2 of Count II.

3     Defendant denies the allegations contained in Paragraph 3 of Count II, including subparagraphs (a) through (m) thereof of Count II.

4.     Defendant denies the allegations contained in Paragraph 4 of Count II.

5.     Defendant denies the allegations contained in Paragraph 5 of Count II.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

## AFFIRMATIVE DEFENSES

1.     Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.     Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the doctrine of laches.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

5.    Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.    Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.    Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.    Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.    Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.    Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the Petition should be dismissed.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.     Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.     Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.     Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the Petition.

17.     Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.     Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.     Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.     Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.     Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.     Defendant states that to the extent that the Plaintiffs' Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

## COUNT III – STRICT LIABILITY (MATERIALS/PRODUCTS/EQUIPMENT)

1.     Defendant denies the allegations of Paragraph 1 of Count III.

2.     Defendant denies the allegations of Paragraph 2 of Count III.

3.     Defendant denies the allegations of Paragraph 3 of Count III.

4.     Defendant denies the allegations of Paragraph 4 of Count III.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**<u>AFFIRMATIVE DEFENSES</u>**

1.    Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.    Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.    Defendant states that all claims asserted against this Defendant in the Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.    Defendant states that all claims asserted against this Defendant in the Petition are barred by the doctrine of laches.

5.    Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.    Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.    Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.    Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.    Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.    Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the Petition should be dismissed.

11.    Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.    Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.    Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.    Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.    Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.    Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the Petition.

17.    Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

22.     Defendant states that to the extent that the Plaintiffs' Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

### COUNT IV – NEGLIGENCE (LOSS OF CONSORTIUM)

1.     Defendant denies the allegations of Paragraph 1 of Count IV.

2.     Defendant denies the allegations of Paragraph 2 of Count IV.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

### THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.

### AFFIRMATIVE DEFENSES

1.     Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.     Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the doctrine of laches.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

5.     Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.     Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.     Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.     Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.     Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.     Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the Petition should be dismissed.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.     Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.     Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.     Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the Petition.

17.     Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.    Defendant states that to the extent that the Plaintiffs' Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.    This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

### COUNT V – WILLFUL/WANTON MISCONDUCT (LOSS OF CONSORTIUM)

1.     Defendant denies the allegations of Paragraph 1 of Count V.

2.     Defendant denies the allegations of Paragraph 2 of Count V.

3.     Defendant denies the allegations of Paragraph 3 of Count V.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

### THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.

### AFFIRMATIVE DEFENSES

1.     Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.     Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the doctrine of laches.

5.     Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.     Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.     Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.     Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.     Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.     Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the Petition should be dismissed.

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.    Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.    Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.    Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the Petition.

17.    Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.    Defendant states that to the extent that the Plaintiffs' Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.    This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

### COUNT VI – NEGLIGENCE (SPOLIATION OF EVIDENCE)

1    Defendant denies the allegations of Paragraph 1 of Count VI.

2.    Defendant denies the allegations of Paragraph 2 of Count VI.

3.    Defendant denies the allegations of Paragraph 3 of Count VI.

4.    Defendant denies the allegations of Paragraph 4 of Count VI.

5.    Defendant denies the allegations of Paragraph 5 of Count VI.

6.    Defendant denies the allegations of Paragraph 6 of Count VI.

7.    Defendant denies the allegations of Paragraph 7 of Count VI.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

### THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.

### AFFIRMATIVE DEFENSES

1.    Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.     Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.     Defendant states that all claims asserted against this Defendant in the Petition are barred by the doctrine of laches.

5.     Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.     Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.     Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.     Defendant states that whatever damages were incurred by the Plaintiff resulted from her own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

9.      Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.      Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the Petition should be dismissed.

11.      Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.      Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.      Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.      Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.      Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

16.     Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the Petition.

17.     Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.     Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.     Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.     Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.     Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.     Defendant states that to the extent that the Plaintiffs' Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

## COUNT VII – WILLFUL/WANTON MISCONDUCT (SPOLIATION OF EVIDENCE)

1.      Defendant denies the allegations of Paragraph 1 of Count VII.

2.      Defendant denies the allegations of Paragraph 2 of Count VII.

3.      Defendant denies the allegations of Paragraph 3 of Count VII.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

## AFFIRMATIVE DEFENSES

1.      Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.      Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.      Defendant states that all claims asserted against this Defendant in the Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.      Defendant states that all claims asserted against this Defendant in the Petition are barred by the doctrine of laches.

5.      Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.      Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.     Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.     Defendant states that whatever damages were incurred by the Plaintiff resulted from her own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.     Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.     Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the Petition should be dismissed.

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.    Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.    Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.    Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the Petition.

17.    Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.    Defendant states that to the extent that the Plaintiffs' Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.    This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

WHEREFORE, General Gasket Corp. respectfully prays that upon final trial and hearing hereof, that Plaintiffs takes nothing by reason of their claims; that General Gasket Corp. be discharged and recover its costs and attorneys' fees expended on its behalf; and for such other and further relief as this Court deems just under the circumstances.

/s/ A.J. Bronsky
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
Telephone:  314-421-3400
Facsimile:   314-421-3128
E-mail:  ajbronsky@bjpc.com
E-mail:  apeterfy@bjpc.com
**Attorneys for Defendant**
**General Gasket Corp.**

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 10th day of March, 2022, upon: John E. Richardson, Jr., SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record. In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky

AJB/ALS
27271625.1

Electronically Filed - City of St. Louis - March 10, 2022 - 01:39 PM

**IN THE CIRCUIT COURT**
**OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS, STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| his wife, | ) | |
| | ) | |
|     Plaintiffs, | ) | Cause No.:  2222-CC00226 |
| | ) | |
| v. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Defendant General Gasket Corp.'s Disclosure of Witnesses was sent on this 10th day of March, 2022 via email to John E. Richardson, Jr., jrichardson@simmonsfirm.com, SIMMONS HANLY CONROY, Attorneys for Plaintiffs.

/s/ A.J. Bronsky
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
Telephone:  314-421-3400
Facsimile:   314-421-3128
E-mail:  ajbronsky@bjpc.com
E-mail:  apeterfy@bjpc.com
**Attorneys for Defendant General Gasket Corp.**

**CERTIFICATE OF SERVICE AND**
**CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)**

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 10th day of March, 2022, upon: John E. Richardson, Jr., SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2222-CC00226 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SPECIAL AND LIMITED ENTRY OF APPEARANCE**

**COMES NOW** Daniel G. Donahue, Kevin J. Newton and the law firm of Foley & Mansfield, P.L.L.P., and hereby enter their Special and Limited appearance on behalf of Defendant, VIACOMCBS INC., n/k/a PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse").

Respectfully submitted,

By:     /s/ Daniel G. Donahue
　　　　Daniel G. Donahue - #34087
　　　　ddonahue@foleymansfield.com
　　　　Kevin J. Newton - #66449
　　　　knewton@foleymansfield.com
　　　　101 South Hanley Road, Suite 600
　　　　St. Louis, MO 63105
　　　　missouriasbestos@foleymansfield.com
　　　　Phone: 314-925-5700
　　　　Fax: 314-925-5701
　　　　**Attorneys for Defendant,**
　　　　**Paramount Global f/k/a ViacomCBS Inc., a**
　　　　**Delaware corporation, f/k/a CBS**
　　　　**Corporation, a Delaware corporation, f/k/a**
　　　　**Viacom Inc., successor by merger to CBS**
　　　　**Corporation, a Pennsylvania corporation,**
　　　　**f/k/a Westinghouse Electric Corporation**

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically with the Clerk of the Court via the Court's e-filing system this 11th day of March, 2022.

*/s/ Daniel G. Donahue*

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | No. 2222-CC00226 |
| KATHY BUTLER, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Division No. 1 |
| | ) | ASBESTOS DOCKET |
| v. | ) | |
| | ) | PRODUCTS LIABILITY |
| A.W. CHESTERTON COMPANY, et al., | ) | PERSONAL INJURY |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**ANSWER TO PLAINTIFFS' PETITION**

Defendant ViacomCBS Inc., n/k/a Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse"), as its Answer to the Petition (hereinafter "Petition") of Plaintiffs ("Plaintiff" herein referred to singularly or plurally, living or deceased, possessively and/or in any such capacity as may apply) herein, states and alleges as follows:

1.      Pursuant to Mo. Rev. Stat. § 509.080, Westinghouse denies generally each and every allegation of matter, fact and thing against it contained in the Petition, unless otherwise admitted or qualified.

2.      Defendant admits that it is a corporation organized and existing under the laws of the State of Delaware, and that it has its principal place of business in the State of New York.

3.      Defendant admits that as Westinghouse, it conducted business in the State of Missouri.

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

4.      Westinghouse specifically denies that it mined, milled, processed, manufactured, supplied, distributed, marketed or sold any products containing asbestos that are causally related to Plaintiff's alleged injuries and denies it otherwise caused or contributed to Plaintiff's alleged injuries.

5.      Westinghouse lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations against other defendants.

6.      Westinghouse lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as to his marital status, residency, or his work history.

## DEFENSES

1.      Westinghouse specifically denies the material allegations in the Petition to the extent they set forth allegations against Westinghouse, and put Plaintiff to his strict proof thereof. Westinghouse states that it is without sufficient information or knowledge to admit or deny the allegations contained in the Petition as such may apply to the other named defendants and refers all questions of law to the Court.

2.      Plaintiff's Petition fails to state a claim upon which relief can be granted.

3.      Plaintiff's claims are barred by the applicable statute of limitations and statute of repose, including, but not limited to, Mo. Rev. Stat. § 516.120, Mo. Rev. Stat.§ 516.097 and Mo. Rev. Stat. § 537.100. Pursuant to Missouri Rule of Civil Procedure  55.03(c)(3), Westinghouse reserves the right to seek application of these defenses  and is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

4.      While denying all allegations of negligence or other culpable conduct, Westinghouse alleges that Plaintiff was guilty of negligence or fault which was a proximate cause of any injury or damages alleged in the Petition barring Plaintiff's claims or, in the alternative, that

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

Plaintiff's comparative fault was to such an extent or degree so as to reduce Plaintiff's damages commensurately or proportionately with the degree of fault applicable to Plaintiff.

5.    Plaintiff or other person(s) misused and/or improperly used the product or products of Westinghouse, if any, for a purpose and in a manner which was unintended and unanticipated by Westinghouse.

6.    While denying all allegations of negligence or other culpable conduct on the part of Westinghouse, Westinghouse asserts that any damages allegedly sustained by the Plaintiff were caused by the negligence, breach of duty, and acts or omissions of parties or other persons other than Westinghouse over whom Westinghouse had no control and for which Westinghouse has no legal responsibility, which constitutes an intervening and/or superseding cause of Plaintiff's alleged injuries and/or damages.

7.    As to any products manufactured and distributed by Westinghouse to which Plaintiff alleges the decedent's exposure, which allegations have been and are hereby denied, such products were substantially altered from their original condition after the product left Westinghouse's control.

8.    Venue is not proper in the City of St. Louis, State of Missouri pursuant to R.S. Mo. §508.010; therefore, Westinghouse requests that this action be transferred to an appropriate venue.

9.    In the alternative, venue is improper and/or inconvenient and this case should be transferred or dismissed based on the doctrine of forum non conveniens.

10.   Westinghouse has fully complied with all applicable government laws, regulations and standards regarding manufacturing, sale or distribution of the products to which the Plaintiff allege his own exposure; Westinghouse has fully complied with all applicable government laws,

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

regulations and standards regarding packaging and labeling of said products, including but not limited to, labeling and publishing of cautionary instructions pertaining to the use of said products.

11.     Westinghouse has fully complied with all applicable industry standards and regulations regarding manufacturing, sale or distribution of the products to which Plaintiff alleges his own exposure; Westinghouse has fully complied with all applicable industry standards and regulations regarding packaging and labeling of said products, including, but not limited to, labeling and publishing of cautionary instructions pertaining to the use of said products.

12.     At all times alleged in Plaintiff's Petition, Plaintiff was aware of the hazardous nature and consequences that could have resulted from exposure to and the use of the products to which Plaintiff alleges his own exposure, but the Plaintiff voluntarily assumed the risk of working with, around or about said products.

13.     Additional persons or entities other than Westinghouse supplied products to which the Plaintiff alleges his own exposure used during Plaintiff's employment; such persons or entities are necessary to this action, such persons or entities have not been joined in this action, and complete and equitable resolution of this action cannot be made without the presence of such absent persons or entities.

14.     If Plaintiff was exposed to any product of Westinghouse, which Westinghouse denies, said exposure was so minimal, or *de minimus,* that it could not constitute a proximate cause of the alleged damage or injuries.

15.     While denying all allegations of negligence or other culpable conduct on the part of Westinghouse, it asserts that any damages allegedly sustained by the Plaintiff were caused by Plaintiff's own failure to mitigate damages.

16.     Plaintiff's claims are barred by the knowledgeable employer defense.

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

17.     Westinghouse pleads that it is immune from civil liability of any form or nature in this matter under Missouri, or any other state's, worker's compensation statute if Plaintiff was an employee of defendant during the period of alleged exposure.  The said workers' compensation statute provides Worker's Compensation benefits for the disability of an employee if such resulted from injury or occupational disease incurred or sustained in the course of employment as an exclusive remedy.

18.     Plaintiff's claims are barred by the doctrine of laches.

19.     Westinghouse has fully complied with all applicable industry customs regarding the manufacture, sale and distribution of the products to which the Plaintiff alleges his own exposure and, further, have conformed to the state of the art regarding the manufacture, sale or distribution of products to which Plaintiff alleges his own exposure.

20.     Plaintiff's claims for punitive damages are barred by U.S. Constitution Amendments V and XIV in that it seeks to take Westinghouse's property without due process of law.

21.     Plaintiff's claims for punitive damages are barred by U.S. Constitution Amendments V and XIV in that it seeks to punish Westinghouse based on unconstitutionally based standards.

22.     Plaintiff's claims for punitive damages are barred by U.S. Constitution Amendment XIV in that it would discriminate against Westinghouse on the basis of wealth in that different amounts can be awarded against different Defendants for the same act where the Defendants differ only in material wealth.

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

23.     Plaintiff's claims for punitive damages are barred by U.S. Constitution Amendment VI in that it is penal in nature and seeks to punish Westinghouse based upon unconstitutionally based standards.

24.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 1(a), in that it is penal in nature and seeks to punish Westinghouse based upon unconstitutionally based standards.

25.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 19, in that it would expose Westinghouse to multiple punishments and fines for the same act.

26.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 2, in that it would discriminate against Westinghouse on the basis of wealth in that different amounts can be awarded against different Defendants for the same act where the Defendants differ only in material wealth.

27.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 21, and by U.S. Constitution Amendment VIII, in that it seeks to impose an excessive fine upon Westinghouse.

28.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 10, in that it seeks to take Westinghouse's property without due process of law.

29.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 10, in that it seeks to punish Westinghouse based upon unconstitutionally based standards.

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

30.     Westinghouse reserves the right to allege additional facts and circumstances in support of its defense as these facts may become known or otherwise available and to assert additional defenses as they become known or otherwise available.

31.     Westinghouse incorporates the defenses of other Defendants as they may be applicable to Westinghouse.

32.     Westinghouse contends that if Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised the claims herein, then accordingly said claims are barred.

33.     Pursuant to Mo. Rev. Stat. § 537.060, if the claims stated in Plaintiff's Petition have been settled, compromised or otherwise discharged, then Westinghouse is due a set off.

34.     If the Plaintiff alleges he was exposed to asbestos from a government specified product manufactured, sold, supplied or distributed by Westinghouse, then Plaintiff's claims are barred by the governmental contractor defense.  At all times relevant hereto, Westinghouse relied upon and complied with the standards and/or specifications of the United States Government or other governmental entities regarding the composition of any products specified by or sold, supplied or distributed to the United States Government.

35.     This Court lacks personal jurisdiction over this Defendant.  Pursuant to Missouri Rule of Civil Procedure 55.03(c)(3), Westinghouse reserves the right to seek application of this defense and is likely to have evidentiary support after a reasonable opportunity for further investigation                             or                             discovery.

36.     This Court lacks jurisdiction over the subject matter of Plaintiff's Petition. Pursuant to Missouri Rule of Civil Procedure 55.03(c)(3), Westinghouse reserves the right to seek

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

application of this defense  and is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

37.     The Plaintiff and his employers, and any other person or entity other than Westinghouse, owning such products were sophisticated purchasers and users of the products identified in Plaintiff's Petition, who required no warnings in order to be fully apprised of the potential dangers of the use of such products.

38.     Pursuant to Mo. Rev. Stat. § 537.067.2, Westinghouse shall only be severally liable for the percentage of punitive damages, if any, for which fault is attributed to Westinghouse by the trier of fact.

39.     Westinghouse cannot be held liable to Plaintiff on the basis of joint and several liability for the fault or illegal conduct that may be attributable to another defendant or nonparty hereto.

40.     Because of the generality of the allegations in the Petition, Westinghouse reserves the right to amend its answer and affirmative defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

WHEREFORE, Westinghouse prays that Plaintiff's action be dismissed against it and that Westinghouse be awarded its costs in this action.

Electronically Filed - City of St. Louis - March 11, 2022 - 03:09 PM

Respectfully submitted,

By:   /s/ Daniel G. Donahue
      Daniel G. Donahue - #34087
      ddonahue@foleymansfield.com
      Kevin J. Newton - #66449
      knewton@foleymansfield.com
      101 South Hanley Road, Suite 600
      St. Louis, MO 63105
      missouriasbestos@foleymansfield.com
      Phone: 314-925-5700
      Fax: 314-925-5701
      **Attorneys for Defendant,**
      **Paramount Global f/k/a ViacomCBS Inc., a Delaware corporation, f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation**

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing was filed electronically with the Clerk of the Court via the Court's e-filing system this 11th day of March, 2022.

                                /s/ Daniel G. Donahue

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| **DAVID BUTLER and** | ) |
| **KATHY BUTLER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 2222-CC00226** |
| **v.** | ) |
| | ) |
| **A.W. CHESTERTON COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT WESTERN AUTO SUPPLY COMPANY'S**
**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a copy of Defendant WESTERN AUTO SUPPLY COMPANY's FACT WITNESS DISCLOSURE and EXPERT WITNESS DISCLOSURE were electronically served on plaintiff's counsel of record on this the 14th day of March, 2022.

SWANSON MARTIN & BELL, LLP

/s/ April A. Vesely
One of the Attorneys for Defendant,
**WESTERN AUTO SUPPLY COMPANY**

April A. Vesely (MO Bar #65450)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 (Fax)
avesely@smbtrials.com

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

**STATE OF MISSOURI**    )
                          ) SS
**CITY OF ST. LOUIS**      )

### IN THE CIRCUIT COURT
### STATE OF MISSOURI
### TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

| | |
|---|---|
| **DAVID BUTLER and** | ) |
| **KATHY BUTLER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 2222-CC00226** |
| **v.** | ) |
| | ) |
| **A.W. CHESTERTON COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANT WESTERN AUTO SUPPLY COMPANY
### ENTRY OF APPEARANCE

The undersigned, April A. Vesely, and the law firm of Swanson Martin & Bell, LLP, hereby enters their appearance as counsel of record on behalf of WESTERN AUTO SUPPLY COMPANY.

**DEFENDANT DEMANDS A TRIAL BY JURY**

                                     Respectfully Submitted

                                     SWANSON MARTIN & BELL, LLP

                                     /s/ April A. Vesely_____
                                     One of the Attorneys for Defendant,
                                     **WESTERN AUTO SUPPLY COMPANY**

April A. Vesely (MO Bar #65450)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312)  321-9100
(312)  321-0990 (Fax)
avesley@smbtrials.com

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| **DAVID BUTLER and** | ) |
| **KATHY BUTLER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 2222-CC00226** |
| **v.** | ) |
| | ) |
| **A.W. CHESTERTON COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT WESTERN AUTO SUPPLY COMPANY'S OBJECTION TO PERSONAL JURISDICTION AND MOTION TO DISMISS PLAINTIFFS' PETITION**

COMES NOW, Defendant WESTERN AUTO SUPPLY COMPANY ("Western Auto"), by and through its attorneys, Swanson Martin & Bell, LLP, and, for its Motion to Dismiss pursuant to Missouri Revised Statutes §537.762, states as follows:

1.    Plaintiffs filed their Petition ("Petition") against numerous defendants including WESTERN AUTO. Specifically against this defendant, Plaintiffs allege negligence, strict liability, willful and wanton misconduct, and possibly, conspiracy.

2.    Plaintiffs' Petition fails to state a claim upon which relief can be granted and/or fails to set forth with sufficient specificity facts or alleged facts upon which the claim is based so as to fully and completely apprise WESTERN AUTO of the nature and basis of the complaint and allegations made against it in violation of Missouri Supreme Court Rule 55.05.  Under Missouri law, the pleadings must identify the facts upon which the Plaintiff's claim rests. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993).

3.    The purpose of fact pleading is the quick, efficient, and fair resolution of disputes as fact pleading identifies, narrows and defines the issues so that the trial court and the parties

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995).

4.      In this case, Plaintiffs have violated both the substance and spirit of that law in that the Petition is wholly devoid of basic factual information. Plaintiffs brings this cause of action against multiple defendants. All of the defendants have been combined together in Plaintiffs' allegations. Plaintiff does not identify the type of alleged asbestos product(s) to which he was allegedly exposed. Plaintiff does not identify any defendant as having manufactured or sold any specific asbestos-containing product to which he was allegedly exposed. Plaintiff does not identify with any particularity the time period in which he was allegedly exposed. Plaintiff does not identify with any particularity any location at which he was allegedly exposed. Plaintiff does not allege the type of activity or job duty he was performing that allegedly exposed him to an asbestos-containing product. Instead, Plaintiff merely sets forth bare conclusions. Mere conclusions of the pleader not supported by factual allegations are disregarded. *Commercial Bank of St. Louis Co. v. James*, 658 S.W.2d 17, 21-22 (Mo. banc 1983).

5.      In addition to his failure to plead claims with the necessary particularity, Plaintiff has failed to plead facts establishing the specific elements of each of the claims against WESTERN AUTO.

6.      In Counts I, IV and VI Plaintiffs alleges negligence against defendants, including WESTERN AUTO, as employers and manufacturers, distributors, and sellers of asbestos-containing products. In order to plead a cause of action for negligence, a plaintiff must establish that defendants owed a duty to plaintiff to protect him from injury, that defendants failed to perform that duty, and that the failure caused the injuries. *Meekins v. St. John's Reg. Health Ctr.*, 149 S.W.3d 525, 532 (Mo.App.S.D. 2004). In this case, however, Plaintiff does not allege facts

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

that demonstrate that any defendant owed any legal duty of care to him and/or that that any defendant breached any such duty.  Without such facts, Plaintiff has failed to state a claim against defendants for negligence.  Counts I, IV and VI should be dismissed.

7.      In Count III, Plaintiffs attempt to allege strict liability against all of the defendants, including WESTERN AUTO, as manufacturers, distributors, and sellers of asbestos-containing products.  In order to plead a cause of action for strict liability based on a defective design, a plaintiff must plead facts that establish: (1) the product was sold in the course of defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) plaintiff was damaged as a direct result of a defective condition which existed at the time the product was sold.  *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 637-38 (Mo. Banc 1987).  Because Plaintiff has not alleged any facts regarding the type of alleged asbestos-containing products to which he was exposed and how those products were being used, Plaintiff has failed to plead the elements of a strict liability claim for defective design.  Count III should therefore be dismissed.

8.      In Counts II, V and  VII, Plaintiffs allege willful and wanton misconduct against defendants, including WESTERN AUTO.  Plaintiff does not state a claim for willful and wanton misconduct against WESTERN AUTO, however, because Plaintiff fails to set forth any facts that demonstrate that WESTERN AUTO intentionally acted to harm him or that WESTERN AUTO showed complete indifference to or conscious disregard for his safety.  *See Warner v. Southwestern Bell Telephone Co.*, 428 S.W.2d 596 (Mo. 1968).  As these facts are necessary for Plaintiff's willful and wanton misconduct claim but have not been pled, Counts II, V and VII should be dismissed.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

9.      Plaintiffs' Petition fails to allege any basis for this Court to exercise jurisdiction over Defendant WESTERN AUTO.  This Defendant lacks sufficient contacts with Missouri to establish personal jurisdiction, and there is no jurisdictional basis for this suit against the above-named Defendant in Missouri pursuant to Missouri Supreme Court Rule 55.27(a)(2). The Supreme Court of the United States' recent decision in *Daimler AG v. Bauman* limited the forums that have general jurisdiction over a corporation to essentially two locations: the state of incorporation and the principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624, 761-762. (U.S. 2014).  WESTERN AUTO is incorporated in the state of Delaware with its principle place of business in Virginia.  Further, there is no specific jurisdiction as Plaintiff's claims do not arise from or relate to any contacts WESTERN AUTO has with Missouri.  *See State ex rel. Norfolk Southern Railway Company v. The Honorable Colleen Dolan*, 2017 WL 770977 (Mo. Banc February 28, 2017). There is no general or specific jurisdiction as to this Defendant, and to require Defendant to defend this action in this Court would violate its rights to due process under the United States Constitution and the Constitution of the State of Missouri.

11.      Missouri courts may exercise personal jurisdiction over a nonresident defendant if the exercise of jurisdiction (1) is authorized by the Missouri long-arm statute and (2) does not violate the Due Process Clause of the United States Constitution. *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000).  Once the defendant raises a jurisdictional objection, it is the plaintiff's burden to plead and prove jurisdiction. *See State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. Ct. App. 2008); *Anderson Trucking Serv., Inc. v. Ryan*, 746 S.W.3d 647, 648 (Mo. Ct. App. 1998); *Pohlman v. Bil-Jax, Inc.*, 954 S.W.2d 371, 372 (Mo. Ct. App. 1997). Because Missouri is a fact-pleading jurisdiction (MO. R. CIV. P. 55.05; *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997)), plaintiff must allege ultimate facts to carry its

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

burden, and cannot rely on mere conclusions. *See City of Fenton v. Exec. Int'l Inn, Inc.*, 740 S.W.2d 338, 339 (Mo. Ct. App. 1987).

12.     The Missouri long-arm statute permits the exercise of specific jurisdiction over a nonresident defendant if the defendant commits a statutorily-enumerated act in Missouri that serves as the basis for the plaintiff's claims. *See* MO. REV. STAT. §506.500. Specifically, the Missouri long-arm statute permits the exercise of jurisdiction over a nonresident defendant "as to any cause of action arising from" certain Missouri contacts, including:

(1)     The transaction of any business within this State;
(2)     The making of any contract within the state;
(3)     The commission of a tortious act within this state; and
(4)     The ownership, use, or possession of any real estate situated in this State[.]

§ 506.500.3. Here, Plaintiff's claims must arise from an enumerated act for jurisdiction to be appropriate. *Id.* Similarly, the Due Process Clause of the Fourteenth Amendment permits specific jurisdiction when a plaintiff's claims arise out of the defendant's purposeful contacts with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

13.     Recently, the United States Supreme Court in *Bristol-Myers Squibb* noted "(i)n order for a state court to exercise specific jurisdiction, "the suit" must "aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017), citing *Daimler*; see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The Court continued "(i)n other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.*

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

citing *Goodyear*, 564 U.S., at 919.   In reversing the California Supreme Court and finding that the Fourteenth Amendment Due Process Clause prevents California Courts from having jurisdiction over nonresident plaintiffs, the *Bristol-Myers Squibb* Court stated that principles regarding specific jurisdiction control this case. *Id*. at *7. For specific jurisdiction, a defendant's general connections with the forum are not enough. *Id*. at *8. As we have said, "[a] corporation's 'continuous activity of some sorts within a state ... is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.' "*Id*. citing *Goodyear* at 927 (quoting *International Shoe*, 326 U.S., at 318).

14.     Further, the Supreme Court of Missouri recently issued an opinion bearing directly on the issue of whether a Missouri court has personal jurisdiction over a defendant. In *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017), the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. *Id*. at 1. Here, Plaintiff's claims against this Defendant do not arise out of any allegation Plaintiff exposed through any product associated with WESTERN AUTO in Missouri. (*See* Plaintiffs' Petition.)   In fact, the Petition is devoid of any allegations that WESTERN AUTO committed *any* act in Missouri, generally or in connection with Plaintiff's claims. *Id*.  Accordingly, Plaintiff has not established even a *prima facie* case for specific personal jurisdiction over Defendant.

15.     Missouri law permits the exercise of general jurisdiction over a foreign corporation only when the corporation is "present and conducting substantial business in Missouri." *See State ex rel. K-Mart Corp. v. Holliger*, 986 S.W.2d 165, 167 (Mo. banc 1999).  Because Plaintiff does not allege any facts showing that this Defendant was conducting "substantial business" in

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

Missouri, Plaintiff has failed to establish general jurisdiction under Missouri law. In any event, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). Here, the Due Process Clause prohibits the exercise of general jurisdiction over WESTERN AUTO. The Due Process clause only permits general jurisdiction over a foreign corporation when that corporation maintains "continuous corporate operations within [the] state [that are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealing entirely distinct from those activities." *Goodyear*, 131 S. Ct. at 2853 (quoting *Int'l Shoe*, 326 U.S. at 318). The "paradigm forum" for general jurisdiction over a corporation is "one in which the corporation is fairly regarded as at home." *Id.*

16.     In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court recently clarified the limited reach of general jurisdiction. In *Daimler*, the Court held that "continuous activity of some sorts within a state is not enough to support [general jurisdiction.]" 134 S. Ct. at 758 (quoting *Int'l Shoe*, 326 U.S. at 318). Rather, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760 (citing *Goodyear*, 131 S. Ct. at 2853-54). For corporations, that "limited set of affiliations" consist of two "paradigm bases" for general jurisdiction: (1) state of incorporation and (2) principal place of business. *Daimler*, 134 S. Ct. at 760. Exceptional cases aside, it is only in these forums that a corporation is truly "at home" such that the exercise of general jurisdiction is constitutional. *Id.*[1]

---

[1] Citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), the Court in *Daimler* acknowledges the possibility that "in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that state." *Daimler*, 134 S. Ct. at 761 n.19. But *Perkins* was indeed exceptional. In *Perkins*, a Philippine mining company temporarily transferred its corporate headquarters to Ohio during World War II. *See Perkins*, 342 U.S. at 447-48. Clarifying the Court's holding in *Perkins*, the *Daimler* Court observed: "We held that the Ohio courts could exercise general jurisdiction over Benguet without offending due process . . . because 'Ohio was the corporation's principal, if temporary, place of business.'" *Id.* at 756 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779-80 (1984)). Short of a *de facto* transfer of a company's principal place of business to the forum, *Daimler*

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

In *Daimler*, for instance, the Court held that the defendant Daimler AG, a German car manufacturer with its principal place of business in Germany, was not subject to general jurisdiction in California, despite the fact that it distributed an appreciable quantity of cars into that state and had "multiple California-based facilities, including a regional office . . . a Vehicle Preparation Center . . . and a Classic Center." *Id.* at 752.[2]  Because Daimler was neither incorporated in California nor had its principal place of business there, the Court held that California lacked general jurisdiction over Daimler. *Id.* at 761.  According to the Court, Daimler's California contacts "hardly render it at home there" and California, therefore, could not serve as an "all-purpose forum" for claims against it. *Id.*

17.    In *BNSF Ry. Co. v. Tyrrell*, No. 16-405, 2017 WL 2322834 (U.S. May 30, 2017), the U.S. Supreme Court reversed the Montana Supreme Court which found personal jurisdiction in Montana for BNSF stating that "the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not "at home" in the State and the episode-in-suit occurred elsewhere". *BNSF Ry. Co. v. Tyrrell*, at *3 citing *Daimler*. Since neither plaintiff in *BNSF Ry. Co. v. Tyrrell* alleged injury in Montana, the Court only considered general personal jurisdiction in this case. The *BNSF* Court stated "(t)he Fourteenth Amendment due process constraint described in *Daimler*, however, applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary

---

limits the exercise of general jurisdiction to its two "paradigm bases": state of incorporation and principal place of business. *See* 134 S. Ct. at 761 n.19.

[2] Daimler was apparently the largest supplier of luxury vehicles to the California market, and California sales accounted for 2.4% of Daimler's worldwide sales. *Daimler*, 134 S. Ct. at 752. For purposes of its decision, the Court assumed that the contacts of Mercedes-Benz USA, LLC ("MBUSA"), an indirect subsidiary of Daimler and a Delaware limited liability company with its principal place of business in New Jersey, were attributable to Daimler. *Id.* at 760 ("Even if we were . . . to assume MBUSA's contacts are imputable to Daimler there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there.").

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

with the type of claim asserted or business enterprise sued. *Id* at 10. The Court found BNSF was not incorporated in Montana and does not maintain its principal place of business there; nor is BNSF so heavily engaged in activity in Montana "as to render [it] essentially at home" in that State. *Id*. The Court concluded that "in-state business, we clarified in *Daimler* and *Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims like [Plaintiff's] that are unrelated to any activity occurring in Montana". *Id*.

18.     The United States Supreme Court further reaffirmed *Daimler* in the recent case of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017). In *Bristol-Myers Squibb*, a group of plaintiffs—consisting of 86 California residents and 592 residents from 33 other States—filed eight separate complaints in California Superior Court, alleging that Plavix had damaged their health. *Id*. at *4. The Court noted there are two types of personal jurisdiction, "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. *Id*. at *6 citing *Goodyear*, 564 U.S., at 919. A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *Id*. But "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *Id*. citing *Daimler*.

19.     Further, in *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017), the Supreme Court of Missouri held that Missouri could not assert general jurisdiction over a defendant company unless it is incorporated in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id*. at 2. Finally, the Court held that Missouri's registration statute does not

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* At 18.  Here, Missouri is not an "all-purpose" forum for claims against this Defendant.  Like the defendant corporation in *Daimler*, WESTERN AUTO is not incorporated in Missouri and does not maintain its principal place of business in Missouri. *See Daimler*, 134 S. Ct. at 761.  Rather, WESTERN AUTO is a Delaware corporation with its principal place of business in Virginia. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").  Accordingly, WESTERN AUTO is not "at home" in Missouri such that Missouri courts may adjudicate claims against this Defendant lacking any connection with the forum, like Plaintiff's claims here.  This Court, therefore, does not have general personal jurisdiction over WESTERN AUTO.

20.     Plaintiffs also seek punitive damages.  Punitive damages, however, are appropriate only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others.  *Jacobs v. Bonser*, 46 S.W.3d 41, 45 (Mo.App.E.D. 2001).  Plaintiff's allegations that they are entitled to punitive damages are mere conclusions and lack factual support. Plaintiffs fail to allege any specific action or inaction by this defendant that would warrant a claim for punitive damages.

21.     To the extent Plaintiffs' Petition prays for punitive damages, such a prayer should be stricken as the facts alleged in Plaintiffs' Petition do not rise to the level of conduct required for punitive damages. Conscious disregard or complete indifference includes situations where the

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

person doing the act or failing to act must be conscious from the knowledge of surrounding circumstances and existing conditions, that, although lacking specific intent to injure, the person's conduct or failure to act will naturally or probably result in injury. *Peters v. General Motors*, 200 S.W.3d 1, 24 (Mo.App.W.D. 2006). Evidence of a vague and generalized knowledge of danger is insufficient to state a claim for punitive damages. *Lewis v. FAG Bearings Corp.*, 5 S.W.3d 579, 584 (Mo.App.S.D. 1999). The evidence must show that, at the time of the act complained of, the defendant had knowledge of a high degree of probability of injury to a specific class of persons. *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 339 (Mo. banc 1996). The few factual allegations that Plaintiff actually alleges do not rise to the level of willful and wanton conduct; therefore, Plaintiff's claims for punitive damages should be dismissed as a matter of law.

22.    Pursuant to RSMo. § 510.261(5), "(n)o initial pleading in a civil action shall contain a claim for a punitive damage award". Section 510.261(5) further states that "(a)ny later pleading containing a claim for a punitive damage award may be filed only with leave of the court". This section applies to cases filed after August 28, 2020. Defendant has not been made aware of any court rulings granting plaintiff to plead punitive damages. Therefore, this count must be dismissed.

23.    Additionally, Defendant WESTERN AUTO is considered an "Innocent Seller" under Missouri Revised Statute §537.762, which states in pertinent part:

a.    A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim […]

b.    This section shall apply to any product liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for Plaintiff's claim.

WESTERN AUTO is aware of no basis for alleged liability to Plaintiff, other than as a seller in the stream of commerce, and therefore should be dismissed pursuant to Mo.Rev. Statute §537.762.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

24.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

25.     Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

26.     Some or all of Plaintiffs' claims are barred by the laws of the appropriate forum pursuant to Missouri's Borrowing Statute.

27.     Some or all of Plaintiffs' claims are barred by the exclusive remedy provision of the Missouri Workers' Compensation Act and Occupational Diseases Act pursuant to Mo.Rev. Statute §287.120, or under analogous statutes under any other applicable state's law.

28.     WESTERN AUTO   reserves its right to present applicable motions regarding choice of law depending on the facts that may be discovered in this matter.

29.     Because Plaintiffs failed to state a cause of action for Plaintiff, the derivative loss of consortium claim must likewise be dismissed.

30.     WESTERN AUTO incorporates and adopts herein the Motions and arguments made in response to Plaintiffs' Petition by other co-defendants in this cause of action to the extent those arguments do not contain allegations against WESTERN AUTO and do not contradict anything stated herein.

WHEREFORE defendant WESTERN AUTO SUPPLY COMPANY hereby respectfully requests an Order of the Court dismissing Plaintiffs' Petition with Plaintiff to pay costs of suit and for whatever further relief this Courts deems proper and just.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

Respectfully Submitted

SWANSON MARTIN & BELL, LLP

/s/ April A. Vesely
One of the Attorneys for Defendant,
**WESTERN AUTO SUPPLY COMPANY**

April A. Vesely (MO Bar #65450)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312)   321-9100
(312)   321-0990 (Fax)
avesley@smbtrials.com

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| **DAVID BUTLER and** | ) |
| **KATHY BUTLER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 2222-CC00226** |
| **v.** | ) |
| | ) |
| **A.W. CHESTERTON COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT WESTERN AUTO SUPPLY COMPANY'S**
**MOTION TO TRANSFER VENUE OR, IN THE ALTERNATIVE,**
**MOTION TO MAKE MORE DEFINITE AND CERTAIN**

NOW COMES Defendant WESTERN AUTO SUPPLY COMPANY by and through its attorneys Swanson Martin & Bell, LLP, for its Motion to Transfer Venue or, in the alternative, Motion to Make More Definite and Certain, pursuant to Rule 51.045 of the Missouri Rules of Civil Procedure and RSMo. 508.010. In support of its motion, Defendant states as follows:

1.     Plaintiffs filed their Petition against numerous defendants including WESTERN AUTO. Specifically against this defendant Plaintiffs allege negligence, strict liability, willful and wanton misconduct, and possibly, conspiracy.

2.     Missouri's venue statute, RSMo. 508.010, is the controlling statute with regard to proper venue in tort cases.  Proper venue is determined by several factors including where the alleged injury first took place, location of defendant's registered agent, and the plaintiff's place of residence at the time of injury.

3.     In order to plead proper venue, Plaintiff must plead sufficient facts.  It is well-settled that Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

(Mo. Banc 1997). In *Wells,* the Court stated, "the goal of fact pleading is the quick, efficient, and fair resolution of disputes. Fact pleading identifies, narrows, and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial." *Id*.

4.      Failure to state a claim or abide by the fact pleading standards can result in a court striking a Plaintiffs' Petition for failure to state a claim for which relief can be granted. *Bohac v. Walsh*, 223 S.W.3d 858 (Mo. App. E.D. 2007). Plaintiff's vague and confusing allegations fail to meet the fact-pleading standards required in Missouri.

5.      The "factual allegations" contained in Plaintiffs' Petition are so void of specificity that it is impossible to determine what the proper venue is and whether Plaintiff pled sufficient facts to warrant venue in the Circuit Court of the City of St. Louis. Plaintiffs' Petition fails to meet the fact pleading standards mandated by both the Missouri Rules of Civil Procedure and the Missouri Supreme Court.

6.      Here, Plaintiffs fail to plead sufficient facts to support this choice of venue, the Circuit Court of the City of St. Louis. Plaintiffs have failed to show where the injury first occurred, the location of principal place of residence on the date plaintiff was first injured, or that the defendant's registered agent is located in the City of St. Louis. Instead, Plaintiffs only make vague allegations in support of this Petition, and, as such, have failed to meet the fact pleading standards required under Missouri Law.

7.      Without more definite and certain facts, this defendant cannot know where venue is proper, but, upon information and belief, the County of St. Louis may be a proper venue.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

WHEREFORE Defendant WESTERN AUTO SUPPLY COMPANY respectfully requests that this Honorable Court issue an Order transferring venue in this case to a proper venue or, in the alternative, order Plaintiff to amend the Petition to make more definite and certain the facts supporting Plaintiff's choice of venue, and for whatever such relief is warranted and just under the circumstances.

Respectfully Submitted

SWANSON MARTIN & BELL, LLP

/s/ April A. Vesely
One of the Attorneys for Defendant,
**WESTERN AUTO SUPPLY COMPANY**

April A. Vesely (MO Bar #65450)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312)   321-9100
(312)   321-0990 (Fax)
avesley@smbtrials.com

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | |
|---|---|
| **DAVID BUTLER and** | ) |
| **KATHY BUTLER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 2222-CC00226** |
| **v.** | ) |
| | ) |
| **A.W. CHESTERTON COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT WESTERN AUTO SUPPLY COMPANY'S
ANSWER TO PLAINTIFFS' PETITION**

COMES NOW, Defendant, WESTERN AUTO SUPPLY COMPANY, by and through its attorneys, Swanson, Martin & Bell, LLP, hereby files its Answer to Plaintiffs' Petition (hereinafter "Petition"). In support thereof, Western Auto states as follows:

PRELIMINARY STATEMENT

Many of the allegations of the Petition purportedly apply to Western Auto as well as the other defendants. Unless otherwise stated below, Western Auto has no knowledge of the actions of other defendants and, therefore, limits its answer to Western Auto, and denies each and every other allegation contained therein.

JURISDICTION, VENUE AND GENERAL ALLEGATIONS

1.      Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Petition, and, therefore, denies same.

2.      Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

3.      Western Auto admits it is a foreign corporation. Western Auto denies any and all remaining allegations contained in Paragraph 3 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Petition, and, therefore, denies same.

4.      Western Auto denies any and all allegations contained in Paragraph 4 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Petition, and, therefore, denies same.

5.      Western Auto denies any and all allegations contained in Paragraph 5 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Petition, and, therefore, denies same.

6.      Western Auto denies any and all allegations contained in Paragraph 6 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Petition, and, therefore, denies same.

7.      Western Auto denies any and all allegations contained in Paragraph 7 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Petition, and, therefore, denies same.

8       Western Auto denies any and all allegations contained in Paragraph 8 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Petition, and, therefore, denies same.

9.    Western Auto denies any and all allegations contained in Paragraph 9 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Petition, and, therefore, denies same.

10.    Western Auto denies any and all allegations contained in Paragraph 10 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Petition, and, therefore, denies same.

11.    Western Auto denies any and all allegations contained in Paragraph 11 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Petition, and, therefore, denies same.

12.    Western Auto denies any and all allegations contained in Paragraph 12 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Petition, and, therefore, denies same.

13.    Western Auto denies any and all allegations contained in Paragraph 13 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

14.    Western Auto denies any and all allegations contained in Paragraph 14 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Petition, and, therefore, denies same.

15.    Western Auto denies any and all allegations contained in Paragraph 15 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Petition, and, therefore, denies same.

16.    Western Auto denies any and all allegations contained in Paragraph 16 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Petition, and, therefore, denies same.

17.    Western Auto denies any and all allegations contained in Paragraph 17 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Petition, and, therefore, denies same.

18.    Western Auto denies any and all allegations contained in Paragraph 18 of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' Petition be dismissed at Plaintiff's expense.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

<u>COUNT I</u>
<u>NEGLIGENCE</u>

1.      Western Auto restates and incorporates its answers to Paragraphs 1 through 18 of the General Allegations of Plaintiffs' Petition for its response to Paragraph 1 of Count I of Plaintiffs' Petition.

2.      Western Auto denies any and all allegations contained in Paragraph 2 of Count I of Plaintiffs' Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count I of Plaintiffs' Petition, and, therefore, denies same.

3.      Western Auto denies any and all allegations contained in Paragraph 3 of Count I of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count I of Plaintiffs' Petition, and, therefore, denies same.

4.      Western Auto denies any and all allegations contained in Paragraph 4 of Count I of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Count I of Plaintiffs' Petition, and, therefore, denies same.

5.      Western Auto denies any and all allegations contained in Paragraph 5 of Count I of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

admit or deny the allegations contained in Paragraph 5 of Count I of Plaintiffs' Petition, and, therefore, denies same.

6.      Western Auto denies any and all allegations contained in Paragraph 6 of Count I, including subparts (a) – (m), of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Count I of Plaintiffs' Petition, and, therefore, denies same.

7.      Western Auto denies any and all allegations contained in Paragraph 7 of Count I of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Count I of Plaintiffs' Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' Petition be dismissed at Plaintiff's expense.

## COUNT II
## WILLFUL/WANTON MISCONDUCT

1.      Western Auto reinstates and incorporates its answers to Paragraphs 1 through 18 of the General Allegations of Plaintiffs' Petition and paragraphs 2 through 4 of Count I of Plaintiffs' Petition for its response to Paragraph 1 of Count II of Plaintiffs' Petition.

2.      Western Auto denies any and all allegations contained in Paragraph 2 of Count II of Plaintiffs' Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count II of Plaintiffs' Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

3.      Western Auto denies any and all allegations contained in Paragraph 3 of Count II, including subparts (a) – (m), of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count II of Plaintiffs' Petition, and, therefore, denies same.

4.      Western Auto denies any and all allegations contained in Paragraph 4 of Count II of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Count II of Plaintiffs' Petition, and, therefore, denies same.

5.      Western Auto denies any and all allegations contained in Paragraph 5 of Count II of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Count II of Plaintiffs' Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' Petition be dismissed at Plaintiff's expense.

<div align="center">COUNT III<br>STRICT LIABILITY</div>

1.      Western Auto reinstates and incorporates its answers to Paragraphs 1 through 18 of the General Allegations of Plaintiffs' Petition and paragraphs 2 through 4 of Count I of Plaintiffs' Petition for its response to Paragraph 1 of Count III of Plaintiffs' Petition.

2.      Western Auto denies any and all allegations contained in Paragraph 2 of Count III of Plaintiffs' Petition directed toward Western Auto. With respect to the remaining allegations

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count III of Plaintiffs' Petition, and, therefore, denies same.

3.      Western Auto denies any and all allegations contained in Paragraph 3 of Count III of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count III of Plaintiffs' Petition, and, therefore, denies same.

4.      Western Auto denies any and all allegations contained in Paragraph 4 of Count III of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Count III of Plaintiffs' Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' Petition be dismissed at Plaintiff's expense.

<div align="center">

COUNT IV
NEGLIGENCE – LOSS OF CONSORTIUM

</div>

1.      Western Auto restates and incorporates its answers to The General Allegations and its answers to Counts I – III  for its response to Paragraph 1 of Count IV of Plaintiffs' Petition.

2.      Western Auto denies any and all allegations contained in Paragraph 2 of Count IV of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count IV of Plaintiffs' Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

WHEREFORE, Western Auto prays that Plaintiffs' Petition be dismissed at Plaintiff's expense.

## COUNT V
## WILLFUL/WANTON MISCONDUCT – LOSS OF CONSORTIUM

1.    Western Auto restates and incorporates its answers to The General Allegations and its answers to Counts I – IV for its response to Paragraph 1 of Count V of Plaintiffs' Petition.

2.    Western Auto denies any and all allegations contained in Paragraph 2 of Count V of Plaintiffs' Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count V of Plaintiffs' Petition, and, therefore, denies same.

3.    Western Auto denies any and all allegations contained in Paragraph 3 of Count V of Plaintiffs' Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count V of Plaintiffs' Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' Petition be dismissed at Plaintiff's expense.

## COUNT VI
## NEGLIGENCE - SPOLIATION OF EVIDENCE

1.    Western Auto restates and incorporates its answers to The General Allegations response to Paragraph 1 of Count VI of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

2.      Western Auto denies any and all allegations contained in Paragraph 2 of Count VI of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count VI of Plaintiffs' Petition, and, therefore, denies same.

3.      Western Auto denies any and all allegations contained in Paragraph 3 of Count VI of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count VI of Plaintiffs' Petition, and, therefore, denies same.

4.      Western Auto denies any and all allegations contained in Paragraph 4 of Count VI of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Count VI of Plaintiffs' Petition, and, therefore, denies same.

5.      Western Auto denies any and all allegations contained in Paragraph 5 of Count VI of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Count VI of Plaintiffs' Petition, and, therefore, denies same.

6.      Western Auto denies any and all allegations contained in Paragraph 6 of Count VI of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

admit or deny the allegations contained in Paragraph 6 of Count VI of Plaintiffs' Petition, and, therefore, denies same.

7.      Western Auto denies any and all allegations contained in Paragraph 7 of Count VI of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Count VI of Plaintiffs' Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' Petition be dismissed at Plaintiff's expense.

<div align="center">

COUNT VII
WILLFUL/WANTON MISCONDUCT - SPOLIATION OF EVIDENCE

</div>

1.      Western Auto restates and incorporates its answers to The General Allegations and paragraphs two (2) through five (5) of Count VI for its response to Paragraph 1 of Count VII of Plaintiffs' Petition.

2.      Western Auto denies any and all allegations contained in Paragraph 2 of Count VII of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count VII of Plaintiffs' Petition, and, therefore, denies same.

3.      Western Auto denies any and all allegations contained in Paragraph 3 of Count VII of Plaintiffs' Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count VII of Plaintiffs' Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

WHEREFORE, Western Auto prays that Plaintiffs' Petition be dismissed at Plaintiff's expense.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

### 1. FAILURE TO STATE A CLAIM

Plaintiffs' Petition and all purported causes of action stated therein fail to state a claim or a cause of action against Western Auto upon which relief can be granted.

### 2. LACK OF PERSONAL JURISDICTION

This Court lacks general personal jurisdiction over Western Auto or over the incidents and persons joined in this matter. Subjecting Western Auto to general jurisdiction in this case would violate both long standing Missouri law and federal due process under the *Daimler* decision. Pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), general jurisdiction is constitutionally proper only where a "corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (emphasis added). Applying that test, the Supreme Court held that, except perhaps in an exceptional case, a corporation is "at home," and hence subject to general jurisdiction, in only two states—its state of incorporation and its principal place of business. *Id.* at 760.

This Court further lacks specific personal jurisdiction over Western Auto or over the incidents and persons joined in this matter. Plaintiff's injuries did not occur in Missouri, nor did they arise from any acts that Western Auto took in Missouri, nor from extraterritorial acts that produced consequences in this state. Specific jurisdiction is therefore unavailable under both Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, and the Due Process Clause.

Further, the Supreme Court of Missouri recently issued an opinion bearing directly on the issue of whether a Missouri court has personal jurisdiction over a defendant. In *State ex rel. Norfolk*

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

*Southern Railway Co. v. Dolan*, the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. 512 S.W.3d 41, 44 (Mo. banc 2017). The Court also held that Missouri could not assert general jurisdiction over a defendant company unless it is incorporated in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id*. Finally, the Court held that Missouri's registration statute does not require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* at 52.

### 3. LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the incidents and persons joined in this matter.

### 4. IMPROPER VENUE

Venue is improper, so the Petition should be dismissed.

### 5. FAILURE TO JOIN NECESSARY AND/OR INDISPENSABLE PARTIES

The Petition fails to join necessary and/or indispensable parties. Thus, the Plaintiff's claim is barred.

### 6. DE MINIMIS EXPOSURE

If Plaintiff was exposed to any products of Western Auto, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by Plaintiff.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

## 7. STATUTE OF LIMITATIONS

Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, Mo. Rev. Stat. 516.120 and 537.080

## 8. LACHES, ESTOPPEL AND WAIVER

Plaintiff unreasonably delayed in bringing this action against Western Auto in a way which prejudiced its rights.  Therefore, Plaintiff's causes of action are barred by the doctrines of laches, estoppel, and/or waiver.

## 9. ASSUMPTION OF THE RISKS

Plaintiff knew, understood, and appreciated the risks and hazards involved in the products and, therefore, Plaintiff's causes of action against Western Auto are barred by Plaintiff's assumption of the risks.

## 10. COMPARATIVE FAULT OF PLAINTIFF

If Plaintiff sustained any injury or damages, which Western Auto denies, such injuries or damages were directly and proximately caused or contributed to, in whole or in part, by Plaintiff's own culpable conduct, negligence, and/or fault. Therefore, said fault would bar or reduce recovery in proportion to the culpable conduct and negligence of Plaintiff.

## 11. IMPROPER USE

Plaintiff neither used Western Auto' products as reasonably anticipated by Western Auto, nor for purposes intended by Western Auto.  Therefore, if Plaintiff sustained any injury or damages, which Western Auto denies, such injuries or damages were directly and proximately caused by Plaintiff's misuse or improper use of Western Auto' products.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

## 12. FAILURE TO USE ORDINARY CARE

Plaintiff unreasonably failed to appreciate the dangers involved in the use of the products alleged in Plaintiffs' Petition or the consequences thereof. Thus, Plaintiff unreasonably exposed himself to the dangers that a reasonably careful user would reasonably appreciate under the same or similar circumstances

## 13. SOLE CAUSE

The culpable conduct of Plaintiff, co-defendants, and/or third-parties, over which Western Auto had no control, was the sole cause of any alleged damages or injuries Plaintiff may have sustained. Consequently, no act or omission of Western Auto was a proximate cause of any damages or injuries allegedly sustained by Plaintiff, thereby prohibiting the imposition of liability on Western Auto.

## 14. INTERVENING CAUSE

The culpable conduct and/or negligence of co-defendants and third-parties, not under the control of Western Auto, was a direct and proximate cause of the alleged injuries of Plaintiff. Such conduct or negligence was an intervening or superseding cause, which prohibits the imposition of liability on Western Auto.

## 15. NO DUTY TO WARN

Plaintiff, his employers, and any other persons or entities, other than Western Auto, were sophisticated purchasers and users of the products identified in Plaintiffs' Petition, who required no warning in order to be fully appraised of the potential dangers of the use of such products.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

## 16. NO FORESEEABLE RISK OF HARM

Western Auto did not have a duty to warn Plaintiff, as its products did not represent a foreseeable risk of harm to Plaintiff. The scope of any duty to warn on the part of Western Auto did not extend to Plaintiff as a non-user of any of the products.

## 17. FAILURE TO MITIGATE

Plaintiff failed to mitigate damages, which bars or reduces recovery.

## 18. CONSTITUTIONAL DEFENSES AGAINST PUNITIVE DAMAGES

Plaintiffs' Petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded because it violates the United States and/or Missouri Constitutions, including, but not limited to, the following particulars:

(a)    Plaintiff's claim for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Missouri Constitution;

(b)    Plaintiff's claim for punitive damages is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment;

(c)    Plaintiff's claim for punitive damages violates Western Auto' right to equal protection under the law provided in the Fifth and Fourteenth Amendments of the United States Constitution and is otherwise unconstitutional under the United States Constitution and the Missouri Constitution;

(d)    Plaintiff's claim for punitive damages violates Western Auto' right to substantive due process as provided in the Fifth and Fourteenth

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

Amendments of the United States Constitution and the Missouri Constitution;

(e)     Plaintiff's claim for punitive damages violates the Contract Clause of the United States Constitution; and

(f)     Plaintiff's claim for punitive damages violates the Fourth and Sixth Amendments to the United States Constitution.

The claim for punitive damages violates the United States Constitution and Missouri Constitution for, but not limited to, the following reasons:

(aa)    The jury is given unfettered discretion to award punitive damages on vague grounds with no objective standards;

(bb)    A presumption of innocence is not applied;

(cc)    Specific intent is not required;

(dd)    A unanimous jury verdict is not required;

(ee)    The purpose is the punishment of Western Auto and is tantamount to the imposition of a criminal fine based upon conduct, which is not defined with sufficient precision to give Western Auto advance notice of that conduct;

(ff)    Although indistinguishable from a criminal penalty, a lesser standard of proof and procedural safeguards is required than in criminal cases;

(gg)    Multiple awards of punitive damages can be made for the same acts or omissions;

(hh)    The imposition of punitive damages would constitute an excessive fine;

(ii)    Such punishment is retrospective in operation, constituting an uncertain remedy and impairing Western Auto' access to the courts;

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

(jj)    Joint and several judgments against multiple defendants for different alleged acts of wrongdoings may result; and

(kk)    The imposition of different penalties for the same or similar acts may be the result of an imposition of punitive damages, constituting an irrational, arbitrary and capricious punishment. Moreover, a discrimination on the basis of wealth would result.

## 19. STATE OF THE ART

The state of the medical and scientific knowledge, the published literature and other materials reflecting said state of the art at all relevant times was such that Western Auto neither knew, nor could have known that their products presented a foreseeable risk of harm, if any, to the Plaintiff in the normal and expected use of these products, according to the law in full force and effect at the time of the transactions complained of.  Thus, said products were neither defective, nor unreasonably dangerous.  The methods, standards and techniques of selling, distributing or installing any asbestos containing products by Western Auto were performed in conformity with the generally recognized state of the art existing at the time such products were sold, distributed, or installed by Western Auto and placed in the stream of commerce.  Western Auto demands trial by jury.

## 20. UNAVOIDABLY UNSAFE PRODUCT

Plaintiff is barred from any recovery due to the fact that there was no known adequate substitute for the asbestos containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

## 21. CHANGE IN PRODUCT

All or some products to which Plaintiff was exposed may have been in a substantially changed condition or may have been altered or mishandled since the time said products left the control of Western Auto.  Such abuse or misuse may constitute the sole proximate cause, or an intervening or superseding cause of Plaintiff's alleged injuries or damages.

## 22. UNRELATED CAUSES

Plaintiff's alleged physical condition is due solely to an unrelated disease process or other causes unrelated to Western Auto' products.

## 23. "INNOCENT SELLER" DEFENSE

Western Auto is considered an "innocent seller" under Missouri Revised Statute § 537.762. Western Auto is aware of no basis for alleged liability to Plaintiff, other than as a seller in the stream of commerce, and therefore should be dismissed.

## 24. SET-OFF/SATISFACTION

Pursuant to Missouri Revised Statute § 537.060, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by Plaintiff to any person allegedly liable for the same injuries claimed in this action shall reduce Plaintiff's claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  To date, Plaintiff has not disclosed any such agreements, and Western Auto does not otherwise currently possess knowledge or information regarding any such agreements between Plaintiffs and any party or nonparty.  As such, the precise identity of any entities with whom Plaintiff may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Western Auto at this time.  Western Auto is entitled to a reduction for the stipulated or paid amounts of all settlement agreements under Missouri Revised Statute §

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

537.060, as well as setoffs for any future compensation Plaintiff receives in the form of payments from any other parties or entities for the alleged damages.

### 25. NEGLIGENCE OF NON-PARTIES

Plaintiff's losses, if any were caused or directly contributed to by the negligence of others over whom Western Auto exercised no control or had no legal duty to control. Western Auto is not liable for any losses caused by others.  Plaintiff is, therefore, barred from any recovery from Western Auto, or alternatively, recovery should be apportioned under the doctrine of comparative fault and comparative indemnity.

### 26. BARRED BY EXCLUSIVITY PROVISION OF §287.120

Some or all of Plaintiff's claims are barred by the exclusive remedy provision of the Missouri Workers' Compensation Act and Occupational Diseases Act pursuant to Mo.Rev. Statute §287.120, or under analogous statutes under any other applicable state's law.

### 27. ADDITIONAL DEFENSES

Western Auto will assert any and all additional defenses which become available or appear in this action.  Western Auto specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

### 28. ADOPTION OF OTHER DEFENDANTS' DEFENSES

Western Auto adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to Western Auto.

### 29. ALLOCATION OF FAULT

Western Auto alleges that one or more of the parties to this action and/or other persons whose identities are not presently known were negligent or legally responsible or otherwise at fault for the damages alleged in Plaintiffs' Petition.  Therefore, Western Auto requests that in the event

Electronically Filed - City of St. Louis - March 14, 2022 - 09:07 AM

of any award against it, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties pursuant to Section §537.067 R.S.Mo.  Western Auto further requests a judgment or declaration of indemnification and contribution against all those parties or person in accordance with the apportionment of fault.

<u>30.  PUNITIVE DAMAGES</u>

Pursuant to RSMo. § 510.261(5), "(n)o initial pleading in a civil action shall contain a claim for a punitive damage award".  Section 510.261(5) further states that "(a)ny later pleading containing a claim for a punitive damage award may be filed only with leave of the court". This section applies to cases filed after August 28, 2020. Defendant has not been made aware of any court rulings granting plaintiff to plead punitive damages. Therefore, this count must be dismissed.

WHEREFORE, Defendant, WESTERN AUTO SUPPLY COMPANY, prays that Plaintiffs' Petition be dismissed against it, for its costs incurred, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted

SWANSON MARTIN & BELL, LLP

/s/ April A. Vesely
One of the Attorneys for Defendant,
**WESTERN AUTO SUPPLY COMPANY**

April A. Vesely (MO Bar #65450)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312)   321-9100
(312) 321-0990 (Fax)
avesley@smbtrials.com

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER,** | ) | |
| **his wife,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No: 2222-CC00226** |
| | ) | |
| **v.** | ) | **Division 1** |
| | ) | **(Asbestos)** |
| **A.W. CHESTERTON COMPANY,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

**CUMMINS INC.'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' PETITION**

Defendant, Cummins Inc., (hereinafter, "Defendant") answers the Plaintiffs' Petition as follows:

Unless otherwise expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other defendants.

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Petition and therefore denies the same.

2.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Petition and therefore denies the same.

3.    Defendant admits only that it is a foreign corporation, but denies all other allegations contained in Paragraph 3 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant specifically denies that it is jointly and severally liable with

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

other defendants.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

4.      Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

5.      Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

6.      Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

7.      Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

8.      Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

10.      Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

11.      Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

12.      Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant specifically denies that venue is proper in the City of St. Louis, Missouri. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

13.      Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

14.      Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

## COUNT I
## NEGLIGENCE

1.     Defendant incorporates by reference its answers in response to all previous paragraphs of Plaintiffs' Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

2.      Defendant denies the allegations contained in Paragraph 2 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

4.      Defendant denies the allegations contained in Paragraph 4 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

5.      Defendant denies the allegations contained in Paragraph 5 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

6.      Defendant denies the allegations contained in Paragraph 6 of Count I of Plaintiffs' Petition, including all sub-paragraphs, to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

7.      Defendant denies the allegations contained in Paragraph 7 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper. Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count I of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

<div align="center">

**COUNT II**
**WILLFUL AND WANTON MISCONDUCT**

</div>

1.      Defendant reincorporates by reference its answers in response to Plaintiff's General Allegations and paragraphs 2-4 of Count I of Plaintiff's Petition as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count II of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count II of Plaintiffs' Petition, including all sub-paragraphs therein, to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

4.      Defendant denies the allegations contained in Paragraph 4 of Count II of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

5.      Defendant denies the allegations contained in Paragraph 5 of Count II of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages.  Defendant respectfully prays for judgment in its favor on Count II of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

## COUNT III
## STRICT LIABILITY

1.      Defendant reincorporates by reference its answers in response to Plaintiff's General Allegations and paragraphs 2-4 of Count I of Plaintiff's Petition as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count III of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count III of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

4.      Defendant denies the allegations contained in Paragraph 4 of Count III of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper. Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count III of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

## COUNT IV
## NEGLIGENCE
### (loss of consortium)

1.      Defendant reincorporates by reference its answers in response to all previous paragraphs of Plaintiff's Petition as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count IV of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper. Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count IV of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

## COUNT V
## WILLFUL AND WANTON MISCONDUCT
### (loss of consortium)

1.      Defendant reincorporates by reference its answers in response to all previous paragraphs of Plaintiff's Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

2.      Defendant denies the allegations contained in Paragraph 2 of Count V of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count V of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count V of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

**COUNT VI**
**NEGLIGENCE**
**(spoilation of evidence)**

1.      Defendant reincorporates by reference its answers in response to Plaintiff's General Allegations as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without

sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

4.      Defendant denies the allegations contained in Paragraph 4 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

5.      Defendant denies the allegations contained in Paragraph 5 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

6.      Defendant denies the allegations contained in Paragraph 6 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

7.      Defendant denies the allegations contained in Paragraph 7 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count VI of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

## COUNT VII
## WILLFUL AND WANTON MISCONDUCT
### (spoilation of evidence)

1.      Defendant reincorporates by reference its answers in response to Plaintiff's General Allegations and paragraphs 2-5 of Count VI of Plaintiff's Petition as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count VII of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 7 of Count VII of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count VII of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Petition fails to state a claim against this Defendant upon which relief can be granted.

2.      This Court lacks personal jurisdiction over this defendant.  *See State ex rel. Norfolk Southern Railway Company v. Dolan*, SC95514 (February 28, 2017).

3.      Venue is improper in the City of St. Louis.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

4.    Plaintiffs' claims are barred by the applicable statutes of limitations and statutes of repose, including without limitation, R.S.Mo. §§ 537.100, 516.120, 516.190, 516.230, 400.2-607, 400.1-106, 400.2-715, 400.2-725 and others.

5.    Plaintiffs' claims may be barred or otherwise affected by the substantive law of foreign jurisdictions.

6.    Defendant does not deny that Plaintiff may have been exposed to the products or injured by the activities of other defendants or nonparties and does not deny the liability of any other defendant or nonparty.

7.    If damages were sustained by Plaintiff, which is denied, those damages were caused or contributed to by the conduct, carelessness, fault and/or negligence of Plaintiff, including, but not limited to smoking, consuming alcohol, and failure to lose weight, or that of other entities not under this defendant's control, including learned intermediaries, and the Court should therefore, deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

8.    Plaintiffs' Petition fails because if damages were sustained by Plaintiff as alleged, which is denied, those damages were caused or contributed to by Plaintiff's own acts or omissions or by products or conduct of other persons and entities not under defendant's control and the Court should entirely deny recovery, or, in the alternative, assess the percentage of fault under the doctrine of comparative fault as set forth in 537.067, R.S. Mo. (as amended by Mo. H.B. No. 393 (2005)).

9.    If damages or injuries were sustained by Plaintiff, which is denied, those damages were caused or contributed to by Plaintiff knowingly assuming all risks and Plaintiff is, therefore, barred from recovery.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

10.     At all times pertinent, the state of the medical, scientific and industrial knowledge was such that this Defendant neither knew, nor should have known, that asbestos-containing products presented reasonably foreseeable risks to Plaintiff or others similarly situated in the normal and expected use of said products.

11.     If products containing asbestos caused or contributed to Plaintiffs' alleged injuries and damages, which is denied, such products were misused, altered, or modified by Plaintiff or persons other than this defendant, or installed or used contrary to the instructions of this defendant.

12.     If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiffs' unreasonable failure to appreciate any risks that may be involved in the use of asbestos-containing materials or the consequences thereof and the unreasonable exposure to such risks.

13.     If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff's failure to undertake the precautions a reasonably careful user of asbestos-containing materials would take to protect against possible risks which he should reasonably appreciate under the same or similar circumstances.

14.     If damages or injuries were sustained by Plaintiff, which is denied, those damages were caused or contributed to by the failure to mitigate damages.

15.     If Plaintiff was exposed to asbestos-containing products manufactured, sold, or distributed by this defendant, which is denied, then such exposure was inconsequential or de minimis, thus barring any recovery by Plaintiff.

16.     Plaintiffs' prayer to have defendant be held jointly and severally liable is contrary to the provisions of 537.067, R.S. Mo. (as amended by Mo. H.B. No. 393 (2005)).

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

17.     Joint and several liability is unconstitutional as applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts.  Joint and several liability is unconstitutional because recovery of damages by Plaintiff against this defendant in excess of defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that this defendant would be subject to a penalty above and beyond its causal fault.

Recovery of such damages by Plaintiff would be unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because they would subject this defendant to excessive fines and punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106, R.S.Mo.

Further, recovery of such damages by Plaintiff would deny this defendant of property without due process of law in violation of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because such recovery would allow an award that is grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the defendant no notice of the consequences of its conduct.

Recovery of such damages by Plaintiff deprives this defendant of property without due process of law and further deprives this defendant of the equal protection of the laws in violation of defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10.

18.    Plaintiffs' claim for punitive damages is barred by the United States Constitution because by requesting an award of punitive damages, Plaintiff seeks to have the Court impose state action upon defendant, whether those damages are imposed by statute or common law.

19.    Plaintiffs' claim for punitive damages is barred by the United States Constitution because recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that Defendant may be subjected to multiple awards for an alleged single course of conduct.

20.    Recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that the standards, whether statutory or common law, by which a jury may determine the culpability of Defendant and the amount of damages to be awarded are vague and therefore constitutionally defective.

21.    Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they would subject defendant to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106, R.S.Mo.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

22.     Recovery of punitive damages by Plaintiffs would deny Defendant property without due process of law in violation of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because there are insufficient legal standards for a jury to determine the amount of any such damages so as to allow awards that are grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

23.     Recovery of punitive damages by Plaintiffs in this case would violate procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

       a)     Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

       b)     Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

       c)     Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award.

24.     Recovery of punitive damages by Plaintiffs would be unconstitutional to the extent that Plaintiffs' Petition seeks to punish defendant without the protection of constitutional safeguards, including, but not limited to, the right to speedy trial, requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-incrimination during the discovery process and trial, which are guaranteed under the Fifth, Sixth and Fourteenth

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

Amendments of the United States Constitution and the Constitution of the State of Missouri, including Article I, Bill of Rights, Sections 10, 18(a), 19, 21 and 22(a); and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon the decisions of Missouri courts which would permit Plaintiff to recover punitive damages without the protection of such safeguards is unconstitutional.

25.     Recovery of punitive damages by Plaintiffs deprives defendant of property without due process of law and further deprives defendant of the equal protection of the laws in violation of defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10, because the jury is told to take into consideration the evidence of defendant's net worth, implying to the jury that it would be more appropriate to punish Defendant rather than another Defendant of similar circumstances which had a lesser net worth.

26.     Plaintiffs' claims for punitive damages are barred pursuant to RSMo. 510.261(5), which states that "No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant to file such a pleading only on written motion by the claimant . . . ." The statute further provides that a motion must be supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages. Plaintiff has failed to file the required motion, failed to submit any supporting evidence, and failed to obtain leave of the Court before asserting a claim for a punitive damage award.

27.     Sections 408.040, 509.050, 537.765, R.S.Mo., are unconstitutional as applied to the facts of this case.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

28.     Plaintiffs' claims against this Defendant should be dismissed pursuant to § 537.762, R.S.Mo.

29.     Plaintiffs' claims for punitive damages are barred for the above reasons and because an award of punitive damages would be contrary to the public policy of this State.

30.     Plaintiffs' claims against Defendant are barred by federal preemption.

31.     If Missouri substantive law applies, then pursuant to § 537.060 RSMo, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by Plaintiff to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Plaintiffs' claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  To date, Plaintiff has not disclosed any such agreements, and Defendant does not otherwise currently possess knowledge or information regarding any such agreements between Plaintiff and any party or nonparty.  As such, the precise identity of any entities with whom Plaintiff may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Defendant at this time.  Information regarding Plaintiffs' settlements and arrangements necessary for Defendant to fully plead the affirmative defense of setoff under § 537.060 is expected to be gleaned through written discovery.  Defendant is entitled to a reduction for the stipulated or paid amounts of all settlement agreements under § 537.060, as well as setoffs for any future compensation Plaintiff receives in the form of payments from any other parties or entities for the alleged damages.

32.     Defendant asserts all defenses available to it under Mo. H.B. No. 393 (2005).

33.     Defendant cannot be held liable for the allegedly defective design of its products because Defendant satisfied the requirements of the "Military or Government Contractor Defense" announced in *Boyle v. United Technologies*, 487 U.S. 500 (1988). State law which imposes liability

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

for design defects in military equipment is displaced where the United States approved reasonably precise specifications; the equipment conformed to those specifications; and the supplier warned the United States about the dangers in the use of the equipment known to the supplier but not to the United States.

34.     If Plaintiff and any other party and/or its insurer enter into a contract pursuant to Mo. Rev. Stat. §§537.060 and 537.065 to levy execution, by garnishment or otherwise, against specific assets of that party and/or its insurer, then this Defendant should be entitled to a set-off of any verdict for the entire amount of such levy or garnishment and final judgment shall not be entered until all such set-offs are applied.

35.     Defendant owed no duty to Plaintiff.

36.     Plaintiff was not an ordinary or foreseeable user of asbestos-containing products attributable to this Defendant, and therefore, there was no duty for this Defendant to warn Plaintiff of any potential hazards.

37.     Defendant denies all allegations not expressly and specifically admitted.

WHEREFORE, Defendant prays for judgment in its favor on all Counts of Plaintiffs' Petition, for its costs, and for all other relief which the Court deems just and necessary.

Respectfully submitted,

*/s/ Dillon B. Williams*
Nathan A. Lindsey          MO # 64992
Dillon B. Williams          MO # 73436
RASMUSSEN DICKEY MOORE, LLC
10 S. Broadway, Suite 1520
St. Louis, Missouri 63102
Telephone: (314) 768-3770
Fax: (314) 768-3775
nlindsey@rdm.law
dwilliams@rdm.law
**Attorneys for Defendant Cummins Inc.**

Page **19** of 18
2022-CC00226

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2022, this document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel who have entered their appearance in this matter.


*/s/ Dillon B. Williams*
**Attorney for Defendant Cummins Inc.**

Electronically Filed - City of St. Louis - March 14, 2022 - 02:06 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER,** | ) | |
| **his wife,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No: 2222-CC00226** |
| | ) | |
| **v.** | ) | **Division 1** |
| | ) | **(Asbestos)** |
| **A.W. CHESTERTON COMPANY,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

<u>**ENTRY OF APPEARANCE**</u>

COME NOW Nathan A. Lindsey of Rasmussen Dickey Moore, LLC, and hereby enters his appearance as counsel of record for Defendant Cummins, Inc. in the above-referenced matter.

Respectfully submitted,

*/s/ Nathan A. Lindsey*
Nathan A. Lindsey        MO # 64992
RASMUSSEN DICKEY MOORE, LLC
1001 East 101st Terrace, Suite 300
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Facsimile: (816) 960-1669
nlindsey@rdm.law
**Attorneys for Defendant**
**Cummins, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 14th day of March, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel who have entered an appearance in this matter.

*/s/ Nathan A. Lindsey*
**Attorney for Defendant**
**Cummins, Inc.**

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER,** | ) | |
| **his wife,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No: 2222-CC00226** |
| | ) | |
| **v.** | ) | **Division 1** |
| | ) | **(Asbestos)** |
| **A.W. CHESTERTON COMPANY,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

**ENTRY OF APPEARANCE**

COME NOW Dillon B. Williams of Rasmussen Dickey Moore, LLC, and hereby enters his appearance as counsel of record for Defendant Cummins, Inc. in the above-referenced matter.

Respectfully submitted,

*/s/ Dillon B. Williams*
Nathan A. Lindsey        MO # 64992
Dillon B. Williams        MO # 73436
RASMUSSEN DICKEY MOORE, LLC
1001 East 101st Terrace, Suite 300
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Facsimile: (816) 960-1669
nlindsey@rdm.law
dwilliams@rdm.law
**Attorneys for Defendant**
**Cummins, Inc.**

Electronically Filed - City of St. Louis - March 14, 2022 - 02:03 PM

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of March, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel who have entered an appearance in this matter.

                         */s/ Dillon B. Williams*
                         **Attorney for Defendant**
                         **Cummins, Inc.**

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER,** | ) | |
| **his wife,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No: 2222-CC00226** |
| | ) | |
| **v.** | ) | **Division 1** |
| | ) | **(Asbestos)** |
| **A.W. CHESTERTON COMPANY,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## DEFENDANT CUMMINS INC.'S MOTION TO DISMISS PLAINTIFFS' PETITION FOR FAILURE TO ESTABLISH PERSONAL JURISDICTION

Defendant, Cummins Inc. ("Cummins"), pursuant to Missouri Rule of Civil Procedure 55.27(a)(2), moves this Court to dismiss Plaintiffs' Petition because this Court does not have personal jurisdiction over Cummins. First, Plaintiffs have failed to plead any injury relating to Cummins' products or otherwise, in the state of Missouri. Second, Plaintiffs have failed to establish that Cummins, an Indiana corporation with a principal place of business in Indiana, has the requisite minimum contacts in Missouri to meet the requirements of the Missouri long-arm statute. Third, Plaintiffs have failed to establish sufficient minimum contacts by Cummins to meet the requirements of Due Process.

In support of its motion, Cummins states as follows:

## I.        BACKGROUND

David Butler and Kathy Butler filed this Petition against numerous defendants, including nonresident defendant Cummins on February 8, 2022, alleging Mr. Butler ("Plaintiff") developed an asbestos-related disease due to alleged exposures to asbestos from products manufactured, distributed, or sold by the various named defendants. (*See generally* Plaintiffs' Petition, attached

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

as **Exhibit A**.) Plaintiffs' Petition only alleges generally that he was exposed to asbestos through work occurring in "various locations throughout the United States, including, but not limited to, locations in the State of Missouri." *Id*. at ¶ 2.

Yet, Plaintiffs seek to bring Cummins, an Indiana corporation, under the jurisdiction of this Missouri court by alleging that, "Each Defendant is amenable to suit in the State of Missouri by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." (*See* Plaintiffs' Petition ¶ 11, *see also* Affidavit of Dr. Stephen Charlton, attached as **Exhibit B**.)

However, it is well-established that merely having a product in the stream of commerce is not enough to subject a defendant to jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011). The stream of commerce theory does not amend the general rule of personal jurisdiction. To establish specific personal jurisdiction under the "stream of commerce" theory, Plaintiffs have to show—at a minimum—Cummins delivered products into a stream of commerce … "with the awareness or expectation that some of the products will be purchased in [Missouri]." *Id; Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 117 (1987). Plaintiffs have not, and cannot, meet this burden, because there is no evidence of Mr. Butler coming into contact with a Cummins product in Missouri.

Additionally, any attempt by Plaintiffs to claim jurisdiction under the Missouri registration statute fails because the Missouri Supreme Court has unequivocally held that maintaining a registered agent in Missouri is not sufficient to confer personal jurisdiction over a nonresident corporation. *State ex rel. Norfolk Southern Rwy Co.*, No. SC95514.

More importantly, Plaintiffs have also failed to plead sufficient minimum contacts by Cummins to meet Plaintiffs' burden of proving the applicability of the Missouri long-arm statute

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

and the existence of sufficient minimum contacts, to meet the due process clause requirements. Accordingly, this Missouri court does not have personal jurisdiction over Cummins.

## II.  PLAINTIFFS' CLAIMS AGAINST CUMMINS MUST BE DISMISSED BECAUSE MISSOURI LACKS PERSONAL JURISDICTION OVER CUMMINS.

After a defendant files a motion to dismiss, the plaintiff bears the burden of making a prima facie case of personal jurisdiction.  *See Bryant v. Smith Interior Design Group*, 310 S.W. 3d 227, 231 (Mo. 2010); *Hollinger v. Sifers*, 122 S.W.3d 112, 11 (Mo. App. 2003). To establish jurisdiction over a non-resident defendant in Missouri, a plaintiff must demonstrate that: (1) the suit arises out of activities enumerated in Missouri's long-arm statute; and (2) defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over the defendant comports with due process. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1 (Mo. 1997).

### A.  __Plaintiffs have failed to plead or prove sufficient minimum contacts by Cummins to meet the requirements of Missouri's long-arm statute.__

Missouri's long-arm statute, Mo. Rev. Stat. 506.500, reads in pertinent part:

> "[A]ny corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

> 1. The transaction of any business in this state;
> 2. The making of any contract in this state;
> 3. The commission of a tortious act within this state;
> 4. The ownership, use or possession of any real estate situated in this state;
> 5. The contracting to insure any person, property or risk located within this state at the time of contracting;
> 6. Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

To demonstrate that the cause of action "arose out of" an activity covered by the long-arm statute, Plaintiff must make a *prima facie* showing of the validity of its claim by proving that the acts contemplated by the statute took place or caused actionable consequences in Missouri. *See Hollinger* at 116; *Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364, 370 (Mo. Ct. App. W.D. 2010). For specific personal jurisdiction, the plaintiff must prove "that acts contemplated by the statute took place within the state." *Hollinger* at 116 (quote omitted). Plaintiffs have failed to demonstrate that Cummins has engaged in any of the acts contemplated by the statute, let alone that the acts took place or caused actionable consequences in Missouri. Accordingly, Plaintiffs have not established the applicability of the Missouri long-arm statute.

**B**.    **Plaintiffs have failed to plead or prove sufficient minimum contacts by Cummins to meet the requirements of Due Process.**

Even if Plaintiffs could establish that Cummins engaged in an act enumerated by the statute—which Plaintiffs have not—Plaintiffs have not and cannot establish that the contacts between Cummins and the State of Missouri are sufficient to satisfy the strict contours of the Due Process Clause. The Fourteenth Amendment's Due Process Clause bars Missouri courts from exercising personal jurisdiction over a defendant where to do so offends "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotations and citations omitted). Accordingly, absent one of the traditional territorial bases of personal jurisdiction—presence, domicile or consent—a court may assert personal jurisdiction over a defendant only if certain minimum contacts between Missouri and the defendant are established. *Bryant v. Smith Interior Design Grp., Inc*., 310 S.W.3d 227, 232 (Mo. 2010). The contacts with the state must be such that the nonresident defendant "reasonably anticipate[s] being hauled into court" in the forum state, however "the act must be purposeful, not random or fortuitous or . . . attenuated contact, or the unilateral activity of another party or a third

person." *N. Am. Van Lines, Inc. v. A. Colonial Moving & Storage Co.*, 291 F. Supp. 2d 799, 803 (N.D. Ind. 2003) citing *Burger King Corp*., 471 U.S. at 476–77.

      Jurisdiction over a nonresident defendant may be premised upon "general" or "specific" jurisdiction. *Davis v. Baylor University*, 976 S.W.2d 5, 7 (Mo. App. W.D. 1998). General personal jurisdiction exists if a nonresident defendant's contacts with the State are "so continuous and systematic as to render them essentially at home in the forum State." *Id.* By contrast, a court acquires specific jurisdiction over a nonresident defendant when the court "exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Bryant, 310 S.W.3d at 232; *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997); *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

      Regardless of the "type" (i.e., general or specific) of personal jurisdiction, in the case at hand, Plaintiffs have failed to plead, much less prove, sufficient minimum contacts by Cummins to meet his burden of proving that exercising jurisdiction over Cummins in Missouri would comport with the requirements of the due process clause.

      **1.**   <u>**General personal jurisdiction does not exist over Cummins in Missouri.**</u>

      "Only a limited set of *affiliations* with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG*, 134 S. Ct. at 760 (2014) (emphasis added); *see also Goodyear Dunlop Tires Operations, S.A.,* 134 S. Ct. at 2851 (reestablishing the "high threshold" showing required for general jurisdiction over a nonresident corporation). To date, the Supreme Court has identified only two places where a defendant is "essentially at home" such that the exercise of general personal jurisdiction is appropriate: the state of the corporation's principal place of business and the state of its incorporation. *Id.* at 761. Only in an "exceptional case" will general

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

jurisdiction be appropriate to show that the defendant was "essentially at home" in a state other than where the defendant is domiciled. *Id.*

More recently, the U.S. Supreme Court held that "a corporation that operates in many places can scarcely be deemed at home in all of them." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017). In *BNSF,* the court held that although BNSF maintained over 2,000 miles of railroad track and more than 2,000 employees in Montana, general jurisdiction over BNSF, nonresident defendant, did not exist in Montana because it was not incorporated or headquartered in Montana and its activity in Montana, compared to its activity in other states, was not substantial enough to render it at home in the state. *Id.* at 1559. The court did not address specific jurisdiction because the claims did not arise out of BNSF's activity in Montana. *Id.*

Furthermore, in *Bristol-Myers Squibb Co.* the U.S. Supreme Court reiterated: "[a] corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amendable to suits unrelated to that activity." 137 S. Ct. at 1781 (internal quotations omitted). *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, et al.*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017). Although Bristol-Myers Squibb ("BMS"), a nonresident manufacturer of Plavix (blood thinning drugs), generated revenue in the amount of $900 million in California, the Court found this only constituted a small percentage of BMS' total nationwide revenues and Plaintiffs' claims were not related to BMS' activities in California. *Id.* at 1781. Accordingly, the U.S. Supreme Court held the California state courts lacked personal jurisdiction over BMS. *Id.*

Moreover, in *State ex rel. Norfolk Southern Rwy Co.,* the Missouri Supreme Court noted that general jurisdiction may only be found when a corporation's contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state. *State ex rel.*

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

*Norfolk Southern Rwy Co.*, No. SC95514. Notably, the Court found that substantial and continuous business conducted by a defendant in the State of Missouri was not sufficient to meet that exceptional case standard. *Id.*

Further, the Court unequivocally rejected plaintiff's theory of consent to jurisdiction by registration, stating that Missouri's registration statute "does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* at 18.

More importantly, 22nd Circuit Judge Robert Dierker artfully described the change in case law in his October 31, 2017 Order granting defendant, Genuine Parts Company's Motion for Lack of Personal Jurisdiction, under similar circumstances, in another case filed in the City of St. Louis. (Order in *Moore v. ABB Inc., et al.*, 1722-CC00708, October 31, 2017, attached as **Exhibit C**.) Judge Dierker stated:

> Both the Supreme Court of Missouri and the Supreme Court of the United States have refined the jurisdiction analysis in claims prosecuted by out-of-state plaintiffs against defendants whose conduct with regard to the plaintiff has no connection with the plaintiff's selected forum….*[i]n brief, a state court does not have specific or general personal jurisdiction over an action by a plaintiff, who was and is not a resident nor inured in the state, against a nonresident corporation which is not incorporated in or has its principal place of business in the state*.

*Id.*

Nonresident Cummins, like Genuine Parts Company, is not at home in Missouri. (*See* Exhibit C.) Rather, Cummins is incorporated in the State of Indiana with its corporate headquarters located in Indiana. *Id.* Cummins' attenuated presence in Missouri is only through its distributors, through which it administers warranties, provides genuine service parts, and offers various forms of diesel engine service to its customers. *Id.* Currently, Cummins has approximately 185 employees employed through its distribution network in Missouri, which only amounts to

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

approximately .3% of Cummins' total number of employees worldwide. *Id.* These minimal contacts are entirely insufficient to render Cummins "essentially at home" in Missouri, much less demonstrate the type of exceptional case in which this Court could exercise general personal jurisdiction over a nonresident corporation for conduct having no relation to the state of Missouri. *BNSF Ry. Co.*, 137 S. Ct. 1549, 198 L. Ed. 2d at 36 ("a corporation that operates in many places can scarcely by deemed at home in all of them."). Accordingly, as with Genuine Parts Company, Plaintiffs, who have not properly pled any injury in Missouri, have not and cannot establish general jurisdiction over Cummins, a corporation at home in Indiana. Thus, Cummins should also be dismissed from this case.

### 2.    Specific jurisdiction does not exist as to Cummins.

A court acquires specific jurisdiction over a nonresident defendant when the court "exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Bryant*, 310 S.W.3d at 232. In *Norfolk*, the Missouri Supreme Court held that the circuit court did not have specific jurisdiction over the defendant, because even though Norfolk owned and operated railroad tracks in Missouri, the personal injury action arose out of injuries sustained on defendant's railroad tracks in Indiana; not Missouri. *State ex rel. Norfolk Southern Rwy Co.*, No. SC95514.

Similarly, Plaintiffs make no factual allegations of exposure to asbestos or injury from a Cummins product in Missouri or arising out of Cummins' activities in Missouri. (*See* Exhibit A.) Instead, Plaintiffs only generally allege exposure to asbestos in "various locations throughout the United States, including, but not limited to, locations in the State of Missouri." (*See* Exhibit A at ¶ 7, 11.) Cummins manufactures diesel engines, parts, and related products in states other than Missouri. (*See* Exhibit B.)   Further, Cummins does not have any manufacturing facilities in

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

Missouri. *Id*. Cummins' operations in Missouri are, and have been, limited to its activities by its authorized distributors. *Id.* Plaintiffs have not alleged that his alleged injury is the result of, or in any sense related to, Cummins' distributors' activities in Missouri; nor can he. *Id.* Thus, as with Genuine Parts Company, there are no allegations relating to any conduct or product of Cummins in the state of Missouri giving rise to Plaintiff' claims. Plaintiffs have failed to establish specific personal jurisdiction over Cummins in Missouri. *Id*. Under the facts and circumstances of this case, subjecting Cummins to personal jurisdiction in Missouri would violate due process clause protections. Thus, dismissal for lack of personal jurisdiction is warranted.

> **3.**   **Jurisdictional Discovery Would be Improper Where Plaintiffs have Not Established a Colorable or Prima Facie Showing of Personal Jurisdiction.**

Plaintiffs have not yet sought leave to conduct jurisdictional discovery in this matter. Nevertheless, if Plaintiff does seek leave, it would be improper as Plaintiffs have failed to provide any factual support for the need for such discovery because only legal conclusions regarding jurisdiction have been alleged in the Petition. Thus, any request by Plaintiff for jurisdictional discovery must be denied.

It is inherent that, "In order to be entitled to discovery, plaintiff is required to have alleged facts in the petition which, if true, establish jurisdiction." *Mello v. Giliberto*, 73. S.W.3d 669, 673 (Mo. App. 2002) (citing *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 893 (Mo. banc 1970)). Here, Plaintiffs have only alleged legal conclusions in the petition to establish jurisdiction, and facts in this case have not born out any reason why this Missouri court would have specific jurisdiction over Cummins in relation to exposures to asbestos occurring in Missouri. All facts point to a lack of personal jurisdiction in this case as Plaintiffs are not residents of Missouri, Cummins is an Indiana corporation with its principal place of business in Indiana, and none of Cummins' conduct as alleged in Plaintiffs' Petition gave rise to an alleged injury in Missouri. As

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

such, this Court should deny any request by Plaintiff for jurisdictional discovery related to either general or specific jurisdiction until a factual showing has been made for why such discovery is warranted.

## III.    CONCLUSION

For the above stated reasons, this Court should dismiss all claims against Cummins Inc. for lack of personal jurisdiction and grant such further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Dillon B. Williams*
Nathan A. Lindsey        MO # 64992
Dillon B. Williams        MO # 73436
RASMUSSEN DICKEY MOORE, LLC
10 S. Broadway, Suite 1520
St. Louis, Missouri 63102
Telephone: (314) 768-3770
Fax: (314) 768-3775
nlindsey@rdm.law
dwilliams@rdm.law
**Attorneys for Defendant Cummins Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2022, this document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel who have entered their appearance in this matter.

*/s/ Dillon B. Williams*
**Attorney for Defendant Cummins Inc.**

2222-CC00226

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No. _____ |
| | ) | |
| v. | ) | |
| | ) | PERSONAL INJURY |
| A.W. CHESTERTON COMPANY, | ) | |
| ALLIED PAINT & WALLPAPER COMPANY, INC., | ) | PRODUCTS LIABILITY |
| BRAND INSULATIONS, INC., | ) | |
| BWDAC INC., f/k/a BWD AUTOMOTIVE | ) | JURY TRIAL DEMANDED |
|   CORPORATION, | ) | |
| CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., | ) | |
| CASE NEW HOLLAND INDUSTRIAL, INC., | ) | |
| CATERPILLAR INC., | ) | |
| CBS CORPORATION, a Delaware corporation f/k/a | ) | |
|   VIACOM INC. successor-by-merger to CBS | ) | |
|   CORPORATION, a Pennsylvania corporation f/k/a | ) | |
|   WESTINGHOUSE ELECTRIC CORPORATION, | ) | |
| CLEAVER-BROOKS, INC., | ) | |
| CNH INDUSTRIAL AMERICA LLC, | ) | |
| CRANE CO., | ) | |
| CROWN CORK & SEAL COMPANY, INC., | ) | |
| CUMMINS, INC., | ) | |
| DAIMLER TRUCKS NORTH AMERICA LLC, | ) | |
| DEERE & COMPANY, | ) | |
| EATON CORPORATION, | ) | |
| FORD MOTOR COMPANY, | ) | |
| FOSTER WHEELER ENERGY CORPORATION, | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| GENERAL GASKET CORPORATION, | ) | |
| HERCULES, LLC, | ) | |
| INDUSTRIAL HOLDINGS CORPORATION f/k/a THE | ) | |
|   CARBORUNDUM COMPANY, | ) | |
| J.P. BUSHNELL PACKING, | ) | |
| JOHN CRANE, INC., | ) | |
| KELLY MOORE PAINT COMPANY INC., | ) | |
| MACK TRUCKS INC., | ) | |
| MCKESSON CORPORATION, | ) | |
| MISSOURI DRYWALL SUPPLY INC., | ) | |
| MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC | ) | |
|   LLC, and Successor-by-Merger to BORG-WARNER | ) | |

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

```
  CORPORATION,                                   )
NAVISTAR INC.,                                   )
PACCAR INC.,                                     )
PNEUMO ABEX LLC, successor-in-interest to ABEX   )
  CORPORATION, f/k/a PNEUMO ABEX                 )
  CORPORATION,                                   )
RILEY STOKER CORPORATION,                        )
UNION CARBIDE CORPORATION,                       )
VOLVO GROUP NORTH AMERICA INC.,                  )
WESTERN AUTO SUPPLY COMPANY,                     )
                                                 )
             Defendants.                         )
```

## PETITION

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY

CONROY, for their cause of action state:

### Jurisdiction, Venue and General Allegations

1.      Petitioners David Butler and Kathy Butler are residents of the State of Washington.

Petitioner Kathy Butler is married to Petitioner David Butler.

2.      Petitioner David Butler was employed, at relevant times, from 1978 to 2018 as a

laborer, roofer, mechanic, and business owner/operator at various locations throughout the United

States, including, but not limited to, locations in the State of Missouri.

3.      The following Defendants and each of them are jointly and severally liable in that

they contributed to causing Petitioner David Butler's injuries:

> Defendant, A.W. CHESTERTON COMPANY, is a corporation
> doing business in the State of Missouri. Defendant corporation
> does not maintain a registered agent in Missouri, although it
> and/or its predecessors in interest have conducted substantial
> business in Missouri. Said corporation may be served pursuant to
> the Missouri Long-Arm Statute through its registered agent C.T.
> Corporation System, 208 South LaSalle Street, 17th Floor, Suite
> 814, Chicago, IL 60604.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

Defendant, ALLIED PAINT & WALLPAPER COMPANY, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent, 3100 South Glenn, Springfield, MO 65807.

Defendant, BRAND INSULATIONS, INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation System, 208 South LaSalle Street, 17th Floor, Suite 814, Chicago, IL 60604.

Defendant, BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

Defendant, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent United Agent Group Inc., 12747 Olive Boulevard, #300, Saint Louis, MO 63141.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

Defendant, CASE NEW HOLLAND INDUSTRIAL, INC., is a
corporation doing business in the State of Missouri. Said
corporation may be served through its registered agent C.T.
Corporation System, 120 South Central Avenue, Clayton, MO
63105.

Defendant, CATERPILLAR INC., is a corporation doing business
in the State of Missouri. Said corporation may be served through
its registered agent CSC-Lawyers Incorporating Service
Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CBS CORPORATION, a Delaware corporation f/k/a
VIACOM INC. successor-by-merger to CBS CORPORATION, a
Pennsylvania corporation f/k/a WESTINGHOUSE ELECTRIC
CORPORATION, is a corporation doing business in the State of
Missouri. Said corporation may be served through its registered
agent Prentice-Hall Corporation System, 221 Bolivar Street,
Jefferson City, MO 65101.

Defendant, CLEAVER-BROOKS, INC., is a corporation doing
business in the State of Missouri. Said corporation may be served
through its registered agent CSC- Lawyers Incorporating Service
Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CNH INDUSTRIAL AMERICA LLC, is a
corporation doing business in the State of Missouri. Said
corporation may be served through its registered agent C.T.
Corporation System, 120 South Central Avenue, Clayton, MO
63105.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM'M

Defendant, CRANE CO., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, CROWN CORK & SEAL COMPANY, INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, 5555 W. 115th Street, Extension #5550, Alsip, IL 60803.

Defendant, CUMMINS, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, DAIMLER TRUCKS NORTH AMERICA LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, DEERE & COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, EATON CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/PM

through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, FORD MOTOR COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent The Corporation Company, 120 South Central Avenue, Clayton, MO 63105.

Defendant, FOSTER WHEELER ENERGY CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent c/o United Agent Group, Inc., 12747 Olive Boulevard, #300, St. Louis, MO 63141.

Defendant, GENERAL ELECTRIC COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, GENERAL GASKET CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Agent: A.J. Bronsky of Brown & James, 800 Market Street, Suite 1100, St. Louis, MO 63101.

Defendant, HERCULES, LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent Maron & Marvel, P.A., 1201 North Market Street, Wilmington, DE 19801-1147.

Defendant, J.P. BUSHNELL PACKING, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Registered Agent: Dennis Sullivan, Justin Sullivan, Mark Monroe or Jayne McDonald, 3041 Locust Street, St. Louis, MO 63103.

Defendant, JOHN CRANE, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, KELLY MOORE PAINT COMPANY INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, 987 Commercial Street, San Carlos, CA 94070.

Defendant, MACK TRUCKS INC., is a corporation doing business in the State of Missouri. Said corporation may be served

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/PM

through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, MCKESSON CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, MISSOURI DRYWALL SUPPLY INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation Trust Company, 1209 N. Orange Street, Wilmington, DE 19801-1120.

Defendant, NAVISTAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, PACCAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent Prentice-Hall Corporation System, 251 Little Falls Drive, Wilmington, DE 19801.

Defendant, RILEY STOKER CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, UNION CARBIDE CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, VOLVO GROUP NORTH AMERICA INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

Defendant, WESTERN AUTO SUPPLY COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent National Registered Agents, Inc., 120 South Central Avenue, Suite 400, Clayton, MO 63105.

4.    A.W. CHESTERTON COMPANY, ALLIED PAINT & WALLPAPER COMPANY, INC., BRAND INSULATIONS, INC., BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., CASE NEW HOLLAND INDUSTRIAL, INC., CATERPILLAR INC., CBS CORPORATION, a Delaware corporation f/k/a VIACOM INC. successor-by-merger to CBS CORPORATION, a Pennsylvania corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, CLEAVER-BROOKS, INC., CNH INDUSTRIAL AMERICA LLC, CRANE CO., CROWN CORK & SEAL COMPANY, INC., CUMMINS, INC., DAIMLER TRUCKS NORTH AMERICA LLC, DEERE & COMPANY, EATON CORPORATION , FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GENERAL GASKET CORPORATION, HERCULES, LLC, INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY, J.P. BUSHNELL PACKING, JOHN CRANE, INC., KELLY MOORE PAINT COMPANY INC., MACK TRUCKS INC., MCKESSON CORPORATION, MISSOURI DRYWALL SUPPLY INC., MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION, NAVISTAR INC., PACCAR INC., PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION , RILEY STOKER CORPORATION, UNION CARBIDE CORPORATION, VOLVO GROUP NORTH AMERICA INC., WESTERN AUTO SUPPLY COMPANY, the above Defendants and each of them, at all relevant times directly, and/or

indirectly by exercising control over others doing so, mined, manufactured, sold, distributed, marketed, specified, designed, promoted, licensed, installed, removed and/or otherwise used asbestos and asbestos-containing materials and products, including but not limited to manufacturing, assembling, selling, distributing, marketing, designing, promoting, licensing, leasing and supplying for business purposes, installing, removing, maintaining, repairing and otherwise using equipment (including vehicles), chattels, instrumentalities, procedures, and/or technologies which included, specified, recommended, and/or required asbestos-containing materials / products as parts, components and/or appurtenances.

5.      Said Defendants and each of them also specified, manufactured, sold, distributed, marketed, promoted and otherwise provided asbestos-containing replacement / aftermarket parts, components and appurtenances used on, in and with the aforesaid equipment.

6.      General jurisdiction is proper because Defendants and each of them are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, and have systematically conducted and continue to conduct operations in Missouri of a quantity and quality relative to the overall business of each of them that Defendants and each of them are deemed "at home" in Missouri.

7.      Specific jurisdiction is proper because, as to Defendants and each of them, a portion of the acts, omissions and events leading to and giving rise to Plaintiff's exposure to each Defendant's asbestos-containing materials / products occurred in and/or through Missouri including, but not limited to: the manufacture, fabrication, assembly and/or production of asbestos-containing materials / products or components thereof to which Plaintiff was exposed; the purchase, acquisition, distribution, delivery, sale and/or resale of asbestos-containing materials / products or components thereof to which Plaintiff was exposed; the development, design, testing

and/or test marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; the conducting of health / hygiene studies, surveys, tests relating to the health effects and hazards of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; and/or decision-making regarding the production and marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed.

8.     During portions of the course of said employment / From 1986 to 1991, Petitioner David Butler worked with and around the above-described materials, products, equipment, conditions and activities and was thereby exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers from said sources.

9.     Petitioner was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991.

10.     Petitioner's exposure to the materials, products, equipment, activities and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout Petitioner's entire career or life as to any particular Defendant.

11.     Each and every Defendant is amenable to suit in the State of Missouri by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri.

12.     Venue is proper in the City of St. Louis, Missouri, pursuant to Missouri Revised Statutes 508.010 because Petitioner David Butler was first exposed to asbestos outside the State of Missouri and one or more of the named Defendants maintains a registered agent in the City of St. Louis.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

13.    Petitioner's exposure to said asbestos was foreseeable and could or should have been anticipated by all Defendants and each of them.

14.    Defendants and each of them knew or should have known: that asbestos is toxic, poisonous and has a deleterious effect on the health of persons exposed thereto; and, that exposure to asbestos posed an unreasonable risk of harm to Petitioner David Butler and others similarly situated. Defendants and each of them possessed specific and superior knowledge concerning the hazards of asbestos including, but not limited to, that persons exposed to asbestos would inevitably be harmed in some manner.

15.    Petitioner and his immediate employer did not know and had no reasonable way to know or realize the risks of being exposed to asbestos and/or the various ways and places in which asbestos was being used by Defendants and each of them.  Defendants and each of them should have anticipated that Petitioner and his immediate employer did not know and would not discover or realize the same.

16.    During times relevant hereto, adequate substitutes for asbestos and for asbestos-containing materials / products, parts and components were available, and Defendants and each of them knew or should have known of said availability. At all times relevant hereto, Defendants and each of them had feasible means by which to convey warnings, hazard communications and other necessary health-related information to those using and/or working with and/or around the above-described materials, products, equipment, conditions and activities.

17.    As a direct and proximate result of the above-described cumulative exposure to asbestos, Petitioner David Butler contracted and suffers from asbestos-related diseases, including but not limited to Pleural Mesothelioma. Petitioner first became aware that of said disease(s) on or about July 20, 2017, and subsequently became aware that the same was wrongfully caused.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/PM

18.     As a direct and proximate result thereof: Petitioner David Butler has been disabled, disfigured and impaired in the enjoyment of recreational/life activities; Petitioner has incurred and will incur in the future necessary expenses for hospital, medical and other health care services; Petitioner has incurred and will incur in the future necessary expenses for household labor and tasks that Petitioner can no longer perform; Petitioner has and will in the future experience physical pain and mental and emotional suffering; Petitioner has been and will be hindered from pursuing employment, resulting in the loss of past and future income, wages, benefits and pension rights.

### Count I – Negligence
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants described in paragraph 3 of the general allegations states:

1.     Petitioner herein incorporates by reference the General Allegations of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.     At all times relevant hereto, said materials, products and equipment were being employed in the manner and for the purposes for which they were intended. Specifically, Defendants and each of them intended, knew and/or should have known: that asbestos-containing parts and components would require periodic replacement; that other asbestos-containing materials and products would be used on and/or with said equipment / vehicles / technologies; and, that said equipment / vehicles / technologies would require regular and periodic servicing, maintenance and repairs.

3.     Defendants and each of them knew or should have known that said use, servicing, maintenance and repair would involve the disturbance of asbestos-containing materials, products, components, parts and appurtenances, such that those performing such work and others in the

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

vicinity would be exposed to asbestos and asbestos fibers.

4.    Defendants and each of them issued, provided and disseminated specifications, catalogues, service manuals, parts lists, bulletins and like publications that gave instructions and directions for servicing, maintaining and repairing the aforesaid equipment. Defendants and each of them intended and/or foresaw that said publications would be used and relied upon by those performing such work and/or training others to do the same.

5.    At all times herein relevant, Defendants and each of them had a duty to exercise reasonable and ordinary care for the health, safety and well-being of Petitioner and others similarly situated who were working with and around the aforesaid materials, products and equipment including, but not limited to, a duty to warn / communicate foreseeable hazards arising in connection with any and all known and/or intended uses of the same.

6.    The Defendants and each of them breached said duties and were negligent in one or more of the following respects:

(a)    Designed, manufactured, sold, distributed, marketed, specified, promoted, licensed, installed, removed and/or otherwise used materials / products which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(b)    Designed, manufactured, sold, distributed, marketed, licensed, leased and supplied, installed, removed and/or otherwise used equipment / chattels / instrumentalities / technologies that included and/or specified parts and components which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(c)    Engaged in the aforesaid activities when adequate non-asbestos substitutes were available;

(d)    Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of asbestos-containing replacement parts / components for the above-described equipment / technologies;

(e)    Provided publications and instructions that directed individuals working on

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts, components and appurtenances in ways that would cause the liberation of asbestos fibers, thereby exposing themselves and others;

(f)     Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts and components without including any or adequate warnings / hazard communications and/or instructions as to less hazardous methods for working with and/or around asbestos materials, including specific instructions on how to prevent and/or reduce exposure to asbestos;

(g)     Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around the above-described materials / products / equipment of the presence of asbestos and/or the hazards associated therewith;

(h)     Otherwise failed to provide any or adequate instructions to persons working with and around the above-described materials / products / equipment concerning less hazardous methods of working with and around the same, including specific instructions on how to avoid and/or reduce exposure to asbestos;

(i)     Failed to provide adequate warnings / hazard communications and/or instructions regarding asbestos-related hazards that would foreseeably be encountered in the course of known and/or intended use, service, maintenance and repair of said materials / products / equipment including, but not limited to, those associated with other materials and products foreseeably disturbed in the ordinary and intended course of such work;

(j)     Failed to conduct tests to determine the hazards to which those working with and around their materials / products / equipment would be exposed and the nature and extent of such hazard;

(k)     Failed to disclose known and knowable information concerning the presence and uses of asbestos in and with the aforesaid materials / products / equipment and the hazards associated therewith;

(l)     Failed to warn as to and/or communicate the hazards of carrying asbestos fibers from work into homes, vehicles and living spaces shared with family and household members and/or advise of practices designed to prevent and/or reduce the same; and/or,

(m)     Failed to take adequate steps to remedy the above including, but not limited to: failing to recall or require / recommend removal or replacement of

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

asbestos and asbestos materials/ products / parts / components; failing to provide any or adequate post-sale warnings / hazard communications and/or instruction; and, failing to replace, recall, revise and/or edit inadequate publications and instructions.

7.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count II – Willful / wanton misconduct
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants from Count I, states:

1.     Petitioner herein incorporates by reference the General Allegations and paragraphs Two (2) through Four (4) of Count I of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.     The Defendants and each of them had a duty to refrain from willful and wanton acts, omissions and/or misconduct which would foreseeably expose Petitioner to an unreasonable risk of harm.

3.     Defendants and each of them breached said duties and committed one or more of the following acts or omissions amounting to willful and wanton misconduct, in that they intentionally or with reckless disregard for the health, safety and well-being of Petitioner and

others similarly situated:

(a) Designed, manufactured, sold, distributed, marketed, specified, promoted, licensed, installed, removed and/or otherwise used materials / products which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(b) Designed, manufactured, sold, distributed, marketed, licensed, leased and supplied, installed, removed and/or otherwise used equipment / chattels / instrumentalities / technologies that included and/or specified parts and components which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(c) Engaged in the aforesaid activities when adequate non-asbestos substitutes were available;

(d) Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of asbestos-containing replacement parts / components for the above-described equipment / technologies;

(e) Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts, components and appurtenances in ways that would cause the liberation of asbestos fibers, thereby exposing themselves and others;

(f) Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts and components without including any or adequate warnings / hazard communications and/or instructions as to less hazardous methods for working with and/or around asbestos materials, including specific instructions on how to prevent and/or reduce exposure to asbestos;

(g) Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around the above-described materials / products / equipment of the presence of asbestos and/or the hazards associated therewith;

(h) Otherwise failed to provide any or adequate instructions to persons working with and around the above-described materials / products / equipment concerning less hazardous methods of working with and around the same, including specific instructions on how to avoid and/or reduce exposure to asbestos;

(i)     Failed to provide adequate warnings / hazard communications and/or instructions regarding asbestos-related hazards that would foreseeably be encountered in the course of known and/or intended use, service, maintenance and repair of said materials / products / equipment including, but not limited to, those associated with other materials and products foreseeably disturbed in the ordinary and intended course of such work;

(j)     Failed to conduct tests to determine the hazards to which those working with and around their materials / products / equipment would be exposed and the nature and extent of such hazard;

(k)     Failed to disclose known and knowable information concerning the presence and uses of asbestos in and with the aforesaid materials / products / equipment and the hazards associated therewith;

(l)     Failed to warn as to and/or communicate the hazards of carrying asbestos fibers from work into homes, vehicles and living spaces shared with family and household members and/or advise of practices designed to prevent and/or reduce the same; and/or,

(m)    Failed to take adequate steps to remedy the above including, but not limited to: failing to recall or require / recommend removal or replacement of asbestos and asbestos materials / products / parts / components; failing to provide any or adequate post-sale warnings / hazard communications and/or instruction; and, failing to replace, recall, revise and/or edit inadequate publications and instructions.

4.      As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions on the part of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

5.      An award of punitive damages is necessary and appropriate to punish Defendants and each of them for their willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant(s) and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/PM

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/PM

and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages separately as to Defendants and each of them.

### Count III – Strict Liability
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants from Count I, states:

1.    Petitioner herein incorporates by reference the General Allegations and paragraphs Two (2) through Four (4) of Count I of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.    Said materials / products / equipment were in a defective and unreasonably dangerous condition at the time they left the control of the Defendants and each of them in that: (a) they contained and incorporated asbestos, a hazardous / carcinogenic substance, in a manner that said asbestos would be liberated and inhaled by end-users; (b) they were designed and intended to be used with materials and products that contained and incorporated asbestos, a hazardous / carcinogenic substance, such that the regular, expected and intended use of Defendants' materials / products / equipment would cause asbestos to be liberated and inhaled by end-users; (c) they were not accompanied by any warnings or instructions regarding the asbestos hazards associated with the regular, expected and intended use of said materials / products / equipment and/or any such warning or instructions were not adequate.

3.    Said materials / products / equipment reached the end-users and the point of Petitioner's exposure in substantially the same condition as when they left the control of the Defendants and each of them. At all relevant times, said materials / products / equipment were

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

used in the manners and environments anticipated, expected and intended by Defendants and each of them, and which were reasonably foreseeable to Defendants and each of them.

4.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous and defective conditions of the materials / products / equipment of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count IV – Negligence
### (loss of consortium)

Petitioner Kathy Butler by her attorneys, SIMMONS HANLY CONROY, for her cause of action against all Defendants named herein, states:

1.    Petitioner herein incorporates by reference the General Allegations and the factual allegations of Counts I-III of this Petition. This Count is brought against all Defendants named in said Counts.

2.    As a direct and proximate result of the negligent acts and omissions of Defendants and each of them, which caused Petitioner's spouse to develop the above stated asbestos-related disease and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

WHEREFORE, Petitioner Kathy Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count V – Willful / wanton misconduct
### (loss of consortium)

Petitioner Kathy Butler by her attorneys, SIMMONS HANLY CONROY, for her cause of action against all Defendants named herein, states:

1. Petitioner herein incorporates by reference the General Allegations and the factual allegations set forth in Counts I-III of this Petition. This Count is brought against all Defendants named in said Counts.

2. As a direct and proximate result of the willful, wanton, intentional and/or reckless acts and omissions of Defendants and each of them, which caused Petitioner's spouse to develop the above stated asbestos-related disease and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

3. An award of punitive damages is necessary and appropriate to punish Defendants and each of them for their willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant(s) and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner Kathy Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages separately as to Defendants and each of them.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

### Count VI – Negligence
### (spoliation of evidence)

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY CONROY, for their cause of action against all Defendants named herein, state:

1.      Petitioners incorporate by reference the General Allegations of this Petition. This Count is brought against all named Defendants.

2.      Prior to the commencement of this case, Defendants and each of them had in their respective possession, custody and control documents and information referring to, relating to and/or reflecting issues relevant to this case.

3.      Upon information and belief, said issues include, but are not limited to:  the identification of asbestos-containing materials / products to which Petitioner David Butler was exposed, the locations to, and at, which Defendants sold, distributed and applied asbestos-containing materials / products; the identity of the manufacturers and others in the distribution chain of said materials / products; and, Defendants' respective knowledge, notice and information regarding the hazards of asbestos and their acts and omissions in response thereof.

4.      It was foreseeable to a reasonable person/entity in the respective positions of Defendants and each of them that said documents and information included evidence which was material to pending and/or potential civil litigation involving asbestos. Said Defendants and each of them therefore had a duty to maintain and preserve said documents and information.

5.      Petitioners have sought, but been unable to obtain, full disclosure of said documents and information from Defendants and each of them, leading to the inference that Defendants and each of them destroyed and/or otherwise disposed of the same.

6.      Said Defendants and each of them thereby breached their duty to preserve said material evidence at a time when they and each of them knew or should have known that the same constituted material evidence in pending / potential civil litigation.

7.      As a direct and proximate result of said destruction and disposal of material evidence, Petitioners have been: prejudiced and impaired in proving claims against all potentially liable parties including, but not limited to, the Defendants named herein; thereby compelled to forego, dismiss and/or unfavorably compromise said claims against certain Defendants and/or potentially liable entities; and, thereby been caused to suffer damages in the form of lost or reduced compensation from other potentially liable parties, including certain Defendants name herein.

WHEREFORE, Petitioners David Butler and Kathy Butler pray judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

## Count VII – Willful / wanton misconduct
### (spoliation of evidence)

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY CONROY, for their cause of action against all Defendants named herein, state:

1.      Petitioners incorporate by reference the General Allegations of this Petition and paragraphs Two (2) through Five (5) of Count VI of this Petition. This Count is brought against all named Defendants.

2.      In destroying and disposing of said documents and information, which included evidence material to this case, said Defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM/M

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

3.    As a direct and proximate result of said intentional / reckless destruction and disposal of material evidence, Petitioners have been: prejudiced and impaired in proving claims against all potentially liable parties including, but not limited to, the Defendants named herein; thereby compelled to forego, dismiss and/or unfavorably compromise said claims against certain Defendants and/or potentially liable entities; and, thereby been caused to suffer damages in the form of lost or reduced compensation from other potentially liable parties, including certain Defendants name herein.

WHEREFORE, Petitioners David Butler and Kathy Butler pray judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

Respectfully Submitted,

David Butler and Kathy Butler, his wife, Petitioners

**SIMMONS HANLY CONROY**

By: /s/ John E. Richardson, Jr.
       John E. Richardson, Jr., #58561
       One Court Street
       Alton, IL  62002
       Phone: (618) 259-2222
       Fax: (618) 259-2251

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

**AFFIDAVIT OF DR. STEPHEN J. CHARLTON**

I, Dr. Stephen J. Charlton, being duly sworn, under oath, state as follows

1. My name is Stephen J. Charlton, and I make this declaration based on my personal knowledge, review of relevant documents, and conversations with others with knowledge.

2. I am the former Vice-Present and Chief Technical Officer of Engine Business for Cummins Inc ("Cummins"). Before my retirement, I was employed in various capacities at Cummins from 1993-2014. I am authorized to execute this affidavit on behalf of Cummins.

3. If called as a witness, I could and would testify competently to the matters set forth below

4. Cummins is incorporated under the laws of the State of Indiana. Cummins has never been incorporated in the State of Missouri.

5. Cummins' principal place of business is located in Indiana. Cummins does not maintain, and has never maintained, its principal place of business in the State of Missouri.

6. Cummins manufactures diesel engines, parts, and related products in states other than Missouri.

7. Cummins does not have any manufacturing facilities in Missouri

8. Cummins' operations in Missouri are, and have been, limited to activities by its authorized Distributors, detailed below.

9. Through its Distribution network, Cummins administers warranties, provides genuine service parts, and offers various forms of diesel engine service to its customers. Currently in Missouri there are approximately 185 employees employed in the Distribution network, which is approximately .3% of Cummins' total number of employees worldwide. Cummins does not employ any other individuals in Missouri.

Dated:       201

                                   Dr            J

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
) SS
COUNTY OF SAN DIEGO )

Before me, a Notary Public in and for said County and State, personally appeared Dr. Stephen J. Charlton, who affirmed under the penalties of perjury the truth of the foregoing matters.

Witness my hand and Notarial Seal this 13TH day of DECEMBER, 2017.

COMM #2168953
Notary Public    California
San
Oct.    2020    NRO1

Notary

GAB    RENE ME
Printed

My Commission Expires:                        My County of Residence

Oct. 22, 2020                                SAN DIEGO

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

ALAN EDWARD MOORE, et al.,          )
                                    )
          Plaintiffs,               )
                                    )      No. 1722-CC00708
vs.                                 )
                                    )      Division No.  18
ABB INC, et al.,                    )
                                    )
          Defendants.               )

## MEMORANDUM, ORDER AND JUDGMENT

The Court has before it Defendant Genuine Parts Company's
Motion to Dismiss for Lack of Personal Jurisdiction.

For many years, this Circuit, comprising the City of St.
Louis, has hosted asbestos litigation involving scores of
defendants and myriad plaintiffs. The 22nd Circuit Court
established a special ''asbestos docket,'' presided over initially
by Ryan, J., and later by this Court and other judges, to ensure
consistent and expeditious pretrial proceedings and prompt trials.
Although the special docket has been abandoned, counsel for
plaintiffs and defendants have in general maintained a very
cooperative, orderly and (for the court system) efficient practice
of prosecuting and defending the actions. Jurisdiction of these
claims was seldom questioned.

However, over the years, the character of the asbestos cases
in the Circuit has changed (from this Court's perspective anyway).
Gone are the plaintiffs who were exposed in the course of
construction or manufacturing work at sites in Missouri. In their
place, new generations of plaintiffs emerged, alleging exposure of
themselves or their decedents in a wide variety of settings,

Exhibit C

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

involving a range of products from floor or ceiling tile to brake linings. Many of these plaintiffs and the places where they were exposed to asbestos have or had little or no connection with Missouri.

Along with new generations of plaintiffs came a new lineup of defendants. Bankruptcy having claimed many if not most of the universe of defendants who manufactured or distributed asbestos insulation products, the new defendants included parties who utilized asbestos in the kinds of products mentioned above, and many others. The connection of the latter waves of litigation to Missouri has become much attenuated. Still, jurisdiction was usually conceded, primarily because most of the defendants did sufficient business in Missouri that it was seemingly reasonable that they be sued in Missouri, and it was thought that joinder of any number of defendants was permissible if at least one was subject to jurisdiction in Missouri. Missouri's joinder and venue rules combined to maintain this Circuit's role in asbestos litigation.

But legal times have changed along with the character of asbestos litigation. Both the Supreme Court of Missouri and the Supreme Court of the United States have refined the jurisdictional analysis in claims prosecuted by out-of-state plaintiffs against defendants whose conduct with regard to the plaintiffs has no connection with the plaintiffs' selected forum. Perhaps the first straw in the wind was J. McIntyre Machinery, Ltd. v. Nicastro, 564

2

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

U.S. 873 (2011), rejecting the "stream of commerce" notion of personal jurisdiction in products liability cases. Then came *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), rejecting the theory of general or "all purpose" jurisdiction based on the extent of a nonresident corporate defendant's contacts and presence in a state, without regard to the plaintiff's claim.

Finally, both the Supreme Court of the United States and the Supreme Court of Missouri have reiterated and reinforced the basic principles of due process limiting state jurisdiction over claims by a nonresident plaintiff against a nonresident corporate defendant. In brief, a state court does not have specific or general personal jurisdiction over an action by a plaintiff, who was and is not a resident nor injured in the state, against a nonresident corporation which is not incorporated in or has its principal place of business in the state. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773 (2017); *State ex rel. Norfolk Southern Ry. Co. v. Dolan*, 512 S.W.3d 41 (Mo.banc 2017). Mere license to do business in Missouri is not sufficient to confer general personal jurisdiction over a nonresident corporation. *State ex rel. Norfolk Southern Ry. Co. v. Dolan*, 512 S.W.3d at 52.

Plaintiffs brought the instant action against numerous defendants alleging that Alan Edward Moore, Jr. developed mesothelioma due to exposure to asbestos. Plaintiffs allege that Mr. Moore was first exposed to asbestos in the 1950s in the state of Virginia, and was further exposed in the 1960s and 1970s in

3

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

Virginia, Maryland, and Washington, D.C. In their petition, plaintiffs allege, ''Each Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and/or by maintaining a registered agent in Missouri.'' Plaintiffs do not allege that Mr. Moore was exposed to any product of defendant Genuine Parts Company (''GPC'') in Missouri.

Defendant GPC argues that it must be dismissed because it is not subject to specific or general personal jurisdiction in Missouri. The Court permitted limited discovery on the issue of personal jurisdiction. The evidence of record shows that GPC manufactures and distributes automotive parts. Formerly, some of those parts, such as brake kits, contained asbestos. GPC at one time had a distribution center in Missouri, which is now closed, but at no time did any of GPC's products traverse from Missouri to Virginia, Maryland or the District of Columbia, where Mr. Moore lived and worked. Mr. Moore's exposure to automotive products allegedly occurred in the course of repairing his own or friends' automobiles. Petition, ¶2.

When deciding on a motion to dismiss for lack of personal jurisdiction, the allegations of the petition must be given an intendment most favorable to the existence of the jurisdictional fact. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297

4

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

(1980).   Absent one of the traditional territorial bases of personal jurisdiction, presence, domicile or consent, a court may assert personal jurisdiction over a defendant only if certain minimum contacts between Missouri and the defendant are established. *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 232 (Mo. banc 2010). When personal jurisdiction is contested, it is the plaintiff's burden to show "that defendant's contacts with the forum state were sufficient." *Id.* (citing *Angoff v. Marion A. Allen, Inc.*, 39 S.W.3d 483, 486 (Mo. banc 2001)).

First, as noted above, maintaining a registered agent in Missouri does not establish personal jurisdiction over GPC. *State ex rel. Norfolk S. Ry. Co. v. Dolan*, supra. Missouri cases which formerly held or indicated that a corporation which had a registered agent in Missouri and did substantial business in Missouri was subject to personal jurisdiction in Missouri, e.g., *State ex rel. K-Mart Corp. v. Holliger*, 986 S.W.2d 165 (Mo. banc 1999), are no longer good law.

Next, the Court finds that GPC is not subject to personal jurisdiction in Missouri by reason of having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri. GPC is a Georgia corporation with its principal place of business in Georgia. GPC asserts that only about 1.3% of its employees nationwide work in Missouri; only 1.9% of GPC-owned automotive parts stores are located in Missouri; and

5

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

1.2% of real properties owned by GPC are in Missouri. There is no allegation nor evidence of record that Mr. Moore was exposed to any GPC product manufactured or sold in Missouri.

A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. at 1780. However, ''only a limited set of affiliations with a forum will render a defendant amenable to'' general jurisdiction in that State. *Id.*

Under the United States Supreme Court's analysis in *Bristol-Myers Squibb* and *BNSF Railway Co. v. Tyrrell*, 137 S.Ct 1549 (2017), the relevant inquiry for general jurisdiction is no longer the magnitude of the corporate defendant's in-state contacts, but whether the corporate defendant is ''essentially at home'' in the state. A corporation that operates in many states cannot be ''at home'' in all of them, and in-state business does not suffice to permit the assertion of general jurisdiction over claims that are unrelated to any activity occurring in the state.

Plaintiffs have also failed to allege facts that would give rise to specific jurisdiction. ''Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'' *Bristol-Myers Squibb*, 137 S. Ct. at 1780. ''When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'' *Id.* at 1781.

6

Electronically Filed - City of St. Louis - March 14, 2022 - 02:18 PM

Because the claims against GPC in this matter are unrelated to any
activity within the state of Missouri, the Court finds the Motion
to Dismiss for Lack of Personal Jurisdiction must be granted.

### ORDER AND JUDGMENT

In light of the foregoing, it is

ORDERED that Defendant Genuine Parts Company's Motion to
Dismiss for lack of personal jurisdiction be and the same is hereby
granted, and plaintiffs' claims against Defendant GPC are dismissed
without prejudice for lack of personal jurisdiction, at plaintiffs'
cost.

SO ORDERED:

Robert H. Dierker
Circuit Judge

Dated:   October 31, 2017
    e/c Counsel

7

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | |
|---|---|
| DAVID BUTLER and | ) |
| KATHY BUTLER, his wife, | ) |
| | ) Cause No. 2222-CC00226 |
| Plaintiffs, | ) |
| | ) Div. No. 1 |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| A.W. CHESTERTON COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**ENTRY OF APPEARANCE**

Come now BRENDA G. BAUM and CARL J. GERACI of HeplerBroom LLC and enter

their appearance on behalf of behalf of INDUSTRIAL HOLDINGS CORPORATION f/k/a The

Carborundum Company.

HEPLERBROOM LLC

By: */s/ Brenda G. Baum*
BRENDA G. BAUM            #38428
CARL J. GERACI            #46561
ALEX BELOTSERKOVSKY       #50757
hbasb@heplerbroom.com
Attorneys for Defendant
211 North Broadway, Suite 2700
St. Louis, Missouri 63102
Phone:    (314) 241-6160
Fax:      (314) 241-6116
AB2

**CERTIFICATE OF SERVICE**

The undersigned states that on the 15th day of March, 2022, the foregoing was filed
electronically with the Clerk of the Court by operation of the Court's electronic filing system
upon all Counsel of Record, pursuant to the June 21, 2013 Administrative Order.

*/s/ Brenda G. Baum*

1

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

DAVID BUTLER and )
KATHY BUTLER, his wife, )
                 )    Cause No. 2222-CC00226
      Plaintiffs, )
                 )    Div. No. 1
v. )
                 )    **JURY TRIAL DEMANDED**
A.W. CHESTERTON COMPANY, et al., )
                 )
      Defendants. )

### **DEFENDANT, INDUSTRIAL HOLDINGS CORPORATION F/K/A THE CARBORUNDUM COMPANY'S MOTION PURSUANT TO SUPREME COURT RULE 55.27(d), MOTION FOR MORE DEFINITE STATEMENT, MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO STRIKE, MOTION TO DISMISS, and MOTION PURSUANT TO MISSOURI SUPREME COURT RULE 55.27(f), "CONSOLIDATION OF DEFENSES IN MOTION" DIRECTED TO PLAINTIFFS' PETITION**

Comes now Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company, by and through its attorneys, HeplerBroom LLC, and for its Motion Pursuant to Supreme Court Rule 55.27(d), "Motion for More Definite Statement", Motion Pursuant to Supreme Court Rule 55.27(a) "Motion for Judgment on the Pleadings", Motion Pursuant to Supreme Court Rule 55.27(e), "Motion to Strike", Motion Pursuant to Supreme Court Rule 55.05 "Pleading Setting Forth Claims for Relief Shall Contain What", and Motion Pursuant to Missouri Supreme Court Rule 55.27(f), "Consolidation of Defenses in Motion" Directed to Plaintiffs' Petition, states as follows:

1. This Motion is brought pursuant to Supreme Court Rule 55.03(c) entitled "Signing of Pleadings, Motions and Other Papers; Representations to Court; Sanctions," which states in pertinent part as follows:

      (c)     Representation to the Court. By presenting or maintaining a claim, defense, request, demand, objection, contention, or argument in a pleading,

1

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

motion, or other paper filed with or submitted to the court, an attorney or party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that:

(1)     the claim, defense, request, demand, objection, contention, or argument is not presented or maintained for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2)   the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)   the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  An attorney providing drafting assistance may rely on the otherwise self-represented person's representation of facts unless the attorney knows that such representations are false; and

(4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

2.     This Motion is brought pursuant to Supreme Court Rule 55.05 entitled "Pleading

Setting Forth Claims for Relief Shall Contain What," which states in pertinent part:

"A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled…"

3.     This Motion is brought pursuant to Supreme Court Rule 55.27(a) entitled "Motion

for Judgment on the Pleadings," which states in pertinent part as follows:

"(a) How Presented.  Every defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1)     Lack of jurisdiction over the subject matter,
(2)     Lack of jurisdiction over the person,
(6)     Failure to state a claim upon which relief can be granted,
(9)     That there is another action pending between the same parties for the same cause in this state,
(10)     That several claims have been improperly united,…

A motion making any of these defenses shall be made:

(A) Within the time allowed for responding to the opposing party's pleading, or

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

(B) If no responsive pleading is permitted, within thirty days after the service of the last pleading.

Motions and pleadings may be filed simultaneously without waiver of the matters contained in either…

4.     This Motion is brought pursuant to Supreme Court Rule 55.27(d) entitled "Motion for More Definite Statement," which states in pertinent part as follows:

> "A party may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required.  If the motion is granted and the order of the court is not obeyed within ten days after notice of the order, or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

5.     This Motion is brought pursuant to Supreme Court Rule 55.27(e) entitled "Motion to Strike", which states as follows:

> "Motion to Strike.  Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty days after the service of the pleading upon any party or upon the court's own initiative at any time, the court may order stricken from any pleadings any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

6.     This Motion is brought pursuant to Supreme Court Rule 55.27(f) entitled "Consolidation of Defenses in Motion", which states as follows:

> "Consolidation of Defenses in Motion.  A party who makes a motion under this Rule 55.27 may join with it any other motions herein provided for and then available to the party.  If a party makes a motion under this Rule 55.27 but omits therefrom any defense or objection then available that this Rule 55.27 permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in Rule 55.27(g)(2) on any of the grounds there stated."

7.     It is well-settled that Missouri is a fact pleading jurisdiction. ITT Commercial Finance Co. v. Mid-America Marine Supply, 854 S.W.2d 371,379 (Mo. Banc 1993).

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

8.      To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendants of what the plaintiff will attempt to establish at trial. Bracey v. Monsanto Co., Inc., 823 S.W.2d 946, 951 (Mo. Banc 1992).

9.      Plaintiffs have failed to set forth facts as required by Rule 55.05. Although the petition does not have to plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement and cannot rely on mere conclusions.  Westphal v. Lake Lotawana Association, Inc., 95 S.W.3d 144, 152 (Mo.App.2003).

10.      Plaintiffs' Petition is such that Defendant cannot prepare a responsive pleading as required by Rule 55.27(d), as the Petition is not pled with sufficient definiteness to allow Defendant to determine the following:

a)      The dates involved in the claim;

b)      The products of all defendants;

c)      Defendant's products;

d)      The alleged hazard of asbestos.

11.      In earlier asbestos litigation, defendants were designers, manufacturers and sellers of the same type of product, i.e. asbestos insulation.

12.      At present, however, defendants in asbestos cases have a varied background including, but not limited to, the following:

a)      Manufacturer of asbestos products;

b)      Entities producing products to which asbestos was applied;

c)      Premises defendants;

d)      Construction material defect;

e)      Friction material user;

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

f)       Retailer of products.

13.     As a consequence, Plaintiffs must plead his facts with particularity towards each defendant in order to satisfy pleading requirements of Rule 55.05 and Missouri common-law.

14.     Plaintiffs' Petition should be dismissed pursuant to RSMo 516.190 because Plaintiffs' cause of action has been or may be fully barred by the laws of the state, territory or country which it originated.

15.     Plaintiffs plead exposure "from 1978 to 2018", "from 1986 to 1991", and "from 1978 to 1991", an overly broad period of time that cannot be reviewed absent more precise indication of time period, location and use of a specific product.

16.     In addition, Plaintiffs' Petition alleges redundant, immaterial and impertinent matters violating Supreme Court Rule 55.27(e).

17.     Plaintiffs' Petition should be transferred under the doctrine of forum non conveniens as no connection with St. Louis City, Missouri is pled.

18.     Defendant moves to dismiss because Plaintiffs have not demonstrated that this Court has personal jurisdiction over it either by way of general or specific jurisdiction.  See Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014) and State ex Rel. Norfolk S. Ry. Co. v. The Honorable Colleen Dolan, 512 S. W. 3d 41, 46 (Mo. banc 2017).  As to general jurisdiction, Plaintiffs have not shown that Defendant is incorporated or otherwise formed in this state, or that Defendant has its principal place of business here.  Daimler at 761-62; Norfolk at 47-48. Moreover, Plaintiffs have not pled facts sufficient to invoke specific jurisdiction by showing that Plaintiffs' claims arose in this state.  Therefore, Plaintiffs have not established that this Court may exercise either general or specific personal jurisdiction over Defendant consistent with the Due Process Clause of the U.S. Constitution.

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

19.    The allegations of asbestos exposure in the Petition are vague and unclear, and pertinent facts relating to choice of law in this matter are not yet known. Defendant therefore reserves the right to amend this motion to incorporate other state or federal law, and may further move to apply other state or federal law as facts are developed.

## JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

20.    Paragraph 2 states that Plaintiff was employed at unidentified "various locations" "from 1978 to 2018".

21.    Paragraph 2 should be stricken as the same is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

    a)    Paragraph 2 fails to adequately specify the location (building, address, city, state) of Plaintiff's employment and/or alleged locale of exposure.

    b)    The time period alleged is overly vague.

22.    Paragraph 4 should be stricken as the same is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

    a)    No "asbestos containing materials and products" are identified;

    b)    It makes an allegation of "at all relevant times" without identifying a pertinent time";

    c)    It lumps together allegations against all defendants with specifying if specific defendants allegedly mined, manufactured, sold, distributed, marketed, specified, designed, promoted, licensed, installed, removed asbestos/asbestos-containing materials or used them in some other unspecified way;

    d)    It fails to distinguish between asbestos and asbestos-containing materials and products.

    e)    No "equipment", "chattels", "instrumentalities", "procedures", or "technologies" of any Defendant are identified;

    f)    The paragraph is meaningless absent facts regarding a product, exposure, and relationship between Plaintiff and Defendant.

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

23.    Paragraphs 5 and 13 should be stricken as the same are vague, indefinite, state conclusions and do not identify any facts.

24.    Paragraphs 8 and 9 should be stricken as the same are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the following reasons:

a)    These paragraphs are conclusions and do not contain any facts;

b)    Time period identified is overly vague;

c)    The words "ingested" or "otherwise absorbed" are vague and not capable of being the subject of a response;

d)    Paragraph 8 refers to "above described materials, products, conditions, and activities" but no materials, products, equipment or activities were described above.

25.    Paragraph 12 should be stricken or made more definite and certain as Plaintiffs' allegations are not sufficient to establish venue as defined by Revised Statutes of Missouri (RSMo) § 508.010.  Plaintiffs fail to plead a specific location of first exposure, a necessary element to establish venue under the statute.  There is also no evidence of exposure to a product, or at a premises of a Defendant with a registered agent in the City of St. Louis, Missouri or that Plaintiff resided in the City of St. Louis, Missouri at the time of alleged first exposure.

26.    The introductory phrase to paragraph 3 should be stricken as merely "contributing" to the acquiring of an asbestos-related disease is not a basis for liability.

27.    Paragraphs 6, 7, and 11 should be stricken as the same are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the following reasons:

a)    They fail to connect a specific Defendant to any of the vague acts referenced;

b)    No facts supporting personal jurisdiction are pled.

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

28.    Paragraphs 14 and 15 should be stricken as they are meaningless to an allegation in a petition that does not identify a product, exposure, or time period.

29.    Paragraph 16 is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

      a)    It does not identify a work or exposure situation;

      b)    It does not identify a year;

      c)    It makes an allegation of "during times relevant hereto" without identifying a relevant time.

30.    Paragraph 18 of should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

      a)    No facts are pled for the conclusion of "direct and proximate result":

      b)    The statement that Plaintiff was "disabled" and "disfigured" should be stricken as the same is not proper;

      c)    The words "other health care services" should be stricken;

      d)    All references to "mental suffering" as a result of the inhalation, ingestion and absorption of said asbestos fibers should be stricken.

      e)    All references to "enjoyment of recreational/life activities" should be stricken.

## COUNT I – NEGLIGENCE
## (MATERIALS/PRODUCTS/EQUIPMENT)

31.    Paragraph 1 of Count I should be stricken and/or made more definite and certain as the same incorporates defective pleadings (paragraphs 1-18 of the Petition) that are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the reasons set for in paragraphs 20-30 above.

32.    Count I of Plaintiffs' Petition purports to be an action based on negligence.

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

33.    In an action for negligence, it is the state of mind of the actor that is at issue, rather than the product.

34.    Paragraph 2 of Count I is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law as it is meaningless absent an allegation of the equipment, product and exposure.

35.    Paragraph 3 of Count I should be stricken as it is meaningless to a negligence allegation in a petition that does not identify a product, exposure or time period.

36.    Paragraph 4 and 5 are vague, indefinite, allege conclusions and are otherwise insufficient as a matter of law for the following reasons:

    a)    They make an allegation lumping those working with and around the unidentified product in one count;

    b)    They do not identify a work or exposure situation;

    c)    They do not identify a year;

    d)    Paragraph 5 of Count I also makes an allegation of "at all times herein relevant" without identifying a relevant time.

37.    Paragraph 6(a) of Count I should be stricken or otherwise made more definite and certain as the same is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

    a)    Paragraph 6(a) merely pleads Defendant's products contained asbestos;

    b)    Paragraph 6(a) fails to define what was "known and/or knowable at the time";

    c)    It does not state the time when this unidentified information was "known and/or knowable";

    d)    It does not specify by whom this unidentified information was "known and/or knowable";

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

e)    Without a factual basis including product identification, exposure and relationship, the allegations of paragraph 6(a) cannot amount to negligence;

f)    The mere fact that materials/products contain a toxic substance is not a basis for liability as thousands of substances fit into that description.

g)    The phrase "disease-causing substance" should be stricken as vague and alleging a conclusion.

38.    Paragraph 6(b) is vague, indefinite, states a conclusion and is otherwise insufficient as a matter of law for the following reasons:

a)    Paragraph 6(b) merely pleads Defendant's parts and components contained asbestos;

b)    It fails to define what was "known and/or knowable at the time";

c)    It does not state the tie when this unidentified information was "known and/or knowable";

d)    It does not specify by whom this information was "known and/or knowable";

e)    The mere fact that parts/components contain a toxic substance is not a basis for liability as thousands of substances fit into that description;

f)    The phrase "disease-causing substance" should be stricken as vague and alleging a conclusion;

g)    Due to the lack of pleading a product exposure or relationship factually, the allegations of paragraph 6(b) are meaningless;

h)    Without pleading product identification, exposure, relationship of parties and other relevant facts, negligence is not expressly pled and cannot be inferred in paragraph 6(b).

39.    Paragraph 6(c) of Count I should be stricken or made more definite and certain as the same is vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law for the following reasons:

a)    Plaintiffs fail to identify the "aforesaid activities" or "non-asbestos";

10

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

b)    Plaintiffs' allegation means nothing more than a failure to make the product "better" which is not an issue as a matter of law in a negligence action;

c)    Plaintiffs use the term "adequate," a term against which the Defendant cannot measure its conduct;

d)    The allegation does not have a time component as the Petition as a whole leaves the time component vague and indefinite;

e)    In a negligence action one looks at the conduct that took place and not at the conduct that could have been.

40.    Paragraphs 6(d) and (e) of Count I should be stricken or made more definite and certain as the same are vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law for the following reasons:

a)    Engaging in the activities listed is not in itself negligent and Plaintiffs have failed to plead any facts to make the same negligent;

b)    Paragraph 6(d) refers to the "above-described equipment/vehicles/technologies" but no equipment, vehicles, or technologies are described above;

c)    The reference to "others" in Paragraph 6 (e) should be stricken as the same is improper.

d)    Due to the lack of pleading a product exposure or relationship factually, the allegations of paragraphs 6(d) and (e) are meaningless;

e)    Without pleading product identification, exposure, relationship of parties and other relevant facts, negligence is not expressly pled and cannot be inferred in paragraphs 6(d) and (e).

41.    Paragraphs 6(f), 6(g), 6(h), 6(i) and 6(l) should be stricken as the same are indefinite, vague, allege conclusions and are otherwise insufficient as a matter of law for the following reasons:

a)    Although purporting to plead a cause of action for failure to warn, these paragraphs try to expand the doctrine of failure to warn to include persons working "around" products;"

11

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

b)    Plaintiffs have failed to plead any facts that would indicate how Defendant would provide a warning to persons working "around" products;"

c)    Paragraphs 6(f), 6(g), 6(h), 6(i) and 6(l) are duplications based on failure to warn;

d)    Paragraphs 6(f), 6(g), 6(h), 6(i) and 6(l) are duplications in that they <u>could</u> be component parts of a warning in the event Plaintiffs plead a product, exposure and other relevant facts;

e)    Plaintiffs have failed to plead a work environment to which a "warning" or "instruction" could be applied;

f)    They refer to "above described materials/products/equipment" but no materials, products or equipment are described above;

g)    The use of the word "adequate" is without factual content against which Defendant's conduct can be compared;

h)    Any negligence in an alleged failure to warn or failure to give instruction would be time sensitive and Plaintiffs have not pled a time period.

42.    Paragraph 6(j) of Count I should be stricken as the same is vague, indefinite, alleges conclusions and is otherwise insufficient as a matter of law for the following reasons:

a)    Based on the limited factual content in the Petition, Defendant assumes Plaintiffs are alleging that some testing should have been carried out to discover hazards leading to "asbestos-related diseases";

b)    The Defendant asks the Court to take judicial notice of the long latency period for asbestos-related diseases;

c)    Plaintiffs should be required to plead any test the Plaintiffs contend would have given Defendant notice of any health hazards given the latency period of asbestos-related disease;

d)    Paragraph 6(j) should be stricken as the same fails to provide for or state any testing procedure that should have been followed;

e)    Paragraph 6(j) fails to plead a "test" because no test exists or existed that a manufacturing corporation could have undertaken.

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

43.    Paragraph 6(k) of Count I should be stricken or made more definite and certain as the same is vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law for the following reasons:

    a)    Omission listed is not in itself negligent and Plaintiffs have failed to plead any facts to make the same negligent;

    b)    Paragraph 6(k) fails to define "known or knowable information";

    c)    Paragraph 6(k) fails to plead to whom this information was "known or knowable";

    d)    Paragraph 6(k) refers to "aforesaid materials/products/equipment" but no material products or equipment are identified anywhere in the Petition;

    e)    Paragraph 6(k) fails to plead time period;

    f)    Due to the lack of pleading a product exposure or relationship factually, the allegations of paragraph 6(k) are meaningless.

44.    Paragraph 6(m) should be stricken as the same is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

    a)    Failing to recall asbestos-containing products does not state a cause of action for product liability;

    b)    Under Missouri law, no cause of action exists either for failure to recall a product or for negligent recall of a product. See, Horstmyer v. Black & Decker, Inc., 151 F.3d 765, 773 (8 Cir. 1998) (applying Missouri law); Smith v. Firestone Tire & Rubber Co., 755 F.2d 129, 135 (8 Cir. 1985) (applying Missouri law); Efting v. Tokai Corp., 75 F.Supp.2d 1006, 1010-11 (W.D. Mo. 1999) (applying Missouri law);

    c)    Plaintiffs have failed to plead any of the following operative facts of any recall:

        i)    The date a recall should have been conducted;

        ii)    The products to which the recall should have been directed;

        iii)    The form the recall should have taken;

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

   iv) The determination upon which the recall should have been based; and

   v) The party that should have been responsible for the specific recall.

45. Paragraph 7 of Count I should be stricken or made more definite and certain as the same is vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law.

46. Paragraph 7 of Count I should also be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

   a) Plaintiffs have failed to plead the facts required for the conclusion of "direct and proximate result";

   b) Paragraph 7 should also be stricken to the extent it incorporates paragraph 18 of the Petition which is defective for reasons set forth in paragraph 30 above.

47. Count I should be stricken as whole for the following reasons:

   a) It fails to identify a product;

   b) It fails to identify dates of exposure;

   c) It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

   d) It fails to allege that exposure to Defendant's products was a substantial factor in acquiring mesothelioma.

48. Plaintiff's prayer to Count I should be stricken to the extent it asks for a judgement of joint and several liability as the same is not sufficient as a matter of law, is not a proper subject of pleading under the law or the specific Petition and/or is meaningless under the lack of basic facts absent from this Petition.

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

## COUNT II – WILLFUL AND WANTON MISCONDUCT
## (MATERIALS/PRODUCTS/EQUIPMENT)

49.     Defendant repeats and re-alleges paragraphs 20-36 above, as if set out verbatim herein, in response to paragraph 1 of Count II of Plaintiffs' Petition.

50.     Plaintiffs have filed Count II of their Petition alleging "willful and wanton" misconduct.

51.     Plaintiffs have failed to allege any actions or conduct that amount to willful or wanton misconduct.

52.     Paragraph 2 of Count II is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

      a)     It does not identify a work or exposure situation;

      b)     It does not identify a year.

53.     Paragraph 3 of Count II subparagraphs (a) to (m) is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

      a)     Subparagraphs 3(a) through 3(m) of Count II state the same facts as subparagraphs 6(a) through 6(m) of Count I with the addition of words "intentionally" and/or "reckless disregard."

      b)     Plaintiffs attempt to state a cause of action based on willful and wanton misconduct; however, Plaintiffs' allegations of willful and wanton misconduct do not identify any of the following:

            i)     A product;

            ii)     Facts surrounding the use of the product or the application of the product;

            iii)     The date of the alleged willful and wanton misconduct;

            iv)     The means by which the alleged willful and wanton misconduct was accomplished;

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

> v)  The facts amounting to intentional misconduct and/or reckless disregard for the safety of the Plaintiff.
>
> c)  Plaintiffs allege that the mere inclusion of a toxic substance in a product is a basis for punitive damages, but the same alone cannot serve as a basis for punitive damages as almost everything (i.e. products) contains a substance that is toxic;
>
> d)  Plaintiffs have failed to plead what "test" could have possibly been performed and its relation to any exposure of Plaintiff that would have prevented Plaintiff from acquiring mesothelioma;
>
> e)  No duty exists under a product liability/neglect theory for failure to recall;
>
> f)  As the "state of the art" i.e. body of knowledge) regarding asbestos has consistently grown and changed through the years, the exact time period regarding any conduct characterized as "willful and wanton" should be pled;
>
> g)  No basis exists for a claim that a failure to adopt a substitute for asbestos is a basis for "willful and wanton misconduct "as the focus of willful and wanton misconduct is what occurred and not what could have occurred;
>
> h)  Defendant has no idea to what Plaintiffs reference by the use of the words "known and/or knowable at the time";
>
> i)  An action for failure to recall does not exist under the laws of the State of Missouri.

54.  Paragraph 4 of Count II should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

> a)  Paragraph 4 should be stricken to the extent it incorporates paragraph 18 of the Petition which is defective for the reasons set forth in paragraph 30 above;
>
> b)  The Plaintiffs have failed to plead the conclusion of "direct and proximate result".

55.  Count II fails to plead any of the following necessary elements to support a willful

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

and wanton count and should thus be stricken as a whole:

    a)    It fails to identify a product;

    b)    It fails to identify dates of exposure;

    c)    It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

    d)    It fails to allege that exposure to Defendant's products was a substantial factor in acquiring mesothelioma.

56.    Allowing Count II to stand would deny basic constitutional rights (Federal and State) in the areas of due process and equal protection as there is no basis for a defendant to know directly or by inference its alleged conduct for which punishment is sought.

57.    A pleading seeking punitive/exemplary damages should not be allowed absent Plaintiffs' ability to plead with facts the conduct upon which Plaintiffs base a request for punitive damages.

## COUNT III – STRICT LIABILITY (MATERIALS/PRODUCTS/EQUIPMENT)

58.    Count III of Plaintiffs' Petition purports to state a cause of action for "strict liability."

59.    Paragraph 1 of Count III should be stricken and/or made more definite and certain as the same incorporates defective pleadings (General Allegations and paragraphs 2-4) of Count I that are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the reasons set forth in paragraphs 20-36 above.

60.    Paragraphs 2 and 3 of Count III should be stricken as they are meaningless as strict liability allegations in a petition that does not identify a product, exposure or time period.

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

61.    Paragraph 4 of Count III should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

    a)    Paragraph 4 should be stricken to the extent it incorporates paragraph 18 of the Petition which is defective for the reasons set forth in paragraph 30 above;

    b)    The Plaintiffs have failed to plead the conclusion of "direct and proximate result".

62.    Count III should be stricken as whole for the following reasons:

    a)    It fails to identify a product;

    b)    It fails to identify dates of exposure;

    c)    It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

    d)    It fails to allege that exposure to Defendant's products was a substantial factor in acquiring mesothelioma.

63.    Plaintiff's prayer to Count III should be stricken to the extent it asks for a judgment of joint and several liability as the same is not sufficient as a matter of law, is not a proper subject of pleading under the law or the specific Petition and/or is meaningless under the lack of basic facts absent from this Petition.

64.    Defendant attaches hereto as "Exhibit A" the Order of Judge David dated the 26th day of October, 2004.

## COUNT IV–NEGLIGENCE (LOSS OF CONSORTIUM)

65.    Defendant repeats and re-alleges paragraphs 20-64 above, as if set out verbatim herein, in response to paragraph 1 of Count IV of Plaintiffs' Petition.

66.    Paragraph 2 of Count IV and Count IV as a whole should be stricken for the following reasons:

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

a)      Defendant does not know what is referred to by "negligent acts and omissions of Defendants", as no facts have been pled regarding an act or omission of any Defendant;

b)      No facts have been pled to support the conclusion of deprivation of companionship, society and services.

## COUNT V–WILLFUL AND WANTON CONDUCT (LOSS OF CONSORTIUM)

67.     Defendant repeats and re-alleges paragraphs 20-64 above, as if set out verbatim herein, in response to paragraph 1 of Count V of Plaintiffs' Petition.

68.     Paragraph 2 of Count V and Count V as a whole should be stricken for the following reasons:

a)      Defendant does not know what is referred to by "willful, wanton, intentional, and/or reckless acts and omissions of Defendants", as no facts have been pled regarding an act or omission of any Defendant;

b)      No facts have been pled to support the conclusion of deprivation of companionship, society and services.

## COUNTS VI and VII

69.     Counts VI and VII of Plaintiffs' Petition should be stricken in their entirety because Missouri does not recognize spoliation, either intentional or negligent, as the basis for tort liability. See, e.g., Baugher v. Gates Rubber Co., Inc., 863 S.W.2d 905, 907-08 (Mo. Ct. App. E.D. 1993) and Tinder v. Lewis County Nursing Home, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (applying Missouri law).

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

WHEREFORE, Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a The

Carborundum Company, prays for an Order of this Court dismissing Plaintiffs' Petition or, in the

alternative, ordering Plaintiffs to make same more definite and certain.

HEPLERBROOM LLC

By: */s/ Brenda G. Baum*
BRENDA G. BAUM                #38428
CARL J. GERACI                #46561
ALEX BELOTSERKOVSKY        #50757
hbasb@heplerbroom.com
Attorneys for Defendant
211 North Broadway, Suite 2700
St. Louis, Missouri 63102
Phone:    (314) 241-6160
Fax:      (314) 241-6116
AB2

## CERTIFICATE OF SERVICE

The undersigned states that on the 15th day of March, 2022, the foregoing was filed
electronically with the Clerk of the Court by operation of the Court's electronic filing system
upon all Counsel of Record, pursuant to the June 21, 2013 Administrative Order.

*/s/ Brenda G. Baum*

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

STATE OF MISSOURI    )
                     ) SS
CITY OF ST. LOUIS    )

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
(City of St. Louis)

RICHARD HOWERTON,          )
                           )
    Plaintiff,         )
                           )
    vs.                )    Cause No. 032-10492
                           )
UNION CARBIDE CORP. et. al,)    Division No. 1
                           )
    Defendants.        )
                           )

## <u>ORDER</u>

    The Court has before it Defendant Bondex International Inc.'s MOTION PURSUANT TO SUPREME COURT RULE 55.27(a) TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO SUPREME COURT RULE 55.27(d) AND MOTION TO STRIKE PURSUANT TO SUPREME COURT RULE 55.27(e). The motion seeks dismissal or in the alternative requests that the Court require Plaintiff to make the petition more definite and certain. The Court, having reviewed the submissions of the parties, the arguments of counsel, and the relevant authorities, now rules as follows.

    Plaintiff bases his claims upon theories of negligence (Count I), strict liability (Count II), negligently supplying dangerous instrumentality (Count III), and conspiracy to commit fraud (Count IV, against Metropolitan Life Insurance Company and Pneumo Abex Corporation only). In this wrongful death action, Petitioner seeks damages against numerous Defendants alleging



Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

asbestos-related injuries caused by exposure to asbestos fibers emanating from products manufactured, sold, distributed or installed by Defendants.

In the motion to dismiss, Defendant contends Plaintiff has failed to state a cause of action upon which relief can be granted because Counts I through III are not pled with sufficient definiteness to allow Defendant to determine the dates of use or exposure involved in the claim regarding Defendant's product, the specific product to which Plaintiff was exposed, or the alleged hazard. Defendant complains that this leaves it not knowing the real fact issues before trial. Plaintiff counters that the petition sufficiently states causes of action, and that because Defendant is continuously involved in asbestos cases of this sort it is well aware of why it is being sued and what products are involved. Plaintiff contends the petition is a standard one that has been used in this circuit for many years, and which has consistently withstood motions to dismiss. In support of this assertion Plaintiff refers the Court to the standard pretrial order of Judge Robert Dierker in cause No. 942-11073, which required Plaintiff to file an amended petition after discovery was completed and before trial.

A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. The Court assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. Grewell v. State Farm Mut. Auto. Ins.Co., 102 S.W.3d 33, 36 (Mo. 2003). No attempt is made to weigh any facts as to whether they are credible or persuasive. Instead, the petition is reviewed to see if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. Nazeri v. Missouri Valley College, 860 S.W.2d 303, 306 (Mo. banc 1993). The petition is sufficient to withstand the motion if it "invokes substantive principles of law entitling plaintiff to relief and

2

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial." Grewell, 102 S.W.3d 33 at 36, quoting Bracey v. Monsanto, 823 S.W.2d 946, 951 (Mo. banc 1992). Although the petition need only allege ultimate facts, mere conclusions of the pleader that are not supported by factual allegations are disregarded in determining whether a petition states a cause of action on which relief can be granted. Johnston v. Norrell Health Care, Inc., 835 S.W.2d 565, 567 (Mo. App. E.D. 1992). The petition should not be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact. Id., citing Merriman v. Canton, 395 S.W.2d 106, 109 (Mo. 1965).

After a careful review of Plaintiff's petition, and considering both the nature of the litigation and this Circuit's past practice with respect to such litigation, the Court finds that the petition, while not a model of specificity, adequately states causes of action to overcome the motion to dismiss at this time.

Having thus ruled, the Court is nevertheless persuaded that Defendant's motion for more definite statement has merit. Rule 55.27(d) provides that a party may move for a more definite statement of any matter contained in a pleading which is not averred with sufficient particularity to enable the party to prepare a responsive pleading. As with a motion to dismiss, a motion for more definite statement is directed to the pleading itself. Hartvedt v. Harpst, 173 S.W.2d 65, 68 (Mo. 1943). A party who files a motion to make more definite and certain, in effect, concedes that the petition states a cause of action, but challenges, as an injustice to the defendant, the stating of the claim in the manner pleaded. Glidewell by Nabors v. S.C. Mgmt. 923 S.W.2d 940, 952 (Mo. App. 1995), citing Kornberg v. Getz Exterminators, Inc., 341 S.W.2d 819, 820 (Mo.

3

Electronically Filed - City of St. Louis - March 15, 2022 - 08:21 AM

1961).  A pleading is subject to such a motion when it is so indefinite and uncertain as to make it unfair to force the defendant to a trial thereon.  Hartvedt, 173 S.W.2d at 67.

The Court finds that while the petition states causes of action, it would be an injustice to force Defendant to trial of the case based upon the petition as presently pleaded.  Therefore, upon completion of discovery, but not later than 75 days prior to the trial setting, Plaintiff shall file an amended petition setting forth specifically the dates of claimed exposure to each specified product manufactured, sold, distributed or installed by Defendant.  Further motions to dismiss or for summary judgment must be filed at least 65 days before the scheduled trial date.

THEREFORE, it is Ordered and Decreed that Defendant's MOTION PURSUANT TO SUPREME COURT RULE 55.27(a) TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION TO STRIKE PURSUANT TO SUPREME COURT RULE 55.27(e) is denied.  Defendant's MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO SUPREME COURT RULE 55.27(d) is granted as set forth above.

SO ORDERED:

_____

Michael P. David, Judge

Dated: _Oct 26, 2004_

cc:    Attorneys of record

4

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID AND KATHY BUTLER** | ) | |
| | ) | **Case No. 2222-CC00226** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT DEMANDS** |
| **A.W. CHESTERTON COMPANY**, *et al.,* | ) | **TRIAL BY JURY** |
| | ) | |
| **Defendants.** | ) | |

**MORSE TEC LLC, F/K/A BORGWARNER MORSE TEC, LLC, AND SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION**

Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation ("Morse TEC") responds to Plaintiffs' Petition:

**JURISDICTION, VENUE AND GENERAL ALLEGATIONS**

1.    Morse TEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.    Morse TEC lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's work history.  Morse TEC otherwise denies the allegations in Paragraph 2.

3.    Morse TEC denies that joint and several liability is proper. Morse TEC denies the allegations in Paragraph 3, including all sub-paragraphs, to the extent the allegations pertain to Morse TEC.

4.    Morse TEC denies the allegations in Paragraph 4 to the extent the allegations pertain to Morse TEC.

5.    Morse TEC denies the allegations in Paragraph 5 to the extent the allegations pertain to Morse TEC.

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

6.      Paragraph 6 states a conclusion of law for which no answer is required. Morse TEC otherwise denies the allegations in Paragraph 6 to the extent the allegations pertain to Morse TEC and specifically denies that this court has general jurisdiction over it.

7.      Paragraph 7 states a conclusion of law for which no answer is required. Morse TEC otherwise denies the allegations in Paragraph 7 to the extent the allegations pertain to Morse TEC and specifically denies that this court has specific jurisdiction over it.

8.      Morse TEC denies the allegations in Paragraph 8 to the extent the allegations pertain to Morse TEC.

9.      Morse TEC denies the allegations in Paragraph 9 to the extent the allegations pertain to Morse TEC.

10.     Morse TEC denies the allegations in Paragraph 10 to the extent the allegations pertain to Morse TEC.

11.     Morse TEC denies the allegations in Paragraph 11 to the extent the allegations pertain to Morse TEC. Morse TEC specifically denies that this court has jurisdiction over it.

12.     Morse TEC denies that venue is proper in the City of St. Louis.  Paragraph 12 states a conclusion of law for which no answer is required.  Morse TEC otherwise denies the remaining allegations in Paragraph 12.

13.     Morse TEC denies the allegations in Paragraph 13 to the extent the allegations pertain to Morse TEC.

14.     Morse TEC denies the allegations in Paragraph 14 to the extent the allegations pertain to Morse TEC.

15.     Morse TEC denies the allegations in Paragraph 15 to the extent the allegations pertain to Morse TEC.

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

16.    Morse TEC denies the allegations in Paragraph 16 to the extent the allegations pertain to Morse TEC.

17.    Morse TEC lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's disease and the date of its discovery.  Morse TEC otherwise denies the allegations in Paragraph 17.

18.    Morse TEC denies the allegations in Paragraph 18 to the extent the allegations pertain to Morse TEC.

Morse TEC requests that Plaintiffs' Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys' fees.

### COUNT I – Negligence
### (materials / products / equipment)

1.    Morse TEC restates its answers to Paragraphs 1 through 18 of Plaintiffs' Petition as its answer to Paragraph 1 of Count I.

2.    Morse TEC denies the allegations in Paragraph 2 of Count I to the extent the allegations pertain to Morse TEC.

3.    Morse TEC denies the allegations in Paragraph 3 of Count I to the extent the allegations pertain to Morse TEC.

4.    Morse TEC denies the allegations in Paragraph 4 of Count I to the extent the allegations pertain to Morse TEC.

5.    Morse TEC denies the allegations in Paragraph 5 of Count I to the extent the allegations pertain to Morse TEC.

6.    Morse TEC denies the allegations in Paragraph 6 of Count I, including sub-paragraphs (a) through (m) to the extent the allegations pertain to Morse TEC.

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

7.      Morse TEC denies the allegations in Paragraph 7 of Count I to the extent the allegations pertain to Morse TEC.

Morse TEC denies that it is responsible for Plaintiffs' damages. Morse TEC requests that Plaintiffs' Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys fees.

### COUNT II – Willful/Wanton Misconduct
### (materials / products / equipment)

1.      Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' Petition as its answer to Paragraph 1 of Count II.

2.      Morse TEC denies the allegations in Paragraph 2 of Count II to the extent the allegations pertain to Morse TEC.

3.      Morse TEC denies the allegations in Paragraph 3 of Count II, including sub-paragraphs (a) through (m) to the extent the allegations pertain to Morse TEC.

4.      Morse TEC denies the allegations in Paragraph 4 of Count II to the extent the allegations pertain to Morse TEC.

5.      Paragraph 5 states a conclusion of law for which no answer is required.  Morse TEC denies the allegations in Paragraph 5 of Count II to the extent the allegations pertain to Morse TEC. Morse TEC specifically denies that it is liable for punitive damages.

Morse TEC denies that it is responsible for Plaintiffs' damages, including punitive damages.  Morse TEC requests that Plaintiffs' Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys fees.

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

<div align="center">

**COUNT III – Strict Liability**
**(materials / products / equipment)**

</div>

1.      Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' Petition as its answer to Paragraph 1 of Count III.

2.      Morse TEC denies the allegations in Paragraph 2 of Count III, including sub-paragraphs (a) through (c) to the extent the allegations pertain to Morse TEC.

3.      Morse TEC denies the allegations in Paragraph 3 of Count III to the extent the allegations pertain to Morse TEC.

4.      Morse TEC denies the allegations in Paragraph 4 of Count III to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages.  Morse TEC requests Plaintiffs' Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys fees.

<div align="center">

**COUNT IV – Negligence**
**(loss of consortium)**

</div>

1.      Morse TEC restates its answers to prior Paragraphs of Plaintiffs' Petition as its answer to Paragraph 1 of Count IV.

2.      Morse TEC denies the allegations in Paragraph 2 of Count IV to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages.  Morse TEC requests Plaintiffs' Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys fees.

<div align="center">

**COUNT V – Willful /Wanton Misconduct**
**(loss of consortium)**

</div>

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

1.      Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' Petition as its answer to Paragraph 1 of Count V.

2.      Morse TEC denies the allegations in Paragraph 2 of Count V to the extent the allegations pertain to Morse TEC.

3.      Morse TEC denies the allegations in Paragraph 3 of Count V to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages.  Morse TEC requests Plaintiffs' Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys fees.

## COUNT VI– Negligence
### (spoliation of evidence)

1.      Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' Petition as its answer to Paragraph 1 of Count VI.

2.      Morse TEC denies the allegations in Paragraph 2 of Count VI to the extent the allegations pertain to Morse TEC.

3.      Morse TEC denies the allegations in Paragraph 3 of Count VI to the extent the allegations pertain to Morse TEC.

4.      Morse TEC denies the allegations in Paragraph 4 of Count VI to the extent the allegations pertain to Morse TEC.

5.      Morse TEC denies the allegations in Paragraph 5 of Count VI to the extent the allegations pertain to Morse TEC.

6.      Morse TEC denies the allegations in Paragraph 6 of Count VI to the extent the allegations pertain to Morse TEC.

7.    Morse TEC denies the allegations in Paragraph 7 of Count VI to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages.  Morse TEC requests Plaintiffs' Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys fees.

## COUNT VII- Willful/wanton misconduct
## (spoliation of evidence)

1.    Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' Petition as its answer to Paragraph 1 of Count VII.

2.    Morse TEC denies the allegations in Paragraph 2 of Count VII to the extent the allegations pertain to Morse TEC.

3.    Morse TEC denies the allegations in Paragraph 3 of Count VII to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages.  Morse TEC requests Plaintiffs' Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys fees.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Petition fails to state a claim against this Defendant upon which relief can be granted.

2.    This Court lacks personal jurisdiction over Morse TEC.  *See State ex rel. Norfolk Southern Railway Company v. Dolan*, 512 S.W.3d 41 (Mo. banc 2017).  The exercise of personal jurisdiction over Morse TEC by this Court would violate Morse TEC's state and federal Constitutional due process rights.  Plaintiffs' Petition is vague and fails to establish jurisdictional

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

allegations. Plaintiffs failed to allege this cause of action arose from any activity in Missouri, and consequently all claims against Morse TEC should be dismissed for lack of personal jurisdiction.

3.      Venue is improper in the City of St. Louis.

4.      Plaintiffs' claims are barred by the applicable statutes of limitations or statutes of repose, including §§ 516.120, 516.190, 516.230, 537.100, 400.2-607, 400.1-106, 400.2-715, and 400.2-725 RSMo, and others, and potentially the statutes of limitations or statutes of repose of foreign states.

5.      Plaintiffs' claims may be barred or limited by the substantive law of foreign states or jurisdictions.

6.      Plaintiffs' claims should be dismissed for failure to join one or more necessary parties.

7.      Plaintiffs' claims against this Defendant should be dismissed pursuant to Rule 52.04 for failure to join one or more indispensable parties, including but not limited to bankrupt entities or other entities who may be liable for Plaintiffs' alleged injury, in that the absence of these parties leaves this Defendant subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

8.      Defendant does not deny that Plaintiff was exposed to asbestos from the products of, or as the result of conduct by, any other defendant or non-party, and does not deny the liability of any other defendant or non-party.

9.      If damages were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by the conduct, carelessness, fault and/or negligence of the Plaintiffs, including, but not limited to conduct in smoking, consuming alcohol, and failure to lose weight,

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

or by products or conduct of other persons and entities not under this defendant's control, including learned intermediaries, and the Court should therefore deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

10.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiffs knowingly assuming all risks and therefore Plaintiffs are barred from recovery.

11.    Under the facts of this case, Defendant owed no duty to Plaintiffs.

12.    At all times pertinent, the state of the medical, scientific, and industrial knowledge was such that Defendant neither knew, nor should have known, that asbestos-containing products presented reasonably foreseeable risks to Plaintiffs or others similarly situated in the normal and expected use of said products.

13.    If products containing asbestos for which Defendant has liability caused or contributed to Plaintiffs' alleged injuries and damages, which is denied, such products were misused, altered, or modified by Plaintiffs or persons other than this defendant, or installed or used contrary to the instructions of this Defendant.

14.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiffs' unreasonable failure to appreciate any risks that may be involved in the use of asbestos-containing materials or the consequences thereof and his unreasonable exposure to such risks.

15.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiffs' failure to undertake the precautions a

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

reasonably careful user of asbestos-containing materials would take to protect himself against possible risks, which he should reasonably appreciate under the same or similar circumstances.

16.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by the failure to mitigate damages.

17.    If Plaintiffs were exposed to asbestos-containing products manufactured, sold, or distributed by this Defendant, which is denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Plaintiffs.

18.    Plaintiffs are barred from asserting that Defendant is liable for any losses that allegedly were suffered by Plaintiffs because of the doctrine of laches.

19.    Plaintiffs' prayer to have Defendant be held jointly and severally liable is contrary to the provisions of § 537.067 RSMo.

20.    Joint and several liability is unconstitutional as applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts.  Joint and several liability is unconstitutional because recovery of damages by Plaintiffs against this Defendant in excess of Defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that this Defendant would be subject to a penalty above and beyond its causal fault.

    a.    Recovery of such damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because they would subject this Defendant to excessive fines and punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106 RSMo.

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

b.    Further, recovery of such damages by Plaintiffs would deny this Defendant of property without due process of law in violation of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because such recovery would allow an award that is grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

c.    Recovery of such damages by Plaintiffs deprives this Defendant of property without due process of law and further deprives this Defendant of the equal protection of the laws in violation of Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10.

21.    Plaintiffs' claim for punitive damages is barred by the United States Constitution because by requesting an award of punitive damages, Plaintiffs seek to have the Court impose state action upon Defendant, whether those damages are imposed by statute or common law.

22.    Plaintiffs' claim for punitive damages is barred by the United States Constitution because recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that Defendant may be subjected to multiple awards for an alleged single course of conduct.

a.    Recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that the standards, whether statutory or common law, by which a jury may determine the culpability of Defendant and the amount of damages to be awarded are vague and therefore constitutionally defective.

b.    Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments. Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they would subject Defendant to multiple jeopardy, excessive fines, and

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

unusual punishment and would be a violation of due process. Such damages are also precluded under § 400.1-106 RSMo.

c.  Recovery of punitive damages by Plaintiffs would deny Defendant property without due process of law in violation of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because there are insufficient legal standards for a jury to determine the amount of any such damages so as to allow awards that are grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

23.  Recovery of punitive damages by Plaintiffs in this case would violate procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

a.  Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

b.  Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

c.  Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award;

d.  The right to a speedy trial, the requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-incrimination during the discovery process and at trial, all of which are afforded to defendants facing criminal sanctions.

24.  Recovery of punitive damages by Plaintiffs deprives Defendant of property without due process of law and further deprives Defendant of the equal protection of the laws in violation of a defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10, because the jury is told to take into consideration the evidence of

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

defendant's net worth, implying to the jury that it would be more appropriate to punish Defendant rather than another defendant of similar circumstances which had a lesser net worth.

25.    Sections 408.040, 509.050, and 537.765 RSMo are unconstitutional as applied to the facts of this case.

26.    Plaintiffs' claims for punitive damages are barred for the above reasons and because an alleged successor is not liable for punitive damages under the law of this State.

27.    Plaintiffs' claims for punitive damages are barred for the above reasons and because an award of punitive damages would be contrary to the public policy of this State.

28.    Plaintiffs' claims against Defendant are barred by federal preemption.

29.    Plaintiffs' suit should be barred or limited by the doctrine of judicial estoppel.

30.    Plaintiffs lack standing to maintain this cause of action.

31.    Plaintiffs' alleged injury was not caused by exposure to asbestos fibers.

32.    If Missouri substantive law applies, then pursuant to § 537.060 RSMo, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by Plaintiffs to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Plaintiff's claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  To date, Plaintiffs have not disclosed any such agreements, and Defendant does not otherwise currently possess knowledge or information regarding any such agreements between Plaintiffs and any party or nonparty.  As such, the precise identity of any entities with whom Plaintiffs may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Defendant at this time.  Information regarding Plaintiffs' settlements and arrangements necessary for Defendant to fully plead the affirmative defense of reduction under § 537.060 is

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

expected to be gleaned through written discovery. Defendant is entitled to a reduction for the stipulated or paid amounts of all settlement agreements under § 537.060, as well as setoffs for any future compensation Plaintiffs receive in the form of payments from any other parties or entities for the alleged damages.

33.     If Plaintiffs and any other party and/or its insurer enter into a contract pursuant to §§ 537.060 and 537.065 RSMo to levy execution, by garnishment or otherwise, against specific assets of that party and/or its insurer, then this Defendant should be entitled to a set-off of any verdict for the entire amount of such levy or garnishment, and final judgment shall not be entered until all such setoffs are applied.

34.     Plaintiffs' claims for punitive damages are barred pursuant to RSMo. 510.261(5), which states that "No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant to file such a pleading only on written motion by the claimant . . ." The statute further provides that a motion must be supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages. Plaintiffs failed to file the required motion, failed to submit any supporting evidence, and failed to obtain leave of the Court before asserting a claim for a punitive damage award.

35.     Defendant reserves the right to assert any additional defenses which it may learn through discovery and further adopts and asserts all defenses raised or asserted, or to be raised or asserted, by other Defendants to this action.

Defendant Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation moves to dismiss Plaintiffs' Petition, for its costs, and, for other relief as this Court deems appropriate.

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

Respectfully submitted,

*/s/ Dyanna Ballou*
Dyanna Ballou, MO #48124
Justin U. Ijei, MO #63906
RASMUSSEN DICKEY MOORE LLC
1001 East 101st Terrace, Suite 300
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Facsimile: (816) 960-1669
dballou@rdm.law
jijei@rdm.law
***Attorneys for Defendant Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation***

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 15, 2022, this document was filed electronically with the Clerk of the Court to be served by operation of the Missouri Court's eFiling System upon all counsel of record.

*/s/ Dyanna Ballou*
***One of the Attorneys for Defendant Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation***

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID AND KATHY BUTLER** | ) | |
| | ) | **Case No. 2222-CC00226** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT DEMANDS** |
| **A.W. CHESTERTON COMPANY,** *et al.,* | ) | **TRIAL BY JURY** |
| | ) | |
| **Defendants.** | ) | |

**ENTRY OF APPEARANCE**

Dyanna Ballou and Justin U. Ijei of RASMUSSEN DICKEY MOORE, LLC, and hereby enter their appearance as counsel of record for Defendant Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation, in the above-referenced matter.

Respectfully submitted,

*/s/ Dyanna Ballou*
Dyanna Ballou, MO #48124
Justin U. Ijei, MO #63906
RASMUSSEN DICKEY MOORE LLC
1001 East 101st Terrace, Suite 300
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Facsimile: (816) 960-1669
dballou@rdm.law
jijei@rdm.law
*Attorneys for Defendant Morse TEC LLC*

Electronically Filed - City of St. Louis - March 15, 2022 - 04:02 PM

## CERTIFICATE OF SERVICE

I certify that on this 15th day of March, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties.

/s/ Dyanna Ballou
**Attorneys for Defendant Morse TEC LLC**

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-THIRD JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER,** his wife, | ) | |
| | ) | |
| **Petitioners,** | ) | **Case No:  2222-CC00226** |
| | ) | |
| **vs.** | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| **EATON CORPORATION,** *et. al.* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## ENTRY OF APPEARANCE

Dyanna Ballou and Sarah E. Schwartz of the law firm Rasmussen Dickey Moore, LLC, enter their appearance as counsel of record for Defendant EATON CORPORATION, in this matter.

Respectfully Submitted,

*/s/ Sarah E. Schwartz*
Dyanna Ballou, #48124
Sarah E. Schwartz, #70453
RASMUSSEN, DICKEY & MOORE, L.L.C.
1001 E. 101st Terrace
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Fax: (816) 960-1669
dballou@rdm.law
sschwartz@rdm.law
**Attorneys for Defendant Eaton Corporation**

## CERTIFICATE OF SERVICE

I certify that on this 16th day of March 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties.

*/s/ Sarah E. Schwartz*
**Attorney for Defendant Eaton Corporation**

Page 1 of 1

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-THIRD JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER, his wife,** | ) | |
| | ) | |
| Petitioners, | ) | **Case No: 2222-CC00226** |
| | ) | |
| **vs.** | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| **EATON CORPORATION, _et. al._** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EATON CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION**

Defendant Eaton Corporation's Answer and Affirmative Defenses to Plaintiffs' Petition:

**ANSWER TO JURISDICTION, VENUE AND GENERAL ALLEGATIONS**

1.    Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Petition.

2.    Eaton is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2 of Plaintiffs' Petition. Eaton denies the allegations contained in Paragraph 2 of Plaintiffs' Petition to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.    Eaton denies that joint and several liability is proper. Eaton denies the allegations contained in Paragraph 3 of Plaintiffs' Petition, and each of its sub-paragraphs, to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

4.      Eaton denies the allegations contained in Paragraph 4 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

5.      Eaton denies the allegations contained in Paragraph 5 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

6.      Eaton denies the allegations contained in Paragraph 6 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants. Eaton denies that the court has general jurisdiction over it in this matter.

7.      Eaton denies the allegations contained in Paragraph 7 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants. Eaton denies that the court has specific jurisdiction over it in this matter.

8.      Eaton denies the allegations contained in Paragraph 8 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants. Eaton denies that the court has jurisdiction over it in this matter.

9.      Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Petition.

10.     Eaton denies the allegations contained in Paragraph 10 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

11.    Eaton denies the allegations contained in Paragraph 11 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

12.    Eaton denies that venue is proper in the City of St. Louis, Missouri.  Eaton denies the allegations contained in Paragraph 12 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants. Eaton denies that venue is proper in this Court.

13.    Eaton denies the allegations contained in Paragraph 13 of Plaintiffs' Petition, and each of its sub-paragraphs, to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

14.    Eaton denies the allegations contained in Paragraph 14 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

15.    Eaton denies the allegations contained in Paragraph 15 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

16.    Eaton denies the allegations contained in Paragraph 16 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

17.    Eaton denies the allegations contained in Paragraph 17 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

18.    Eaton denies the allegations contained in Paragraph 18 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

## ANSWER TO COUNT I – NEGLIGENCE

1.    Eaton incorporates its answer to Paragraph 3 of Plaintiffs' Petition.

2.    Eaton is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2 of Count I of Plaintiffs' Petition.

3.    Eaton denies the allegations contained in Paragraph 3 of Count I of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

4.    Eaton denies the allegations contained in Paragraph 4 of Count I of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

5.    Eaton denies the allegations contained in Paragraph 5 of Count I of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

6.     Eaton denies the allegations contained in Paragraph 6 of Count I of Plaintiffs' Petition, and each of its sub-paragraphs, to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

7.     Eaton denies the allegations contained in Paragraph 7 of Count I of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual and compensatory damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count I of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT II – WILLFUL & WANTON MISCONDUCT

1.     Eaton incorporates its answers to Paragraphs 2-4 of Count I of Plaintiffs' Petition.

2.     Eaton denies the allegations contained in Paragraph 2 of Count II of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.     Eaton denies the allegations contained in Paragraph 3 of Count II of Plaintiffs' Petition, and each of its sub-paragraphs, to the extent they pertain to Eaton.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

4.      Eaton denies the allegations contained in Paragraph 4 of Count II of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

5.      Eaton denies the allegations contained in Paragraph 5 of Count II of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual, compensatory, or punitive damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count II of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## <u>ANSWER TO COUNT III – STRICT LIABILITY</u>

1.      Eaton incorporates its answers to Paragraphs 2-4 of Count I of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count III of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

3.        Eaton denies the allegations contained in Paragraph 3 of Count III of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

4.        Eaton denies the allegations contained in Paragraph 4 of Count III of Plaintiffs' Second Amended Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual and compensatory damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count III of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT IV – NEGLIGENCE
## (LOSS OF CONSORTIUM)

1.        Eaton incorporates its answers to all preceding paragraphs of Plaintiffs' Petition.

2.        Eaton denies the allegations contained in Paragraph 2 of Count IV of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual and compensatory

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count IV of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT V – WILFUL/WANTON MISCOUNDUCT (LOSS OF CONSORTIUM)

1.      Eaton incorporates its answers to all preceding paragraphs of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count V of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.      Eaton denies the allegations contained in Paragraph 3 of Count V of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual, compensatory, or punitive damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count V of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT VI – NEGLIGENCE (SPOLIATION OF EVIDENCE)

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

1.      Eaton incorporates its answers to all preceding paragraphs of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.      Eaton denies the allegations contained in Paragraph 3 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

4.      Eaton denies the allegations contained in Paragraph 4 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

5.      Eaton denies the allegations contained in Paragraph 5 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

6.      Eaton denies the allegations contained in Paragraph 6 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

7.      Eaton denies the allegations contained in Paragraph 7 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual and compensatory damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count VI of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

<u>**ANSWER TO COUNT VII – WILFUL/WANTON MISCONDUCT (SPOLIATION OF EVIDENCE)**</u>

1.      Eaton incorporates its answers to Paragraphs 2-5 of Count VI of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count VII of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.      Eaton denies the allegations contained in Paragraph 3 of Count VII of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual, compensatory, or

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

punitive damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count VII of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiffs' Petition fails to state a claim against this Defendant upon which relief may be granted.

2.    This Court lacks personal jurisdiction over this Defendant.

3.    Venue is improper in the City of St. Louis, Missouri.

4.    Plaintiffs' claims against this Defendant are barred by the applicable statutes of limitations or statutes of repose, including §§ 516.120, 516.190, 516.230, 537.100, 400.2-607, 400.1-106, 400.2-715, and 400.2-725 RSMo; and potentially other statutes of limitations and/or repose of foreign states.

5.    Plaintiffs' claims may be barred or limited by the substantive law of foreign states or jurisdictions.

6.    Plaintiffs' claims should be dismissed for failure to join one or more necessary parties.

7.    Plaintiffs' claims against this Defendant should be dismissed pursuant to Rule 52.04 for failure to join one or more indispensable parties, including but not limited to bankrupt entities or other entities whom may be liable for Plaintiff's alleged injury, in that the absence of these parties leaves this Defendant subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

8.     Plaintiffs' claim should be dismissed pursuant to Section 55.27(a)(9) if Plaintiff has an ongoing action between the same parties for the same cause. Mo. Sup. Ct. R. 55.27(a)(9).

9.     Defendant does not deny that the Plaintiff may have been exposed to product(s) or injured by the activities of other Defendants and/or non-parties and does not deny the liability of any other Defendant or non-party.

10.    If damages were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by the conduct, carelessness, fault and/or negligence of Plaintiff, including, but not limited to conduct in smoking, consuming alcohol, and failure to lose weight, or by products or conduct of other persons and entities not under this Defendant's control, including learned intermediaries.  The Court should therefore deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

11. If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff knowingly assuming all risks. Therefore, Plaintiff is barred from recovery.

12.    Under the facts of this case, this Defendant owed no duty to Plaintiffs.

13.    At all pertinent times, the state of the medical, scientific and industrial knowledge was such that this Defendant neither knew, nor should have known, that asbestos-containing products presented reasonably foreseeable risks to Plaintiff or others similarly situated in the normal and expected use of said products.

14.    If products containing asbestos for which Defendant has liability caused or contributed to Plaintiff's alleged injuries and damages, which is denied, such products were

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

misused, altered, or modified by Plaintiff or persons other than this Defendant, or installed or used contrary to the instructions of this Defendant.

15.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff's unreasonable failure to appreciate any risks that may be involved in the use of asbestos-containing materials or the consequences thereof and his unreasonable exposure to such risks.

16.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff's failure to undertake the precautions a reasonably careful user of asbestos-containing materials would take to protect himself against possible risks which he should reasonably appreciate under the same or similar circumstances.

17.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff's failure to mitigate damages.

18.    If Plaintiff was exposed to asbestos-containing products manufactured, sold, or distributed by this Defendant, which is denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Plaintiffs.

19.    The doctrine of laches bars Plaintiffs from asserting that Defendant is liable for any losses that allegedly were suffered by Plaintiff.

20.    Plaintiffs' prayer to have Defendant be held jointly and severally liable is contrary to the provisions of § 537.067 RSMo.

21.    Joint and several liability is unconstitutional as applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts.   Joint and several liability is unconstitutional because recovery of damages by

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

Plaintiffs against this Defendant in excess of Defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that this Defendant would be subject to a penalty above and beyond its causal fault.

a. Recovery of such damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because they would subject this Defendant to excessive fines and punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106 RSMo.

b. Further, recovery of such damages by Plaintiffs would deny this Defendant of property without due process of law in violation of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because such recovery would allow an award that is grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

c. Recovery of such damages by Plaintiffs would deprive this Defendant of property without due process of law and further deprive this Defendant of the equal protection of the laws in violation of Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10.

22. Plaintiffs' claim for punitive damages is barred by the United States Constitution because by requesting an award of punitive damages, Plaintiffs seek to have the Court impose state action upon Defendant, whether those damages are imposed by statute or common law.

23. Plaintiffs' claim for punitive damages is barred by the United States Constitution because recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

as applied to state courts via the Fourteenth Amendment, in that Defendant may be subjected to multiple awards for an alleged single course of conduct.

24.    Recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that the standards, whether statutory or common law, by which a jury may determine the culpability of Defendant and the amount of damages to be awarded are vague and therefore constitutionally defective.

25.    Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they would subject Defendant to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106 RSMo.

26.    Recovery of punitive damages by Plaintiffs would deny Defendant property without due process of law in violation of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because there are insufficient legal standards for a jury to determine the amount of any such damages so as to allow awards that are grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

27.    Recovery of punitive damages by Plaintiffs in this case would violate

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

a.  Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

b.  Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

c.  Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award;

d.  The right to a speedy trial, the requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-incrimination during the discovery process and at trial, all of which are afforded to defendants facing criminal sanctions.

28.    Recovery of punitive damages by Plaintiffs would deprive this Defendant of property without due process of law and further deprive Defendant of the equal protection of the laws in violation of Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10, because the jury is told to take into consideration the evidence of Defendant's net worth, implying to the jury that it would be more appropriate to punish Defendant rather than another defendant of similar circumstances which had a lesser net worth.

29.    Sections 408.040, 509.050, and 537.765 RSMo are unconstitutional as applied to the facts of this case.

30.    Plaintiffs' claims for punitive damages are barred for the above reasons and because an alleged successor is not liable for punitive damages under the law of this State.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

31.     Plaintiffs' claims for punitive damages are barred for the above reasons and because an award of punitive damages would be contrary to the public policy of this State.

32.     Plaintiffs' claims against Defendant are barred by federal preemption and/or statutory compliance.

33.     If Missouri substantive law applies, then pursuant to § 537.060 RSMo, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given in good faith by Plaintiffs to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Plaintiffs' claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

34.     Defendant asserts all defenses available to it under Mo. H.B. No. 393 (2005).

35.     Defendant cannot be held liable for the allegedly defective design of its products because Defendant satisfied the requirements of the "Military or Government Contractor Defense" announced in *Boyle v. United Technologies*, 487 U.S. 500 (1988). State law which imposes liability for design defects in military equipment is displaced where the United States approved reasonably precise specifications; the equipment conformed to those specifications; and the supplier warned the United States about the dangers in the use of the equipment known to the supplier but not to the United States.

36.     Defendant denies all allegations not expressly and specifically admitted.

37.     Defendant reserves the right to assert any additional defenses which it may learn through discovery and further adopts and asserts all defenses raised or asserted or to be raised or asserted by other Defendants to this action.

38.     Plaintiffs' claims are barred by all affirmative defenses provided for in

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

Missouri Rule 55.08.

39.     Plaintiffs' claims for punitive damages are barred pursuant to RSMo. 510.261(5), which states that "No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant to file such a pleading only on written motion by the claimant . . . ."  The statute further provides that a motion must be supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages. Plaintiff has failed to file the required motion, failed to submit any supporting evidence, and failed to obtain leave of the Court before asserting a claim for a punitive damage award.

Defendant Eaton Corporation, Individually and as Successor-in-Interest to Cutler-Hammer, Inc. denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiffs, including actual, compensatory, and punitive damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiffs are entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on all counts of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

Respectfully Submitted,

/s/ Sarah E. Schwartz
Dyanna Ballou, #48124
Sarah E. Schwartz, #70453
RASMUSSEN, DICKEY & MOORE, L.L.C.
1001 E. 101st Terrace
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Fax: (816) 960-1669
dballou@rdm.law
sschwartz@rdm.law
**Attorneys for Defendant Eaton Corporation**

## CERTIFICATE OF SERVICE

I certify that on this 16th day of March 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties.

/s/ Sarah E. Schwartz
**Attorney for Defendant Eaton Corporation**

Electronically Filed - City of St. Louis - March 16, 2022 - 11:02 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-THIRD JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER,** his wife, | ) ) ) | |
| **Petitioners,** | ) ) | **Case No:  2222-CC00226** |
| **vs.** | ) ) | **PERSONAL INJURY PRODUCTS LIABILITY** |
| **EATON CORPORATION,** *et. al.* | ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

**<u>ENTRY OF APPEARANCE</u>**

Dyanna Ballou and Sarah E. Schwartz of the law firm Rasmussen Dickey Moore, LLC, enter their appearance as counsel of record for Defendant EATON CORPORATION, in this matter.

Respectfully Submitted,

*/s/ Sarah E. Schwartz*
Dyanna Ballou, #48124
Sarah E. Schwartz, #70453
RASMUSSEN, DICKEY & MOORE, L.L.C.
1001 E. 101st Terrace
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Fax: (816) 960-1669
dballou@rdm.law
sschwartz@rdm.law
**Attorneys for Defendant Eaton Corporation**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 16th day of March 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties.

*/s/ Sarah E. Schwartz*
**Attorney for Defendant Eaton Corporation**

Page 1 of 1

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE ON BEHALF OF CNH INDUSTRIAL AMERICA LLC**

Erick E. VanDorn, as Lead Counsel, and the law firm of Thompson Coburn LLP enter their appearance on behalf of CNH Industrial America LLC. Lindsay K. Gilmore also enters her appearance as additional counsel on behalf of CNH Industrial America LLC.

Respectfully submitted,

_____
Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois  62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for CNH Industrial America LLC*

OF COUNSEL:
THOMPSON COBURN LLP

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

**<u>Certificate of Service</u>**

I hereby certify that on the 16th day of March, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CNH INDUSTRIAL AMERICA LLC'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, OR TO STRIKE, OR TO TRANSFER VENUE**

Defendant CNH Industrial America LLC (hereinafter "CNH"), by and through its counsel Thompson Coburn LLP, moves this Court for an Order dismissing Plaintiffs' Petition (hereinafter "Petition") pursuant to Missouri Rules of Civil Procedure 55.27(a)(2), 55.27(a)(6) and 67.03 for lack of personal jurisdiction and/or failure to state a claim. In the alternative, CNH moves the Court for an Order requiring Plaintiffs to make the Petition more definite and certain pursuant to Missouri Rule of Civil Procedure 55.27(d), or striking Plaintiff's Petition pursuant to Missouri Rule of Civil Procedure 55.27(e), or transferring venue pursuant to Missouri Rule of Civil Procedure 51.045. In support thereof, CNH states:

1.      Plaintiffs' Petition consists of seven counts, lists thirty-six (36) defendants, and generally alleges that Plaintiff David Butler ("Butler") was exposed to asbestos and/or asbestos-containing materials, and subsequently developed mesothelioma. Count I (Negligence), Count II (Willful and Wanton Misconduct), Count III (Strict Liability), Count IV (Negligence- Loss or Consortium), Count V (Willful and Wanton Misconduct – Loss of Consortium), Count VI

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

(Negligent Spoliation of Evidence), and VII (Willful and Wanton Misconduct – Spoliation of Evidence) are brought against CNH, among the numerous other defendants.

**Missouri Rule of Civil Procedure 55.27(a)(2)**
**(Motion to Dismiss for Lack of Personal Jurisdiction)**

2.      CNH moves to dismiss Plaintiffs' Petition pursuant to Mo. R. Civ. Pro. 55.27(a)(2) because this Court lacks personal jurisdiction over CNH. Specifically, this Court lacks jurisdiction over CNH under the Missouri long arm statute, Mo. Rev. Stat. § 506.500, because Plaintiffs' alleged claims do not arise from "the transaction of any business" conducted by CNH, or from "the commission of a tortious act" by CNH within Missouri. *See Anderson Trucking Services, Inc. v. Ryan*, 746 S.W.2d 647, 649 (Mo. App. 1988); *Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 899 (Mo. App. 2000). Indeed, the Petition fails to allege any activities in Missouri <u>by CNH</u> that give rise to Plaintiffs' claims against it.[1]

3.      Similarly, this Court also lacks general or "all-purpose" personal jurisdiction over CNH. The United States Supreme Court recently held in *Daimler AG v. Bauman* that, absent exceptional circumstances, a company is only subject to general personal jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." 134 S.Ct. 746, 760-62 (2014).  Here, CNH has never been incorporated in Missouri or had a principal place of business in Missouri.  *See Exhibit A to Suggestions In Support: Affidavit.* Therefore, Plaintiffs' Petition as to CNH should be dismissed for lack of personal jurisdiction.  *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1553 (2017); *State ex rel. Norfolk Southern Railway Co.*

---

[1] Plaintiffs make conclusory allegations, without any factual support as required by Missouri Rule of Civil Procedure 55.05, that each defendant is amenable to suit in Missouri "by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." Pet. at ¶ 11.  However, there are no specific facts alleging any acts committed by CNH in Missouri. *See* Pet.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

*v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017); *Clark v. Lockheed Martin Corporation,* 2016 WL 67265 at *2 (S.D. Ill. Jan. 6, 2016); *Keeley v. Pfizer, Inc.*, 2015 WL 3999488 at *4 (E.D. Mo. July 1, 2015); *Neeley v. Wyeth LLC*, 2015 WL 1456984 at *1-4 (E.D. Mo. Mar. 20, 2015); *Denton v. Air & Liquid Sys. Corps.*, 2015 WL 682158 at *1-2 (S.D. Ill. Feb. 17, 2015); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11 (E.D. Pa. Oct. 23, 2014); *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at *1-2 (E.D.N.C. June 24, 2014); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390, 396-400 (D. Conn. May 14, 2014), *aff'd*; *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016); *Smith v. Union Carbide*, Case No. 1422-CC00457, Div. No. 18 (Jan. 12, 2015).

4.    CNH hereby incorporates by reference its Suggestions in Support of its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Mo. R. Civ. Pro. 55.27(a)(2), filed contemporaneously herewith.

### Missouri Rules of Civil Procedure 55.27(a)(6), 55.27(d), and 55.27(e) (Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for a More Definite Statement, or to Strike)

5.    In addition, each of the counts directed against CNH in Plaintiffs' Petition fails to comport with the basic requirements of Missouri Rule of Civil Procedure 55.05, which requires that claims for relief consist of "a short and plain statement of the facts showing that the pleader is entitled to relief." Plaintiffs' Petition should be dismissed as a result.

6.    Missouri is a fact-pleading jurisdiction. *ITT Commercial Fin. Co. v. Mid-America Marine Supply*, 854 S.W.2d 371, 379 (Mo. 1993). "Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be presented at trial." *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

7.    To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and must allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial. *Fischer, Spuhl, Herzwurm & Assoc., Inc. v. Forrest T. Jones & Co.*, 586 S.W.2d 310, 315 (Mo. 1979). Although a petition does not have to plead evidentiary facts, it must plead ultimate facts and cannot rely on mere conclusions. *Westphal v. Lake Lotawana Ass'n, Inc.*, 95 S.W.3d 144, 152 (Mo. App. 2003). Further, "where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id.*

8.    Alternatively, defendants are entitled to a more definite statement of the pleaded facts when the matters contained in a pleading are not averred with sufficient definiteness or particularity to enable a responding party to prepare responsive pleadings and prepare generally for trial. Mo. R. Civ. Pro. 55.27(d); *see also State ex rel. Harvey*, 955 S.W.2d at 547.

9.    Furthermore, pursuant to Missouri Rule of Civil Procedure 55.27(e), "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter."

10.    The Court may dismiss Plaintiffs' claims against CNH with or without prejudice pursuant to Missouri Rule of Civil Procedure 67.03.

11.    Plaintiffs' Petition fails to meet the fact-pleading requirement established by Missouri Rule of Civil Procedure 55.05 and fails to enable Defendant CNH to prepare responsive pleadings and prepare generally for trial. Plaintiffs' Petition should be dismissed or, in the alternative, be made more definite or stricken because Plaintiffs' allegations fail to comport with

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

the Missouri Rules of Civil Procedure and fail to identify any particular CNH product on which the allegations rest.

12.     Plaintiffs have not identified any particular product attributable to CNH – whether by name, model, date of manufacture, or other identifying characteristic – that was allegedly composed of, or contained, asbestos with which Butler worked with or around.

13.     Nowhere do Plaintiffs allege exposure to any CNH product at any particular location, much less the date, manner, frequency, duration, or circumstances under which Butler was allegedly exposed to an asbestos containing product, and Plaintiffs have failed to make any distinction between any particular exposures involving particular products or premises of the numerous named Defendants.

14.     Without any particular facts alleged, CNH is unable to determine whether it can plead certain defenses, including, but not limited to, those afforded by Missouri Rule of Civil Procedure 55.27(a)(7), Mo. Rev. Stat. §§ 287.128(2), 516.120, and 516.097, or those afforded by any other states where alleged asbestos exposure occurred.

15.     CNH is unable to properly analyze or respond to Plaintiffs' Petition, conduct discovery, or generally prepare for trial unless Plaintiffs set forth the above-enumerated matters with specificity, as required by Missouri Law. Mo. R. Civ. Pro. 55.05, 55.27(d); *see also State ex rel. Harvey*, 955 S.W.2d at 547.

16.     In addition, CNH did not owe a duty to Plaintiffs collectively, or to Butler individually, to the extent Plaintiffs allege secondary exposure or "take home" exposure to Butler attributable to CNH.

### Missouri Rule of Civil Procedure 51.045
### (Motion to Transfer Venue)

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

17.    Also, without any particular facts alleged, Plaintiffs have not shown that venue is proper in the Circuit Court of the City of St. Louis.

18.    Venue in this matter is governed by Mo. Rev. Stat. § 508.010.

19.    The venue statute provides that "[i]n all actions, venue shall be determined as of the date the plaintiff was first injured." Mo. Rev. Stat. § 508.010(9).

20.    Under Missouri's venue statute "[a] plaintiff is considered first injured where the trauma or exposure occurred rather than where symptoms are first manifested." Mo. Rev. Stat. § 508.010(14).

21.    Plaintiffs do not allege that Butler was first exposed inside the State of Missouri. Pet. at ¶¶ 1-2. Upon information and belief, Butler was first exposed outside the state of Missouri. *See id.*

22.    In a tort action where a plaintiff was first injured outside Missouri, our venue statute provides, in pertinent part, that "[i]f the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located, or if the plaintiff's principal place of residence was in the State of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured." Mo. Rev. Stat. § 508.010(5)(1).

23.    Plaintiffs allege that venue is proper in the City of St. Louis because Defendants General Gasket Corporation, Hercules Incorporated, and J.P. Bushnell Packing Supply Co. have registered agents in the City of St. Louis.  Pet. at ¶ 3.

24.    Missouri Courts will not allow a plaintiff to fix venue by naming a resident defendant without any reasonable belief that under the law and evidence he or she can prevail against the defendant.  *See State ex rel. Hoeft v. Koehr*, 825 S.W.2d 65 (Mo. App. 1992).

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

25.     Without any particular facts alleged as to Butler's alleged asbestos exposure, it cannot be determined whether the defendants that allegedly make venue proper in the City of St. Louis have been added in good faith.

26.     Additionally, according to the website of the Missouri Secretary of State, at least some of the alleged Defendants with  registered agents in the City of St. Louis are no longer in existence as businesses in Missouri.[2]

27.     When venue is challenged, the plaintiff has the burden of showing that venue is proper. *State ex rel. Harness v. Grady*, 201 S.W.3d 48, 50 (Mo. App. 2006) (citing *Igoe v. Dept. of Labor & Indus. Relations*, 152 S.W.3d 284, 288 (Mo. banc 2005)).

28.     Plaintiffs have not done so, and this case should be transferred to a proper venue, such as the St. Louis County Circuit Court, where at least fifteen (15) defendants, including CNH, have registered agents. *See Petition, pgs. 3-11.*

WHEREFORE, Defendant CNH respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' Petition as directed against Defendant CNH for lack of personal jurisdiction and/or failure to state a claim.  In the alternative, CNH requests that this Court order Plaintiffs to File a More Definite Statement, or Enter an Order Striking Plaintiffs' Petition, or Transfer the Case to a Proper Venue, such as the St. Louis County Circuit Court, and, in any event, award Defendant CNH its costs herein, and award any additional relief the Court deems appropriate and just.

---

[2]  *Available at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=84544* (click on "filings," click on "View Document" link for entry filed on 8/29/2012, with an effective date of 8/29/2012). Similarly, Hercules Incorporated has withdrawn from the State of Missouri. *Available at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=460754* (click on "filings," click on "View Document" link for entry filed on 12/13/16, with an effective date of 12/13/16).

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

Respectfully submitted,

_____

Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for CNH Industrial America LLC*

OF COUNSEL:
THOMPSON COBURN LLP


### Certificate of Service

I hereby certify that on the 16th day of March, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record. In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com

_____

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CNH INDUSTRIAL AMERICA LLC'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' PETITION FOR LACK OF PERSONAL JURISDICTION PURSUANT TO MO. R. CIV. PRO. 55.27(a)(2)**

Defendant CNH Industrial America LLC (hereinafter "CNH"), by and through its counsel Thompson Coburn LLP, for its Suggestions in Support of its Motion to Dismiss Plaintiffs' Petition for Lack of Personal Jurisdiction pursuant to Mo. R. Civ. Proc. 55.27(a)(2), states as follows:

## INTRODUCTION

CNH is not subject to personal jurisdiction in Missouri because Plaintiffs have not alleged activity (asbestos exposure) by CNH in Missouri that caused David Butler's ("Butler") alleged injuries. Indeed, there is no alleged connection between CNH and Butler in Missouri.

Plaintiffs filed a Petition against numerous defendants, including CNH, alleging that Butler developed mesothelioma caused by asbestos exposure through his employment and non-occupational projects. Pet. at ¶¶ 8-9.

The Petition does not allege that Butler's mesothelioma was caused by *any* asbestos exposure or activity attributable to CNH in Missouri. In addition, CNH has never been formed or incorporated in Missouri and its principal place of business is not in Missouri. *See Affidavit,*

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

*attached hereto as Exhibit A.* Therefore, this Court should dismiss CNH from this case for lack of personal jurisdiction pursuant to Missouri Rule of Civil Procedure 55.27(a)(2).

<u>**ARGUMENT**</u>

**A.  This Court Cannot Exercise Specific Personal Jurisdiction Over CNH Based on the Alleged Facts.**

Pursuant to Mo. R. Civ. Pro. 55.27(a)(2), CNH moves to dismiss Plaintiffs' Petition as to it because this Court lacks specific personal jurisdiction over CNH. "Specific jurisdiction requires consideration of the relationship among the defendant, the forum, and the litigation." *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 48 (Mo banc. 2017) (internal citations omitted); *see also* Mo. Rev. Stat. 506.500(1) and (3) (Missouri's long-arm statute provides for specific jurisdiction for the transaction of business in Missouri or the commission of a tortious act in Missouri, among other bases not relevant here). A foreign corporation that does business in Missouri is only subject to specific jurisdiction if a plaintiff's claims are related to that business. *Dolan*, 512 S.W.3d at 48 ("Because [defendant] has purposefully availed itself of the opportunity to do business in Missouri, it would be subject to specific jurisdiction in Missouri. But that jurisdiction would exist only over claims that are related to those contacts.").

The U.S. Supreme Court recently clarified that a State court has no specific personal jurisdiction when a non-resident plaintiff, like Plaintiffs in this case, brings a claim for injuries that occurred outside of the forum State. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, 'the *suit*' must arise out of or relate to the defendant's contacts with the *forum*. In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (internal citations omitted).

Here, Plaintiffs' alleged claims do not arise from the transaction of any business conducted by CNH or from the commission of a tortious act by CNH within Missouri.[1] *See* Pet. at ¶¶ 1-5. Plaintiffs have alleged no activity by CNH that occurred in Missouri that forms the basis of Plaintiffs' causes of action against CNH. Therefore, the Court lacks specific personal jurisdiction over CNH. *See, e.g., Bristol-Myers Squibb*, 137 S.Ct. at 1780; *Dolan*, 512 S.W.3d at 48-49; *MacCormack v. Adel Wiggins Group*, 2017 WL 1426009 at *4-5 (E.D. Mo. Apr. 21, 2017) (finding no specific jurisdiction because no actions alleged in plaintiffs' amended complaint occurred in Missouri); *Perez v. Air & Liquid Systems Corporation*, 2016 WL 7049153 at *5, 6 (S.D. Ill. Dec. 2, 2016) (finding no specific personal jurisdiction where the plaintiff did not allege that the plaintiff's injuries arose out of or relate to the defendant's activities in Illinois).

**B.     This Court Cannot Exercise General Personal Jurisdiction Over CNH Based on the Alleged Facts.**

Likewise, the Court should dismiss CNH from this case because the Court also lacks general personal jurisdiction over CNH. Specifically, in *Daimler AG v. Bauman*, the United States Supreme Court held that, absent exceptional circumstances, a company is only subject to general jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760-62 (2014) (holding that, even after attributing California contacts of New Jersey subsidiary, which included facilities located in California and significant sales in California, to foreign corporation,[2] the foreign corporation was

---

[1] Plaintiffs make conclusory allegations, without any factual support as required by Missouri Rule of Civil Procedure 55.05, that each defendant is amenable to suit in Missouri "by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." Pet. at ¶ 11.  However, there are no specific facts alleging any acts committed by CNH in Missouri. *See* Pet.

[2] "Foreign corporation" for purposes of personal jurisdiction includes not only companies formed or headquartered in a foreign country, but also those formed or headquartered in a sister-state. *See Daimler*, 134 S.Ct. at 754 (citing *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

not subject to personal jurisdiction in California where plaintiffs' claims had no connection to California).

The *Daimler* Court made clear that simply doing business in a forum does not constitute an "exceptional case" allowing a finding of general personal jurisdiction in a forum other than a company's formal place of formation or principal place of business. *Id.* at 760, 761 n.18 (holding that a formulation approving "the exercise of general jurisdiction in every State in which the corporation 'engages in a substantial, continuous, and systematic course of business'" is "unacceptably grasping"). As the Supreme Court explained, a corporation that operates in many places cannot be at home in all of them. *Id.* at 762 n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity.").

The United States Supreme Court recently reaffirmed these principles in *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549 (2017), holding that a railroad worker suing her employer under the Federal Employers' Liability Act for injuries sustained outside the state cannot sue the railroad in the state, even though the railroad does some business in the state, but instead the courts of a state may only exercise personal jurisdiction over the railroad where the exercise of that jurisdiction is consistent with the due process principles described in *Daimler*.

The Supreme Court of Missouri recently issued an opinion bearing directly on the issue whether this Court has personal jurisdiction over CNH. In *Dolan*, the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. 512 S.W.3d at 46-68. Further, Missouri could not assert general jurisdiction over a defendant company unless it is organized in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Dolan*, 512 S.W.3d at 46-68. Finally, the Court held that Missouri's business registration statutes do not require a foreign company to consent to suit over activities unrelated to Missouri and, thus, compliance with Missouri's foreign business registration statutes do not constitute consent to general jurisdiction. *Id.*

This Court considered a similar personal jurisdiction defense brought by a similarly situated defendant in a multi-defendant asbestos exposure case. This Court found personal jurisdiction lacking based on the same arguments CNH makes here. *Smith v. Union Carbide*, 2015 WL 191118 at *1, 2-3 (Mo. Cir. Ct. Jan. 12, 2015).

The plaintiff in *Smith* alleged exposure to asbestos in various states. *Id.* at *1. Defendant E.I. Du Pont De Nemours is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id.* All of the plaintiff's alleged exposures as to Du Pont occurred in Oklahoma. *Id.* Thus, the Court found that specific personal jurisdiction was not at issue and turned to an analysis of general personal jurisdiction. *Id.* at *2.

Judge Dierker noted that *Daimler* made clear that "a corporation's place of incorporation and principal place of business are the paradigm bases for general jurisdiction." *Id.* He then considered the plaintiff's argument that, despite the U.S. Supreme Court's holding in *Daimler*, the law in Missouri is that general jurisdiction is proper if a foreign corporation has a registered agent in Missouri and the corporation conducts substantial and continuous business in Missouri. *Id.* (citing *State ex rel. K-Mart Corp. v. Hollinger*, 986 S.W.2d 165 (Mo. banc 1999)). However, because the *K-Mart* court specifically noted that the Due Process Clause of the United States Constitution may limit the exercise of general jurisdiction in Missouri on the basis of having a

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

registered agent, Judge Dierker held that a federal due process analysis was required to make a determination regarding general jurisdiction. *Id.*

Turning to due process, Judge Dierker held that plaintiff could not meet its burden of establishing general jurisdiction, rejecting arguments that service on a registered agent in Missouri or substantial sales by a wholly-owned subsidiary were sufficient to comply with federal due process. *Id.* at *3. Because DuPont was not incorporated in Missouri, did not have a principal place of business in Missouri, and there was no evidence of "exceptional circumstances" to warrant the exercise of general jurisdiction, Judge Dierker held that the Court "lacks personal jurisdiction over DuPont under the Due Process Clause." *Id.* As in *Smith*, Plaintiffs in this case have not provided any evidence suggesting that jurisdiction over CNH is proper in Missouri.

Courts in other jurisdictions have also considered similar personal jurisdiction defenses brought by similarly situated defendants in multi-defendant asbestos cases and dismissed foreign defendants under *Daimler*. *See, e.g., Clark v. Lockheed Martin Corporation,* 2016 WL 67265 at *2 (S.D. Ill. Jan. 6, 2016); *Denton v. Air & Liquid Sys. Corps.*, 2015 WL 682158 at *1-2 (S.D. Ill. Feb. 17, 2015); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11 (E.D.Pa. Oct. 23, 2014); *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at *1 (E.D.N.C. June 24, 2014); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. May 14, 2014).

All of these cases establish that asbestos claims against such defendants should be dismissed when 1) the alleged asbestos exposure did not occur in the forum state; 2) the defendant is not formed in the forum state; and 3) the defendant does not have its principal place of business in the forum state. *Ricks,* 2014 WL 2873189 at *1-2; *Brown*, 19 F. Supp. 3d at 396-400.

In *Brown*, the plaintiff, an Alabama resident, brought suit in Connecticut. 19 F. Supp. 3d at 391. Defendant Lockheed Martin, a Maryland corporation with its principal place of business

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

in Maryland, sought dismissal for lack of personal jurisdiction. *Id.* Lockheed was registered to do business in Connecticut, derived $160 million in revenue in Connecticut between 2008 and 2012, maintained employees at four locations in Connecticut, leased a 9,000 square foot facility in Connecticut, paid Connecticut state corporate income tax, and maintained Connecticut workers' compensation coverage. *Id.* at 391-92.

Citing *Daimler*, the Connecticut district court held that it did not have personal jurisdiction over Lockheed. Lockheed's Connecticut connections were insufficient to render it "at home" in Connecticut and, thus, allowing Lockheed to be sued in Connecticut would exceed the bounds of federal due process. *Id.* at 396-400.  Recently, the Second Circuit affirmed the ruling of the District Court in *Brown* and found that it properly granted the motion to dismiss for lack of personal jurisdiction because plaintiffs' claims did not arise out of defendant's Connecticut contacts and those contacts were insufficient to render a Maryland corporation "at home" in Connecticut. *Brown v. Lockheed Martin Corp.*, 2016 WL 641392 (2d Cir. Feb. 18, 2016).

In this case, CNH has never been formed or incorporated in Missouri. *See Exhibit A.* Nor is CNH's principal place of business in Missouri. *Id.* CNH is formed in Delaware, with its principal place of business in Wisconsin. *Id.* This Court should dismiss Plaintiffs' Petition against CNH for lack of general jurisdiction, as the Supreme Court did in *Daimler*, and Judge Dierker did in *Smith*, because CNH is not formed under the laws of Missouri and does not have its principal place of business in Missouri. *See Exhibit A; see also Daimler*, 134 S.Ct at 760-62; *Smith*, 2015 WL 191118 at *2-3; *Denton*, 2015 WL 682158 at *2 (holding that Du Pont was not subject to general jurisdiction in Illinois based on alleged Du Pont exposures in Texas, even though Du Pont has several facilities in Illinois, because "the Supreme Court has made it clear that the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum"); *Brown*,

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

19 F. Supp. 3d at 396-400; *Ricks*, 2014 WL 2873189 at *1-2 (granting motion to dismiss for lack of personal jurisdiction because the plaintiff's claims did not arise out of defendant's North Carolina contacts and those contacts were insufficient to render Massachusetts corporation "at home" in North Carolina); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *9-11 (granting motion to dismiss for lack of general personal jurisdiction because defendants' contacts with the U.S. Virgin Islands—one had a facility in the forum, and another was licensed to do business there, had an agent for service of process there, and was doing some business there—were insufficient to render the foreign defendants "at home" there).

Even assuming Plaintiffs could show that CNH does some business in Missouri, Plaintiffs' Petition does not allege that any of CNH's activities in Missouri gave rise to the pending claims. *See* Pet. at ¶¶ 1-5. Moreover, the *Daimler* Court held that the mere fact that a company does business in the forum state (through, for example, the distribution of vehicles to dealerships in that state) does not establish a court's general jurisdiction over that company, particularly when that company did not engage in any activities in the forum state that gave rise to the pending claim. *See Daimler*, 134 S.Ct. at 760-62; Mo. R. Civ. Pro. 55.27(a)(2).

Plaintiffs bear the burden of proving personal jurisdiction over a nonresident defendant. *See Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010). Because Plaintiffs have not met that burden, CNH should be dismissed. *Daimler*, 134 S.Ct at 760-62; *Smith*, 2015 WL 191118 at *2-3; *Neeley*, 2015 WL 1456984 at *1-4; *Denton*, 2015 WL 682158 at *2; *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11; *Ricks,* 2014 WL 2873189 at *1; *Brown*, 19 F. Supp. 3d at 392.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

**C.**    **CNH did not consent to personal jurisdiction in Missouri.**

To the extent Plaintiffs argue that CNH's designation of a registered agent in Missouri constitutes waiver of its personal jurisdiction defense, the Missouri Supreme Court has conclusively held that registering to do business in Missouri and designating a registered agent do not amount to consent to jurisdiction for any and all claims that arose outside of Missouri. *See Dolan*, 512 S.W.3d at 52-53 ("[Missouri's] registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present."); *see also Matthews v. BNSF Railway Company*, 2017 WL 2266891 at *2 (W.D. Mo. May 23, 2017) (citing *Dolan* and finding that consent to jurisdiction based on business registration is not valid under Missouri law); *Alvarracin v. Volume Services, Inc.*, 2017 WL 1842701 at *1-3 (same). As a result, the "consent" argument must be rejected, and Plaintiffs' Petition should be dismissed as to CNH for lack of personal jurisdiction.

WHEREFORE, Defendant CNH respectfully requests that this Court enter an Order dismissing Plaintiffs' Petition against it, with prejudice, for lack of personal jurisdiction, and awarding any additional relief the Court deems appropriate and just.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

Respectfully submitted,

_____

Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois  62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for CNH Industrial America LLC*

OF COUNSEL:
THOMPSON COBURN LLP

## Certificate of Service

I hereby certify that on the 16th day of March, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com

_____

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

Exhibit A

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2222-CC00226 |
| v. | ) ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

**NOTICE OF HEARING ON BEHALF OF CNH INDUSTRIAL AMERICA LLC**

PLEASE TAKE NOTICE that Defendant CNH Industrial America LLC's Motion to Dismiss, or Alternatively, for a More Definite Statement or to Strike Plaintiffs' Petition, or to Transfer Venue, will be called up for hearing on **Tuesday, May 24, 2022, at 9:00 a.m.** in Division 18.

Respectfully submitted,

_____

Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for CNH Industrial America LLC*

OF COUNSEL:
THOMPSON COBURN LLP

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

Electronically Filed - City of St. Louis - March 16, 2022 - 02:36 PM

## <u>Certificate of Service</u>

I hereby certify that on the 16th day of March, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com

_____

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE ON
## BEHALF OF CASE NEW HOLLAND INDUSTRIAL INC.

Erick E. VanDorn, as Lead Counsel, and the law firm of Thompson Coburn LLP enter their appearance on behalf of Case New Holland Industrial Inc. Lindsay K. Gilmore also enters her appearance as additional counsel on behalf of Case New Holland Industrial Inc.

Respectfully submitted,

_____
Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for Case New Holland Industrial Inc.*

OF COUNSEL:
THOMPSON COBURN LLP

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

**<u>Certificate of Service</u>**

I hereby certify that on the 16th day of March, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com



_____

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CASE NEW HOLLAND INDUSTRIAL INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, OR TO STRIKE, OR TO TRANSFER VENUE**

Defendant Case New Holland Industrial Inc. (hereinafter "CNHII"), by and through its counsel Thompson Coburn LLP, moves this Court for an Order dismissing Plaintiffs' Petition (hereinafter "Petition") pursuant to Missouri Rules of Civil Procedure 55.27(a)(2), 55.27(a)(6) and 67.03 for lack of personal jurisdiction and/or failure to state a claim. In the alternative, CNHII moves the Court for an Order requiring Plaintiffs to make the Petition more definite and certain pursuant to Missouri Rule of Civil Procedure 55.27(d), or striking Plaintiff's Petition pursuant to Missouri Rule of Civil Procedure 55.27(e), or transferring venue pursuant to Missouri Rule of Civil Procedure 51.045. In support thereof, CNHII states:

1.    Plaintiffs' Petition consists of seven counts, lists thirty-six (36) defendants, and generally alleges that Plaintiff David Butler ("Butler") was exposed to asbestos and/or asbestos-containing materials, and subsequently developed mesothelioma. Count I (Negligence), Count II (Willful and Wanton Misconduct), Count III (Strict Liability), Count IV (Negligence- Loss or Consortium), Count V (Willful and Wanton Misconduct – Loss of Consortium), Count VI

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

(Negligent Spoliation of Evidence), and VII (Willful and Wanton Misconduct – Spoliation of Evidence) are brought against CNHII, among the numerous other defendants.

<div align="center">

**Missouri Rule of Civil Procedure 55.27(a)(2)**
**(Motion to Dismiss for Lack of Personal Jurisdiction)**

</div>

2.      CNHII moves to dismiss Plaintiffs' Petition pursuant to Mo. R. Civ. Pro. 55.27(a)(2) because this Court lacks personal jurisdiction over CNHII. Specifically, this Court lacks jurisdiction over CNHII under the Missouri long arm statute, Mo. Rev. Stat. § 506.500, because Plaintiffs' alleged claims do not arise from "the transaction of any business" conducted by CNHII, or from "the commission of a tortious act" by CNHII within Missouri. *See Anderson Trucking Services, Inc. v. Ryan*, 746 S.W.2d 647, 649 (Mo. App. 1988); *Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 899 (Mo. App. 2000). Indeed, the Petition fails to allege any activities in Missouri <u>by CNHII</u> that give rise to Plaintiffs' claims against it.[1]

3.      Similarly, this Court also lacks general or "all-purpose" personal jurisdiction over CNHII. The United States Supreme Court recently held in *Daimler AG v. Bauman* that, absent exceptional circumstances, a company is only subject to general personal jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." 134 S.Ct. 746, 760-62 (2014).  Here, CNHII has never been incorporated in Missouri or had a principal place of business in Missouri.  *See Exhibit A to Suggestions In Support: Affidavit.* Therefore, Plaintiffs' Petition as to CNHII should be dismissed for lack of personal jurisdiction.  *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1553 (2017); *State ex rel. Norfolk Southern Railway Co.*

---

[1] Plaintiffs make conclusory allegations, without any factual support as required by Missouri Rule of Civil Procedure 55.05, that each defendant is amenable to suit in Missouri "by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." Pet. at ¶ 11.  However, there are no specific facts alleging any acts committed by CNHII in Missouri. *See* Pet.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

*v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017); *Clark v. Lockheed Martin Corporation,* 2016 WL 67265 at *2 (S.D. Ill. Jan. 6, 2016); *Keeley v. Pfizer, Inc.*, 2015 WL 3999488 at *4 (E.D. Mo. July 1, 2015); *Neeley v. Wyeth LLC*, 2015 WL 1456984 at *1-4 (E.D. Mo. Mar. 20, 2015); *Denton v. Air & Liquid Sys. Corps.*, 2015 WL 682158 at *1-2 (S.D. Ill. Feb. 17, 2015); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11 (E.D. Pa. Oct. 23, 2014); *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at *1-2 (E.D.N.C. June 24, 2014); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390, 396-400 (D. Conn. May 14, 2014), *aff'd*; *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016); *Smith v. Union Carbide*, Case No. 1422-CC00457, Div. No. 18 (Jan. 12, 2015).

4.     CNHII hereby incorporates by reference its Suggestions in Support of its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Mo. R. Civ. Pro. 55.27(a)(2), filed contemporaneously herewith.

### Missouri Rules of Civil Procedure 55.27(a)(6), 55.27(d), and 55.27(e) (Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for a More Definite Statement, or to Strike)

5.     In addition, each of the counts directed against CNHII in Plaintiffs' Petition fails to comport with the basic requirements of Missouri Rule of Civil Procedure 55.05, which requires that claims for relief consist of "a short and plain statement of the facts showing that the pleader is entitled to relief." Plaintiffs' Petition should be dismissed as a result.

6.     Missouri is a fact-pleading jurisdiction. *ITT Commercial Fin. Co. v. Mid-America Marine Supply*, 854 S.W.2d 371, 379 (Mo. 1993). "Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be presented at trial." *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

7.     To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and must allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial. *Fischer, Spuhl, Herzwurm & Assoc., Inc. v. Forrest T. Jones & Co.*, 586 S.W.2d 310, 315 (Mo. 1979). Although a petition does not have to plead evidentiary facts, it must plead ultimate facts and cannot rely on mere conclusions. *Westphal v. Lake Lotawana Ass'n, Inc.*, 95 S.W.3d 144, 152 (Mo. App. 2003). Further, "where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id*.

8.     Alternatively, defendants are entitled to a more definite statement of the pleaded facts when the matters contained in a pleading are not averred with sufficient definiteness or particularity to enable a responding party to prepare responsive pleadings and prepare generally for trial. Mo. R. Civ. Pro. 55.27(d); *see also State ex rel. Harvey*, 955 S.W.2d at 547.

9.     Furthermore, pursuant to Missouri Rule of Civil Procedure 55.27(e), "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter."

10.     The Court may dismiss Plaintiffs' claims against CNHII with or without prejudice pursuant to Missouri Rule of Civil Procedure 67.03.

11.     Plaintiffs' Petition fails to meet the fact-pleading requirement established by Missouri Rule of Civil Procedure 55.05 and fails to enable Defendant CNHII to prepare responsive pleadings and prepare generally for trial. Plaintiffs' Petition should be dismissed or, in the alternative, be made more definite or stricken because Plaintiffs' allegations fail to comport with

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

the Missouri Rules of Civil Procedure and fail to identify any particular CNHII product on which the allegations rest.

12.    Plaintiffs have not identified any particular product attributable to CNHII – whether by name, model, date of manufacture, or other identifying characteristic – that was allegedly composed of, or contained, asbestos with which Butler worked with or around.

13.    Nowhere do Plaintiffs allege exposure to any CNHII product at any particular location, much less the date, manner, frequency, duration, or circumstances under which Butler was allegedly exposed to an asbestos containing product, and Plaintiffs have failed to make any distinction between any particular exposures involving particular products or premises of the numerous named Defendants.

14.    Without any particular facts alleged, CNHII is unable to determine whether it can plead certain defenses, including, but not limited to, those afforded by Missouri Rule of Civil Procedure 55.27(a)(7), Mo. Rev. Stat. §§ 287.128(2), 516.120, and 516.097, or those afforded by any other states where alleged asbestos exposure occurred.

15.    CNHII is unable to properly analyze or respond to Plaintiffs' Petition, conduct discovery, or generally prepare for trial unless Plaintiffs set forth the above-enumerated matters with specificity, as required by Missouri Law. Mo. R. Civ. Pro. 55.05, 55.27(d); *see also State ex rel. Harvey*, 955 S.W.2d at 547.

16.    In addition, CNHII did not owe a duty to Plaintiffs collectively, or to Butler individually, to the extent Plaintiffs allege secondary exposure or "take home" exposure to Butler attributable to CNHII.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

**<u>Missouri Rule of Civil Procedure 51.045</u>**
**(Motion to Transfer Venue)**

17.     Also, without any particular facts alleged, Plaintiffs have not shown that venue is proper in the Circuit Court of the City of St. Louis.

18.     Venue in this matter is governed by Mo. Rev. Stat. § 508.010.

19.     The venue statute provides that "[i]n all actions, venue shall be determined as of the date the plaintiff was first injured." Mo. Rev. Stat. § 508.010(9).

20.     Under Missouri's venue statute "[a] plaintiff is considered first injured where the trauma or exposure occurred rather than where symptoms are first manifested." Mo. Rev. Stat. § 508.010(14).

21.     Plaintiffs do not allege that Butler was first exposed inside the State of Missouri. Pet. at ¶¶ 1-2. Upon information and belief, Butler was first exposed outside the state of Missouri. *See id.*

22.     In a tort action where a plaintiff was first injured outside Missouri, our venue statute provides, in pertinent part, that "[i]f the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located, or if the plaintiff's principal place of residence was in the State of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured." Mo. Rev. Stat. § 508.010(5)(1).

23.     Plaintiffs allege that venue is proper in the City of St. Louis because Defendants General Gasket Corporation, Hercules Incorporated, and J.P. Bushnell Packing Supply Co. have registered agents in the City of St. Louis.  Pet. at ¶ 3.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

24.    Missouri Courts will not allow a plaintiff to fix venue by naming a resident defendant without any reasonable belief that under the law and evidence he or she can prevail against the defendant.  *See State ex rel. Hoeft v. Koehr*, 825 S.W.2d 65 (Mo. App. 1992).

25.    Without any particular facts alleged as to Butler's alleged asbestos exposure, it cannot be determined whether the defendants that allegedly make venue proper in the City of St. Louis have been added in good faith.

26.    Additionally, according to the website of the Missouri Secretary of State, at least some of the alleged Defendants with  registered agents in the City of St. Louis are no longer in existence as businesses in Missouri.[2]

27.    When venue is challenged, the plaintiff has the burden of showing that venue is proper. *State ex rel. Harness v. Grady*, 201 S.W.3d 48, 50 (Mo. App. 2006) (citing *Igoe v. Dept. of Labor & Indus. Relations*, 152 S.W.3d 284, 288 (Mo. banc 2005)).

28.    Plaintiffs have not done so, and this case should be transferred to a proper venue, such as the St. Louis County Circuit Court, where at least fifteen (15) defendants, including CNHII, have registered agents. *See Petition, pgs. 3-11.*

WHEREFORE, Defendant Case New Holland Industrial Inc. respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' Petition as directed against Defendant CNHII for lack of personal jurisdiction and/or failure to state a claim.  In the alternative, CNHII requests that this Court order Plaintiffs to File a More Definite Statement, or Enter an Order Striking Plaintiffs' Petition, or Transfer the Case to a Proper Venue, such as the St. Louis County Circuit Court, and,

---

[2] *Available at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=84544* (click on "filings," click on "View Document" link for entry filed on 8/29/2012, with an effective date of 8/29/2012). Similarly, Hercules Incorporated has withdrawn from the State of Missouri. *Available at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=460754* (click on "filings," click on "View Document" link for entry filed on 12/13/16, with an effective date of 12/13/16).

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

in any event, award Defendant CNHII its costs herein, and award any additional relief the Court

deems appropriate and just.

Respectfully submitted,

_____
Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois  62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for Case New Holland Industrial Inc.*

OF COUNSEL:
THOMPSON COBURN LLP

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

**<u>Certificate of Service</u>**

I hereby certify that on the 16th day of March, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com



_____

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2222-CC00226 |
| A.W. CHESTERTON COMPANY, et al., | ) ) | (Asbestos) |
| Defendants. | ) ) | |

**DEFENDANT CASE NEW HOLLAND INDUSTRIAL INC.'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' PETITION FOR LACK OF PERSONAL JURISDICTION PURSUANT TO MO. R. CIV. PRO. 55.27(a)(2)**

Defendant Case New Holland Industrial Inc. (hereinafter "CNHII"), by and through its counsel Thompson Coburn LLP, for its Suggestions in Support of its Motion to Dismiss Plaintiffs' Petition for Lack of Personal Jurisdiction pursuant to Mo. R. Civ. Proc. 55.27(a)(2), states as follows:

**INTRODUCTION**

CNHII is not subject to personal jurisdiction in Missouri because Plaintiffs have not alleged activity (asbestos exposure) by CNHII in Missouri that caused David Butler's ("Butler") alleged injuries. Indeed, there is <u>no alleged connection</u> between CNHII and Butler in Missouri.

Plaintiffs filed a Petition against numerous defendants, including CNHII, alleging that Butler developed mesothelioma caused by asbestos exposure through his employment and non-occupational projects. Pet. at ¶¶ 8-9.

The Petition does not allege that Butler's mesothelioma was caused by *any* asbestos exposure or activity attributable to CNHII in Missouri. In addition, CNHII has never been formed

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

or incorporated in Missouri and its principal place of business is not in Missouri. *See Affidavit, attached hereto as Exhibit A.* Therefore, this Court should dismiss CNHII from this case for lack of personal jurisdiction pursuant to Missouri Rule of Civil Procedure 55.27(a)(2).

## ARGUMENT

**A.      This Court Cannot Exercise Specific Personal Jurisdiction Over CNHII Based on the Alleged Facts.**

Pursuant to Mo. R. Civ. Pro. 55.27(a)(2), CNHII moves to dismiss Plaintiffs' Petition as to it because this Court lacks specific personal jurisdiction over CNHII. "Specific jurisdiction requires consideration of the relationship among the defendant, the forum, and the litigation." *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 48 (Mo banc. 2017) (internal citations omitted); *see also* Mo. Rev. Stat. 506.500(1) and (3) (Missouri's long-arm statute provides for specific jurisdiction for the transaction of business in Missouri or the commission of a tortious act in Missouri, among other bases not relevant here). A foreign corporation that does business in Missouri is only subject to specific jurisdiction if a plaintiff's claims are related to that business. *Dolan*, 512 S.W.3d at 48 ("Because [defendant] has purposefully availed itself of the opportunity to do business in Missouri, it would be subject to specific jurisdiction in Missouri. But that jurisdiction would exist only over claims that are related to those contacts.").

The U.S. Supreme Court recently clarified that a State court has no specific personal jurisdiction when a non-resident plaintiff, like Plaintiffs in this case, brings a claim for injuries that occurred outside of the forum State. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, 'the *suit*' must arise out of or relate to the defendant's contacts with the *forum*. In other words, there must be an affiliation between the forum and the underlying controversy,

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (internal citations omitted).

Here, Plaintiffs' alleged claims do not arise from the transaction of any business conducted by CNHII or from the commission of a tortious act by CNHII within Missouri.[1] *See* Pet. at ¶¶ 1-5. Plaintiffs have alleged no activity by CNHII that occurred in Missouri that forms the basis of Plaintiffs' causes of action against CNHII. Therefore, the Court lacks specific personal jurisdiction over CNHII. *See, e.g., Bristol-Myers Squibb*, 137 S.Ct. at 1780; *Dolan*, 512 S.W.3d at 48-49; *MacCormack v. Adel Wiggins Group*, 2017 WL 1426009 at *4-5 (E.D. Mo. Apr. 21, 2017) (finding no specific jurisdiction because no actions alleged in plaintiffs' amended complaint occurred in Missouri); *Perez v. Air & Liquid Systems Corporation*, 2016 WL 7049153 at *5, 6 (S.D. Ill. Dec. 2, 2016) (finding no specific personal jurisdiction where the plaintiff did not allege that the plaintiff's injuries arose out of or relate to the defendant's activities in Illinois).

**B.      This Court Cannot Exercise General Personal Jurisdiction Over CNHII Based on the Alleged Facts.**

Likewise, the Court should dismiss CNHII from this case because the Court also lacks general personal jurisdiction over CNHII. Specifically, in *Daimler AG v. Bauman*, the United States Supreme Court held that, absent exceptional circumstances, a company is only subject to general jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760-62 (2014) (holding that, even after attributing California contacts of New Jersey subsidiary, which included facilities located in

---

[1] Plaintiffs make conclusory allegations, without any factual support as required by Missouri Rule of Civil Procedure 55.05, that each defendant is amenable to suit in Missouri "by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." Pet. at ¶ 11.  However, there are no specific facts alleging any acts committed by CNHII in Missouri. *See* Pet.

California and significant sales in California, to foreign corporation,[2] the foreign corporation was not subject to personal jurisdiction in California where plaintiffs' claims had no connection to California).

The *Daimler* Court made clear that simply doing business in a forum does not constitute an "exceptional case" allowing a finding of general personal jurisdiction in a forum other than a company's formal place of formation or principal place of business. *Id.* at 760, 761 n.18 (holding that a formulation approving "the exercise of general jurisdiction in every State in which the corporation 'engages in a substantial, continuous, and systematic course of business'" is "unacceptably grasping"). As the Supreme Court explained, a corporation that operates in many places cannot be at home in all of them. *Id.* at 762 n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity.").

The United States Supreme Court recently reaffirmed these principles in *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549 (2017), holding that a railroad worker suing her employer under the Federal Employers' Liability Act for injuries sustained outside the state cannot sue the railroad in the state, even though the railroad does some business in the state, but instead the courts of a state may only exercise personal jurisdiction over the railroad where the exercise of that jurisdiction is consistent with the due process principles described in *Daimler*.

The Supreme Court of Missouri recently issued an opinion bearing directly on the issue whether this Court has personal jurisdiction over CNHII. In *Dolan*, the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. 512 S.W.3d at 46-68. Further,

---

[2] "Foreign corporation" for purposes of personal jurisdiction includes not only companies formed or headquartered in a foreign country, but also those formed or headquartered in a sister-state. *See Daimler*, 134 S.Ct. at 754 (citing *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

Missouri could not assert general jurisdiction over a defendant company unless it is organized in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Dolan*, 512 S.W.3d at 46-68. Finally, the Court held that Missouri's business registration statutes do not require a foreign company to consent to suit over activities unrelated to Missouri and, thus, compliance with Missouri's foreign business registration statutes do not constitute consent to general jurisdiction. *Id.*

This Court considered a similar personal jurisdiction defense brought by a similarly situated defendant in a multi-defendant asbestos exposure case. This Court found personal jurisdiction lacking based on the same arguments CNHII makes here. *Smith v. Union Carbide*, 2015 WL 191118 at *1, 2-3 (Mo. Cir. Ct. Jan. 12, 2015).

The plaintiff in *Smith* alleged exposure to asbestos in various states. *Id.* at *1. Defendant E.I. Du Pont De Nemours is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id.* All of the plaintiff's alleged exposures as to Du Pont occurred in Oklahoma. *Id.* Thus, the Court found that specific personal jurisdiction was not at issue and turned to an analysis of general personal jurisdiction. *Id.* at *2.

Judge Dierker noted that *Daimler* made clear that "a corporation's place of incorporation and principal place of business are the paradigm bases for general jurisdiction." *Id.* He then considered the plaintiff's argument that, despite the U.S. Supreme Court's holding in *Daimler*, the law in Missouri is that general jurisdiction is proper if a foreign corporation has a registered agent in Missouri and the corporation conducts substantial and continuous business in Missouri. *Id.* (citing *State ex rel. K-Mart Corp. v. Hollinger*, 986 S.W.2d 165 (Mo. banc 1999)). However, because the *K-Mart* court specifically noted that the Due Process Clause of the United States

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

Constitution may limit the exercise of general jurisdiction in Missouri on the basis of having a registered agent, Judge Dierker held that a federal due process analysis was required to make a determination regarding general jurisdiction. *Id.*

Turning to due process, Judge Dierker held that plaintiff could not meet its burden of establishing general jurisdiction, rejecting arguments that service on a registered agent in Missouri or substantial sales by a wholly-owned subsidiary were sufficient to comply with federal due process. *Id.* at *3. Because DuPont was not incorporated in Missouri, did not have a principal place of business in Missouri, and there was no evidence of "exceptional circumstances" to warrant the exercise of general jurisdiction, Judge Dierker held that the Court "lacks personal jurisdiction over DuPont under the Due Process Clause." *Id.* As in *Smith*, Plaintiffs in this case have not provided any evidence suggesting that jurisdiction over CNHII is proper in Missouri.

Courts in other jurisdictions have also considered similar personal jurisdiction defenses brought by similarly situated defendants in multi-defendant asbestos cases and dismissed foreign defendants under *Daimler*. *See, e.g., Clark v. Lockheed Martin Corporation,* 2016 WL 67265 at *2 (S.D. Ill. Jan. 6, 2016); *Denton v. Air & Liquid Sys. Corps.*, 2015 WL 682158 at *1-2 (S.D. Ill. Feb. 17, 2015); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11 (E.D.Pa. Oct. 23, 2014); *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at *1 (E.D.N.C. June 24, 2014); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. May 14, 2014).

All of these cases establish that asbestos claims against such defendants should be dismissed when 1) the alleged asbestos exposure did not occur in the forum state; 2) the defendant is not formed in the forum state; and 3) the defendant does not have its principal place of business in the forum state. *Ricks,* 2014 WL 2873189 at *1-2; *Brown,* 19 F. Supp. 3d at 396-400.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

In *Brown*, the plaintiff, an Alabama resident, brought suit in Connecticut. 19 F. Supp. 3d at 391. Defendant Lockheed Martin, a Maryland corporation with its principal place of business in Maryland, sought dismissal for lack of personal jurisdiction. *Id.* Lockheed was registered to do business in Connecticut, derived $160 million in revenue in Connecticut between 2008 and 2012, maintained employees at four locations in Connecticut, leased a 9,000 square foot facility in Connecticut, paid Connecticut state corporate income tax, and maintained Connecticut workers' compensation coverage. *Id.* at 391-92.

Citing *Daimler*, the Connecticut district court held that it did not have personal jurisdiction over Lockheed. Lockheed's Connecticut connections were insufficient to render it "at home" in Connecticut and, thus, allowing Lockheed to be sued in Connecticut would exceed the bounds of federal due process. *Id.* at 396-400.  Recently, the Second Circuit affirmed the ruling of the District Court in *Brown* and found that it properly granted the motion to dismiss for lack of personal jurisdiction because plaintiffs' claims did not arise out of defendant's Connecticut contacts and those contacts were insufficient to render a Maryland corporation "at home" in Connecticut. *Brown v. Lockheed Martin Corp.*, 2016 WL 641392 (2d Cir. Feb. 18, 2016).

In this case, CNHII has never been formed or incorporated in Missouri. *See Exhibit A.* Nor is CNHII's principal place of business in Missouri. *Id.* CNHII is formed in Delaware, with its principal place of business in Wisconsin. *Id.* This Court should dismiss Plaintiffs' Petition against CNHII for lack of general jurisdiction, as the Supreme Court did in *Daimler*, and Judge Dierker did in *Smith*, because CNHII is not formed under the laws of Missouri and does not have its principal place of business in Missouri. *See Exhibit A; see also Daimler*, 134 S.Ct at 760-62; *Smith*, 2015 WL 191118 at *2-3; *Denton*, 2015 WL 682158 at *2 (holding that Du Pont was not subject to general jurisdiction in Illinois based on alleged Du Pont exposures in Texas, even though Du

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

Pont has several facilities in Illinois, because "the Supreme Court has made it clear that the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum"); *Brown*, 19 F. Supp. 3d at 396-400; *Ricks*, 2014 WL 2873189 at *1-2 (granting motion to dismiss for lack of personal jurisdiction because the plaintiff's claims did not arise out of defendant's North Carolina contacts and those contacts were insufficient to render Massachusetts corporation "at home" in North Carolina); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *9-11 (granting motion to dismiss for lack of general personal jurisdiction because defendants' contacts with the U.S. Virgin Islands—one had a facility in the forum, and another was licensed to do business there, had an agent for service of process there, and was doing some business there—were insufficient to render the foreign defendants "at home" there).

Even assuming Plaintiffs could show that CNHII does some business in Missouri, Plaintiffs' Petition does not allege that any of CNHII's activities in Missouri gave rise to the pending claims. *See* Pet. at ¶¶ 1-5. Moreover, the *Daimler* Court held that the mere fact that a company does business in the forum state (through, for example, the distribution of vehicles to dealerships in that state) does not establish a court's general jurisdiction over that company, particularly when that company did not engage in any activities in the forum state that gave rise to the pending claim. *See Daimler*, 134 S.Ct. at 760-62; Mo. R. Civ. Pro. 55.27(a)(2).

Plaintiffs bear the burden of proving personal jurisdiction over a nonresident defendant. *See Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010). Because Plaintiffs have not met that burden, CNHII should be dismissed. *Daimler*, 134 S.Ct at 760-62; *Smith*, 2015 WL 191118 at *2-3*; Neeley*, 2015 WL 1456984 at *1-4; *Denton*, 2015 WL 682158 at *2; *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11; *Ricks,* 2014 WL 2873189 at *1; *Brown*, 19 F. Supp. 3d at 392.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

**C.      CNHII did not consent to personal jurisdiction in Missouri.**

To the extent Plaintiffs argue that CNHII's designation of a registered agent in Missouri constitutes waiver of its personal jurisdiction defense, the Missouri Supreme Court has conclusively held that registering to do business in Missouri and designating a registered agent do not amount to consent to jurisdiction for any and all claims that arose outside of Missouri. *See Dolan*, 512 S.W.3d at 52-53 ("[Missouri's] registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present."); *see also Matthews v. BNSF Railway Company*, 2017 WL 2266891 at *2 (W.D. Mo. May 23, 2017) (citing *Dolan* and finding that consent to jurisdiction based on business registration is not valid under Missouri law); *Alvarracin v. Volume Services, Inc.*, 2017 WL 1842701 at *1-3 (same). As a result, the "consent" argument must be rejected, and Plaintiffs' Petition should be dismissed as to CNHII for lack of personal jurisdiction.

WHEREFORE, Defendant Case New Holland Industrial Inc. respectfully requests that this Court enter an Order dismissing Plaintiffs' Petition against it, with prejudice, for lack of personal jurisdiction, and awarding any additional relief the Court deems appropriate and just.

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

Respectfully submitted,

_____

Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois  62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for Case New Holland Industrial Inc.*

OF COUNSEL:
THOMPSON COBURN LLP

## Certificate of Service

I hereby certify that on the 16th day of March, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com

_____

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

Exhibit A

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF HEARING ON BEHALF OF CASE NEW HOLLAND INDUSTRIAL INC.**

PLEASE TAKE NOTICE that Defendant Case New Holland Industrial Inc.'s Motion to Dismiss, or Alternatively, for a More Definite Statement or to Strike Plaintiffs' Petition, or to Transfer Venue, will be called up for hearing on **Tuesday, May 24, 2022, at 9:00 a.m.** in Division 18.

Respectfully submitted,

_____

Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for Case New Holland Industrial Inc.*

OF COUNSEL:
THOMPSON COBURN LLP

Electronically Filed - City of St. Louis - March 16, 2022 - 02:52 PM

## Certificate of Service

I hereby certify that on the 16th day of March, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com



_____

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| his wife | ) | |
| | ) | **Case No. 2222-CC00226** |
| | ) | |
|        **Plaintiff,** | ) | **Division No. 1** |
| | ) | **(Asbestos)** |
| **vs.** | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY, etc., et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | **PRODUCTS LIABILITY** |
|        **Defendants.** | ) | **PERSONAL INJURY** |

**DEFENDANT DAIMLER TRUCK NORTH AMERICA, LLC'S**
**ENTRY OF APPEARANCE**

COME NOW James R. Grabowski, Marcie J. Vantine, and Clement D. Warr, of Swanson,

Martin & Bell, LLP, and hereby enter their appearance on behalf of Defendant DAIMLER

TRUCK NORTH AMERICA, LLC, *formerly known as* DAIMLER TRUCKS NORTH

AMERICA, LLC.  Defendant DAIMLER TRUCK NORTH AMERICA, LLC reserves all

defenses, including those defenses to service, jurisdiction, and venue.

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

Respectfully Submitted,

**SWANSON, MARTIN & BELL, LLP**

By /s/   *James R. Grabowski*
      James R. Grabowski, #53634
      Marcie J. Vantine, #56860
      Clement D. Warr, #66304
      800 Market Street, Suite 2100
      St. Louis, MO 63101
      (314) 241-7100

      **ATTORNEYS FOR DEFENDANT**
      **DAIMLER TRUCK NORTH AMERICA, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above and foregoing was electronically filed and served via the Missouri Courts eFiling System, this 17th day of March, 2022, to all counsel of record.

*/s/ Brian Conley*

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER,** | ) | |
| his wife | ) | |
| | ) | **Case No. 2222-CC00226** |
| | ) | |
| **Plaintiff,** | ) | **Division No. 1** |
| | ) | **(Asbestos)** |
| **vs.** | ) | |
| | ) | |
| **A.W. CHESTERTON COMPANY, etc., et al.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | **PRODUCTS LIABILITY** |
| **Defendants.** | ) | **PERSONAL INJURY** |

<u>**DEFENDANT DAIMLER TRUCK NORTH AMERICA, LLC'S
MOTION TO DISMISS PLAINTIFF'S PETITION,
OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**</u>

NOW COMES the Defendant, DAIMLER TRUCK NORTH AMERICA, LLC, *formerly known as* DAIMLER TRUCKS NORTH AMERICA, LLC, ("DTNA") by and through its attorneys, SWANSON, MARTIN & BELL, LLP, and moves this Court pursuant to Missouri Rules of Civil Procedure 51.045, 55.27(a)(6), 55.27(d), 67.03 and Mo.Rev.Stat. 508.010 to dismiss Plaintiff's Petition ("Plaintiff's Petition") because the Court lacks personal jurisdiction over this Defendant, the Petition is substantially insufficient in law, and it fails to state a claim against Defendant upon which relief can be granted. Alternatively, Defendant moves this Court to order Plaintiff to make the Petition more definite and certain and to identify which activities of Defendant, if any, allegedly caused Plaintiff's alleged exposure attributable to this Defendant. In support of its motion, Defendant states as follows:

1. Plaintiff filed the instant Petition seeking damages against multiple defendants, including DTNA, for alleged asbestos-related injuries purportedly caused by exposure to asbestos that occurred throughout David Butler's lifetime. <u>See</u> Plaintiff's Petition.

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

**This Court Lacks Personal Jurisdiction over this Defendant**

2.     Plaintiff's Petition fails to establish facts that this court has personal jurisdiction over DTNA.  Missouri is not DTNA's state of incorporation, nor is Missouri its principal place of business.  Also, Plaintiff's Petition fails to establish any facts that the claims arise out of any of the activities enumerated in Missouri's long-arm statute necessary for this court to have specific jurisdiction over DTNA.  See V.A.M.S.  506.500 and Petition.  Furthermore, Plaintiff's Petition also fails to show that DTNA's "affiliations with [Missouri] are so 'continuous and systematic' as to render [it] essentially at home in [Missouri]." Daimler Ag v. Bauman, 134 S.Ct. 746 (2014) (quoting Goodyear Dunlap Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011); see also In State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan, No. SC95514, slip op. (Mo. banc Feb. 28, 2017)(Missouri's registration statute does not require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." Id. At 18).  Consequently, Plaintiff's Petition should be dismissed for lack of personal jurisdiction.

**Plaintiff's Petition Fails to State a Cause of Action for Negligence**

3.     Plaintiff's Petition fails to state a cause of action against DTNA.

4.     "Missouri is a fact-pleading state." Gibson v. Brewer, 952 S.W.2d 239, 245 (Mo. 1997).   Accordingly, Missouri Supreme Court Rule 55.05 requires that the petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R.CP. 55.50 (2005).  This requirement is not without purpose. Rather, fact-pleading is necessary to

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits." Gibson, 952 S.W.2d at 245.

5.    In order to state a cause of action against DTNA, Plaintiff must plead that specific asbestos or asbestos-containing products attributable to DTNA were a substantial factor in causing the alleged harms.   ITT Commercial Financial Corp. v. Mid-America Marine Supply Co., 854 S.W.2d 371, 379 (Mo. 1993).

6.    Plaintiff's entire Petition makes conclusory allegations against DTNA which are not supported by any factual allegations.

7.     Plaintiff's Petition fails to set forth the specific product(s) and/or activity(ies) that are allegedly attributable to DTNA to which Plaintiff was allegedly exposed and when the alleged exposure occurred.

8.    The Petition as written fails to state a cause of action against DTNA because it fails to identify where, how and when the alleged exposure to the products or activities allegedly attributable to DTNA occurred.  Further, the Petition as written fails to plead how the products or activities allegedly attributable to DTNA were a substantial factor in causing Plaintiff's alleged disease.

9.    Plaintiff's factual assertions in the Petition are insufficient to determine whether the Plaintiff or his family member(s) was/were an employee, or in the alternative a statutory employee, of DTNA at the relevant time.  However, should it turn out to be the case, the Petition fails to state a cause of action since this action is barred by the exclusivity provisions of the Workers' Compensation laws of the respective state of Missouri.  See 287.120 R.S.Mo. (2003).  DTNA reserves the right to assert any other applicable State's workers' compensation and/or occupational disease laws should a premises attributable to DTNA in a state other than Missouri be at issue.

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

10.    DTNA cannot possibly prepare a responsive pleading without knowing, at a minimum, the product(s) and/or activities allegedly attributable to DTNA that are at issue, as well as the occupation, employer, time periods and job locations the Plaintiff and/or his family members is/are alleged to have worked, and/or been exposed at, that are allegedly attributable to DTNA as well.

**Plaintiff's Petition Fails to Allege the Necessary Elements to Seek Special Damages**

11.    The Petition also improperly seeks special damages because it does not comply with the pleading specificity requirements imposed by Rule 55.19.  See Mo. R. C.P. 55.10 (2005).

**Plaintiff's Petition Fails to State a Cause of Action for Willful and Wanton Misconduct**

12.    Count II alleges willful and wanton misconduct by the defendants, including DTNA. Plaintiff does not state a claim for willful and wanton misconduct against DTNA, however, because Plaintiff fails to set forth any facts that demonstrate that DTNA intentionally acted to harm Plaintiff and/or her family members or that DTNA showed complete indifference to or conscious disregard for their safety.  Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596 (Mo. 1968).  As these facts are necessary for Plaintiff's willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

**Plaintiff's Petition Fails to State a Cause of Action for Strict Liability**

13. In Count III, petitioners allege strict liability against all of the defendants, including DTNA. In order to plead a cause of action for strict liability based on a defective design, a plaintiff must plead facts that establish: (1) the product was sold in the course of defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) plaintiff was damaged as a direct result of a defective condition which existed at

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

the time the product was sold. *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 637-38 (Mo. Banc 1987). Because petitioners have not alleged any facts regarding the type of alleged asbestos-containing products to which Mr. Butler was exposed and how those products were being used, petitioners have failed to plead the elements of a strict liability claim for defective design. Count III should be dismissed.

14. In Counts IV-V, plaintiffs allege loss of consortium against defendants, including DTNA. Loss of consortium is meant to permit recovery for the economic loss of the injured spouse's household services as well as the intangible loss of companionship, comfort and sexual services. Plaintiffs have failed to plead facts to support such a claim, and these counts should, accordingly, be dismissed.

15. In Counts VI-VII, petitioners allege negligent and willful and wanton spoliation of evidence against defendants, including DTNA. Petitioners do not state a claim for spoliation of evidence because petitioners fail to allege facts from which one could reasonably infer that this defendant destroyed evidence in order to defeat a lawsuit. *Pikey v. Bryant*, 203 S.W.3d 817 (Mo.App. 2006). Petitioners fail to identify what evidence was allegedly destroyed and has failed to show that "the evidence was destroyed under circumstances manifesting fraud, deceit or bad faith. Simple negligence is insufficient to warrant the application of the spoliation doctrine." *Prins v. Director of Revenue*, 333 S.W.3d 17, 20 (Mo.App. 2010). Because petitioners failed to state a cause of action for spoliation of evidence, Counts VI-VII should be dismissed.

### Plaintiff's Petition Should Be Dismissed for Other Reasons

16.     Some or all of Plaintiff's claims are barred by the applicable statutes of repose.

17.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

18.     Some or all of petitioners' claims are barred by the laws of the appropriate forum

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

pursuant to Missouri's Borrowing Statute.

19.    Plaintiff's claims of punitive damages against this Defendant are barred pursuant to RSMo. §510.261(5), which states that "[n]o initial pleading in a civil action shall contain a claim for a punitive damage award." Section 510.261(5) further states that "[a]ny later pleading containing a claim for a punitive damage award may be filed only with leave of the court." This section applies to cases filed after August 28, 2020.

20.    DTNA incorporates and adopts herein the Motions and arguments made in response to petitioners' petition by other co-defendants in this cause of action to the extent those arguments do not contain allegations against DTNA and do not contradict anything stated herein.

WHEREFORE, for the reasons stated above, Defendant, DAIMLER TRUCK NORTH AMERICA, LLC, respectfully moves this Honorable Court to dismiss the instant case against DTNA, or in the alternative, to require Plaintiff to make more definite and certain the allegations against DTNA, and for such other and further relief as the court deems just and proper.

Respectfully submitted,

**DAIMLER TRUCK NORTH AMERICA, LLC**, Defendant

By  /s/ *James R. Grabowski*
SWANSON, MARTIN & BELL, LLP

James R. Grabowski, #53634
Clement D. Warr, Jr., #66304
**SWANSON, MARTIN & BELL, LLP**
800 Market Street, Suite 2100
St. Louis, Missouri 63101
Office: 314-241-7100
Fax: 314-242-0990
jgrabowski@smbtrials.com
cwarr@smbtrials.com

Electronically Filed - City of St. Louis - March 17, 2022 - 08:26 AM

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing was electronically filed and served upon the attorneys of record via the Missouri Courts e-Filing System on **March 17, 2022**.


       /s/ *Brian Conley*      
SWANSON, MARTIN & BELL, LLP

011677.0016

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

# IN THE CIRCUIT COURT
## STATE OF MISSOURI
## TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | Cause No. 2222-CC00226 |
| | ) | |
| Petitioners, | ) | DIVISION 1 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## *APPEARANCE

The undersigned, as attorney, enters the appearance of defendant

J.P. BUSHNELL PACKING SUPPLY CO., improperly named as "J.P. Bushnell Packing"

*Defendant demands trial by jury.

/s/ Cary Press
Cary A. Press #67530
Douglas M. Sinars #64661
Matthew R. Fields #50561
Anna G. O'Connor #70579

Name:            Sinars Slowikowski Tomaska LLC
Attorney for:    Defendant, *J.P. BUSHNELL PACKING SUPPLY CO., improperly named as "J.P. Bushnell Packing"*
Address:         55 West Monroe Street, Suite 4000
City:            Chicago, Illinois 60603
Telephone:       (312) 767-9790
Email:           cpress@sinarslaw.com

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the court to be in default for failure to plead.

/s/ Cary Press
Cary A. Press #67530
Douglas M. Sinars #64661
Matthew R. Fields #50561
Anna G. O'Connor #70579

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

011677.0016

# IN THE CIRCUIT COURT
## STATE OF MISSOURI
## TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | Cause No. 2222-CC00226 |
| | ) | |
| Petitioners, | ) | DIVISION 1 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT J.P. BUSHNELL PACKING SUPPLY CO.'S ANSWER AND AFFIRMATIVE DEFENSES TO PETITIONERS' PETITION

Defendant J.P. BUSHNELL PACKING SUPPLY CO., improperly named as "J.P. Bushnell Packing" (hereinafter referred to as "J.P. Bushnell" or "Defendant"), by its attorneys, Sinars Slowikowski Tomaska LLC, for its answer to Petitioners' Petition, states as follows:

### JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1.     J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 1 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition and therefore denies the same and demands strict proof thereof.

2.     J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 2 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition and therefore denies the same and demands strict proof thereof.

3.     J.P. Bushnell denies each and every allegation contained in Paragraph 3 of the

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

"Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

4.      J.P. Bushnell denies each and every allegation contained in Paragraph 4 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

5.      J.P. Bushnell denies each and every allegation contained in Paragraph 5 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

6.      J.P. Bushnell denies each and every allegation contained in Paragraph 6 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

7.      J.P. Bushnell denies each and every allegation contained in Paragraph 7 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

8.      J.P. Bushnell denies each and every allegation contained in Paragraph 8 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

9.      J.P. Bushnell denies each and every allegation contained in Paragraph 9 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

10.      J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 10 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition and therefore denies the same and demands strict proof

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

thereof.

11.     J.P. Bushnell denies each and every allegation contained in Paragraph 11 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

12.     J.P. Bushnell denies venue is proper in the City of St. Louis, Missouri. Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition and therefore denies the same and demands strict proof thereof.

13.     J.P. Bushnell denies each and every allegation contained in Paragraph 13 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

14.     J.P. Bushnell denies each and every allegation contained in Paragraph 14 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

15.     J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 15 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition and therefore denies the same and demands strict proof thereof.

16.     J.P. Bushnell denies each and every allegation contained in Paragraph 16 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition as they pertain to this Defendant only.

17.     J.P. Bushnell denies that it is a direct and proximate cause of Petitioner David

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

Butler's ("Petitioner's") injuries. Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 17 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition and therefore denies the same and demands strict proof thereof.

18.    J.P. Bushnell denies that it is a direct and proximate cause of Petitioner's injuries. Further answering, Defendant is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding damages contained in Paragraph 18 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' Petition and therefore denies the same and demands strict proof thereof.

## COUNT I
## NEGLIGENCE
### (materials/products/equipment)

1.    J.P. Bushnell adopts and restates its answers to the General Allegations of Petitioners' Petition as though fully set forth herein.

2.    J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count I of Petitioners' Petition as they pertain to this Defendant only.

3.    J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count I of Petitioners' Petition as they pertain to this Defendant only.

4.    J.P. Bushnell denies each and every allegation contained in Paragraph 4 of Count I of Petitioners' Petition as they pertain to this Defendant only.

5.    J.P. Bushnell objects to the legal conclusions contained Paragraph 5 of Count I of Petitioners' Petition and therefore denies the same.

6.    J.P. Bushnell denies each and every allegation contained in Paragraph 6 of Count I of Petitioners' Petition, including sub-paragraphs (a) through (m), as they pertain to this Defendant

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

only.

7.    J.P. Bushnell denies that it was a direct and proximate cause of Petitioner's injury. Further answering, Defendant is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding damages contained in Paragraph 7 of Count I of Petitioners' Petition and demands strict proof thereof.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT II
## WILLFUL/WANTON MISCONDUCT
### (materials/products/equipment)

1.    J.P. Bushnell adopts and restates its answers to the General Allegations and Paragraphs 2 through 4 of Count I of Petitioners' Petition as though fully set forth herein.

2.    J.P. Bushnell objects to the legal conclusions contained in Paragraph 2 of Count II of Petitioners' Petition and therefore denies the same.  Further answering, J.P. Bushnell states that it acted in accordance with all legal duties imposed upon it by law.

3.    J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count II of Petitioners' Petition, including sub-paragraphs (a) through (m), as they pertain to this Defendant only.

4.    J.P. Bushnell denies that it was a direct and proximate cause of Petitioner's injury. Further answering, Defendant is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding damages contained in Paragraph 4 of Count II of Petitioners'

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

Petition and demands strict proof thereof.

5.      J.P. Bushnell denies each and every allegation contained in Paragraph 5 of Count II of Petitioners' Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT III
## STRICT LIABILITY
### (materials/products/equipment)

1.      J.P. Bushnell adopts and restates its answers to the General Allegations and Paragraphs 2 through 4 of Count I of Petitioners' Petition as though fully set forth herein.

2.      J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count III of Petitioners' Petition as they pertain to this Defendant only.

3.      J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 3 of Count III of Petitioners' Petition and therefore denies the same and demands strict proof thereof.

4.      J.P. Bushnell denies that it was a direct and proximate cause of Petitioner's injury. Further answering, Defendant is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding damages contained in Paragraph 4 of Count III of Petitioners' Petition and demands strict proof thereof.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever,

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT IV**
**NEGLIGENCE**
**(loss of consortium)**

</div>

1.      J.P. Bushnell adopts and restates its answers to the General Allegations and Counts I-IIII of Petitioners' Petition as though fully set forth herein.

2.      J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count IV of Petitioners' Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT V**
**WILLFUL/WANTON MISCONDUCT**
**(loss of consortium)**

</div>

1.      J.P. Bushnell adopts and restates its answers to the General Allegations and Counts I-III of Petitioners' Petition as though fully set forth herein.

2.      J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count V of Petitioners' Petition as they pertain to this Defendant only.

3.      J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count V of Petitioners' Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

**COUNT VI**
**NEGLIGENCE**
**(spoliation of evidence)**

1.      J.P. Bushnell adopts and restates its answers to the General Allegations of Petitioners' Petition as though fully set forth herein.

2.      J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count VI of Petitioners' Petition as they pertain to this Defendant only.

3.      J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count VI of Petitioners' Petition as they pertain to this Defendant only.

4.      J.P. Bushnell objects to the legal conclusions contained in Paragraph 4 of Count VI of Petitioners' Petition and therefore denies the same.

5.      J.P. Bushnell denies each and every allegation contained in Paragraph 5 of Count VI of Petitioners' Petition as they pertain to this Defendant only.

6.      J.P. Bushnell denies each and every allegation contained in Paragraph 6 of Count VI of Petitioners' Petition as they pertain to this Defendant only.

7.      J.P. Bushnell denies each and every allegation contained in Paragraph 7 of Count VI of Petitioners' Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT VII**
**WILLFUL/WANTON MISCONDUCT**
**(spoliation of evidence)**

</div>

1.    J.P. Bushnell adopts and restates its answers to the General Allegations and Paragraphs 2 through 5 of Count VI of Petitioners' Petition as though fully set forth herein.

2.    J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count VII of Petitioners' Petition as they pertain to this Defendant only.

3.    J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count VII of Petitioners' Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

<div align="center">

**AFFIRMATIVE DEFENSES**

</div>

The Defendant, J.P. BUSHNELL PACKING SUPPLY CO., by and through its attorneys, Sinars Slowikowski Tomaska, LLC, while continuing to deny liability to Petitioners and without prejudice to its Answer set forth above, for its affirmative defenses to Petitioners' Petition, states as follows:

<div align="center">

**FIRST AFFIRMATIVE DEFENSE**

</div>

Petitioners' Petition fails to state a claim against this defendant upon which relief can be granted.

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

### SECOND AFFIRMATIVE DEFENSE

J.P. Bushnell did not manufacture any asbestos-containing products that are at issue in this case.

### THIRD AFFIRMATIVE DEFENSE

J.P. Bushnell did not manufacture products; it only supplied products manufactured by others.  Thus, the only potential liability against Defendant is based on its status as a seller in the stream of commerce.  As such, recovery against J.P. Bushnell should be barred pursuant to Missouri Revised Statute §537.762.

### FOURTH AFFIRMATIVE DEFENSE

J.P. Bushnell denies that it was a proximate cause of the alleged injuries.  Petitioner worked with or around many other sources of asbestos exposure.  *See Generally Petitioners' Petition*. These other cumulative exposures are the sole proximate cause of the alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

If Petitioner was exposed to asbestos-containing products manufactured, sold, or distributed by J.P. Bushnell Packing Supply Co., which is denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Petitioners.

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries were caused by Petitioner's failure and/or his family members' failure to exercise due care and caution for their own safety by one or more of the following acts or omissions:

(a)     Petitioner and/or his family members altered, modified, or used products allegedly manufactured, sold, or distributed by J.P. Bushnell in a manner which could not be reasonably anticipated;

(b)     Petitioner and/or his family members used products allegedly produced by J.P. Bushnell for a purpose not intended by J.P.

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

Bushnell;

(c)     Petitioner and/or his family members failed to exercise safe work practices, including those which would minimize the creation of dust particles from the use of asbestos-containing products;

(d)     Petitioner and/or his family members ignored warnings and instructions of J.P. Bushnell regarding the handling and installation of said products;

(e)     Petitioner exposed themselves to, or failed to discontinue their exposure to, known causes of lung impairment other than asbestos;

(f)     Petitioner failed to use protective masks or respirators while working in the vicinity of industrial insulation materials; and

(g)     Petitioner and/or his family members failed to adhere to the safety regulations and work practices required by the Occupational Safety and Health Administration (OSHA).

Under a theory of negligence and/or strict liability, Petitioner's recovery, if any, must be reduced in an amount commensurate with the percentage of fault attributable to the failure of Petitioner and/or their family members to exercise due care and caution for their own safety and the Court should therefore deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

## SEVENTH AFFIRMATIVE DEFENSE

Petitioner's prayer to have Defendant be held jointly and severally liable is contrary to the provisions of Missouri Revised Statute §537.067. Joint and several liability is unconstitutional as applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts. Joint and several liability is unconstitutional because recovery of damages by Petitioners against this defendant in excess of defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

Constitution, and as applied to state courts via the Fourteenth Amendment, in that this defendant would be subject to a penalty above and beyond its causal fault.

Recovery of such damages by Petitioners would be unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments. Further, such damages are precluded because they would subject this Defendant to excessive fines and punishment and would be a violation of due process. Such damages are also precluded under Missouri Revised Statute §400-001.106.

## EIGHTH AFFIRMATIVE DEFENSE

Recovery of punitive damages by Petitioners would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth, and Fourteenth Amendments. Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they would subject defendant to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process. Such damages are also precluded under § 400.1-106 RSMo.

Further recovery of punitive damages by Petitioners in this case would violate procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

(a)    Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

(b)    Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

(c)      Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award;

(d)      The right to a speedy trial, the requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-incrimination during the discovery process and at trial, all of which are afforded to defendants facing criminal sanctions.

Petitioners' claims for punitive damages are barred for the above reasons and because an alleged successor is not liable for punitive damages under the law of this State. Further, an award of punitive damages would be contrary to the public policy of this State.

## NINTH AFFIRMATIVE DEFENSE

Petitioners' claims against this Defendant should be dismissed pursuant to Rule 52.04 for failure to join one or more indispensable parties, including but not limited to bankrupt entities or other entities who may be liable for Petitioners' alleged injury, in that the absence of these parties leaves this Defendant subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## TENTH AFFIRMATIVE DEFENSE

If Missouri substantive law applies, then pursuant to Revised Missouri Statute §537.060, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given in good faith by Petitioners to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Petitioners' claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. Defendant is currently unaware of any such agreements between Petitioners and a party or nonparty. As such, the precise identity of all the entities with whom Petitioners may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Defendant at this time.

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

**ELEVENTH AFFIRMATIVE DFEFENSE**

This action was brought in the wrong forum and must be dismissed.

**TWELFTH AFFIRMATIVE DEFENSE**

Petitioners' claims are barred by the applicable statutes of limitations and repose including, but not limited to, Revised Missouri Statutes §516.120, §516.097, §537.100.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Petitioners' claims are barred in whole or in part by principles of equity including laches, waiver, equitable estoppel, and/or legal estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Petitioner, or those from whom secondary exposure is alleged, knew or should have known of the presence of asbestos at the places where she worked and/or on the products which they worked on and around, and of the potential risk of injury from exposure to such substances and therefore assumed the risk of any injuries or allegedly sustained.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Petitioner's employers and/or their family members' employers were sophisticated users and/or learned intermediaries who had knowledge of the dangers and risks associated with using or working around asbestos-containing products and who had a duty to warn of the hazards of exposure to said products.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If any of Petitioner's allegations regarding the allegedly defective condition of asbestos, asbestos-containing products, packaging, or warnings are proven, Petitioners are barred from recovery against this Defendant because there was no known practical or feasible substitute for asbestos or asbestos-containing products at the time of the alleged exposure and the benefit of the

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

product outweighed any harm allegedly caused by the same.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The state of the medical and scientific knowledge and the published literature and other materials reflecting the state of the medical art at all relevant times was such that this Defendant neither knew nor could have known that the products it manufactured or distributed presented a foreseeable risk of harm, if any, to Petitioner in the normal and expected use of these products at the time of the alleged exposure. The methods, standards, and techniques of selling any asbestos-containing products distributed by this Defendant, if any, were performed in conformity with generally recognized state of the art existing at the time such products were distributed by this Defendant and placed into the stream of commerce.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages were caused in whole or in part by persons, corporations, or entities other than those parties before this Court, and such negligence either bars or comparatively reduces any possible recovery by Petitioners.

## NINETEENTH AFFIRMATIVE DEFENSE

Petitioners' claim is barred by the exclusive remedy provision of the Missouri Workers' Compensation Statutes, or other applicable Workers' Compensation statutes.

## TWENTIETH AFFIRMATIVE DEFENSE

Petitioners' alleged injuries and damages were caused in whole or in part by the failure of the employers of Petitioner and/or his family members to take adequate precautions and properly follow applicable safety regulations and guidelines, including but not limited to the Occupational Safety and Health Act (OSHA). Such failures include but are not limited to the failure of said employers to properly inspect, repair and maintain their facilities and the failure of said employers

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

to properly instruct and warn their employees regarding proper methods of handling asbestos products.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Petitioners' claims are barred by the Missouri borrowing statute, Revised Missouri Statute §516.190.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant is entitled to set off, should any damages be awarded against it, in the amount of the damages or settlement amounts recovered by Petitioners for the alleged injuries.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Petitioners have failed to mitigate damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

If it is judicially determined that Petitioners incurred any injuries or damages, as alleged, all of which have been specifically denied, then such injuries or damages are due solely to unrelated disease processes or other causes unrelated to this Defendant's products.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control and unrelated to the conduct of J.P. Bushnell.  Defendant's actions or omissions, if any, were superseded by the negligence and wrongful conduct of others.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times pertinent, asbestos-containing products allegedly attributable to J.P. Bushnell, were in compliance with all applicable industry standards and health and safety statutes and regulations applicable to the manufacturer, sale, and use of said products.

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant denies that it was a cause of the alleged injuries. The cause of the alleged injuries and damages was Petitioner's use of and/or exposure to tobacco products and the superseding negligence of non-party cigarette manufacturers. The disease-causing hazards of tobacco exposure have been universally accepted by medical practitioners and health warnings were issued by the Surgeon General since 1965. Petitioners continued to smoke cigarettes for many years after such warnings were issued. Additionally, and despite knowledge of the cancer-causing hazards of their products, non-party cigarette manufacturers' intentionally suppressed information concerning the potential health effects of the products they supplied to customers. The Petitioners' claim against this defendant is therefore barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The alleged injuries, if any, were proximately caused by Petitioner's act of knowingly and voluntarily assuming a position of danger and thus assuming the risks ordinarily incident to such acts, which were open, obvious, apparent, and actually known to him. The alleged injuries, if any, were proximately caused by Petitioner's assumption of such risks and such conduct bars the Petitioner's cause of action and any recovery.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Petitioner, or those from whom secondary exposure is alleged, appreciated, and had knowledge of the manner in which the products, if any, were to be used and misused such products. As such, Petitioners' recovery, if any, should be limited or barred.

## THIRTIETH AFFIRMATIVE DEFENSE

Petitioners' alleged damages were negligently caused in whole or in part by persons, firms, corporations, or entities other than those parties before this Court, and such negligence either bars

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

or comparatively reduces any possible recovery by Petitioners.  These entities include, but are not limited to: Johns-Manville, Eagle-Picher Industries, Keasbey & Mattison, Forty-Eight Insulations (a/k/a 48 Insulations), Fibreboard Corp., Southern Textile, H.K. Porter, Nicolet, Inc., Keene Corp., Baldwin Ehret Hill, Raybestos-Manhattan; UNR Industries, Inc., UNARCO, Standard Asbestos Manufacturing & Insulating Company, Celotex Corporation, Babcock & Wilcox, Fibreboard Global Settlement Trust; Rutland Fire Clay; Pittsburgh Corning Corporation; and Asbestos Claims Management Company (f/k/a National Gypsum).   Pursuant to §537.060, RSMo., Petitioners's agreements with third-parties, whether by release, covenant not to sue or not to enforce a judgment, or bankruptcy trust applications, shall reduce or bar any damages from this Defendant by the stipulated amount of such agreements or the amount of consideration paid by said third parties, whichever is greater.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This Defendant is not liable for any product complained of which was manufactured pursuant to specifications issued by the United States government.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Petitioners' Petition fails to state a strict liability cause of action because this Defendant did not manufacture the allegedly defective component (asbestos) of any product sold or distributed by this Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

This Defendant owed no duty to Petitioners.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to § 537.067, RSMo., any defendant whose fault is determined by the trier of fact to be less than 51% of the total fault attributable to Petitioners, the Defendant, and any third party

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

defendants who could have been sued by Petitioners, shall only be severally and not jointly liable. If Petitioners sustained injuries and damages as a result of exposure(s) to any of defendant's products, as Petitioners alleges, and which this Defendant continues to deny, the amount of fault attributable to this Defendant is less than 51% of the total fault, and thus, subject to the provisions of § 537.067, RSMo., rendering this Defendant only severally liable.

<div align="center">**THIRTY-FIFTH AFFIRMATIVE DEFENSE**</div>

Venue is improper.

<div align="center">**THIRTY-SIXTH AFFIRMATIVE DEFENSE**</div>

J.P. Bushnell reserves the right to assert any additional defenses which it may learn through discovery and further adopts and asserts all defenses raised or asserted or to be raised or asserted by other Defendants to this action to the extent that said defenses do not conflict with this Defendant's defenses.

WHEREFORE, J.P. BUSHNELL PACKING SUPPLY CO. prays for judgment in its favor on all Counts of Petitioners' Petition, for its costs, and for all other relief which the Court deems just and necessary.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

Respectfully submitted,

SINARS SLOWIKOWSKI TOMASKA LLC

By:    /s/ Cary A. Press
       Matthew R. Fields #50561
       Anna G. O'Connor #70579
       Cary A. Press #67530
       800 Market St., Suite 2950
       St. Louis, MO 63101
       Telephone: (314) 391-2260
       Facsimile: (312) 767-9780
       E-mail: cpress@sinarslaw.com
       Attorneys for Defendant
       J.P. BUSHNELL PACKING
       SUPPLY CO.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties of record in this cause enrolled in the Missouri eFiling System on this 17th day of March 2022.

Victoria Bougeno

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

011677.0016

## IN THE CIRCUIT COURT
## STATE OF MISSOURI
## TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | Cause No. 2222-CC00226 |
| | ) | |
| Petitioners, | ) | DIVISION 1 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT J.P. BUSHNELL PACKING SUPPLY CO.'S
## MOTION TO DISMISS PETITIONERS' PETITION
## OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

Defendant J.P. BUSHNELL PACKING SUPPLY CO., improperly named as "J.P. Bushnell Packing" (hereinafter referred to as "J.P. Bushnell" or "Defendant"), by its attorneys, Sinars Slowikowski Tomaska LLC, moves this Court to dismiss Petitioners' Petition because it is substantially insufficient in law and fails to state a claim against Defendant upon which relief can be granted. Alternatively, Defendant J.P. Bushnell moves this Court to order Petitioners to make the Petition more definite and certain and to identify which product, if any, Defendant allegedly manufactured from which asbestos fibers were allegedly emitted causing asbestos exposure. In support of the instant motion, J.P. Bushnell states as follows:

1.      Petitioners filed their Petition seeking damages against multiple defendants, including J.P. Bushnell, for asbestos-related injuries to Petitioner David Butler ("Petitioner") caused by exposure to asbestos fibers emanating from products mined, manufactured, sold, distributed, marketed, specified, designed, promoted, licensed, installed, removed, and/or otherwise used by numerous defendants.

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

2.      Missouri law provides for fact pleading, not notice pleading.  Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the plaintiff is entitled to relief.  In order to recover against J.P. Bushnell, Petitioners must plead and prove that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  See *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W. 2d 371, 379 (Mo. banc 1993); *Hagan v. Celotex*, 816 S.W. 2d 667, 670 (Mo. banc 1991).

3.      Petitioners' Petition fails to state a cause of action against J.P. Bushnell because it fails to identify any asbestos-containing product manufactured, sold, distributed, or installed by Defendant which caused the alleged exposure.

4.      As written, Petitioners' Petition simply makes conclusory allegations against Defendant which are not supported by any factual allegations. Petitioners have failed to set forth the specific job sites where Petitioner was allegedly exposed to J.P. Bushnell products, the specific products to which he was exposed, where in the chain of production Defendant is located, and the dates of exposure to these products.

5.      If recovery is allowed pursuant to Petitioners' Petition, J.P. Bushnell's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

6.      Further, Petitioners' Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, for the reasons stated herein Defendant J.P. BUSHNELL PACKING SUPPLY CO. requests the Court to dismiss the instant case against it or, in the alternative, to

require Petitioners to make more definite and certain the allegations against it and for such other

and further relief as is warranted.

Respectfully submitted,

SINARS SLOWIKOWSKI TOMASKA LLC

By:    /s/ Cary A. Press
        Matthew R. Fields #50561
        Anna G. O'Connor #70579
        Cary A. Press #67530
        800 Market St., Suite 2950
        St. Louis, MO 63101
        Telephone: (314) 391-2260
        Facsimile: (312) 767-9780
        E-mail: cpress@sinarslaw.com
        Attorneys for Defendant
        J.P. BUSHNELL PACKING
        SUPPLY CO.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties of record in this cause enrolled in the Missouri eFiling System on this 17th day of March 2022.

Victoria Bougeno

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

Electronically Filed - City of St. Louis - March 17, 2022 - 02:41 PM

011677.0016

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| | ) | Cause No. 2222-CC00226 |
| Petitioners, | ) ) | DIVISION 1 |
| vs. | ) ) | JURY TRIAL DEMANDED |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

To: ALL COUNSEL OF RECORD

    I hereby certify that on March 17, 2022, a true and correct copy of Defendant **J.P. BUSHNELL PACKING SUPPLY CO.'S FACT AND EXPERT WITNESS DISCLOSURE**, was served upon petitioners' counsel, Simmons Hanly Conroy LLC via email at agarrett@simmonsfirm.com. A copy of said documents are available to all counsel of record upon request.

Respectfully submitted,

SINARS SLOWIKOWSKI TOMASKA LLC

By:    /s/ Cary A. Press
        Matthew R. Fields #50561
        Anna G. O'Connor #70579
        Cary A. Press #67530
        800 Market St., Suite 2950
        St. Louis, MO 63101
        Telephone: (314) 391-2260
        Facsimile: (312) 767-9780
        E-mail: cpress@sinarslaw.com
        Attorneys for Defendant
        J.P. BUSHNELL PACKING
        SUPPLY CO.

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

### MISSOURI CIRCUIT COURT
### TWENTY-SECOND JUDICIAL CIRCUIT
### ST. LOUIS CITY, MISSOURI

DAVID BUTLER and )
KATHY BUTLER, his wife, )
            )
     Plaintiffs, )
            )
v. )
            )     No. 2222-CC00226
A.W. CHESTERTON COMPANY, et al. )
            )     Asbestos Personal Injury
            )
     Defendant. )

### CERTIFICATE OF SERVICE

The undersigned states that on the 16 day of March 2022, Mack Trucks, Inc. served its Disclosure of Lay and Expert Witnesses and Non-Retained Expert Witnesses on Counsel for Plaintiff by electronic mail. A copy will be made available to any other party upon request.

                                   MACK TRUCKS, INC.

SIMMONS HANLY CONROY       BY: _Mary D. Sullivan_
One Court Street                   Mary G. Sullivan, #43030
Alton, IL 62002                  Curtis R. Picou, #42935

**ATTORNEYS FOR PETITIONERS**    CRIVELLO, CARLSON, PICOU, & ANDREKANIC, LLC
                                   1012 Plummer Drive, Suite 201
                                   Edwardsville, IL 62025
                                   (618) 655-0006
                                   (618) 655-0250 Fax
                                   msullivan@ccpalaw.com
                                   cpicou@ccpalaw.com

                                   **ATTORNEYS FOR DEFENDANT**

1

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

DAVID BUTLER and                          )
KATHY BUTLER, his wife,                   )
                                          )
        Plaintiffs,                       )
                                          )
v.                                        )
                                          )    No. 2222-CC00226
A.W. CHESTERTON COMPANY, et al.           )
                                          )    Asbestos Personal Injury
                                          )
        Defendant.                        )

## CERTIFICATE OF SERVICE

The undersigned certifies that Mack Trucks, Inc.'s Special and Limited Appearance and Motion to Dismiss for Lack of Personal Jurisdiction and Suggestions in Support was electronically filed with the Clerk of the Court and served on all counsel of record on 3-16 2022 pursuant to the Missouri E-Filing system and the Court's First Amended Administrative Order of July 1, 2013.


                                          MACK TRUCKS, INC.

SIMMONS HANLY CONROY          BY:         _Mary Sullivan_____
One Court Street                          Mary G. Sullivan, #43030
Alton, IL 62002                           Curtis R. Picou, #42935
                                          CRIVELLO, CARLSON, PICOU, &
**ATTORNEYS FOR PETITIONERS**             ANDREKANIC, LLC
                                          1012 Plummer Drive, Suite 201
                                          Edwardsville, IL  62025
                                          (618) 655-0006
                                          (618) 655-0250 Fax
                                          msullivan@ccpalaw.com
                                          cpicou@ccpalaw.com

                                          **ATTORNEYS FOR DEFENDANT**

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

| | |
|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| A.W. CHESTERTON COMPANY, et al. | ) ) |
| Defendant. | ) ) |

No. 2222-CC00226

Asbestos Personal Injury

**SPECIAL AND LIMITED APPEARANCE**

Now come Mary G. Sullivan and the attorneys of Crivello, Carlson, Picou & Andrekanic LLC and hereby enter their special and limited appearance to Object to Jurisdiction on behalf of Mack Trucks, Inc.

**DEFENDANT DEMANDS TRIAL BY JURY.**

MACK TRUCKS, INC.

By: _Mary G. Sub_____
Mary G. Sullivan, #43030
Curtis R. Picou, #42935
CRIVELLO, CARLSON, PICOU
& ANDREKANIC LLC
1012 Plummer Drive, Suite 201
Edwardsville, IL 62025
(618) 655-0006
(618) 655-0250
msullivan@ccpalaw.com
cpicou@ccpalaw.com

ATTORNEYS FOR DEFENDANT

1

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

| | |
|---|---|
| DAVID BUTLER and<br>KATHY BUTLER, his wife,<br><br>    Plaintiffs,<br><br>v.<br><br>A.W. CHESTERTON COMPANY, et al.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 2222-CC00226<br>)<br>)   Asbestos Personal Injury<br>)<br>)<br>) |

**DEFENDANT MACK TRUCKS, INC. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND SUGGESTIONS IN SUPPORT**

Defendant Mack Trucks, Inc. ("Mack"), by and through its counsel, moves this Court pursuant to Rule 55.27 to dismiss all claims against Mack for lack of personal jurisdiction. Mack is not subject to specific personal jurisdiction in this matter because there has been no assertion of Missouri residence by the plaintiffs and the claims alleged do not arise out of, or relate to, conduct by Mack that took place in Missouri. Mack is further not subject to *general* personal jurisdiction in Missouri as a matter of federal due process, because Mack is neither incorporated nor has its principal place of business in Missouri, nor is it alleged to be, and the quantity and nature of Mack's limited connections with Missouri are not so exceptional as to satisfy the jurisdictional requirements set forth by the United States Supreme Court in *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014).

**A.  Personal Jurisdiction Standard**

    1.    There are two types of personal jurisdiction – specific and general. A court has specific jurisdiction over a defendant when the suit arises *out of* or relates *to* the defendant's contacts *with* the forum. *Daimler AG v. Bauman,* 134 S. Ct. 746, 754 (2014). In Missouri, a foreign

1

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

defendant is subject to specific personal jurisdiction only where (1) the suit arises out of certain

activities enumerated in the Missouri long-arm statute and (2) where the defendant has "sufficient

minimum contacts with Missouri" to satisfy the requirements of due process. *Chromalloy

American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997). In contrast, general

jurisdiction exists even where a plaintiff's cause of action does not arise out of or relate to the

defendant's contacts with the forum, but where the defendant's forum contacts are nevertheless

"so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum

state. *Daimler,* 134 S. Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v Brown*, 131

S. Ct. 2846, 2851 (2011)).

2.    As with specific jurisdiction, general jurisdiction is authorized under Missouri state

law, *see Sloan-Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 409 (Mo. Ct. App. 2001), and

must satisfy the requirements of due process, *see, e.g., Wineteer v. Vietnam Helicopter Pilots

Ass'n*, 121 S.W.3d 277, 283 (Mo. Ct. App. 2003) (citing *Int'l Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945)).

3.    When a nonresident defendant such as Mack challenges the assertion of either

specific or general jurisdiction, the burden shifts to the plaintiff to make a *prima facie* showing

that personal jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W. 3d

858, 862 (Mo. App. E.D. 2009); *Hollinger v. Sifers*, 122 S.W.3d 112, 115 (Mo. App. 2003). "The

sufficiency of the evidence to make such a *prima facie* showing is a question of law. . . ." *Id.* For

the exercise of specific personal jurisdiction, a plaintiff need not prove all of the elements that

form the basis of its claim, but must at least prove "that acts contemplated by the [long-arm] statute

took place within [Missouri]." *Id.* at 116. For the exercise of general jurisdiction, a plaintiff must,

in addition to demonstrating the presence of general jurisdiction under state law, demonstrate

2

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

Mack had sufficient minimum contacts with Missouri so as not to offend "traditional notions of fair play and substantial justice." *See, e.g., Daimler*, 134 S. Ct. at 754 (quoting *Int'l Shoe*, 326 U.S. at 316).

4.      Further, a "[p]laintiff cannot rely on mere conclusions [but] must allege facts to carry its burden." *Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *2 (Mo. Cir. Jan. 12, 2015) (citing *City of Fenton v. Executive Int'l Inn, Inc.*, 740 S.W. 2d 338, 339 (Mo. App. E.D. 1987)).

5.      Plaintiffs cannot make a *prima facie* showing that either specific or general jurisdiction over Mack is appropriate in this case. All claims against Mack must therefore be dismissed.

**B.  Mack is not Subject to Specific Personal Jurisdiction**

6.      For a non-resident defendant to be subject to specific personal jurisdiction in Missouri, the claims against that defendant must arise out of activities enumerated in the Missouri long-arm statute. *Chromalloy American*, 955 S.W.2d at 4. A plaintiff's failure to show that the claims against the defendant arose *out of* such activities warrants dismissal. *See Hollinger*, 122 S.W.3d at 115. Here, the Petition merely states that [e]ach Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri and by reason of having committed tortious acts against Plaintiff in Missouri.

7.      While these statements are obviously intended to clear the jurisdictional hurdle set by the state long-arm statute, Missouri is a fact-pleading jurisdiction and requires allegations of fact. *See* Rule 55.05; *Gibson v. Brewer,* 952 S.W.2d 239, 245 (Mo. 1997). These conclusory jurisdictional allegations, which fail to identify any act or transaction by Mack (or any other

3

Defendant) that occurred within the State of Missouri, simply do not bring Plaintiff's claims within the purview of the long-arm statute, and are therefore wholly insufficient to save the complaint from dismissal. The Petition demonstrates that there is no connection whatsoever between the plaintiff and the State of Missouri, much less between Missouri and the claims in issue.

8.    Given the above, Plaintiffs have not carried the burden of showing that the claims against Mack arise out of any contacts with the State of Missouri. As such, the claims in this matter against Mack cannot and do not fall within the purview of the Missouri long-arm statute, and there is no basis for this Court to exercise specific personal jurisdiction over Mack.

### C. Mack is Not Subject to General Personal Jurisdiction

9.    General personal jurisdiction requires a corporation to be "at home" in Missouri. General jurisdiction, like specific jurisdiction, must be authorized under Missouri law and comport with the requirements of due process. *Yaeger v. Wyndham Vacation Resorts, Inc.*, No. 4:14-CV-795-JCH, 2014WL 3543426, at *2 (E.D.Mo. 2014). Very recently, however, the United States Supreme Court revisited the issue of personal jurisdiction in a way not seen since *International Shoe* and *Pennoyer v. Neff*, and clarified that *unlike* specific jurisdiction, the scope of general jurisdiction is sharply circumscribed: only a "*limited* set of affiliations" with the forum will suffice. *Daimler AG v. Bauman*, 134 S. Ct. 746 at 760 (2014). This limited set of affiliations is intended to provide non-forum defendants with some "minimum assurance as to where . . . conduct will and will not render them liable to suit," *id.* at 762 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,472 (2014)), and to prevent jurisdictional overreach on the part of states, *see id.* at 762, n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no

4

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

connection to any in-state activity." As such, general jurisdiction may be extended only where a defendant's contacts with a forum state are so pervasive that the defendant may "essentially" be regarded as "at home" there. *See id.* at 754; *Goodyear,* 131 S. Ct. at 2851.

10.    For a corporation, the "paradigm" forum for general jurisdiction is the place of incorporation and/or principal place of business. *Daimler,* 134 S. Ct. at 760. These "affiliations have the virtue of being unique – that is, each ordinarily indicates only one place [and is] easily ascertainable." *Id.*

11.    A corporation may be subject to general jurisdiction in a different place, but only in an *"exceptional* case" – i.e., the corporation's in-state operations must still be "so substantial and of such a nature as to render the corporation *at home.*" *Id.* at 761 n.19 (emphasis added). This protects a corporation who conducts business in a large number of states from being subject to general jurisdiction in all of them. *See id.* at 762 n.20 (explaining that a corporation that operates in many places can scarcely be deemed at home in all of them"). An example of an exceptional case is one in which the in-forum affiliations of a foreign defendant are of such a nature as to constitute a "surrogate . . . place of incorporation or head office." *See id.* at 756 n.8, 761 n.19. The critical question is not, then, whether the defendant has some in-forum contacts, but whether, within the entire context of that corporation's activities across the nation and the world, the corporate activities within the forum rise to such a level so as to force that defendant to be subject to suit in that location. *See id.* at 762 n.20. Simply doing business in a forum state is not enough.

12.    In the recent *Daimler* opinion, the United States Supreme Court considered a suit brought by nearly two dozen Argentine residents in California against the German-based Daimler Chrysler for acts committed by one of the corporation's subsidiaries in Argentina during the Argentine Dirty War. *Daimler*, 134 S. Ct. at 750-51. The plaintiffs argued that general personal

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

jurisdiction over Daimler was proper based upon the California contacts of Daimler's U.S. subsidiary, Mercedes Benz USA ("MBUSA"). *Id.* at 752. Per the record, MBUSA distributed vehicles manufactured by Daimler to independent dealerships throughout the United States, and, at the time of suit, had multiple California based facilities, including a regional office, a vehicle preparation center, and a Classic Center. *Id.* MBUSA was also allegedly the largest supplier of luxury vehicles to the California market, and its California sales made up roughly 2.4% of Daimler's sales worldwide. *Id.* Neither Daimler nor MBUSA were incorporated or principally based in California. *Id.* at 761. In an opinion joined by eight justices, the Supreme Court concluded that MBUSA's California contacts were unexceptional; to approve the extension of general jurisdiction would be to "Presumably [subject Daimler to suit] in every State in which MBUSA's sales are sizable." *See id.* In *Daimler's* wake, numerous courts have since applied its reasoning to dismiss all manner of cases against non-forum defendants, including cases dealing with asbestos related claims.

13.    Since the Supreme Court's decision in *Daimler*, the Missouri Supreme Court has weighed in on the issue of general jurisdiction requirements in Missouri. In *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, 512 S.W.3d 41, (Mo. 2017) the Missouri Supreme Court overturned the ruling of Honorable Colleen Dolan of the Twenty Second Judicial Circuit wherein she determined the Norfolk Southern Railway had sufficient contacts with Missouri to exercise general jurisdiction. In an effort to show Norfolk conducted continuous and systematic business in Missouri, the plaintiff presented evidence that Norfolk owns or operates approximately 400 miles of track in the state of Missouri, generated approximately $232 million in revenue, employed approximately 590 people in Missouri, and had a registered agent in the state. Based on this evidence, the Court held Norfolk's contacts were insufficient to establish general jurisdiction over

6

Norfolk in Missouri. While in "exceptional cases" a state may have general jurisdiction over a corporation neither incorporated nor operating its principal place of business there, such exceptional cases only exist where the forum state can be said to be a surrogate for the place of incorporation or the home office, such that the corporation is essentially at home in that state. Norfolk's contacts with Missouri were insufficient to rise to the level of an "exceptional case."

14.    Most recently, in State ex rel. Cedar Crest Apartments, LLC. The Honorable Jack Grate, 2019 WL 3144036 (Mo. banc July 16, 2019), a personal injury case involving injuries sustained at an apartment complex in Overland Park, Kansas, the Missouri Supreme Court held that Missouri courts can only assert personal jurisdiction over a foreign corporation under the doctrine of specific personal jurisdiction "if that entity has at least one contact with this state and the cause of action being pursued arises out of that contact." Id at 3. In that case, Plaintiff argued that defendants' business registration in Missouri, solicitation of business in Missouri, filing lawsuits in Missouri, and owning rental property in Missouri were sufficient contacts to assert specific jurisdiction. The Missouri Supreme Court rejected that argument since none of Plaintiff's claims arose out of those specific contacts. The Supreme Court further held Missouri courts could not assert general jurisdiction over the defendant because they are Kansas business entities with principal places of business in Kansas (noting that state of incorporation and state of principal place of business are traditional bases for general jurisdiction). The fact that the defendants registered to do business in Missouri, solicited business in Missouri, filed unrelated lawsuits in Missouri, and owned rental property in Missouri was not sufficient "systematic and continuous" contacts to render defendants "at home" in Missouri. Finally, the Supreme Court rejected Plaintiff's argument that the contacts of the Kansas based defendants' parent corporation, which is incorporated in Missouri, were sufficient to assert personal jurisdiction over those defendants

7

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

because "one corporation does not become the agent of another corporation merely because it is owned by the other."

15.    Mack Trucks, Inc. is neither incorporated in Missouri, nor has it principal place of business in Missouri. None of the "exceptional circumstances" set out in *Daimler* or *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan* have been met here. Mack Trucks, Inc. is incorporated under the laws of Pennsylvania, and its principal place of business is in Greensboro, NC.

16.    In *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. 2014), for example, a case in which an Alabama plaintiff brought claims against various defendants for asbestos-related injuries, the Connecticut district court refused to extend general jurisdiction over the Maryland-based Lockheed Martin, even though Lockheed (1) was registered to do business and had a registered agent for service of process in Connecticut; (2) had, between 2008 and 2012, collected $160 million in revenue from Connecticut-based work, kept employees at four different Connecticut locations, and leased four properties; and (3) maintained, at the time of suit, one leased property with its name on the building, a telephone listing, and payments of state corporate income tax on Connecticut revenue. *Id.* at 391-92, 397-400. Following *Daimler*, the district court observed that, "[a]lthough Lockheed's contacts with Connecticut may appear substantial, when viewed in relation to its operations as a whole, Lockheed's Connecticut activities account for a relatively trivial amount of its overall business." *Id.* at *398. The court thus determined that Lockheed was not "at home" in Connecticut for purposes of general jurisdiction, and granted its motion to dismiss. *See id.* at *397-99. *See also BNSF Ry Co. v. Superior Court*, No. B260798, 2015, WL 1404544, at *1, *7 (Cal. Ct. App. Mar. 27, 2015) (declining to extend general jurisdiction to railroad asbestos defendant with 8.1% of workforce, 6% of revenue, and under 5% of total track mileage in California); *In re Asbestos Prods. Liab. Litig. (No. VI)*,No.MDL 875, 2014 WL 5394310,

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

at 3 (E.D. Pa. Oct. 23, 2014) (finding in-forum contacts to be no "substitute for [defendant's] place of incorporation or principal place of business," even where defendant was (1) licensed to do business and had an agent for service in forum; (2) sailed vessels in forum waters; and (3) docked at forum ports); *Ricks v. Armstrong Intern.*, No. 4:14-CV-37-BO, 2014WL 2873189 (E.D.N.C. Jun. 24, 2014) (denying general jurisdiction in asbestos case where in-state contacts included (1) two work-from home sales people; (2) participation and attendance at job fairs; and (3) sales constituting 9.86% of defendant's total sales); *Macqueen v. Union Carbide Corp.*, No. CV 13-831-SLR-CJB, 2014 WL 6809811, at 8 (D. Del. Dec. 3, 2014) (declining to extend general jurisdiction over foreign asbestos defendant, emphasizing that, "[w]hile seemingly broad, the standard for general jurisdiction is high in practice and not often met."); *Anderson v. Dana Co., LLC (In re Asbestos Litig.)*, 2015 Del. Super. LEXIS 66 (Del. Super. Ct. Jan. 30, 2015) (finding Virginia-based asbestos defendant lacked sufficiently continuous and systematic contacts to be considered "at home" in Delaware).

17.     What *Daimler* and its growing progeny make absolutely clear is that some contacts or some revenue generated inside a forum do not alone allow for the exercise of general jurisdiction over a foreign corporation. To qualify as "at home" in a state, a foreign corporation's contacts must be exceptional as compared with that corporation's other, non-forum contacts. Anything short of a "surrogate" headquarters or place of incorporation is insufficient. As demonstrated below, Plaintiff here cannot show that Mack's Missouri contacts are so exceptional as to permit the exercise of general jurisdiction.

18.     Since the decisions in *Daimler* and *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, the United States Supreme Court decided *BNSF Railway Co. v. Tyrrell*, 581 U.S. ___, 137 S. Ct. 1549 (2017). That case started with two plaintiffs filing separate cases in Montana against

their employer BNSF Railway Co. under the Federal Employers' Liability Act ("FELA") for alleged on-the-job injuries. The Montana connections were limited: plaintiffs didn't live or work in Montana and weren't injured in Montana, and BNSF is a Delaware corporation with its principal place of business in Texas. Plaintiffs argued that BNSF had sufficient connection with Montana because it had over 2,000 miles of railroad and over 2,000 employees there. The Court found that general personal jurisdiction over BNSF would violate due process. The Court began by noting that, under *Daimler*, general jurisdiction is typically only appropriate over a company in the state where the company is incorporated or has its principal place of business. *Id.* at p. 1558 The Court held the due-process clause "applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." *Id.* at p.1559. The Court repeated the narrow exception from *Daimler* for exercising general jurisdiction in states other than where a corporation is incorporated or has its principal place of business. *Id.* at 1558. ("The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case', a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'"). But the Court found that BNSF's Montana contacts were not "so substantial" because although BNSF had offices, railroad track, and employees in Montana, those contacts represented a relatively small (less than 10% each) portion of BNSF's total presence throughout the United States. *Id.* at 1559.

19.    Mack does not sufficient contact with Missouri to be considered "at home." Plaintiffs do not allege Mack is incorporated in Missouri, or has its principle place of business in Missouri. Plaintiffs must plead and demonstrate that Mack's contacts with Missouri are sufficiently "exceptional" so as to justify the exercise of general jurisdiction under the *Tyrrell* or

Electronically Filed - City of St. Louis - March 17, 2022 - 03:18 PM

*Daimler* guidelines, or those set out in *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, No. SC95514. Accordingly, the Petition against Mack must be dismissed for lack of general personal jurisdiction.

20.     Plaintiffs' claims are potentially barred by applicable statues of limitations. Plaintiffs fail to plead sufficient information to determine whether Missouri's statute of limitations apply to Plaintiffs' claims or a foreign state's statute of limitations applies via Missouri's Borrowing Statute. Mo. Rev. Stat. §516.100.

WHEREFORE, as Plaintiffs cannot show that Mack is incorporated or principally based in Missouri, nor demonstrate that Mack's Missouri contacts are either functionally or proportionally exceptional so as to otherwise signify that Mack is "at home" here, Mack Trucks, Inc. respectfully requests that the Court dismiss this action as to Defendant Mack Trucks, Inc.

MACK TRUCKS, INC.

BY: _____
Mary G. Sullivan, #43030
Curtis R. Picou, #42935
CRIVELLO, CARLSON, PICOU &
ANDREKANIC LLC
1012 Plummer Drive, Suite 201
Edwardsville, IL 62025
(618) 655-0006
(618) 655-0250 (fax)
msullivan@ccpalaw.com
cpicou@ccpalaw.com

ATTORNEYS FOR DEFENDANT

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

|  |  |  |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2222-CC00226 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al. | ) | Asbestos Personal Injury |
| | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned states that on the 16 day of March 2022, Volvo Group North America, LLC, erroneously sued as Volvo Group North America, Inc. (Volvo) served its Disclosure of Lay and Expert Witnesses and Non-Retained Expert Witnesses on Counsel for Plaintiff by electronic mail. A copy will be made available to any other party upon request.

VOLVO GROUP NORTH
AMERICA, LLC

SIMMONS HANLY CONROY                    BY: _Mary G. Sullivan_
One Court Street                        Mary G. Sullivan, #43030
Alton, IL 62002                         Curtis R. Picou, #42935
                                        CRIVELLO, CARLSON, PICOU, &
**ATTORNEYS FOR PETITIONERS**           ANDREKANIC, LLC
                                        1012 Plummer Drive, Suite 201
                                        Edwardsville, IL 62025
                                        (618) 655-0006
                                        (618) 655-0250 Fax
                                        msullivan@ccpalaw.com
                                        cpicou@ccpalaw.com

**ATTORNEYS FOR DEFENDANT**

1

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

DAVID BUTLER and                         )
KATHY BUTLER, his wife,                  )
                                         )
     Plaintiffs,                        )
                                         )
v.                                       )
                                         )    No. 2222-CC00226
A.W. CHESTERTON COMPANY, et al.          )
                                         )    Asbestos Personal Injury
                                         )
     Defendant.                         )

## CERTIFICATE OF SERVICE

The undersigned certifies that Volvo Group North America, LLC, erroneously sued as Volvo Group North America, Inc. (Volvo) Special and Limited Appearance and Motion to Dismiss for Lack of Personal Jurisdiction and Suggestions in Support was electronically filed with the Clerk of the Court and served on all counsel of record on ___3-16___, 2022 pursuant to the Missouri E-Filing system and the Court's First Amended Administrative Order of July 1, 2013.


SIMMONS HANLY CONROY                  VOLVO GROUP NORTH
One Court Street                      AMERICA, LLC
Alton, IL 62002
                                      BY: _Mary G. Sul_____
**ATTORNEYS FOR PETITIONERS**          Mary G. Sullivan, #43030
                                      Curtis R. Picou, #42935
                                      CRIVELLO, CARLSON, PICOU, &
                                      ANDREKANIC, LLC
                                      1012 Plummer Drive, Suite 201
                                      Edwardsville, IL  62025
                                      (618) 655-0006
                                      (618) 655-0250 Fax
                                      msullivan@ccpalaw.com
                                      cpicou@ccpalaw.com

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

| | |
|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| A.W. CHESTERTON COMPANY, et al. | ) ) |
| Defendant. | ) ) ) |

No. 2222-CC00226

Asbestos Personal Injury

**SPECIAL AND LIMITED APPEARANCE**

Now come Mary G. Sullivan and the attorneys of Crivello, Carlson, Picou & Andrekanic

LLC and hereby enter their special and limited appearance to Object to Jurisdiction on behalf of

Volvo Group North America, LLC, erroneously sued as Volvo Group North America, Inc.

**DEFENDANT DEMANDS TRIAL BY JURY.**

VOLVO GROUP NORTH
AMERICA, LLC

By: _Mary Sul_____
Mary G. Sullivan, #43030
Curtis R. Picou, #42935
CRIVELLO, CARLSON, PICOU
& ANDREKANIC LLC
1012 Plummer Drive, Suite 201
Edwardsville, IL 62025
(618) 655-0006
(618) 655-0250
msullivan@ccpalaw.com
cpicou@ccpalaw.com

1

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

DAVID BUTLER and              )
KATHY BUTLER, his wife,       )
                              )
    Plaintiffs,          )
                              )
v.                            )
                              )     No. 2222-CC00226
A.W. CHESTERTON COMPANY, et al.  )
                              )     Asbestos Personal Injury
                              )
    Defendant.           )

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S MOTION TO DISMISS**
**PETITION FOR LACK OF PERSONAL JURISDICTION AND**
**SUGGESTIONS IN SUPPORT**

    Defendant Volvo Group North America, LLC, erroneously sued as Volvo Group North America, Inc. (hereinafter referred to as Volvo) by and through its counsel, moves this Court pursuant to Rule 55.27 to dismiss all claims against Volvo for lack of personal jurisdiction. Volvo is not subject to specific personal jurisdiction in this matter because there has been no assertion of Missouri residence by the Plaintiffs and the claims alleged do not arise out of, or relate to, conduct by Volvo which took place in Missouri. Volvo is further not subject to general personal jurisdiction in Missouri as a matter of federal due process, because Volvo is neither incorporated nor has its principal place of business in Missouri, nor is it alleged to be, and the quantity and nature of Volvo limited connections with Missouri are not so exceptional as to satisfy the jurisdictional requirements set forth by the United States Supreme Court in *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014) and more recently in *Burlington Northern Santa Fe Railway v. Tyrrell, 2017 WL 2322834 (2017,* and by the Missouri Supreme Court in *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, No. SC95514, decided February 28, 2017.

1

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

## A. Personal Jurisdiction Standard

1.       There are two types of personal jurisdiction – specific and general. A court has specific jurisdiction over a defendant when the suit arises *out of* or relates *to* the defendant's contacts *with* the forum. *Burlington Northern Sante Fe Railway v. Tyrrell*, 2017 WL 2322834, *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). In Missouri, a foreign defendant is subject to specific personal jurisdiction only where (1) the suit arises out of certain activities enumerated in the Missouri long-arm statute and (2) where the defendant has "sufficient minimum contacts with Missouri" to satisfy the requirements of due process. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997).  In contrast, general jurisdiction exists even where a plaintiff's cause of action does not arise out of or relate to the defendant's contacts with the forum, but where the defendant's forum contacts are nevertheless "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler*, 134 S. Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v Brown*, 131 S. Ct. 2846, 2851 (2011)).

2.       As with specific jurisdiction, general jurisdiction is authorized under Missouri state law, *see Sloan-Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 409 (Mo. Ct. App. 2001), and must satisfy the requirements of due process, *see, e.g., Wineteer v. Vietnam Helicopter Pilots Ass'n*, 121 S.W.3d 277, 283 (Mo. Ct. App. 2003) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

3.       When a nonresident defendant such as Volvo challenges the assertion of either specific or general jurisdiction, the burden shifts to plaintiff to make a *prima facie* showing that personal jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W. 3d 858, 862 (Mo. App. E.D. 2009); *Hollinger v. Sifers*, 122 S.W.3d 112, 115 (Mo. App. 2003). "The sufficiency of the evidence to make such a *prima facie* showing is a question of law. . .." *Id.* For

2

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

the exercise of specific personal jurisdiction, plaintiff(s) need not prove all of the elements that form the basis of the claim, but must at least prove "that acts contemplated by the [long-arm] statute took place within [Missouri]." *Id.* at 116. For the exercise of general jurisdiction, a plaintiff must, in addition to demonstrating the presence of general jurisdiction under state law, demonstrate Volvo had sufficient minimum contacts with Missouri so as not to offend "traditional notions of fair play and substantial justice." *See, e.g., Daimler*, 134 S. Ct. at 754 (quoting *Int'l Shoe*, 326 U.S. at 316).

4.     A "[p]laintiff cannot rely on mere conclusions [but] must allege facts to carry its burden." *Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *2 (Mo. Cir. Jan. 12, 2015) (citing *City of Fenton v. Executive Int'l Inn, Inc.*, 740 S.W. 2d 338, 339 (Mo. App. E.D. 1987)).

5.     Plaintiffs cannot make a *prima facie* showing that either specific or general jurisdiction over Volvo is appropriate in this case. All claims against Volvo must therefore be dismissed.

**B.  Volvo is not Subject to Specific Personal Jurisdiction**

6.     For a non-resident defendant to be subject to specific personal jurisdiction in Missouri, the claims against that defendant must arise out of activities enumerated in the Missouri long-arm statute. *Chromalloy American*, 955 S.W.2d at 4. A plaintiff's failure to show that the claims against the defendant arose *out of* such activities warrants dismissal. *See Hollinger*, 122 S.W.3d at 115. Here, the Petition alleges that [e]ach Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri and by reason of having committed a tort against Plaintiff in Missouri.

3

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

7.    While these statements are obviously intended to clear the jurisdictional hurdle set by the state long-arm statute, Missouri is a fact-pleading jurisdiction and requires allegations of fact. *See* Rule 55.05; *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997). These conclusory jurisdictional allegations, which fail to identify any act or transaction by Volvo that occurred within the State of Missouri, simply do not bring the claims within the purview of the long-arm statute, and are therefore wholly insufficient to save the Petition from dismissal. The Petition demonstrates that there is no connection whatsoever between the Plaintiff and the State of Missouri, much less between Missouri and the claims in issue.

8.    Given the above, Plaintiffs have not carried the burden of showing that the claims against Volvo arise out of any contacts with the State of Missouri. As such, the claims in this matter against Volvo cannot and do not fall within the purview of the Missouri long-arm statute, and there is no basis for this Court to exercise specific personal jurisdiction over Volvo.

## C. Volvo is Not Subject to General Personal Jurisdiction

9.    General personal jurisdiction requires a corporation to be "at home" in Missouri. General jurisdiction, like specific jurisdiction, must be authorized under Missouri law and comport with the requirements of due process. *Yaeger v. Wyndham Vacation Resorts, Inc.*, No. 4:14-CV-795-JCH, 2014WL 3543426, at *2 (E.D.Mo. 2014). The United States Supreme Court revisited the issue of personal jurisdiction in a way not seen since *International Shoe* and *Pennoyer v. Neff*, and clarified that *unlike* specific jurisdiction, the scope of general jurisdiction is sharply circumscribed: only a "*limited* set of affiliations" with the forum will suffice. *Daimler AG v. Bauman*, 134 S. Ct. 746 at 760 (2014). This limited set of affiliations is intended to provide non-forum defendants with some "minimum assurance as to where . . . conduct will and will not render them liable to suit," *id.* at 762 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,472 (2014)),

4

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

and to prevent jurisdictional overreach on the part of states, *see id.* at 762, n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." As such, general jurisdiction may be extended only where a defendant's contacts with a forum state are so pervasive that the defendant may "essentially" be regarded as "at home" there. *See id.* at 754; *Goodyear,* 131 S. Ct. at 2851.

10.     For a corporation, the "paradigm" forum for general jurisdiction is the place of incorporation and/or principal place of business. *Daimler,* 134 S. Ct. at 760. These "affiliations have the virtue of being unique – that is, each ordinarily indicates only one place [and is] easily ascertainable." *Id.*

11.     A corporation may be subject to general jurisdiction in a different place, but only in an "*exceptional* case" – i.e., the corporation's in-state operations must still be "so substantial and of such a nature as to render the corporation *at home.*" *Id.* at 761 n.19 (emphasis added). This protects a corporation who conducts business in a large number of states from being subject to general jurisdiction in all of them. *See id.* at 762 n.20 (explaining that a corporation that operates in many places can scarcely be deemed at home in all of them"). An example of an exceptional case is one in which the in-forum affiliations of a foreign defendant are of such a nature as to constitute a "surrogate . . . place of incorporation or head office." *See id.* at 756 n.8, 761 n.19. The critical question is not, then, whether the defendant has some in-forum contacts, but whether, within the entire context of that corporation's activities across the nation and the world, the corporate activities within the forum rise to such a level so as to force that defendant to be subject to suit in that location. *See id.* at 762 n.20. Simply doing business in a forum state is not enough.

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

12.    In the *Daimler* opinion, the United States Supreme Court considered a suit brought by nearly two dozen Argentine residents in California against the German-based Daimler Chrysler for acts committed by one of the corporation's subsidiaries in Argentina during the Argentine Dirty War. *Daimler*, 134 S. Ct. at 750-51. The plaintiffs argued that general personal jurisdiction over Daimler was proper based upon the California contacts of Daimler's U.S. subsidiary, Mercedes Benz USA ("MBUSA"). *Id.* at 752. Per the record, MBUSA distributed vehicles manufactured by Daimler to independent dealerships throughout the United States, and, at the time of suit, had multiple California based facilities, including a regional office, a vehicle preparation center, and a Classic Center. *Id.*). MBUSA was also allegedly the largest supplier of luxury vehicles to the California market, and its California sales made up roughly 2.4% of Daimler's sales worldwide. *Id.* Neither Daimler nor MBUSA were incorporated or principally based in California. *Id.* at 761. In an opinion joined by eight justices, the Supreme Court concluded that MBUSA's California contacts were unexceptional; to approve the extension of general jurisdiction would be to "Presumably [subject Daimler to suit] in every State in which MBUSA's sales are sizable." *See id.* In *Daimler's* wake, numerous courts have since applied its reasoning to dismiss all manner of cases against non-forum defendants, including cases dealing with asbestos related claims.

13.    Since the Supreme Court's decision in *Daimler*, the Missouri Supreme Court has weighed in on the issue of general jurisdiction requirements in Missouri. In *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, No. SC95514, decided February 28, 2017 the Missouri Supreme Court overturned the ruling of Honorable Colleen Dolan of the Twenty Second Judicial Circuit wherein she determined the Norfolk Southern Railway had sufficient contacts with Missouri to exercise general jurisdiction. In an effort to show Norfolk conducted continuous and systematic business in Missouri, the plaintiff presented evidence that Norfolk owns or operates

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

approximately 400 miles of track in the state of Missouri, generated approximately $232 million in revenue, employed approximately 590 people in Missouri, and had a registered agent in the state. Based on this evidence, the Court held Norfolk's contacts were insufficient to establish general jurisdiction over Norfolk in Missouri. While in "exceptional cases" a state may have general jurisdiction over a corporation neither incorporated nor operating its principal place of business there, such exceptional cases only exist where the forum state can be said to be a surrogate for the place of incorporation or the home office, such that the corporation is essentially at home in that state. Norfolk's contacts with Missouri were insufficient to rise to the level of an "exceptional case."

14.    Most recently, in State ex rel. Cedar Crest Apartments, LLC. The Honorable Jack Grate, 2019 WL 3144036 (Mo. banc July 16, 2019), a personal injury case involving injuries sustained at an apartment complex in Overland Park, Kansas, the Missouri Supreme Court held that Missouri courts can only assert personal jurisdiction over a foreign corporation under the doctrine of specific personal jurisdiction "if that entity has at least one contact with this state and the cause of action being pursued arises out of that contact." Id at 3. In that case, Plaintiff argued that defendants' business registration in Missouri, solicitation of business in Missouri, filing lawsuits in Missouri, and owning rental property in Missouri were sufficient contacts to assert specific jurisdiction. The Missouri Supreme Court rejected that argument since none of Plaintiff's claims arose out of those specific contacts. The Supreme Court further held Missouri courts could not assert general jurisdiction over the defendant because they are Kansas business entities with principal places of business in Kansas (noting that state of incorporation and state of principal place of business are traditional bases for general jurisdiction). The fact that the defendants registered to do business in Missouri, solicited business in Missouri, filed unrelated lawsuits in

Missouri, and owned rental property in Missouri was not sufficient "systematic and continuous" contacts to render defendants "at home" in Missouri. Finally, the Supreme Court rejected Plaintiff's argument that the contacts of the Kansas based defendants' parent corporation, which is incorporated in Missouri, were sufficient to assert personal jurisdiction over those defendants because "one corporation does not become the agent of another corporation merely because it is owned by the other."

15.    Volvo is neither incorporated in Missouri, nor has its principle place of business in Missouri. None of the "exceptional circumstances" set out in *Daimler* or *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan* have been met here. Volvo is incorporated in Delaware, with its principle place in the State of North Carolina. Volvo has no employees in Missouri, is not registered to do business in Missouri, and pays no taxes to Missouri.

16.    In *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. 2014), for example, a case in which an Alabama plaintiff brought claims against various defendants for asbestos-related injuries, the Connecticut district court refused to extend general jurisdiction over the Maryland-based Lockheed Martin, even though Lockheed (1) was registered to do business and had a registered agent for service of process in Connecticut; (2) had, between 2008 and 2012, collected $160 million in revenue from Connecticut-based work, kept employees at four different Connecticut locations, and leased four properties; and (3) maintained, at the time of suit, one leased property with its name on the building, a telephone listing, and payments of state corporate income tax on Connecticut revenue. *Id.* at 391-92, 397-400. Following *Daimler*, the district court observed that, "[a]lthough Lockheed's contacts with Connecticut may appear substantial, when viewed in relation to its operations as a whole, Lockheed's Connecticut activities account for a relatively trivial amount of its overall business." *Id.* at *398. The court thus determined that Lockheed was

not "at home" in Connecticut for purposes of general jurisdiction, and granted its motion to dismiss. *See id.* at \*397-99. *See also BNSF Ry Co. v. Superior Court*, No. B260798, 2015, WL 1404544, at \*1, \*7 (Cal. Ct. App. Mar. 27, 2015) (declining to extend general jurisdiction to railroad asbestos defendant with 8.1% of workforce, 6% of revenue, and under 5% of total track mileage in California); *In re Asbestos Prods. Liab. Litig. (No. VI)*,No. MDL 875, 2014WL5394310, at 3 (E.D. Pa. Oct. 23, 2014) (finding in-forum contacts to be no "substitute for [defendant's] place of incorporation or principal place of business," even where defendant was (1) licensed to do business and had an agent for service in forum; (2) sailed vessels in forum waters; and (3) docked at forum ports); *Ricks v. Armstrong Intern.*, No. 4:14-CV-37-BO, 2014WL 2873189 (E.D.N.C. Jun. 24, 2014) (denying general jurisdiction in asbestos case where in-state contacts included (1) two work-from home sales people; (2) participation and attendance at job fairs; and (3) sales constituting 9.86% of defendant's total sales); *Macqueen v. Union Carbide Corp.*, No. CV 13-831-SLR-CJB, 2014 WL 6809811, at 8 (D. Del. Dec. 3, 2014) (declining to extend general jurisdiction over foreign asbestos defendant, emphasizing that, "[w]hile seemingly broad, the standard for general jurisdiction is high in practice and not often met."); *Anderson v. Dana Co., LLC (In re Asbestos Litig.)*, 2015 Del. Super. LEXIS 66 (Del. Super. Ct. Jan. 30, 2015) (finding Virginia-based asbestos defendant lacked sufficiently continuous and systematic contacts to be considered "at home" in Delaware).

17.    What *Daimler* and its progeny made absolutely clear is that some contacts or some revenue generated inside a forum do not alone allow for the exercise of general jurisdiction over a foreign corporation. To qualify as "at home" in a state, a foreign corporation's contacts must be exceptional as compared with that corporation's other, non-forum contacts. Anything short of a

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

"surrogate" headquarters or place of incorporation is insufficient. Plaintiff cannot show that Volvo's Missouri contacts are so exceptional as to permit the exercise of general jurisdiction.

18.    Since the decisions in *Daimler* and *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, the United States Supreme Court decided *BNSF Railway Co. v. Tyrrell*, 581 U.S. ___, 137 S. Ct. 1549 (2017). That case started with two plaintiffs filing separate cases in Montana against their employer BNSF Railway Co. under the Federal Employers' Liability Act ("FELA") for alleged on-the-job injuries. The Montana connections were limited: plaintiffs didn't live or work in Montana and weren't injured in Montana, and BNSF is a Delaware corporation with its principal place of business in Texas. Plaintiffs argued that BNSF had sufficient connection with Montana because it had over 2,000 miles of railroad and over 2,000 employees there. The Court found that general personal jurisdiction over BNSF would violate due process. The Court began by noting that, under *Daimler*, general jurisdiction is typically only appropriate over a company in the state where the company is incorporated or has its principal place of business. *Id.* at p. 1558 The Court held the due-process clause "applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." *Id.* at p.1559. The Court repeated the narrow exception from *Daimler* for exercising general jurisdiction in states other than where a corporation is incorporated or has its principal place of business. *Id.* at 1558. ("The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case', a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'"). But the Court found that BNSF's Montana contacts were not "so substantial" because although BNSF had offices, railroad track, and employees in

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

Montana, those contacts represented a relatively small (less than 10% each) portion of BNSF's total presence throughout the United States. *Id.* at 1559.

19.    Volvo does not have sufficient contacts with Missouri to be considered "at home." Plaintiffs do not allege Volvo is incorporated in Missouri, or has its principle place of business in Missouri.  Plaintiffs must plead and demonstrate that Volvo contacts with Missouri are sufficiently "exceptional" so as to justify the exercise of general jurisdiction under the *Tyrrell* or *Daimler* guidelines, or those set out in *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, No. SC95514.  Accordingly, the Petition against Volvo must be dismissed for lack of general personal jurisdiction.

20.    Plaintiffs' claims are potentially barred by applicable statues of limitations. Plaintiffs fail to plead sufficient information to determine whether Missouri's statute of limitations apply to Plaintiffs' claims or a foreign state's statute of limitations applies via Missouri's Borrowing Statute. Mo. Rev. Stat. §516.100.

WHEREFORE, Plaintiffs cannot show that the cause of action against Volvo arose out of alleged tortuous conduct by Volvo which occurred in Missouri; Volvo is not incorporated or principally based in Missouri; Plaintiffs have not demonstrated through the Petition that Volvo's Missouri contacts are either functionally or proportionally exceptional so as to otherwise signify that Volvo is "at home" here. Accordingly, defendant Volvo respectfully requests that the Court dismiss this action as to Defendant Volvo.

Electronically Filed - City of St. Louis - March 17, 2022 - 03:21 PM

VOLVO GROUP NORTH AMERICA, LLC.


BY: _____

Mary G. Sullivan, #43030
Curtis R. Picou, #42935
CRIVELLO, CARLSON, PICOU &
ANDREKANIC LLC
1012 Plummer Drive, Suite 201
Edwardsville, IL 62025
(618) 655-0006
(618) 655-0250 (fax)
msullivan@ccpalaw.com
cpicou@ccpalaw.com

ATTORNEYS FOR DEFENDANT

Electronically Filed - City of St. Louis - March 17, 2022 - 05:30 PM

**IN THE CIRCUIT COURT**
**OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS, STATE OF MISSOURI**

| | |
|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) |
|     Plaintiffs, | ) ) |
| v. | ) ) Cause No. 2222-CC00226 |
| A.W. CHESTERTON COMPANY, et al, | ) ) |
|     Defendants. | ) |

**DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS, OR, IN THE**
**ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant, John Crane Inc., by and through its undersigned attorneys, pursuant to Missouri Supreme Court Rule 55.27, V.A.M.S. §516.120 and others, in support of its Motion to Dismiss Plaintiffs' Petition and/or alternatively, Motion for More Definite Statement, states as follows:

1.    Plaintiffs allege in their Petition that Plaintiff David Butler was exposed to asbestos-containing products during the course of his employment as a laborer, roofer, mechanic, and business owner/operator at various locations from 1978 to 2018.  Plaintiffs' Petition further alleges that Plaintiff David Butler was exposed to asbestos-containing products during non-occupational home and automotive repairs, maintenance, and remodeling from 1978 to 1991. Plaintiffs' Petition alleges that Plaintiff David Butler was diagnosed with pleural mesothelioma on or about July 20, 2017, which Plaintiffs allege was wrongfully caused.

2.    This court lacks personal jurisdiction over the Defendant.  *Daimler AG v. Bauman*, 134 S.Ct. 746, 752 (U.S. 2014).

3. Plaintiffs' Petition consists of numerous Counts purporting to set forth claims in strict liability, negligence, willful and wanton misconduct, loss of consortium, spoliation of evidence, and others.

4. Plaintiffs have improperly united several counts against multiple defendants. The Petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(a) (10).

5. To the extent it is deemed that Plaintiffs are seeking damages for any other claims from this Defendant, the Counts should be dismissed for Plaintiffs' failure to allege any specific facts showing conduct by this Defendant regarding those claims.

6. Plaintiffs' Petition was not filed in a timely manner pursuant to the Statute of Limitations (V.A.M.S. §516.120, and others) and the applicable Statute of Repose.

7. Plaintiffs have failed to plead specific allegations of conduct, or the existence of asbestos-containing products that were in any way supplied or provided by this Defendant to establish a causal connection to Plaintiff's alleged disease.

8. Plaintiffs' Petition fails to state a claim upon which relief can be granted and, therefore, should be dismissed in accordance with Missouri Supreme Court Rule 55.27(a)(6).

9. Plaintiffs' Petition is devoid of allegations regarding Plaintiff's particular dates of exposure or job sites. Plaintiffs made no effort to relate a specific time frame for any alleged exposure location. Furthermore, Plaintiffs failed to identify any specific asbestos-containing products that were in any way supplied or provided by Defendant John Crane Inc. Plaintiffs have failed to supply information with sufficient definiteness or particularity to enable this Defendant to prepare a proper responsive pleading. Therefore, the Petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(d) and V.A.M.S. §509.310.

Electronically Filed - City of St. Louis - March 17, 2022 - 05:30 PM

10.     Plaintiffs have failed to allege facts to establish that venue in the Circuit Court of the City of St. Louis, Missouri is appropriate.  Plaintiffs have failed to allege that Plaintiff was first injured in the City of St. Louis by any alleged wrongful acts of any defendant, including John Crane Inc., as required by V.A.M.S. §§ 508.010.4 and 508.010.5.

11.     Plaintiffs improperly seek the recovery of punitive damages.  Plaintiffs' claims for punitive damages are barred by the United States Constitution because recovery of such damages in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that this Defendant may be subjected to multiple awards for an alleged single course of conduct.

12.     Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, as well as the United States Constitution.  Such damages are precluded because the standards for recovery of said damages are too vague to give notice of the conduct prohibited, and would subject Defendant to multiple jeopardy, excessive fines and unusual punishment and would be a violation of due process.  Furthermore, such damages are precluded under V.A.M.S. §400.1-106.

## **BILL OF PARTICULARS**

13.     If Plaintiffs' Petition is not dismissed, John Crane Inc. demands that Plaintiffs file a Bill of Particulars pursuant to V.A.M.S. §509.310, providing the following information:

a.     Plaintiff's residence address (es) throughout the time he was allegedly exposed to asbestos;

b.     The name, address, and duration of employment for each and every employer for which Plaintiff worked and was allegedly exposed to asbestos as alleged in the Petition;

c.     The name, address and date(s) worked for each and every job site on which Plaintiff worked and was allegedly exposed to asbestos;

Electronically Filed - City of St. Louis - March 17, 2022 - 05:30 PM

d.    Each and every asbestos-containing material/product that Plaintiffs contend Plaintiff worked with and/or was exposed to and that was allegedly supplied and/or provided by John Crane Inc., indicating during which employment and job site the alleged exposure(s) took place and when the alleged exposure(s) occurred; and

e.    Each act that gave rise to Plaintiffs' cause of action that occurred in the City of St. Louis, Missouri.

14.    It is well established that Plaintiffs cannot plead mere conclusions of law.  Plaintiffs are required to plead ultimate facts which would entitle them to recover some type of relief from the court.

The Petition must "contain a short and plain statement of the facts showing that the pleader is entitled to relief."  Missouri Supreme Court Rule 55.05.  Although not required to plead evidentiary or operative facts showing an entitlement to the relief sought, the Petition must, at a minimum, plead ultimate facts demonstrating an entitlement to relief.  See *Westphal v. Lake Lotawana Ass'n, Inc.*, 95 S.W.3d 144, 152 (Mo.App. 2003).  Plaintiffs cannot merely assert conclusions.  *Id.*  The Court must disregard mere conclusions which are not supported by facts in determining whether a Petition states a cause of action.  *Williams v. Barnes & Noble, Inc.*, 174 S.W.3d 556, 559-60 (Mo.App. W.D., 2005), citing *Lick Creek Sewer Sys. v. Bank of Bourbon*, 747 S.W.2d 317, 322 (Mo.App.1988).

WHEREFORE, Defendant John Crane Inc., hereby requests that this Court enter an Order dismissing the action against it, or, in the alternative, require Plaintiffs to allege a more definite statement of facts to state a cause of action against John Crane Inc., or a transfer to an appropriate venue and for such other and further relief the court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Electronically Filed - City of St. Louis - March 17, 2022 - 05:30 PM

/s/ A.J. Bronsky
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2000
Telephone:  314-421-3400
Email:  ajbronsky@bjpc.com
Email:  apeterfy@bjpc.com
**Attorneys for Defendant**
**John Crane Inc.**

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 17th day of March, 2022, upon: John E. Richardson, Jr., SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky

AJB/ALS
27284366.1

Electronically Filed - City of St. Louis - March 17, 2022 - 05:30 PM

**IN THE CIRCUIT COURT**
**OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS, STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| his wife, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| v. | ) | Cause No. 2222-CC00226 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al, | ) | |
| | ) | |
|     Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Defendant John Crane Inc.'s Trial Exhibit List and Notice and Designation of Expert and Lay Witnesses was sent on this 17th day of March, 2022 via email to John E. Richardson, Jr., jrichardson@simmonsfirm.com, SIMMONS HANLY CONROY, Attorneys for Plaintiffs.

/s/ A.J. Bronsky _____
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2000
Telephone:  314-421-3400
Email:  ajbronsky@bjpc.com
Email:  apeterfy@bjpc.com
**Attorneys for Defendant John Crane Inc.**

**CERTIFICATE OF SERVICE AND**
**CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)**

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 17th day of March, 2022, upon: John E. Richardson, Jr., SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky _____

27369749.1

Electronically Filed - City of St. Louis - March 18, 2022 - 10:51 AM

**IN THE CIRCUIT COURT
OF THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS, STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| his wife, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 2222-CC00226 |
| | ) | |
| ACE HARDWARE CORPORATION et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT MISSOURI DRYWALL SUPPLY, INC.'S, MOTION TO DISMISS, OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW defendant, Missouri Drywall Supply, Inc., by and through its undersigned attorneys, pursuant to Missouri Supreme Court Rule 55.27, V.A.M.S. §516.120 and others, in support of its Motion to Dismiss and/or alternatively, Motion for More Definite Statement, states as follows:

1.      Plaintiffs allege in the Petition that David Butler was exposed to asbestos-containing products from 1978 through 1991.  Plaintiffs further allege that David Butler was diagnosed with mesothelioma on July 20, 2017.

2.      Plaintiffs' Petition consists of numerous Counts purporting to set forth claims in strict liability, negligence, willful and wanton misconduct, conspiracy and others.

3.      Plaintiffs have improperly united several counts against multiple defendants.  The Petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(a)(10).

4.      It does not appear that the conspiracy claims are directed to Missouri Drywall Supply, Inc.  However, to the extent it is deemed that Plaintiffs are seeking damages for these

Electronically Filed - City of St. Louis - March 18, 2022 - 10:51 AM

claims from this defendant, the counts should be dismissed for Plaintiffs' failure to allege any specific facts showing conduct by this defendant regarding those claims.

5.      Plaintiffs' Petition was not filed in a timely manner pursuant to the Statute of Limitations (V.A.M.S. §516.120, and others) and the applicable Statute of Repose.

6.      Plaintiffs have failed to plead specific allegations of conduct, or the existence of asbestos-containing products that were in any way supplied or provided by this defendant to establish a causal connection to plaintiff's alleged disease.

7.      Plaintiffs' Petition fails to state a claim upon which relief can be granted and, therefore, should be dismissed in accordance with Missouri Supreme Court Rule 55.27(a)(6).

8.      Plaintiffs' Petition is devoid of allegations regarding particular dates of exposure or job sites.  Plaintiffs made no effort to relate a specific time frame for any alleged exposure location.  Furthermore, Plaintiffs failed to identify any specific asbestos-containing products that were in any way supplied or provided by defendant Missouri Drywall Supply, Inc.  Plaintiffs failed to supply information with sufficient definiteness or particularity to enable this defendant to prepare a proper responsive pleading.  Therefore, the Petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(d) and V.A.M.S. §509.310.

9.      Plaintiffs failed to allege facts to establish that venue in the Circuit Court of the City of St. Louis, Missouri is appropriate.  Plaintiffs failed to allege that Mr. Simpson was first injured in the City of St. Louis by any alleged wrongful acts of any defendant, including Missouri Drywall Supply, Inc., as required by V.A.M.S. §§ 508.010.4 and 508.010.5.

10.     Plaintiffs improperly seek the recovery of punitive damages, artfully referred to in the Petition as "aggravated circumstances."  Plaintiffs' claim for punitive damages is barred by the United States Constitution because recovery of such damages in this case would violate substantive

Electronically Filed - City of St. Louis - March 18, 2022 - 10:51 AM

due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that this defendant may be subjected to multiple awards for an alleged single course of conduct.

11.     Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, as well as the United States Constitution. Such damages are precluded because the standards for recovery of said damages are too vague to give notice of the conduct prohibited, and would subject defendant to multiple jeopardy, excessive fines and unusual punishment and would be a violation of due process. Furthermore, such damages are precluded under V.A.M.S. §400.1-106.

## **BILL OF PARTICULARS**

12.     If Plaintiffs' Petition is not dismissed, Missouri Drywall Supply, Inc., demands that Plaintiffs file a Bill of Particulars pursuant to V.A.M.S. §509.310, providing the following information:

a.     Plaintiff's residence address(es) throughout the time she was allegedly exposed to asbestos;

b.     The name, address, and duration of employment for each and every employer for which Plaintiff worked and was allegedly exposed to asbestos as alleged in the Petition;

c.     The name, address and date(s) worked for each and every job site on which Plaintiff worked and was allegedly exposed to asbestos;

d.     Each and every asbestos-containing material/product that Plaintiff contends he worked with and/or was exposed to and that was allegedly supplied and/or provided by Missouri Drywall Supply, Inc., indicating during which employment and job site the alleged exposure(s) took place and when the alleged exposure(s) occurred; and

e.     Each act that gave rise to Plaintiff's cause of action that occurred in the City of St. Louis, Missouri.

Electronically Filed - City of St. Louis - March 18, 2022 - 10:51 AM

13.    It is well established that Plaintiffs cannot plead mere conclusions of law.  Plaintiffs are required to plead ultimate facts which would entitle Plaintiffs to recover some type of relief from the court.

The Petition must "contain a short and plain statement of the facts showing that the pleader is entitled to relief."  Missouri Supreme Court Rule 55.05.  Although not required to plead evidentiary or operative facts showing an entitlement to the relief sought, the Petition must, at a minimum, plead ultimate facts demonstrating an entitlement to relief.  See *Westphal v. Lake Lotawana Ass'n, Inc.,* 95 S.W.3d 144, 152 (Mo.App. 2003).  Plaintiff cannot merely assert conclusions.  *Id.*  The Court must disregard mere conclusions which are not supported by facts in determining whether a petition states a cause of action.  *Williams v. Barnes & Noble, Inc.*, 174 S.W.3d 556, 559-60 (Mo.App. W.D., 2005), citing *Lick Creek Sewer Sys. v. Bank of Bourbon,* 747 S.W.2d 317, 322 (Mo.App.1988).

WHEREFORE, defendant Missouri Drywall Supply, Inc., hereby requests that this Court enter an Order dismissing the action against it, or, in the alternative, require Plaintiffs to allege a more definite statement of facts to state a cause of action against Missouri Drywall Supply, Inc., or a transfer to an appropriate venue and for such other and further relief the court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY**

Electronically Filed - City of St. Louis - March 18, 2022 - 10:51 AM

/s/ A.J. Bronsky
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
Telephone:  314-421-3400
Facsimile:   314-421-3128
E-mail:  ajbronsky@bjpc.com
E-mail:  apeterfy@bjpc.com
**Attorneys for Defendant**
**Missouri Drywall Supply, Inc.**


**CERTIFICATE OF SERVICE AND**
**CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)**

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 18th day of March, 2022, upon: SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.


/s/ A.J. Bronsky

AJB/AP:ams
26825179.1

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

DAVID BUTLER and KATHY BUTLER, his wife, )
)
            Plaintiffs,                )
)
vs.                                )        Cause No. 2222-CC00226
)
A.W. CHESTERTON COMPANY, et al.,      )
)
            Defendants.           )

**SPECIAL AND LIMITED ENTRY OF APPEARANCE**

      COME NOW Edward M. Slaughter and Mark D. Crapo of Gordon Rees Scully Mansukhani, LLP and enter their special and limited appearance on behalf of Defendant PACCAR Inc for the special and limited purpose of contesting personal jurisdiction.

                            Respectfully submitted,


                        By:  /s/ Mark D. Crapo
                              Mark D. Crapo, #67308
                              211 N. Broadway, Suite 2150
                              St. Louis, MO 63102
                              (314) 961-6686
                              (314) 338-3076 – Facsimile
                              mcrapo@grsm.com

                              Edward M. Slaughter, #65705
                              2200 Ross Avenue, Suite 3700
                              Dallas, TX 75201
                              (214) 231-4660
                              (214) 461-4053 – Facsimile
                              eslaughter@grsm.com

                            Attorneys for Defendant PACCAR Inc

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to all counsel of record via Missouri e-Filing System on this 21st day of March 2022.

  /s/ Mark D. Crapo

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | |
|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. 2222-CC00226 |
| ) | |
| A.W. CHESTERTON COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PACCAR INC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Defendant PACCAR Inc, by and through its counsel, and pursuant to Missouri Supreme Court Rule 55.27, hereby moves this Court for an Order dismissing the Petition ("Petition") filed by Plaintiffs David Butler and Kathy Butler.  In support of its Motion, PACCAR states as follows:

**INTRODUCTION**

Plaintiffs brought this action against nonresident corporate defendant PACCAR in violation of the Due Process Clause of the Fourteenth Amendment and the Missouri long-arm statute. *See Daimler A.G. v. Bauman,* 134 S. Ct. 746 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"); *Bristol-Myers Squibb Co. v. Superior Court*, 1773, 1781 (U.S. 2017) ("For specific jurisdiction, a defendant's general connections with the forum are not enough."); Rev. Stat. § 506.500; U.S. Const. amend. XIV, § 1. Plaintiffs' causes of action against PACCAR should be dismissed because Plaintiffs fail to allege sufficient facts upon which a Missouri court could base jurisdiction over PACCAR. This Missouri Court lacks specific and general jurisdiction over

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

PACCAR, and PACCAR does not have sufficient minimum contacts with Missouri to satisfy due process requirements. Further, PACCAR is not domiciled in Missouri and did not consent to jurisdiction in Missouri such that any of the traditional bases upon which a court can exercise jurisdiction are satisfied. Without the requisite contacts in Missouri to warrant the exercise of this Court's jurisdiction over PACCAR, Plaintiffs' causes of action against PACCAR must be dismissed.

## STATEMENT OF FACTS

Plaintiffs' Petition consists of seven separate counts, lists numerous defendants, and seeks damages related to David Butler's alleged exposure to asbestos. *See generally* Pet. Plaintiffs generally allege that David Butler was "exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers…." *See* Pet, Jurisdiction, Venue and Gen. Allegations, ¶ 8.  As a result, David Butler developed Pleural Mesothelioma. *See* Pet, Jurisdiction, Venue, and General Allegations, ¶ 17. Plaintiffs further allege that David Butler

> was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri …. Petitioner was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991.

*See* Pet, Jurisdiction, Venue, and General Allegations, ¶ ¶ 2, 9.

Based on the information contained in Plaintiffs' Petition, there are no actual allegations that David Butler worked with or around any products or materials manufactured, sold, distributed, and/or otherwise used by PACCAR in the state of Missouri. The Petition does not allege that David Butler was exposed to any particular products – or even any category of products – manufactured, sold, or distributed by PACCAR. In fact, no allegation specifically refers to or relates to PACCAR. *See generally*, Pet.

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

This Court may not assert personal jurisdiction over PACCAR. Under principles announced by the United States Supreme Court and recently adopted by the Missouri Supreme Court, a court does not have personal jurisdiction over a corporate defendant unless (1) there is specific jurisdiction, meaning the suit arises out of or relates to the defendant's contacts with the forum, or (2) there is general jurisdiction, meaning the corporation is "essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *State ex rel. Norfolk S. Ry. v. Dolan*, No. SC95514, 2017 Mo. LEXIS 66 at *6 (Mo. banc. Feb. 28, 2017) (holding there is no personal jurisdiction where the plaintiff failed to plead facts alleging his injury occurred as a result of the non-resident defendant's activities in Missouri); *Bristol-Myers Squibb Co. v. Superior Court of California*, No. 16-466, 2017 U.S. LEXIS 3873, *1, 10-21 (June 19, 2017) (holding that a defendant's general connections with the forum are not enough for a finding of specific jurisdiction, as there must be "a connection between the forum and the specific claims at issue" which requires "identifying an[] adequate link between the state and the nonresident['s] claim[].")

First, Plaintiffs allege no facts whatsoever that connect the claims in this suit to PACCAR's business activities in Missouri, to the extent that such exist. *See* Pet. Plaintiffs do not allege that David Butler worked with PACCAR products or materials in Missouri, that he suffered any harm in Missouri from PACCAR products or materials, or that PACCAR took any actions in Missouri that allegedly caused his alleged injuries. *See id.* Thus, as a matter of law, PACCAR is not subject to specific jurisdiction in Missouri.

Second, Plaintiffs allege no facts whatsoever to establish that PACCAR is "essentially at home" in Missouri. *Daimler*, 134 S. Ct. at 762. PACCAR is not domiciled in Missouri. PACCAR is a Delaware corporation, and neither its headquarters nor principal place of business is located in Missouri.

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

Accordingly, there is no basis for this Court to assert personal jurisdiction over PACCAR in this case, and therefore this matter should be dismissed as to PACCAR for lack of personal jurisdiction.

## ARGUMENT

### I.     This Court Lacks Specific Personal Jurisdiction over PACCAR

Plaintiffs' Petition fails to demonstrate that specific jurisdiction over PACCAR exists. "[S]pecific jurisdiction 'encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum.'" *Dolan*, 2017 Mo. LEXIS 66, at *12 (quoting *Daimler*, 134 S. Ct. at 748-49). For instance, in *Dolan*, the Missouri Supreme Court clarified that **"[o]nly if the instant suit arises out of [the defendant's] contacts with Missouri does Missouri have specific jurisdiction."** *Id*. (emphasis added). The Court further explained that "[b]ecause Norfolk has purposefully availed itself of the opportunity to do business in Missouri, it would be subject to specific jurisdiction in Missouri. But that jurisdiction would exist only over claims that are related to those contacts." *Id.* at **12-13. Unrelated suits can be brought in the forum only when the forum has general jurisdiction. *Id.* at * 13.

The Supreme Court recently reaffirmed this reasoning when it held that "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California*, No. 16-466, 2017 U.S. LEXIS 3873, *1, 11-12 (June 19, 2017). The Court reasoned that:

> Our settled principles regarding specific jurisdiction control this case. In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State. *Goodyear*, 564 U. S., at 919 (internal quotation marks and brackets in original omitted). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's

unconnected activities in the State. *See id.*, at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

*Id.* at 13. The Court explained that "a defendant's general connections with the forum are not enough" for a finding of specific jurisdiction. *Id.* at *14. The court further explained that "what is needed … is a connection between the forum and the specific claims at issue" which requires "identifying an[] adequate link between the state and the nonresident['s] claim[]." *Id.* at *14-15. Accordingly, the Court found the California court's exercise of specific jurisdiction over a non-resident defendant violated the Due Process Clause of the Fourteenth Amendment, where the plaintiffs were not California residents and did not claim to have suffered harm in that State. *Id.* at 10-16.

Here, Plaintiffs have not tied their claims to any activities by PACCAR in Missouri.[1] *See* Pet. Plaintiffs do not allege that David Butler suffered any harm from a PACCAR product in Missouri. *Id.* In fact, Plaintiffs make no mention of *any* activities by PACCAR in Missouri whatsoever, nor do Plaintiffs allege any contacts between PACCAR and Missouri, other than a vague statement that PACCAR is "doing business in the State of Missouri." *Id.*, Jurisdiction, Venue, and General Allegations, ¶ 3. Accordingly, Plaintiffs have not alleged sufficient facts to meet the requirements of due process and establish that PACCAR is subject to specific personal jurisdiction in Missouri. *See Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *1, 2 (Mo. Cir. Ct. Jan. 12, 2015) ("The Petition [] does not allege that [defendant] committed any act in Missouri in connection with Plaintiff's [asbestos exposure] claims. Therefore, the Court lacks specific personal jurisdiction over [defendant.]"); *Keeley v. Pfizer, Inc.*,

---

[1] Plaintiffs cannot circumvent this deficiency even if they could establish personal jurisdiction over one of the other Defendants. "**Each defendant's contacts with the forum State must be assessed individually**." *Calder v. Jones*, 465 U.S. 783, 790 (1984) (emphasis added).

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

No. 4:15-CV-00583, 2015 WL 3999488, at *3 (E.D. Mo. July 1, 2015) (dismissing products liability action against out-of-state defendant because "[p]laintiffs do not allege any facts regarding the quality of the contacts with Missouri, the quantity of those contacts, or the relation of the cause of action to those contacts" and allegations that "Defendant marketed, promoted, and sold [products] in Missouri does not establish specific jurisdiction").

## II.    The Court Lacks General Personal Jurisdiction Over PACCAR.

### A.    The Supreme Court Has Narrowed the Standard for General Personal Jurisdiction.

Lacking a specific-jurisdictional basis, Plaintiffs must prove that the Court has general jurisdiction over PACCAR.  In 2014, the Supreme Court dramatically limited the scope of general jurisdiction.  *See Daimler*, 134 S. Ct. at 760-62 & nn.18-20; *see also Dolan*, 2017 Mo. LEXIS 66 at *13.

In *Daimler*, the Supreme Court set forth the minimum requirements for any finding of general jurisdiction on the basis of a corporation's in-state contacts.  In that case, starting from the assumed premise that the contacts of one of Daimler's subsidiary companies could be imputed to Daimler, (*id.* at 760), the Court rejected an assertion of general jurisdiction in California notwithstanding the fact that Daimler (through its subsidiary) was the largest supplier of luxury vehicles to the State, had multiple offices and facilities in the State, including a regional headquarters, and had sales in the State totaling $4.6 billion, comprising 2.4% of Daimler's worldwide sales.  *Id.* at 752, 766-67.  The Court held that these contacts "plainly do not approach [the] level" at which the company could be considered at home in California for purposes of general jurisdiction.  *Id.* at 761 n.19.

Thus, the Supreme Court held that a plaintiff can sue a defendant on any and all claims, regardless of the connection between those claims and the forum, so long as the defendant's

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

contacts within the forum are "so 'continuous and systematic' as to render [it] essentially at home in the forum State … *i.e.*, comparable to a domestic enterprise in that State." *Daimler*, 134 S. Ct. at 758 n.11 (quotations and citation omitted).  For a corporation, therefore, the place of incorporation and principal place of business are "paradig[matic] … bases for general jurisdiction." *Id.* at 760 (internal quotation marks and citations omitted).  The Court's test is appropriately demanding, given that an exercise of general jurisdiction subjects a defendant to suit in that state for any claim arising anytime, anywhere in the country. *Daimler* does not "foreclose the possibility that in an exceptional case … a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19. However, a corporation is not subject to general jurisdiction "in every State in which a corporation engages in a substantial, continuous, and systematic course of business" because such a formulation of jurisdictional requirements "is unacceptably grasping." *Id.* at 761 (internal quotations marks omitted).  Rather, a plaintiff asserting general jurisdiction must show that the corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (internal quotation marks and citation omitted).  The Supreme Court further explained that "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20.

*Daimler* marks a doctrinal shift and a break from the "doing business" test that previously prevailed in the case law for the last fifty years.  It imposes a new test that creates a much higher standard for the assertion of general jurisdiction and one that will be met in only rare and exceptional circumstances not present here.  Courts applying Missouri law in the wake of *Daimler* have refused to find general jurisdiction where a defendant is not "at home" in Missouri.  *See, e.g.*,

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

*Smith,* 2015 WL 191118, at *3 (holding that Delaware corporation not subject to general jurisdiction for asbestos lawsuit filed in Missouri even where defendant had a wholly-owned Missouri-based subsidiary that conducts continuous and significant business for the corporation); *Commerce Bank v. The Bank of New York Mellon*, No. 1316-CV 28444, 2014 WL 3690660, at *1 (Mo. Cir. June 25, 2014) (holding that, even including the activity of its affiliates, defendants only conducted minimal business activity in Missouri, which was insufficient for considering the corporation "at home" in Missouri); *Keeley*, 2015 WL 3999488, at *2 ("Simply marketing and selling a product in a state does not make a defendant's affiliations with the state so 'continuous and systematic as to render them essentially at home in the forum state.'"); *Am. Recreation Prod., LLC v. Tennier Indus., Inc.*, 11 F. Supp. 3d 959, 963 (E.D. Mo. 2014) (finding that defendant corporation's purchases of products from a Missouri company were insufficient to render the defendant corporation "at home" in Missouri).

In fact, the Missouri Supreme Court applied the *Daimler* standard in a recent decision, *State ex rel. Norfolk S. Ry. v. Dolan*, stating that "[a] court normally can exercise general jurisdiction over a corporation only when the corporation's place of incorporation or its principal place of business is in the forum state." *State ex rel. Norfolk S. Ry. v. Dolan*, No. SC95514, 2017 Mo. LEXIS 66 at *6 (Feb. 28, 2017*)* (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2011); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Court reiterated that in "exceptional cases" a corporation could be subject to general jurisdiction in another state, but that "to be such 'an exceptional case,' the forum state must be a 'surrogate for place of incorporation or home office.'" *Id.* at *6-7 (quoting *Daimler*, 134 S. Ct. at 765 n.8, 761). Thus, "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

add up to an 'exceptional case.'" *Id.* (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627-30 (2d Cir. 2016)) (emphasis added).

Accordingly, in *Dolan*, the Court held that Norfolk, a Virginia corporation with its principal place of business in Virginia, was not subject to general jurisdiction in Missouri. *See id.* at *6-12. The Court rejected the Plaintiff's argument that general jurisdiction was proper because Norfolk had "continuous and systematic" contacts with Missouri where it "owns or operates some 400 miles of track, generates approximately $232 million in revenue, and employs some 590 people in Missouri." *Id.* at *9. The Court held that "[p]rior to *Daimler*, this would have been a valid argument. But, it is no longer the law." *Id.* at *7 (citation omitted). Instead, the Court recognized that in *Daimler*, the U.S. Supreme Court rejected "continuous and systematic" contacts as a basis for general jurisdiction because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at *11. And because Norfolk was not incorporated in Missouri and because Missouri was not "its de facto principal place of business," the Court held that it was not subject to general jurisdiction. *Id.* at *12.

**B.      Plaintiffs' Petition Fails to Allege Sufficient Facts to Establish General Personal Jurisdiction Over PACCAR.**

Here, there is no basis for general jurisdiction over PACCAR, as its place of formation and its principal place of business are not in Missouri. PACCAR is incorporated in the State of Delaware, and it has never had its headquarters or principal place of business in Missouri. Plaintiffs must establish that jurisdiction over a defendant complies with the requirements of due process, which Plaintiffs have not in this case.

Further, regardless of whether PACCAR maintains a registered agent in the State of Missouri, the fact that a corporation is registered to do business or uses a registered in-state process

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

agent in Missouri, as required under Missouri law,[2] without more, does not form a basis for personal jurisdiction under *Daimler* and *Dolan* and is contrary the Due Process Clause of the Fourteenth Amendment.  *Dolan*, 2017 Mo. LEXIS 66 at \*\*18-21; *see also Smith*, 2015 WL 191118, at \*3 (finding no general jurisdiction over foreign corporation that registered to do business in Missouri and appointed an in-state registered agent); *Beard v. Smithkline Beecham Corp.*, No. 4:15-CV-1833 RLW, 2016 WL 1746113, at \*2 (E.D. Mo. May 3, 2016) (agreeing with "more recent judicial precedent from the United States Supreme Court and this district that have determined that more substantial contacts [than the appointment of an agent] are required to hale a litigant into the court's forum"); *Keeley*, 2015 WL 3999488, at \*4 ("If following [foreign business registration] statutes creates jurisdiction, national companies would be subject to suit all over the country.  This result is contrary to the holding in *Daimler* that merely doing business in a state is not enough to establish general jurisdiction."); *Neeley v. Wyeth LLC*, No. 4:11-cv-00325, 2015 WL 1456984 at \*3 (E.D. Mo. Mar. 30, 2015) ("Foreign corporations authorized to transact business in Missouri are also required to maintain a registered agent in the state…. Therefore, to extend the Plaintiff's reasoning to its natural conclusion, every foreign corporation transacting business in the state of Missouri would be subject to general jurisdiction here.  *Daimler* clearly rejects this proposition."); *Goodyear*, 131 S. Ct. at 2853 ("The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant."); *see also Daimler*, 134 S. Ct. at 760-62.  In fact, in the *Dolan* matter, the Missouri Supreme Court expressly rejected that the idea that a foreign corporation consents to jurisdiction

---

[2] Mo. Rev. Stat. § 351.572 ("A foreign corporation may not transact business in this state until it obtains a certificate of authority from the secretary of state."); *id.* § 351.586 ("Each foreign corporation authorized to transact business in this state shall continuously maintain in this state . . . a registered agent.").

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

in Missouri merely by maintaining a registered agent for service of process in compliance with Missouri's foreign corporation registration statute. *Dolan*, 2017 Mo. LEXIS 66 at **18-21.

Plaintiffs allege no facts that, if true, would be sufficient to provide this Court general jurisdiction over PACCAR. *See Daimler*, 134 S. Ct. at 761; *Dolan*, 2017 Mo. LEXIS 66 at **6-12, 18-21. In fact, Plaintiffs' Petition makes no mention whatsoever of PACCAR's contacts in Missouri. Plaintiffs' claims do not arise out of any alleged contacts between PACCAR and Missouri, and PACCAR is neither incorporated in nor has its principal place of business in Missouri. PACCAR certainly cannot be said to be "at home" in Missouri.

### III.    PACCAR Has Not Consented to Jurisdiction in Missouri

Plaintiffs allege, without any factual support, that venue is proper in St Louis, Missouri because one or more of the named Defendants maintains a registered agent in the City of St. Louis, Missouri. *See Pet.*, Jurisdiction, Venue, and General Allegations at ¶ 12. However, merely registering to do business in a state does not provide consent to or an independent basis for personal jurisdiction. *See Dolan*, 512 S.W.3d at 51-53 (recognizing that Missouri's registration statute does not mention consent to personal jurisdiction for unrelated claims, and holding that it does not provide an independent basis for jurisdiction over foreign corporations in Missouri); *see also MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414-CEJ, 2017 U.S. Dist. LEXIS 60898 (E.D. Mo. Apr. 21, 2017) (citing *Dolan*).

Any argument that PACCAR has consented to jurisdiction by virtue of being in compliance with Missouri's corporate registration statute fails. The Missouri Supreme Court explicitly rejected the argument that Missouri registration statutes confer personal jurisdiction. *Dolan* held that although:

> Missouri permits service on resident defendants, and on a corporation's agent for service of process, section 506.150.1(3), and Missouri's long-arm statute, section

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

506.500, permits service on defendants for causes of action arising out of their activities in Missouri, but *neither these nor other Missouri statutes provide that suit may be brought in Missouri against non-resident corporations for suits unrelated to the corporation's activities in this state*.

*Dolan*, 512 S.W.3d at 52 (emphasis added). Furthermore, "as section 351.594.1 provides only that registration is consent to service of process that Missouri requires or permits to be served on foreign corporations, the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* Finally, the court prevented any contrary suggestion or potentially contested ambiguity by concluding its holding regarding consent via registration statutes with: "[t]o the extent the holding or dicta in prior cases suggest otherwise, they go beyond the language of the relevant statutes and should no longer be followed." *Id.* at 52-53.

Thus, the *Dolan* court's interpretations of the statutes are explicit and left no room for equivocation—the Missouri registration statutes would enable service of process on PACCAR, but they could not confer personal jurisdiction over PACCAR. Therefore, merely registering to do business in a state cannot confer personal jurisdiction upon PACCAR or otherwise amount to consent to personal jurisdiction. Accordingly, under established Supreme Court and Missouri Precedent, Plaintiffs have not alleged any facts to establish this Court's jurisdiction over PACCAR. Plaintiffs' claims do not arise out of any alleged contacts between PACCAR and Missouri, and PACCAR is neither incorporated in nor has its principal place of business in Missouri. Further, personal jurisdiction cannot be conferred through the Missouri registration statutes. Therefore, PACCAR should be dismissed.

Electronically Filed - City of St. Louis - March 21, 2022 - 09:41 AM

## CONCLUSION

WHEREFORE, Defendant PACCAR Inc respectfully requests that this Court dismiss this case for lack of personal jurisdiction and award PACCAR its costs and any further relief this Court deems appropriate and just.

Respectfully submitted,

By: /s/ Mark D. Crapo
Mark D. Crapo, #67308
211 N. Broadway, Suite 2150
St. Louis, MO 63102
(314) 961-6686
(314) 338-3076 – Facsimile
mcrapo@grsm.com

Edward M. Slaughter, #65705
2200 Ross Avenue, Suite 3700
Dallas, TX 75201
(214) 231-4660
(214) 461-4053 – Facsimile
eslaughter@grsm.com

Attorneys for Defendant PACCAR Inc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served upon all counsel of record via Missouri e-Filing System on the 21st day of March 2022.

/s/ Mark D. Crapo

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | Asbestos Division |
| | ) | |
| A.W. CHESTERTON COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**FORD MOTOR COMPANY'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, FOR MORE**
**<u>DEFINITE STATEMENT DIRECTED TO PLAINTIFFS' PETITION</u>**

Comes now Defendant, Ford Motor Company ("Ford"), by and through its attorneys of record, and moves this Court to dismiss Plaintiffs' Petition pursuant to Missouri Rules of Civil Procedure 67.03 and 55.27 on the grounds set forth herein, including, but not limited to lack of personal jurisdiction and because Plaintiffs' Petition is substantially insufficient and fails to state a claim upon which relief can be granted. Alternatively, Ford moves this Court pursuant to Missouri Rule of Civil Procedure 55.27(d) to order Plaintiffs to make their Petition more definite and certain. In support of its motion, Ford states as follows:

1. Plaintiffs recently filed their Petition, seeking damages against 36 various defendants, including Ford Motor Company, for Plaintiff David Butler's alleged asbestos-related injuries.

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

2.     Plaintiffs assert claims[1] against Ford based on Mr. Butler's alleged exposures to asbestos.  *See* **Plaintiffs' Petition**, Jurisdiction, Venue, and General Allegations ¶¶ 1-18 and *see generally* Counts I - VII

3.     The Court lacks specific personal jurisdiction over Ford because Plaintiffs' claims do not arise out of Ford's Missouri contacts.  *See* ***State ex rel. Norfolk S. Ry. Co. v. Dolan***, 512 S.W.3d 41, 48 (Mo. banc 2017); ***Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County***, 137 S. Ct. 1773, 1781 (2017); ***Estate of Fox v. Johnson & Johnson***, 539 S.W.3d 48, 49 (Mo. Ct. App. 2017);  ***State ex rel. Key Ins. Co. v. Roldan***, 587 S.W.3d 638, 641 (Mo. banc 2019) (citing ***State ex rel. PPG Indus., Inc. v. McShane***, 560 S.W.3d 888, 891 (Mo. banc 2018)); ***M.J. by and through next friend Oliver v. Ford Motor Company***, No. 4:19CV1846 HEA, 2019 WL 4194372, at *4 (E.D. Mo. Sept. 4, 2019).

   a.   Plaintiffs allege no connection between Ford, Missouri, and their claims.  *See generally* **Plaintiffs' Petition.**

4.     The Court lacks general personal jurisdiction over Ford because Ford is not "at home" in Missouri.  *See* ***Norfolk***, 512 S.W.3d at 48; ***BNSF Railway Co. v. Tyrell***, 137 S. Ct. 1549, 1554 (2017); ***Oliver***, 2019 WL 4194372, at *3 ("Ford is not subject to general, all-purpose jurisdiction in this state."); ***Roldan***, 587 S.W.3d at 641.

   a.   Ford Motor Company is a Delaware corporation with its principal place of business in Dearborn, Michigan.  *See* Securities and Exchange

---

[1]  Plaintiffs assert that Ford is liable not only for product liability claims, but claims derivative and separate from those allegations. *See* Counts II, V, and VII for Willful and Wanton Misconduct and Counts IV and V for Loss of Consortium. Due to the claims' derivative and deficient nature, however, these allegations do not alter the jurisdictional analysis in this matter, in that Plaintiffs have also failed to allege any additional facts to show that the claims arose in Missouri.

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

Commission Form 10-K as to Ford Motor Company, attached as **Exhibit A**.

5.    Plaintiffs' Petition makes conclusory allegations against Ford, none of which are factually supported.

6.    Plaintiffs' Negligence (Count I) and Strict Liability (Counts III) claims fail to identify the allegedly defective product which Ford purportedly produced, manufactured, and/or sold.  Therefore, Plaintiffs' Strict Liability and Negligence claims fail to state a claim upon which relief can be granted.

7.    Plaintiffs' Willful and Wanton Misconduct (Counts II, V, and VII) claims must fail as Plaintiffs are not permitted to include such claim in an initial pleading and without obtaining leave of court pursuant to MO. REV. STAT. 510.261.5.

8.    Plaintiffs' Willful and Wanton Misconduct (Counts II, V, and VII) and Loss of Consortium (Counts IV and V) claims must fail as Plaintiffs have failed to state a claim upon which relief can be granted on any underlying tort.

9.    Plaintiffs' Petition attempts to hold Ford liable for its alleged Negligent Spoliation of Evidence (Count VI) and Willful and Wanton Spoliation of Evidence (Count VII).  However, such allegations fail to state a claim upon which relief can be granted, as no cause of action is recognized under Missouri law.

10.    Plaintiffs' Petition fails to allege even the most basic facts regarding Mr. Butler's alleged asbestos exposures.  Assuming that this Court finds that the deficiencies in Plaintiffs' Petition do not require dismissal, Ford respectfully requests that this Court enter its order requiring Plaintiffs to make their allegations more definite.  *See, e.g.*, **Plaintiffs' Petition** Counts I, III

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

(generically referring to alleged exposures to asbestos-containing "products" without specifying any defendant or product).

11.      Venue is improper in the City of St. Louis, as there can be no proper venue where there is no jurisdiction. *See* ***State ex rel. Kansas City S. Ry. Co. v. Nixon***, 282 S.W.3d 363, 365 (Mo. banc 2009) ("Venue assumes the existence of jurisdiction . . ."). Further, only in the event that this Court finds personal jurisdiction over Ford (which Ford denies is proper), Ford asserts venue is improper under Mo. Rev. Stat. § 508.101.5 and should be transferred to the proper venue. Because Mr. Butler's alleged first exposure to asbestos occurred outside the State of Missouri, and Ford's registered agent can be found in St. Louis County, Missouri, *see* **Plaintiffs' Petition**, Jurisdiction, Venue, and General Allegations at ¶¶ 3, 12, the Court should, if it determines that it has jurisdiction over Ford (which Ford denies), transfer this case to its proper venue in St. Louis County, Missouri.

12.      Several of Plaintiffs' claims have been improperly united with Plaintiffs' claims against Ford. Specifically, Plaintiffs allege venue in the City of St. Louis is proper because "one of more of the named Defendants maintains a registered agent in the City of St. Louis." *See* **Plaintiffs' Petition**, Jurisdiction, Venue and General Allegations, ¶ 12. Venue cannot be established through joinder of claims. *See* ***State ex rel. Johnson & Johnson v. Burlison***, 567 S.W.3d 168, 175 (Mo. 2019).

13.      Additionally, after appropriate discovery, the following affirmative defenses, which Ford reserves the right to assert again, may be applicable: failure to join a necessary and proper party, Plaintiffs lack the legal capacity to sue, there is another action pending between the same parties for the same cause of action in this state, estoppel, waiver, release, payment, res judicata, violation of a statute, violation of a public policy, spoliation, Plaintiffs should furnish

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

security for costs, insufficiency of process, insufficiency of service of process, and failure to comply with a statutory requirement.  The extent to which Plaintiffs' claims may be barred by one or more of the foregoing affirmative defenses cannot be determined until Ford has had an opportunity to complete discovery.

14.     If recovery is allowed pursuant to Plaintiffs' Petition, Ford's constitutional rights to substantive and procedural due process of law and equal protection under the law as established by the United States Constitution, the Missouri Constitution, or other applicable state institutions, if any, would be violated.

15.     Plaintiffs' Petition is barred by applicable statutes of limitations, including Missouri Revised Statutes Section 516.120, 537.100 and/or any other applicable statutes of limitations.

16.     Ford incorporates herein by reference its Suggestion in Support of this Motion as if fully set forth herein.

WHEREFORE, for the reasons stated above, Defendant Ford Motor Company moves this Court to dismiss the instant case against it, or, in the alternative, to require Plaintiffs to make more definite and certain the allegations against Ford, and for such other relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

Respectfully submitted,

BY:    */s/ Sherry A. Rozell*
Sherry A. Rozell, MO Bar # 34131
Alex C. Riley, MO Bar # 69295
McAfee & Taft, PC
4050 S. Fairview Ave.
Springfield, MO 65807
(417) 409-6000; (417) 409-6058 (fax)
sherry.rozell@mcafeetaft.com
alex.riley@mcafeetaft.com

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed and served on all counsel of record, this 21st day of March 2022.

*/s/ Sherry A. Rozell*

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, DC 20549**

**FORM 10-K**

(Mark One)

☑  Annual report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

**For the fiscal year ended December 31, 2014**

**or**

☐  Transition report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

For the transition period from _____ to _____

**Commission file number 1-3950**

# Ford Motor Company

*(Exact name of Registrant as specified in its charter)*

| | |
|---|---|
| **Delaware** | **38-0549190** |
| *(State of incorporation)* | *(I.R.S. Employer Identification No.)* |
| **One American Road, Dearborn, Michigan** | **48126** |
| *(Address of principal executive offices)* | *(Zip Code)* |

**313-322-3000**
*(Registrant's telephone number, including area code)*

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of each class | Name of each exchange on which registered* |
|---|---|
| Common Stock, par value $.01 per share | New York Stock Exchange |

\* In addition, shares of Common Stock of Ford are listed on certain stock exchanges in Europe.

**Securities registered pursuant to Section 12(g) of the Act:**  None.

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☑ No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐  No ☑

Indicate by check mark if the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☑  No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).    Yes ☑  No ☐

Case: 4:22-cv-00963-HEA    Doc. #: 1-7    Filed: 09/14/22    Page: 488 of 1099 PageID #: 626

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§229.405 of this chapter) is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.   ☑

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company.  See definitions of "large accelerated filer," "accelerated filer," and "smaller reporting company" in Rule 12b-2 of the Exchange Act.    Large accelerated filer ☑    Accelerated filer ☐    Non-accelerated filer ☐    Smaller reporting company ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).
Yes ☐  No ☑

As of June 30, 2014, Ford had outstanding 3,837,638,073 shares of Common Stock and 70,852,076 shares of Class B Stock.  Based on the New York Stock Exchange Composite Transaction closing price of the Common Stock on that date ($17.24 per share), the aggregate market value of such Common Stock was $66,160,880,379.  Although there is no quoted market for our Class B Stock, shares of Class B Stock may be converted at any time into an equal number of shares of Common Stock for the purpose of effecting the sale or other disposition of such shares of Common Stock.  The shares of Common Stock and Class B Stock outstanding at June 30, 2014 included shares owned by persons who may be deemed to be "affiliates" of Ford.  We do not believe, however, that any such person should be considered to be an affiliate.  For information concerning ownership of outstanding Common Stock and Class B Stock, see the Proxy Statement for Ford's Annual Meeting of Stockholders currently scheduled to be held on May 14, 2015 (our "Proxy Statement"), which is incorporated by reference under various Items of this Report as indicated below.

As of February 6, 2015, Ford had outstanding 3,885,089,749 shares of Common Stock and 70,852,076 shares of Class B Stock.  Based on the New York Stock Exchange Composite Transaction closing price of the Common Stock on that date ($15.86 per share), the aggregate market value of such Common Stock was $61,617,523,419.

## DOCUMENTS INCORPORATED BY REFERENCE

| Document | Where Incorporated |
|---|---|
| Proxy Statement* | Part III (Items 10, 11, 12, 13, and 14) |

*    As stated under various Items of this Report, only certain specified portions of such document are incorporated by reference in this Report.

Exhibit Index begins on page 94

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | Asbestos Division |
| | ) | |
| A.W. CHESTERTON COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**FORD MOTOR COMPANY'S SUGGESTIONS IN SUPPORT OF ITS**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE**
**DEFINITE STATEMENT DIRECTED TO PLAINTIFFS' PETITION**

Plaintiffs' claims against Ford Motor Company ("Ford") should be dismissed entirely because Plaintiffs' Petition is factually deficient in many respects. Plaintiffs recently filed their Petition in St. Louis, Missouri, claiming numerous defendants, including Ford, are jointly and severally liable for Plaintiff David Butler's alleged asbestos-related injuries. First and foremost, Ford should be dismissed from this lawsuit for lack of specific or general personal jurisdiction. Moreover, Ford should be dismissed because Plaintiffs' Petition contains sweeping legal conclusions and broad generalizations, but fails to state any facts upon which relief can be granted against Ford. Plaintiffs' Petition falls markedly short of the explicit pleading requirements delineated by the Missouri Rules of Civil Procedure and Missouri case law.

Specifically, Plaintiffs' Petition attempts to plead seven counts seeking relief from Ford. However, as discussed herein, the Court lacks personal jurisdiction over Ford, and all of Plaintiffs' allegations directed at Ford fail to state a claim upon which relief can be granted. Plaintiffs have not – and cannot – plead sufficient facts giving rise to general jurisdiction over Ford in Missouri. Therefore, all of Plaintiffs' claims against Ford should be dismissed. In the alternative, Ford

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

respectfully requests the Court enter an order requiring Plaintiffs to make their allegations more definite.

## JURISDICTIONAL ALLEGATIONS

Plaintiffs generally allege that Plaintiff David Butler was exposed to asbestos through his work history.  *See* **Plaintiffs' Petition**, Jurisdiction, Venue, and General Allegations, ¶¶ 2, 9. Specifically, Plaintiffs allege Mr. Butler was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri. *Id.* at ¶ 2. Plaintiffs further allege Mr. Butler was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991. *Id.* at ¶ 9.

In an attempt to create a connection between their cause of action, Ford Motor Company, and the State of Missouri, Plaintiffs vaguely allege that general jurisdiction is proper because defendants are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, systematically conducted operations in Missouri, and are deemed "at home" in Missouri." *See* **Plaintiffs' Petition**, Jurisdiction, Venue, and General Allegations, ¶ 6.  Further, Plaintiffs allege that specific jurisdiction is proper because, the acts, or a portion of the acts that "give rise" to Plaintiff's exposure, as to each Defendant's asbestos-containing materials/products "occurred in and/or through Missouri." *See id.* at ¶ 7.  Plaintiffs also allege that Defendants "sought to sell, market and distribute asbestos-containing materials nationwide including in Missouri," and purposefully availed themselves of the privilege of conducting business in the State of Missouri and invoked the rights and protections of Missouri law by delivering or placing into the stream of

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

commerce asbestos-containing materials in Missouri. *See id.* at ¶ 8. However, Plaintiffs do not plead any facts supporting these allegations, including any facts supporting an allegation that Plaintiff's injuries arise out of any Ford Missouri contacts.  *See generally* **Plaintiffs' Petition**.

Ford is incorporated in the state of Delaware, and its principal place of business is in Michigan.  *See* **Exhibit A**, attached to Ford Motor Company's Motion to Dismiss or, in the Alternative, for More Definite Statement Directed to Plaintiffs' Petition.

## ARGUMENTS AND AUTHORITIES

### A.  The Court Does Not Have Personal Jurisdiction Over Ford.

#### 1.  Legal Standard.

In this case, Ford is not subject to either specific or general personal jurisdiction in Missouri. Missouri courts can only exercise personal jurisdiction over a nonresident defendant if the exercise of jurisdiction does not violate the Due Process Clause of the United States Constitution. *See State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 46 (Mo. banc 2017); *see also* ***Brewer v. Cosgrove***, 498 S.W.3d 837, 844 (Mo. App. E.D. 2016) (citing ***Bryant v. Smith Interior Design Grp., Inc.***, 310 S.W.3d 227, 231 (Mo. banc 2010)). Once the defendant raises an objection to personal jurisdiction, "it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient." ***Brewer***, 498 S.W.3d at 844 (citing ***Bryant***, 310 S.W.3d at 232). Limitations on the exercise of personal jurisdiction are also a consequence of state sovereignty concerns – "[t]he sovereignty of each State . . . implies a limitation on the sovereignty of all its sister States." ***Bristol-Myers Squibb Co. v. Super. Ct.***, 137 S. Ct. 1773, 1780 (2017).  And even when a defendant may suffer little inconvenience if forced to litigate in a forum State that has an interest in applying its law, these federalism concerns can still

3

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

"act to divest the [forum] State of its power to render a valid judgment." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)).

To determine whether personal jurisdiction is present over a defendant, the Court must consider "the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." *Bryant*, 310 S.W.3d at 231; *see also State ex rel. Heartland Title Servs., Inc. v. Harrell*, 500 S.W.3d 239, 241 (Mo. 2016) ("The requirement that a court have personal jurisdiction flows mostly from the Due Process Clause, either in the Fifth or the Fourteenth amendments to the United States Constitution.");[1] *Angoff v. Marion A. Allen, Inc.*, 39 S.W.3d 483, 486 (Mo. banc 2001) (noting the court must determine whether the assertion of personal jurisdiction comports with due process).

There are two types of personal jurisdiction: specific and general. *See Norfolk*, 512 S.W.3d 41, 46; *Daimler AG v. Bauman*, 571 U.S. 117, 125-33 (2014). Specific jurisdiction requires that "*the in-state activities* of the corporate defendant had not only been continuous and systematic, but also *gave rise to the liabilities sued on*." *Daimler*, 571 U.S. at 126 (emphasis added) (internal quotation marks omitted). Critically, the minimum contacts necessary to create specific jurisdiction must "arise out of" or "relate to" contacts that the defendant himself creates with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). In other words, if the plaintiff is the only link between the defendant and the forum, then that contact alone provides an insufficient basis on which to exercise jurisdiction. *See id.* ("We have consistently rejected attempts to satisfy the

---

[1] A plaintiff must also satisfy Missouri's long-arm statute, but the Missouri Supreme Court has interpreted the statute as permitting jurisdiction "over nonresident defendants to that extent permissible under the Due Process Clause," making the statutory and Constitutional inquiries merge. *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 893 (Mo. banc 1970).

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.").[2] "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781.   The Supreme Court of Missouri, following recent United States Supreme Court decisions, reemphasized the boundaries of personal jurisdiction, holding that a corporate defendant is not subject to specific jurisdiction in Missouri unless a plaintiff's claims arise out of and relate to that defendant's activities in Missouri.  *Norfolk*, 512 S.W.3d 41.

General jurisdiction requires a finding that "continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 571 U.S. at 127. The consequences of finding general jurisdiction are stark—a defendant will be subject to suit in that state for any and all claims, including those that do not implicate the defendant's activities there. *Id.* at 126.  As a result, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction." *Id.* at 137.  "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id*. at 137 (internal quotation marks omitted); *see also Norfolk*, 512 S.W.3d at 46-47 (noting that since *Daimler*, "it is no longer the law" that a corporation's substantial and continuous contacts are sufficient to establish general personal jurisdiction).

Plaintiffs cannot show that Ford is subject to either general or specific personal jurisdiction in Missouri.

## 2.   Ford is Not Subject to Specific Jurisdiction.

---

[2]   *See also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

5

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

In addition to the absence of general jurisdiction, this Court also cannot exercise specific jurisdiction over Ford in this case. The United States Supreme Court has held three conditions must be satisfied for the exercise of specific jurisdiction over a nonresident defendant:

(1)    the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum state"; and

(2)    the plaintiff's claim must "arise out of or relate to" the defendant's contacts with the forum state; and

(3)    upon satisfaction of the first two conditions, the court must find that the exercise of jurisdiction is "reasonable under the circumstances."

*Bristol-Myers*, 137 S. Ct. at 1785-86 (emphasis added) (internal citations omitted). In this analysis, all three prongs must be met separately and severally.

Here, the dispositive issue is the second element, that is, that a plaintiff's claims must "arise out of or relate to" the defendant's forum-related conduct. Ford is not subject to specific jurisdiction in this case because Plaintiffs' claims do not arise out of or relate to Ford's Missouri contacts. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Ops., v. S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction is conduct-based and "requires consideration of the relationship among *the defendant*, the forum, and the litigation." *Norfolk*, 512 S.W.3d at 48 (emphasis added). The relationship must arise out of contacts that the "defendant *himself*" creates with the forum state. *Walden*, 571 U.S. at 284 (emphasis in original).

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum state.'" *Bristol-Meyers Squibb Co.*, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 919). "Where there is no such connection, specific jurisdiction is

6

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

lacking regardless of the extent of a defendant's unconnected activities in the state." *Id.*; *see also State ex rel. Key Ins. Co. v. Roldan*, 587 S.W.3d 638, 641 (Mo. banc 2019) ("Missouri courts may still assert personal jurisdiction over a non-domiciliary defendant corporation without violating due process if that entity has at least one contact with this state ***and*** the cause of action being pursued arises out of that contact") (quoting *State ex rel. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 494 (Mo. banc. 2019) (emphasis original)); *M.J. by and through next friend Oliver v. Ford Motor Company*, No. 4:19CV1846 HEA, 2019 WL 4194372, at *4 (E.D. Mo. Sept. 4, 2019). Thus, while Ford does business in Missouri, it is only subject to specific jurisdiction if Plaintiffs' claims are related to those Missouri contacts. *Norfolk*, 512 S.W.3d at 48. In this case, they are not.

The Missouri Supreme Court recently addressed the issue again in, *State ex rel. LG Chem, Ltd. v. McLaughlin*, 599 S.W.3d 899, 901 (Mo. 2020). *LG Chem* again *affirmed* that a defendant is not subject to specific personal jurisdiction in Missouri where a plaintiff's claims do not arise out of and relate to that defendant's activities in Missouri. There, the Court examined whether an independent third-party's sale of defendant's allegedly injury causing product into Missouri was sufficient to allow Missouri courts to assert specific personal jurisdiction over the non-resident defendant. The Court found that it was not. In making this finding, the Missouri Supreme Court emphasized that an injury of plaintiff in the forum state is insufficient to meet the 'arising out of' prong of the specific jurisdictional analysis, absent defendant's *forum related conduct giving rise to the injury*. *State ex rel. LG Chem,* 599 S.W.3d at 904. The Court rejected the plaintiff's argument that the lawsuit arose out of the defendant's forum related conduct "because the sale of the subject battery [by a third party] into Missouri is an 'occurrence' out of which his lawsuit directly arose." *Id.* at 903. The Court reasoned specific jurisdiction was not available because

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

"[i]t is well-established a plaintiff *may not use the actions of a third party to satisfy the due process requirement* of the specific personal jurisdiction analysis" and "the battery's sale was made by an independent third party, not by LG Chem." ***Id.*** at 903-904 (emphasis added). The same result applies in this case as there are no allegations that Plaintiffs' claims arise from Ford's Missouri related conduct.

In ***Bristol-Myers***, the Court reiterated that specific jurisdiction requires "a connection between the forum and the specific claims at issue." 137 S. Ct. at 1781. The Court further explained that its decision in ***Walden*** "illustrates this requirement." *Id*. In ***Walden***, there was no specific jurisdiction in the forum State, even though the plaintiffs were forum residents and "suffered foreseeable harm in" the forum. *Id*. (quoting ***Walden***, 571 U.S. 289). The Court explained that the injury to the plaintiffs in the forum was not sufficient because all of the defendant's "*relevant* conduct occurred entirely" in a different State. *Id*. at 1781-82 (quoting ***Walden***, 571 U.S. at 291) (emphasis added by ***Bristol-Myers***). ***Bristol-Myers*** thus teaches that there is no specific jurisdiction over Ford in Missouri on Plaintiffs' claims. Like the defendants in ***Bristol-Myers*** and ***Walden***, none of Ford's "relevant conduct" occurred in the forum state.

Further, in ***Estate of Jacqueline Fox v. Johnson & Johnson***, the Court of Appeals for the Eastern District applied ***Bristol-Myers*** to reverse and vacate the jury verdict in favor of an out-of-state plaintiff for lack of personal jurisdiction in a product liability case involving the defendants' talc products. 539 S.W.3d 48, 49 (Mo. Ct. App. 2017). In ***Fox***, Jacqueline Fox bought and used the defendants' talc products outside of Missouri and later developed ovarian cancer. *Id*. at 50. The estate of non-resident Fox joined her claims to the claims of Missouri resident plaintiffs pursuant to Missouri Rule 52.05. *Id*. The defendants filed a motion to dismiss the non-residents' claims for lack of personal jurisdiction, arguing that their activities in Missouri did not give rise to

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

the claims of the non-residents who purchased and used their products outside of Missouri. *Id*. The trial court denied the defendants' motion, reasoning that "each non-resident need not establish an individual basis for jurisdiction so long as a defendant has sufficient minimum contacts with the state, and Defendants' commercial activity in Missouri 'more than adequately' satisfied minimum contacts." *Id*. On appeal, the Court reversed and vacated the verdict in favor of the plaintiff because there was no "connection between the forum state and the specific claims at issue." *Id*. at 51.

Here, Plaintiffs' claims do not arise from Ford's Missouri contacts. *See Bryant*, 310 S.W.3d 232; *Goodyear*, 564 U.S. 926-27 (stating the specific personal jurisdiction inquiry focuses on whether the plaintiff's cause of action arises out of or relates to the defendant's forum-related contacts). Plaintiffs generally allege that Plaintiff David Butler was exposed to asbestos through his work history. *See* **Plaintiffs' Petition**, Jurisdiction, Venue, and General Allegations, ¶¶ 2, 9. Specifically, Plaintiffs allege Mr. Butler was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri. *Id.* at ¶ 2. Plaintiffs further allege Mr. Butler was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991. *Id.* at ¶ 9. Plaintiffs do not allege that the lawsuit arises out of any Missouri Ford contacts. *See generally* **Plaintiffs' Petition**. Simply, Ford has not engaged in any "suit-related conduct" that "create[s] a substantial connection" with Missouri. *See Walden*, 571 U.S. at 284; *see also Norfolk*, 512 S.W.3d at 49.

Like the defendants in *Norfolk*, *Bristol-Meyers*, *Fox*, and *Walden*, Ford is not subject to specific personal jurisdiction. While Ford does conduct business in Missouri, Plaintiffs' claims do

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

not arise from Ford's Missouri contacts. Ford's unrelated Missouri conduct is not sufficient—or even relevant—to the specific jurisdiction inquiry. *See **Bristol-Meyers***, 137 S. Ct. at 1781. "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id*. Having pleaded no facts alleging Plaintiffs' injuries arose from Ford's Missouri activities, Plaintiffs have failed to establish that Ford is subject to specific jurisdiction in Missouri.

> a.  **Plaintiffs Cannot Establish Specific Jurisdiction by Vaguely Referring to Ford's Alleged Transaction of Business within Missouri and/or Various Acts within the State**

In an attempt to create a connection between their cause of action, Ford Motor Company, and the State of Missouri, Plaintiffs vaguely allege that general jurisdiction is proper because defendants are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, systematically conducted operations in Missouri, and are deemed "at home" in Missouri." *See* **Plaintiffs' Petition**, Jurisdiction, Venue, and General Allegations, ¶ 6.  Further, Plaintiffs allege that specific jurisdiction is proper because, the acts, or a portion of the acts that "give rise" to Plaintiff's exposure, as to each Defendant's asbestos-containing materials/products "occurred in and/or through Missouri." *See **id.*** at ¶ 7.  Plaintiffs also allege that Defendants "sought to sell, market and distribute asbestos-containing materials nationwide including in Missouri," and purposefully availed themselves of the privilege of conducting business in the State of Missouri and invoked the rights and protections of Missouri law by delivering or placing into the stream of commerce asbestos-containing materials in Missouri. *See **id.*** at ¶ 8.  However, Plaintiffs do not plead any facts supporting these allegations, including any facts supporting an allegation that Plaintiff's injuries arise out of any Ford Missouri contacts.  *See generally* **Plaintiffs' Petition**. These allegations are insufficient to confer general or specific jurisdiction in this matter.

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

First, Plaintiffs fail to plead any facts supporting these allegations, as required by Missouri Supreme Court Rule 55.01. Second, the Missouri Supreme Court has held that a specific injury does not arise from or relate to the defendant's activity in the forum state simply because the defendant is a national company that does the same type of business in the forum state as in the rest of the country. *Norfolk*, 512 S.W.3d at 49. "To say this same conduct confers specific jurisdiction over suits the facts of which have no relationship to the forum state would be to turn specific jurisdiction on its head." *Id*. Specifically, the Court noted: "Just because a company like Ford . . . sells cars in Iowa and in California, does not mean there is jurisdiction in California for injuries that occurred in Iowa simply because Ford engages in the same 'type' of activity—selling cars—in both states." *Id*. In *Norfolk*, Norfolk Southern Railway Company conducted business in Missouri, but the plaintiff's only basis for personal jurisdiction over Norfolk was his statement that Norfolk conducted substantial business and owned property in Missouri. *Id*. Accordingly, the Supreme Court held that Norfolk was not subject to specific jurisdiction in Missouri because the plaintiff "pleaded no facts alleging that the injury arose from Norfolk's Missouri activities." *Id*. at 49.

The United States District Court for the Eastern District of Missouri addressed two cases involving similar jurisdictional allegations less than a year ago, rejecting a "stream of commerce" argument. In *M.J. by & through next friend Oliver*, 2019 WL 4194372 at *3, the court rejected Plaintiffs' "stream of commerce" argument that Ford's regular delivery of vehicles into the stream of commerce (and into the forum) bolstered specific jurisdiction, and explained as follows:

> Here, Plaintiff asks that the lack of connection between Missouri and the acts giving rise to the claims (the actual design, manufacture, etc. of the Vehicle) be disregarded due to Ford's substantial, yet unrelated contacts in Missouri. Plaintiff's allegation that Ford marketed and sold other Ford Fusions (the same model as the Vehicle here) in Missouri is not enough to show specific jurisdiction

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

over the instant product liability and negligence claims. Exercising personal jurisdiction over Ford here would do nothing more than create the sort of 'loose and spurious general jurisdiction' condemned in *Bristol-Myers*. *Id*. This Court declines to do so.

Similarly, in ***Allied Ins. Co. of Am. v. Ecovacs Robotics, Inc.***, Case No. 1:19- cv-13, 2019 WL 2173430 (E.D. Mo. May 20, 2019), the plaintiff brought a products liability action against the defendant, alleging it "engaged in the business of selling, marketing, advertising, distributing, branding and shipping robotic vacuum cleaners, and that the defendant placed the [product] into the stream of commerce." ***Id.*** at *2 (emphasis added). The court granted defendant's motion to dismiss for lack of personal jurisdiction, noting "that the plaintiff's mere allegation that defendant put the [product] into the stream of commerce is not sufficient to support specific jurisdiction." ***Id.*** Other courts have rejected the stream of commerce theory as a basis for asserting personal jurisdiction post-***Bristol-Myers,*** including the Missouri Supreme Court in ***State ex rel. Cedar Crest Apartments, LLC v. Grate***, 577 S.W.3d 490, 495, n.2 495 (Mo. banc 2019) (stating "there can be no question that every assertion of specific jurisdiction must rest upon a showing that: (1) the defendant had at least one contact with the forum state, and (2) the claim being asserted against that defendant arose out of that contact." (internal citations omitted)); *see also **A.T. through Travis v. Hahn***, 341 F. Supp. 3d 1031, 1037 (E.D. Mo. 2018) (citing ***Shuker v. Smith & Nephew, PLC***, 885 F.3d 760, 780 (3d Cir. 2018) ("We thus have no cause to revisit our Court's precedent on [the stream of commerce theory], and we decline to adopt the Shukers' stream-of-commerce theory of specific jurisdiction.")).[3] Plaintiffs' vague reference to stream of commerce and unsupported claims of various activities within the state fail to establish that their lawsuit arises out of or relates

---

[3] *See also **Perry v. Jabiru Aircraft Pty. Ltd.***, Case No. LACV 17-8356-VAP, 2018 WL 6321643 at *4 (C.D. Cal. August 3, 2018); ***Montgomery v. Airbus Helicopters***, 414 P.3d 824, 831 (Okla. 2018) (noting that ***Bristol-Myers*** "clarified specific jurisdiction analysis and omitted from that analysis any previous 'stream of commerce' analysis.").

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

to Ford's contacts with the State of Missouri.  Thus, this Court does not have specific jurisdiction over Ford.

### 3.   Ford is Not Subject to General Jurisdiction in Missouri.

Ford is not subject to general jurisdiction in Missouri because it is not "at home" inside the state.  Plaintiffs' allegation that "[g]eneral jurisdiction is proper because Defendants and each of them are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, and have systematically conducted and continue to conduct operations in Missouri of a quantity and quality relative to the overall business of each of them that Defendants" does not establish that Ford is "at home" in Missouri.  *See* **Plaintiffs' Petition**, Jurisdiction, Venue, and General Allegations, ¶ 6.  To the contrary, Plaintiffs allegations have been deemed insufficient to establish general jurisdiction by the U.S. and Missouri Supreme Courts. Absent exceptional circumstances, a corporation is at home only where it is incorporated or has its principal place of business. Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan; exceptional circumstances do not exist here.

Two cases decided by the Supreme Court of the United States, ***Goodyear Dunlop Tire Ops., S.A. v. Brown***, 564 U.S. 915 (2011), and ***Daimler AG v. Bauman***, 571 U.S. 117 (2014), dramatically limited the sort of fact patterns that will support general jurisdiction. The general jurisdiction analysis outlined in these cases was reaffirmed when the United States Supreme Court decided ***BNSF Railway Co. v. Tyrell***. 137 S. Ct. 1549 (2017). A corporation's mere contacts within a state, even if continuous and systematic, no longer serve as a basis for general jurisdiction. *See e.g.*, ***Norfolk***, 512 S.W.3d at 46 (noting that since ***Daimler***, "it is no longer the law" that a corporation's substantial and continuous contacts are sufficient to establish general personal jurisdiction); ***BNSF Railway***, 137 S. Ct. at 1559 ("[I]n-state business . . . does not suffice to permit

13

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

the assertion of general jurisdiction over claims . . . that are unrelated to [the defendant's in-state business].").

Starting with *Goodyear* in 2011, the Supreme Court of the United States narrowed application of general personal jurisdiction to cases where the foreign defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially *at home* in the forum State." *Goodyear*, 564 U.S. at 920 (emphasis added) (citation omitted). Declining North Carolina's jurisdiction over the defendants based on tire sales into the state, the Court in *Goodyear* rejected application of the stream of commerce theory under the general personal jurisdiction analysis. *Id.* ("A connection so limited between the forum and the foreign corporation, we hold, is an inadequate basis for the exercise of general jurisdiction.").

*Daimler*, decided in 2014, was a California case against Daimler AG, a German company. *Daimler*, 571 U.S. at 120-22. The trial court granted Daimler's motion to dismiss, holding that Daimler's affiliations with California through its subsidiary were insufficient to support general jurisdiction. *Id.* at 122-24. The Ninth Circuit reversed under an agency theory. *Id.* at 124. The Supreme Court granted certiorari to decide whether, consistent with the Due Process Clause of the Fourteenth Amendment, California courts could exercise jurisdiction over Daimler for claims arising out of Daimler's alleged conduct that did not occur in California. *Id.* at 125. The Supreme Court reversed, holding that California courts lacked general personal jurisdiction over Daimler because neither Daimler nor its subsidiary were "incorporated in California, nor d[id] either entity have its principal place of business there." *Id.* at 139. Further, the Court rejected the proposition that a corporation is subject to general personal jurisdiction wherever its sales are sizable. *Id*; *see also White v. Steak N Shake Inc.*, No. 4:20 CV 323 CDP, 2020 WL 1703938, at \*2 (E.D. Mo. Apr. 8, 2020) ("Nor does Steak N Shake's continuous and systematic operation in Missouri of

14

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

thirty-nine of its more than 400 national restaurants, with nothing more, make Steak N Shake essentially at home here. *Daimler AG*, 571 U.S. at 139…If that is all that is required for general jurisdiction, 'the same global reach would presumably be available in every other State' in which Steak N Shake operates its restaurants. [Id.]").

The United States Supreme Court's decision in ***BNSF Railway*** again reaffirmed long-standing precedent regarding general personal jurisdiction. The United States Supreme Court reversed the holding of the Montana Supreme Court that Montana could exercise general jurisdiction over the defendant BNSF. ***BNSF Railway Co.***, 137 S. Ct. 1554. The Court reiterated that a corporation's state of incorporation and its principal place of business are the "paradigm" forums in which a corporation is at home. ***Id.*** at 1558. In doing so, the Supreme Court emphasized, "BNSF, we repeat, is not incorporated in Montana and does not maintain its principal place of business there." ***Id.*** at 1559. The mere fact that BNSF had over 2,000 miles of railroad track and more than 2,000 employees in Montana did not subject it to general jurisdiction in Montana or make Montana its *de facto* home state. ***Id.*** Once again, the Supreme Court reiterated, "in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to [the defendant's in-state contacts.]." ***Id.***

In ***Norfolk***, the Supreme Court of Missouri applied ***Daimler***'s general jurisdiction paradigm. 512 S.W.3d 41 (Mo. banc 2017). In ***Norfolk***, the Court held that Missouri did not have general jurisdiction over Norfolk, a Virginia corporation with its principal place of business in Virginia. ***Id.*** at 48. Importantly, the court noted "it is no longer the law" that a corporation's substantial and continuous contacts are sufficient to establish general personal jurisdiction. ***Id.*** at 44, 46-47. While Norfolk conducted substantial and continuous business in Missouri, it also conducted substantial and continuous business in at least 21 other states, and its Missouri business

15

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

amounted to approximately two percent of its total business. *Id*.    The court ultimately found it could not exercise general jurisdiction over the defendant because its Missouri contacts—though substantial and continuous—were insufficient to support a finding that the defendant was "essentially at home" in Missouri.  *Id.* at 48.

The Supreme Court of Missouri applied the same analysis in ***State ex rel. Bayer Corporation v. Moriarty***, 536 S.W.3d 227 (Mo. banc 2017), dismissing the claims of non-resident plaintiffs who failed to demonstrate that the Missouri court had general jurisdiction over the defendant corporation, Bayer. Despite conducting substantial business in the state, Bayer was neither incorporated nor had its principal place of business in Missouri. *Id*. at 232. Citing ***Norfolk***, ***Daimler***, and ***BNSF Railway***, the Court held Bayer's substantial business activity within the state was "simply not enough to render Bayer 'at home' here." ***Id***.

***Goodyear***, ***Daimler***, ***BNSF Railway***, ***Norfolk***, and ***Bayer*** are directly on point and controlling. The general personal jurisdiction analysis requires "an appraisal of a corporation's activities in their entirety, nationwide and worldwide." ***Daimler***, 571 U.S. at 139, n.20. Thus, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id*. Ford is incorporated in Delaware, and its principal place of business is in Michigan. *See* **Exhibit A**, attached to Ford Motor Company's Motion to Dismiss or, in the Alternative, for More Definite Statement Directed to Plaintiffs' Petition.

Additionally, Ford's Missouri activities are insufficient to constitute an "exceptional case." An exceptional case exists where a corporate defendant's "operations in a forum other than its formal place of incorporation or principal place of business [are] so substantial and of such nature as to render the corporation at home in that State." ***Daimler***, 571 U.S. at 139, n.19. "[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

contacts, no matter how systematic and continuous, are extraordinarily unlikely to add up to an 'exceptional case.'" *Norfolk*, 512 S.W.3d at 48 (citations and internal quotations omitted). *Daimler* was crystal-clear that such cases are exceedingly rare.

In *BNSF Railway*, the Court also reaffirmed that *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) "exemplified the kind of case where a corporation could be held to be at home outside of the two paradigm states." *BNSF*, 137 S. Ct. at 1558. In *Perkins*, the forum state was "the corporation's principal, if temporary, place of business," because its operations elsewhere had been suspended during World War II. *Daimler*, 571 U.S. 130. In stark contrast, the court in *Daimler* held that Daimler's activities in the forum state of California "plainly do not approach th[e] level" found to support general jurisdiction in *Perkins*, even though Daimler maintained "multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Glass Center in Irvine." *Id*. at 123-39.

Further, regarding Plaintiffs' allegation that "[g]eneral jurisdiction is proper because Defendants and each of them are registered to do business in Missouri," the Missouri Supreme Court has specifically rejected the notion that registering to do business in Missouri is sufficient to establish general jurisdiction over an out-of-state defendant. *Norfolk*, 512 S.W.3d at 52 (holding that Missouri's "registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present").

Ford's Missouri contacts do not constitute an exceptional case or subject it to general jurisdiction in the state. Ford's Missouri activities are distinct from the nerve-center of activities that the Supreme Court has said are required to make a home state. *See Norfolk*, 512 S.W.3d at 48; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (stating a corporation's "nerve

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

center" is where a corporation's officers direct, control, and coordinate the corporation's activities). Ford's activities in Missouri do not make Missouri its *de facto* principal place of business. *See Norfolk*, 512 S.W.3d 48. Ford is not at home in Missouri.

Similarly, numerous courts around the country have concluded that *Ford* is not subject to general jurisdiction in their respective states, including a Missouri federal court in a recent opinion. In ***M.J. by and through next friend Oliver***, 2019 WL 4194372, at *1, the United States District Court of Missouri, Eastern Division, rejected arguments that Ford was subject to general jurisdiction because "Ford maintains a registered agent, contracts with dealerships, owns land, operates a plant, employs workers, manufactures vehicles, releases vehicles into the stream of commerce, advertises, and litigates in the State of Missouri." *Id.* The court observed, "'the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts …Rather, the inquiry calls for an appraisal of a corporation's activities in their entirety; [a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *Id.* (quoting *BNSF*, 137 S. Ct. at 1559). The court held, "[e]ven though Ford conducts substantial and continuous business in Missouri…[n]othing before the Court evinces an exceptional situation wherein Ford is essentially 'at-home' in Missouri," concluding, "Ford is not subject to general, all-purpose jurisdiction in this state." *Id.* at **3-4.

There are numerous other examples of courts around the country applying ***Daimler*** and finding that *Ford* cannot be, and is not, subject to general jurisdiction in a state merely because it does business in that state. *See e.g. **Reed v. Ford Motor Co.***, No. 02-cv-2017-901000 (Cir. Ct. of Mobile, Ala. Jan. 29, 2018) (granting Ford's Motion to Dismiss for lack of personal jurisdiction where Ford was not incorporated in Alabama and did not maintain its principal place of business in Alabama); ***Barbayanni v. Ford Motor Co.***, No. SU-2017-032616 (Rockland Cnty., N.Y., May

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

23, 2018) (Ford is not subject to general jurisdiction in New York); *Aybar v. Aybar*, --- N.E.3d ----, 2021 WL 4596367, 2021 N.Y. Slip Op. 05393 (N.Y. Oct. 7, 2021) (holding that Ford was not subject to general jurisdiction in New York merely by registering with the New York Secretary of State); *Erwin v. Ford Motor Co.*, No. 8:16-cv-01322-T-24-AEP, 2016 WL 7655398, at *9-12 (M.D. Fla. Aug. 31, 2016) (declining to exercise general jurisdiction over Ford though plaintiff had shown "multiple business contacts Ford has and has had with the state of Florida . . . as well as multiple legal contacts Ford has had with Florida . . . ."); *Pitts v. Ford Motor Co.*, 127 F. Supp. 3d 676, 684 (S.D. Miss. 2015) (declining general jurisdiction over Ford despite Ford's registration and license to conduct business in Mississippi, its contracts with Mississippi dealers, its alleged advertising efforts in Mississippi, and the presence of a registered agent for service of process in Mississippi); *Sullivan v. Ford Motor Co.*, No. 3:16-cv-03505-JST, 2016 WL 6520174, at *4 (N.D. Cal. Nov. 3, 2016) (Ford is not subject to general jurisdiction in California); *Magill v. Ford Motor Co.*, 379 P.3d 1033 (Colo. 2016) (reversing the trial court's order that Colorado courts had general jurisdiction over Ford); *Erwin v. Ford Motor Co.*, No. 8:16-cv-01322-T-24 AEP, 2016 WL 7655398, at *17 (M.D. Fla. Aug. 31, 2016) (Ford was not subject to general jurisdiction in Florida even though plaintiff had shown "multiple business contacts Ford has and has had with the state of Florida . . . as well as multiple legal contacts Ford has had with Florida[.]"); *Oversen v. Kelle's Transp. Serv., Inc.*, No. 2:15-cv-535-JNP-DBP, 2016 WL 8711343, at *3-5 (D. Utah May 12, 2016) (Ford not subject to general jurisdiction in Utah); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 964-65 (N.D. Cal. 2015) (Ford not subject to general jurisdiction in California); *Rios v. Cabrera*, Case No. 18CV02272 (Santa Barbara Cnty., Cal. July 25, 2018) (Ford is not subject to general jurisdiction in California); *Ibrahim v. Ford Motor Co.*, Docket No. MON L-4419-16 (Monmouth Cnty. Sup. Ct. N.J. Mar. 24, 2017) (dismissing plaintiff's complaint for lack

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

of personal jurisdiction); ***Brown v. Ford Motor Co.***, 347 F. Supp. 3d 1347, 1350 (N.D. Ga. Nov. 9, 2018) (Ford not subject to general jurisdiction in Georgia); ***Jeffs v. Ford Motor Co.***, No. 5-15-0529, 2018 WL 3466965, at *2 (Ill. App. July 12, 2018) ("Ford [ ] not subject to general personal jurisdiction in the state of Illinois" despite 7.5% of its employees, 5% of its independent dealerships, and 4.5% of its sales coming from the state); ***Green-McKenzie v. Ford Motor Co.***, No. D59C1180000922 (Sarpy Cnty., Neb. Oct. 31, 2018) (Ford not subject to general jurisdiction in Nebraska).

Here, the U.S. Supreme Court's opinions in ***Goodyear***, ***Daimler***, and ***BNSF*** preclude this Court from exercising general jurisdiction over Ford in Missouri. Ford is incorporated in Delaware, has its principal place of business in Michigan, and does not have contacts with Missouri such that it could be considered "at home" in the State of Missouri. *See* **Exhibit A,** attached to Ford Motor Company's Motion to Dismiss or, in the Alternative, for More Definite Statement Directed to Plaintiffs' Petition**.** Accordingly, Plaintiffs have not—and cannot—plead sufficient facts giving rise to general jurisdiction over Ford in Missouri.

## B. <u>Plaintiffs' Petition Fails to State Claims Upon Which Relief May be Granted.</u>

### 1. Legal Standard.

A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the petition. ***Bromwell v. Nixon***, 361 S.W.3d 393, 398 (Mo. banc 2012). Missouri is a fact pleading state. *See* ***Geiger v. Bowersox***, 974 S.W.2d 513, 516 (Mo. App. E.D. 1998). The purpose of fact pleading is "to limit and define for the parties and the trial court the controverted issues and to facilitate a trial on the merits." ***Id***. Thus, to survive a motion to dismiss "[t]he petition must state allegations of fact in support of each essential element of the cause pleaded." ***Duvall v. Lawrence***, 86 S.W.3d 74, 80 (Mo. App. E.D. 2002). In addition, "[i]f the

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

petition consists of only conclusions and does not contain ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id*.

### 2. Plaintiffs' Negligence (Counts I) and Strict Liability (Count III) Claims Must be Dismissed as Plaintiffs Failed to Identify the Allegedly Defective Product.

Missouri law[4] requires that if a plaintiff seeks to recover on the basis that a product caused his injury, the plaintiff must identify the product which he alleges caused his injury. *See City of St. Louis v. Benjamin Moore & Co.*, 226 S.W.3d 110, 115-16 (Mo. banc 2002). Specifically, Missouri courts have held that "where the plaintiff seeks to hold the defendants liable on the basis that their products caused harm to the plaintiff, the identification requirement must be satisfied," that is, he must identify the allegedly defective product. *Id*. Missouri courts have recognized that failing to establish product identification "risks exposing those defendants to liability greater than their responsibility and may allow the actual wrongdoer to escape liability." *Id*. at 116.

In *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241 (Mo. banc 1984), the Missouri Supreme Court held that in product liability cases a "plaintiff must establish some causal relationship between the defendant and the injury-producing agent." In conclusion, the court held that if plaintiffs are unable to identify the product they allege is defective, they have "pleaded themselves out of court." *Id*. at 244.

Here, Plaintiffs have failed to identify a single Ford product which they contend caused Mr. Butler's alleged injuries. Specifically, Plaintiffs have not identified a single product which they contend caused Mr. Butler's mesothelioma. *See* **Plaintiffs' Petition**, Counts I, III. Instead, Plaintiffs make sweeping allegations regarding "asbestos-containing" materials and products

---

[4] Ford anticipates Plaintiffs will argue that Missouri law applies in this action, and, consequently, this motion addresses Missouri law. However, Ford does not waive, and specifically reserves, the right to argue application of the law of other applicable states.

without ever designating the specific products to which they are referring. *See generally* **Plaintiffs' Petition**. Plaintiffs have pled themselves out of Court by failing to identify the product or products which allegedly caused Mr. Butler's injuries. Therefore, Plaintiffs' strict liability and negligence claims (Counts I and III) must be dismissed for failure to state a claim upon which relief can be granted. Assuming this Court finds that the deficiencies in Plaintiffs' Petition do not warrant dismissal, Ford respectfully requests this Court enter its order requiring Plaintiffs to make their allegations more definite.

### 3. Plaintiffs' Willful and Wanton Misconduct (Counts II, V, and VII) Claims Must be Dismissed as Improper under MO. REV. STAT. § 510.261.

Plaintiffs' includes claims for willful and wanton misconduct, which are improper under Missouri law. MO. REV. STAT. § 510.261.5 provides, "No initial pleading in a civil action shall contain a claim for a punitive damage award." *Id.* Instead, plaintiffs must seek leave of court to file a later pleading containing such a claim. *Id.* This recently enacted statute applies to cases filed on or after August 28, 2020. **MO. REV. STAT. § 510.262**. Plaintiffs filed their original Petition on February 8, 2022. Thus, Plaintiffs' claims for willful and wanton misconduct are improper and should be dismissed.

### 4. Plaintiffs' Willful and Wanton Misconduct (Counts II, V, and VII) and Loss of Consortium (Counts IV and V) Claims and Must Fail Because They Have Failed to State a Claim on an Underlying Tort.

The success of Plaintiffs' Willful and Wanton Misconduct and Loss of Consortium claims hinges on their ability to state a claim on an underlying tort, but Plaintiffs have been unable to state a claim on any underlying tort. Plaintiffs' claims, as stated in Counts II, V, and VII for Willful and Wanton Misconduct, are simply claims for punitive damages, which, in Missouri, requires as a precondition an award of compensatory damages. *See, e.g.*, **State Farm Mut. Auto. Ins. Co. v.**

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

*Campbell*, 538 U.S. 408, 419 (2003) ("It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, *after having paid compensatory damages*, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." (emphasis added)); *Agnello v. Walker*, 306 S.W.3d 666, 678-79 (Mo. App. W.D. 2010). Missouri law dictates that a claim for punitive damages is not an independent cause of action, but rather a derivative claim based on an underlying tort. *See Jacobs v. Bonser*, 46 S.W.3d 41, 46-47 (Mo. App. E.D. 2001); *Pittman v. Ripley Cty. Mem'l Hosp.*, 318 S.W.3d 289, 295 (Mo. Ct. App. 2010); *Marquis Fin. Servs. of Indiana Inc. v. Peet*, 365 S.W.3d 256, 262 (Mo. App. E. D. 2012). Missouri courts have thus stated "[i]t is a well accepted doctrine of law that no punitive damages can be awarded absent an award of actual damages." *Jacobs*, 46 S.W.3d at 46-47. Therefore, if the plaintiff cannot recover on the underlying tort claims, then the defendant is entitled to judgment as a matter of law on the plaintiff's punitive damages claim. *Id*.

Likewise, "a plaintiff's right to recover for the loss of consortium of [her] spouse is derivative only, so that if the spouse has no valid claim for personal injuries, the plaintiff cannot recover special damages flowing therefrom." *Id*. (*citing Teschner v. Physicians Radiology*, 761 S.W.2d 665, 667 (Mo. App. E.D. 1988)); *see also Cobbins v. J.E. Dunn Constr. Co.*, No. 15-0031-CV-W-ODS, 2016 WL 6440139, at *4 (W.D. Mo. Oct. 28, 2016).

As previously noted, all of the counts in Plaintiffs' Petition fail to state a claim upon which relief can be granted. Therefore, Plaintiffs' claims for Willful and Wanton Misconduct and Loss of Consortium must be dismissed.

**5. Plaintiffs' Claims for Negligent Spoliation of Evidence (Count VI) and Willful and Wanton Spoliation of Evidence (Count VII) Must Be Dismissed Because Neither Cause of Action Is Recognized Under Missouri Law.**

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

Plaintiffs' Counts VI and VII attempt to plead a cause of action for Negligent Spoliation of Evidence and Willful and Wanton Spoliation of Evidence. However, Missouri courts have consistently refused to recognize Spoliation of Evidence as a cause of action. *See **Pikey v. Bryant***, 203 S.W.3d 817, 822 (Mo. App. S.D. 2006); ***Brown v. Hamid***, 856 S.W.2d 51 (Mo. banc 1993); ***Marmaduke v. CBL & Assocs. Mgmt., Inc.***, 521 S.W.3d 257, 270 (Mo. Ct. App. 2017). "In Missouri, if a party has intentionally spoliated evidence, indicating fraud and a desire to suppress the truth, that party is subject to an adverse evidentiary inference." ***Fisher v. Bauer Corporation***, 239 S.W.3d 693, 701 (Mo. App. E.D. 2007) (citations omitted); *see also **Pisoni v. Steak 'N Shake Operations, Inc.***, 468 S.W.3d 922, 926 (Mo. Ct. App. 2015). "However, Missouri has not recognized spoliation, either intentional or negligent, as the basis for tort liability against . . . a party . . . to the action in which the evidence was to be used." *Id*.  Even assuming *arguendo* that such a cause of action exists under Missouri law, it is clear that negligence is insufficient to establish spoliation. ***DeGraffenreid v. R.L. Hannah Trucking Co.***, 80 S.W.3d 866, 873 (Mo. App. W.D. 2002) *overruled on other grounds by **Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220 (Mo. banc 2003) ("Simple negligence, however, is not sufficient to apply the adverse inference rule."); *see also **Marmaduke***, 521 S.W.3d at 269.

Finally, though Plaintiffs allege Willful and Wanton Spoliation of Evidence, they have not pled facts to support their claim. In their Willful and Wanton Spoliation of Evidence count, Plaintiffs merely incorporate the paragraphs from their Negligent Spoliation of Evidence count, adding only boilerplate, conclusory statements that the Defendants' actions were intentional and/or reckless. *See, e.g.*, **Plaintiffs' Petition** Count VII, ¶¶ 1-3. Therefore, Plaintiffs' Counts VI and VII claims for purported Negligent Spoliation of Evidence and Willful and Wanton Spoliation of Evidence fail to state a claim upon which relief can be granted.

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

**6. Plaintiffs' Claims for Failure to Recall Must be Dismissed Because Such a Cause of Action is Not Recognized Under Missouri Law.**

Missouri law is clear that no private cause of action exists for a manufacturer's failure to recall or retrofit a product. *See Morrison v. Kubota Tractor Corp.*, 891 S.W.2d 422 (Mo. App. W.D. 1994) (declining to recognize a private cause of action for failure to recall or retrofit a product); *Wallace v. Dorsey Trailers Se., Inc.*, 849 F.2d 341 (8th Cir. 1988) (affirming the district court's holding that "in the absence of any Missouri law imposing a duty on a manufacturer, much less a corporate successor of that manufacturer, to retrofit a product absent a state or federal law mandating a recall of the product, [Defendant] was not negligent, as a matter of law, in failing to retrofit the allegedly defective aerial bucket lift.") (internal quotations omitted). Thus, absent a government mandated recall, a product manufacturer has no duty to recall or retrofit a product. *See id*.

Plaintiffs allege in their Negligence (Count I) and Willful and Wanton Misconduct (Count II) counts that Ford should be liable for its failure to recall asbestos-containing products. *See* **Plaintiffs' Petition**, Count I, ¶ 6(m), Count II ¶ 3(m). Such claims must be dismissed, as no such cause of action exists under Missouri law.

**CONCLUSION**

This Court lacks specific and general personal jurisdiction over Ford. Moreover, Plaintiffs' Petition, and all counts thereof, fail to state a claim upon which relief may be granted. Specifically, Plaintiffs' Negligence (Count I) and Strict Liability (Count III) claims fail to identify the allegedly defective product and, thus, fail to state a claim under Missouri law. Additionally, Plaintiffs' claims for Willful and Wanton Misconduct (Counts II, V, and VII) must fail because they are improper under MO. REV. STAT. § 510.261.5. Further, Plaintiffs' derivative claims for Willful and

25

Electronically Filed - City of St. Louis - March 21, 2022 - 12:00 PM

Wanton Misconduct (Counts II, V, and VII) and Loss of Consortium (Counts IV and V) must fail because Plaintiffs' Petition fails to state a claim upon which relief can be granted on any underlying tort. Likewise, Plaintiffs' purported Negligent Spoliation of Evidence (Count VI) and Willful and Wanton Spoliation of Evidence (Count VII) claims fail to state a claim upon which relief can be granted as no such cause of action is recognized under Missouri law.  As such, Plaintiffs' entire Petition fails to state a claim upon which relief can be granted, and Ford respectfully requests an order dismissing Plaintiffs' claims against Ford for lack of jurisdiction and for failure to state a claim upon which relief can be granted.  In the alternative, Ford respectfully requests that this Court enter an order requiring Plaintiffs to make their allegations more definite.

<div style="text-align:center;">Respectfully submitted,</div>

BY:   */s/ Sherry A. Rozell*
Sherry A. Rozell, MO Bar # 34131
Alex C. Riley, MO Bar # 69295
MCAFEE & TAFT, PC
4050 S. Fairview Ave.
Springfield, MO 65807
(417) 409-6000; (417) 409-6058 (fax)
sherry.rozell@mcafeetaft.com
alex.riley@mcafeetaft.com

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

<div style="text-align:center;">

## CERTIFICATE OF SERVICE

</div>

The undersigned hereby certifies that a copy of the foregoing was electronically filed and served on all counsel of record, this 21st day of March 2022.

*/s/ Sherry A. Rozell*

Electronically Filed - City of St. Louis - March 21, 2022 - 02:45 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Plaintiffs, | ) ) ) | Cause No. 2222-CC00226 Division 1 (Asbestos) |
| vs. | ) ) ) | |
| A.W. CHESTERTON COMPANY, *et al.,* | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CATERPILLAR INC.'S**
**CONSOLIDATED MOTION TO DISMISS PURSUANT TO RULE 55.27**

COMES NOW Defendant Caterpillar Inc. ("Caterpillar"), by and through its counsel, and moves this Court pursuant to Missouri Supreme Court Rule 55.27(f) to dismiss all claims against Caterpillar for lack of personal jurisdiction, for failure to state a claim upon which relief can be granted, for improper venue and/or forum and other grounds as set forth herein.

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

For its Motion to Dismiss for Lack of Personal Jurisdiction, Caterpillar states as follows:

1.      Plaintiffs have filed a Petition alleging that David Butler suffered injuries as a result of exposure to asbestos attributable to thirty-six (36) Defendants.  *See* Petition, ¶¶ 1-4.

2.      Plaintiffs' Petition fails to establish any basis for specific or general personal jurisdiction over Caterpillar in Missouri.  See, *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 754-758 (2014); *State ex rel. Norfolk Southern Railway Co. v. Dolan*, 512 S.W.3d 41 (Mo. banc 2017).

3.      Plaintiffs do not allege facts to establish that David Butler's alleged injuries arise from any actions taken or omitted by Caterpillar in the State of Missouri.

4.      Plaintiffs do not allege facts to establish that Caterpillar is organized under the laws of the State of Missouri or that it has its principal place of business in the State of Missouri.

5.      Plaintiffs do not allege facts to establish that Caterpillar has sufficient connections with the State of Missouri, such that Caterpillar could be considered "at home" in the State of Missouri.

6.      Caterpillar has not consented to jurisdiction in Missouri.

7.      Once the defendant raises an objection to personal jurisdiction, "[t]he plaintiff has the burden of proving the existence of personal jurisdiction over the defendant." *Wineteer v. Vietnam Helicopter Pilots Ass'n,* 121 S.W.3d 277, 281 (Mo. App. W.D. 2003).  Because Missouri is a fact-pleading jurisdiction, plaintiffs cannot rely on mere legal conclusions to meet this burden but instead must allege facts to support jurisdiction.  *See* Mo. R. Civ. P. 55.05; *Gibson v. Brewer,* 952 S.W.2d 239, 245 (Mo. banc 1997); *City of Fenton v. Exec. Int'l Inn, Inc.,* 740 S.W.2d 338, 339 (Mo. App. E.D. 1987).

8.      Plaintiffs have not alleged facts that establish that this Court's exercise of specific or general personal jurisdiction over Caterpillar is appropriate in this case. Therefore, all claims against Caterpillar must be dismissed.

WHEREFORE, Defendant Caterpillar Inc. respectfully requests that the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction, and dismiss all claims against it in this case.

Electronically Filed - City of St. Louis - March 21, 2022 - 02:45 PM

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

For its Motion to Dismiss for Failure to State a Claim, Caterpillar states as follows:

1. Plaintiffs have filed this action against thirty-six (36) Defendants seeking damages for David Butler's alleged asbestos-related injuries. Specifically, against Caterpillar, Plaintiffs' claims are based upon theories of negligence, willful and wanton misconduct, strict liability and spoliation of evidence. *See*, Plaintiffs' Petition, generally.

2. Plaintiffs' Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995); *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact pleading is the quick, efficient and fair resolution of disputes – fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans*, 894 S.W.2d at 171.

3. In this case, Plaintiffs have violated both the substance and spirit of that law in that the Petition is wholly devoid of basic factual information. Plaintiffs bring this action against thirty-six (36) Defendants. All of the Defendants have been grouped together in every Count. Plaintiffs do not identify the type of alleged asbestos product(s) to which David Butler was allegedly exposed. Plaintiffs do not identify any Defendant as having manufactured or sold any specific asbestos-containing product to which David Butler was allegedly exposed. Plaintiffs do not allege the specific type of activity or job duty David Butler was performing that allegedly exposed him to an asbestos-containing product. Instead, Plaintiffs merely set forth bare conclusions.

4. As Plaintiffs' allegations currently stand, it is impossible for any of the Defendants, all of whom are named in the counts purporting to assert product liability claims, to know which,

if any, of their products allegedly caused David Butler's alleged injuries, when he was allegedly injured, or how he was allegedly injured. Such information is crucial to Defendants' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. As they have failed to do so, Plaintiffs' Petition should be dismissed.

5.      In addition to failing to plead their claims with the necessary particularity, Plaintiffs have failed to plead facts establishing the specific elements of each of their claims.

6.      In Count I, Plaintiffs allege negligence against all named Defendants, including Caterpillar, as manufacturers. In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to David Butler to protect him from injury, that Defendants failed to perform that duty, and that the failure caused David Butler's injuries. *Meekins v. St. John's Reg. Health Ctr.*, 149 S.W.3d 525, 532 (Mo.App. S.D. 2004). In this case, however, Plaintiffs do not allege facts that demonstrate that any Defendant owed any legal duty of care to David Butler and/or that any Defendant breached any such duty. Without such facts, Plaintiffs have failed to state a claim against Defendants for negligence. Count I should be dismissed.

7.      In Count II, Plaintiffs allege willful and wanton misconduct against all named Defendants, including Caterpillar, as manufacturers. Plaintiffs do not state a claim for willful and wanton misconduct against Caterpillar, however, because they fail to set forth any facts that demonstrate that Caterpillar intentionally acted to harm David Butler or that Caterpillar showed complete indifference to or conscious disregard for David Butler's safety. *See Warner v. Southwestern Bell Telephone Co.*, 428 S.W.2d 596 (Mo. 1968). As these facts are necessary for Plaintiffs' willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

Electronically Filed - City of St. Louis - March 21, 2022 - 02:45 PM

9.    In Count III, Plaintiffs allege strict liability against all named Defendants, including Caterpillar, as manufacturers. In order to plead a cause of action for strict liability based on a defective design, Plaintiffs must plead facts that establish: (1) the product was sold in the course of Defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) the plaintiff was damaged as a direct result of a defective condition which existed at the time the product was sold. *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 637-38 (Mo. banc 1987). Because Plaintiffs have not alleged any facts regarding the type of alleged asbestos-containing products to which David Butler was exposed and how those products were being used, Plaintiffs have failed to plead the elements of a strict liability claim for defective design.

10.    Likewise, Plaintiffs do not state a valid cause of action for strict liability based upon an alleged failure to warn. In order to plead such a claim, Plaintiffs must set forth facts that establish: (1) Defendants sold the product in question in the course of their business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated, without knowledge of its characteristics; (3) Defendants did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) Plaintiff was damaged as a direct result of the product being sold without an adequate warning. *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 13 (Mo. banc 1994). In addition to the deficiencies in Plaintiffs' pleading mentioned above, Plaintiffs have also failed to allege with sufficient specificity any defects in Caterpillar's alleged warnings. Thus, Plaintiffs have not set forth a cause of action for strict liability based on a failure to warn. Count III should thus be dismissed.

Electronically Filed - City of St. Louis - March 21, 2022 - 02:45 PM

11.     In Counts IV and V, Plaintiffs seeks damages for loss of consortium. Counts IV and V fail to state a cause of action against Caterpillar in that it is predicated on Counts I through III which, as set forth above, fail to state valid causes of action against Caterpillar.  A loss of consortium action derives from an injured person's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured person.  *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14-15 (Mo.App. 1991). As Counts I through III are improperly pled and should be dismissed, those counts cannot result in liability for loss of consortium.  Therefore, Count IV and V should also be dismissed.

12.     Plaintiff also prays for punitive damages in Counts II and V.  Punitive damages are appropriate, however, only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others.  *Jacobs v. Bonser*, 46 S.W.3d 41, 45 (Mo. App. E.D. 2001).  Here, Plaintiffs do not allege any specific action or inaction by Caterpillar warranting a claim for punitive damages.  As the facts alleged in the Petition do not constitute the outrageous conduct required for punitive damages, Plaintiffs' prayer for punitive damages should be stricken.

13.     In Counts VI and VII, Plaintiffs seek damages for negligent and willful/wanton spoliation of evidence.  No Missouri court has recognized intentional or negligent spoliation as a tort.  *Fisher v. Bauer Corp.,* 239 S.W.3d 693, 701 (Mo. App. E.D. 2007); see also, *Marmaduke v. CBL & Associates Management*, 521 S.W.3d 257, 270 (Mo. App. E.D. 2017).  Therefore, Counts IV and V of Plaintiffs' Petition must be dismissed.

WHEREFORE, Defendant Caterpillar Inc. respectfully requests that the Court grant its Motion to Dismiss for Failure to State a Claim and dismiss all claims against it in this case.

Electronically Filed - City of St. Louis - March 21, 2022 - 02:45 PM

## MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE AND/OR FORUM

For its Motion to Dismiss or Transfer for Improper Venue and/or Forum, Caterpillar states as follows:

1.     Plaintiffs' Petition fails to set forth any specific facts that would establish that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed. 508.010.4, RSMo. Alternatively, Plaintiffs' Petition should be transferred under the doctrine of *forum non conveniens*.

WHEREFORE, Defendant Caterpillar Inc. respectfully requests that the Court grant its Motion to Dismiss or Transfer for Improper Venue and/or Forum.

## MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT BASED ON OTHER DEFENSES

For its Motion to Dismiss or For More Definite Statement Based on Other Defenses, Caterpillar states as follows:

1.     Plaintiffs' claims are barred by the applicable statutes of limitations.

2.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

3.     In the alternative, Plaintiffs should be required to amend their Petition as it is so vague and ambiguous that Caterpillar is unable to prepare a responsive pleading, affirmative defense, and/or cross-claim.

4.     Defendant Caterpillar incorporates and adopts herein the motions and arguments made in response to Plaintiffs' Petition by co-defendants in this cause of action, to the extent that they do not contain allegations against Caterpillar and do not contradict anything stated herein.

WHEREFORE, Defendant Caterpillar Inc. prays for an Order of this Court dismissing Plaintiffs' Petition or, in the alternative, ordering Plaintiffs to make same more definite and certain, and for such other relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - March 21, 2022 - 02:45 PM

BAKER STERCHI COWDEN & RICE LLC

By:    /s/ Julie A. Simaytis
      Michael B. Hunter #45097
      Julie A. Simaytis #56199
      100 North Broadway, 21st Floor
      St. Louis, MO 63102
      (314) 345-5000
      (314) 345-5010 (FAX)

      ATTORNEYS FOR CATERPILLAR INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed with the Court and served upon counsel of record via the Missouri Courts e-Filing System this 21st day of March, 2022.

      /s/ Julie A. Simaytis

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | No. 2222-CC00226 |
| Plaintiffs, | ) ) ) | **PERSONAL INJURY** **PRODUCTS LIABILITY** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of March, 2022, Defendant PNEUMO ABEX LLC sent, via e-mail its Second Amended Master Fact and Expert Witness Disclosure to, Simmons Hanly Conroy, Attorneys for Plaintiff, gluly@simmonsfirm.com. A copy of these pleadings is available to all defense counsel upon request.

**DEFENDANT PNEUMO ABEX LLC DEMANDS A TRIAL BY JURY**

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

Respectfully submitted,

PELIKAN & ORRIS LLC

By:    /s/ Matthew Pelikan
       Thomas L. Orris       #37416
       Matthew E. Pelikan    #57820
       Ross S. Titzer        #59581
       10 South Broadway
       Suite 1100
       St. Louis, MO 63102
       Main: 314-735-2560
       Fax : 314-300-9487
       tom.orris@pelikanorris.com
       matthew.pelikan@pelikanorris.com
       ross.titzer@pelikanorris.com
       citymail@pelikanorris.com

       *Attorneys for Defendant Pneumo Abex LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

John E. Richardson, Jr.
Simmons Hanly Conroy
One Court Street
Alton, IL 62002

                          /s/ Matthew Pelikan

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| | ) | No. 2222-CC00226 |
| Plaintiffs, | ) ) | **PERSONAL INJURY** **PRODUCTS LIABILITY** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COME NOW Thomas L. Orris, Matthew E. Pelikan, and Ross S. Titzer of Pelikan &

Orris LLC and enter their appearance in the above-captioned case on behalf of defendant

Pneumo Abex LLC.

**DEFENDANT PNEUMO ABEX LLC DEMANDS TRIAL BY JURY.**

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

Respectfully submitted,

PELIKAN & ORRIS LLC


By:    /s/ Matthew Pelikan_____
        Thomas L. Orris     #37416
        Matthew E. Pelikan   #57820
        Ross S. Titzer      #59581
        10 South Broadway
        Suite 1100
        St. Louis, MO 63102
        Main: 314-735-2560
        Fax : 314-300-9487
        tom.orris@pelikanorris.com
        matthew.pelikan@pelikanorris.com
        ross.titzer@pelikanorris.com
        citymail@pelikanorris.com

*Attorneys for Defendant Pneumo Abex LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

John E. Richardson, Jr.
Simmons Hanly Conroy
One Court Street
Alton, IL 62002

        /s/ Matthew Pelikan_____

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | No. 2222-CC00226 |
| Plaintiffs, | ) ) ) | **PERSONAL INJURY PRODUCTS LIABILITY** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANT PNEUMO ABEX LLC'S**
**MOTION TO DISMISS PLAINTIFFS' PETITION, OR, IN THE ALTERNATIVE,**
**MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant Pneumo Abex LLC (hereinafter "Pneumo Abex") and, pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' Petition or, in the alternative, for a more definite statement of Plaintiffs' claims.  In support of its Motion, Pneumo Abex states as follows:

1.      Plaintiffs have filed this action against various Defendants, including Pneumo Abex, seeking damages for Plaintiff David Butler's alleged asbestos-related injuries.  Specifically against Pneumo Abex, Plaintiffs' claims are based upon theories of negligence, willful and wanton misconduct, strict liability, negligent spoliation of evidence, willful and wanton spoliation of evidence, and, possibly, conspiracy to commit fraud. Plaintiff Kathy Butler is also seeking damages for loss of consortium.

2.      Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below.  By way of this motion, Pneumo Abex does not waive any arguments, defenses or rights including but not limited to arguments based upon lack of

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

3.      Plaintiffs' Petition fails to establish any basis for specific or general personal jurisdiction over Pneumo Abex in Missouri.  Specifically, Plaintiffs do not allege that Pneumo Abex is organized under the laws of the State of Missouri or that its principal place of business is in the State of Missouri; Plaintiffs do not allege that Pneumo Abex has any connections with the State of Missouri, such that Pneumo Abex could be considered "at home" in the State of Missouri; Plaintiffs do not allege that injuries arise from any actions taken or omitted by Pneumo Abex in the State of Missouri; and Pneumo Abex has not consented to jurisdiction in Missouri.  See State ex rel. Norfolk Southern Railway Co. v. Dolan, No. SC95514, slip op. (Mo. Feb. 28, 2017).

4.      Plaintiffs' Petition should be dismissed.  It is well settled that Missouri is a fact-pleading state.  State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo. banc 1997); Luethans v. Washington Univ., 894 S.W.2d 169, 171 (Mo. banc 1995); ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1995).  The purpose of fact pleading is the quick, efficient and fair resolution of disputes – fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. Luethans, 894 S.W.2d at 171.

5.      In this case, Plaintiffs have violated both the substance and spirit of that law in that the Petition is wholly devoid of basic factual information.  Plaintiffs bring their actions against numerous Defendants.  All of the Defendants have been combined together in Plaintiffs' allegations.  Plaintiffs do not identify the type of alleged asbestos

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

product(s) to which Plaintiff David Butler allegedly was exposed. Plaintiffs do not identify any Defendant as having manufactured or sold any specific asbestos-containing product to which Plaintiff David Butler allegedly was exposed. Plaintiffs do not identify with any particularity the time period in which Plaintiff David Butler allegedly was exposed. Plaintiffs do not allege the type of activity or job duty Plaintiff David Butler was performing that allegedly exposed him to an asbestos-containing product. Instead, Plaintiffs merely set forth bare conclusions.

6.      As Plaintiffs' allegations currently stand, it is impossible for any of the Defendants to know which, if any, of their products allegedly caused Plaintiff David Butler's injuries, when he allegedly was injured, or how he allegedly was injured. Such information is crucial to Defendants' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. As they have failed to do so, Plaintiffs' Petition should be dismissed.

7.      In addition to their failure to plead their claims with the necessary particularity, Plaintiffs have failed to plead facts establishing the specific elements of each of their claims against Pneumo Abex.

8.      In Count I, Plaintiffs allege negligence against Defendants, including Pneumo Abex, as manufacturers. In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to Plaintiff David Butler to protect him from injury, that Defendants failed to perform that duty, and that the failure caused Plaintiff David Butler's injuries. Meekins v. St. John's Reg. Health Ctr., 149 S.W.3d 525, 532 (Mo.App.S.D. 2004). In this case, however, Plaintiffs do not allege facts that

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

demonstrate that any Defendant owed any legal duty of care to Plaintiff David Butler and/or that any Defendant breached any such duty.  Without such facts, Plaintiffs have failed to state a claim against Defendants for negligence.  Count I should be dismissed.

9.      Instead, Plaintiffs suggest an improper legal standard under which Pneumo Abex's alleged negligence should be reviewed.  Plaintiffs claim that, as manufacturers, Defendants have a duty to exercise reasonable care and caution for the safety of Plaintiff David Butler and others working around any asbestos-containing products, regardless of the manufacturer.  This is incorrect.  In a negligence action against a manufacturer, a duty is imposed on that manufacturer only with respect to foreseeable dangerous consequences of its specific products.  Judy v. Arkansas Log Homes, Inc., 923 S.W.2d 409, 422 (Mo.App.W.D. 1996).  Plaintiffs do not allege any facts that demonstrate foreseeable dangerous consequences of a Pneumo Abex product.  In fact, as pointed out above, Plaintiffs do not allege that Plaintiff David Butler worked with or around any Pneumo Abex products whatsoever.  Count I should be dismissed.

10.      In Count II, Plaintiffs allege willful and wanton misconduct against Defendants, including Pneumo Abex, as manufacturers. Plaintiffs do not state a claim for willful and wanton misconduct against Pneumo Abex, however, because they fail to set forth any facts that demonstrate that Pneumo Abex intentionally acted to harm Plaintiff David Butler, or that Pneumo Abex showed complete indifference to or conscious disregard for Plaintiff David Butler's safety.  See Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596 (Mo. 1968).  As these facts are necessary for Plaintiffs' willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

11.    In Count III, Plaintiffs allege strict liability against numerous Defendants, including Pneumo Abex, as manufacturers.  In order to plead a cause of action for strict liability based on a defective design, Plaintiffs must plead facts that establish: (1) the product was sold in the course of Defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) Plaintiff David Butler was damaged as a direct result of a defective condition which existed at the time the product was sold.  Fahy v. Dresser Indus., Inc., 740 S.W.2d 635, 637-38 (Mo. banc 1987).  Because Plaintiffs have not alleged any facts regarding the type of alleged asbestos-containing products to which Plaintiff David Butler was exposed and how those products were being used, Plaintiffs have failed to plead the elements of a strict liability claim for defective design.

12.    Likewise, Plaintiffs do not state a cause of action against Defendants for strict liability based upon an alleged failure to warn.  In order to plead such a claim, Plaintiffs must set forth facts that establish:  (1) Defendants sold the product in question in the course of their business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated, without knowledge of its characteristics; (3) Defendants did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) Plaintiff David Butler was damaged as a direct result of the product being sold without an adequate warning.  Tune v. Synergy Gas Corp., 883 S.W.2d 10, 13 (Mo. banc 1994).  In addition to the failures in Plaintiffs' pleading mentioned above, Plaintiffs have also failed to allege with sufficient specificity

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

any defects in any Defendants' warnings.  Thus, Plaintiffs have not set forth a cause of action for strict liability based on a failure to warn.  Count III should be dismissed.

13.     In Counts VI and VII of the Petition, Plaintiffs attempt to state causes of action for negligent spoliation of evidence and willful and wanton spoliation, respectively.  Counts VI and VII should be dismissed.  "In Missouri, if a party has spoliated evidence, indicating fraud and a desire to suppress the truth, that party is subject to an adverse evidentiary inference.  However, Missouri has not recognized spoliation, either intentional or negligent, as the basis for tort liability against either a party or a non-party to the action in which the evidence was to be used."  Fisher v. Bauer Corp., 239 S.W.3d 693, 701 (Mo. App. E.D. 2007).  Hence, Counts VI and VII should be dismissed.

14.     In Counts IV and V, Plaintiff Kathy Butler seeks damages from Defendants for loss of consortium.  Said Count fails to state a cause of action against Pneumo Abex in that it is predicated on Counts I, II, III, VI and VII, which, as set forth above, fail to state a cause of action against Pneumo Abex.  A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse.  Lear v. Norfolk and Western Railway Co., 815 S.W.2d 12, 14-15 (Mo.App. 1991) and Pease v. Ace Hardware Home Center of Round Lake, 147 Ill.App.3d 546 (1986).  Counts IV and V should be dismissed.

15.     Additionally in several counts, Plaintiffs seek punitive damages against Defendants. Punitive damages are appropriate, however, only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others. Jacobs v. Bonser, 46 S.W.3d 41, 45 (Mo. App. E.D. 2001).  Plaintiffs' allegations

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

that they are entitled to punitive damages are, once again, only conclusions and lack factual support.  Plaintiffs fail to allege any specific action or inaction by any Defendant that would warrant a claim for punitive damages.  As the facts alleged in Plaintiffs' Petition do not rise to the level of conduct required for punitive damages, Plaintiffs' prayers for punitive damages should be stricken.

16.     Plaintiffs' Petition fails to set forth any specific facts that would establish that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed.  Section 508.010.4, RSMo (Cum. Supp. 2010).

17.     Plaintiffs' claims are barred by the applicable statutes of limitations.

18.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

19.     Plaintiffs' claims are preempted under the Federal Locomotive Boiler Inspection Act, 49 U. S. C. §20701 et seq.; the Safety Appliances Act, 49 U.S.C. §20301, et seq.; the Federal Railroad Safety Act of 1970, 49 U. S. C. §20102 et seq., and all applicable federal regulations related to the various acts.  See Kurns v. Railroad Friction Products Corporation, 132 S. Ct. 1261 (2012).

20.     Pneumo Abex incorporates and adopts herein the Motions and arguments made in response to Plaintiffs' Petition by other co-Defendants in this cause of action, to the extent those arguments do not contain allegations against Pneumo Abex and do not contradict anything stated herein.

21.     In the alternative, Plaintiffs should be required to amend their Petition as it is so vague and ambiguous that Pneumo Abex is unable to prepare a responsive pleading, affirmative defense, and/or cross-claim.

WHEREFORE, Defendant Pneumo Abex LLC prays that this Court enter its Order dismissing Plaintiffs' Petition against it and for such other and further relief as is proper under the circumstances.  Alternatively, Defendant Pneumo Abex LLC respectfully requests this Court enter an Order requiring Plaintiffs to amend their Petition to include such specificity as to allow Defendant Pneumo Abex LLC to file a responsive pleading.

**DEFENDANT PNEUMO ABEX LLC DEMANDS TRIAL BY JURY.**

Respectfully submitted,

PELIKAN & ORRIS LLC

By:     /s/ Matthew Pelikan
        Thomas L. Orris        #37416
        Matthew E. Pelikan     #57820
        Ross S. Titzer         #59581
        10 South Broadway
        Suite 1100
        St. Louis, MO 63102
        Main: 314-735-2560
        Fax : 314-300-9487
        tom.orris@pelikanorris.com
        matthew.pelikan@pelikanorris.com
        ross.titzer@pelikanorris.com
        citymail@pelikanorris.com

*Attorneys for Defendant Pneumo Abex LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

Electronically Filed - City of St. Louis - March 21, 2022 - 11:04 PM

John E. Richardson, Jr.
Simmons Hanly Conroy
One Court Street
Alton, IL 62002

/s/ Matthew Pelikan _____

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Petitioners, | ) ) | |
| vs. | ) ) | No. 2222-CC00226 |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

NOW COMES the law firm of Swanson, Martin & Bell, LLP, by and through its counsel, Marcie J. Vantine and Mandi K. Ferguson, and hereby enters its Appearance on behalf of defendant, BWDAC, Inc., improperly named as "BWDAC Inc., f/k/a BWD Automotive Corporation."

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

/s/ Marcie J. Vantine
One of the attorneys for Defendant,
**BWDAC, Inc.**

Marcie J. Vantine #56860
Mandi K. Ferguson #60687
**SWANSON, MARTIN & BELL, LLP**
800 Market Street, Suite 2100
St. Louis, MO 63101
(314) 241-7100
mvantine@smbtrials.com
mferguson@smbtrials.com

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| his wife, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| vs. | ) | No. 2222-CC00226 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BWDAC, INC.'S ANSWER TO PETITIONERS' PETITION**

COMES NOW, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," ("BWDAC") by and through its counsel, Swanson, Martin & Bell, LLP, hereby files its Answer to petitioners' petition. In support thereof, BWDAC states as follows:

PRELIMINARY STATEMENT

Many of the allegations of petitioners' petition purportedly apply to BWDAC as well as the other defendants. Unless otherwise stated below, BWDAC has no knowledge of the actions of other defendants and, therefore, limits its Answer to BWDAC, and denies each and every other allegation contained therein.

JURISDICTION, VENUE, and GENERAL ALLEGATIONS

1.     BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the petition, and, therefore, denies the same.

2.     BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the petition, and, therefore, denies the same.

3.     BWDAC admits it is a corporation.  BWDAC denies any and all remaining

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

allegations contained in paragraph 3 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 the petition, and, therefore, denies the same.

4.      BWDAC denies any and all allegations contained in paragraph 4 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the petition, and, therefore, denies the same.

5.      BWDAC denies any and all allegations contained in paragraph 5 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of the petition, and, therefore, denies the same.

6.      The statement contained in paragraph 6 is a statement of law and calls for a legal conclusion and therefore, this defendant neither admits nor denies the allegation contained in paragraph 6 and makes no answer thereto.  To the extent the allegation of paragraph 6 requires an answer, it is denied.

7.      The statement contained in paragraph 7 is a statement of law and calls for a legal conclusion and therefore, this Defendant neither admits nor denies the allegation contained in paragraph 7 and makes no answer thereto.  To the extent the allegation of paragraph 8 requires an answer, it is denied.

8.      BWDAC denies any and all allegations contained in paragraph 8 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

allegations contained in paragraph 8 of the petition, and, therefore, denies the same.

9.     BWDAC denies any and all allegations contained in paragraph 9 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the petition, and, therefore, denies the same.

10.     BWDAC denies any and all allegations contained in paragraph 10 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the petition, and, therefore, denies the same.

11.     The statement contained in paragraph 11 is a statement of law and calls for a legal conclusion and therefore, this Defendant neither admits nor denies the allegation contained in paragraph 11 and makes no answer thereto.  To the extent the allegation of paragraph 11 requires an answer, it is denied.

12.     The statement contained in paragraph 12 is a statement of law and calls for a legal conclusion and therefore, this Defendant neither admits nor denies the allegation contained in paragraph 12 and makes no answer thereto.  To the extent the allegation of paragraph 12 requires an answer, it is denied.

13.     BWDAC denies any and all allegations contained in paragraph 13 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the petition, and, therefore, denies the same.

14.     BWDAC denies any and all allegations contained in paragraph 14 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the petition, and, therefore, denies the same.

15.    BWDAC denies any and all allegations contained in paragraph 15 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the petition, and, therefore, denies the same.

16.    BWDAC denies any and all allegations contained in paragraph 16 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the petition, and, therefore, denies the same.

17.    BWDAC denies any and all allegations contained in paragraph 17 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the petition, and, therefore, denies the same.

18.    BWDAC denies any and all allegations contained in paragraph 18 of the petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the petition, and, therefore, denies the same.

WHEREFORE, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," prays that the petition be dismissed at petitioners' expense.

<div align="center">

COUNT I
NEGLIGENCE
</div>

1.    BWDAC reinstates and incorporates its answer to paragraph 3 of the General Allegations as its answer to paragraph 1 of this count.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

2.      BWDAC denies any and all allegations contained in paragraph 2 of Count I directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the petition, and, therefore, denies the same.

3.      BWDAC denies any and all allegations contained in paragraph 3 of Count I directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the petition, and, therefore, denies the same.

4.      BWDAC denies any and all allegations contained in paragraph 4 of Count I directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the petition, and, therefore, denies the same.

5.      BWDAC admits any and all duties imposed upon it under Missouri law, denies that it breached any duties thereunder, and further denies petitioners have correctly stated any duty owed by BWDAC to petitioners.  To the extent the allegations contained in paragraph 5 of Count I set forth any duties imposed by law, they are denied.  To the extent the allegations in paragraph 5 of Count I are directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of Count I, and, therefore, denies the same.

6.      BWDAC denies any and all allegations contained in paragraph 6 of Count I directed toward BWDAC, including subparagraphs (a) through (m) contained therein.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of Count I, and, therefore,

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

denies the same.

7.    BWDAC denies any and all allegations contained in paragraph 7 of Count I directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of Count I, and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count I of the petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

COUNT II
WILFUL/WANTON MISCONDUCT

1.    BWDAC reinstates and incorporates its answers to petitioners' General Allegations and paragraphs 2 through 4 of Count I as its answer to paragraph 1 of this Count.

2.    BWDAC admits any and all duties imposed upon it under Missouri law, denies that it breached any duties thereunder, and further denies petitioners have correctly stated any duty owed by BWDAC to petitioners.  To the extent the allegations contained in paragraph 2 of Count II set forth any duties imposed by law, they are denied.  To the extent the allegations in paragraph 2 of Count II are directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Count II, and, therefore, denies the same.

3.    BWDAC denies any and all allegations contained in paragraph 3 of Count II directed toward BWDAC, including subparagraphs (a) through (m) contained therein.  With respect to the remaining allegations directed toward other defendants, BWDAC is without

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Count II, and, therefore, denies the same.

4.      BWDAC denies any and all allegations contained in paragraph 4 of Count II directed toward BWDAC  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of Count II, and, therefore, denies the same.

5.      BWDAC denies any and all allegations contained in paragraph 5 of Count II directed toward BWDAC  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of Count II, and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count II of the petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

## COUNT III
## STRICT LIABILITY

1.      BWDAC reinstates and incorporates its answers to petitioners' General Allegations and paragraphs 2 through 4 of Count I as its answer to paragraph 1 of Count III.

2.      BWDAC denies any and all allegations contained in paragraph 2 of Count III directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Count III, and, therefore, denies the same.

3.      BWDAC denies any and all allegations contained in paragraph 3 of Count III

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Count III, and, therefore, denies the same.

4.    BWDAC denies any and all allegations contained in paragraph 4 of Count III directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of Count III, and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count III of the petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

## COUNT IV
## NEGLIGENCE – LOSS OF CONSORTIUM

1.    BWDAC reinstates and incorporates its answers to petitioners' General Allegations and the factual allegations of Counts I-III as its answer to paragraph 1 of Count IV.

2.    BWDAC denies any and all allegations contained in paragraph 2 of Count IV directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Count IV, and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count IV of the petition, that it award defendant its costs and fees associated with this matter, and that it

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

award any and all appropriate further relief.

## COUNT V
### WILLFUL/WANTON MISCONDUCT – LOSS OF CONSORTIUM

1.      BWDAC reinstates and incorporates its answers to petitioners' General Allegations and the factual allegations of Counts I-III as its answer to paragraph 1 of Count V.

2.      BWDAC denies any and all allegations contained in paragraph 2 of Count III directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Count V, and, therefore, denies the same.

3.      BWDAC denies any and all allegations contained in paragraph 3 of Count III directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Count V, and, therefore, denies the same. BWDAC further denies petitioners are entitled to damages.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count V of the petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

## COUNT VI
### NEGLIGENCE – SPOLIATION OF EVIDENCE

1.      BWDAC reinstates and incorporates its answers to petitioners' General Allegations as its response to paragraph 1 of Count VI.

2.      BWDAC denies any and all allegations contained in paragraph 2 of Count VI directed toward BWDAC.  With respect to the remaining allegations directed toward other

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of petitioners' petition and, therefore, denies the same.

3.    BWDAC denies any and all allegations contained in paragraph 3 of Count VI directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of petitioners' petition and, therefore, denies the same.

4.    BWDAC denies any and all allegations contained in paragraph 4 of Count VI directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of petitioners' petition and, therefore, denies the same.

5.    BWDAC denies any and all allegations contained in paragraph 5 of Count VI directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of petitioners' petition and, therefore, denies the same.

6.    BWDAC admits any and all duties imposed upon it under Missouri law, denies that it breached any duties thereunder, and further denies petitioners have correctly stated any duty owed by BWDAC to petitioners. To the extent the allegations contained in paragraph 6 of Count VI set forth any duties imposed by law, they are denied. To the extent the allegations in paragraph 6 of Count VI are directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of Count II, and, therefore, denies the same.

7.    BWDAC denies any and all allegations contained in paragraph 7 of Count VI directed toward BWDAC. With respect to the remaining allegations directed toward other

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of petitioners' petition and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count VI of the petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

<div align="center">

COUNT VII
**WILLFUL / WANTON MISCONDUCT SPOLIATION OF EVIDENCE**

</div>

1.      BWDAC reinstates and incorporates its answers to petitioners' General Allegations and to paragraphs 2 through 5 of Count VI as its response to paragraph 1 of Count VII.

2.      BWDAC denies any and all allegations contained in paragraph 2 of Count VII directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of petitioners' petition and, therefore, denies the same.

3.      BWDAC denies any and all allegations contained in paragraph 3 of Count VII directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of petitioners' petition and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count VI of the petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

## AFFIRMATIVE DEFENSES TO ALL COUNTS

### 1. FAILURE TO STATE A CLAIM

The petition and all purported causes of action stated therein fail to state a claim or a cause of action against BWDAC upon which relief can be granted.

### 2. LACK OF PERSONAL JURISDICTION

This Court lacks general personal jurisdiction over BWDAC or over the incidents and persons joined in this matter. Subjecting BWDAC to general jurisdiction in this case would violate both long standing Missouri law and federal due process under the *Daimler* decision. Pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), general jurisdiction is constitutionally proper only where a "corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (emphasis added). Applying that test, the Supreme Court held that, except perhaps in an exceptional case, a corporation is "at home," and hence subject to general jurisdiction, in only two states—its state of incorporation and its principal place of business. *Id.* at 760.

This Court further lacks specific personal jurisdiction over BWDAC or over the incidents and persons joined in this matter. Petitioner's injuries did not occur in Missouri, nor did they arise from any acts that BWDAC took in Missouri, nor from extraterritorial acts that produced consequences in this state. Specific jurisdiction is therefore unavailable under both Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, and the Due Process Clause.

Further, the Supreme Court of Missouri recently issued an opinion bearing directly on the issue of whether a Missouri court has personal jurisdiction over a defendant. In *State ex rel. Norfolk Southern Railway Co. v. Dolan*, the Court held that where a personal injury action did not arise

out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. 512 S.W.3d 41, 44 (Mo. banc 2017). The Court also held that Missouri could not assert general jurisdiction over a defendant company unless it is incorporated in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id*. Finally, the Court held that Missouri's registration statute does not require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* at 52.

### 3. LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the incidents and persons joined in this matter.

### 4. IMPROPER VENUE

Venue is improper, so the petition should be dismissed.

### 5. FAILURE TO JOIN NECESSARY AND/ORINDISPENSABLE PARTIES

The petition fails to join necessary and/or indispensable parties. Thus, petitioners' claims are barred.

### 6. DE MINIMIS EXPOSURE

If petitioner was exposed to any products of BWDAC, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by petitioners.

### 7. STATUTE OF LIMITATIONS

Petitioners' claims are barred by the applicable statutes of limitations, including, but not

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

limited to, Mo. Rev. Stat. 516.120 and 537.080

## 8. LACHES, ESTOPPEL AND WAIVER

Petitioners unreasonably delayed in bringing this action against BWDAC in a way which prejudiced its rights. Therefore, petitioners' cause of action is barred by the doctrines of laches, estoppel, and/or waiver.

## 9. ASSUMPTION OF THE RISKS

Petitioner knew, understood, and appreciated the risks and hazards involved in the products and, therefore, petitioners' cause of action against BWDAC are barred by petitioner's assumption of the risks.

## 10. COMPARATIVE FAULT OF PETITIONER

If petitioner sustained any injury or damages, which BWDAC denies, such injuries or damages were directly and proximately caused or contributed to, in whole or in part, by petitioner's own culpable conduct, negligence, and/or fault. Therefore, said fault would bar or reduce recovery in proportion to the culpable conduct and negligence of petitioner.

## 11. IMPROPER USE

Petitioner neither used BWDAC's products as reasonably anticipated by BWDAC, nor for purposes intended by BWDAC. Therefore, if petitioner sustained any injury or damages, which BWDAC denies, such injuries or damages were directly and proximately caused by petitioner's misuse or improper use of BWDAC's products.

## 12. FAILURE TO USE ORDINARY CARE

Petitioner unreasonably failed to appreciate the dangers involved in the use of the products alleged in the petition or the consequences thereof. Thus, petitioner unreasonably exposed himself to the dangers that a reasonably careful user would reasonably appreciate under the same or similar

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

circumstances

### 13. SOLE CAUSE

The culpable conduct of petitioner, co-defendants, and/or third-parties, over which BWDAC had no control, was the sole cause of any alleged damages or injuries petitioner may have sustained.  Consequently, no act or omission of BWDAC was a proximate cause of any damages or injuries allegedly sustained by petitioner, thereby prohibiting the imposition of liability on BWDAC.

### 14. INTERVENING CAUSE

The culpable conduct and/or negligence of co-defendants and third-parties, not under the control of BWDAC, was a direct and proximate cause of the alleged injuries of petitioner.  Such conduct or negligence was an intervening or superseding cause, which prohibits the imposition of liability on BWDAC.

### 15. NO DUTY TO WARN

Petitioner, his employers, and any other persons or entities, other than BWDAC, were sophisticated purchasers and users of the products identified in the petition, who required no warning in order to be fully appraised of the potential dangers of the use of such products.

### 16. NO FORESEEABLE RISK OF HARM

BWDAC did not have a duty to warn petitioner, as its products did not represent a foreseeable risk of harm to petitioner.  The scope of any duty to warn on the part of BWDAC did not extend to petitioner as a non-user of any of the products.

### 17. FAILURE TO MITIGATE

Petitioner failed to mitigate damages, which bars or reduces recovery.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

## 18. CONSTITUTIONAL DEFENSES AGAINST PUNITIVE DAMAGES

The petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded because it violates the United States and/or Missouri Constitutions, including, but not limited to, the following particulars:

(a)     Petitioners' claim for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Missouri Constitution;

(b)     Petitioners' claim for punitive damages is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment;

(c)     Petitioners' claim for punitive damages violates BWDAC's right to equal protection under the law provided in the Fifth and Fourteenth Amendments of the United States Constitution and is otherwise unconstitutional under the United States Constitution and the Missouri Constitution;

(d)     Petitioners' claim for punitive damages violates BWDAC's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Missouri Constitution;

(e)     Petitioners' claim for punitive damages violates the Contract Clause of the United States Constitution; and

(f)     Petitioners' claim for punitive damages violates the Fourth and Sixth Amendments to the United States Constitution.

The claim for punitive damages violates the United States Constitution and Missouri

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

Constitution for, but not limited to, the following reasons:

(aa)    The jury is given unfettered discretion to award punitive damages on vague grounds with no objective standards;

(bb)    A presumption of innocence is not applied;

(cc)    Specific intent is not required;

(dd)    A unanimous jury verdict is not required;

(ee)    The purpose is the punishment of BWDAC and is tantamount to the imposition of a criminal fine based upon conduct, which is not defined with sufficient precision to give BWDAC advance notice of that conduct;

(ff)    Although indistinguishable from a criminal penalty, a lesser standard of proof and procedural safeguards is required than in criminal cases;

(gg)    Multiple awards of punitive damages can be made for the same acts or omissions;

(hh)    The imposition of punitive damages would constitute an excessive fine;

(ii)    Such punishment is retrospective in operation, constituting an uncertain remedy and impairing BWDAC's access to the courts;

(jj)    Joint and several judgments against multiple defendants for different alleged acts of wrongdoings may result; and

(kk)    The imposition of different penalties for the same or similar acts may be the result of an imposition of punitive damages, constituting an irrational, arbitrary and capricious punishment. Moreover, a discrimination on the basis of wealth would result.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

### 19. STATE OF THE ART

The state of the medical and scientific knowledge, the published literature and other materials reflecting said state of the art at all relevant times was such that BWDAC neither knew, nor could have known that their products presented a foreseeable risk of harm, if any, to the petitioner in the normal and expected use of these products, according to the law in full force and effect at the time of the transactions complained of.  Thus, said products were neither defective, nor unreasonably dangerous.  The methods, standards and techniques of selling, distributing or installing any asbestos containing products by BWDAC were performed in conformity with the generally recognized state of the art existing at the time such products were sold, distributed, or installed by BWDAC and placed in the stream of commerce.  BWDAC demands trial by jury.

### 20. UNAVOIDABLY UNSAFE PRODUCT

Petitioners are barred from any recovery due to the fact that there was no known adequate substitute for the asbestos containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

### 21. CHANGE IN PRODUCT

All or some products to which petitioner was exposed may have been in a substantially changed condition or may have been altered or mishandled since the time said products left the control of BWDAC.  Such abuse or misuse may constitute the sole proximate cause, or an intervening or superseding cause of petitioner's alleged injuries or damages.

### 22. UNRELATED CAUSES

Petitioner's alleged physical condition is due solely to an unrelated disease process or other causes unrelated to BWDAC's products.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

### 23. "INNOCENT SELLER" DEFENSE

BWDAC is considered an "innocent seller" under Missouri Revised Statute § 537.762. BWDAC is aware of no basis for alleged liability to petitioner, other than as a seller in the stream of commerce, and therefore should be dismissed.

### 24. SET-OFF/SATISFACTION

Pursuant to Missouri Revised Statute § 537.060, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by petitioners to any person allegedly liable for the same injuries claimed in this action shall reduce petitioners' claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  To date, petitioners have not disclosed any such agreements, and BWDAC does not otherwise currently possess knowledge or information regarding any such agreements between petitioners and any party or nonparty.  As such, the precise identity of any entities with whom petitioners may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to BWDAC at this time.  BWDAC is entitled to a reduction for the stipulated or paid amounts of all settlement agreements under Missouri Revised Statute § 537.060, as well as setoffs for any future compensation petitioners receive in the form of payments from any other parties or entities for the alleged damages.

### 25. NEGLIGENCE OF NON-PARTIES

Petitioners' losses, if any were caused or directly contributed to by the negligence of others over whom BWDAC exercised no control or had no legal duty to control. BWDAC is not liable for any losses caused by others.  Petitioners are, therefore, barred from any recovery from BWDAC, or alternatively, recovery should be apportioned under the doctrine of comparative fault and comparative indemnity.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

## 26. ADDITIONAL DEFENSES

BWDAC will assert any and all additional defenses which become available or appear in this action.  BWDAC specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

## 27. ADOPTION OF OTHER DEFENDANTS' DEFENSES

BWDAC adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to BWDAC.

## 28. ALLOCATION OF FAULT

BWDAC alleges that one or more of the parties to this action and/or other persons whose identities are not presently known were negligent or legally responsible or otherwise at fault for the damages alleged in the petition.  Therefore, BWDAC requests that in the event of any award against it, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties pursuant to Section §537.067 R.S.Mo.  BWDAC further requests a judgment or declaration of indemnification and contribution against all those parties or person in accordance with the apportionment of fault.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," prays that the petition be dismissed against it, for its costs incurred, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

/s/ Marcie J. Vantine
One of the attorneys for Defendant,
**BWDAC, Inc.**

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

Marcie J. Vantine #56860
Mandi K. Ferguson #60687
**SWANSON, MARTIN & BELL, LLP**
800 Market Street, Suite 2100
St. Louis, MO 63101
(314) 241-7100
mvantine@smbtrials.com
mferguson@smbtrials.com

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Petitioners, | ) ) | |
| vs. | ) ) | No. 2222-CC00226 |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

**BWDAC, INC.'S OBJECTION TO PERSONAL**
**JURISDICTION AND MOTION TO DISMISS PETITIONERS' PETITION**

COMES NOW, defendant, BWDAC, Inc., improperly named as "BWDAC Inc., f/k/a BWD Automotive Corporation," ("BWDAC") by and through its counsel, Swanson Martin & Bell, LLP, and, for its Motion to Dismiss pursuant to Missouri Revised Statutes §537.762, states as follows:

1.     David Butler and Kathy Butler, ("petitioners") sued BWDAC and dozens of other defendants, claiming that exposure to asbestos in their products caused David Butler ("Mr. Butler") to develop mesothelioma. *See generally* Petition.

2.     Petitioners allege Mr. Butler was exposed to asbestos while working as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including Missouri from 1978 to 2018. *Id.* at Jurisdiction, Venue, and General Allegations ¶ 2. Petitioners also allege Mr. Butler was exposed to asbestos from non-occupational home and automotive repairs, maintenance, and remodeling from 1978 to 1991. *Id.* at Jurisdiction, Venue, and General Allegations ¶ 9.

3.     Petitioners' petition fails to state a claim upon which relief can be granted and/or fails to set forth with sufficient specificity facts or alleged facts upon which the claim is based so

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

as to fully and completely apprise BWDAC of the nature and basis of the complaint and allegations made against it in violation of Missouri Supreme Court Rule 55.05.  Under Missouri law, the pleadings must identify the facts upon which the petitioners' claim rests. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993).

4.     The purpose of fact pleading is the quick, efficient, and fair resolution of disputes as fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995).

5.     In this case, petitioners have violated both the substance and spirit of that law in that the petition is wholly devoid of basic factual information.  Petitioners bring this cause of action against multiple defendants.  All of the defendants have been combined together in petitioners' allegations.  Petitioners do not identify the type of alleged asbestos product(s) to which Mr. Butler was allegedly exposed.  Petitioners do not identify any defendant as having manufactured or sold any specific asbestos-containing product to which Mr. Butler was allegedly exposed.  Petitioners do not identify with any particularity the period in which Mr. Butler was allegedly exposed.  Petitioners do not identify with any particularity any location at which Mr. Butler was allegedly exposed.  Further, petitioners do not allege the type of activity or job duty Mr. Butler was performing that allegedly exposed her to an asbestos-containing product.  Instead, petitioners merely set forth bare conclusions.  Mere conclusions of the pleader not supported by factual allegations are disregarded. *Commercial Bank of St. Louis Co. v. James*, 658 S.W.2d 17, 21-22 (Mo. banc 1983).

6.     In addition to failure to plead claims with the necessary particularity, petitioners have failed to plead facts establishing the specific elements of each of the claims against BWDAC.

7.     In Count I, petitioners allege negligence against defendants, including BWDAC.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

In order to plead a cause of action for negligence, a plaintiff must establish that defendants owed a duty to plaintiff to protect him from injury, that defendants failed to perform that duty, and that the failure caused the injuries. *Meekins v. St. John's Reg. Health Ctr.*, 149 S.W.3d 525, 532 (Mo.App.S.D. 2004). In this case, however, petitioners do not allege facts that demonstrate any defendant owed any legal duty of care to Mr. Butler and/or that any defendant breached such a duty. Without such facts, petitioners have failed to state a claim against defendants for negligence. As such, Count I should be dismissed.

8.      In Count II, petitioners allege willful and wanton misconduct against defendants, including BWDAC. Petitioners do not state a claim for willful and wanton misconduct against BWDAC, however, because petitioners fail to set forth any facts that demonstrate that BWDAC intentionally acted to harm Mr. Butler or that BWDAC showed complete indifference to or conscious disregard for Mr. Butler's safety. *See Warner v. Southwestern Bell Telephone Co.*, 428 S.W.2d 596 (Mo. 1968). As these facts are necessary for petitioners' willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

9.      In Count III, petitioners allege strict liability against all of the defendants, including BWDAC. In order to plead a cause of action for strict liability based on a defective design, a plaintiff must plead facts that establish: (1) the product was sold in the course of defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) plaintiff was damaged as a direct result of a defective condition which existed at the time the product was sold. *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 637-38 (Mo. Banc 1987). Because petitioners have not alleged any facts regarding the type of alleged asbestos-containing products to which Mr. Butler was exposed and how those products were being used, petitioners have failed to plead the elements of a strict liability claim for defective design.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

Count III should be dismissed.

10.    In Counts IV-V, plaintiffs allege loss of consortium against defendants, including BWDAC. Loss of consortium is meant to permit recovery for the economic loss of the injured spouse's household services as well as the intangible loss of companionship, comfort and sexual services. Plaintiffs have failed to plead facts to support such a claim, and these counts should, accordingly, be dismissed.

11.    In Counts VI-VII, petitioners allege negligent and willful and wanton spoliation of evidence against defendants, including BWDAC. Petitioners do not state a claim for spoliation of evidence because petitioners fail to allege facts from which one could reasonably infer that this defendant destroyed evidence in order to defeat a lawsuit. *Pikey v. Bryant*, 203 S.W.3d 817 (Mo.App. 2006). Petitioners fail to identify what evidence was allegedly destroyed and has failed to show that "the evidence was destroyed under circumstances manifesting fraud, deceit or bad faith. Simple negligence is insufficient to warrant the application of the spoliation doctrine." *Prins v. Director of Revenue*, 333 S.W.3d 17, 20 (Mo.App. 2010). Because petitioners failed to state a cause of action for spoliation of evidence, Counts VI-VII should be dismissed.

12.    Petitioners' petition fails to allege any basis for this Court to exercise jurisdiction over BWDAC. BWDAC lacks sufficient contacts with Missouri to establish personal jurisdiction, and there is no jurisdictional basis for this suit against BWDAC in Missouri pursuant to Missouri Supreme Court Rule 55.27(a)(2). The Supreme Court of the United States' recent decision in *Daimler AG v. Bauman* limited the forums that have general jurisdiction over a corporation to essentially two locations: the state of incorporation and the principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624, 761-762. (U.S. 2014). BWDAC was incorporated in the state of Delaware with its principle place of business in Ohio. Further, there is no specific jurisdiction as petitioners' claims do not arise from or relate to any contacts BWDAC

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

has with Missouri.  *See State ex rel. Norfolk Southern Railway Company v. The Honorable Colleen Dolan*, 2017 WL 770977 (Mo. Banc February 28, 2017). There is no general or specific jurisdiction as to this defendant, and to require defendant to defend this action in this Court would violate its rights to due process under the United States Constitution and the Constitution of the State of Missouri.

11.    Missouri courts may exercise personal jurisdiction over a nonresident defendant if the exercise of jurisdiction (1) is authorized by the Missouri long-arm statute and (2) does not violate the Due Process Clause of the United States Constitution. *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000).  Once the defendant raises a jurisdictional objection, it is the petitioners' burden to plead and prove jurisdiction. *See State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. Ct. App. 2008); *Anderson Trucking Serv., Inc. v. Ryan*, 746 S.W.3d 647, 648 (Mo. Ct. App. 1998); *Pohlman v. Bil-Jax, Inc.*, 954 S.W.2d 371, 372 (Mo. Ct. App. 1997). Because Missouri is a fact-pleading jurisdiction (MO. R. CIV. P. 55.05; *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997)), a plaintiff must allege ultimate facts to carry its burden, and cannot rely on mere conclusions. *See City of Fenton v. Exec. Int'l Inn, Inc.*, 740 S.W.2d 338, 339 (Mo. Ct. App. 1987).

12.    The Missouri long-arm statute permits the exercise of specific jurisdiction over a nonresident defendant if the defendant commits a statutorily-enumerated act in Missouri that serves as the basis for the petitioners' claims. *See* MO. Rev. Stat. §506.500. Specifically, the Missouri long-arm statute permits the exercise of jurisdiction over a nonresident defendant "as to any cause of action arising from" certain Missouri contacts, including:

(1)    The transaction of any business within this State;
(2)    The making of any contract within the state;
(3)    The commission of a tortious act within this state; and
(4)    The ownership, use, or possession of any real estate situated in this State[.]

§ 506.500.3. Here, petitioners' claims must arise from an enumerated act for jurisdiction to be

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

appropriate. *Id.*  Similarly, the Due Process Clause of the Fourteenth Amendment permits specific jurisdiction when a petitioners' claims arise out of the defendant's purposeful contacts with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

13.    Recently, the United States Supreme Court in *Bristol-Myers Squibb* noted "(i)n order for a state court to exercise specific jurisdiction, "the suit" must "aris[e] out of or relat[e] to the defendant's contacts with the forum."  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017), citing *Daimler*; see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  The Court continued "(i)n other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* citing *Goodyear*, 564 U.S., at 919.   In reversing the California Supreme Court and finding the Fourteenth Amendment Due Process Clause prevents California Courts from having jurisdiction over nonresident petitioners, the *Bristol-Myers Squibb* Court stated that principles regarding specific jurisdiction control this case. *Id.* at *7.  For specific jurisdiction, a defendant's general connections with the forum are not enough. *Id.* at *8.  As we have said, "[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'  "*Id.* citing *Goodyear* at 927 (quoting *International Shoe*, 326 U.S., at 318).

14.    Further, the Supreme Court of Missouri recently issued an opinion bearing directly on the issue of whether a Missouri court has personal jurisdiction over a defendant.  In *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

banc Feb. 28, 2017), the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. *Id.* at 1. Here, petitioners' claims against BWDAC do not arise out of any allegation Mr. Butler was exposed through any product associated with BWDAC in Missouri. *See* Petition. In fact, petitioners' petition is devoid of any allegations that BWDAC committed *any* act in Missouri, generally or in connection with petitioners' claims. *Id.* Accordingly, petitioners have not established even a *prima facie* case for specific personal jurisdiction over BWDAC.

15.    Missouri law permits the exercise of general jurisdiction over a foreign corporation only when the corporation is "present and conducting substantial business in Missouri." *See State ex rel. K-Mart Corp. v. Holliger*, 986 S.W.2d 165, 167 (Mo. banc 1999). Because petitioners do not allege any facts showing BWDAC conducted "substantial business" in Missouri, petitioners have failed to establish general jurisdiction under Missouri law. In any event, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). Here, the Due Process Clause prohibits the exercise of general jurisdiction over BWDAC. The Due Process clause only permits general jurisdiction over a foreign corporation when that corporation maintains "continuous corporate operations within [the] state [that are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealing entirely distinct from those activities." *Goodyear*, 131 S. Ct. at 2853 (quoting *Int'l Shoe*, 326 U.S. at 318). The "paradigm forum" for general jurisdiction over a corporation is "one in which the corporation is fairly regarded as at home." *Id.*

16.    In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court recently clarified the limited reach of general jurisdiction. In *Daimler*, the Court held that "continuous activity of some sorts within a state is not enough to support [general jurisdiction.]"

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

134 S. Ct. at 758 (quoting *Int'l Shoe*, 326 U.S. at 318).  Rather, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760 (citing *Goodyear*, 131 S. Ct. at 2853-54).  For corporations, that "limited set of affiliations" consist of two "paradigm bases" for general jurisdiction: (1) state of incorporation and (2) principal place of business. *Daimler*, 134 S. Ct. at 760. Exceptional cases aside, it is only in these forums that a corporation is truly "at home" such that the exercise of general jurisdiction is constitutional. *Id.*[1] In *Daimler*, for instance, the Court held that the defendant Daimler AG, a German car manufacturer with its principal place of business in Germany, was not subject to general jurisdiction in California, despite the fact that it distributed an appreciable quantity of cars into that state and had "multiple California-based facilities, including a regional office . . . a Vehicle Preparation Center . . . and a Classic Center." *Id.* at 752.[2]  Because Daimler was neither incorporated in California nor had its principal place of business there, the Court held that California lacked general jurisdiction over Daimler. *Id.* at 761.  According to the Court, Daimler's California contacts "hardly render it at home there" and California, therefore, could not serve as an "all-purpose forum" for claims against it. *Id.*

---

[1] Citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), the Court in *Daimler* acknowledges the possibility that "in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that state." *Daimler*, 134 S. Ct. at 761 n.19. But *Perkins* was indeed exceptional. In *Perkins*, a Philippine mining company temporarily transferred its corporate headquarters to Ohio during World War II. *See Perkins*, 342 U.S. at 447-48. Clarifying the Court's holding in *Perkins*, the *Daimler* Court observed: "We held that the Ohio courts could exercise general jurisdiction over Benguet without offending due process . . . because 'Ohio was the corporation's principal, if temporary, place of business.'" *Id.* at 756 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779-80 (1984)). Short of a *de facto* transfer of a company's principal place of business to the forum, *Daimler* limits the exercise of general jurisdiction to its two "paradigm bases": state of incorporation and principal place of business. *See* 134 S. Ct. at 761 n.19.

[2] Daimler was apparently the largest supplier of luxury vehicles to the California market, and California sales accounted for 2.4% of Daimler's worldwide sales. *Daimler*, 134 S. Ct. at 752. For purposes of its decision, the Court assumed that the contacts of Mercedes-Benz USA, LLC ("MBUSA"), an indirect subsidiary of Daimler and a Delaware limited liability company with its principal place of business in New Jersey, were attributable to Daimler. *Id.* at 760 ("Even if we were . . . to assume MBUSA's contacts are imputable to Daimler there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there.").

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

17.     In *BNSF Ry. Co. v. Tyrrell*, No. 16-405, 2017 WL 2322834 (U.S. May 30, 2017), the U.S. Supreme Court reversed the Montana Supreme Court which found personal jurisdiction in Montana for BNSF stating that "the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not "at home" in the State and the episode-in-suit occurred elsewhere". *BNSF Ry. Co. v. Tyrrell*, at *3 citing *Daimler*. Since neither plaintiff in *BNSF Ry. Co. v. Tyrrell* alleged injury in Montana, the Court only considered general personal jurisdiction in this case. The *BNSF* Court stated "(t)he Fourteenth Amendment due process constraint described in *Daimler*, however, applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued. *Id* at 10. The Court found BNSF was not incorporated in Montana and does not maintain its principal place of business there; nor is BNSF so heavily engaged in activity in Montana "as to render [it] essentially at home" in that State. *Id*. The Court concluded that "in-state business, we clarified in *Daimler* and *Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims like [petitioners] that are unrelated to any activity occurring in Montana". *Id*.

18.     The United States Supreme Court further reaffirmed *Daimler* in the recent case of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017). In *Bristol-Myers Squibb*, a group of petitioners—consisting of 86 California residents and 592 residents from 33 other States—filed eight separate complaints in California Superior Court, alleging that Plavix had damaged their health. *Id*. at *4. The Court noted there are two types of personal jurisdiction, "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. *Id*. at *6 citing *Goodyear*, 564 U.S., at 919. A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *Id*. But "only

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *Id*. citing *Daimler*.

19.    Further, in *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017), the Supreme Court of Missouri held that Missouri could not assert general jurisdiction over a defendant company unless it is incorporated in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id*. at 2.  Finally, the Court held Missouri's registration statute does not require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* at 18.  Here, Missouri is not an "all-purpose" forum for claims against this Defendant.  Like the defendant corporation in *Daimler*, BWDAC is not incorporated in Missouri and does not maintain its principal place of business in Missouri.  *See Daimler*, 134 S. Ct. at 761.  Rather, BWDAC was a Delaware corporation with its principal place of business in Ohio. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'").  Accordingly, BWDAC is not "at home" in Missouri such that Missouri courts may adjudicate claims against BWDAC lacking any connection with the forum, like petitioners' claims here.  This Court, therefore, does not have general personal jurisdiction over BWDAC.

20.    BWDAC reserves its right to present applicable motions regarding choice of law depending on the facts that may be discovered in this matter.

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

21.     Petitioners also seek punitive damages.  Punitive damages, however, are appropriate only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others.  *Jacobs v. Bonser*, 46 S.W.3d 41, 45 (Mo.App.E.D. 2001). Petitioners' allegations they are entitled to punitive damages are mere conclusions and lack factual support.  Petitioners fail to allege any specific action or inaction by this defendant that would warrant a claim for punitive damages.

22.     To the extent petitioners' petition prays for punitive damages, such a prayer should be stricken as the facts alleged in petitioners' petition do not rise to the level of conduct required for punitive damages.  Conscious disregard or complete indifference includes situations where the person doing the act or failing to act must be conscious from the knowledge of surrounding circumstances and existing conditions, that, although lacking specific intent to injure, the person's conduct or failure to act will naturally or probably result in injury.  *Peters v. General Motors*, 200 S.W.3d 1, 24 (Mo.App.W.D. 2006).  Evidence of a vague and generalized knowledge of danger is insufficient to state a claim for punitive damages.  *Lewis v. FAG Bearings Corp.*, 5 S.W.3d 579, 584 (Mo.App.S.D. 1999).  The evidence must show that, at the time of the act complained of, the defendant had knowledge of a high degree of probability of injury to a specific class of persons. *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 339 (Mo. banc 1996).  The few factual allegations that petitioners actually allege do not rise to the level of willful and wanton conduct; therefore, petitioners' claims for punitive damages should be dismissed as a matter of law.

23.     Some or all of petitioners' claims are barred by the applicable statutes of repose.

24.     Some or all of petitioners' claims are barred by the applicable statute of limitations.

25.     Some or all of petitioners' claims are barred by the laws of the appropriate forum pursuant to Missouri's Borrowing Statute.

26.     Some or all of petitioners' claims are barred by the exclusive remedy provision of

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

the Missouri Workers' Compensation Act and Occupational Diseases Act pursuant to Mo.Rev.
Statute §287.120, or under analogous statutes under any other applicable state's law.

27.      BWDAC incorporates and adopts herein the Motions and arguments made in
response to petitioners' petition by other co-defendants in this cause of action to the extent those
arguments do not contain allegations against BWDAC and do not contradict anything stated
herein.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC Inc., f/k/a
BWD Automotive Corporation hereby respectfully requests an Order of the Court dismissing
petitioners' petition with petitioners to pay costs of suit and for whatever further relief this Courts
deems proper and just.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

/s/ Marcie J. Vantine
One of the attorneys for Defendant,
**BWDAC, Inc.**

Marcie J. Vantine #56860
Mandi K. Ferguson #60687
**SWANSON, MARTIN & BELL, LLP**
800 Market Street, Suite 2100
St. Louis, MO 63101
(314) 241-7100
mvantine@smbtrials.com
mferguson@smbtrials.com

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Petitioners, | ) ) | |
| vs. | ) ) | No. 2222-CC00226 |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

PLEASE TAKE NOTICE that on March 22, 2022, there was filed with the Clerk of the Circuit Court of the City of St. Louis, Missouri, the *Entry of Appearance, Answer to Petitioners' Petition* and *Motion to Dismiss Petitioners' Petition* of BWDAC, Inc., improperly sued as "BWDAC Inc., f/k/a BWD Automotive Corporation," copies of which are attached and served upon all counsel of record.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

/s/ Marcie J. Vantine
One of the attorneys for Defendant,
**BWDAC, Inc.**

Marcie J. Vantine #56860
Mandi K. Ferguson #60687
**SWANSON, MARTIN & BELL, LLP**
800 Market Street, Suite 2100
St. Louis, MO 63101
(314) 241-7100
mvantine@smbtrials.com
mferguson@smbtrials.com

Electronically Filed - City of St. Louis - March 22, 2022 - 12:01 PM

## **PROOF OF SERVICE**

The undersigned, a non-attorney certifies that the aforementioned documents were electronically sent to CaseNet for service on the attorneys of record in this case on March 22, 2022.

/s/ David Crews

1011216-11803

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.:  2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE OUT OF TIME**
**DEFENDANT'S RESPONSE TO PETITIONERS' PETITION**

The Defendant, MCKESSON CORPORATION, by and through its attorneys, HEYL, ROYSTER,

VOELKER & ALLEN, P.C., **with consent of Petitioners**, moves for leave to file its Motion to Dismiss,

or in the Alternative, for More Definite Statement out of time.  Defendant's proposed Motion to

Dismiss, or in the Alternative, for More Definite Statement has been filed with the Court through

Missouri eFiling System.

MCKESSON CORPORATION, Defendant,

BY:_____/s/ Kent L. Plotner_____
Kent L. Plotner, #50451
Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

1011216-11803

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 23, 2022**.

_/s/ Janet A. Calvert_
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

KLP/krp

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-11803

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.:  2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PROPOSED ORDER**</u>

THE MOTION of Defendant, MCKESSON CORPORATION, for leave to file out of time is hereby granted.  Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement is attached to said motion and is hereby ordered and filed *instanter*.


DATE: _____            SO ORDERED: _____
                                                                JUDGE

1011216-12111

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.:  2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE OUT OF TIME**
**DEFENDANT'S RESPONSE TO PETITIONERS' PETITION**

The Defendant, RILEY POWER, INC., incorrectly named and served herein as RILEY STOKER CORPORATION, by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., **with consent of Petitioners** moves for leave to file its Motion to Dismiss, or in the Alternative, for More Definite Statement out of time.  Defendant's proposed Motion to Dismiss, or in the Alternative, for More Definite Statement has been filed with the Court through Missouri eFiling System.

RILEY POWER, INC., incorrectly named and served herein as RILEY STOKER CORPORATION, Defendant,

BY: _____/s/ Kent L. Plotner_____

Kent L. Plotner, #50451
Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

1011216-12111

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 23, 2022**.


_____/s/ Janet A. Calvert_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

KLP/krp

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-12111

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.:  2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PROPOSED ORDER</u>**

THE MOTION of Defendant, RILEY POWER, INC., incorrectly named and served herein as RILEY STOKER CORPORATION, for leave to file out of time is hereby granted.  Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement is attached to said motion and is hereby ordered and filed *instanter*.

DATE: _____          SO ORDERED: _____

                                                                JUDGE

No:  2222-CC00226
Page 1 of 1

1011216-11803

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.: 2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

NOW COMES the law firm, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and hereby enters its appearance on behalf of the Defendant, MCKESSON CORPORATION, in the above-captioned matter.

MCKESSON CORPORATION, Defendant

BY:_____ */s/ Kent L. Plotner*_____
          Kent L. Plotner, #50451
          Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-11803

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 23, 2022**.

_____/s/ Janet A. Calvert_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

KLP/krp

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-11803

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.:  2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MCKESSON CORPORATION'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

NOW COMES the Defendant, MCKESSON CORPORATION, by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and moves this Court pursuant to Missouri Rules of Civil Procedure 55.27(a)(6), 55.27(d), 67.03 to dismiss Petitioners' Petition because it is substantially insufficient in law and fails to state a claim against Defendant upon which relief can be granted. Alternatively, Defendant moves this Court to order Petitioners to make the Petition more definite and certain and to identify which product, if any, Defendant allegedly manufactured or which activities of Defendant, if any, allegedly caused Plaintiff, DAVID BUTLER, to be exposed to asbestos. In support of its motion, Defendant states as follows:

1.      Petitioners filed the instant Petition seeking damages against multiple defendants, including MCKESSON CORPORATION, for alleged asbestos-related injuries to Plaintiff, DAVID BUTLER, caused by exposure to asbestos or asbestos-related products while he was employed at various work sites.  *See* Petitioners' Petition.

**This Court Lacks Personal Jurisdiction over this Defendant**

2.      Petitioners' Petition fails to establish facts that this Court has personal jurisdiction over this Defendant.  Missouri is not this Defendant's state of incorporation, nor is Missouri its

1011216-11803

principal places of business.  Also, Petitioners' Petition fails to establish any facts that their claims arise out of any of the activities enumerated in Missouri's long-arm statute necessary for this court to have specific jurisdiction over this Defendant.  *See* V.A.M.S § 506.500.  Furthermore, Petitioners' Petition also fails to show that this Defendant's "affiliations with [Missouri] are so 'continuous and systematic' as to render [them] essentially at home in [Missouri]." *Daimler Ag v. Bauman,* 134 S. Ct. 746 (2014) (quoting *Goodyear Dunlap Tires Operations, S.A.. v. Brown*, 131 S. Ct. 2846, 2851(2011)).  Consequently, Petitioners' Petition should be dismissed for lack of personal jurisdiction pursuant to Missouri Rule of Civil Procedure 55.27(a)(2).

### Petitioners' Petition Fails to State a Cause of Action

3.      Petitioners' Petition fails to state a cause of action against this Defendant.

4.      "Missouri is a fact-pleading state."  *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997).  Accordingly, Missouri Supreme Court Rule 55.05 requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R.C.P. 55.05 (2005).  This requirement is not without purpose.  Rather, fact-pleading is necessary to present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits."  *Gibson*, 952 S.W.2d at 245.

5.      In order to state a cause of action against Defendant, Petitioners must plead that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W.2d 371,379 (Mo. 1993).

6.      Petitioners' entire Petition makes conclusory allegations against Defendant which are not supported by any factual allegations.

7.      Paragraph 2 of Petitioners' Petition simply alleges that David Butler was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-11803

various locations throughout the United States, including, but no limited to, locations in the State of Missouri.

8.      The Petition as written fails to state a cause of action against Defendant because it fails to identify where and when the alleged exposure to Defendant's products or activities occurred. Furthermore, the Petition as written fails to plead how Defendant's products or activities were a substantial factor in causing Plaintiff's alleged exposure to asbestos.

9.      Defendant cannot possibly prepare a responsive pleading without knowing, at minimum, the product(s) at issue, as well as the occupation, employer, time periods and job locations Plaintiff is alleged to have worked with, and/or been exposed to, Defendant's products or activities.

**Petitioners' Petition Fails to Allege the Necessary Elements to Seek Special Damages**

10.     The Petition also improperly seeks special damages because it does not comply with the pleading specificity requirements imposed by Rule 55.19.  *See* Mo. R. C. P. 55.19 (2005).

WHEREFORE, for the reasons stated above, Defendant, MCKESSON CORPORATION, respectfully moves this Honorable Court to dismiss the instant case against it, or in the alternative, to require Petitioners to make more definite and certain the allegations against this Defendant, and for such other and further relief as the court deems just and proper.

MCKESSON CORPORATION, Defendant,

BY:_____*/s/ Kent L. Plotner*_____
          Kent L. Plotner, #50451
          Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646      Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

No:  2222-CC00226
Page 3 of 4

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-11803

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 23, 2022**.

_____/s/ Janet A. Calvert_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

KLP/krp

1011216-12111

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.: 2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

NOW COMES the law firm, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and hereby enters its appearance on behalf of the Defendant, RILEY POWER, INC. incorrectly named and served herein as RILEY STOKER CORPORATION, in the above-captioned matter.

RILEY POWER, INC. incorrectly named and served herein as RILEY STOKER CORPORATION, Defendant

BY: _____/s/ Kent L. Plotner_____
Kent L. Plotner, #50451
Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-12111

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 23, 2022**.

_____/s/ Janet A. Calvert_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

KLP/krp

1011216-12111

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.: 2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RILEY POWER, INC.'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

NOW COMES the Defendant, RILEY POWER, INC. incorrectly named and served herein as RILEY STOKER CORPORATION, by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and moves this Court pursuant to Missouri Rules of Civil Procedure 55.27(a)(6), 55.27(d), 67.03 to dismiss Petitioners' Petition because it is substantially insufficient in law and fails to state a claim against Defendant upon which relief can be granted.  Alternatively, Defendant moves this Court to order Petitioners to make the Petition more definite and certain and to identify which product, if any, Defendant allegedly manufactured or which activities of Defendant, if any, allegedly caused Plaintiff, DAVID BUTLER, to be exposed to asbestos.  In support of its motion, Defendant states as follows:

1.      Petitioners filed the instant Petition seeking damages against multiple defendants, including RILEY POWER, INC. incorrectly named and served herein as RILEY STOKER CORPORATION, for alleged asbestos-related injuries to Plaintiff, DAVID BUTLER, caused by exposure to asbestos or asbestos-related products while he was employed at various work sites.  *See* Petitioners' Petition.

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-12111

## Petitioners' Petition Fails to State a Cause of Action

2.      Petitioners' Petition fails to state a cause of action against this Defendant.

3.      "Missouri is a fact-pleading state." *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997).

Accordingly, Missouri Supreme Court Rule 55.05 requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R.C.P. 55.05 (2005).  This requirement is not without purpose.  Rather, fact-pleading is necessary to present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits." *Gibson*, 952 S.W.2d at 245.

4.      In order to state a cause of action against Defendant, Petitioners must plead that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W.2d 371, 379 (Mo. 1993).

5.      Petitioners' entire Petition makes conclusory allegations against Defendant which are not supported by any factual allegations.

6.      Paragraph 2 of Petitioners' Petition simply alleges that David Butler was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but no limited to, locations in the State of Missouri.

7.      Petitioners' Petition is barred by the States of Missouri and Washington statutes of repose inasmuch as Mo. Rev. Stat. § 516.097 (West, Westlaw through 2012 Sess.) and Wash. Rev. Code Ann §4.16.310 (West, Westlaw through 2012 legislation) provides for a six (WA) and ten (MO) year statute of repose involving the design, planning, supervision, observation or management of construction or construction of an improvement to real property.

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

1011216-12111

8.    The Petition as written fails to state a cause of action against Defendant because it fails to identify where and when the alleged exposure to Defendant's products or activities occurred. Furthermore, the Petition as written fails to plead how Defendant's products or activities were a substantial factor in causing Plaintiff's alleged exposure to asbestos.

9.    Defendant cannot possibly prepare a responsive pleading without knowing, at minimum, the product(s) at issue, as well as the occupation, employer, time periods and job locations Plaintiff is alleged to have worked with, and/or been exposed to, Defendant's products or activities.

**Petitioners' Petition Fails to Allege the Necessary Elements to Seek Special Damages**

10.    The Petition also improperly seeks special damages because it does not comply with the pleading specificity requirements imposed by Rule 55.19.  *See* Mo. R. C. P. 55.19 (2005).

WHEREFORE, for the reasons stated above, Defendant, RILEY POWER, INC. incorrectly named and served herein as RILEY STOKER CORPORATION, respectfully moves this Honorable Court to dismiss the instant case against it, or in the alternative, to require Petitioners to make more definite and certain the allegations against this Defendant, and for such other and further relief as the court deems just and proper.

RILEY POWER, INC. incorrectly named and served
herein as RILEY STOKER CORPORATION, Defendant,

BY:_____*/s/ Kent L. Plotner*_____
Kent L. Plotner, #50451
Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

1011216-12111

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **<u>March 23, 2022</u>**.


_____/s/ Janet A. Calvert_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

KLP/krp

Electronically Filed - City of St. Louis - March 23, 2022 - 03:43 PM

No.: 12111-1011216                                           Cause No.: 2222-CC00226

Electronically Filed - City of St. Louis - March 23, 2022 - 04:20 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.:  2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

COME NOW the Defendant, RILEY POWER, INC., incorrectly named and served herein as RILEY STOKER CORPORATION, by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and hereby notifies the Court the following documents in the above-referenced cause of action:

- Riley Power, Inc.'s Disclosure of Fact and Expert Witnesses.

Copies of said documents have been sent via electronic mail to Petitioners' attorneys, SIMMONS HANLY CONROY, on this **23rd** day of **March, 2022**.  All counsel of record are being provided a copy of this Certificate of Service through the Missouri eFiling System. Pursuant to local rules, the originals have been retained in our file.

**Copies of the aforementioned documents are available upon request.**

RILEY POWER, INC., incorrectly named and served
herein as RILEY STOKER CORPORATION, Defendant

BY:    _/s/ Kent L. Plotner_____
Kent L. Plotner, #50451
Philip M. Eisele, #27811

No.: 12111-1011216

Cause No.: 2222-CC00226

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025 0467
Telephone  618.656.4646
Facsimile  309.420.0402
edwmail@heylroyster.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing Certificate of Service has been served upon all counsel of record through the Missouri eFiling system on **<u>March 23, 2022</u>**.

            */s/ Janet A. Calvert*            
            HEYL, ROYSTER, VOELKER & ALLEN, P.C.

Electronically Filed - City of St. Louis - March 23, 2022 - 04:20 PM

1011216-11803



**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

MAR 2 3 2022

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No.: 2222-CC00226 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED ORDER**

THE MOTION of Defendant, MCKESSON CORPORATION, for leave to file out of time is hereby granted.   Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement is attached to said motion and is hereby ordered and filed *instanter*.

DATE: _____

SO ORDERED: _____
                                JUDGE

**E N T E R E D**

MAR 2 3 2022

C C

No:  2222-CC00226
Page 1 of 1

1011216-12111



MAR 23 2022

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT
## STATE OF MISSOURI

DAVID BUTLER and KATHY BUTLER, his wife,    )
                                            )
            Petitioners,                    )       Cause No.:  2222-CC00226
                                            )
v.                                          )       Division 1
                                            )
A.W. CHESTERTON COMPANY, et al.,            )
                                            )
            Defendants.                     )

### PROPOSED ORDER

THE MOTION of Defendant, RILEY POWER, INC., incorrectly named and served herein as

RILEY STOKER CORPORATION, for leave to file out of time is hereby granted.  Defendant's

Motion to Dismiss, or in the Alternative, for More Definite Statement is attached to said motion

and is hereby ordered and filed *instanter*.

DATE: _____        SO ORDERED: _____
                                                    JUDGE

ENTERED

MAR 23 2022

· C C

No:  2222-CC00226
Page 1 of 1

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Petitioners, | ) ) | Cause No. 2222-CC00226 |
| vs. | ) ) | Division No. 1 |
| A.W. CHESTERTON COMPANY, et al., | ) ) | (Asbestos) |
| Defendants. | ) | |

**SPECIAL AND LIMITED ENTRY OF APPEARANCE**

COME NOW attorneys Anita M. Kidd, Bryan D. Nicholson, and Gregory A. Iken of Armstrong Teasdale LLP, and enter their Special and Limited Appearance on behalf of Defendant General Electric Company, for the purposes of challenging personal jurisdiction, both specific and general.

ARMSTRONG TEASDALE LLP

By: */s/ Anita M. Kidd*
    Anita M. Kidd, #46690
    Bryan D. Nicholson, #53083
    Gregory A. Iken, #51106
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    (314) 621-5070
    (314) 621-5065 (facsimile)
    akidd@atllp.com
    bnicholson@atllp.com
    giken@atllp.com

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of March, 2022, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Anita M. Kidd*

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | Cause No. 2222-CC00226 |
| KATHY BUTLER, his wife, | ) | |
| | ) | Division No. 1 |
| Petitioners, | ) | |
| | ) | (Asbestos) |
| vs. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PLAINTIFFS' PETITION FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Defendant General Electric Company ("Defendant"), by and through its attorneys of record, Armstrong Teasdale LLP, and moves this Court to dismiss Plaintiffs' Petition ("Petition") because it fails to establish this Court's jurisdiction, either personal or general, over Defendant. Defendant files this Motion addressed specifically to the lack of personal jurisdiction of this Court, based on the recent Missouri Supreme Court ruling in *State ex rel. LG Chem, LTD. v. McLaughlin,* No. SC97991*, 2020 WL 2845764 (MO. June 2, 2020); Missouri ex rel. Norfolk Southern Ry Co. v. Dolan*, 512 S.W.3d 41 (Mo. 2017) and two recent decisions of the United States Supreme Court, *Bristol-Myers Squibb v. Superior Court of California*, 137 S. Ct. 1773 (2017) and *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549 (2017). *Daimler AG v. Bauman*, 571 U.S. 117 (2014). Defendant incorporates all previously raised grounds for dismissal as part of this Motion.

A.     **Personal Jurisdiction Standards**

The Missouri Supreme Court stated in *LG Chem. Ltd.*, "Personal jurisdiction is the authority of a court over the parties in a particular case" 2020 WL 2845764 at *2 (citations

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

omitted); see also, *Norfolk Southern*, 512 S.W.3d at 46; *Viasystems, Inc. v. EMB-Papst St. Georgen GmbH & Co, KG¸* 646 F.3d 589, 592 (8th Cir. 2011) ("Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff."). *Norfolk Southern* also held that personal jurisdiction under *Daimler* is a "due process requirement that limits the power of state courts over litigants." 512 S.W.3d at 46. Further, "The basis of a court's personal jurisdiction over a corporation can be general–that is, all-purpose jurisdiction–or it can be specific–that is, conduct-linked jurisdiction." 512 S.W.3d at 46, citing *Daimler*, 134 S. Ct. at 751.[1]

The Missouri Supreme Court in *LG Chem, Ltd*, 2020 WL 2845864 at *2 warned that, "A state court may violate due process by exercising personal jurisdiction over a defendant who has no connection or relation to the forum state." (*Citing J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("[Defendants] who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter.")). Personal jurisdiction in Missouri over a non-resident defendant requires a two-part showing.[2] The first requirement is that the forum state's long-arm statute must be satisfied, see *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). The second required showing is that the reviewing Court must determine if the defendant has sufficient contacts with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850 (2011); *Walden v. Fiore*, 571 U.S. 227, 284 n.6 (2014). "A

---

[1] The Missouri long-arm statute is codified at section 506.500, RSMo 2016.

[2] "A reviewing court evaluates personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." *Bryant*, 310 S.W.3d at 231.

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

reviewing court evaluates personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." *State ex rel. LG Chem*, 2020 WL 2845764 at *2 (*quoting Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010)). There are two forms of personal jurisdiction: specific and general. Neither exists in this case.

1. **General Personal Jurisdiction Does Not Exist Over Defendant Because It Is Not "Essentially At Home" In Missouri**

Plaintiffs allege that Plaintiff David Butler "was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri." Pet. ¶ 2. However, there is no evidence or claim that Plaintiff was exposed to any of Defendant's products in Missouri.

To the extent that Plaintiffs seek to invoke this Court's general personal jurisdiction under the old "doing business" method that is no longer the law, *Norfolk Southern*, 512 S.W.3d at 48, citing *Daimler*, 571 U.S. at 124-33. In *Daimler* the United States Supreme Court stated that "a court may assert [general] jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Id*. at 757 (citations omitted). As noted, the claim that a defendant may have placed "a product into the stream of commerce 'may bolster an affiliation germane to specific jurisdiction' ...[ but] such contacts 'do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant.'" 134 S. Ct. at 757. The Court specified "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id*.

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

at 760.  Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" 134 S. Ct. at 760 (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L.Rev. 721, 735 (1988)).  The Court determined that defendant Daimler AG's "slim contacts" with the state of California were not sufficient to "render" it "at home" in the state of California. The Court noted that Daimler AG was not incorporated in California, and only conducted business in California through its wholly-owned subsidiary. 134 S. Ct. at 752, 760.  As the Court in *Norfolk Southern* stated, "The Supreme Court observed that finding a corporation at home wherever it does business would destroy the distinction between general and specific jurisdiction" 512 S.W.3d at 48. Further, "'[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States.'" *Id.*  The Court stated, "For this reason, when 'a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" *Norfolk Southern,* 512 S.W.3d at 48, *citing Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016)

This Court must follow the well-reasoned decision of the Missouri Supreme Court in *LG Chem., Ltd.* and *Norfolk Southern* and determine that it is without general personal jurisdiction over Defendant in this matter. Defendant is not subject to suit in Missouri in this case. Defendant is neither incorporated in, nor is its principal place of business in Missouri. Defendant is incorporated in the State of New York and its principal place of business is in the State of Massachusetts. There are no allegations that would warrant a finding that Defendant is "at home" in this state, and Missouri courts cannot assert general jurisdiction over Defendant.  Plaintiffs'

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

allegations provide no specific claims of any exposure to Defendant's products in Missouri in this matter.

> **2.    Specific Personal Jurisdiction Does Not Exist Over Defendant Because No Long-Arm Provision Authorizes The Exercise Of Specific Jurisdiction And, In Any Event, The Exercise Of Specific Jurisdiction Over Defendant Would Violate Due Process.**

>> A.    The Missouri Long-Arm Statute and the Missouri Supreme Court Decision in *State ex rel. LG Chem. LTD* and *Norfolk Southern* Do Not Provide A Basis For Specific Personal Jurisdiction Over Defendant.

In Missouri "specific jurisdiction requires consideration of the "relationship among the defendant, the forum, and the litigation." *Norfolk Southern*, 512 S.W.3d at 46, citing *Andra v. Left Gate Prop. Holding, Inc.*, 453 S.W.3d 216, 226 (Mo. Banc 2105)(citations omitted); *LG Chem., Ltd.*, 2020 WL 2845764 at *2. Further, specific jurisdiction "only exist[s] over claims that are related to those contacts." *Norfolk Southern,* 512 S.W.3d at 48. The United States Supreme Court directed in *Walden v. Fiore* that to meet "minimum contacts" standards for specific jurisdiction, plaintiff must establish that the relationship with the forum state is based on contacts with the state which the defendant creates itself, 134 S. Ct. at 1222, and that the plaintiff "cannot be the only link between the defendant and the forum." *Id.* Once a defendant challenges jurisdiction, plaintiff has the burden of establishing a prima facie case that the defendant is subject to the Court's jurisdiction. See *Capitol Indem. Corp. v. Citizen's Nat'l Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 899 (Mo. Ct. App. 2000); *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir. 1982). "It is well-established a plaintiff may not use the actions of a third party to satisfy the due process requirement of the specific personal jurisdiction analysis." *State ex rel. LG Chem. LTD*, 2020 WL 2845764 at *3 (*citing State ex rel. PPG Indus., Inc. v. McShane*, 560 S.W. 888, 893 n.5 (Mo. banc 2018)).

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

      B.      <u>The Exercise Of Specific Personal Jurisdiction Over Defendant Would Violate The Due Process Clause Of The U.S. Constitution.</u>

It is clear that for an assertion of specific jurisdiction over a non-resident defendant, Plaintiffs must show a "relationship among the defendant, the forum, and the litigation." *Bristol-Myers*, 137 S. Ct. at 1780; *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984), and Plaintiffs cannot do so in this case. However, there is no evidence or claim that Plaintiff was exposed to any of Defendant's products in Missouri in this matter.

Here, jurisdiction is plainly lacking both because Plaintiffs' claims do not "directly relate to or arise out of" Defendant's purposeful contacts with Missouri and because the exercise of jurisdiction in this state over Defendant would be unreasonable in light of controlling Due Process considerations. *Bristol-Myers*, 137 S. Ct. at 1779-80, The United States Supreme Court has directed in that there must be "a connection between the forum and the specific claims at issue." *Bristol-Myers*, 137 S. Ct. at 1781. Clearly that critical, necessary element is missing in this matter. Applying the holding in *Bristol-Myers,* "In [this] case, the connection between the nonresidents' claims and the forum is even weaker. The [Plaintiff was] not [a] [Missouri] resident[ and did] not claim to have suffered harm in that state. In addition, as in *Walden*, all the conduct giving rise to the plaintiff's claims occurred elsewhere." *Bristol-Myers,* 137 S. Ct. at 1782.

Embedded in the concept of specific jurisdiction is the principle that the plaintiff's claims must arise out of or relate to the defendant's purposeful forum contacts (*i.e.*, the "relatedness" requirement). "Adjudicatory authority of this order, in which the suit 'arise[s] out of or relate[s] to the defendant's contacts with the forum' is today called 'specific jurisdiction.'" *Daimler*, 134 S. Ct. at 754. There is absolutely no connection between any activity of Defendant, Plaintiff, and the State of Missouri. There are no allegations of activities by Defendant that are specific to this

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

claim which may have occurred in the State of Missouri. As the United States Supreme Court stated in *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014), "the defendant's suit-related conduct must create a substantial connection with the forum State"(emphasis added). Plaintiffs have failed to show that any suit-related conduct occurred in Missouri, and therefore, this Court should find that it does not have specific personal jurisdiction over Defendant. Plaintiffs have not alleged any facts that would establish the quality of any contacts of Defendant to Missouri, nor the relationship of the cause of action to those contacts.

Defendant's contacts are not sufficient to establish general jurisdiction, and "only if the instant suit arises out of [Defendant's] contacts with Missouri does Missouri have specific jurisdiction." *Norfolk Southern*, 512 S.W.3d at 49. Therefore, applying *Daimler*, *Walden*, *LG Chem* and, *Norfolk Southern* to this matter, this Court simply does not have specific jurisdiction over Defendant in Missouri and Defendant is entitled to dismissal as a matter of law.

### 3.    Defendant Has Not and, Under Missouri Law, Did Not Consent to the Personal Jurisdiction of this Court

To the extent that Plaintiffs assert or claim that Defendant may have "consented" to personal jurisdiction in Missouri, the Missouri Supreme Court's holdings in *LG Chem* and *Norfolk Southern* has invalidated such a claim as a basis for this Court's jurisdiction over Defendant. The court definitively determined that the Missouri registration statutes do not include a waiver of consent in order to do business within the State. 512 S.W.3d at 51-53. This Court must find that Defendant has not waived its right to contest this Court's personal jurisdiction.

WHEREFORE, for the reasons stated herein, Defendant moves this Honorable Court to dismiss the instant case against it for lack of personal jurisdiction and for such other and further relief as is warranted.

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

ARMSTRONG TEASDALE LLP

By: */s/ Anita M. Kidd*
    Anita M. Kidd      #46690
    Gregory A. Iken     #51106
    Bryan D. Nicholson    #53083
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    (314) 621-5070
    (314) 6215-065 (facsimile)
    akidd@atllp.com
    giken@atllp.com
    bnicholson@atllp.com

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of March, 2022, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Anita M. Kidd*

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | Cause No. 2222-CC00226 |
| Petitioners, | ) ) | Division No. 1 |
| vs. | ) ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) ) | |

**MOTION TO DISMISS PLAINTIFFS' PETITION**

COMES NOW Defendant General Electric Company ("Defendant"), by and through its attorneys of record Armstrong Teasdale LLP, and moves this Court to dismiss Plaintiffs' Petition ("Petition") because it fails to establish this Court's jurisdiction, either personal or general, over Defendant. In the alternative, Defendant moves this Court to dismiss Plaintiffs' Petition for failure to state a claim or to order Plaintiffs to make the Petition more definite and certain, and to identify which product, if any, Defendant allegedly manufactured from which asbestos fibers were allegedly emitted causing asbestos exposure. In support of the instant Motion, Defendant states as follows:

1.      Plaintiffs' Petition fails to establish this Court's personal jurisdiction, either general or specific, over Defendant, under the holding of *Daimler AG v. Bauman*¸134 S. Ct. 746 (2014). As the Missouri Supreme Court recently ruled in *Missouri ex rel. Norfolk Southern Ry Co. v. Dolan*, No. SC95514, 2017 WL 770977 (Mo. Feb. 28, 2017), absent a finding that the Defendant is essentially "at home," in Missouri, this Court does not have general personal jurisdiction over Defendant. *Id*. at *3-4. There are no allegations in this matter that any action

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

of Defendant in Missouri caused Plaintiff's alleged injuries, therefore, this Court does not have specific personal jurisdiction over Defendant. *Id*. at *5-7. In addition, Defendant did not consent to this Court's jurisdiction. *Id*. at *7-8. The Supreme Court in *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011) discussed the distinctions between specific and general jurisdiction.  The Court stated, "A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Id.* at 2850 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). As the Court noted in *Daimler*, "the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction' . . .[ but] such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'"  134 S. Ct. at 757.   The Court specified, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760.  Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id*.  (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

The Supreme Court directed in *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), that to meet "minimum contacts" standards for specific jurisdiction, Plaintiff must establish that the relationship with the forum state is based on contacts with the state which the defendant creates itself, 134 S. Ct. at 1222, and that the Plaintiff, or Plaintiff's decedent, "cannot be the only link between the defendant and the forum." *Id.*

Here, Defendant is neither "at home" in Missouri, nor have Plaintiffs established any connection whatsoever between Missouri, the underlying claims, and Defendant.  Therefore, this

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

Court lacks both specific and general personal jurisdiction over Defendant, and this Court should, dismiss Plaintiffs' Petition against Defendant for lack of personal jurisdiction, either special or general.

2.     In the alternative, if the Court determines that it has personal jurisdiction over this Defendant, the Court should, nonetheless, dismiss Plaintiffs' Petition as insufficient under Missouri law.  Plaintiffs filed the instant Petition seeking damages against multiple defendants, including General Electric Company, for alleged asbestos-related injuries to Plaintiff caused by exposure to asbestos fibers emanating from products manufactured, sold, distributed or installed by numerous defendants.

3.     The Petition, as written, fails to state a cause of action against Defendant because it fails to identify any asbestos-containing product manufactured, sold, distributed or installed by Defendant which caused the alleged exposure.

4.     Missouri law provides for fact pleading not notice pleading.  Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the Plaintiffs are entitled to relief.  In order to recover against Defendant, the Plaintiffs must plead and prove that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  See _ITT Commercial Financial Corp. v. Mid-America Marine Supply Co._, 854 S.W. 2d 371, 379 (Mo. banc 1993); _Hagan v. Celotex_, 816 S.W. 2d 667, 670 (Mo banc 1991).

5.     If recovery is allowed pursuant to Plaintiffs' Petition, Defendant's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

6.     As written, the Petition simply makes conclusory allegations against Defendant which are not supported by any factual allegations.  The Plaintiffs have failed to set forth the specific job sites where Plaintiff was allegedly exposed to Defendant's products, the specific products to which he was exposed, where in the chain of production Defendant is located, and the dates of exposure to these products.

7.     Further, Plaintiffs' Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, for the reasons stated herein, Defendant moves this Honorable Court to dismiss the instant case against it for lack of personal jurisdiction, or, in the alternative, to dismiss the Petition because for failure to raise a claim against Defendant under Missouri law, or, to require Plaintiffs to make more definite and certain the allegations against Defendant, and for such other and further relief as is warranted.

ARMSTRONG TEASDALE LLP

By:   /s/ Anita M. Kidd
      Anita M. Kidd        #46690
      Greg A. Iken         #51106
      Bryan D. Nicholson   #53083
      7700 Forsyth Blvd., Suite 1800
      St. Louis, Missouri 63105-1847
      (314) 621-5070
      (314) 621-5065 (facsimile)
      akidd@atllp.com
      giken@atllp.com
      bnicholson@atllp.com

      ATTORNEYS FOR DEFENDANT
      GENERAL ELECTRIC COMPANY

Electronically Filed - City of St. Louis - March 24, 2022 - 02:57 PM

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 24th day of March, 2022, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*<u>/s/ Anita M. Kidd</u>*

1011216-12111

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT
## STATE OF MISSOURI

DAVID BUTLER and KATHY BUTLER, his wife, )
)
      Petitioners, )    Cause No.: 2222-CC00226
)
v. )    Division 1
)
A.W. CHESTERTON COMPANY, et al., )
)
      Defendants. )

**FILED**
MAR 2 5 2022
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## PROPOSED ORDER

THE MOTION of Defendant, RILEY POWER, INC., incorrectly named and served herein as

RILEY STOKER CORPORATION, for leave to file out of time is hereby granted.  Defendant's

Motion to Dismiss, or in the Alternative, for More Definite Statement is attached to said motion

and is hereby ordered and filed *instanter*.

DATE: 3/25/22        SO ORDERED: _____

                                        JUDGE

**ENTERED**
MAR 2 5 2022
**MS**

No: 2222-CC00226
Page 1 of 1

1011216-11803

# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT
### STATE OF MISSOURI

DAVID BUTLER and KATHY BUTLER, his wife,    )
                                                )

      Petitioners,                  )      Cause No.: 2222-CC00226

                                                )

v.                                            )      Division 1

                                                 )

A.W. CHESTERTON COMPANY, et al.,      )

                                                 )

      Defendants.               )

## PROPOSED ORDER

THE MOTION of Defendant, MCKESSON CORPORATION, for leave to file out of time is hereby granted. Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement is attached to said motion and is hereby ordered and filed *instanter*.

DATE: _3/25/22_          SO ORDERED: _____

                                                  JUDGE

**ENTERED**

MAR 2 5 2022

**MS**

Electronically Filed - City of St. Louis - March 29, 2022 - 12:18 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

DAVID BUTLER and KATHY BUTLER,    )
his wife,    )
    )    No. 2222-CC00226
    Plaintiffs,    )
    )    **PERSONAL INJURY**
    )    **PRODUCTS LIABILITY**
v.    )
    )    **JURY TRIAL**
A.W. CHESTERTON COMPANY, et al.,    )    **DEMANDED**
    )
    Defendants.    )

**DEFENDANT BRAND INSULATIONS, INC.'S MOTION TO DISMISS**
**PLAINTIFFS' PETITION OR, IN THE ALTERNATIVE, MOTION FOR A**
**MORE DEFINITE STATEMENT**

COMES NOW Defendant Brand Insulations, Inc. (hereinafter "Brand") and, pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' Petition or, in the alternative, for a more definite statement of Plaintiffs' claims.  In support of its Motion, Brand states as follows:

1.    Plaintiffs have filed this action against various Defendants, including Brand, seeking damages for Plaintiff David Butler's alleged asbestos-related injuries. Specifically against Brand, Plaintiffs' claims are based upon theories of negligence, willful and wanton misconduct, strict liability, negligent spoliation of evidence, and willful and wanton spoliation of evidence.  Plaintiff Kathy Butler also seeks damages for loss of consortium.

2.    Plaintiffs' Petition should be dismissed on numerous grounds as described in more detail below.  By way of this motion, Brand does not waive any arguments, defenses or rights including but not limited to arguments based upon lack of personal

Electronically Filed - City of St. Louis - March 29, 2022 - 12:18 PM

jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

3.      Plaintiffs' Petition fails to establish any basis for specific or general personal jurisdiction over Brand in Missouri.  Specifically, Plaintiffs do not allege that Brand is organized under the laws of the State of Missouri or that its principal place of business is in the State of Missouri; Plaintiffs do not allege that Brand has any connections with the State of Missouri, such that Brand could be considered "at home" in the State of Missouri; Plaintiffs do not allege that injuries arise from any actions taken or omitted by Brand in the State of Missouri; and Brand has not consented to jurisdiction in Missouri.  See State ex rel. Norfolk Southern Railway Co. v. Dolan, No. SC95514, slip op. (Mo. Feb. 28, 2017).

4.      Further, it is well settled Missouri is a fact-pleading state.  State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo. banc 1997); Luethans v. Washington Univ., 894 S.W.2d 169, 171 (Mo. banc 1995); ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1995).  The purpose of fact pleading is the quick, efficient and fair resolution of disputes.  Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial.  Luethans, 894 S.W.2d at 171.

5.      In this case, Plaintiffs have violated both the substance and spirit of that law because the Petition is wholly devoid of basic factual information.  Plaintiffs bring their actions against numerous Defendants.  All of the Defendants have been combined together in Plaintiffs' allegations.  Plaintiffs do not identify the type of alleged asbestos

Electronically Filed - City of St. Louis - March 29, 2022 - 12:18 PM

product(s) to which Plaintiff David Butler allegedly was exposed.  Plaintiffs do not identify any Defendant as having manufactured or sold any specific asbestos-containing product to which Plaintiff David Butler allegedly was exposed.  Plaintiffs do not identify with any particularity the time period in which Plaintiff David Butler allegedly was exposed.  Plaintiffs do not allege the type of activity or job duty Plaintiff David Butler was performing that allegedly exposed him to an asbestos-containing product.  Instead, Plaintiffs merely set forth bare conclusions.

6.      As Plaintiffs' allegations currently stand, it is impossible for any of the Defendants to know which, if any, of their products allegedly caused Plaintiff David Butler's injuries, when he allegedly was injured, or how he allegedly was injured.  Such information is crucial to Defendants' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant.  As set forth above, Plaintiffs have a duty under Missouri law to plead these facts.  As they have failed to do so, Plaintiffs' Petition should be dismissed.

7.      In addition to their failure to plead their claims with the necessary particularity, Plaintiffs have failed to plead facts establishing the specific elements of each of their claims against Brand.

8.      In Count I, Plaintiffs allege negligence against Defendants, including Brand, as manufacturers.  In order to plead a cause of action for negligence, Plaintiffs must establish Defendants owed a duty to Plaintiff David Butler to protect him from injury, that Defendants failed to perform that duty, and that the failure caused Plaintiff David Butler's injuries.  <u>Meekins v. St. John's Reg. Health Ctr.</u>, 149 S.W.3d 525, 532 (Mo.App.S.D. 2004).  In this case, Plaintiffs do not allege facts that demonstrate any

Electronically Filed - City of St. Louis - March 29, 2022 - 12:18 PM

Defendant owed any legal duty of care to Plaintiff David Butler and/or that any Defendant breached any such duty. Without such facts, Plaintiffs have failed to state a claim against Defendants for negligence.

9.      Instead, Plaintiffs suggest an improper legal standard under which Brand's alleged negligence should be reviewed. Plaintiffs claim that, as manufacturers, Defendants have a duty to exercise reasonable care and caution for the safety of Plaintiff David Butler and others working around any asbestos-containing products, regardless of the manufacturer. This is incorrect. In a negligence action against a manufacturer, a duty is imposed on that manufacturer only with respect to foreseeable dangerous consequences of its specific products. Judy v. Arkansas Log Homes, Inc., 923 S.W.2d 409, 422 (Mo.App.W.D. 1996). Plaintiffs do not allege any facts that demonstrate foreseeable dangerous consequences of a Brand product. In fact, as pointed out above, Plaintiffs do not allege Plaintiff David Butler worked with or around any Brand products whatsoever. Count I should be dismissed.

10.      In Count II, Plaintiffs allege willful and wanton misconduct against Defendants, including Brand, as manufacturers. Plaintiffs do not state a claim for willful and wanton misconduct against Brand, because they fail to set forth any facts that demonstrate Brand intentionally acted to harm Plaintiff David Butler, or that Brand showed complete indifference to or conscious disregard for Plaintiff David Butler's safety. See Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596 (Mo. 1968). As these facts are necessary for Plaintiffs' willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

Electronically Filed - City of St. Louis - March 29, 2022 - 12:18 PM

11.     In Count III, Plaintiffs allege strict liability against numerous Defendants, including Brand, as manufacturers.  In order to plead a cause of action for strict liability based on a defective design, Plaintiffs must plead facts that establish: (1) the product was sold in the course of Defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) Decedent was damaged as a direct result of a defective condition which existed at the time the product was sold.  Fahy v. Dresser Indus., Inc., 740 S.W.2d 635, 637-38 (Mo.banc 1987).  Because Plaintiffs have not alleged any facts regarding the type of alleged asbestos-containing products to which Decedent was exposed and how those products were being used, Plaintiffs have failed to plead the elements of a strict liability claim for defective design.

12.     Likewise, Plaintiffs do not state a cause of action against Defendants for strict liability based upon an alleged failure to warn.  In order to plead such a claim, Plaintiffs must set forth facts that establish:  (1) Defendants sold the product in question in the course of their business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated, without knowledge of its characteristics; (3) Defendants did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) Decedent was damaged as a direct result of the product being sold without an adequate warning.  Tune v. Synergy Gas Corp., 883 S.W.2d 10, 13 (Mo.banc 1994).  In addition to the failures in Plaintiffs' pleading mentioned above, Plaintiffs have also failed to allege with sufficient specificity any

Electronically Filed - City of St. Louis - March 29, 2022 - 12:18 PM

defects in any Defendants' warnings.  Thus, Plaintiffs have not set forth a cause of action for strict liability based on a failure to warn.  Count III should be dismissed.

13.    In Counts IV and V, Plaintiff Kathy Butler seeks damages from Defendants for loss of consortium.  A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse.  Lear v. Norfolk and Western Railway Co., 815 S.W.2d 12, 14-15 (Mo.App. 1991). Said Counts fail to state a cause of action against Brand in that they are predicated on Counts I, II, III, VI and VII, which as set forth above, fail to state a cause of action against Brand.  Counts IV and V should be dismissed.

14.    In Counts VI and VII, Plaintiffs allege negligent spoliation of evidence and willful and wanton spoliation of evidence, respectively.  Missouri does not recognize spoliation, either intentional or negligent, as the basis for tort liability.  Baugher v. Gates Rubber Co., Inc., 863 S.W.2d 905, 907 (Mo.App.1993) (citing Brown v. Hamid, 856 S.W.2d 51, 56-57 (Mo. banc 1993); see also Pikey v. Bryant, 203 S.W.3d 817, 822 (Mo.App. 2006).

15.    In several Counts, Plaintiffs also seek punitive damages.  Punitive damages, however, are appropriate only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others.  Jacobs v. Bonser, 46 S.W.3d 41, 45 (Mo.App.E.D. 2001).  Plaintiffs' allegations that they are entitled to punitive damages are mere conclusions and lack factual support.  Plaintiffs fail to allege any specific action or inaction by any Defendant that would warrant a claim for punitive damages.  As the facts alleged in Plaintiffs' Petition do not rise to the level of

Electronically Filed - City of St. Louis - March 29, 2022 - 12:18 PM

conduct required for punitive damages, Plaintiffs' prayer for punitive damages should be stricken.

16.     Plaintiffs' Petition fails to set forth any specific facts that would establish the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed.  508.010.4, RSMo. (Cum. Supp. 2010).

17.     Plaintiffs' claims are barred by the applicable statutes of limitations.

18.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

19.     Brand incorporates and adopts herein the Motions and arguments made in response to Plaintiffs' Petition by other co-Defendants in this cause of action, to the extent those arguments do not contain allegations against Brand and do not contradict anything stated herein.

20.     In the alternative, Plaintiffs should be required to amend their Petition as it is so vague and ambiguous that Brand is unable to prepare a responsive pleading, affirmative defense, and/or cross-claim.

WHEREFORE, Defendant Brand Insulations, Inc. prays this Court enter its Order dismissing Plaintiffs' Petition against it and for such other and further relief as is proper under the circumstances.  Alternatively, Defendant Brand Insulations, Inc. respectfully requests this Court enter an Order requiring Plaintiffs to amend their Petition to include such specificity as to allow Defendant Brand Insulations, Inc. to file a responsive pleading.

**DEFENDANT BRAND INSULATIONS, INC. DEMANDS TRIAL BY JURY**

Electronically Filed - City of St. Louis - March 29, 2022 - 12:18 PM

Respectfully submitted,

PELIKAN & ORRIS, LLC


By:     /s/ Matthew Pelikan
        Thomas L. Orris          #37416
        Matthew E. Pelikan       #57820
        Ross S. Titzer           #59581
        10 South Broadway, Suite 1100
        St. Louis, MO 63102
        314-735-2560
        314-300-9487 (Facsimile)
        tom.orris@pelikanorris.com
        matthew.pelikan@pelikanorris.com
        ross.titzer@pelikanorris.com
        citymail@pelikanorris.com

        *Attorneys for Defendant Brand Insulations, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.


                                    /s/ Matthew Pelikan

Electronically Filed - City of St. Louis - March 29, 2022 - 03:40 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER , | ) | |
| his wife, | ) | |
| | ) | No. 2222-CC00226 |
| Plaintiffs, | ) | |
| | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| v. | ) | |
| | ) | **JURY TRIAL** |
| A.W. CHESTERTON COMPANY, et al., | ) | **DEMANDED** |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 29th day of March, 2022, Defendant Brand Insulations, Inc., sent, via electronic mail, its Disclosure of Fact and Expert Witnesses to, to pdix@simmonsfirm.com, Simmons, Hanly, Conroy, Attorneys for Plaintiffs.  A copy of these pleadings is available to all defense counsel upon request.

**DEFENDANT BRAND INSULATIONS, INC. DEMANDS A TRIAL BY JURY**

Respectfully submitted,

PELIKAN & ORRIS, LLC

By:    /s/ Matthew E. Pelikan
       Matthew E. Pelikan      #57820
       Ross S. Titzer          #59581
       10 South Broadway, Suite 1100
       St. Louis, MO 63102
       314-735-2560
       314-300-9487 (Facsimile)
       matthew.pelikan@pelikanorris.com
       ross.titzer@pelikanorris.com
       citymail@pelikanorris.com
       *Attorneys for Defendant Brand Insulations, Inc*

Electronically Filed - City of St. Louis - April 08, 2022 - 11:58 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | Asbestos Division |
| | ) | |
| A.W. CHESTERTON COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Alex C. Riley of McAfee & Taft, P.C., and hereby enters his appearance as additional counsel for Ford Motor Company in the above entitled cause.

Respectfully submitted,

*/s/ Alex C. Riley*
Alex C. Riley, MO Bar No. 69295
MCAFEE & TAFT, PC
4050 S. Fairview Ave.
Springfield, MO 65807
(417) 409-6093 (Fax: (417) 409-6048
alex.riley@mcafeetaft.com
Attorneys for Ford Motor Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically served upon all counsel of record this 8th day of April, 2022.

*/s/ Alex C. Riley*

Electronically Filed - City of St. Louis - April 08, 2022 - 01:59 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY**

DAVID BUTLER AND KATHY BUTLER,    )
His wife,                         )
                                  )
            Plaintiffs,           )
                                  )    Cause No. 2222-CC00226
        v.                        )
                                  )
A.W. CHESTERTON COMPANY, et al.,  )
                                  )
            Defendants.           )

**AGREED MOTION FOR SUBSTITUTION OF COUNSEL**

The law firm of **Polsinelli, PC** hereby withdraws its appearance on behalf of **Navistar, Inc.** in the above captioned-matters. The law firm of **Swanson, Martin & Bell, LLP**, hereby enters its appearance on behalf of **Navistar, Inc.** in the above-captioned matters.

**POLSINELLI, PC**                    **SWANSON, MARTIN & BELL, LLP**

By: /s/ Nicole C. Behnen              By: /s/ Leo. C. Chmielewski
BRANDY R. HARTY #49986                LEO C. CHMIELEWSKI, #60007
NICOLE C. BEHNEN, #41620              103 West Vandalia Street, Ste. 215
105 West Vandalia Street, Ste. 400    Edwardsville, IL 62025
Edwardsville, IL 62025                Telephone: (618) 655-3131
Telephone: (618) 692-2600             Facsimile: (618) 655-3113
nbehnen@polsinelli.com                lchmielewski@smbtrials.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was sent via electronic transmission to Case.net for service upon all counsel of record on 8th day of April, 2022.

By: /s/ Leo. C. Chmielewski



**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY**

FILED
APR 12 2022
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

| | |
|---|---|
| DAVID BUTLER AND KATHY BUTLER, His wife, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 2222-CC00226 ) |
| A.W. CHESTERTON COMPANY, et al., | ) ) ) |
| Defendants. | ) |

## AGREED MOTION FOR SUBSTITUTION OF COUNSEL

The law firm of **Polsinelli, PC** hereby withdraws its appearance on behalf of **Navistar, Inc.** in the above captioned-matters. The law firm of **Swanson, Martin & Bell, LLP**, hereby enters its appearance on behalf of **Navistar, Inc.** in the above-captioned matters.

**POLSINELLI, PC**

By: /s/ Nicole C. Behnen
BRANDY R. HARTY #49986
NICOLE C. BEHNEN, #41620
105 West Vandalia Street, Ste. 400
Edwardsville, IL 62025
Telephone: (618) 692-2600
nbehnen@polsinelli.com

**SWANSON, MARTIN & BELL, LLP**

By: /s/ Leo. C. Chmielewski
LEO C. CHMIELEWSKI, #60007
103 West Vandalia Street, Ste. 215
Edwardsville, IL 62025
Telephone: (618) 655-3131
Facsimile: (618) 655-3113
lchmielewski@smbtrials.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was sent via electronic transmission to Case.net for service upon all counsel of record on 8th day of April, 2022.

By: /s/ Leo. C. Chmielewski

**ENTERED**

APR 12 2022

**M S**

Electronically Filed - City of St. Louis - April 12, 2022 - 11:01 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | Cause No. 2222-CC00226 |
| KATHY BUTLER, his wife, | ) | |
| | ) | Division No. 1 |
| Petitioners, | ) | |
| | ) | (Asbestos) |
| vs. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PLAINTIFFS' PETITION

COMES NOW Defendant Crane Co. ("Defendant"), by and through its attorneys of record Armstrong Teasdale LLP, and moves this Court to dismiss Plaintiffs' Petition ("Petition") because it fails to establish this Court's jurisdiction, either personal or general, over Defendant. In the alternative, Defendant moves this Court to dismiss Plaintiffs' Petition for failure to state a claim or to order Plaintiffs to make the Petition more definite and certain, and to identify which product, if any, Defendant allegedly manufactured from which asbestos fibers were allegedly emitted causing asbestos exposure.  In support of the instant Motion, Defendant states as follows:

1.      Plaintiffs' Petition fails to establish this Court's personal jurisdiction, either general or specific, over Defendant, under the holding of *Daimler AG v. Bauman*¸134 S. Ct. 746 (2014).  As the Missouri Supreme Court recently ruled in *Missouri ex rel. Norfolk Southern Ry Co. v. Dolan*, No. SC95514, 2017 WL 770977 (Mo. Feb. 28, 2017), absent a finding that the Defendant is essentially "at home," in Missouri, this Court does not have general personal jurisdiction over Defendant.  *Id*. at *3-4.  There are no allegations in this matter that any action of Defendant in Missouri caused Plaintiff's alleged injuries, therefore, this Court does not have

Electronically Filed - City of St. Louis - April 12, 2022 - 11:01 AM

specific personal jurisdiction over Defendant. *Id*. at \*5-7. In addition, Defendant did not consent to this Court's jurisdiction. *Id*. at \*7-8. The Supreme Court in *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011) discussed the distinctions between specific and general jurisdiction.  The Court stated, "A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Id.* at 2850 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). As the Court noted in *Daimler*, "the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction' . . .[ but] such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'"  134 S. Ct. at 757.  The Court specified, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760.  Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.*  (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

The Supreme Court directed in *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), that to meet "minimum contacts" standards for specific jurisdiction, Plaintiff must establish that the relationship with the forum state is based on contacts with the state which the defendant creates itself, 134 S. Ct. at 1222, and that the Plaintiff, or Plaintiff's decedent, "cannot be the only link between the defendant and the forum." *Id.*

Here, Defendant is neither "at home" in Missouri, nor have Plaintiffs established any connection whatsoever between Missouri, the underlying claims, and Defendant.  Therefore, this Court lacks both specific and general personal jurisdiction over Defendant, and this Court

Electronically Filed - City of St. Louis - April 12, 2022 - 11:01 AM

should, dismiss Plaintiffs' Petition against Defendant for lack of personal jurisdiction, either special or general.

2.    In the alternative, if the Court determines that it has personal jurisdiction over this Defendant, the Court should, nonetheless, dismiss Plaintiffs' Petition as insufficient under Missouri law.  Plaintiffs filed the instant Petition seeking damages against multiple defendants, including Crane Co., for alleged asbestos-related injuries to Plaintiff caused by exposure to asbestos fibers emanating from products manufactured, sold, distributed or installed by numerous defendants.

3.    The Petition, as written, fails to state a cause of action against Defendant because it fails to identify any asbestos-containing product manufactured, sold, distributed or installed by Defendant which caused the alleged exposure.

4.    Missouri law provides for fact pleading not notice pleading.  Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the Plaintiffs are entitled to relief.  In order to recover against Defendant, the Plaintiffs must plead and prove that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  See *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W. 2d 371, 379 (Mo. banc 1993); *Hagan v. Celotex*, 816 S.W. 2d 667, 670 (Mo banc 1991).

5.    If recovery is allowed pursuant to Plaintiffs' Petition, Defendant's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

6.    As written, the Petition simply makes conclusory allegations against Defendant which are not supported by any factual allegations.  The Plaintiffs have failed to set forth the

Electronically Filed - City of St. Louis - April 12, 2022 - 11:01 AM

specific job sites where Plaintiff was allegedly exposed to Defendant's products, the specific products to which he was exposed, where in the chain of production Defendant is located, and the dates of exposure to these products.

7.      Further, Plaintiffs' Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, for the reasons stated herein, Defendant moves this Honorable Court to dismiss the instant case against it for lack of personal jurisdiction, or, in the alternative, to dismiss the Petition because for failure to raise a claim against Defendant under Missouri law, or, to require Plaintiffs to make more definite and certain the allegations against Defendant, and for such other and further relief as is warranted.

ARMSTRONG TEASDALE LLP

By:   */s/ Gregory A. Iken*
      Anita M. Kidd        #46690
      Greg A. Iken         #51106
      Bryan D. Nicholson   #53083
      7700 Forsyth Blvd., Suite 1800
      St. Louis, Missouri 63105-1847
      (314) 621-5070
      (314) 621-5065 (facsimile)
      akidd@atllp.com
      giken@atllp.com
      bnicholson@atllp.com

ATTORNEYS FOR DEFENDANT
CRANE CO.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of April, 2022, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Gregory A. Iken*

Electronically Filed - City of St. Louis - April 12, 2022 - 11:01 AM

Electronically Filed - City of St. Louis - April 12, 2022 - 11:01 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | Cause No. 2222-CC00226 |
| KATHY BUTLER, his wife, | ) | |
| | ) | Division No. 1 |
| Petitioners, | ) | |
| | ) | (Asbestos) |
| vs. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SPECIAL AND LIMITED ENTRY OF APPEARANCE**

COME NOW attorneys Anita M. Kidd, Bryan D. Nicholson, and Gregory A. Iken of Armstrong Teasdale LLP, and enter their Special and Limited Appearance on behalf of Defendant Crane Co., for the purposes of challenging personal jurisdiction, both specific and general.

ARMSTRONG TEASDALE LLP
By: */s/ Gregory A. Iken*
Anita M. Kidd, #46690
Bryan D. Nicholson, #53083
Gregory A. Iken, #51106
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847
(314) 621-5070
(314) 621-5065 (facsimile)
akidd@atllp.com
bnicholson@atllp.com
giken@atllp.com

ATTORNEYS FOR DEFENDANT
CRANE CO.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 12th day of April, 2022, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Gregory A. Iken*

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No.  2022- CC00226 |
| vs. | ) ) | Division No. 1 |
| A.W. CHESTERTON COMPANY, et al., | ) ) ) | (Asbestos) |
| Defendants. | ) | |

**SPECIAL AND LIMITED ENTRY OF APPEARANCE**

COME NOW attorneys Anita M. Kidd, Gregory A. Iken, and Bryan Nicholson of

Armstrong Teasdale LLP, and enter their special and limited appearance on behalf of Defendant

HERCULES LLC, for the purposes of challenging personal jurisdiction, both specific and

general.

ARMSTRONG TEASDALE LLP

By: */s/ Gregory A. Iken*
Anita M. Kidd, # 46690
Gregory A. Iken, # 51106
Bryan Nicholson, #53083
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847
(314) 621-5070
(314) 621-5065 (facsimile)
akidd@atllp.com
giken@atllp.com
bnicholson@atllp.com

ATTORNEYS FOR DEFENDANT
HERCULES LLC

**CERTIFICATE OF SERVICE**

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

The undersigned hereby certifies that on the 25th day of April, 2022, the foregoing document was served and filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/Gregory A. Iken*

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2222-CC00226 |
| vs. | ) ) | Division No. 1 |
| A.W. CHESTERTON COMPANY, et al. | ) ) | (Asbestos) |
| Defendants. | ) ) ) ) | |

## MOTION TO DISMISS PLAINTIFFS' PETITION FOR LACK OF PERSONAL JURISDICTION

COMES NOW Defendant HERCULES LLC, ("Defendant"), by and through its attorneys of record, Armstrong Teasdale LLP, and moves this Court to dismiss Plaintiffs' Petition ("Petition") because it fails to establish this Court's jurisdiction, either personal or general, over Defendant. Defendant files this Motion addressed specifically to the lack of personal jurisdiction of this Court, based on the recent Missouri Supreme Court ruling in *State ex rel. LG Chem, LTD. v. McLaughlin,* No. SC97991, 2020 WL 2845764 (MO. June 2, 2020); *Missouri ex rel. Norfolk Southern Ry Co. v. Dolan*, 512 S.W.3d 41 (Mo. 2017) and two recent decisions of the United States Supreme Court, *Bristol-Myers Squibb v. Superior Court of California*, 137 S. Ct. 1773 (2017) and *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549 (2017). *Daimler AG v. Bauman*, 571 U.S. 117 (2014). Defendant incorporates all previously raised grounds for dismissal as part of this Motion.

### A.    Personal Jurisdiction Standards

The Missouri Supreme Court stated in *LG Chem. Ltd.*, "Personal jurisdiction is the authority of a court over the parties in a particular case" 2020 WL 2845764 at *2 (citations

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

omitted); see also, *Norfolk Southern*, 512 S.W.3d at 46; *Viasystems, Inc. v. EMB-Papst St. Georgen GmbH & Co, KG*¸ 646 F.3d 589, 592 (8th Cir. 2011) ("Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff.").  *Norfolk Southern* also held that personal jurisdiction under *Daimler* is a "due process requirement that limits the power of state courts over litigants." 512 S.W.3d at 46.  Further, "The basis of a court's personal jurisdiction over a corporation can be general–that is, all-purpose jurisdiction–or it can be specific–that is, conduct-linked jurisdiction." 512 S.W.3d at 46, citing *Daimler*, 134 S. Ct. at 751.[1]

The Missouri Supreme Court in *LG Chem, Ltd*, 2020 WL 2845864 at *2 warned that, "A state court may violate due process by exercising personal jurisdiction over a defendant who has no connection or relation to the forum state." (*Citing J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("[Defendants] who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter.")). Personal jurisdiction in Missouri over a non-resident defendant requires a two-part showing.[2]  The first requirement is that the forum state's long-arm statute must be satisfied, see *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).  The second required showing is that the reviewing Court must determine if the defendant has sufficient contacts with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850 (2011); *Walden v. Fiore*, 571 U.S. 227, 284 n.6 (2014). "A

---

[1] The Missouri long-arm statute is codified at section 506.500, RSMo 2016.

[2] "A reviewing court evaluates personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." *Bryant*, 310 S.W.3d at 231.

reviewing court evaluates personal jurisdiction by considering the allegations contained in the

pleadings to determine whether, if taken as true, they establish facts adequate to invoke

Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient

to satisfy due process." *State ex rel. LG Chem*, 2020 WL 2845764 at *2 (*quoting Bryant v. Smith

Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010)).  There are two forms of

personal jurisdiction: specific and general. Neither exists in this case.

1.      **General Personal Jurisdiction Does Not Exist Over Defendant Because It Is Not "Essentially At Home" In Missouri**

Defendant is being sued in this case based upon Plaintiffs' allegations that Plaintiff

Steven Salzl "was first exposed to asbestos secondarily from his father, who worked as a laborer

at American Hoist in St. Paul, MN and carried home asbestos on his clothes and person which

became entrained in the family home, resulting in repeated, on-going exposures from

approximately 1955 to 1973.  In addition, Mr. Salzl was exposed to asbestos while working at

American Hoist, in St. Paul, MN as a maintenance mechanic and machinist from 1975 to 1979.

Finally, Mr. Salzl was exposed to asbestos while performing his own and helping others

perform their own home remodeling and automotive repair work thoughout the 1970s." Petition,

Gen. Allegations, ¶ 1d.

To the extent that Plaintiffs seek to invoke this Court's general personal jurisdiction

under the old "doing business" method that is no longer the law, *Norfolk Southern*, 512 S.W.3d

at 48, citing *Daimler*, 571 U.S. at 124-33.  In *Daimler* the United States Supreme Court stated

that "a court may assert [general] jurisdiction over a foreign corporation 'to hear any and all

claims against [it]' only when the corporation's affiliations with the State in which suit is

brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'"

*Id*. at 757 (citations omitted). As noted, the claim that a defendant may have placed "a product

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

into the stream of commerce 'may bolster an affiliation germane to specific jurisdiction' ...[ but] such contacts 'do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant.'" 134 S. Ct. at 757.  The Court specified "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760.  Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" 134 S. Ct. at 760 (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L.Rev. 721, 735 (1988)).  The Court determined that defendant Daimler AG's "slim contacts" with the state of California were not sufficient to "render" it "at home" in the state of California. The Court noted that Daimler AG was not incorporated in California, and only conducted business in California through its wholly-owned subsidiary. 134 S. Ct. at 752, 760.  As the Court in *Norfolk Southern* stated, "The Supreme Court observed that finding a corporation at home wherever it does business would destroy the distinction between general and specific jurisdiction" 512 S.W.3d at 48. Further, "'[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States.'" *Id.*  The Court stated, "For this reason, when 'a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" *Norfolk Southern,* 512 S.W.3d at 48, *citing Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016)

This Court must follow the well-reasoned decision of the Missouri Supreme Court in *LG Chem., Ltd.* and *Norfolk Southern* and determine that it is without general personal jurisdiction over Defendant in this matter. Defendant is not subject to suit in Missouri in this case.

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

Defendant is a Delaware corporation with its principal place of business in Delaware. There are no allegations that would warrant a finding that Defendant is "at home" in this state, and Missouri courts cannot assert general jurisdiction over Defendant.

> **2.    Specific Personal Jurisdiction Does Not Exist Over Defendant Because No Long-Arm Provision Authorizes The Exercise Of Specific Jurisdiction And, In Any Event, The Exercise Of Specific Jurisdiction Over Defendant Would Violate Due Process.**

> A.    The Missouri Long-Arm Statute and the Missouri Supreme Court Decision in *State ex rel. LG Chem. LTD* and *Norfolk Southern* Do Not Provide A Basis For Specific Personal Jurisdiction Over Defendant.

In Missouri "specific jurisdiction requires consideration of the "relationship among the defendant, the forum, and the litigation." *Norfolk Southern*, 512 S.W.3d at 46, citing *Andra v. Left Gate Prop. Holding, Inc*., 453 S.W.3d 216, 226 (Mo. Banc 2105)(citations omitted); *LG Chem., Ltd.*, 2020 WL 2845764 at *2. Further, specific jurisdiction "only exist[s] over claims that are related to those contacts." *Norfolk Southern,* 512 S.W.3d at 48. The United States Supreme Court directed in *Walden v. Fiore* that to meet "minimum contacts" standards for specific jurisdiction, plaintiff must establish that the relationship with the forum state is based on contacts with the state which the defendant creates itself, 134 S. Ct. at 1222, and that the plaintiff "cannot be the only link between the defendant and the forum." *Id*. Once a defendant challenges jurisdiction, plaintiff has the burden of establishing a prima facie case that the defendant is subject to the Court's jurisdiction. See *Capitol Indem. Corp. v. Citizen's Nat'l Bank of Fort Scott, N.A*., 8 S.W.3d 893, 899 (Mo. Ct. App. 2000); *Mountaire Feeds, Inc. v. Agro Impex, S.A*., 677 F.2d 651, 653 (8th Cir. 1982). "It is well-established a plaintiff may not use the actions of a third party to satisfy the due process requirement of the specific personal jurisdiction analysis." *State ex rel. LG Chem. LTD*, 2020 WL 2845764 at *3 (*citing State ex rel. PPG Indus., Inc. v. McShane*, 560 S.W. 888, 893 n.5 (Mo. banc 2018)).

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

B.    <u>The Exercise Of Specific Personal Jurisdiction Over Defendant Would Violate The Due Process Clause Of The U.S. Constitution.</u>

It is clear that for an assertion of specific jurisdiction over a non-resident defendant, Plaintiffs must show a "relationship among the defendant, the forum, and the litigation." *Bristol-Myers*, 137 S. Ct. at 1780; *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984), and Plaintiffs cannot do so in this case.  However, there is no evidence or claim that Plaintiff was exposed to any of Defendant's products in Missouri.

Here, jurisdiction is plainly lacking both because Plaintiffs' claims do not "directly relate to or arise out of" Defendant's purposeful contacts with Missouri and because the exercise of jurisdiction in this state over Defendant would be unreasonable in light of controlling Due Process considerations. *Bristol-Myers*, 137 S. Ct. at 1779-80, The United States Supreme Court has directed in that there must be "a connection between the forum and the specific claims at issue."  *Bristol-Myers*, 137 S. Ct. at 1781.  Clearly that critical, necessary element is missing in this matter.  Applying the holding in *Bristol-Myers,* "In [this] case, the connection between the nonresidents' claims and the forum is even weaker.  The [(Plaintiff) was] not [a] [Missouri] resident[ and did] not claim to have suffered harm in that state.  In addition, as in *Walden*, all the conduct giving rise to the plaintiff's claims occurred elsewhere." *Bristol-Myers,* 137 S. Ct. at 1782.

Embedded in the concept of specific jurisdiction is the principle that the plaintiff's claims must arise out of or relate to the defendant's purposeful forum contacts (*i.e.*, the "relatedness" requirement).  "Adjudicatory authority of this order, in which the suit 'arise[s] out of or relate[s] to the defendant's contacts with the forum' is today called 'specific jurisdiction.'" *Daimler*, 134 S. Ct. at 754.  There is absolutely no connection between any activity of Defendant, Plaintiff, and the State of Missouri.  There are no allegations of activities by Defendant that are specific to this

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

claim which may have occurred in the State of Missouri. As the United States Supreme Court stated in *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014), "the defendant's suit-related conduct must create a substantial connection with the forum State"(emphasis added). Plaintiffs have failed to show that any suit-related conduct occurred in Missouri, and therefore, this Court should find that it does not have specific personal jurisdiction over Defendant. Plaintiffs have not alleged any facts that would establish the quality of any contacts of Defendant to Missouri, nor the relationship of the cause of action to those contacts.

Defendant's contacts are not sufficient to establish general jurisdiction, and "only if the instant suit arises out of [Defendant's] contacts with Missouri does Missouri have specific jurisdiction." *Norfolk Southern*, 512 S.W.3d at 49. Therefore, applying *Daimler*, *Walden*, *LG Chem* and, *Norfolk Southern* to this matter, this Court simply does not have specific jurisdiction over Defendant in Missouri and Defendant is entitled to dismissal as a matter of law.

### 3. Defendant Has Not and, Under Missouri Law, Did Not Consent to the Personal Jurisdiction of this Court

To the extent that Plaintiffs assert or claim that Defendant may have "consented" to personal jurisdiction in Missouri, the Missouri Supreme Court's holdings in *LG Chem* and *Norfolk Southern* has invalidated such a claim as a basis for this Court's jurisdiction over Defendant. The court definitively determined that the Missouri registration statutes do not include a waiver of consent in order to do business within the State. 512 S.W.3d at 51-53. This Court must find that Defendant has not waived its right to contest this Court's personal jurisdiction.

WHEREFORE, for the reasons stated herein, Defendant moves this Honorable Court to dismiss the instant case against it for lack of personal jurisdiction and for such other and further relief as is warranted.

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

ARMSTRONG TEASDALE LLP

By: */s/ Gregory A. Iken*_____
    Anita M. Kidd      #46690
    Gregory A. Iken     #51106
    Bryan D. Nicholson   #53083
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    (314) 621-5070
    (314) 621-5065 (facsimile)
    akidd@atllp.com
    giken@atllp.com
    bnicholson@atllp.com

    ATTORNEYS FOR DEFENDANT
    HERCULES LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of April, 2022, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

    */s/ Gregory A. Iken*_____

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2222-CC00226 |
| vs. | ) ) | Division No. 1 |
| A.W. CHESTERTON COMPANY, et al., | ) ) | (Asbestos) |
| Defendants. | ) ) ) | |

**MOTION TO DISMISS PLAINTIFFS' PETITION**

COMES NOW Defendant Hercules LLC, ("Defendant"), by and through its attorneys of record, Armstrong Teasdale LLP, and moves this Court to dismiss Plaintiffs' Petition ("Petition") because it fails to establish this Court's jurisdiction, either personal or general over Defendant.  In the alternative, Defendant moves this Court to Dismiss Plaintiffs' Petition for failure to state a claim or to order Plaintiffs to make the Petition more definite and certain and to identify which product, if any, Defendant allegedly manufactured, sold, distributed or installed from which asbestos fibers were allegedly emitted causing Plaintiff's asbestos exposure. Defendant files this Motion subject to and without waiving any defenses or challenges which it may have based on lack of personal jurisdiction, venue or service of process.  In support of the instant Motion, Defendant states as follows:

1.       Plaintiffs' Petition fails to establish this Court's personal jurisdiction, either general or specific, over Defendant, under the holding of *Daimler AG v. Bauman*¸134 S. Ct. 746 (2014). As the Missouri Supreme Court recently ruled in *Missouri ex rel. Norfolk Southern Ry Co. v. Dolan*, No. SC95514, 2017 WL 770977 (Mo. Feb. 28, 2017), absent a finding that the

Defendant is essentially "at home," in Missouri, this Court does not have general personal jurisdiction over Defendant. *Id*. at *3-4. There are no allegations in this matter that any action of Defendant in Missouri caused Plaintiff's alleged injuries, therefore, this Court does not have specific personal jurisdiction over Defendant. *Id*. at *5-7. In addition, Defendant did not consent to this Court's jurisdiction. *Id*. at *7-8. The Supreme Court in *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011) discussed the distinctions between specific and general jurisdiction. The Court stated, "A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Id.* at 2850 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). As the Court noted in *Daimler*, "the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction' . . .[ but] such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'" 134 S. Ct. at 757. The Court specified, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id*. (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

The Supreme Court directed in *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), that to meet "minimum contacts" standards for specific jurisdiction, Plaintiff must establish that the relationship with the forum state is based on contacts with the state which the defendant creates itself, 134 S. Ct. at 1222, and that the Plaintiff, or Plaintiff's decedent, "cannot be the only link between the defendant and the forum." *Id.* Here, Defendant is neither "at home" in Missouri,

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

nor have Plaintiffs established any connection whatsoever between Missouri, the underlying claims, and Defendant.  Therefore, this Court lacks both specific and general personal jurisdiction over Defendant, and this Court should dismiss Plaintiffs' Petition against Defendant for lack of personal jurisdiction, either special or general.

2.      In the alternative, if the Court determines that it has personal jurisdiction over this Defendant, the Court should, nonetheless, dismiss Plaintiffs' Petition as insufficient under Missouri law. Plaintiffs filed the instant Petition seeking damages against multiple defendants, including Defendant, for alleged asbestos-related injuries to Plaintiff caused by exposure to asbestos fibers emanating from products manufactured, sold, distributed or installed by numerous defendants.

3.      The Petition, as written, fails to state a cause of action against Defendant because it fails to identify any asbestos-containing product manufactured, sold, distributed or installed by Defendant which caused the alleged exposure.

4.      Missouri law provides for fact pleading not notice pleading.  Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the Plaintiffs are entitled to relief. In order to recover against Defendant, the Plaintiffs must plead and prove that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  See _ITT Commercial Financial Corp. v. Mid-America Marine Supply Co._, 854 S.W. 2d 371, 379 (Mo. banc 1993); _Hagan v. Celotex_, 816 S.W. 2d 667, 670 (Mo banc 1991).

5.      If recovery is allowed pursuant to Plaintiffs' Petition, Defendant's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

Electronically Filed - City of St. Louis - April 25, 2022 - 05:00 PM

6.      As written, the Petition simply makes conclusory allegations against Defendant, which are not supported by any factual allegations. The Plaintiffs have failed to set forth the specific job sites where Plaintiff was allegedly exposed to Defendant's products, the specific products to which Plaintiff was exposed, where in the chain of production Defendant is located, and the dates of exposure to these products.

7.      Further, Plaintiffs' Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, for the reasons stated herein, Defendant HERCULES LLC, moves this Honorable Court to dismiss the instant case against it for lack of personal jurisdiction, or, in the alternative, to dismiss the Petition for failure to raise a claim against Defendant under Missouri law, or, to require Plaintiffs to make more definite and certain the allegations against HERCULES LLC, and for such other and further relief as is warranted.

ARMSTRONG TEASDALE LLP

By: */s/ Gregory A. Iken*
    Anita M. Kidd       #46690
    Gregory A. Iken      #51106
    Bryan D. Nicholson   #53083
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    (314) 621-5070
    (314) 621-5065 (facsimile)
    akidd@atllp.com
    giken@atllp.com
    bnicholson@atllp.com

ATTORNEYS FOR DEFENDANT
HERCULES LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 25th day of April, 2022, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Gregory A. Iken*

Electronically Filed - City of St. Louis - May 03, 2022 - 03:45 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY**

DAVID BUTLER AND KATHY BUTLER,　　　)
His wife,　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Cause No. 2222-CC00226
　　　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
A.W. CHESTERTON COMPANY, et al.,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　)

<u>**ENTRY OF APPEARANCE**</u>

NOW COMES Clement D. Warr, Jr. of SWANSON, MARTIN & BELL, LLP, and hereby enters his appearance on behalf of Defendant NAVISTAR, INC.  Defendant NAVISTAR, INC. reserves all defenses including those defenses to service, jurisdiction and venue.

Respectfully submitted,
**SWANSON, MARTIN & BELL, LLP**

　　　　*s/ Clement D. Warr, Jr.*
Clement D. Warr, Jr., #66304
800 Market Street, Suite 2100
St. Louis, Missouri　63101
(314) 241-7100
**Attorneys for Defendant,**
**Navistar, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the above and foregoing was electronically filed and served via the Missouri Courts eFiling System to all counsel of record on **May 3, 2022.**

　　　　*s/ Clement D. Warr, Jr.*

Electronically Filed - City of St. Louis - May 24, 2022 - 08:35 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No. 2222-CC00226 |
| | ) | |
| vs. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO AMEND PETITION

Now come the Petitioners, by their attorneys, Simmons Hanly Conroy, and for their Motion to amend petition, state as follows:

1.      Petitioners seek leave of Court to amend their Petition to add as party Defendant **OSHKOSH CORPORATION,** to the above-entitled matter.

2.      That the addition of said defendant is based on information recently obtained by Petitioners.

3.      That adding the party defendant set forth in Paragraph 1 will not delay the discovery process nor the trial.

4.      That adding the party defendant set forth in Paragraph 1 will not prejudice the already-named defendants.

5.      That adding the party defendant set forth in Paragraph 1 is necessary and made on the good-faith basis that said defendant is liable.

Electronically Filed - City of St. Louis - May 24, 2022 - 08:35 AM

WHEREFORE, Petitioners pray this Honorable Court enter an Order allowing them to file their First Amended Petition and for any further such Orders as the Court deems just and proper.

Respectfully submitted,

Simmons Hanly Conroy

**SIMMONS HANLY CONROY**


By: /S/ John E. Richardson, Jr.
      John E. Richardson, Jr., #58561
      Attorneys for Petitioners
      One Court Street
      Alton, IL  62002
      (618) 259-2222
      (618) 259-2251

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No. 2222-CC00226 |
| | ) | |
| vs. | ) | |
| | ) | |
| A.W. CHESTERTON COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

On Motion of the Petitioners to amend their Petition, leave is hereby granted to the Petitioners to file their First Amended Petition.

DATED:_____    SO ORDERED:_____
                                                                    JUDGE

Electronically Filed - City of St. Louis - May 24, 2022 - 08:35 AM

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been filed electronically and served upon all Counsel of Record via the Court's e-filing system on this 24th day of May, 2022.

*/s/ Brooke A. Pryor*

This is to certify that a copy of the following has been served upon the following attorneys of record as follows (circle):

1. Hand Delivery

2. Electronic Mail (E-mail Transmission)

3. Facsimile Transmission

4. Placing same in an envelope with postage prepaid, plainly addressed to each attorney and by depositing same in a U.S. Mailbox

5. **Missouri E-Service**

6. Copy served to Defense Coordinating Counsel, Swanson, Martin & Bell, LLP via first class mail at 800 Market Street, Suite 2100, St. Louis, MO  63101, via e-mail electronic transmission, or facsimile transmission at 314-241-7106

this 24th day of May  2022 by: /s/ Brooke Pryor (Simmons Hanly Conroy)

**Representing Firms**
**(Copies: 26)**

---

**Armstrong Teasdale**
**LLP**

CRANE CO. || GENERAL ELECTRIC COMPANY || HERCULES, LLC

**7700 Forsyth Blvd., Suite 1800  St. Louis, MO  63105 || Phone: (314)621-5070 || Fax:  (314)621-5065 || One Touch:  48**

Anita M. Kidd (akidd@armstrongteasdale.com) || Bryan D. Nicholson (bnicholson@armstrongteasdale.com) || Gregory A. Iken (giken@armstrongteasdale.com)

---

**Baker Sterchi Cowden**
**& Rice L.L.C.**

CATERPILLAR INC.

**100 North Broadway, 21st Floor  St. Louis, MO  63102 || Phone: (314)231-2925 || Fax:  (314)231-4857 || One Touch:  52**

Julie A. Simaytis (jsimaytis@bscr-law.com) || Michael B. Hunter (mhunter@bscr-law.com)

---

**Brown & James, P.C.**

GENERAL GASKET CORPORATION || JOHN CRANE, INC. || MISSOURI DRYWALL SUPPLY INC.

**800 Market Street, Suite 1100  St. Louis, MO  63101-2501 || Phone: (314)421-3400 || Fax:  (314)421-3128 || One Touch:  29**

Agota Peterfy (apeterfy@bjpc.com) || AJ Bronsky (ajbronsky@bjpc.com)

---

**Crivello Carlson Picou**
**and Andrekanic LLC**

MACK TRUCKS INC. || VOLVO GROUP NORTH AMERICA, LLC

**1012 Plummer Drive Suite 201  Edwardsville, IL  62025 || Phone: (618)655-0006 || Cell:  (618)407-5136 || Fax:  (618)655-0250 || One Touch:  129**

Curtis R. Picou (cpicou@ccpalaw.com) || Robert D. Andrekanic (randrekanic@ccpalaw.com)

---

**Foley & Mansfield,**
**PLLP**

KELLY MOORE PAINT COMPANY INC. || PARAMOUNT GLOBAL, f/k/a VIACOMCBS INC., f/k/a CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION

**101 South Hanley Road, Suite 600  St. Louis, MO  63105 || Phone: (314)925-5700 || Fax:  (314)925-5701 || One Touch:  67**

.ASBESTOS MO (missouriasbestos@foleymansfield.com) ||

Electronically Filed - City of St. Louis - May 24, 2022 - 08:35 AM

Case: 4:22-cv-00963-HEA   Doc. #:  1-7   Filed: 09/14/22   Page: 648 of 1099 PageID
#: 286

Electronically Filed - City of St. Louis - May 24, 2022 - 08:35 AM

Daniel G. Donahue (ddonahue@foleymansfield.com) || Kevin
J Newton (knewton@foleymansfield.com) || Roger K. Rea
(rrea@foleymansfield.com)

---

**Goldberg Segalla LLP**

OSHKOSH CORPORATION

**8000 Maryland Ave, Suite 640 P.O. Box 1017, Buffalo, NY 14201  St
Louis, MO  63105 || Phone:  (314)446-3350 || Fax:  (314)446-3360 ||
One Touch:  162**

Paul L Knobbe (pknobbe@goldbergsegalla.com)

---

**Gordon Rees Scully
Mansukhani, LLP**

PACCAR INC.

**211 North Broadway, Suite 2150  St. Louis, MO  63102 || Phone:
(314)961-6686 || Fax:  (314)338-3076 || One Touch:  622**

Edward M. Slaughter (eslaughter@grsm.com) || Jason Irvin
(jirvin@grsm.com)

**2200 Ross Avenue, Suite 4100W  Dallas, TX  75201 || Phone:
(214)231-4600 || Fax:  (214)461-4053 || One Touch:  801**

Edward M. Slaughter (eslaughter@grsm.com) || Jason Irvin
(jirvin@grsm.com)

---

**Hart McLaughlin &
Eldridge, LLC**

FOSTER WHEELER ENERGY CORPORATION

**22 West Washington St., Suite 1600  Chicago, IL  60601 || Phone:
(312)955-0545 || Fax:  (312)971-9243 || One Touch:  277**

Carter D. Grant (cgrant@hmelegal.com)

---

**HeplerBroom LLC**

CATERPILLAR INC. || INDUSTRIAL HOLDINGS CORPORATION f/k/a
THE CARBORUNDUM COMPANY

**130 N. Main Street P.O. Box 510  Edwardsville, IL  62025- || Phone:
(618)656-0184 || Fax:  (618)656-1364 || One Touch:  27**

Brenda G. Baum (bbaum@heplerbroom.com ) || Eric P. Hall
(ehall@heplerbroom.com ) || Sean P. Sheehan
(ssheehan@heplerbroom.com )

**One Metropolitan Square 211 North Broadway, Suite 2700  St.
Louis, MO  63102 || Phone:  (314)241-6160 || Fax:  (314)241-6116 ||
One Touch:  34**

Brenda G. Baum (bbaum@heplerbroom.com ) || Eric P. Hall
(ehall@heplerbroom.com ) || Sean P. Sheehan
(ssheehan@heplerbroom.com )

---

**Heyl, Royster, Voelker
& Allen, PC**

MCKESSON CORPORATION  || RILEY STOKER CORPORATION

**105 W. Vandalia, Suite 100 Post Office Box 467  Edwardsville, IL
62025 || Phone:  (618)656-4646 || Fax:  (309)420-0402 || One Touch:
63**

.ASBESTOS EDWARDSVILLE (edwecf@heylroyster.com) ||
Kent Plotner (kplotner@hrva.com) || Philip Eisele
(peisele@heylroyster.com)

---

**Lewis Brisbois
Bisgaard & Smith LLP**

CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.

**Mark Twain Plaza II, Suite 300 103 W. Vandalia Street  Edwardsville,**

Electronically Filed - City of St. Louis - May 24, 2022 - 08:35 AM

IL  62025 || Phone:  (618)307-7290 || Fax:  (618)692-6899 || One Touch:  137

Jeffrey T. Bash (Jeff.Bash@lewisbrisbois.com)

---

**McAfee & Taft**

FORD MOTOR COMPANY

**Two West 2nd Street, Suite 1100 Williams Tower II  Tulsa, OK 74103 || Phone:  (918)587-0000 || Fax:  (918)599-9317 || One Touch: 480**

Sherry A. Rozell (sherry.rozell@mcafeetaft.com)

---

**Pelikan & Orris LLC**

BRAND INSULATIONS, INC. || PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION

**10 South Broadway, Suite 1100  St. Louis, MO  63102 || Phone: (314)735-2560 || Fax:  (314)300-9487 || One Touch:  292**

.ASBESTOS (citymail@pelikanorris.com) || Danielle Shoemaker (Danielle.shoemaker@pelikanorris.com ) || Matthew Pelikan (matthew.pelikan@pelikanorris.com) || Ross Titzer (Ross.Titzer@pelikanorris.com) || Tom Orris (Tom.Orris@pelikanorris.com)

---

**Rasmussen Dickey Moore, L.L.C.**

CUMMINS, INC. || EATON CORPORATION  || MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION

**10 South Broadway Suite 1520  St. Louis, MO  63102 || Phone: (314)768-3770 || Fax:  (314)768-3775 || One Touch:  296**

Dyanna Ballou (dballou@rdm.law) || Justin U. Ijei (jijei@rdm.law ) || Nathan A. Lindsey (nlindsey@rdm.law) || Virginia Giokaris (vgiokaris@RDM.law)

**1001 East 101st Terrace, Suite 300  Kansas City, MO  64131 || Phone:  (816)960-1611 || Fax:  (816)960-1669 || One Touch:  33**

Dyanna Ballou (dballou@rdm.law) || Justin U. Ijei (jijei@rdm.law ) || Nathan A. Lindsey (nlindsey@rdm.law) || Virginia Giokaris (vgiokaris@RDM.law)

---

**Riley, Safer, Holmes & Cancila, LLP**

DEERE & COMPANY

**70 W. Madison Street, Suite 2900 Three First National Plaza Chicago, IL  60602 || Phone:  (312)471-8700 || Fax:  (312)471-8701 || One Touch:  271**

Brian O. Watson (bwatson@rshc-law.com) || Edward Casmere (ecasmere@rshc-law.com) || Mathew J. Fischer (mfischer@rshc-law.com)

---

**Rynearson, Suess, Schnurbusch & Champion L.L.C.**

CROWN CORK & SEAL COMPANY, INC.

**107 Southpointe Drive  Edawrdsville, IL  62025 || Phone:  (618)659-0588 || Fax:  (618)465-3744 || One Touch:  13**

David A. Schott (ntrail@rssclaw.com)

---

**Sinars Slowikowski Tomaska LLC**

J.P. BUSHNELL PACKING

55 West Monroe Street, Suite 4000  Chicago, IL  60603 || Phone:
(312)767-9790 || Fax:  (312)767-9780 || One Touch:  272

Douglas M. Sinars (dsinars@sinarslaw.com)

**Swanson, Martin &
Bell, LLP**

ALLIED PAINT & WALLPAPER COMPANY, INC. || BWDAC INC., f/k/a
BWD AUTOMOTIVE CORPORATION || DAIMLER TRUCKS NORTH
AMERICA LLC || NAVISTAR INC. || WESTERN AUTO SUPPLY
COMPANY

**103 W Vandalia Street, Suite 215  Edwardsville, IL  62025 || Phone:
(314)241-7100 || Fax:  (314)241-7106 || One Touch:  363**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely
(avesely@smbtrials.com) || Drew M. Schilling
(dschilling@smbtrials.com) || Leo C. Chmielewski
(lchmielewski@smbtrials.com) || Marcie J Vantine
(mvantine@smbtrials.com) || Paul Lore || Robert Stephens
(rstephens@smbtrials.com)

**330 North Wabash Suite 3300  Chicago, IL  60611 || Phone:
(312)321-9100 || Fax:  (312)321-0990 || One Touch:  159**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely
(avesely@smbtrials.com) || Drew M. Schilling
(dschilling@smbtrials.com) || Leo C. Chmielewski
(lchmielewski@smbtrials.com) || Marcie J Vantine
(mvantine@smbtrials.com) || Paul Lore || Robert Stephens
(rstephens@smbtrials.com)

**800 Market Street Suite 2100  St. Louis, MO  63101 || Phone:
(314)241-7100 || Fax:  (314)242-0990 || One Touch:  159**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely
(avesely@smbtrials.com) || Drew M. Schilling
(dschilling@smbtrials.com) || Leo C. Chmielewski
(lchmielewski@smbtrials.com) || Marcie J Vantine
(mvantine@smbtrials.com) || Paul Lore || Robert Stephens
(rstephens@smbtrials.com)

**The Cook Group PLLC**

CLEAVER-BROOKS, INC.

**125 South Clark Street, 17th Floor  Chicago, IL  60603 || Phone:
(314)882-9869**

.ASBESTOS Midwest
(midwestasbestos@cookgrouplegal.com) || Meredith
Hudgens (mhudgens@cookgrouplegal.com)

**Thompson Coburn
LLP**

CASE NEW HOLLAND INDUSTRIAL, INC. || CNH INDUSTRIAL
AMERICA LLC

**525 West Main Street, Suite 300  Belleville, IL  62222-0750 || Phone:
(618)277-4700 || Fax:  (618)236-3434 || One Touch:  76**

Erick E. VanDorn (evandorn@thompsoncoburn.com) || Ryan
G. Webb (rwebb@thompsoncoburn.com)

**One US Bank Plaza Suite 2600  St. Louis, MO  63101 || Phone:
(314)552-6000 || Fax:  (314)552-7000 || One Touch:  16**

Erick E. VanDorn (evandorn@thompsoncoburn.com) || Ryan
G. Webb (rwebb@thompsoncoburn.com)

Electronically Filed - City of St. Louis - May 24, 2022 - 08:35 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)



FILED
JUN 15 2022

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

DAVID BUTLER and            )
KATHY BUTLER, his wife,     )
                            )
        Petitioners,        )        Cause No. 2222-CC00226
                            )
    vs.                     )
                            )
A.W. CHESTERTON COMPANY, et al.  )
                            )
        Defendants.         )

## ORDER

On Motion of the Petitioners to amend their Petition, leave is hereby granted to the Petitioners to file their First Amended Petition.

DATED: _____    SO ORDERED: _____
                                              JUDGE

ENTERED

JUN 15 2022

CC

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Petitioners, | ) | Cause No. 2222-CC00226 |
| | ) | |
| v. | ) | |
| | ) | PERSONAL INJURY |
| A.W. CHESTERTON COMPANY, | ) | |
| ALLIED PAINT & WALLPAPER COMPANY, INC., | ) | PRODUCTS LIABILITY |
| BRAND INSULATIONS, INC., | ) | |
| BWDAC INC., f/k/a BWD AUTOMOTIVE | ) | JURY TRIAL DEMANDED |
| CORPORATION, | ) | |
| CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., | ) | |
| CASE NEW HOLLAND INDUSTRIAL, INC., | ) | |
| CATERPILLAR INC., | ) | |
| CBS CORPORATION, a Delaware corporation f/k/a | ) | |
| VIACOM INC. successor-by-merger to CBS | ) | |
| CORPORATION, a Pennsylvania corporation f/k/a | ) | |
| WESTINGHOUSE ELECTRIC CORPORATION, | ) | |
| CLEAVER-BROOKS, INC., | ) | |
| CNH INDUSTRIAL AMERICA LLC, | ) | |
| CRANE CO., | ) | |
| CROWN CORK & SEAL COMPANY, INC., | ) | |
| CUMMINS, INC., | ) | |
| DAIMLER TRUCKS NORTH AMERICA LLC, | ) | |
| DEERE & COMPANY, | ) | |
| EATON CORPORATION, | ) | |
| FORD MOTOR COMPANY, | ) | |
| FOSTER WHEELER ENERGY CORPORATION, | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| GENERAL GASKET CORPORATION, | ) | |
| HERCULES, LLC, | ) | |
| INDUSTRIAL HOLDINGS CORPORATION f/k/a THE | ) | |
| CARBORUNDUM COMPANY, | ) | |
| J.P. BUSHNELL PACKING, | ) | |
| JOHN CRANE, INC., | ) | |
| KELLY MOORE PAINT COMPANY INC., | ) | |
| MACK TRUCKS INC., | ) | |
| MCKESSON CORPORATION, | ) | |
| MISSOURI DRYWALL SUPPLY INC., | ) | |
| MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC | ) | |
| LLC, and Successor-by-Merger to BORG-WARNER | ) | |

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

```
  CORPORATION,                                    )
NAVISTAR INC.,                                    )
OSHKOSH CORPORATION,                              )
PACCAR INC.,                                      )
PNEUMO ABEX LLC, successor-in-interest to ABEX    )
  CORPORATION, f/k/a PNEUMO ABEX                  )
  CORPORATION,                                    )
RILEY STOKER CORPORATION,                         )
UNION CARBIDE CORPORATION,                        )
VOLVO GROUP NORTH AMERICA INC.,                   )
WESTERN AUTO SUPPLY COMPANY,                      )
                                                 )
            Defendants.                           )
```

## FIRST AMENDED PETITION

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY

CONROY, for their cause of action state:

### Jurisdiction, Venue and General Allegations

1.     Petitioners David Butler and Kathy Butler are residents of the State of Washington.

Petitioner Kathy Butler is married to Petitioner David Butler.

2.     Petitioner David Butler was employed, at relevant times, from 1978 to 2018 as a

laborer, roofer, mechanic, and business owner/operator at various locations throughout the United

States, including, but not limited to, locations in the State of Missouri.

3.     The following Defendants and each of them are jointly and severally liable in that

they contributed to causing Petitioner David Butler's injuries:

> Defendant, A.W. CHESTERTON COMPANY, is a corporation
> doing business in the State of Missouri. Defendant corporation
> does not maintain a registered agent in Missouri, although it
> and/or its predecessors in interest have conducted substantial
> business in Missouri. Said corporation may be served pursuant to
> the Missouri Long-Arm Statute through its registered agent C.T.
> Corporation System, 208 South LaSalle Street, 17th Floor, Suite
> 814, Chicago, IL 60604.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

Defendant, ALLIED PAINT & WALLPAPER COMPANY, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent, 3100 South Glenn, Springfield, MO 65807.

Defendant, BRAND INSULATIONS, INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation System, 208 South LaSalle Street, 17th Floor, Suite 814, Chicago, IL 60604.

Defendant, BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

Defendant, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent United Agent Group Inc., 12747 Olive Boulevard, #300, Saint Louis, MO 63141.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

Defendant, CASE NEW HOLLAND INDUSTRIAL, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, CATERPILLAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CBS CORPORATION, a Delaware corporation f/k/a VIACOM INC. successor-by-merger to CBS CORPORATION, a Pennsylvania corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CLEAVER-BROOKS, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, CNH INDUSTRIAL AMERICA LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

Defendant, CRANE CO., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, CROWN CORK & SEAL COMPANY, INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, 5555 W. 115th Street, Extension #5550, Alsip, IL 60803.

Defendant, CUMMINS, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, DAIMLER TRUCKS NORTH AMERICA LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, DEERE & COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, EATON CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, FORD MOTOR COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent The Corporation Company, 120 South Central Avenue, Clayton, MO 63105.

Defendant, FOSTER WHEELER ENERGY CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent c/o United Agent Group, Inc., 12747 Olive Boulevard, #300, St. Louis, MO 63141.

Defendant, GENERAL ELECTRIC COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, GENERAL GASKET CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Agent: A.J. Bronsky of Brown & James, 800 Market Street, Suite 1100, St. Louis, MO 63101.

Defendant, HERCULES, LLC, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent Maron & Marvel, P.A., 1201 North Market Street, Wilmington, DE 19801-1147.

Defendant, J.P. BUSHNELL PACKING, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Registered Agent: Dennis Sullivan, Justin Sullivan, Mark Monroe or Jayne McDonald, 3041 Locust Street, St. Louis, MO 63103.

Defendant, JOHN CRANE, INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, KELLY MOORE PAINT COMPANY INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, 987 Commercial Street, San Carlos, CA 94070.

Defendant, MACK TRUCKS INC., is a corporation doing business in the State of Missouri. Said corporation may be served

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

through its registered agent C.T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Defendant, MCKESSON CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, MISSOURI DRYWALL SUPPLY INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation Trust Company, 1209 N. Orange Street, Wilmington, DE 19801-1120.

Defendant, NAVISTAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

**Defendant, OSHKOSH CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.**

Defendant, PACCAR INC., is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent Prentice-Hall Corporation System, 221 Bolivar Street, Jefferson City, MO 65101.

Defendant, PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION, is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent Prentice-Hall Corporation System, 251 Little Falls Drive, Wilmington, DE 19801.

Defendant, RILEY STOKER CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Defendant, UNION CARBIDE CORPORATION, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent C.T. Corporation System, 120 South Central Avenue, Suite 400, Clayton, MO 63105.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

Defendant, VOLVO GROUP NORTH AMERICA INC., is a corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

Defendant, WESTERN AUTO SUPPLY COMPANY, is a corporation doing business in the State of Missouri. Said corporation may be served through its registered agent National Registered Agents, Inc., 120 South Central Avenue, Suite 400, Clayton, MO 63105.

4.     A.W. CHESTERTON COMPANY, ALLIED PAINT & WALLPAPER COMPANY, INC., BRAND INSULATIONS, INC., BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION, CARLISLE INDUSTRIAL BRAKE & FRICTION, INC., CASE NEW HOLLAND INDUSTRIAL, INC., CATERPILLAR INC., CBS CORPORATION, a Delaware corporation f/k/a VIACOM INC. successor-by-merger to CBS CORPORATION, a Pennsylvania corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, CLEAVER-BROOKS, INC., CNH INDUSTRIAL AMERICA LLC, CRANE CO., CROWN CORK & SEAL COMPANY, INC., CUMMINS, INC., DAIMLER TRUCKS NORTH AMERICA LLC, DEERE & COMPANY, EATON CORPORATION , FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GENERAL GASKET CORPORATION, HERCULES, LLC, INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY, J.P. BUSHNELL PACKING, JOHN CRANE, INC., KELLY

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

MOORE PAINT COMPANY INC., MACK TRUCKS INC., MCKESSON CORPORATION, MISSOURI DRYWALL SUPPLY INC., MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION, NAVISTAR INC., **OSHKOSH CORPORATION**, PACCAR INC., PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION , RILEY STOKER CORPORATION, UNION CARBIDE CORPORATION, VOLVO GROUP NORTH AMERICA INC., WESTERN AUTO SUPPLY COMPANY, the above Defendants and each of them, at all relevant times directly, and/or indirectly by exercising control over others doing so, mined, manufactured, sold, distributed, marketed, specified, designed, promoted,  licensed, installed, removed and/or otherwise used asbestos and asbestos-containing materials and products, including but not limited to  manufacturing, assembling, selling, distributing, marketing, designing, promoting,  licensing, leasing and supplying for business purposes, installing, removing, maintaining, repairing and otherwise using equipment (including vehicles), chattels, instrumentalities, procedures, and/or technologies which included, specified, recommended, and/or required asbestos-containing materials / products as parts, components and/or appurtenances.

5.    Said Defendants and each of them also specified, manufactured, sold, distributed, marketed, promoted and otherwise provided asbestos-containing replacement / aftermarket parts, components and appurtenances used on, in and with the aforesaid equipment.

6.    General jurisdiction is proper because Defendants and each of them are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, and have systematically conducted and continue to conduct operations in Missouri of a quantity and quality

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

relative to the overall business of each of them that Defendants and each of them are deemed "at home" in Missouri.

7.     Specific jurisdiction is proper because, as to Defendants and each of them, a portion of the acts, omissions and events leading to and giving rise to Plaintiff's exposure to each Defendant's asbestos-containing materials / products occurred in and/or through Missouri including, but not limited to: the manufacture, fabrication, assembly and/or production of asbestos-containing materials / products or components thereof to which Plaintiff was exposed; the purchase, acquisition, distribution, delivery, sale and/or resale of asbestos-containing materials / products or components thereof to which Plaintiff was exposed; the development, design, testing and/or test marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; the conducting of health / hygiene studies, surveys, tests relating to the health effects and hazards of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; and/or decision-making regarding the production and marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed.

8.     During portions of the course of said employment / From 1986 to 1991, Petitioner David Butler worked with and around the above-described materials, products, equipment, conditions and activities and was thereby exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers from said sources.

9.     Petitioner was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

10.     Petitioner's exposure to the materials, products, equipment, activities and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout Petitioner's entire career or life as to any particular Defendant.

11.     Each and every Defendant is amenable to suit in the State of Missouri by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri.

12.     Venue is proper in the City of St. Louis, Missouri, pursuant to Missouri Revised Statutes 508.010 because Petitioner David Butler was first exposed to asbestos outside the State of Missouri and one or more of the named Defendants maintains a registered agent in the City of St. Louis.

13.     Petitioner's exposure to said asbestos was foreseeable and could or should have been anticipated by all Defendants and each of them.

14.     Defendants and each of them knew or should have known: that asbestos is toxic, poisonous and has a deleterious effect on the health of persons exposed thereto; and, that exposure to asbestos posed an unreasonable risk of harm to Petitioner David Butler and others similarly situated. Defendants and each of them possessed specific and superior knowledge concerning the hazards of asbestos including, but not limited to, that persons exposed to asbestos would inevitably be harmed in some manner.

15.     Petitioner and his immediate employer did not know and had no reasonable way to know or realize the risks of being exposed to asbestos and/or the various ways and places in which asbestos was being used by Defendants and each of them.  Defendants and each of them should have anticipated that Petitioner and his immediate employer did not know and would not discover or realize the same.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

16.     During times relevant hereto, adequate substitutes for asbestos and for asbestos-containing materials / products, parts and components were available, and Defendants and each of them knew or should have known of said availability. At all times relevant hereto, Defendants and each of them had feasible means by which to convey warnings, hazard communications and other necessary health-related information to those using and/or working with and/or around the above-described materials, products, equipment, conditions and activities.

17.     As a direct and proximate result of the above-described cumulative exposure to asbestos, Petitioner David Butler contracted and suffers from asbestos-related diseases, including but not limited to Pleural Mesothelioma. Petitioner first became aware that of said disease(s) on or about July 20, 2017, and subsequently became aware that the same was wrongfully caused.

18.     As a direct and proximate result thereof: Petitioner David Butler has been disabled, disfigured and impaired in the enjoyment of recreational/life activities; Petitioner has incurred and will incur in the future necessary expenses for hospital, medical and other health care services; Petitioner has incurred and will incur in the future necessary expenses for household labor and tasks that Petitioner can no longer perform; Petitioner has and will in the future experience physical pain and mental and emotional suffering; Petitioner has been and will be hindered from pursuing employment, resulting in the loss of past and future income, wages, benefits and pension rights.

## Count I – Negligence
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants described in paragraph 3 of the general allegations states:

1.     Petitioner herein incorporates by reference the General Allegations of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

2.     At all times relevant hereto, said materials, products and equipment were being employed in the manner and for the purposes for which they were intended. Specifically, Defendants and each of them intended, knew and/or should have known: that asbestos-containing parts and components would require periodic replacement; that other asbestos-containing materials and products would be used on and/or with said equipment / vehicles / technologies; and, that said equipment / vehicles / technologies would require regular and periodic servicing, maintenance and repairs.

3.     Defendants and each of them knew or should have known that said use, servicing, maintenance and repair would involve the disturbance of asbestos-containing materials, products, components, parts and appurtenances, such that those performing such work and others in the vicinity would be exposed to asbestos and asbestos fibers.

4.     Defendants and each of them issued, provided and disseminated specifications, catalogues, service manuals, parts lists, bulletins and like publications that gave instructions and directions for servicing, maintaining and repairing the aforesaid equipment. Defendants and each of them intended and/or foresaw that said publications would be used and relied upon by those performing such work and/or training others to do the same.

5.     At all times herein relevant, Defendants and each of them had a duty to exercise reasonable and ordinary care for the health, safety and well-being of Petitioner and others similarly situated who were working with and around the aforesaid materials, products and equipment including, but not limited to, a duty to warn / communicate foreseeable hazards arising in connection with any and all known and/or intended uses of the same.

6.     The Defendants and each of them breached said duties and were negligent in one or more of the following respects:

(a)    Designed, manufactured, sold, distributed, marketed, specified, promoted, licensed, installed, removed and/or otherwise used materials / products which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(b)    Designed, manufactured, sold, distributed, marketed, licensed, leased and supplied, installed, removed and/or otherwise used equipment / chattels / instrumentalities / technologies that included and/or specified parts and components which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

(c)    Engaged in the aforesaid activities when adequate non-asbestos substitutes were available;

(d)    Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of asbestos-containing replacement parts / components for the above-described equipment / technologies;

(e)    Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts, components and appurtenances in ways that would cause the liberation of asbestos fibers, thereby exposing themselves and others;

(f)    Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts and components without including any or adequate warnings / hazard communications and/or instructions as to less hazardous methods for working with and/or around asbestos materials, including specific instructions on how to prevent and/or reduce exposure to asbestos;

(g)    Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around the above-described materials / products / equipment of the presence of asbestos and/or the hazards associated therewith;

(h)    Otherwise failed to provide any or adequate instructions to persons working with and around the above-described materials / products / equipment concerning less hazardous methods of working with and around the same, including specific instructions on how to avoid and/or reduce exposure to asbestos;

(i)    Failed to provide adequate warnings / hazard communications and/or instructions regarding asbestos-related hazards that would foreseeably be

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

encountered in the course of known and/or intended use, service, maintenance and repair of said materials / products / equipment including, but not limited to, those associated with other materials and products foreseeably disturbed in the ordinary and intended course of such work;

(j)     Failed to conduct tests to determine the hazards to which those working with and around their materials / products / equipment would be exposed and the nature and extent of such hazard;

(k)     Failed to disclose known and knowable information concerning the presence and uses of asbestos in and with the aforesaid materials / products / equipment and the hazards associated therewith;

(l)     Failed to warn as to and/or communicate the hazards of carrying asbestos fibers from work into homes, vehicles and living spaces shared with family and household members and/or advise of practices designed to prevent and/or reduce the same; and/or,

(m)     Failed to take adequate steps to remedy the above including, but not limited to: failing to recall or require / recommend removal or replacement of asbestos and asbestos materials/ products / parts / components; failing to provide any or adequate post-sale warnings / hazard communications and/or instruction; and, failing to replace, recall, revise and/or edit inadequate publications and instructions.

7.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

## Count II – Willful / wanton misconduct
## (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants from Count I, states:

1.      Petitioner herein incorporates by reference the General Allegations and paragraphs Two (2) through Four (4) of Count I of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

2.      The Defendants and each of them had a duty to refrain from willful and wanton acts, omissions and/or misconduct which would foreseeably expose Petitioner to an unreasonable risk of harm.

3.      Defendants and each of them breached said duties and committed one or more of the following acts or omissions amounting to willful and wanton misconduct, in that they intentionally or with reckless disregard for the health, safety and well-being of Petitioner and others similarly situated:

      (a)      Designed, manufactured, sold, distributed, marketed, specified, promoted, licensed, installed, removed and/or otherwise used materials / products which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

      (b)      Designed, manufactured, sold, distributed, marketed, licensed, leased and supplied, installed, removed and/or otherwise used equipment / chattels / instrumentalities / technologies that included and/or specified parts and components which contained a dangerous, toxic and disease-causing substance—namely asbestos—despite what was known and/or knowable at the time;

      (c)      Engaged in the aforesaid activities when adequate non-asbestos substitutes were available;

      (d)      Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of asbestos-containing replacement parts / components for the above-described equipment / technologies;

(e)     Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts, components and appurtenances in ways that would cause the liberation of asbestos fibers, thereby exposing themselves and others;

(f)     Provided publications and instructions that directed individuals working on or with the above-described equipment / technologies to perform work that involved encountering and manipulating asbestos-containing materials / products, parts and components without including any or adequate warnings / hazard communications and/or instructions as to less hazardous methods for working with and/or around asbestos materials, including specific instructions on how to prevent and/or reduce exposure to asbestos;

(g)     Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around the above-described materials / products / equipment of the presence of asbestos and/or the hazards associated therewith;

(h)     Otherwise failed to provide any or adequate instructions to persons working with and around the above-described materials / products / equipment concerning less hazardous methods of working with and around the same, including specific instructions on how to avoid and/or reduce exposure to asbestos;

(i)     Failed to provide adequate warnings / hazard communications and/or instructions regarding asbestos-related hazards that would foreseeably be encountered in the course of known and/or intended use, service, maintenance and repair of said materials / products / equipment including, but not limited to, those associated with other materials and products foreseeably disturbed in the ordinary and intended course of such work;

(j)     Failed to conduct tests to determine the hazards to which those working with and around their materials / products / equipment would be exposed and the nature and extent of such hazard;

(k)     Failed to disclose known and knowable information concerning the presence and uses of asbestos in and with the aforesaid materials / products / equipment and the hazards associated therewith;

(l)     Failed to warn as to and/or communicate the hazards of carrying asbestos fibers from work into homes, vehicles and living spaces shared with family and household members and/or advise of practices designed to prevent and/or reduce the same; and/or,

(m)     Failed to take adequate steps to remedy the above including, but not limited

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

to: failing to recall or require / recommend removal or replacement of asbestos and asbestos materials/ products / parts / components; failing to provide any or adequate post-sale warnings / hazard communications and/or instruction; and, failing to replace, recall, revise and/or edit inadequate publications and instructions.

4.     As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions on the part of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

5.     An award of punitive damages is necessary and appropriate to punish Defendants and each of them for their willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant(s) and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages separately as to Defendants and each of them.

### Count III – Strict Liability
### (materials / products / equipment)

Petitioner David Butler by his attorneys, SIMMONS HANLY CONROY, for his cause of action against the Defendants from Count I, states:

1.     Petitioner herein incorporates by reference the General Allegations and paragraphs Two (2) through Four (4) of Count I of this Petition. This Count is brought against only the Defendants described in paragraph 3 of the General Allegations.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

2.    Said materials / products / equipment were in a defective and unreasonably dangerous condition at the time they left the control of the Defendants and each of them in that: (a) they contained and incorporated asbestos, a hazardous / carcinogenic substance, in a manner that said asbestos would be liberated and inhaled by end-users; (b) they were designed and intended to be used with materials and products that contained and incorporated asbestos, a hazardous / carcinogenic substance, such that the regular, expected and intended use of Defendants' materials / products / equipment would cause asbestos to be liberated and inhaled by end-users; (c) they were not accompanied by any warnings or instructions regarding the asbestos hazards associated with the regular, expected and intended use of said materials / products / equipment and/or any such warning or instructions were not adequate.

3.    Said materials / products / equipment reached the end-users and the point of Petitioner's exposure in substantially the same condition as when they left the control of the Defendants and each of them. At all relevant times, said materials / products / equipment were used in the manners and environments anticipated, expected and intended by Defendants and each of them, and which were reasonably foreseeable to Defendants and each of them.

4.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous and defective conditions of the materials / products / equipment of the Defendants and each of them, Petitioner was exposed to asbestos as described, causing Petitioner to develop the aforesaid asbestos disease and thereby sustain damages as outlined above.

WHEREFORE, Petitioner David Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

**Count IV – Negligence**
**(loss of consortium)**

Petitioner Kathy Butler by her attorneys, SIMMONS HANLY CONROY, for her cause of action against all Defendants named herein, states:

1.      Petitioner herein incorporates by reference the General Allegations and the factual allegations of Counts I-III of this Petition. This Count is brought against all Defendants named in said Counts.

2.      As a direct and proximate result of the negligent acts and omissions of Defendants and each of them, which caused Petitioner's spouse to develop the above stated asbestos-related disease and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

WHEREFORE, Petitioner Kathy Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

**Count V – Willful / wanton misconduct**
**(loss of consortium)**

Petitioner Kathy Butler by her attorneys, SIMMONS HANLY CONROY, for her cause of action against all Defendants named herein, states:

1.      Petitioner herein incorporates by reference the General Allegations and the factual allegations set forth in Counts I-III of this Petition. This Count is brought against all Defendants named in said Counts.

2.      As a direct and proximate result of the willful, wanton, intentional and/or reckless

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

acts and omissions of Defendants and each of them, which caused Petitioner's spouse to develop the above stated asbestos-related disease and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

3.      An award of punitive damages is necessary and appropriate to punish Defendants and each of them for their willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant(s) and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner Kathy Butler prays judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages separately as to Defendants and each of them.

### Count VI – Negligence
### (spoliation of evidence)

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY CONROY, for their cause of action against all Defendants named herein, state:

1.      Petitioners incorporate by reference the General Allegations of this Petition. This Count is brought against all named Defendants.

2.      Prior to the commencement of this case, Defendants and each of them had in their respective possession, custody and control documents and information referring to, relating to and/or reflecting issues relevant to this case.

3.      Upon information and belief, said issues include, but are not limited to:  the identification of asbestos-containing materials / products to which Petitioner David Butler was

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

exposed, the locations to, and at, which Defendants sold, distributed and applied asbestos-containing materials / products; the identity of the manufacturers and others in the distribution chain of said materials / products; and, Defendants' respective knowledge, notice and information regarding the hazards of asbestos and their acts and omissions in response thereof.

4.      It was foreseeable to a reasonable person/entity in the respective positions of Defendants and each of them that said documents and information included evidence which was material to pending and/or potential civil litigation involving asbestos. Said Defendants and each of them therefore had a duty to maintain and preserve said documents and information.

5.      Petitioners have sought, but been unable to obtain, full disclosure of said documents and information from Defendants and each of them, leading to the inference that Defendants and each of them destroyed and/or otherwise disposed of the same.

6.      Said Defendants and each of them thereby breached their duty to preserve said material evidence at a time when they and each of them knew or should have known that the same constituted material evidence in pending / potential civil litigation.

7.      As a direct and proximate result of said destruction and disposal of material evidence, Petitioners have been: prejudiced and impaired in proving claims against all potentially liable parties including, but not limited to, the Defendants named herein; thereby compelled to forego, dismiss and/or unfavorably compromise said claims against certain Defendants and/or potentially liable entities; and, thereby been caused to suffer damages in the form of lost or reduced compensation from other potentially liable parties, including certain Defendants name herein.

WHEREFORE, Petitioners David Butler and Kathy Butler pray judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count VII – Willful / wanton misconduct
### (spoliation of evidence)

Petitioners David Butler and Kathy Butler by their attorneys, SIMMONS HANLY CONROY, for their cause of action against all Defendants named herein, state:

1.    Petitioners incorporate by reference the General Allegations of this Petition and paragraphs Two (2) through Five (5) of Count VI of this Petition. This Count is brought against all named Defendants.

2.    In destroying and disposing of said documents and information, which included evidence material to this case, said Defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

3.    As a direct and proximate result of said intentional / reckless destruction and disposal of material evidence, Petitioners have been: prejudiced and impaired in proving claims against all potentially liable parties including, but not limited to, the Defendants named herein; thereby compelled to forego, dismiss and/or unfavorably compromise said claims against certain Defendants and/or potentially liable entities; and, thereby been caused to suffer damages in the form of lost or reduced compensation from other potentially liable parties, including certain Defendants name herein.

WHEREFORE, Petitioners David Butler and Kathy Butler pray judgment be entered against the Defendants for compensatory damages in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

Electronically Filed - City of St. Louis - June 16, 2022 - 03:15 PM

Respectfully Submitted,

David Butler and Kathy Butler, his wife,
Petitioners

**SIMMONS HANLY CONROY**


By: /s/ John E. Richardson, Jr.
       John E. Richardson, Jr., #58561
       One Court Street
       Alton, IL  62002
       Phone: (618) 259-2222
       Fax: (618) 259-2251

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | Asbestos Division |
| | ) | |
| A.W. CHESTERTON COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**FORD MOTOR COMPANY'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR MORE
DEFINITE STATEMENT DIRECTED TO PLAINTIFFS' FIRST AMENDED PETITION**

Comes now Defendant, Ford Motor Company ("Ford"), by and through its attorneys of record, and moves this Court to dismiss Plaintiffs' First Amended Petition pursuant to Missouri Rules of Civil Procedure 67.03 and 55.27 on the grounds set forth herein, including, but not limited to lack of personal jurisdiction and because Plaintiffs' First Amended Petition is substantially insufficient and fails to state a claim upon which relief can be granted. Alternatively, Ford moves this Court pursuant to Missouri Rule of Civil Procedure 55.27(d) to order Plaintiffs to make their First Amended Petition more definite and certain. In support of its motion, Ford states as follows:

1. Plaintiffs recently filed their First Amended Petition, seeking damages against 37 various defendants, including Ford Motor Company, for Plaintiff David Butler's alleged asbestos-related injuries.

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

2.    Plaintiffs assert claims[1] against Ford based on Mr. Butler's alleged exposures to asbestos.  *See* **Plaintiffs' First Amended Petition**, Jurisdiction, Venue, and General Allegations ¶¶ 1-18 and *see generally* Counts I - VII

3.    The Court lacks specific personal jurisdiction over Ford because Plaintiffs' claims do not arise out of Ford's Missouri contacts.  *See* ***State ex rel. Norfolk S. Ry. Co. v. Dolan***, 512 S.W.3d 41, 48 (Mo. banc 2017); ***Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County***, 137 S. Ct. 1773, 1781 (2017); ***Estate of Fox v. Johnson & Johnson****,* 539 S.W.3d 48, 49 (Mo. Ct. App. 2017);  ***State ex rel. Key Ins. Co. v. Roldan***, 587 S.W.3d 638, 641 (Mo. banc 2019) (citing ***State ex rel. PPG Indus., Inc. v. McShane***, 560 S.W.3d 888, 891 (Mo. banc 2018)); ***M.J. by and through next friend Oliver v. Ford Motor Company****,* No. 4:19CV1846 HEA, 2019 WL 4194372, at *4 (E.D. Mo. Sept. 4, 2019).

   a.  Plaintiffs allege no connection between Ford, Missouri, and their claims.  *See generally* **Plaintiffs' First Amended Petition.**

4.    The Court lacks general personal jurisdiction over Ford because Ford is not "at home" in Missouri.  *See **Norfolk***, 512 S.W.3d at 48; ***BNSF Railway Co. v. Tyrell***, 137 S. Ct. 1549, 1554 (2017); ***Oliver****,* 2019 WL 4194372, at *3 ("Ford is not subject to general, all-purpose jurisdiction in this state."); ***Roldan***, 587 S.W.3d at 641.

   a.  Ford Motor Company is a Delaware corporation with its principal place of business in Dearborn, Michigan.  *See* Securities and Exchange

---

[1] Plaintiffs assert that Ford is liable not only for product liability claims, but claims derivative and separate from those allegations. *See* Counts II, V, and VII for Willful and Wanton Misconduct and Counts IV and V for Loss of Consortium. Due to the claims' derivative and deficient nature, however, these allegations do not alter the jurisdictional analysis in this matter, in that Plaintiffs have also failed to allege any additional facts to show that the claims arose in Missouri.

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Commission Form 10-K as to Ford Motor Company, attached as **Exhibit A**.

5.      Plaintiffs' First Amended Petition makes conclusory allegations against Ford, none of which are factually supported.

6.      Plaintiffs' Negligence (Count I) and Strict Liability (Counts III) claims fail to identify the allegedly defective product which Ford purportedly produced, manufactured, and/or sold.  Therefore, Plaintiffs' Strict Liability and Negligence claims fail to state a claim upon which relief can be granted.

7.      Plaintiffs' Willful and Wanton Misconduct (Counts II, V, and VII) claims must fail as Plaintiffs are not permitted to include such claim in an initial pleading and without obtaining leave of court pursuant to Mo. Rev. Stat. 510.261.5.

8.      Plaintiffs' Willful and Wanton Misconduct (Counts II, V, and VII) and Loss of Consortium (Counts IV and V) claims must fail as Plaintiffs have failed to state a claim upon which relief can be granted on any underlying tort.

9.      Plaintiffs' First Amended Petition attempts to hold Ford liable for its alleged Negligent Spoliation of Evidence (Count VI) and Willful and Wanton Spoliation of Evidence (Count VII).  However, such allegations fail to state a claim upon which relief can be granted, as no cause of action is recognized under Missouri law.

10.     Plaintiffs' First Amended Petition fails to allege even the most basic facts regarding Mr. Butler's alleged asbestos exposures.  Assuming that this Court finds that the deficiencies in Plaintiffs' First Amended Petition do not require dismissal, Ford respectfully requests that this Court enter its order requiring Plaintiffs to make their allegations more definite.  *See, e.g.,*

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

**Plaintiffs' First Amended Petition** Counts I, III (generically referring to alleged exposures to asbestos-containing "products" without specifying any defendant or product).

11.    Venue is improper in the City of St. Louis, as there can be no proper venue where there is no jurisdiction. *See **State ex rel. Kansas City S. Ry. Co. v. Nixon***, 282 S.W.3d 363, 365 (Mo. banc 2009) ("Venue assumes the existence of jurisdiction . . ."). Further, only in the event that this Court finds personal jurisdiction over Ford (which Ford denies is proper), Ford asserts venue is improper under Mo. Rev. Stat. § 508.101.5 and should be transferred to the proper venue. Because Mr. Butler's alleged first exposure to asbestos occurred outside the State of Missouri, and Ford's registered agent can be found in St. Louis County, Missouri, *see* **Plaintiffs' First Amended Petition**, Jurisdiction, Venue, and General Allegations at ¶¶ 3, 12, the Court should, if it determines that it has jurisdiction over Ford (which Ford denies), transfer this case to its proper venue in St. Louis County, Missouri.

12.    Several of Plaintiffs' claims have been improperly united with Plaintiffs' claims against Ford. Specifically, Plaintiffs allege venue in the City of St. Louis is proper because "one of more of the named Defendants maintains a registered agent in the City of St. Louis." *See* **Plaintiffs' First Amended Petition**, Jurisdiction, Venue and General Allegations, ¶ 12. Venue cannot be established through joinder of claims. *See **State ex rel. Johnson & Johnson v. Burlison***, 567 S.W.3d 168, 175 (Mo. 2019).

13.    Additionally, after appropriate discovery, the following affirmative defenses, which Ford reserves the right to assert again, may be applicable:  failure to join a necessary and proper party, Plaintiffs lack the legal capacity to sue, there is another action pending between the same parties for the same cause of action in this state, estoppel, waiver, release, payment, res judicata, violation of a statute, violation of a public policy, spoliation, Plaintiffs should furnish

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

security for costs, insufficiency of process, insufficiency of service of process, and failure to comply with a statutory requirement.  The extent to which Plaintiffs' claims may be barred by one or more of the foregoing affirmative defenses cannot be determined until Ford has had an opportunity to complete discovery.

14.     If recovery is allowed pursuant to Plaintiffs' First Amended Petition, Ford's constitutional rights to substantive and procedural due process of law and equal protection under the law as established by the United States Constitution, the Missouri Constitution, or other applicable state institutions, if any, would be violated.

15.     Plaintiffs' First Amended Petition is barred by applicable statutes of limitations, including Missouri Revised Statutes Section 516.120, 537.100 and/or any other applicable statutes of limitations.

16.     Ford incorporates herein by reference its Suggestion in Support of this Motion as if fully set forth herein.

WHEREFORE, for the reasons stated above, Defendant Ford Motor Company moves this Court to dismiss the instant case against it, or, in the alternative, to require Plaintiffs to make more definite and certain the allegations against Ford, and for such other relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Respectfully submitted,

BY:    */s/ Sherry A. Rozell*
Sherry A. Rozell, MO Bar # 34131
Alex C. Riley, MO Bar # 69295
MCAFEE & TAFT, PC
4050 S. Fairview Ave.
Springfield, MO 65807
(417) 409-6000; (417) 409-6058 (fax)
sherry.rozell@mcafeetaft.com
alex.riley@mcafeetaft.com

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was electronically filed and served on all counsel of record, this 21st day of June 2022.

*<u>/s/ Sherry A. Rozell</u>*

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, DC 20549

**FORM 10-K**

(Mark One)

☑     Annual report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

**For the fiscal year ended December 31, 2014**

**or**

☐     Transition report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

For the transition period from _____ to _____

**Commission file number 1-3950**

# Ford Motor Company

*(Exact name of Registrant as specified in its charter)*

| | |
|---|---|
| **Delaware** | **38-0549190** |
| *(State of incorporation)* | *(I.R.S. Employer Identification No.)* |
| **One American Road, Dearborn, Michigan** | **48126** |
| *(Address of principal executive offices)* | *(Zip Code)* |

**313-322-3000**
*(Registrant's telephone number, including area code)*

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of each class | Name of each exchange on which registered* |
|---|---|
| Common Stock, par value $.01 per share | New York Stock Exchange |

* In addition, shares of Common Stock of Ford are listed on certain stock exchanges in Europe.

**Securities registered pursuant to Section 12(g) of the Act:**  None.

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☑ No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐  No ☑

Indicate by check mark if the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☑  No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).    Yes ☑  No ☐

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§229.405 of this chapter) is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.  ☑

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company.  See definitions of "large accelerated filer," "accelerated filer," and "smaller reporting company" in Rule 12b-2 of the Exchange Act.    Large accelerated filer ☑    Accelerated filer ☐    Non-accelerated filer ☐    Smaller reporting company ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).
Yes ☐  No ☑

As of June 30, 2014, Ford had outstanding 3,837,638,073 shares of Common Stock and 70,852,076 shares of Class B Stock.  Based on the New York Stock Exchange Composite Transaction closing price of the Common Stock on that date ($17.24 per share), the aggregate market value of such Common Stock was $66,160,880,379.  Although there is no quoted market for our Class B Stock, shares of Class B Stock may be converted at any time into an equal number of shares of Common Stock for the purpose of effecting the sale or other disposition of such shares of Common Stock.  The shares of Common Stock and Class B Stock outstanding at June 30, 2014 included shares owned by persons who may be deemed to be "affiliates" of Ford.  We do not believe, however, that any such person should be considered to be an affiliate.  For information concerning ownership of outstanding Common Stock and Class B Stock, see the Proxy Statement for Ford's Annual Meeting of Stockholders currently scheduled to be held on May 14, 2015 (our "Proxy Statement"), which is incorporated by reference under various Items of this Report as indicated below.

As of February 6, 2015, Ford had outstanding 3,885,089,749 shares of Common Stock and 70,852,076 shares of Class B Stock.  Based on the New York Stock Exchange Composite Transaction closing price of the Common Stock on that date ($15.86 per share), the aggregate market value of such Common Stock was $61,617,523,419.

## DOCUMENTS INCORPORATED BY REFERENCE

| Document | Where Incorporated |
|---|---|
| Proxy Statement* | Part III (Items 10, 11, 12, 13, and 14) |

---

*    As stated under various Items of this Report, only certain specified portions of such document are incorporated by reference in this Report.

Exhibit Index begins on page 94

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | Asbestos Division |
| | ) | |
| A.W. CHESTERTON COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FORD MOTOR COMPANY'S SUGGESTIONS IN SUPPORT OF ITS**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE**
**DEFINITE STATEMENT DIRECTED TO PLAINTIFFS' FIRST AMENDED PETITION**

Plaintiffs' claims against Ford Motor Company ("Ford") should be dismissed entirely because Plaintiffs' First Amended Petition is factually deficient in many respects. Plaintiffs recently filed their First Amended Petition in St. Louis, Missouri, claiming numerous defendants, including Ford, are jointly and severally liable for Plaintiff David Butler's alleged asbestos-related injuries. First and foremost, Ford should be dismissed from this lawsuit for lack of specific or general personal jurisdiction. Moreover, Ford should be dismissed because Plaintiffs' First Amended Petition contains sweeping legal conclusions and broad generalizations, but fails to state any facts upon which relief can be granted against Ford. Plaintiffs' First Amended Petition falls markedly short of the explicit pleading requirements delineated by the Missouri Rules of Civil Procedure and Missouri case law.

Specifically, Plaintiffs' First Amended Petition attempts to plead seven counts seeking relief from Ford. However, as discussed herein, the Court lacks personal jurisdiction over Ford, and all of Plaintiffs' allegations directed at Ford fail to state a claim upon which relief can be granted. Plaintiffs have not – and cannot – plead sufficient facts giving rise to general jurisdiction

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

over Ford in Missouri.  Therefore, all of Plaintiffs' claims against Ford should be dismissed. In the alternative, Ford respectfully requests the Court enter an order requiring Plaintiffs to make their allegations more definite.

<h3 style="text-align:center"><u>JURISDICTIONAL ALLEGATIONS</u></h3>

Plaintiffs generally allege that Plaintiff David Butler was exposed to asbestos through his work history.  *See* **Plaintiffs' First Amended Petition**, Jurisdiction, Venue, and General Allegations, ¶¶ 2, 9.  Specifically, Plaintiffs allege Mr. Butler was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri. *Id.* at ¶ 2. Plaintiffs further allege Mr. Butler was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991. *Id.* at ¶ 9.

In an attempt to create a connection between their cause of action, Ford Motor Company, and the State of Missouri, Plaintiffs vaguely allege that general jurisdiction is proper because defendants are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, systematically conducted operations in Missouri, and are deemed "at home" in Missouri." *See* **Plaintiffs' First Amended Petition**, Jurisdiction, Venue, and General Allegations, ¶ 6.  Further, Plaintiffs allege that specific jurisdiction is proper because, the acts, or a portion of the acts that "give rise" to Plaintiff's exposure, as to each Defendant's asbestos-containing materials/products "occurred in and/or through Missouri." *See id.* at ¶ 7.  Plaintiffs also allege that Defendants mined, manufactured, sold, distributed, marketed, specified, designed, promoted, licensed, installed, removed and/or otherwise used asbestos and asbestos-containing materials and

<div style="text-align:center">2</div>

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

products, etc. in Missouri, and purposefully availed themselves of the privilege of conducting business in the State of Missouri and invoked the rights and protections of Missouri law by delivering or placing into the stream of commerce asbestos-containing materials in Missouri. *See id.* at ¶¶ 4-8. However, Plaintiffs do not plead any facts supporting these allegations, including any facts supporting an allegation that Plaintiff's injuries arise out of any Ford Missouri contacts. *See generally* **Plaintiffs' First Amended Petition**.

Ford is incorporated in the state of Delaware, and its principal place of business is in Michigan. *See* **Exhibit A**, attached to Ford Motor Company's Motion to Dismiss or, in the Alternative, for More Definite Statement Directed to Plaintiffs' First Amended Petition.

## ARGUMENTS AND AUTHORITIES

### A. The Court Does Not Have Personal Jurisdiction Over Ford.

#### 1. Legal Standard.

In this case, Ford is not subject to either specific or general personal jurisdiction in Missouri. Missouri courts can only exercise personal jurisdiction over a nonresident defendant if the exercise of jurisdiction does not violate the Due Process Clause of the United States Constitution. *See* **State ex rel. Norfolk S. Ry. Co. v. Dolan**, 512 S.W.3d 41, 46 (Mo. banc 2017); *see also* **Brewer v. Cosgrove**, 498 S.W.3d 837, 844 (Mo. App. E.D. 2016) (citing **Bryant v. Smith Interior Design Grp., Inc.**, 310 S.W.3d 227, 231 (Mo. banc 2010)). Once the defendant raises an objection to personal jurisdiction, "it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient." **Brewer**, 498 S.W.3d at 844 (citing **Bryant**, 310 S.W.3d at 232). Limitations on the exercise of personal jurisdiction are also a consequence of state sovereignty concerns – "[t]he sovereignty of each State . . . implies a limitation on the sovereignty of all its sister States." **Bristol-Myers Squibb Co. v. Super. Ct**., 137

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

S. Ct. 1773, 1780 (2017).  And even when a defendant may suffer little inconvenience if forced to litigate in a forum State that has an interest in applying its law, these federalism concerns can still "act to divest the [forum] State of its power to render a valid judgment." *Id.* (quoting ***World-Wide Volkswagen Corp. v. Woodson***, 444 U.S. 286, 294 (1980)).

To determine whether personal jurisdiction is present over a defendant, the Court must consider "the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." ***Bryant***, 310 S.W.3d at 231; *see also* ***State ex rel. Heartland Title Servs., Inc. v. Harrell***, 500 S.W.3d 239, 241 (Mo. 2016) ("The requirement that a court have personal jurisdiction flows mostly from the Due Process Clause, either in the Fifth or the Fourteenth amendments to the United States Constitution.");[1] ***Angoff v. Marion A. Allen, Inc.***, 39 S.W.3d 483, 486 (Mo. banc 2001) (noting the court must determine whether the assertion of personal jurisdiction comports with due process).

There are two types of personal jurisdiction: specific and general. *See* ***Norfolk***, 512 S.W.3d 41, 46; ***Daimler AG v. Bauman***, 571 U.S. 117, 125-33 (2014). Specific jurisdiction requires that "*the in-state activities* of the corporate defendant had not only been continuous and systematic, but also *gave rise to the liabilities sued on*." ***Daimler***, 571 U.S. at 126 (emphasis added) (internal quotation marks omitted). Critically, the minimum contacts necessary to create specific jurisdiction must "arise out of" or "relate to" contacts that the defendant himself creates with the forum. ***Walden v. Fiore***, 571 U.S. 277, 284 (2014). In other words, if the plaintiff is the only link

---

[1] A plaintiff must also satisfy Missouri's long-arm statute, but the Missouri Supreme Court has interpreted the statute as permitting jurisdiction "over nonresident defendants to that extent permissible under the Due Process Clause," making the statutory and Constitutional inquiries merge. ***State ex rel. Deere & Co. v. Pinnell***, 454 S.W.2d 889, 893 (Mo. banc 1970).

between the defendant and the forum, then that contact alone provides an insufficient basis on which to exercise jurisdiction.  *See id.* ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.").[2]  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." ***Bristol-Myers***, 137 S. Ct. at 1781.  The Supreme Court of Missouri, following recent United States Supreme Court decisions, reemphasized the boundaries of personal jurisdiction, holding that a corporate defendant is not subject to specific jurisdiction in Missouri unless a plaintiff's claims arise out of and relate to that defendant's activities in Missouri.  ***Norfolk***, 512 S.W.3d 41.

General jurisdiction requires a finding that "continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." ***Daimler***, 571 U.S. at 127. The consequences of finding general jurisdiction are stark—a defendant will be subject to suit in that state for any and all claims, including those that do not implicate the defendant's activities there.  ***Id.*** at 126.  As a result, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction." ***Id.*** at 137.  "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." ***Id***. at 137 (internal quotation marks omitted); *see also* ***Norfolk***, 512 S.W.3d at 46-47 (noting that since ***Daimler***, "it is no longer the law" that a corporation's substantial and continuous contacts are sufficient to establish general personal jurisdiction).

---

[2]  *See also* ***Helicopteros Nacionales de Colombia, S.A. v. Hall***, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Plaintiffs cannot show that Ford is subject to either general or specific personal jurisdiction in Missouri.

## 2.  Ford is Not Subject to Specific Jurisdiction.

In addition to the absence of general jurisdiction, this Court also cannot exercise specific jurisdiction over Ford in this case.  The United States Supreme Court has held three conditions must be satisfied for the exercise of specific jurisdiction over a nonresident defendant:

(1)   the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum state"; <u>and</u>

(2)   the plaintiff's claim must "arise out of or relate to" the defendant's contacts with the forum state; <u>and</u>

(3)   upon satisfaction of the first two conditions, the court must find that the exercise of jurisdiction is "reasonable under the circumstances."

***Bristol-Myers***, 137 S. Ct. at 1785-86 (emphasis added) (internal citations omitted).   In this analysis, all three prongs must be met separately and severally.

Here, the dispositive issue is the second element, that is, that a plaintiff's claims must "arise out of or relate to" the defendant's forum-related conduct. Ford is not subject to specific jurisdiction in this case because Plaintiffs' claims do not arise out of or relate to Ford's Missouri contacts. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." ***Goodyear Dunlop Tires Ops., v. S.A. v. Brown***, 564 U.S. 915, 919 (2011).   Specific jurisdiction is conduct-based and "requires consideration of the relationship among *the defendant*, the forum, and the litigation." ***Norfolk***, 512 S.W.3d at 48 (emphasis added). The relationship must arise out of contacts that the "defendant *himself*" creates with the forum state. ***Walden***, 571 U.S. at 284 (emphasis in original).

6

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum state.'" *Bristol-Meyers Squibb Co.*, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 919). "Where there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state." *Id.*; *see also State ex rel. Key Ins. Co. v. Roldan*, 587 S.W.3d 638, 641 (Mo. banc 2019) ("Missouri courts may still assert personal jurisdiction over a non-domiciliary defendant corporation without violating due process if that entity has at least one contact with this state *and* the cause of action being pursued arises out of that contact") (quoting *State ex rel. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 494 (Mo. banc. 2019) (emphasis original)); *M.J. by and through next friend Oliver v. Ford Motor Company*, No. 4:19CV1846 HEA, 2019 WL 4194372, at *4 (E.D. Mo. Sept. 4, 2019). Thus, while Ford does business in Missouri, it is only subject to specific jurisdiction if Plaintiffs' claims are related to those Missouri contacts. *Norfolk*, 512 S.W.3d at 48. In this case, they are not.

The Missouri Supreme Court recently addressed the issue again in, *State ex rel. LG Chem, Ltd. v. McLaughlin*, 599 S.W.3d 899, 901 (Mo. 2020). *LG Chem again affirmed* that a defendant is not subject to specific personal jurisdiction in Missouri where a plaintiff's claims do not arise out of and relate to that defendant's activities in Missouri. There, the Court examined whether an independent third-party's sale of defendant's allegedly injury causing product into Missouri was sufficient to allow Missouri courts to assert specific personal jurisdiction over the non-resident defendant. The Court found that it was not. In making this finding, the Missouri Supreme Court emphasized that an injury of plaintiff in the forum state is insufficient to meet the 'arising out of' prong of the specific jurisdictional analysis, absent defendant's *forum related conduct giving rise*

7

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

*to the injury*. ***State ex rel. LG Chem,*** 599 S.W.3d at 904. The Court rejected the plaintiff's argument that the lawsuit arose out of the defendant's forum related conduct "because the sale of the subject battery [by a third party] into Missouri is an 'occurrence' out of which his lawsuit directly arose." ***Id.*** at 903. The Court reasoned specific jurisdiction was not available because "[i]t is well-established a plaintiff *may not use the actions of a third party to satisfy the due process requirement* of the specific personal jurisdiction analysis" and "the battery's sale was made by an independent third party, not by LG Chem." ***Id.*** at 903-904 (emphasis added). The same result applies in this case as there are no allegations that Plaintiffs' claims arise from Ford's Missouri related conduct.

In ***Bristol-Myers***, the Court reiterated that specific jurisdiction requires "a connection between the forum and the specific claims at issue." 137 S. Ct. at 1781. The Court further explained that its decision in ***Walden*** "illustrates this requirement." *Id*. In ***Walden***, there was no specific jurisdiction in the forum State, even though the plaintiffs were forum residents and "suffered foreseeable harm in" the forum. *Id*. (quoting ***Walden***, 571 U.S. 289). The Court explained that the injury to the plaintiffs in the forum was not sufficient because all of the defendant's "*relevant* conduct occurred entirely" in a different State. *Id*. at 1781-82 (quoting ***Walden***, 571 U.S. at 291) (emphasis added by ***Bristol-Myers***). ***Bristol-Myers*** thus teaches that there is no specific jurisdiction over Ford in Missouri on Plaintiffs' claims. Like the defendants in ***Bristol-Myers*** and ***Walden***, none of Ford's "relevant conduct" occurred in the forum state.

Further, in ***Estate of Jacqueline Fox v. Johnson & Johnson***, the Court of Appeals for the Eastern District applied ***Bristol-Myers*** to reverse and vacate the jury verdict in favor of an out-of-state plaintiff for lack of personal jurisdiction in a product liability case involving the defendants' talc products. 539 S.W.3d 48, 49 (Mo. Ct. App. 2017). In ***Fox***, Jacqueline Fox bought and used

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

the defendants' talc products outside of Missouri and later developed ovarian cancer. *Id*. at 50. The estate of non-resident Fox joined her claims to the claims of Missouri resident plaintiffs pursuant to Missouri Rule 52.05. *Id*. The defendants filed a motion to dismiss the non-residents' claims for lack of personal jurisdiction, arguing that their activities in Missouri did not give rise to the claims of the non-residents who purchased and used their products outside of Missouri. *Id*. The trial court denied the defendants' motion, reasoning that "each non-resident need not establish an individual basis for jurisdiction so long as a defendant has sufficient minimum contacts with the state, and Defendants' commercial activity in Missouri 'more than adequately' satisfied minimum contacts." *Id*. On appeal, the Court reversed and vacated the verdict in favor of the plaintiff because there was no "connection between the forum state and the specific claims at issue." *Id*. at 51.

Here, Plaintiffs' claims do not arise from Ford's Missouri contacts. *See **Bryant***, 310 S.W.3d 232; ***Goodyear***, 564 U.S. 926-27 (stating the specific personal jurisdiction inquiry focuses on whether the plaintiff's cause of action arises out of or relates to the defendant's forum-related contacts). Plaintiffs generally allege that Plaintiff David Butler was exposed to asbestos through his work history. *See* **Plaintiffs' First Amended Petition**, Jurisdiction, Venue, and General Allegations, ¶¶ 2, 9. Specifically, Plaintiffs allege Mr. Butler was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri. ***Id.*** at ¶ 2. Plaintiffs further allege Mr. Butler was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991. ***Id.*** at ¶ 9. Plaintiffs do not allege that the lawsuit arises out of any Missouri Ford contacts. *See generally* **Plaintiffs' First Amended Petition**. Simply, Ford has not engaged in any "suit-

9

related conduct" that "create[s] a substantial connection" with Missouri. *See Walden*, 571 U.S. at
284; *see also Norfolk*, 512 S.W.3d at 49.

Like the defendants in *Norfolk*, *Bristol-Meyers*, *Fox*, and *Walden*, Ford is not subject to
specific personal jurisdiction. While Ford does conduct business in Missouri, Plaintiffs' claims do
not arise from Ford's Missouri contacts. Ford's unrelated Missouri conduct is not sufficient—or
even relevant—to the specific jurisdiction inquiry. *See Bristol-Meyers*, 137 S. Ct. at 1781. "What
is needed—and what is missing here—is a connection between the forum and the specific claims
at issue." *Id*. Having pleaded no facts alleging Plaintiffs' injuries arose from Ford's Missouri
activities, Plaintiffs have failed to establish that Ford is subject to specific jurisdiction in Missouri.

### a.  Plaintiffs Cannot Establish Specific Jurisdiction by Vaguely Referring to Ford's Alleged Transaction of Business within Missouri and/or Various Acts within the State

In an attempt to create a connection between their cause of action, Ford Motor Company,
and the State of Missouri, Plaintiffs vaguely allege that general jurisdiction is proper because
defendants are registered to do business in Missouri, maintain a sufficient physical presence in
Missouri, systematically conducted operations in Missouri, and are deemed "at home" in
Missouri." *See* **Plaintiffs' First Amended Petition**, Jurisdiction, Venue, and General Allegations,
¶ 6.  Further, Plaintiffs allege that specific jurisdiction is proper because, the acts, or a portion of
the acts that "give rise" to Plaintiff's exposure, as to each Defendant's asbestos-containing
materials/products "occurred in and/or through Missouri." *See id.* at ¶ 7.  Plaintiffs also allege that
Defendants mined, manufactured, sold, distributed, marketed, specified, designed, promoted,
licensed, installed, removed and/or otherwise used asbestos and asbestos-containing materials and
products, etc. in Missouri, and purposefully availed themselves of the privilege of conducting
business in the State of Missouri and invoked the rights and protections of Missouri law by

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

delivering or placing into the stream of commerce asbestos-containing materials in Missouri. *See id.* at ¶¶ 4-8.  However, Plaintiffs do not plead any facts supporting these allegations, including any facts supporting an allegation that Plaintiff's injuries arise out of any Ford Missouri contacts. *See generally* **Plaintiffs' First Amended Petition**. These allegations are insufficient to confer general or specific jurisdiction in this matter.

First, Plaintiffs fail to plead any facts supporting these allegations, as required by Missouri Supreme Court Rule 55.01.  Second, the Missouri Supreme Court has held that a specific injury does not arise from or relate to the defendant's activity in the forum state simply because the defendant is a national company that does the same type of business in the forum state as in the rest of the country.  ***Norfolk***, 512 S.W.3d at 49. "To say this same conduct confers specific jurisdiction over suits the facts of which have no relationship to the forum state would be to turn specific jurisdiction on its head." ***Id***. Specifically, the Court noted: "Just because a company like Ford . . . sells cars in Iowa and in California, does not mean there is jurisdiction in California for injuries that occurred in Iowa simply because Ford engages in the same 'type' of activity—selling cars—in both states." ***Id***. In ***Norfolk***, Norfolk Southern Railway Company conducted business in Missouri, but the plaintiff's only basis for personal jurisdiction over Norfolk was his statement that Norfolk conducted substantial business and owned property in Missouri. ***Id***. Accordingly, the Supreme Court held that Norfolk was not subject to specific jurisdiction in Missouri because the plaintiff "pleaded no facts alleging that the injury arose from Norfolk's Missouri activities." ***Id***. at 49.

The United States District Court for the Eastern District of Missouri addressed two cases involving similar jurisdictional allegations less than a year ago, rejecting a "stream of commerce" argument.  In ***M.J. by & through next friend Oliver***, 2019 WL 4194372 at *3, the court rejected

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Plaintiffs' "stream of commerce" argument that Ford's regular delivery of vehicles into the stream of commerce (and into the forum) bolstered specific jurisdiction, and explained as follows.

> Here, Plaintiff asks that the lack of connection between Missouri and the acts giving rise to the claims (the actual design, manufacture, etc. of the Vehicle) be disregarded due to Ford's substantial, yet unrelated contacts in Missouri. Plaintiff's allegation that Ford marketed and sold other Ford Fusions (the same model as the Vehicle here) in Missouri is not enough to show specific jurisdiction over the instant product liability and negligence claims. Exercising personal jurisdiction over Ford here would do nothing more than create the sort of 'loose and spurious general jurisdiction' condemned in *Bristol-Myers*. *Id*. This Court declines to do so.

Similarly, in ***Allied Ins. Co. of Am. v. Ecovacs Robotics, Inc.***, Case No. 1:19- cv-13, 2019 WL 2173430 (E.D. Mo. May 20, 2019), the plaintiff brought a products liability action against the defendant, alleging it "engaged in the business of selling, marketing, advertising, distributing, branding and shipping robotic vacuum cleaners, and that the defendant placed the [product] into the stream of commerce." ***Id.*** at *2 (emphasis added). The court granted defendant's motion to dismiss for lack of personal jurisdiction, noting "that the plaintiff's mere allegation that defendant put the [product] into the stream of commerce is not sufficient to support specific jurisdiction." ***Id.*** Other courts have rejected the stream of commerce theory as a basis for asserting personal jurisdiction post-***Bristol-Myers,*** including the Missouri Supreme Court in ***State ex rel. Cedar Crest Apartments, LLC v. Grate***, 577 S.W.3d 490, 495, n.2 495 (Mo. banc 2019) (stating "there can be no question that every assertion of specific jurisdiction must rest upon a showing that: (1) the defendant had at least one contact with the forum state, and (2) the claim being asserted against that defendant arose out of that contact." (internal citations omitted)); *see also **A.T. through Travis v. Hahn***, 341 F. Supp. 3d 1031, 1037 (E.D. Mo. 2018) (citing ***Shuker v. Smith & Nephew, PLC***, 885 F.3d 760, 780 (3d Cir. 2018) ("We thus have no cause to revisit our Court's precedent on [the stream of commerce theory], and we decline to adopt the Shukers' stream-of-commerce theory of

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

specific jurisdiction.")).[3]  Plaintiffs' vague reference to stream of commerce and unsupported claims of various activities within the state fail to establish that their lawsuit arises out of or relates to Ford's contacts with the State of Missouri.  Thus, this Court does not have specific jurisdiction over Ford.

### 3.  Ford is Not Subject to General Jurisdiction in Missouri.

Ford is not subject to general jurisdiction in Missouri because it is not "at home" inside the state.  Plaintiffs' allegation that "[g]eneral jurisdiction is proper because Defendants and each of them are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, and have systematically conducted and continue to conduct operations in Missouri of a quantity and quality relative to the overall business of each of them that Defendants" does not establish that Ford is "at home" in Missouri.  *See* **Plaintiffs' First Amended Petition**, Jurisdiction, Venue, and General Allegations, ¶ 6.  To the contrary, Plaintiffs allegations have been deemed insufficient to establish general jurisdiction by the U.S. and Missouri Supreme Courts. Absent exceptional circumstances, a corporation is at home only where it is incorporated or has its principal place of business. Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan; exceptional circumstances do not exist here.

Two cases decided by the Supreme Court of the United States, ***Goodyear Dunlop Tire Ops., S.A. v. Brown***, 564 U.S. 915 (2011), and ***Daimler AG v. Bauman***, 571 U.S. 117 (2014), dramatically limited the sort of fact patterns that will support general jurisdiction. The general jurisdiction analysis outlined in these cases was reaffirmed when the United States Supreme Court decided ***BNSF Railway Co. v. Tyrell***. 137 S. Ct. 1549 (2017). A corporation's mere contacts within

---

[3] *See also* **Perry v. Jabiru Aircraft Pty. Ltd.**, Case No. LACV 17-8356-VAP, 2018 WL 6321643 at *4 (C.D. Cal. August 3, 2018); **Montgomery v. Airbus Helicopters**, 414 P.3d 824, 831 (Okla. 2018) (noting that **Bristol-Myers** "clarified specific jurisdiction analysis and omitted from that analysis any previous 'stream of commerce' analysis.").

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

a state, even if continuous and systematic, no longer serve as a basis for general jurisdiction. *See e.g.*, **Norfolk**, 512 S.W.3d at 46 (noting that since **Daimler**, "it is no longer the law" that a corporation's substantial and continuous contacts are sufficient to establish general personal jurisdiction); **BNSF Railway**, 137 S. Ct. at 1559 ("[I]n-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to [the defendant's in-state business].").

Starting with **Goodyear** in 2011, the Supreme Court of the United States narrowed application of general personal jurisdiction to cases where the foreign defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially *at home* in the forum State." **Goodyear**, 564 U.S. at 920 (emphasis added) (citation omitted). Declining North Carolina's jurisdiction over the defendants based on tire sales into the state, the Court in **Goodyear** rejected application of the stream of commerce theory under the general personal jurisdiction analysis. *Id*. ("A connection so limited between the forum and the foreign corporation, we hold, is an inadequate basis for the exercise of general jurisdiction.").

**Daimler**, decided in 2014, was a California case against Daimler AG, a German company. **Daimler**, 571 U.S. at 120-22. The trial court granted Daimler's motion to dismiss, holding that Daimler's affiliations with California through its subsidiary were insufficient to support general jurisdiction. *Id*. at 122-24. The Ninth Circuit reversed under an agency theory. *Id*. at 124. The Supreme Court granted certiorari to decide whether, consistent with the Due Process Clause of the Fourteenth Amendment, California courts could exercise jurisdiction over Daimler for claims arising out of Daimler's alleged conduct that did not occur in California. *Id*. at 125. The Supreme Court reversed, holding that California courts lacked general personal jurisdiction over Daimler because neither Daimler nor its subsidiary were "incorporated in California, nor d[id] either entity

14

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

have its principal place of business there." *Id*. at 139. Further, the Court rejected the proposition that a corporation is subject to general personal jurisdiction wherever its sales are sizable. *Id*; *see also **White v. Steak N Shake Inc.***, No. 4:20 CV 323 CDP, 2020 WL 1703938, at *2 (E.D. Mo. Apr. 8, 2020) ("Nor does Steak N Shake's continuous and systematic operation in Missouri of thirty-nine of its more than 400 national restaurants, with nothing more, make Steak N Shake essentially at home here. *Daimler AG*, 571 U.S. at 139…If that is all that is required for general jurisdiction, 'the same global reach would presumably be available in every other State' in which Steak N Shake operates its restaurants. [Id.]").

The United States Supreme Court's decision in ***BNSF Railway*** again reaffirmed long-standing precedent regarding general personal jurisdiction. The United States Supreme Court reversed the holding of the Montana Supreme Court that Montana could exercise general jurisdiction over the defendant BNSF. ***BNSF Railway Co.***, 137 S. Ct. 1554. The Court reiterated that a corporation's state of incorporation and its principal place of business are the "paradigm" forums in which a corporation is at home. *Id*. at 1558. In doing so, the Supreme Court emphasized, "BNSF, we repeat, is not incorporated in Montana and does not maintain its principal place of business there." *Id*. at 1559. The mere fact that BNSF had over 2,000 miles of railroad track and more than 2,000 employees in Montana did not subject it to general jurisdiction in Montana or make Montana its *de facto* home state. *Id*. Once again, the Supreme Court reiterated, "in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to [the defendant's in-state contacts.]." *Id*.

In ***Norfolk***, the Supreme Court of Missouri applied ***Daimler***'s general jurisdiction paradigm. 512 S.W.3d 41 (Mo. banc 2017). In ***Norfolk***, the Court held that Missouri did not have general jurisdiction over Norfolk, a Virginia corporation with its principal place of business in

15

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Virginia. *Id*. at 48. Importantly, the court noted "it is no longer the law" that a corporation's substantial and continuous contacts are sufficient to establish general personal jurisdiction. *Id.* at 44, 46-47. While Norfolk conducted substantial and continuous business in Missouri, it also conducted substantial and continuous business in at least 21 other states, and its Missouri business amounted to approximately two percent of its total business. *Id*. The court ultimately found it could not exercise general jurisdiction over the defendant because its Missouri contacts—though substantial and continuous—were insufficient to support a finding that the defendant was "essentially at home" in Missouri. *Id*. at 48.

The Supreme Court of Missouri applied the same analysis in ***State ex rel. Bayer Corporation v. Moriarty***, 536 S.W.3d 227 (Mo. banc 2017), dismissing the claims of non-resident plaintiffs who failed to demonstrate that the Missouri court had general jurisdiction over the defendant corporation, Bayer. Despite conducting substantial business in the state, Bayer was neither incorporated nor had its principal place of business in Missouri. *Id*. at 232. Citing ***Norfolk***, ***Daimler***, and ***BNSF Railway***, the Court held Bayer's substantial business activity within the state was "simply not enough to render Bayer 'at home' here." *Id*.

***Goodyear***, ***Daimler***, ***BNSF Railway***, ***Norfolk***, and ***Bayer*** are directly on point and controlling. The general personal jurisdiction analysis requires "an appraisal of a corporation's activities in their entirety, nationwide and worldwide." ***Daimler***, 571 U.S. at 139, n.20. Thus, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." ***Id***. Ford is incorporated in Delaware, and its principal place of business is in Michigan. *See* **Exhibit A**, attached to Ford Motor Company's Motion to Dismiss or, in the Alternative, for More Definite Statement Directed to Plaintiffs' First Amended Petition.

16

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Additionally, Ford's Missouri activities are insufficient to constitute an "exceptional case." An exceptional case exists where a corporate defendant's "operations in a forum other than its formal place of incorporation or principal place of business [are] so substantial and of such nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139, n.19. "[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how systematic and continuous, are extraordinarily unlikely to add up to an 'exceptional case.'" *Norfolk*, 512 S.W.3d at 48 (citations and internal quotations omitted). *Daimler* was crystal-clear that such cases are exceedingly rare.

In *BNSF Railway*, the Court also reaffirmed that *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) "exemplified the kind of case where a corporation could be held to be at home outside of the two paradigm states." *BNSF*, 137 S. Ct. at 1558. In *Perkins*, the forum state was "the corporation's principal, if temporary, place of business," because its operations elsewhere had been suspended during World War II. *Daimler*, 571 U.S. 130. In stark contrast, the court in *Daimler* held that Daimler's activities in the forum state of California "plainly do not approach th[e] level" found to support general jurisdiction in *Perkins*, even though Daimler maintained "multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Glass Center in Irvine." *Id*. at 123-39.

Further, regarding Plaintiffs' allegation that "[g]eneral jurisdiction is proper because Defendants and each of them are registered to do business in Missouri," the Missouri Supreme Court has specifically rejected the notion that registering to do business in Missouri is sufficient to establish general jurisdiction over an out-of-state defendant. *Norfolk*, 512 S.W.3d at 52 (holding that Missouri's "registration statute does not provide an independent basis for broadening

17

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present").

Ford's Missouri contacts do not constitute an exceptional case or subject it to general jurisdiction in the state. Ford's Missouri activities are distinct from the nerve-center of activities that the Supreme Court has said are required to make a home state. *See Norfolk*, 512 S.W.3d at 48; *see also **Hertz Corp. v. Friend***, 559 U.S. 77, 92-93 (2010) (stating a corporation's "nerve center" is where a corporation's officers direct, control, and coordinate the corporation's activities). Ford's activities in Missouri do not make Missouri its *de facto* principal place of business. *See Norfolk*, 512 S.W.3d 48. Ford is not at home in Missouri.

Similarly, numerous courts around the country have concluded that *Ford* is not subject to general jurisdiction in their respective states, including a Missouri federal court in a recent opinion. In ***M.J. by and through next friend Oliver***, 2019 WL 4194372, at *1, the United States District Court of Missouri, Eastern Division, rejected arguments that Ford was subject to general jurisdiction because "Ford maintains a registered agent, contracts with dealerships, owns land, operates a plant, employs workers, manufactures vehicles, releases vehicles into the stream of commerce, advertises, and litigates in the State of Missouri." *Id.*  The court observed, "'the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts …Rather, the inquiry calls for an appraisal of a corporation's activities in their entirety; [a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *Id.* (quoting ***BNSF***, 137 S. Ct. at 1559).  The court held, "[e]ven though Ford conducts substantial and continuous business in Missouri…[n]othing before the Court evinces an exceptional situation wherein Ford is essentially 'at-home' in Missouri," concluding, "Ford is not subject to general, all-purpose jurisdiction in this state." *Id*. at **3-4.

18

There are numerous other examples of courts around the country applying ***Daimler*** and finding that *Ford* cannot be, and is not, subject to general jurisdiction in a state merely because it does business in that state. *See e.g.* ***Reed v. Ford Motor Co.***, No. 02-cv-2017-901000 (Cir. Ct. of Mobile, Ala. Jan. 29, 2018) (granting Ford's Motion to Dismiss for lack of personal jurisdiction where Ford was not incorporated in Alabama and did not maintain its principal place of business in Alabama); ***Barbayanni v. Ford Motor Co.***, No. SU-2017-032616 (Rockland Cnty., N.Y., May 23, 2018) (Ford is not subject to general jurisdiction in New York); ***Aybar v. Aybar***, --- N.E.3d --- --, 2021 WL 4596367, 2021 N.Y. Slip Op. 05393 (N.Y. Oct. 7, 2021) (holding that Ford was not subject to general jurisdiction in New York merely by registering with the New York Secretary of State); ***Erwin v. Ford Motor Co.***, No. 8:16-cv-01322-T-24-AEP, 2016 WL 7655398, at *9-12 (M.D. Fla. Aug. 31, 2016) (declining to exercise general jurisdiction over Ford though plaintiff had shown "multiple business contacts Ford has and has had with the state of Florida . . . as well as multiple legal contacts Ford has had with Florida . . . ."); ***Pitts v. Ford Motor Co.***, 127 F. Supp. 3d 676, 684 (S.D. Miss. 2015) (declining general jurisdiction over Ford despite Ford's registration and license to conduct business in Mississippi, its contracts with Mississippi dealers, its alleged advertising efforts in Mississippi, and the presence of a registered agent for service of process in Mississippi); ***Sullivan v. Ford Motor Co.***, No. 3:16-cv-03505-JST, 2016 WL 6520174, at *4 (N.D. Cal. Nov. 3, 2016) (Ford is not subject to general jurisdiction in California); ***Magill v. Ford Motor Co.***, 379 P.3d 1033 (Colo. 2016) (reversing the trial court's order that Colorado courts had general jurisdiction over Ford); ***Erwin v. Ford Motor Co.***, No. 8:16-cv-01322-T-24 AEP, 2016 WL 7655398, at *17 (M.D. Fla. Aug. 31, 2016) (Ford was not subject to general jurisdiction in Florida even though plaintiff had shown "multiple business contacts Ford has and has had with the state of Florida . . . as well as multiple legal contacts Ford has had with Florida[.]"); ***Oversen v. Kelle's***

19

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

*Transp. Serv., Inc.*, No. 2:15-cv-535-JNP-DBP, 2016 WL 8711343, at *3-5 (D. Utah May 12, 2016) (Ford not subject to general jurisdiction in Utah); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 964-65 (N.D. Cal. 2015) (Ford not subject to general jurisdiction in California); *Rios v. Cabrera*, Case No. 18CV02272 (Santa Barbara Cnty., Cal. July 25, 2018) (Ford is not subject to general jurisdiction in California); *Ibrahim v. Ford Motor Co.*, Docket No. MON L-4419-16 (Monmouth Cnty. Sup. Ct. N.J. Mar. 24, 2017) (dismissing plaintiff's complaint for lack of personal jurisdiction); *Brown v. Ford Motor Co.*, 347 F. Supp. 3d 1347, 1350 (N.D. Ga. Nov. 9, 2018) (Ford not subject to general jurisdiction in Georgia); *Jeffs v. Ford Motor Co.*, No. 5-15-0529, 2018 WL 3466965, at *2 (Ill. App. July 12, 2018) ("Ford [ ] not subject to general personal jurisdiction in the state of Illinois" despite 7.5% of its employees, 5% of its independent dealerships, and 4.5% of its sales coming from the state); *Green-McKenzie v. Ford Motor Co.*, No. D59C1180000922 (Sarpy Cnty., Neb. Oct. 31, 2018) (Ford not subject to general jurisdiction in Nebraska).

Here, the U.S. Supreme Court's opinions in *Goodyear*, *Daimler*, and *BNSF* preclude this Court from exercising general jurisdiction over Ford in Missouri. Ford is incorporated in Delaware, has its principal place of business in Michigan, and does not have contacts with Missouri such that it could be considered "at home" in the State of Missouri. *See* **Exhibit A,** attached to Ford Motor Company's Motion to Dismiss or, in the Alternative, for More Definite Statement Directed to Plaintiffs' First Amended Petition. Accordingly, Plaintiffs have not—and cannot—plead sufficient facts giving rise to general jurisdiction over Ford in Missouri.

**B.  Plaintiffs' First Amended Petition Fails to State Claims Upon Which Relief May be Granted.**

**1.  Legal Standard.**

20

A motion to dismiss for failure to state a claim upon which relief can be granted is solely a test of the adequacy of the petition. *Bromwell v. Nixon*, 361 S.W.3d 393, 398 (Mo. banc 2012). Missouri is a fact pleading state. *See Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. App. E.D. 1998). The purpose of fact pleading is "to limit and define for the parties and the trial court the controverted issues and to facilitate a trial on the merits." *Id*. Thus, to survive a motion to dismiss "[t]he petition must state allegations of fact in support of each essential element of the cause pleaded." *Duvall v. Lawrence*, 86 S.W.3d 74, 80 (Mo. App. E.D. 2002). In addition, "[i]f the petition consists of only conclusions and does not contain ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id*.

### 2. Plaintiffs' Negligence (Count I) and Strict Liability (Count III) Claims Must be Dismissed as Plaintiffs Failed to Identify the Allegedly Defective Product.

Missouri law[4] requires that if a plaintiff seeks to recover on the basis that a product caused his injury, the plaintiff must identify the product which he alleges caused his injury. *See City of St. Louis v. Benjamin Moore & Co.*, 226 S.W.3d 110, 115-16 (Mo. banc 2002). Specifically, Missouri courts have held that "where the plaintiff seeks to hold the defendants liable on the basis that their products caused harm to the plaintiff, the identification requirement must be satisfied," that is, he must identify the allegedly defective product. *Id*. Missouri courts have recognized that failing to establish product identification "risks exposing those defendants to liability greater than their responsibility and may allow the actual wrongdoer to escape liability." *Id*. at 116.

In *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241 (Mo. banc 1984), the Missouri Supreme Court held that in product liability cases a "plaintiff must establish some causal relationship between the

---

[4] Ford anticipates Plaintiffs will argue that Missouri law applies in this action, and, consequently, this motion addresses Missouri law. However, Ford does not waive, and specifically reserves, the right to argue application of the law of other applicable states.

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

defendant and the injury-producing agent." In conclusion, the court held that if plaintiffs are unable to identify the product they allege is defective, they have "pleaded themselves out of court." *Id*. at 244.

Here, Plaintiffs have failed to identify a single Ford product which they contend caused Mr. Butler's alleged injuries. Specifically, Plaintiffs have not identified a single product which they contend caused Mr. Butler's mesothelioma. *See* **Plaintiffs' First Amended Petition**, Counts I, III. Instead, Plaintiffs make sweeping allegations regarding "asbestos-containing" materials and products without ever designating the specific products to which they are referring. *See generally* **Plaintiffs' First Amended Petition**. Plaintiffs have pled themselves out of Court by failing to identify the product or products which allegedly caused Mr. Butler's injuries. Therefore, Plaintiffs' strict liability and negligence claims (Counts I and III) must be dismissed for failure to state a claim upon which relief can be granted. Assuming this Court finds that the deficiencies in Plaintiffs' First Amended Petition do not warrant dismissal, Ford respectfully requests this Court enter its order requiring Plaintiffs to make their allegations more definite.

### 3. Plaintiffs' Willful and Wanton Misconduct (Counts II, V, and VII) Claims Must be Dismissed as Improper under MO. REV. STAT. § 510.261.

Plaintiffs' includes claims for willful and wanton misconduct, which are improper under Missouri law.  MO. REV. STAT. § 510.261.5 provides, "No initial pleading in a civil action shall contain a claim for a punitive damage award." *Id.*  Instead, plaintiffs must seek leave of court to file a later pleading containing such a claim. *Id.*  This recently enacted statute applies to cases filed on or after August 28, 2020. **MO. REV. STAT. § 510.262**.  Plaintiffs filed their original Petition on February 8, 2022.  Thus, Plaintiffs' claims for willful and wanton misconduct are improper and should be dismissed.

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

4. **Plaintiffs' Willful and Wanton Misconduct (Counts II, V, and VII) and Loss of Consortium (Counts IV and V) Claims and Must Fail Because They Have Failed to State a Claim on an Underlying Tort.**

The success of Plaintiffs' Willful and Wanton Misconduct and Loss of Consortium claims hinges on their ability to state a claim on an underlying tort, but Plaintiffs have been unable to state a claim on any underlying tort. Plaintiffs' claims, as stated in Counts II, V, and VII for Willful and Wanton Misconduct, are simply claims for punitive damages, which, in Missouri, requires as a precondition an award of compensatory damages. *See, e.g.*, **State Farm Mut. Auto. Ins. Co. v. Campbell**, 538 U.S. 408, 419 (2003) ("It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, *after having paid compensatory damages*, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." (emphasis added)); **Agnello v. Walker**, 306 S.W.3d 666, 678-79 (Mo. App. W.D. 2010). Missouri law dictates that a claim for punitive damages is not an independent cause of action, but rather a derivative claim based on an underlying tort. *See* **Jacobs v. Bonser**, 46 S.W.3d 41, 46-47 (Mo. App. E.D. 2001); **Pittman v. Ripley Cty. Mem'l Hosp**., 318 S.W.3d 289, 295 (Mo. Ct. App. 2010); **Marquis Fin. Servs. of Indiana Inc. v. Peet**, 365 S.W.3d 256, 262 (Mo. App. E. D. 2012). Missouri courts have thus stated "[i]t is a well accepted doctrine of law that no punitive damages can be awarded absent an award of actual damages." **Jacobs**, 46 S.W.3d at 46-47. Therefore, if the plaintiff cannot recover on the underlying tort claims, then the defendant is entitled to judgment as a matter of law on the plaintiff's punitive damages claim. **Id**.

Likewise, "a plaintiff's right to recover for the loss of consortium of [her] spouse is derivative only, so that if the spouse has no valid claim for personal injuries, the plaintiff cannot recover special damages flowing therefrom." **Id**. (*citing* **Teschner v. Physicians Radiology**, 761

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

S.W.2d 665, 667 (Mo. App. E.D. 1988)); *see also* ***Cobbins v. J.E. Dunn Constr. Co.***, No. 15-0031-CV-W-ODS, 2016 WL 6440139, at *4 (W.D. Mo. Oct. 28, 2016).

As previously noted, all of the counts in Plaintiffs' First Amended Petition fail to state a claim upon which relief can be granted. Therefore, Plaintiffs' claims for Willful and Wanton Misconduct and Loss of Consortium must be dismissed.

> **5. Plaintiffs' Claims for Negligent Spoliation of Evidence (Count VI) and Willful and Wanton Spoliation of Evidence (Count VII) Must Be Dismissed Because Neither Cause of Action Is Recognized Under Missouri Law.**

Plaintiffs' Counts VI and VII attempt to plead a cause of action for Negligent Spoliation of Evidence and Willful and Wanton Spoliation of Evidence. However, Missouri courts have consistently refused to recognize Spoliation of Evidence as a cause of action. *See* ***Pikey v. Bryant***, 203 S.W.3d 817, 822 (Mo. App. S.D. 2006); ***Brown v. Hamid***, 856 S.W.2d 51 (Mo. banc 1993); ***Marmaduke v. CBL & Assocs. Mgmt., Inc.***, 521 S.W.3d 257, 270 (Mo. Ct. App. 2017). "In Missouri, if a party has intentionally spoliated evidence, indicating fraud and a desire to suppress the truth, that party is subject to an adverse evidentiary inference." ***Fisher v. Bauer Corporation,*** 239 S.W.3d 693, 701 (Mo. App. E.D. 2007) (citations omitted); *see also* ***Pisoni v. Steak 'N Shake Operations, Inc.***, 468 S.W.3d 922, 926 (Mo. Ct. App. 2015). "However, Missouri has not recognized spoliation, either intentional or negligent, as the basis for tort liability against . . . a party . . . to the action in which the evidence was to be used." ***Id***. Even assuming *arguendo* that such a cause of action exists under Missouri law, it is clear that negligence is insufficient to establish spoliation. ***DeGraffenreid v. R.L. Hannah Trucking Co.***, 80 S.W.3d 866, 873 (Mo. App. W.D. 2002) *overruled on other grounds by* ***Hampton v. Big Boy Steel Erection***, 121 S.W.3d 220 (Mo. banc 2003) ("Simple negligence, however, is not sufficient to apply the adverse inference rule."); *see also* ***Marmaduke***, 521 S.W.3d at 269.

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Finally, though Plaintiffs allege Willful and Wanton Spoliation of Evidence, they have not pled facts to support their claim. In their Willful and Wanton Spoliation of Evidence count, Plaintiffs merely incorporate the paragraphs from their Negligent Spoliation of Evidence count, adding only boilerplate, conclusory statements that the Defendants' actions were intentional and/or reckless. *See, e.g.*, **Plaintiffs' First Amended Petition** Count VII, ¶¶ 1-3. Therefore, Plaintiffs' Counts VI and VII claims for purported Negligent Spoliation of Evidence and Willful and Wanton Spoliation of Evidence fail to state a claim upon which relief can be granted.

### 6. Plaintiffs' Claims for Failure to Recall Must be Dismissed Because Such a Cause of Action is Not Recognized Under Missouri Law.

Missouri law is clear that no private cause of action exists for a manufacturer's failure to recall or retrofit a product. *See* ***Morrison v. Kubota Tractor Corp.***, 891 S.W.2d 422 (Mo. App. W.D. 1994) (declining to recognize a private cause of action for failure to recall or retrofit a product); ***Wallace v. Dorsey Trailers Se., Inc.***, 849 F.2d 341 (8th Cir. 1988) (affirming the district court's holding that "in the absence of any Missouri law imposing a duty on a manufacturer, much less a corporate successor of that manufacturer, to retrofit a product absent a state or federal law mandating a recall of the product, [Defendant] was not negligent, as a matter of law, in failing to retrofit the allegedly defective aerial bucket lift.") (internal quotations omitted). Thus, absent a government mandated recall, a product manufacturer has no duty to recall or retrofit a product. *See id*.

Plaintiffs allege in their Negligence (Count I) and Willful and Wanton Misconduct (Count II) counts that Ford should be liable for its failure to recall asbestos-containing products. *See* **Plaintiffs' First Amended Petition**, Count I, ¶ 6(m), Count II ¶ 3(m). Such claims must be dismissed, as no such cause of action exists under Missouri law.

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

## CONCLUSION

This Court lacks specific and general personal jurisdiction over Ford. Moreover, Plaintiffs' First Amended Petition, and all counts thereof, fail to state a claim upon which relief may be granted. Specifically, Plaintiffs' Negligence (Count I) and Strict Liability (Count III) claims fail to identify the allegedly defective product and, thus, fail to state a claim under Missouri law. Additionally, Plaintiffs' claims for Willful and Wanton Misconduct (Counts II, V, and VII) must fail because they are improper under MO. REV. STAT. § 510.261.5. Further, Plaintiffs' derivative claims for Willful and Wanton Misconduct (Counts II, V, and VII) and Loss of Consortium (Counts IV and V) must fail because Plaintiffs' First Amended Petition fails to state a claim upon which relief can be granted on any underlying tort. Likewise, Plaintiffs' purported Negligent Spoliation of Evidence (Count VI) and Willful and Wanton Spoliation of Evidence (Count VII) claims fail to state a claim upon which relief can be granted as no such cause of action is recognized under Missouri law. As such, Plaintiffs' entire First Amended Petition fails to state a claim upon which relief can be granted, and Ford respectfully requests an order dismissing Plaintiffs' claims against Ford for lack of jurisdiction and for failure to state a claim upon which relief can be granted. In the alternative, Ford respectfully requests that this Court enter an order requiring Plaintiffs to make their allegations more definite.

Electronically Filed - City of St. Louis - June 21, 2022 - 02:13 PM

Respectfully submitted,

BY:    */s/ Sherry A. Rozell*
       Sherry A. Rozell, MO Bar # 34131
       Alex C. Riley, MO Bar # 69295
       MCAFEE & TAFT, PC
       4050 S. Fairview Ave.
       Springfield, MO 65807
       (417) 409-6000; (417) 409-6058 (fax)
       sherry.rozell@mcafeetaft.com
       alex.riley@mcafeetaft.com

       ATTORNEYS FOR DEFENDANT
       FORD MOTOR COMPANY

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was electronically filed and served on all counsel of record, this 21st day of June 2022.

*/s/ Sherry A. Rozell*

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, his wife, | ) | |
| | ) | Cause No. 2222-CC00226 |
| Plaintiffs, | ) | |
| | ) | Div. No. 1 |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, INDUSTRIAL HOLDINGS CORPORATION F/K/A THE CARBORUNDUM COMPANY'S MOTION PURSUANT TO SUPREME COURT RULE 55.27(d), MOTION FOR MORE DEFINITE STATEMENT, MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO STRIKE, MOTION TO DISMISS, and MOTION PURSUANT TO MISSOURI SUPREME COURT RULE 55.27(f), "CONSOLIDATION OF DEFENSES IN MOTION" DIRECTED TO PLAINTIFFS' FIRST AMENDED PETITION**

Comes now Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company, by and through its attorneys, HeplerBroom LLC, and for its Motion Pursuant to Supreme Court Rule 55.27(d), "Motion for More Definite Statement", Motion Pursuant to Supreme Court Rule 55.27(a) "Motion for Judgment on the Pleadings", Motion Pursuant to Supreme Court Rule 55.27(e), "Motion to Strike", Motion Pursuant to Supreme Court Rule 55.05 "Pleading Setting Forth Claims for Relief Shall Contain What", and Motion Pursuant to Missouri Supreme Court Rule 55.27(f), "Consolidation of Defenses in Motion" Directed to Plaintiffs' First Amended Petition, states as follows:

1.      This Motion is brought pursuant to Supreme Court Rule 55.03(c) entitled "Signing of Pleadings, Motions and Other Papers; Representations to Court; Sanctions," which states in pertinent part as follows:

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

(c)    Representation to the Court.    By presenting or maintaining a claim, defense, request, demand, objection, contention, or argument in a pleading, motion, or other paper filed with or submitted to the court, an attorney or party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that:

(1)    the claim, defense, request, demand, objection, contention, or argument is not presented or maintained for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  An attorney providing drafting assistance may rely on the otherwise self-represented person's representation of facts unless the attorney knows that such representations are false; and

(4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

2.    This Motion is brought pursuant to Supreme Court Rule 55.05 entitled "Pleading Setting Forth Claims for Relief Shall Contain What," which states in pertinent part:

"A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled…"

3.    This Motion is brought pursuant to Supreme Court Rule 55.27(a) entitled "Motion for Judgment on the Pleadings," which states in pertinent part as follows:

"(a) How Presented.  Every defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

   (1)     Lack of jurisdiction over the subject matter,

   (2)     Lack of jurisdiction over the person,

   (6)     Failure to state a claim upon which relief can be granted,

   (9)     That there is another action pending between the same parties for the same cause in this state,

   (10)    That several claims have been improperly united,…

A motion making any of these defenses shall be made:

(A) Within the time allowed for responding to the opposing party's pleading, or

(B) If no responsive pleading is permitted, within thirty days after the service of the last pleading.

Motions and pleadings may be filed simultaneously without waiver of the matters contained in either…

4.     This Motion is brought pursuant to Supreme Court Rule 55.27(d) entitled "Motion for More Definite Statement," which states in pertinent part as follows:

"A party may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required.  If the motion is granted and the order of the court is not obeyed within ten days after notice of the order, or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

5.     This Motion is brought pursuant to Supreme Court Rule 55.27(e) entitled "Motion to Strike", which states as follows:

"Motion to Strike.  Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty days after the service of the pleading upon any party or upon the court's own initiative at any time, the court may order stricken from any pleadings any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

6.     This Motion is brought pursuant to Supreme Court Rule 55.27(f) entitled "Consolidation of Defenses in Motion", which states as follows:

> "Consolidation of Defenses in Motion.  A party who makes a motion under this Rule 55.27 may join with it any other motions herein provided for and then available to the party.  If a party makes a motion under this Rule 55.27 but omits therefrom any defense or objection then available that this Rule 55.27 permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in Rule 55.27(g)(2) on any of the grounds there stated."

7.     It is well-settled that Missouri is a fact pleading jurisdiction. ITT Commercial Finance Co. v. Mid-America Marine Supply, 854 S.W.2d 371,379 (Mo. Banc 1993).

8.     To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendants of what the plaintiff will attempt to establish at trial. Bracey v. Monsanto Co., Inc., 823 S.W.2d 946, 951 (Mo. Banc 1992).

9.     Plaintiffs have failed to set forth facts as required by Rule 55.05. Although the petition does not have to plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement and cannot rely on mere conclusions.  Westphal v. Lake Lotawana Association, Inc., 95 S.W.3d 144, 152 (Mo.App.2003).

10.     Plaintiffs' First Amended Petition is such that Defendant cannot prepare a responsive pleading as required by Rule 55.27(d), as the Petition is not pled with sufficient definiteness to allow Defendant to determine the following:

a)     The dates involved in the claim;

b)     The products of all defendants;

c)     Defendant's products;

d)     The alleged hazard of asbestos.

4

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

11.    In earlier asbestos litigation, defendants were designers, manufacturers and sellers of the same type of product, i.e. asbestos insulation.

12.    At present, however, defendants in asbestos cases have a varied background including, but not limited to, the following:

      a)     Manufacturer of asbestos products;

      b)     Entities producing products to which asbestos was applied;

      c)     Premises defendants;

      d)     Construction material defect;

      e)     Friction material user;

      f)     Retailer of products.

13.    As a consequence, Plaintiffs must plead his facts with particularity towards each defendant in order to satisfy pleading requirements of Rule 55.05 and Missouri common-law.

14.    Plaintiffs' First Amended Petition should be dismissed pursuant to RSMo §516.190 because Plaintiffs' cause of action has been or may be fully barred by the laws of the state, territory or country which it originated.

15.    Plaintiffs plead exposure "from 1978 to 2018", "from 1986 to 1991", and "from 1978 to 1991", an overly broad period of time that cannot be reviewed absent more precise indication of time period, location and use of a specific product.

16.    In addition, Plaintiffs' First Amended Petition alleges redundant, immaterial and impertinent matters violating Supreme Court Rule 55.27(e).

17.    Plaintiffs' First Amended Petition should be transferred under the doctrine of forum non conveniens as no connection with St. Louis City, Missouri is pled.

18.    Defendant moves to dismiss because Plaintiffs have not demonstrated that this Court has personal jurisdiction over it either by way of general or specific jurisdiction.  See

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014) and State ex Rel. Norfolk S. Ry. Co. v. The Honorable Colleen Dolan, 512 S. W. 3d 41, 46 (Mo. banc 2017). As to general jurisdiction, Plaintiffs have not shown that Defendant is incorporated or otherwise formed in this state, or that Defendant has its principal place of business here. Daimler at 761-62; Norfolk at 47-48. Moreover, Plaintiffs have not pled facts sufficient to invoke specific jurisdiction by showing that Plaintiffs' claims arose in this state. Therefore, Plaintiffs have not established that this Court may exercise either general or specific personal jurisdiction over Defendant consistent with the Due Process Clause of the U.S. Constitution.

19.    The allegations of asbestos exposure in the First Amended Petition are vague and unclear, and pertinent facts relating to choice of law in this matter are not yet known. Defendant therefore reserves the right to amend this motion to incorporate other state or federal law, and may further move to apply other state or federal law as facts are developed.

## JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

20.    Paragraph 2 states that Plaintiff was employed at unidentified "various locations" "from 1978 to 2018".

21.    Paragraph 2 should be stricken as the same is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

   a)    Paragraph 2 fails to adequately specify the location (building, address, city, state) of Plaintiff's employment and/or alleged locale of exposure.

   b)    The time period alleged is overly vague.

22.    Paragraph 4 should be stricken as the same is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

   a)    No "asbestos containing materials and products" are identified;

   b)    It makes an allegation of "at all relevant times" without identifying a pertinent time";

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

c)    It lumps together allegations against all defendants with specifying if specific defendants allegedly mined, manufactured, sold, distributed, marketed, specified, designed, promoted, licensed, installed, removed asbestos/asbestos-containing materials or used them in some other unspecified way;

d)    It fails to distinguish between asbestos and asbestos-containing materials and products.

e)    No "equipment", "chattels", "instrumentalities", "procedures", or "technologies" of any Defendant are identified;

f)    The paragraph is meaningless absent facts regarding a product, exposure, and relationship between Plaintiff and Defendant.

23.    Paragraphs 5 and 13 should be stricken as the same are vague, indefinite, state conclusions and do not identify any facts.

24.    Paragraphs 8 and 9 should be stricken as the same are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the following reasons:

a)    These paragraphs are conclusions and do not contain any facts;

b)    Time period identified is overly vague;

c)    The words "ingested" or "otherwise absorbed" are vague and not capable of being the subject of a response;

d)    Paragraph 8 refers to "above described materials, products, conditions, and activities" but no materials, products, equipment or activities were described above.

25.    Paragraph 12 should be stricken or made more definite and certain as Plaintiffs' allegations are not sufficient to establish venue as defined by Revised Statutes of Missouri (RSMo) § 508.010. Plaintiffs fail to plead a specific location of first exposure, a necessary element to establish venue under the statute. There is also no evidence of exposure to a product, or at a premises of a Defendant with a registered agent in the City of St. Louis, Missouri or that Plaintiff resided in the City of St. Louis, Missouri at the time of alleged first exposure.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

26.    The introductory phrase to paragraph 3 should be stricken as merely "contributing" to the acquiring of an asbestos-related disease is not a basis for liability.

27.    Paragraphs 6, 7, and 11 should be stricken as the same are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the following reasons:

  a)    They fail to connect a specific Defendant to any of the vague acts referenced;

  b)    No facts supporting personal jurisdiction are pled.

28.    Paragraphs 14 and 15 should be stricken as they are meaningless to an allegation in a petition that does not identify a product, exposure, or time period.

29.    Paragraph 16 is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

  a)    It does not identify a work or exposure situation;

  b)    It does not identify a year;

  c)    It makes an allegation of "during times relevant hereto" without identifying a relevant time.

30.    Paragraph 18 of should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

  a)    No facts are pled for the conclusion of "direct and proximate result":

  b)    The statement that Plaintiff was "disabled" and "disfigured" should be stricken as the same is not proper;

  c)    The words "other health care services" should be stricken;

  d)    All references to "mental suffering" as a result of the inhalation, ingestion and absorption of said asbestos fibers should be stricken.

  e)    All references to "enjoyment of recreational/life activities" should be stricken.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

## COUNT I – NEGLIGENCE
## (MATERIALS/PRODUCTS/EQUIPMENT)

31.     Paragraph 1 of Count I should be stricken and/or made more definite and certain as the same incorporates defective pleadings (paragraphs 1-18 of the First Amended Petition) that are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the reasons set for in paragraphs 20-30 above.

32.     Count I of Plaintiffs' First Amended Petition purports to be an action based on negligence.

33.     In an action for negligence, it is the state of mind of the actor that is at issue, rather than the product.

34.     Paragraph 2 of Count I is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law as it is meaningless absent an allegation of the equipment, product and exposure.

35.     Paragraph 3 of Count I should be stricken as it is meaningless to a negligence allegation in a petition that does not identify a product, exposure or time period.

36.     Paragraph 4 and 5 are vague, indefinite, allege conclusions and are otherwise insufficient as a matter of law for the following reasons:

    a)     They make an allegation lumping those working with and around the unidentified product in one count;

    b)     They do not identify a work or exposure situation;

    c)     They do not identify a year;

    d)     Paragraph 5 of Count I also makes an allegation of "at all times herein relevant" without identifying a relevant time.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

37.    Paragraph 6(a) of Count I should be stricken or otherwise made more definite and certain as the same is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

a)    Paragraph 6(a) merely pleads Defendant's products contained asbestos;

b)    Paragraph 6(a) fails to define what was "known and/or knowable at the time";

c)    It does not state the time when this unidentified information was "known and/or knowable";

d)    It does not specify by whom this unidentified information was "known and/or knowable";

e)    Without a factual basis including product identification, exposure and relationship, the allegations of paragraph 6(a) cannot amount to negligence;

f)    The mere fact that materials/products contain a toxic substance is not a basis for liability as thousands of substances fit into that description.

g)    The phrase "disease-causing substance" should be stricken as vague and alleging a conclusion.

38.    Paragraph 6(b) is vague, indefinite, states a conclusion and is otherwise insufficient as a matter of law for the following reasons:

a)    Paragraph 6(b) merely pleads Defendant's parts and components contained asbestos;

b)    It fails to define what was "known and/or knowable at the time";

c)    It does not state the tie when this unidentified information was "known and/or knowable";

d)    It does not specify by whom this information was "known and/or knowable";

e)    The mere fact that parts/components contain a toxic substance is not a basis for liability as thousands of substances fit into that description;

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

f) The phrase "disease-causing substance" should be stricken as vague and alleging a conclusion;

g) Due to the lack of pleading a product exposure or relationship factually, the allegations of paragraph 6(b) are meaningless;

h) Without pleading product identification, exposure, relationship of parties and other relevant facts, negligence is not expressly pled and cannot be inferred in paragraph 6(b).

39. Paragraph 6(c) of Count I should be stricken or made more definite and certain as the same is vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law for the following reasons:

a) Plaintiffs fail to identify the "aforesaid activities" or "non-asbestos";

b) Plaintiffs' allegation means nothing more than a failure to make the product "better" which is not an issue as a matter of law in a negligence action;

c) Plaintiffs use the term "adequate," a term against which the Defendant cannot measure its conduct;

d) The allegation does not have a time component as the First Amended Petition as a whole leaves the time component vague and indefinite;

e) In a negligence action one looks at the conduct that took place and not at the conduct that could have been.

40. Paragraphs 6(d) and (e) of Count I should be stricken or made more definite and certain as the same are vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law for the following reasons:

a) Engaging in the activities listed is not in itself negligent and Plaintiffs have failed to plead any facts to make the same negligent;

b) Paragraph 6(d) refers to the "above-described equipment/vehicles/technologies" but no equipment, vehicles, or technologies are described above;

c) The reference to "others" in Paragraph 6 (e) should be stricken as the same is improper.

11

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

    d)    Due to the lack of pleading a product exposure or relationship factually, the allegations of paragraphs 6(d) and (e) are meaningless;

    e)    Without pleading product identification, exposure, relationship of parties and other relevant facts, negligence is not expressly pled and cannot be inferred in paragraphs 6(d) and (e).

41.    Paragraphs 6(f), 6(g), 6(h), 6(i) and 6(l) should be stricken as the same are indefinite, vague, allege conclusions and are otherwise insufficient as a matter of law for the following reasons:

    a)    Although purporting to plead a cause of action for failure to warn, these paragraphs try to expand the doctrine of failure to warn to include persons working "around" products;"

    b)    Plaintiffs have failed to plead any facts that would indicate how Defendant would provide a warning to persons working "around" products;"

    c)    Paragraphs 6(f), 6(g), 6(h), 6(i) and 6(l) are duplications based on failure to warn;

    d)    Paragraphs 6(f), 6(g), 6(h), 6(i) and 6(l) are duplications in that they could be component parts of a warning in the event Plaintiffs plead a product, exposure and other relevant facts;

    e)    Plaintiffs have failed to plead a work environment to which a "warning" or "instruction" could be applied;

    f)    They refer to "above described materials/products/equipment" but no materials, products or equipment are described above;

    g)    The use of the word "adequate" is without factual content against which Defendant's conduct can be compared;

    h)    Any negligence in an alleged failure to warn or failure to give instruction would be time sensitive and Plaintiffs have not pled a time period.

42.    Paragraph 6(j) of Count I should be stricken as the same is vague, indefinite, alleges conclusions and is otherwise insufficient as a matter of law for the following reasons:

a)  Based on the limited factual content in the First Amended Petition, Defendant assumes Plaintiffs are alleging that some testing should have been carried out to discover hazards leading to "asbestos-related diseases";

b)  The Defendant asks the Court to take judicial notice of the long latency period for asbestos-related diseases;

c)  Plaintiffs should be required to plead any test the Plaintiffs contend would have given Defendant notice of any health hazards given the latency period of asbestos-related disease;

d)  Paragraph 6(j) should be stricken as the same fails to provide for or state any testing procedure that should have been followed;

e)  Paragraph 6(j) fails to plead a "test" because no test exists or existed that a manufacturing corporation could have undertaken.

43.  Paragraph 6(k) of Count I should be stricken or made more definite and certain as the same is vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law for the following reasons:

a)  Omission listed is not in itself negligent and Plaintiffs have failed to plead any facts to make the same negligent;

b)  Paragraph 6(k)  fails to define "known or knowable information";

c)  Paragraph 6(k) fails to plead to whom this information was "known or knowable";

d)  Paragraph 6(k) refers to "aforesaid materials/products/equipment" but no material products or equipment are identified anywhere in the First Amended Petition;

e)  Paragraph 6(k) fails to plead time period;

f)  Due to the lack of pleading a product exposure or relationship factually, the allegations of paragraph 6(k) are meaningless.

44.  Paragraph 6(m) should be stricken as the same is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

a)  Failing to recall asbestos-containing products does not state a cause of action for product liability;

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

b)      Under Missouri law, no cause of action exists either for failure to recall a product or for negligent recall of a product. See, <u>Horstmyer v. Black & Decker, Inc</u>., 151 F.3d 765, 773 (8 Cir. 1998) (applying Missouri law); <u>Smith v. Firestone Tire & Rubber Co</u>., 755 F.2d 129, 135 (8 Cir. 1985) (applying Missouri law); <u>Efting v. Tokai Corp.</u>, 75 F.Supp.2d 1006, 1010-11 (W.D. Mo. 1999) (applying Missouri law);

c)      Plaintiffs have failed to plead any of the following operative facts of any recall:

    i)      The date a recall should have been conducted;

    ii)      The products to which the recall should have been directed;

    iii)      The form the recall should have taken;

    iv)      The determination upon which the recall should have been based; and

    v)      The party that should have been responsible for the specific recall.

45.    Paragraph 7 of Count I should be stricken or made more definite and certain as the same is vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law.

46.    Paragraph 7 of Count I should also be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

a)      Plaintiffs have failed to plead the facts required for the conclusion of "direct and proximate result";

b)      Paragraph 7 should also be stricken to the extent it incorporates paragraph 18 of the First Amended Petition which is defective for reasons set forth in paragraph 30 above.

47.    Count I should be stricken as whole for the following reasons:

a)      It fails to identify a product;

b)      It fails to identify dates of exposure;

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

    c)     It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

    d)     It fails to allege that exposure to Defendant's products was a substantial factor in acquiring mesothelioma.

48.    Plaintiff's prayer to Count I should be stricken to the extent it asks for a judgement of joint and several liability as the same is not sufficient as a matter of law, is not a proper subject of pleading under the law or the specific Petition and/or is meaningless under the lack of basic facts absent from this First Amended Petition.

## COUNT II – WILLFUL AND WANTON MISCONDUCT (MATERIALS/PRODUCTS/EQUIPMENT)

49.    Defendant repeats and re-alleges paragraphs 20-36 above, as if set out verbatim herein, in response to paragraph 1 of Count II of Plaintiffs' First Amended Petition.

50.    Plaintiffs have filed Count II of their First Amended Petition alleging "willful and wanton" misconduct.

51.    Plaintiffs have failed to allege any actions or conduct that amount to willful or wanton misconduct.

52.    Paragraph 2 of Count II is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

    a)     It does not identify a work or exposure situation;

    b)     It does not identify a year.

53.    Paragraph 3 of Count II subparagraphs (a) to (m) is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

    a)     Subparagraphs 3(a) through 3(m) of Count II state the same facts as subparagraphs 6(a) through 6(m) of Count I with the addition of words "intentionally" and/or "reckless disregard."

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

b)    Plaintiffs attempt to state a cause of action based on willful and wanton misconduct; however, Plaintiffs' allegations of willful and wanton misconduct do not identify any of the following:

    i)    A product;

    ii)    Facts surrounding the use of the product or the application of the product;

    iii)    The date of the alleged willful and wanton misconduct;

    iv)    The means by which the alleged willful and wanton misconduct was accomplished;

    v)    The facts amounting to intentional misconduct and/or reckless disregard for the safety of the Plaintiff.

c)    Plaintiffs allege that the mere inclusion of a toxic substance in a product is a basis for punitive damages, but the same alone cannot serve as a basis for punitive damages as almost everything (i.e. products) contains a substance that is toxic;

d)    Plaintiffs have failed to plead what "test" could have possibly been performed and its relation to any exposure of Plaintiff that would have prevented Plaintiff from acquiring mesothelioma;

e)    No duty exists under a product liability/neglect theory for failure to recall;

f)    As the "state of the art" i.e. body of knowledge) regarding asbestos has consistently grown and changed through the years, the exact time period regarding any conduct characterized as "willful and wanton" should be pled;

g)    No basis exists for a claim that a failure to adopt a substitute for asbestos is a basis for "willful and wanton misconduct "as the focus of willful and wanton misconduct is what occurred and not what could have occurred;

h)    Defendant has no idea to what Plaintiffs reference by the use of the words "known and/or knowable at the time";

i)    An action for failure to recall does not exist under the laws of the State of Missouri.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

54.     Paragraph 4 of Count II should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

a)     Paragraph 4 should be stricken to the extent it incorporates paragraph 18 of the First Amended Petition which is defective for the reasons set forth in paragraph 30 above;

b)     The Plaintiffs have failed to plead the conclusion of "direct and proximate result".

55.     Count II fails to plead any of the following necessary elements to support a willful and wanton count and should thus be stricken as a whole:

a)     It fails to identify a product;

b)     It fails to identify dates of exposure;

c)     It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

d)     It fails to allege that exposure to Defendant's products was a substantial factor in acquiring mesothelioma.

56.     Allowing Count II to stand would deny basic constitutional rights (Federal and State) in the areas of due process and equal protection as there is no basis for a defendant to know directly or by inference its alleged conduct for which punishment is sought.

57.     A pleading seeking punitive/exemplary damages should not be allowed absent Plaintiffs' ability to plead with facts the conduct upon which Plaintiffs base a request for punitive damages.

### COUNT III – STRICT LIABILITY
### (MATERIALS/PRODUCTS/EQUIPMENT)

58.     Count III of Plaintiffs' First Amended Petition purports to state a cause of action for "strict liability."

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

59.    Paragraph 1 of Count III should be stricken and/or made more definite and certain as the same incorporates defective pleadings (General Allegations and paragraphs 2-4) of Count I that are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the reasons set forth in paragraphs 20-36 above.

60.    Paragraphs 2 and 3 of Count III should be stricken as they are meaningless as strict liability allegations in a petition that does not identify a product, exposure or time period.

61.    Paragraph 4 of Count III should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

    a)    Paragraph 4 should be stricken to the extent it incorporates paragraph 18 of the First Amended Petition which is defective for the reasons set forth in paragraph 30 above;

    b)    The Plaintiffs have failed to plead the conclusion of "direct and proximate result".

62.    Count III should be stricken as whole for the following reasons:

    a)    It fails to identify a product;

    b)    It fails to identify dates of exposure;

    c)    It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

    d)    It fails to allege that exposure to Defendant's products was a substantial factor in acquiring mesothelioma.

63.    Plaintiff's prayer to Count III should be stricken to the extent it asks for a judgment of joint and several liability as the same is not sufficient as a matter of law, is not a proper subject of pleading under the law or the specific Petition and/or is meaningless under the lack of basic facts absent from this First Amended Petition.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

64.     Defendant attaches hereto as "Exhibit A" the Order of Judge David dated the 26th day of October, 2004.

### COUNT IV–NEGLIGENCE (LOSS OF CONSORTIUM)

65.     Defendant repeats and re-alleges paragraphs 20-64 above, as if set out verbatim herein, in response to paragraph 1 of Count IV of Plaintiffs' First Amended Petition.

66.     Paragraph 2 of Count IV and Count IV as a whole should be stricken for the following reasons:

a)     Defendant does not know what is referred to by "negligent acts and omissions of Defendants", as no facts have been pled regarding an act or omission of any Defendant;

b)     No facts have been pled to support the conclusion of deprivation of companionship, society and services.

### COUNT V–WILLFUL AND WANTON CONDUCT (LOSS OF CONSORTIUM)

67.     Defendant repeats and re-alleges paragraphs 20-64 above, as if set out verbatim herein, in response to paragraph 1 of Count V of Plaintiffs' First Amended Petition.

68.     Paragraph 2 of Count V and Count V as a whole should be stricken for the following reasons:

a)     Defendant does not know what is referred to by "willful, wanton, intentional, and/or reckless acts and omissions of Defendants", as no facts have been pled regarding an act or omission of any Defendant;

b)     No facts have been pled to support the conclusion of deprivation of companionship, society and services.

### COUNTS VI and VII

69.     Counts VI and VII of Plaintiffs' First Amended Petition should be stricken in their entirety because Missouri does not recognize spoliation, either intentional or negligent, as the basis for tort liability. See, e.g., Baugher v. Gates Rubber Co., Inc., 863 S.W.2d. 905, 907-08

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

(Mo. Ct. App. E.D. 1993) and <u>Tinder v. Lewis County Nursing Home</u>, 207 F. Supp. 2d. 951, 959 (E.D. Mo. 2001) (applying Missouri law).

WHEREFORE, Defendant, INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company, prays for an Order of this Court dismissing Plaintiffs' First Amended Petition or, in the alternative, ordering Plaintiffs to make same more definite and certain.

HEPLERBROOM LLC

By: */s/ Brenda G. Baum*

| | |
|---|---|
| BRENDA G. BAUM | #38428 |
| CARL J. GERACI | #46561 |
| ALEX BELOTSERKOVSKY | #50757 |

hbasb@heplerbroom.com
Attorneys for Defendant
211 North Broadway, Suite 2700
St. Louis, Missouri 63102
Phone:    (314) 241-6160
Fax:       (314) 241-6116
AB2

## CERTIFICATE OF SERVICE

The undersigned states that on the 22nd day of June, 2022, the foregoing was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system upon all Counsel of Record, pursuant to the June 21, 2013 Administrative Order.

*/s/ Brenda G. Baum*

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

STATE OF MISSOURI    )
                     ) SS
CITY OF ST. LOUIS    )

## MISSOURI CIRCUIT COURT
### TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

RICHARD HOWERTON,        )
                         )
        Plaintiff,       )
                         )
    vs.                  )    Cause No. 032-10492
                         )
                         )    Division No. 1
UNION CARBIDE CORP. et. al,  )
                         )
        Defendants.      )
                         )

## <u>ORDER</u>

The Court has before it Defendant Bondex International Inc.'s MOTION PURSUANT TO SUPREME COURT RULE 55.27(a) TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO SUPREME COURT RULE 55.27(d) AND MOTION TO STRIKE PURSUANT TO SUPREME COURT RULE 55.27(e). The motion seeks dismissal or in the alternative requests that the Court require Plaintiff to make the petition more definite and certain. The Court, having reviewed the submissions of the parties, the arguments of counsel, and the relevant authorities, now rules as follows.

Plaintiff bases his claims upon theories of negligence (Count I), strict liability (Count II), negligently supplying dangerous instrumentality (Count III), and conspiracy to commit fraud (Count IV, against Metropolitan Life Insurance Company and Pneumo Abex Corporation only). In this wrongful death action, Petitioner seeks damages against numerous Defendants alleging



Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

asbestos-related injuries caused by exposure to asbestos fibers emanating from products manufactured, sold, distributed or installed by Defendants.

In the motion to dismiss, Defendant contends Plaintiff has failed to state a cause of action upon which relief can be granted because Counts I through III are not pled with sufficient definiteness to allow Defendant to determine the dates of use or exposure involved in the claim regarding Defendant's product, the specific product to which Plaintiff was exposed, or the alleged hazard. Defendant complains that this leaves it not knowing the real fact issues before trial. Plaintiff counters that the petition sufficiently states causes of action, and that because Defendant is continuously involved in asbestos cases of this sort it is well aware of why it is being sued and what products are involved. Plaintiff contends the petition is a standard one that has been used in this circuit for many years, and which has consistently withstood motions to dismiss. In support of this assertion Plaintiff refers the Court to the standard pretrial order of Judge Robert Dierker in cause No. 942-11073, which required Plaintiff to file an amended petition after discovery was completed and before trial.

A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. The Court assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. Grewell v. State Farm Mut. Auto. Ins.Co., 102 S.W.3d 33, 36 (Mo. 2003). No attempt is made to weigh any facts as to whether they are credible or persuasive. Instead, the petition is reviewed to see if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. Nazeri v. Missouri Valley College, 860 S.W.2d 303, 306 (Mo. banc 1993). The petition is sufficient to withstand the motion if it "invokes substantive principles of law entitling plaintiff to relief and

2

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial." Grewell, 102 S.W.3d 33 at 36, quoting Bracey v. Monsanto, 823 S.W.2d 946, 951 (Mo. banc 1992). Although the petition need only allege ultimate facts, mere conclusions of the pleader that are not supported by factual allegations are disregarded in determining whether a petition states a cause of action on which relief can be granted. Johnston v. Norrell Health Care, Inc., 835 S.W.2d 565, 567 (Mo. App. E.D. 1992). The petition should not be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact. Id., citing Merriman v. Canton, 395 S.W.2d 106, 109 (Mo. 1965).

After a careful review of Plaintiff's petition, and considering both the nature of the litigation and this Circuit's past practice with respect to such litigation, the Court finds that the petition, while not a model of specificity, adequately states causes of action to overcome the motion to dismiss at this time.

Having thus ruled, the Court is nevertheless persuaded that Defendant's motion for more definite statement has merit. Rule 55.27(d) provides that a party may move for a more definite statement of any matter contained in a pleading which is not averred with sufficient particularity to enable the party to prepare a responsive pleading. As with a motion to dismiss, a motion for more definite statement is directed to the pleading itself. Hartvedt v. Harpst, 173 S.W.2d 65, 68 (Mo. 1943). A party who files a motion to make more definite and certain, in effect, concedes that the petition states a cause of action, but challenges, as an injustice to the defendant, the stating of the claim in the manner pleaded. Glidewell by Nabors v. S.C. Mgmt. 923 S.W.2d 940, 952 (Mo. App. 1995), citing Kornberg v. Getz Exterminators, Inc., 341 S.W.2d 819, 820 (Mo.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:36 AM

1961). A pleading is subject to such a motion when it is so indefinite and uncertain as to make it unfair to force the defendant to a trial thereon. <u>Hartvedt</u>, 173 S.W.2d at 67.

The Court finds that while the petition states causes of action, it would be an injustice to force Defendant to trial of the case based upon the petition as presently pleaded. Therefore, upon completion of discovery, but not later than 75 days prior to the trial setting, Plaintiff shall file an amended petition setting forth specifically the dates of claimed exposure to each specified product manufactured, sold, distributed or installed by Defendant. Further motions to dismiss or for summary judgment must be filed at least 65 days before the scheduled trial date.

THEREFORE, it is Ordered and Decreed that Defendant's MOTION PURSUANT TO SUPREME COURT RULE 55.27(a) TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION TO STRIKE PURSUANT TO SUPREME COURT RULE 55.27(e) is denied. Defendant's MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO SUPREME COURT RULE 55.27(d) is granted as set forth above.

SO ORDERED:

_____
Michael P. David, Judge

Dated: _Oct 26, 2004_

cc:    Attorneys of record

4

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| **DAVID BUTLER and** | ) |
| **KATHY BUTLER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 2222-CC00226** |
| **v.** | ) |
| | ) |
| **A.W. CHESTERTON COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>DEFENDANT WESTERN AUTO SUPPLY COMPANY'S</u>**
**<u>ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION</u>**

COMES NOW, Defendant, WESTERN AUTO SUPPLY COMPANY, by and through its attorneys, Swanson, Martin & Bell, LLP, hereby files its Answer to Plaintiffs' First Amended Petition (hereinafter "Petition"). In support thereof, Western Auto states as follows:

<u>PRELIMINARY STATEMENT</u>

Many of the allegations of the Petition purportedly apply to Western Auto as well as the other defendants.  Unless otherwise stated below, Western Auto has no knowledge of the actions of other defendants and, therefore, limits its answer to Western Auto, and denies each and every other allegation contained therein.

<u>JURISDICTION, VENUE AND GENERAL ALLEGATIONS</u>

1.	Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' First Amended Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

2.       Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Plaintiffs' First Amended Petition, and, therefore, denies same.

3.       Western Auto admits it is a foreign corporation. Western Auto denies any and all remaining allegations contained in Paragraph 3 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' First Amended Petition, and, therefore, denies same.

4.       Western Auto denies any and all allegations contained in Paragraph 4 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' First Amended Petition, and, therefore, denies same.

5.       Western Auto denies any and all allegations contained in Paragraph 5 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Plaintiffs' First Amended Petition, and, therefore, denies same.

6.       Western Auto denies any and all allegations contained in Paragraph 6 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiffs' First Amended Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

7.    Western Auto denies any and all allegations contained in Paragraph 7 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiffs' First Amended Petition, and, therefore, denies same.

8    Western Auto denies any and all allegations contained in Paragraph 8 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiffs' First Amended Petition, and, therefore, denies same.

9.    Western Auto denies any and all allegations contained in Paragraph 9 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiffs' First Amended Petition, and, therefore, denies same.

10.    Western Auto denies any and all allegations contained in Paragraph 10 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiffs' First Amended Petition, and, therefore, denies same.

11.    Western Auto denies any and all allegations contained in Paragraph 11 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

admit or deny the allegations contained in Paragraph 11 of Plaintiffs' First Amended Petition, and, therefore, denies same.

        12.      Western Auto denies any and all allegations contained in Paragraph 12 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiffs' First Amended Petition, and, therefore, denies same.

        13.      Western Auto denies any and all allegations contained in Paragraph 13 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiffs' First Amended Petition, and, therefore, denies same.

        14.      Western Auto denies any and all allegations contained in Paragraph 14 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiffs' First Amended Petition, and, therefore, denies same.

        15.      Western Auto denies any and all allegations contained in Paragraph 15 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' First Amended Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

16.     Western Auto denies any and all allegations contained in Paragraph 16 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' First Amended Petition, and, therefore, denies same.

17.     Western Auto denies any and all allegations contained in Paragraph 17 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' First Amended Petition, and, therefore, denies same.

18.     Western Auto denies any and all allegations contained in Paragraph 18 of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' First Amended Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' First Amended Petition be dismissed at Plaintiff's expense.

<u>COUNT I</u>
<u>NEGLIGENCE</u>

1.     Western Auto restates and incorporates its answers to Paragraphs 1 through 18 of the General Allegations of Plaintiffs' First Amended Petition for its response to Paragraph 1 of Count I of Plaintiffs' First Amended Petition.

2.     Western Auto denies any and all allegations contained in Paragraph 2 of Count I of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count I of Plaintiffs' First Amended Petition, and, therefore, denies same.

3.      Western Auto denies any and all allegations contained in Paragraph 3 of Count I of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count I of Plaintiffs' First Amended Petition, and, therefore, denies same.

4.      Western Auto denies any and all allegations contained in Paragraph 4 of Count I of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Count I of Plaintiffs' First Amended Petition, and, therefore, denies same.

5.      Western Auto denies any and all allegations contained in Paragraph 5 of Count I of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Count I of Plaintiffs' First Amended Petition, and, therefore, denies same.

6.      Western Auto denies any and all allegations contained in Paragraph 6 of Count I, including subparts (a) – (m), of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Count I of Plaintiffs' First Amended Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

7.      Western Auto denies any and all allegations contained in Paragraph 7 of Count I of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Count I of Plaintiffs' First Amended Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' First Amended Petition be dismissed at Plaintiff's expense.

<div align="center">

COUNT II
WILLFUL/WANTON MISCONDUCT

</div>

1.      Western Auto reinstates and incorporates its answers to Paragraphs 1 through 18 of the General Allegations of Plaintiffs' First Amended Petition and paragraphs 2 through 4 of Count I of Plaintiffs' First Amended Petition for its response to Paragraph 1 of Count II of Plaintiffs' First Amended Petition.

2.      Western Auto denies any and all allegations contained in Paragraph 2 of Count II of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count II of Plaintiffs' First Amended Petition, and, therefore, denies same.

3.      Western Auto denies any and all allegations contained in Paragraph 3 of Count II, including subparts (a) – (m), of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count II of Plaintiffs' First Amended Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

4.      Western Auto denies any and all allegations contained in Paragraph 4 of Count II of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Count II of Plaintiffs' First Amended Petition, and, therefore, denies same.

5.      Western Auto denies any and all allegations contained in Paragraph 5 of Count II of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Count II of Plaintiffs' First Amended Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' First Amended Petition be dismissed at Plaintiff's expense.

<u>COUNT III</u>
<u>STRICT LIABILITY</u>

1.      Western Auto reinstates and incorporates its answers to Paragraphs 1 through 18 of the General Allegations of Plaintiffs' First Amended Petition and paragraphs 2 through 4 of Count I of Plaintiffs' First Amended Petition for its response to Paragraph 1 of Count III of Plaintiffs' First Amended Petition.

2.      Western Auto denies any and all allegations contained in Paragraph 2 of Count III of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count III of Plaintiffs' First Amended Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

3.     Western Auto denies any and all allegations contained in Paragraph 3 of Count III of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count III of Plaintiffs' First Amended Petition, and, therefore, denies same.

4.     Western Auto denies any and all allegations contained in Paragraph 4 of Count III of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Count III of Plaintiffs' First Amended Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' First Amended Petition be dismissed at Plaintiff's expense.

<div align="center">

COUNT IV
NEGLIGENCE – LOSS OF CONSORTIUM

</div>

1.     Western Auto restates and incorporates its answers to The General Allegations and its answers to Counts I – III  for its response to Paragraph 1 of Count IV of Plaintiffs' First Amended Petition.

2.     Western Auto denies any and all allegations contained in Paragraph 2 of Count IV of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count IV of Plaintiffs' First Amended Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' First Amended Petition be dismissed at Plaintiff's expense.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

<u>COUNT V</u>
<u>WILLFUL/WANTON MISCONDUCT – LOSS OF CONSORTIUM</u>

1.     Western Auto restates and incorporates its answers to The General Allegations and its answers to Counts I – IV  for its response to Paragraph 1 of Count V of Plaintiffs' First Amended Petition.

2.     Western Auto denies any and all allegations contained in Paragraph 2 of Count V of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count V of Plaintiffs' First Amended Petition, and, therefore, denies same.

3.     Western Auto denies any and all allegations contained in Paragraph 3 of Count V of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count V of Plaintiffs' First Amended Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' First Amended Petition be dismissed at Plaintiff's expense.

<u>COUNT VI</u>
<u>NEGLIGENCE - SPOLIATION OF EVIDENCE</u>

1.     Western Auto restates and incorporates its answers to The General Allegations response to Paragraph 1 of Count VI of Plaintiffs' First Amended Petition.

2.     Western Auto denies any and all allegations contained in Paragraph 2 of Count VI of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

information to admit or deny the allegations contained in Paragraph 2 of Count VI of Plaintiffs' First Amended Petition, and, therefore, denies same.

3.      Western Auto denies any and all allegations contained in Paragraph 3 of Count VI of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count VI of Plaintiffs' First Amended Petition, and, therefore, denies same.

4.      Western Auto denies any and all allegations contained in Paragraph 4 of Count VI of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Count VI of Plaintiffs' First Amended Petition, and, therefore, denies same.

5.      Western Auto denies any and all allegations contained in Paragraph 5 of Count VI of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Count VI of Plaintiffs' First Amended Petition, and, therefore, denies same.

6.      Western Auto denies any and all allegations contained in Paragraph 6 of Count VI of Plaintiffs' First Amended Petition directed toward Western Auto. With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Count VI of Plaintiffs' First Amended Petition, and, therefore, denies same.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

7.    Western Auto denies any and all allegations contained in Paragraph 7 of Count VI of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Count VI of Plaintiffs' First Amended Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' First Amended Petition be dismissed at Plaintiff's expense.

<p style="text-align:center">COUNT VII<br>WILLFUL/WANTON MISCONDUCT - SPOLIATION OF EVIDENCE</p>

1.    Western Auto restates and incorporates its answers to The General Allegations and paragraphs two (2) through five (5) of Count VI for its response to Paragraph 1 of Count VII of Plaintiffs' First Amended Petition.

2.    Western Auto denies any and all allegations contained in Paragraph 2 of Count VII of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count VII of Plaintiffs' First Amended Petition, and, therefore, denies same.

3.    Western Auto denies any and all allegations contained in Paragraph 3 of Count VII of Plaintiffs' First Amended Petition directed toward Western Auto.  With respect to the remaining allegations directed toward other defendants, Western Auto is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count VII of Plaintiffs' First Amended Petition, and, therefore, denies same.

WHEREFORE, Western Auto prays that Plaintiffs' First Amended Petition be dismissed at Plaintiff's expense.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

## AFFIRMATIVE DEFENSES TO ALL COUNTS

### 1. FAILURE TO STATE A CLAIM

Plaintiffs' First Amended Petition and all purported causes of action stated therein fail to state a claim or a cause of action against Western Auto upon which relief can be granted.

### 2. LACK OF PERSONAL JURISDICTION

This Court lacks general personal jurisdiction over Western Auto or over the incidents and persons joined in this matter. Subjecting Western Auto to general jurisdiction in this case would violate both long standing Missouri law and federal due process under the *Daimler* decision. Pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), general jurisdiction is constitutionally proper only where a "corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (emphasis added). Applying that test, the Supreme Court held that, except perhaps in an exceptional case, a corporation is "at home," and hence subject to general jurisdiction, in only two states—its state of incorporation and its principal place of business. *Id.* at 760.

This Court further lacks specific personal jurisdiction over Western Auto or over the incidents and persons joined in this matter. Plaintiff's injuries did not occur in Missouri, nor did they arise from any acts that Western Auto took in Missouri, nor from extraterritorial acts that produced consequences in this state. Specific jurisdiction is therefore unavailable under both Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, and the Due Process Clause.

Further, the Supreme Court of Missouri recently issued an opinion bearing directly on the issue of whether a Missouri court has personal jurisdiction over a defendant. In *State ex rel. Norfolk Southern Railway Co. v. Dolan*, the Court held that where a personal injury action did not arise

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. 512 S.W.3d 41, 44 (Mo. banc 2017). The Court also held that Missouri could not assert general jurisdiction over a defendant company unless it is incorporated in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id*. Finally, the Court held that Missouri's registration statute does not require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* at 52.

### 3. LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the incidents and persons joined in this matter.

### 4. IMPROPER VENUE

Venue is improper, so the Petition should be dismissed.

### 5. FAILURE TO JOIN NECESSARY AND/ORINDISPENSABLE PARTIES

The Petition fails to join necessary and/or indispensable parties. Thus, the Plaintiff's claim is barred.

### 6. DE MINIMIS EXPOSURE

If Plaintiff was exposed to any products of Western Auto, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by Plaintiff.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

## 7. STATUTE OF LIMITATIONS

Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, Mo. Rev. Stat. 516.120 and 537.080

## 8. LACHES, ESTOPPEL AND WAIVER

Plaintiff unreasonably delayed in bringing this action against Western Auto in a way which prejudiced its rights. Therefore, Plaintiff's causes of action are barred by the doctrines of laches, estoppel, and/or waiver.

## 9. ASSUMPTION OF THE RISKS

Plaintiff knew, understood, and appreciated the risks and hazards involved in the products and, therefore, Plaintiff's causes of action against Western Auto are barred by Plaintiff's assumption of the risks.

## 10. COMPARATIVE FAULT OF PLAINTIFF

If Plaintiff sustained any injury or damages, which Western Auto denies, such injuries or damages were directly and proximately caused or contributed to, in whole or in part, by Plaintiff's own culpable conduct, negligence, and/or fault. Therefore, said fault would bar or reduce recovery in proportion to the culpable conduct and negligence of Plaintiff.

## 11. IMPROPER USE

Plaintiff neither used Western Auto' products as reasonably anticipated by Western Auto, nor for purposes intended by Western Auto. Therefore, if Plaintiff sustained any injury or damages, which Western Auto denies, such injuries or damages were directly and proximately caused by Plaintiff's misuse or improper use of Western Auto' products.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

## 12. FAILURE TO USE ORDINARY CARE

Plaintiff unreasonably failed to appreciate the dangers involved in the use of the products alleged in Plaintiffs' First Amended Petition or the consequences thereof. Thus, Plaintiff unreasonably exposed himself to the dangers that a reasonably careful user would reasonably appreciate under the same or similar circumstances

## 13. SOLE CAUSE

The culpable conduct of Plaintiff, co-defendants, and/or third-parties, over which Western Auto had no control, was the sole cause of any alleged damages or injuries Plaintiff may have sustained. Consequently, no act or omission of Western Auto was a proximate cause of any damages or injuries allegedly sustained by Plaintiff, thereby prohibiting the imposition of liability on Western Auto.

## 14. INTERVENING CAUSE

The culpable conduct and/or negligence of co-defendants and third-parties, not under the control of Western Auto, was a direct and proximate cause of the alleged injuries of Plaintiff. Such conduct or negligence was an intervening or superseding cause, which prohibits the imposition of liability on Western Auto.

## 15. NO DUTY TO WARN

Plaintiff, his employers, and any other persons or entities, other than Western Auto, were sophisticated purchasers and users of the products identified in Plaintiffs' First Amended Petition, who required no warning in order to be fully appraised of the potential dangers of the use of such products.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

## 16. NO FORESEEABLE RISK OF HARM

Western Auto did not have a duty to warn Plaintiff, as its products did not represent a foreseeable risk of harm to Plaintiff.  The scope of any duty to warn on the part of Western Auto did not extend to Plaintiff as a non-user of any of the products.

## 17. FAILURE TO MITIGATE

Plaintiff failed to mitigate damages, which bars or reduces recovery.

## 18. CONSTITUTIONAL DEFENSES AGAINST PUNITIVE DAMAGES

Plaintiffs' First Amended Petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded because it violates the United States and/or Missouri Constitutions, including, but not limited to, the following particulars:

(a)   Plaintiff's claim for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Missouri Constitution;

(b)   Plaintiff's claim for punitive damages is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment;

(c)   Plaintiff's claim for punitive damages violates Western Auto' right to equal protection under the law provided in the Fifth and Fourteenth Amendments of the United States Constitution and is otherwise unconstitutional under the United States Constitution and the Missouri Constitution;

(d)   Plaintiff's claim for punitive damages violates Western Auto' right to substantive due process as provided in the Fifth and Fourteenth

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

Amendments of the United States Constitution and the Missouri Constitution;

(e)     Plaintiff's claim for punitive damages violates the Contract Clause of the United States Constitution; and

(f)     Plaintiff's claim for punitive damages violates the Fourth and Sixth Amendments to the United States Constitution.

The claim for punitive damages violates the United States Constitution and Missouri Constitution for, but not limited to, the following reasons:

(aa)     The jury is given unfettered discretion to award punitive damages on vague grounds with no objective standards;

(bb)     A presumption of innocence is not applied;

(cc)     Specific intent is not required;

(dd)     A unanimous jury verdict is not required;

(ee)     The purpose is the punishment of Western Auto and is tantamount to the imposition of a criminal fine based upon conduct, which is not defined with sufficient precision to give Western Auto advance notice of that conduct;

(ff)     Although indistinguishable from a criminal penalty, a lesser standard of proof and procedural safeguards is required than in criminal cases;

(gg)     Multiple awards of punitive damages can be made for the same acts or omissions;

(hh)     The imposition of punitive damages would constitute an excessive fine;

(ii)     Such punishment is retrospective in operation, constituting an uncertain remedy and impairing Western Auto' access to the courts;

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

(jj)  Joint and several judgments against multiple defendants for different alleged acts of wrongdoings may result; and

(kk)  The imposition of different penalties for the same or similar acts may be the result of an imposition of punitive damages, constituting an irrational, arbitrary and capricious punishment. Moreover, a discrimination on the basis of wealth would result.

## 19. STATE OF THE ART

The state of the medical and scientific knowledge, the published literature and other materials reflecting said state of the art at all relevant times was such that Western Auto neither knew, nor could have known that their products presented a foreseeable risk of harm, if any, to the Plaintiff in the normal and expected use of these products, according to the law in full force and effect at the time of the transactions complained of.  Thus, said products were neither defective, nor unreasonably dangerous.  The methods, standards and techniques of selling, distributing or installing any asbestos containing products by Western Auto were performed in conformity with the generally recognized state of the art existing at the time such products were sold, distributed, or installed by Western Auto and placed in the stream of commerce.  Western Auto demands trial by jury.

## 20. UNAVOIDABLY UNSAFE PRODUCT

Plaintiff is barred from any recovery due to the fact that there was no known adequate substitute for the asbestos containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

## 21. CHANGE IN PRODUCT

All or some products to which Plaintiff was exposed may have been in a substantially changed condition or may have been altered or mishandled since the time said products left the control of Western Auto.  Such abuse or misuse may constitute the sole proximate cause, or an intervening or superseding cause of Plaintiff's alleged injuries or damages.

## 22. UNRELATED CAUSES

Plaintiff's alleged physical condition is due solely to an unrelated disease process or other causes unrelated to Western Auto' products.

## 23. "INNOCENT SELLER" DEFENSE

Western Auto is considered an "innocent seller" under Missouri Revised Statute § 537.762. Western Auto is aware of no basis for alleged liability to Plaintiff, other than as a seller in the stream of commerce, and therefore should be dismissed.

## 24. SET-OFF/SATISFACTION

Pursuant to Missouri Revised Statute § 537.060, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by Plaintiff to any person allegedly liable for the same injuries claimed in this action shall reduce Plaintiff's claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  To date, Plaintiff has not disclosed any such agreements, and Western Auto does not otherwise currently possess knowledge or information regarding any such agreements between Plaintiffs and any party or nonparty.  As such, the precise identity of any entities with whom Plaintiff may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Western Auto at this time.  Western Auto is entitled to a reduction for the stipulated or paid amounts of all settlement agreements under Missouri Revised Statute §

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

537.060, as well as setoffs for any future compensation Plaintiff receives in the form of payments from any other parties or entities for the alleged damages.

<div align="center">25. NEGLIGENCE OF NON-PARTIES</div>

Plaintiff's losses, if any were caused or directly contributed to by the negligence of others over whom Western Auto exercised no control or had no legal duty to control. Western Auto is not liable for any losses caused by others.  Plaintiff is, therefore, barred from any recovery from Western Auto, or alternatively, recovery should be apportioned under the doctrine of comparative fault and comparative indemnity.

<div align="center">26. BARRED BY EXCLUSIVITY PROVISION OF §287.120</div>

Some or all of Plaintiff's claims are barred by the exclusive remedy provision of the Missouri Workers' Compensation Act and Occupational Diseases Act pursuant to Mo.Rev. Statute §287.120, or under analogous statutes under any other applicable state's law.

<div align="center">27. ADDITIONAL DEFENSES</div>

Western Auto will assert any and all additional defenses which become available or appear in this action.  Western Auto specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

<div align="center">28. ADOPTION OF OTHER DEFENDANTS' DEFENSES</div>

Western Auto adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to Western Auto.

<div align="center">29. ALLOCATION OF FAULT</div>

Western Auto alleges that one or more of the parties to this action and/or other persons whose identities are not presently known were negligent or legally responsible or otherwise at fault for the damages alleged in Plaintiffs' First Amended Petition.  Therefore, Western Auto requests

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

that in the event of any award against it, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties pursuant to Section §537.067 R.S.Mo.  Western Auto further requests a judgment or declaration of indemnification and contribution against all those parties or person in accordance with the apportionment of fault.

<u>30.  PUNITIVE DAMAGES</u>

Pursuant to RSMo. § 510.261(5), "(n)o initial pleading in a civil action shall contain a claim for a punitive damage award".  Section 510.261(5) further states that "(a)ny later pleading containing a claim for a punitive damage award may be filed only with leave of the court". This section applies to cases filed after August 28, 2020. Defendant has not been made aware of any court rulings granting plaintiff to plead punitive damages. Therefore, this count must be dismissed.

WHEREFORE, Defendant, WESTERN AUTO SUPPLY COMPANY, prays that Plaintiffs' First Amended Petition be dismissed against it, for its costs incurred, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted

SWANSON MARTIN & BELL, LLP

/s/ April A. Vesely
One of the Attorneys for Defendant,
**WESTERN AUTO SUPPLY COMPANY**

April A. Vesely (MO Bar #65450)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312)   321-9100
(312) 321-0990 (Fax)
avesley@smbtrials.com

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | |
|---|---|
| **DAVID BUTLER and** | ) |
| **KATHY BUTLER,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 2222-CC00226** |
| **v.** | ) |
| | ) |
| **A.W. CHESTERTON COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>DEFENDANT WESTERN AUTO SUPPLY COMPANY'S OBJECTION TO
PERSONAL JURISDICTION AND MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED PETITION</u>**

COMES NOW, Defendant WESTERN AUTO SUPPLY COMPANY ("Western Auto"), by and through its attorneys, Swanson Martin & Bell, LLP, and, for its Motion to Dismiss pursuant to Missouri Revised Statutes §537.762, states as follows:

1.    Plaintiffs filed their Petition ("Petition") against numerous defendants including WESTERN AUTO. Specifically against this defendant, Plaintiffs allege negligence, strict liability, willful and wanton misconduct, and possibly, conspiracy.

2.    Plaintiffs' First Amended Petition fails to state a claim upon which relief can be granted and/or fails to set forth with sufficient specificity facts or alleged facts upon which the claim is based so as to fully and completely apprise WESTERN AUTO of the nature and basis of the complaint and allegations made against it in violation of Missouri Supreme Court Rule 55.05. Under Missouri law, the pleadings must identify the facts upon which the Plaintiff's claim rests. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993).

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

3.      The purpose of fact pleading is the quick, efficient, and fair resolution of disputes as fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995).

4.      In this case, Plaintiffs have violated both the substance and spirit of that law in that the Petition is wholly devoid of basic factual information.  Plaintiffs brings this cause of action against multiple defendants.  All of the defendants have been combined together in Plaintiffs' allegations.  Plaintiff does not identify the type of alleged asbestos product(s) to which he was allegedly exposed.  Plaintiff does not identify any defendant as having manufactured or sold any specific asbestos-containing product to which he was allegedly exposed.  Plaintiff does not identify with any particularity the time period in which he was allegedly exposed.  Plaintiff does not identify with any particularity any location at which he was allegedly exposed.  Plaintiff does not allege the type of activity or job duty he was performing that allegedly exposed him to an asbestos-containing product.  Instead, Plaintiff merely sets forth bare conclusions.  Mere conclusions of the pleader not supported by factual allegations are disregarded. *Commercial Bank of St. Louis Co. v. James*, 658 S.W.2d 17, 21-22 (Mo. banc 1983).

5.      In addition to his failure to plead claims with the necessary particularity, Plaintiff has failed to plead facts establishing the specific elements of each of the claims against WESTERN AUTO.

6.      In Counts I, IV and VI Plaintiffs alleges negligence against defendants, including WESTERN AUTO, as employers and manufacturers, distributors, and sellers of asbestos-containing products.  In order to plead a cause of action for negligence, a plaintiff must establish that defendants owed a duty to plaintiff to protect him from injury, that defendants failed to

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

perform that duty, and that the failure caused the injuries. *Meekins v. St. John's Reg. Health Ctr.*, 149 S.W.3d 525, 532 (Mo.App.S.D. 2004). In this case, however, Plaintiff does not allege facts that demonstrate that any defendant owed any legal duty of care to him and/or that that any defendant breached any such duty. Without such facts, Plaintiff has failed to state a claim against defendants for negligence. Counts I, IV and VI should be dismissed.

7.    In Count III, Plaintiffs attempt to allege strict liability against all of the defendants, including WESTERN AUTO, as manufacturers, distributors, and sellers of asbestos-containing products. In order to plead a cause of action for strict liability based on a defective design, a plaintiff must plead facts that establish: (1) the product was sold in the course of defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) plaintiff was damaged as a direct result of a defective condition which existed at the time the product was sold. *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 637-38 (Mo. Banc 1987). Because Plaintiff has not alleged any facts regarding the type of alleged asbestos-containing products to which he was exposed and how those products were being used, Plaintiff has failed to plead the elements of a strict liability claim for defective design. Count III should therefore be dismissed.

8.    In Counts II, V and  VII, Plaintiffs allege willful and wanton misconduct against defendants, including WESTERN AUTO. Plaintiff does not state a claim for willful and wanton misconduct against WESTERN AUTO, however, because Plaintiff fails to set forth any facts that demonstrate that WESTERN AUTO intentionally acted to harm him or that WESTERN AUTO showed complete indifference to or conscious disregard for his safety. *See Warner v. Southwestern*

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

*Bell Telephone Co.*, 428 S.W.2d 596 (Mo. 1968).  As these facts are necessary for Plaintiff's willful and wanton misconduct claim but have not been pled, Counts II, V and VII should be dismissed.

9.    Plaintiffs' First Amended Petition fails to allege any basis for this Court to exercise jurisdiction over Defendant WESTERN AUTO.  This Defendant lacks sufficient contacts with Missouri to establish personal jurisdiction, and there is no jurisdictional basis for this suit against the above-named Defendant in Missouri pursuant to Missouri Supreme Court Rule 55.27(a)(2). The Supreme Court of the United States' recent decision in *Daimler AG v. Bauman* limited the forums that have general jurisdiction over a corporation to essentially two locations: the state of incorporation and the principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624, 761-762. (U.S. 2014).  WESTERN AUTO is incorporated in the state of Delaware with its principle place of business in Virginia.  Further, there is no specific jurisdiction as Plaintiff's claims do not arise from or relate to any contacts WESTERN AUTO has with Missouri. *See State ex rel. Norfolk Southern Railway Company v. The Honorable Colleen Dolan*, 2017 WL 770977 (Mo. Banc February 28, 2017). There is no general or specific jurisdiction as to this Defendant, and to require Defendant to defend this action in this Court would violate its rights to due process under the United States Constitution and the Constitution of the State of Missouri.

11.    Missouri courts may exercise personal jurisdiction over a nonresident defendant if the exercise of jurisdiction (1) is authorized by the Missouri long-arm statute and (2) does not violate the Due Process Clause of the United States Constitution. *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000).  Once the defendant raises a jurisdictional objection, it is the plaintiff's burden to plead and prove jurisdiction. *See State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. Ct. App. 2008); *Anderson Trucking Serv., Inc. v. Ryan*, 746 S.W.3d 647, 648 (Mo. Ct. App. 1998); *Pohlman v. Bil-Jax, Inc.*, 954 S.W.2d 371, 372 (Mo. Ct.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

App. 1997). Because Missouri is a fact-pleading jurisdiction (MO. R. CIV. P. 55.05; *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997)), plaintiff must allege ultimate facts to carry its burden, and cannot rely on mere conclusions. *See City of Fenton v. Exec. Int'l Inn, Inc.*, 740 S.W.2d 338, 339 (Mo. Ct. App. 1987).

12.     The Missouri long-arm statute permits the exercise of specific jurisdiction over a nonresident defendant if the defendant commits a statutorily-enumerated act in Missouri that serves as the basis for the plaintiff's claims. *See* MO. REV. STAT. §506.500. Specifically, the Missouri long-arm statute permits the exercise of jurisdiction over a nonresident defendant "as to any cause of action arising from" certain Missouri contacts, including:

(1)     The transaction of any business within this State;
(2)     The making of any contract within the state;
(3)     The commission of a tortious act within this state; and
(4)     The ownership, use, or possession of any real estate situated in this State[.]

§ 506.500.3. Here, Plaintiff's claims must arise from an enumerated act for jurisdiction to be appropriate. *Id.* Similarly, the Due Process Clause of the Fourteenth Amendment permits specific jurisdiction when a plaintiff's claims arise out of the defendant's purposeful contacts with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

13.     Recently, the United States Supreme Court in *Bristol-Myers Squibb* noted "(i)n order for a state court to exercise specific jurisdiction, "the suit" must "aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017), citing *Daimler*; see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  The Court continued "(i)n other words, there must be "an

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* citing *Goodyear*, 564 U.S., at 919.  In reversing the California Supreme Court and finding that the Fourteenth Amendment Due Process Clause prevents California Courts from having jurisdiction over nonresident plaintiffs, the *Bristol-Myers Squibb* Court stated that principles regarding specific jurisdiction control this case. *Id.* at *7. For specific jurisdiction, a defendant's general connections with the forum are not enough. *Id.* at *8. As we have said, "[a] corporation's 'continuous activity of some sorts within a state ... is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.' "*Id.* citing *Goodyear* at 927 (quoting *International Shoe*, 326 U.S., at 318).

14.    Further, the Supreme Court of Missouri recently issued an opinion bearing directly on the issue of whether a Missouri court has personal jurisdiction over a defendant. In *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017), the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. *Id.* at 1.  Here, Plaintiff's claims against this Defendant do not arise out of any allegation Plaintiff exposed through any product associated with WESTERN AUTO in Missouri. (*See* Plaintiffs' First Amended Petition.)  In fact, the Petition is devoid of any allegations that WESTERN AUTO committed *any* act in Missouri, generally or in connection with Plaintiff's claims. *Id.*  Accordingly, Plaintiff has not established even a *prima facie* case for specific personal jurisdiction over Defendant.

15.    Missouri law permits the exercise of general jurisdiction over a foreign corporation only when the corporation is "present and conducting substantial business in Missouri." *See State*

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

*ex rel. K-Mart Corp. v. Holliger*, 986 S.W.2d 165, 167 (Mo. banc 1999). Because Plaintiff does not allege any facts showing that this Defendant was conducting "substantial business" in Missouri, Plaintiff has failed to establish general jurisdiction under Missouri law. In any event, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). Here, the Due Process Clause prohibits the exercise of general jurisdiction over WESTERN AUTO. The Due Process clause only permits general jurisdiction over a foreign corporation when that corporation maintains "continuous corporate operations within [the] state [that are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealing entirely distinct from those activities." *Goodyear*, 131 S. Ct. at 2853 (quoting *Int'l Shoe*, 326 U.S. at 318). The "paradigm forum" for general jurisdiction over a corporation is "one in which the corporation is fairly regarded as at home." *Id.*

16. In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court recently clarified the limited reach of general jurisdiction. In *Daimler*, the Court held that "continuous activity of some sorts within a state is not enough to support [general jurisdiction.]" 134 S. Ct. at 758 (quoting *Int'l Shoe*, 326 U.S. at 318). Rather, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760 (citing *Goodyear*, 131 S. Ct. at 2853-54). For corporations, that "limited set of affiliations" consist of two "paradigm bases" for general jurisdiction: (1) state of incorporation and (2) principal place of business. *Daimler*, 134 S. Ct. at 760. Exceptional cases aside, it is only in these forums that a corporation is truly "at home" such that the exercise of general jurisdiction is constitutional. *Id.*[1]

---

[1] Citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), the Court in *Daimler* acknowledges the possibility that "in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that state." *Daimler*, 134 S. Ct. at 761 n.19. But *Perkins* was indeed exceptional. In *Perkins*, a Philippine

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

In *Daimler*, for instance, the Court held that the defendant Daimler AG, a German car manufacturer with its principal place of business in Germany, was not subject to general jurisdiction in California, despite the fact that it distributed an appreciable quantity of cars into that state and had "multiple California-based facilities, including a regional office . . . a Vehicle Preparation Center . . . and a Classic Center." *Id.* at 752.[2]  Because Daimler was neither incorporated in California nor had its principal place of business there, the Court held that California lacked general jurisdiction over Daimler. *Id.* at 761.  According to the Court, Daimler's California contacts "hardly render it at home there" and California, therefore, could not serve as an "all-purpose forum" for claims against it. *Id.*

17.    In *BNSF Ry. Co. v. Tyrrell*, No. 16-405, 2017 WL 2322834 (U.S. May 30, 2017), the U.S. Supreme Court reversed the Montana Supreme Court which found personal jurisdiction in Montana for BNSF stating that "the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not "at home" in the State and the episode-in-suit occurred elsewhere". *BNSF Ry. Co. v. Tyrrell*, at *3 citing *Daimler*. Since neither plaintiff in *BNSF Ry. Co. v. Tyrrell* alleged injury in Montana, the Court only considered general personal jurisdiction in this case. The *BNSF* Court stated "(t)he

---

mining company temporarily transferred its corporate headquarters to Ohio during World War II. *See Perkins*, 342 U.S. at 447-48. Clarifying the Court's holding in *Perkins*, the *Daimler* Court observed: "We held that the Ohio courts could exercise general jurisdiction over Benguet without offending due process . . . because 'Ohio was the corporation's principal, if temporary, place of business.'" *Id.* at 756 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779-80 (1984)). Short of a *de facto* transfer of a company's principal place of business to the forum, *Daimler* limits the exercise of general jurisdiction to its two "paradigm bases": state of incorporation and principal place of business. *See* 134 S. Ct. at 761 n.19.

[2] Daimler was apparently the largest supplier of luxury vehicles to the California market, and California sales accounted for 2.4% of Daimler's worldwide sales. *Daimler*, 134 S. Ct. at 752. For purposes of its decision, the Court assumed that the contacts of Mercedes-Benz USA, LLC ("MBUSA"), an indirect subsidiary of Daimler and a Delaware limited liability company with its principal place of business in New Jersey, were attributable to Daimler. *Id.* at 760 ("Even if we were . . . to assume MBUSA's contacts are imputable to Daimler there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there.").

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

Fourteenth Amendment due process constraint described in *Daimler*, however, applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued. *Id* at 10. The Court found BNSF was not incorporated in Montana and does not maintain its principal place of business there; nor is BNSF so heavily engaged in activity in Montana "as to render [it] essentially at home" in that State. *Id*. The Court concluded that "in-state business, we clarified in *Daimler* and *Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims like [Plaintiff's] that are unrelated to any activity occurring in Montana". *Id*.

18. The United States Supreme Court further reaffirmed *Daimler* in the recent case of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017). In *Bristol-Myers Squibb*, a group of plaintiffs—consisting of 86 California residents and 592 residents from 33 other States—filed eight separate complaints in California Superior Court, alleging that Plavix had damaged their health. *Id*. at *4. The Court noted there are two types of personal jurisdiction, "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. *Id*. at *6 citing *Goodyear*, 564 U.S., at 919. A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *Id*. But "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *Id*. citing *Daimler*.

19. Further, in *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017), the Supreme Court of Missouri held that Missouri could not assert general jurisdiction over a defendant company unless it is incorporated in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id*. at 2. Finally, the Court held that Missouri's registration statute does not require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* At 18. Here, Missouri is not an "all-purpose" forum for claims against this Defendant. Like the defendant corporation in *Daimler*, WESTERN AUTO is not incorporated in Missouri and does not maintain its principal place of business in Missouri. *See Daimler*, 134 S. Ct. at 761. Rather, WESTERN AUTO is a Delaware corporation with its principal place of business in Virginia. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"). Accordingly, WESTERN AUTO is not "at home" in Missouri such that Missouri courts may adjudicate claims against this Defendant lacking any connection with the forum, like Plaintiff's claims here. This Court, therefore, does not have general personal jurisdiction over WESTERN AUTO.

20.    Plaintiffs also seek punitive damages. Punitive damages, however, are appropriate only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others. *Jacobs v. Bonser*, 46 S.W.3d 41, 45 (Mo.App.E.D. 2001). Plaintiff's allegations that they are entitled to punitive damages are mere conclusions and lack factual support. Plaintiffs fail to allege any specific action or inaction by this defendant that would warrant a claim for punitive damages.

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

21. To the extent Plaintiffs' First Amended Petition prays for punitive damages, such a prayer should be stricken as the facts alleged in Plaintiffs' First Amended Petition do not rise to the level of conduct required for punitive damages. Conscious disregard or complete indifference includes situations where the person doing the act or failing to act must be conscious from the knowledge of surrounding circumstances and existing conditions, that, although lacking specific intent to injure, the person's conduct or failure to act will naturally or probably result in injury. *Peters v. General Motors*, 200 S.W.3d 1, 24 (Mo.App.W.D. 2006). Evidence of a vague and generalized knowledge of danger is insufficient to state a claim for punitive damages. *Lewis v. FAG Bearings Corp.*, 5 S.W.3d 579, 584 (Mo.App.S.D. 1999). The evidence must show that, at the time of the act complained of, the defendant had knowledge of a high degree of probability of injury to a specific class of persons. *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 339 (Mo. banc 1996). The few factual allegations that Plaintiff actually alleges do not rise to the level of willful and wanton conduct; therefore, Plaintiff's claims for punitive damages should be dismissed as a matter of law.

22. Pursuant to RSMo. § 510.261(5), "(n)o initial pleading in a civil action shall contain a claim for a punitive damage award". Section 510.261(5) further states that "(a)ny later pleading containing a claim for a punitive damage award may be filed only with leave of the court". This section applies to cases filed after August 28, 2020. Defendant has not been made aware of any court rulings granting plaintiff to plead punitive damages. Therefore, this count must be dismissed.

23. Additionally, Defendant WESTERN AUTO is considered an "Innocent Seller" under Missouri Revised Statute §537.762, which states in pertinent part:

    a. A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim […]

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

     b.     This section shall apply to any product liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for Plaintiff's claim.

WESTERN AUTO is aware of no basis for alleged liability to Plaintiff, other than as a seller in the stream of commerce, and therefore should be dismissed pursuant to Mo.Rev. Statute §537.762.

24.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

25.     Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

26.     Some or all of Plaintiffs' claims are barred by the laws of the appropriate forum pursuant to Missouri's Borrowing Statute.

27.     Some or all of Plaintiffs' claims are barred by the exclusive remedy provision of the Missouri Workers' Compensation Act and Occupational Diseases Act pursuant to Mo.Rev. Statute §287.120, or under analogous statutes under any other applicable state's law.

28.     WESTERN AUTO reserves its right to present applicable motions regarding choice of law depending on the facts that may be discovered in this matter.

29.     Because Plaintiffs failed to state a cause of action for Plaintiff, the derivative loss of consortium claim must likewise be dismissed.

30.     WESTERN AUTO incorporates and adopts herein the Motions and arguments made in response to Plaintiffs' First Amended Petition by other co-defendants in this cause of action to the extent those arguments do not contain allegations against WESTERN AUTO and do not contradict anything stated herein.

WHEREFORE defendant WESTERN AUTO SUPPLY COMPANY hereby respectfully requests an Order of the Court dismissing Plaintiffs' First Amended Petition with Plaintiff to pay costs of suit and for whatever further relief this Courts deems proper and just.

Respectfully Submitted

SWANSON MARTIN & BELL, LLP

/s/ April A. Vesely
One of the Attorneys for Defendant,
**WESTERN AUTO SUPPLY COMPANY**

April A. Vesely (MO Bar #65450)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Ave., Suite 3300
Chicago, IL 60611
(312)   321-9100
(312)   321-0990 (Fax)
avesley@smbtrials.com

Electronically Filed - City of St. Louis - June 22, 2022 - 09:38 AM

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

DAVID BUTLER and                                )
KATHY BUTLER, his wife,                         )
                                                )
      Plaintiffs,                          )
                                                )
v.                                              )
                                                )    No. 2222-CC00226
A.W. CHESTERTON COMPANY, et al.                 )
                                                )    Asbestos Personal Injury
                                                )
      Defendant.                           )

## CERTIFICATE OF SERVICE

The undersigned certifies that Volvo Group North America, LLC, erroneously sued as Volvo Group North America, Inc. (Volvo) Motion to Dismiss First Amended Petition for Lack of Personal Jurisdiction and Suggestions in Support was electronically filed with the Clerk of the Court and served on all counsel of record on ___6-22___, 2022 pursuant to the Missouri E-Filing system and the Court's First Amended Administrative Order of July 1, 2013.

SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002

**ATTORNEYS FOR PETITIONERS**

                    VOLVO GROUP NORTH
                    AMERICA, LLC

BY: _Mary J. Sul_____
      Mary G. Sullivan, #43030
      Curtis R. Picou, #42935
      CRIVELLO, CARLSON, PICOU, &
      ANDREKANIC, LLC
      1012 Plummer Drive, Suite 201
      Edwardsville, IL 62025
      (618) 655-0006
      (618) 655-0250 Fax
      msullivan@ccpalaw.com
      cpicou@ccpalaw.com

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

DAVID BUTLER and                              )
KATHY BUTLER, his wife,                       )
                                              )
      Plaintiffs,                            )
                                              )
v.                                            )
                                              )    No. 2222-CC00226
A.W. CHESTERTON COMPANY, et al.               )
                                              )    Asbestos Personal Injury
                                              )
      Defendant.                             )

**DEFENDANT VOLVO GROUP NORTH AMERICA, LLC'S MOTION TO DISMISS**
**FIRST AMENDED PETITION FOR LACK OF PERSONAL JURISDICTION AND**
**SUGGESTIONS IN SUPPORT**

Defendant Volvo Group North America, LLC, erroneously sued as Volvo Group North America, Inc. (hereinafter referred to as Volvo) by and through its counsel, moves this Court pursuant to Rule 55.27 to dismiss all claims against Volvo for lack of personal jurisdiction. Volvo is not subject to specific personal jurisdiction in this matter because there has been no assertion of Missouri residence by the Plaintiffs and the claims alleged do not arise out of, or relate to, conduct by Volvo which took place in Missouri.  Volvo is further not subject to general personal jurisdiction in Missouri as a matter of federal due process, because Volvo is neither incorporated nor has its principal place of business in Missouri, nor is it alleged to be, and the quantity and nature of Volvo limited connections with Missouri are not so exceptional as to satisfy the jurisdictional requirements set forth by the United States Supreme Court in *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014) and more recently in *Burlington Northern Santa Fe Railway v. Tyrrell, 2017 WL 2322834 (2017,* and by the Missouri Supreme Court in *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, No. SC95514, decided February 28, 2017.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

## A. Personal Jurisdiction Standard

1.    There are two types of personal jurisdiction – specific and general. A court has specific jurisdiction over a defendant when the suit arises *out of* or relates *to* the defendant's contacts *with* the forum. *Burlington Northern Sante Fe Railway v. Tyrrell*, 2017 WL 2322834, *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). In Missouri, a foreign defendant is subject to specific personal jurisdiction only where (1) the suit arises out of certain activities enumerated in the Missouri long-arm statute and (2) where the defendant has "sufficient minimum contacts with Missouri" to satisfy the requirements of due process. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997).  In contrast, general jurisdiction exists even where a plaintiff's cause of action does not arise out of or relate to the defendant's contacts with the forum, but where the defendant's forum contacts are nevertheless "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler*, 134 S. Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v Brown*, 131 S. Ct. 2846, 2851 (2011)).

2.    As with specific jurisdiction, general jurisdiction is authorized under Missouri state law, *see Sloan-Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 409 (Mo. Ct. App. 2001), and must satisfy the requirements of due process, *see, e.g.*, *Wineteer v. Vietnam Helicopter Pilots Ass'n*, 121 S.W.3d 277, 283 (Mo. Ct. App. 2003) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

3.    When a nonresident defendant such as Volvo challenges the assertion of either specific or general jurisdiction, the burden shifts to plaintiff to make a *prima facie* showing that personal jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W. 3d 858, 862 (Mo. App. E.D. 2009); *Hollinger v. Sifers*, 122 S.W.3d 112, 115 (Mo. App. 2003). "The sufficiency of the evidence to make such a *prima facie* showing is a question of law. . .." *Id.* For

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

the exercise of specific personal jurisdiction, plaintiff(s) need not prove all of the elements that form the basis of the claim, but must at least prove "that acts contemplated by the [long-arm] statute took place within [Missouri]." *Id.* at 116. For the exercise of general jurisdiction, a plaintiff must, in addition to demonstrating the presence of general jurisdiction under state law, demonstrate Volvo had sufficient minimum contacts with Missouri so as not to offend "traditional notions of fair play and substantial justice." *See, e.g., Daimler*, 134 S. Ct. at 754 (quoting *Int'l Shoe*, 326 U.S. at 316).

4.      A "[p]laintiff cannot rely on mere conclusions [but] must allege facts to carry its burden." *Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *2 (Mo. Cir. Jan. 12, 2015) (citing *City of Fenton v. Executive Int'l Inn, Inc.*, 740 S.W. 2d 338, 339 (Mo. App. E.D. 1987)).

5.      Plaintiffs cannot make a *prima facie* showing that either specific or general jurisdiction over Volvo is appropriate in this case. All claims against Volvo must therefore be dismissed.

## B. Volvo is not Subject to Specific Personal Jurisdiction

6.      For a non-resident defendant to be subject to specific personal jurisdiction in Missouri, the claims against that defendant must arise out of activities enumerated in the Missouri long-arm statute. *Chromalloy American*, 955 S.W.2d at 4. A plaintiff's failure to show that the claims against the defendant arose *out of* such activities warrants dismissal. *See Hollinger*, 122 S.W.3d at 115. Here, the Petition alleges that [e]ach Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri and by reason of having committed a tort against Plaintiff in Missouri.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

7.      While these statements are obviously intended to clear the jurisdictional hurdle set by the state long-arm statute, Missouri is a fact-pleading jurisdiction and requires allegations of fact. *See* Rule 55.05; *Gibson v. Brewer,* 952 S.W.2d 239, 245 (Mo. 1997). These conclusory jurisdictional allegations, which fail to identify any act or transaction by Volvo that occurred within the State of Missouri, simply do not bring the claims within the purview of the long-arm statute, and are therefore wholly insufficient to save the Petition from dismissal.  The Petition demonstrates that there is no connection whatsoever between the Plaintiff and the State of Missouri, much less between Missouri and the claims in issue.

8.      Given the above, Plaintiffs have not carried the burden of showing that the claims against Volvo arise out of any contacts with the State of Missouri. As such, the claims in this matter against Volvo cannot and do not fall within the purview of the Missouri long-arm statute, and there is no basis for this Court to exercise specific personal jurisdiction over Volvo.

## C.  Volvo is Not Subject to General Personal Jurisdiction

9.      General personal jurisdiction requires a corporation to be "at home" in Missouri. General jurisdiction, like specific jurisdiction, must be authorized under Missouri law and comport with the requirements of due process. *Yaeger v. Wyndham Vacation Resorts, Inc.*, No. 4:14-CV-795-JCH, 2014WL 3543426, at *2 (E.D.Mo. 2014). The United States Supreme Court revisited the issue of personal jurisdiction in a way not seen since *International Shoe* and *Pennoyer v. Neff*, and clarified that *unlike* specific jurisdiction, the scope of general jurisdiction is sharply circumscribed: only a "*limited* set of affiliations" with the forum will suffice. *Daimler AG v. Bauman*, 134 S. Ct. 746 at 760 (2014).  This limited set of affiliations is intended to provide non-forum defendants with some "minimum assurance as to where . . . conduct will and will not render them liable to suit," *id.* at 762 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,472 (2014)),

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

and to prevent jurisdictional overreach on the part of states, *see id.* at 762, n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." As such, general jurisdiction may be extended only where a defendant's contacts with a forum state are so pervasive that the defendant may "essentially" be regarded as "at home" there. *See id.* at 754; *Goodyear,* 131 S. Ct. at 2851.

10.    For a corporation, the "paradigm" forum for general jurisdiction is the place of incorporation and/or principal place of business. *Daimler,* 134 S. Ct. at 760. These "affiliations have the virtue of being unique – that is, each ordinarily indicates only one place [and is] easily ascertainable." *Id.*

11.    A corporation may be subject to general jurisdiction in a different place, but only in an *"exceptional* case" – i.e., the corporation's in-state operations must still be "so substantial and of such a nature as to render the corporation *at home.*" *Id.* at 761 n.19 (emphasis added). This protects a corporation who conducts business in a large number of states from being subject to general jurisdiction in all of them. *See id.* at 762 n.20 (explaining that a corporation that operates in many places can scarcely be deemed at home in all of them"). An example of an exceptional case is one in which the in-forum affiliations of a foreign defendant are of such a nature as to constitute a "surrogate . . . place of incorporation or head office." *See id.* at 756 n.8, 761 n.19. The critical question is not, then, whether the defendant has some in-forum contacts, but whether, within the entire context of that corporation's activities across the nation and the world, the corporate activities within the forum rise to such a level so as to force that defendant to be subject to suit in that location. *See id.* at 762 n.20. Simply doing business in a forum state is not enough.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

12.    In the *Daimler* opinion, the United States Supreme Court considered a suit brought by nearly two dozen Argentine residents in California against the German-based Daimler Chrysler for acts committed by one of the corporation's subsidiaries in Argentina during the Argentine Dirty War. *Daimler*, 134 S. Ct. at 750-51. The plaintiffs argued that general personal jurisdiction over Daimler was proper based upon the California contacts of Daimler's U.S. subsidiary, Mercedes Benz USA ("MBUSA"). *Id.* at 752. Per the record, MBUSA distributed vehicles manufactured by Daimler to independent dealerships throughout the United States, and, at the time of suit, had multiple California based facilities, including a regional office, a vehicle preparation center, and a Classic Center. *Id.*). MBUSA was also allegedly the largest supplier of luxury vehicles to the California market, and its California sales made up roughly 2.4% of Daimler's sales worldwide. *Id.* Neither Daimler nor MBUSA were incorporated or principally based in California. *Id.* at 761. In an opinion joined by eight justices, the Supreme Court concluded that MBUSA's California contacts were unexceptional; to approve the extension of general jurisdiction would be to "Presumably [subject Daimler to suit] in every State in which MBUSA's sales are sizable." *See id.* In *Daimler's* wake, numerous courts have since applied its reasoning to dismiss all manner of cases against non-forum defendants, including cases dealing with asbestos related claims.

13.    Since the Supreme Court's decision in *Daimler*, the Missouri Supreme Court has weighed in on the issue of general jurisdiction requirements in Missouri. In *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, No. SC95514, decided February 28, 2017 the Missouri Supreme Court overturned the ruling of Honorable Colleen Dolan of the Twenty Second Judicial Circuit wherein she determined the Norfolk Southern Railway had sufficient contacts with Missouri to exercise general jurisdiction. In an effort to show Norfolk conducted continuous and systematic business in Missouri, the plaintiff presented evidence that Norfolk owns or operates

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

approximately 400 miles of track in the state of Missouri, generated approximately $232 million in revenue, employed approximately 590 people in Missouri, and had a registered agent in the state. Based on this evidence, the Court held Norfolk's contacts were insufficient to establish general jurisdiction over Norfolk in Missouri. While in "exceptional cases" a state may have general jurisdiction over a corporation neither incorporated nor operating its principal place of business there, such exceptional cases only exist where the forum state can be said to be a surrogate for the place of incorporation or the home office, such that the corporation is essentially at home in that state.  Norfolk's contacts with Missouri were insufficient to rise to the level of an "exceptional case."

14.    Most recently, in State ex rel. Cedar Crest Apartments, LLC. The Honorable Jack Grate, 2019 WL 3144036 (Mo. banc July 16, 2019), a personal injury case involving injuries sustained at an apartment complex in Overland Park, Kansas, the Missouri Supreme Court held that Missouri courts can only assert personal jurisdiction over a foreign corporation under the doctrine of specific personal jurisdiction "if that entity has at least one contact with this state and the cause of action being pursued arises out of that contact." Id at 3.  In that case, Plaintiff argued that defendants' business registration in Missouri, solicitation of business in Missouri, filing lawsuits in Missouri, and owning rental property in Missouri were sufficient contacts to assert specific jurisdiction.  The Missouri Supreme Court rejected that argument since none of Plaintiff's claims arose out of those specific contacts.  The Supreme Court further held Missouri courts could not assert general jurisdiction over the defendant because they are Kansas business entities with principal places of business in Kansas (noting that state of incorporation and state of principal place of business are traditional bases for general jurisdiction). The fact that the defendants registered to do business in Missouri, solicited business in Missouri, filed unrelated lawsuits in

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

Missouri, and owned rental property in Missouri was not sufficient "systematic and continuous" contacts to render defendants "at home" in Missouri. Finally, the Supreme Court rejected Plaintiff's argument that the contacts of the Kansas based defendants' parent corporation, which is incorporated in Missouri, were sufficient to assert personal jurisdiction over those defendants because "one corporation does not become the agent of another corporation merely because it is owned by the other."

15.    Volvo is neither incorporated in Missouri, nor has its principle place of business in Missouri.  None of the "exceptional circumstances" set out in *Daimler* or *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan* have been met here.  Volvo is incorporated in Delaware, with its principle place in the State of North Carolina.  Volvo has no employees in Missouri, is not registered to do business in Missouri, and pays no taxes to Missouri.

16.    In *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. 2014), for example, a case in which an Alabama plaintiff brought claims against various defendants for asbestos-related injuries, the Connecticut district court refused to extend general jurisdiction over the Maryland-based Lockheed Martin, even though Lockheed (1) was registered to do business and had a registered agent for service of process in Connecticut; (2) had, between 2008 and 2012, collected $160 million in revenue from Connecticut-based work, kept employees at four different Connecticut locations, and leased four properties; and (3) maintained, at the time of suit, one leased property with its name on the building, a telephone listing, and payments of state corporate income tax on Connecticut revenue. *Id.* at 391-92, 397-400. Following *Daimler*, the district court observed that, "[a]lthough Lockheed's contacts with Connecticut may appear substantial, when viewed in relation to its operations as a whole, Lockheed's Connecticut activities account for a relatively trivial amount of its overall business." *Id.* at *398. The court thus determined that Lockheed was

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

not "at home" in Connecticut for purposes of general jurisdiction, and granted its motion to dismiss. *See id.* at *397-99. *See also BNSF Ry Co. v. Superior Court*, No. B260798, 2015, WL 1404544, at *1, *7 (Cal. Ct. App. Mar. 27, 2015) (declining to extend general jurisdiction to railroad asbestos defendant with 8.1% of workforce, 6% of revenue, and under 5% of total track mileage in California); *In re Asbestos Prods. Liab. Litig. (No. VI)*,No. MDL 875, 2014WL5394310, at 3 (E.D. Pa. Oct. 23, 2014) (finding in-forum contacts to be no "substitute for [defendant's] place of incorporation or principal place of business," even where defendant was (1) licensed to do business and had an agent for service in forum; (2) sailed vessels in forum waters; and (3) docked at forum ports); *Ricks v. Armstrong Intern.*, No. 4:14-CV-37-BO, 2014WL 2873189 (E.D.N.C. Jun. 24, 2014) (denying general jurisdiction in asbestos case where in-state contacts included (1) two work-from home sales people; (2) participation and attendance at job fairs; and (3) sales constituting 9.86% of defendant's total sales); *Macqueen v. Union Carbide Corp.*, No. CV 13-831-SLR-CJB, 2014 WL 6809811, at 8 (D. Del. Dec. 3, 2014) (declining to extend general jurisdiction over foreign asbestos defendant, emphasizing that, "[w]hile seemingly broad, the standard for general jurisdiction is high in practice and not often met."); *Anderson v. Dana Co., LLC (In re Asbestos Litig.)*, 2015 Del. Super. LEXIS 66 (Del. Super. Ct. Jan. 30, 2015) (finding Virginia-based asbestos defendant lacked sufficiently continuous and systematic contacts to be considered "at home" in Delaware).

17.     What *Daimler* and its progeny made absolutely clear is that some contacts or some revenue generated inside a forum do not alone allow for the exercise of general jurisdiction over a foreign corporation. To qualify as "at home" in a state, a foreign corporation's contacts must be exceptional as compared with that corporation's other, non-forum contacts. Anything short of a

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

"surrogate" headquarters or place of incorporation is insufficient. Plaintiff cannot show that Volvo's Missouri contacts are so exceptional as to permit the exercise of general jurisdiction.

18.     Since the decisions in *Daimler* and *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, the United States Supreme Court decided *BNSF Railway Co. v. Tyrrell*, 581 U.S. ___, 137 S. Ct. 1549 (2017). That case started with two plaintiffs filing separate cases in Montana against their employer BNSF Railway Co. under the Federal Employers' Liability Act ("FELA") for alleged on-the-job injuries. The Montana connections were limited: plaintiffs didn't live or work in Montana and weren't injured in Montana, and BNSF is a Delaware corporation with its principal place of business in Texas. Plaintiffs argued that BNSF had sufficient connection with Montana because it had over 2,000 miles of railroad and over 2,000 employees there. The Court found that general personal jurisdiction over BNSF would violate due process. The Court began by noting that, under *Daimler*, general jurisdiction is typically only appropriate over a company in the state where the company is incorporated or has its principal place of business. *Id.* at p. 1558 The Court held the due-process clause "applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." *Id.* at p.1559. The Court repeated the narrow exception from *Daimler* for exercising general jurisdiction in states other than where a corporation is incorporated or has its principal place of business. *Id.* at 1558. ("The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case', a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'"). But the Court found that BNSF's Montana contacts were not "so substantial" because although BNSF had offices, railroad track, and employees in

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

Montana, those contacts represented a relatively small (less than 10% each) portion of BNSF's total presence throughout the United States. *Id.* at 1559.

19.    Volvo does not have sufficient contacts with Missouri to be considered "at home." Plaintiffs do not allege Volvo is incorporated in Missouri, or has its principle place of business in Missouri.  Plaintiffs must plead and demonstrate that Volvo contacts with Missouri are sufficiently "exceptional" so as to justify the exercise of general jurisdiction under the *Tyrrell* or *Daimler* guidelines, or those set out in *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, No. SC95514.  Accordingly, the Petition against Volvo must be dismissed for lack of general personal jurisdiction.

20.    Plaintiffs' claims are potentially barred by applicable statues of limitations. Plaintiffs fail to plead sufficient information to determine whether Missouri's statute of limitations apply to Plaintiffs' claims or a foreign state's statute of limitations applies via Missouri's Borrowing Statute. Mo. Rev. Stat. §516.100.

WHEREFORE, Plaintiffs cannot show that the cause of action against Volvo arose out of alleged tortuous conduct by Volvo which occurred in Missouri; Volvo is not incorporated or principally based in Missouri; Plaintiffs have not demonstrated through the Petition that Volvo's Missouri contacts are either functionally or proportionally exceptional so as to otherwise signify that Volvo is "at home" here. Accordingly, defendant Volvo respectfully requests that the Court dismiss this action as to Defendant Volvo.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:54 PM

VOLVO GROUP NORTH AMERICA, LLC.

BY: _____

Mary G. Sullivan, #43030
Curtis R. Picou, #42935
CRIVELLO, CARLSON, PICOU &
ANDREKANIC LLC
1012 Plummer Drive, Suite 201
Edwardsville, IL 62025
(618) 655-0006
(618) 655-0250 (fax)
msullivan@ccpalaw.com
cpicou@ccpalaw.com

ATTORNEYS FOR DEFENDANT

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and<br>KATHY BUTLER, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2222-CC00226 |
| A.W. CHESTERTON COMPANY, et al. | ) | |
| | ) | Asbestos Personal Injury |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that Mack Trucks, Inc.'s Motion to Dismiss First Amended Petition for Lack of Personal Jurisdiction and Suggestions in Support was electronically filed with the Clerk of the Court and served on all counsel of record on ⊔-2̶2̶ 2022 pursuant to the Missouri E-Filing system and the Court's First Amended Administrative Order of July 1, 2013.

MACK TRUCKS, INC.

SIMMONS HANLY CONROY                     BY: _Mary Sullivan_

One Court Street                          Mary G. Sullivan, #43030
Alton, IL 62002                           Curtis R. Picou, #42935
                                          CRIVELLO, CARLSON, PICOU, &
**ATTORNEYS FOR PETITIONERS**              ANDREKANIC, LLC
                                          1012 Plummer Drive, Suite 201
                                          Edwardsville, IL 62025
                                          (618) 655-0006
                                          (618) 655-0250 Fax
                                          msullivan@ccpalaw.com
                                          cpicou@ccpalaw.com

**ATTORNEYS FOR DEFENDANT**

1

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

DAVID BUTLER and )
KATHY BUTLER, his wife, )
 )
    Plaintiffs, )
 )
v. )
 )   No. 2222-CC00226
A.W. CHESTERTON COMPANY, et al. )
 )   Asbestos Personal Injury
 )
    Defendant. )

**DEFENDANT MACK TRUCKS, INC. MOTION TO DISMISS FIRST AMENDED**
**PETITION FOR LACK OF**
**PERSONAL JURISDICTION AND SUGGESTIONS IN SUPPORT**

Defendant Mack Trucks, Inc. ("Mack"), by and through its counsel, moves this Court pursuant to Rule 55.27 to dismiss all claims against Mack for lack of personal jurisdiction. Mack is not subject to specific personal jurisdiction in this matter because there has been no assertion of Missouri residence by the plaintiffs and the claims alleged do not arise out of, or relate to, conduct by Mack that took place in Missouri. Mack is further not subject to *general* personal jurisdiction in Missouri as a matter of federal due process, because Mack is neither incorporated nor has its principal place of business in Missouri, nor is it alleged to be, and the quantity and nature of Mack's limited connections with Missouri are not so exceptional as to satisfy the jurisdictional requirements set forth by the United States Supreme Court in *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014).

**A.  Personal Jurisdiction Standard**

    1.    There are two types of personal jurisdiction – specific and general. A court has specific jurisdiction over a defendant when the suit arises *out of* or relates *to* the defendant's

1

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

contacts *with* the forum. *Daimler AG v. Bauman,* 134 S. Ct. 746, 754 (2014). In Missouri, a foreign defendant is subject to specific personal jurisdiction only where (1) the suit arises out of certain activities enumerated in the Missouri long-arm statute and (2) where the defendant has "sufficient minimum contacts with Missouri" to satisfy the requirements of due process. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997). In contrast, general jurisdiction exists even where a plaintiff's cause of action does not arise out of or relate to the defendant's contacts with the forum, but where the defendant's forum contacts are nevertheless "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler,* 134 S. Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v Brown,* 131 S. Ct. 2846, 2851 (2011)).

2.     As with specific jurisdiction, general jurisdiction is authorized under Missouri state law, *see Sloan-Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 409 (Mo. Ct. App. 2001), and must satisfy the requirements of due process, *see, e.g., Wineteer v. Vietnam Helicopter Pilots Ass'n*, 121 S.W.3d 277, 283 (Mo. Ct. App. 2003) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

3.     When a nonresident defendant such as Mack challenges the assertion of either specific or general jurisdiction, the burden shifts to the plaintiff to make a *prima facie* showing that personal jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W. 3d 858, 862 (Mo. App. E.D. 2009); *Hollinger v. Sifers*, 122 S.W.3d 112, 115 (Mo. App. 2003). "The sufficiency of the evidence to make such a *prima facie* showing is a question of law. . . ." *Id.* For the exercise of specific personal jurisdiction, a plaintiff need not prove all of the elements that form the basis of its claim, but must at least prove "that acts contemplated by the [long-arm] statute took place within [Missouri]." *Id.* at 116. For the exercise of general jurisdiction, a plaintiff must,

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

in addition to demonstrating the presence of general jurisdiction under state law, demonstrate Mack had sufficient minimum contacts with Missouri so as not to offend "traditional notions of fair play and substantial justice." *See, e.g., Daimler*, 134 S. Ct. at 754 (quoting *Int'l Shoe*, 326 U.S. at 316).

4.      Further, a "[p]laintiff cannot rely on mere conclusions [but] must allege facts to carry its burden." *Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *2 (Mo. Cir. Jan. 12, 2015) (citing *City of Fenton v. Executive Int'l Inn, Inc.*, 740 S.W. 2d 338, 339 (Mo. App. E.D. 1987)).

5.      Plaintiffs cannot make a *prima facie* showing that either specific or general jurisdiction over Mack is appropriate in this case. All claims against Mack must therefore be dismissed.

## B.  Mack is not Subject to Specific Personal Jurisdiction

6.      For a non-resident defendant to be subject to specific personal jurisdiction in Missouri, the claims against that defendant must arise out of activities enumerated in the Missouri long-arm statute. *Chromalloy American*, 955 S.W.2d at 4. A plaintiff's failure to show that the claims against the defendant arose *out of* such activities warrants dismissal. *See Hollinger*, 122 S.W.3d at 115. Here, the Petition merely states that [e]ach Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri and by reason of having committed tortious acts against Plaintiff in Missouri.

7.      While these statements are obviously intended to clear the jurisdictional hurdle set by the state long-arm statute, Missouri is a fact-pleading jurisdiction and requires allegations of fact. *See* Rule 55.05; *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997). These conclusory

3

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

jurisdictional allegations, which fail to identify any act or transaction by Mack (or any other Defendant) that occurred within the State of Missouri, simply do not bring Plaintiff's claims within the purview of the long-arm statute, and are therefore wholly insufficient to save the complaint from dismissal. The Petition demonstrates that there is no connection whatsoever between the plaintiff and the State of Missouri, much less between Missouri and the claims in issue.

8.    Given the above, Plaintiffs have not carried the burden of showing that the claims against Mack arise out of any contacts with the State of Missouri. As such, the claims in this matter against Mack cannot and do not fall within the purview of the Missouri long-arm statute, and there is no basis for this Court to exercise specific personal jurisdiction over Mack.

**C. Mack is Not Subject to General Personal Jurisdiction**

9.    General personal jurisdiction requires a corporation to be "at home" in Missouri. General jurisdiction, like specific jurisdiction, must be authorized under Missouri law and comport with the requirements of due process. *Yaeger v. Wyndham Vacation Resorts, Inc.*, No. 4:14-CV-795-JCH, 2014WL 3543426, at *2 (E.D.Mo. 2014). Very recently, however, the United States Supreme Court revisited the issue of personal jurisdiction in a way not seen since *International Shoe* and *Pennoyer v. Neff*, and clarified that *unlike* specific jurisdiction, the scope of general jurisdiction is sharply circumscribed: only a "*limited* set of affiliations" with the forum will suffice. *Daimler AG v. Bauman*, 134 S. Ct. 746 at 760 (2014).  This limited set of affiliations is intended to provide non-forum defendants with some "minimum assurance as to where . . . conduct will and will not render them liable to suit," *id.* at 762 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,472 (2014)), and to prevent jurisdictional overreach on the part of states, *see id.* at 762, n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." As such, general jurisdiction may be extended only where a defendant's contacts with a forum state are so pervasive that the defendant may "essentially" be regarded as "at home" there. *See id.* at 754; *Goodyear,* 131 S. Ct. at 2851.

10.    For a corporation, the "paradigm" forum for general jurisdiction is the place of incorporation and/or principal place of business. *Daimler,* 134 S. Ct. at 760. These "affiliations have the virtue of being unique – that is, each ordinarily indicates only one place [and is] easily ascertainable." *Id.*

11.    A corporation may be subject to general jurisdiction in a different place, but only in an *"exceptional* case" – i.e., the corporation's in-state operations must still be "so substantial and of such a nature as to render the corporation *at home." Id.* at 761 n.19 (emphasis added). This protects a corporation who conducts business in a large number of states from being subject to general jurisdiction in all of them. *See id.* at 762 n.20 (explaining that a corporation that operates in many places can scarcely be deemed at home in all of them"). An example of an exceptional case is one in which the in-forum affiliations of a foreign defendant are of such a nature as to constitute a "surrogate . . . place of incorporation or head office." *See id.* at 756 n.8, 761 n.19. The critical question is not, then, whether the defendant has some in-forum contacts, but whether, within the entire context of that corporation's activities across the nation and the world, the corporate activities within the forum rise to such a level so as to force that defendant to be subject to suit in that location. *See id.* at 762 n.20. Simply doing business in a forum state is not enough.

12.    In the recent *Daimler* opinion, the United States Supreme Court considered a suit brought by nearly two dozen Argentine residents in California against the German-based Daimler Chrysler for acts committed by one of the corporation's subsidiaries in Argentina during the

5

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

Argentine Dirty War. *Daimler*, 134 S. Ct. at 750-51. The plaintiffs argued that general personal jurisdiction over Daimler was proper based upon the California contacts of Daimler's U.S. subsidiary, Mercedes Benz USA ("MBUSA"). *Id.* at 752. Per the record, MBUSA distributed vehicles manufactured by Daimler to independent dealerships throughout the United States, and, at the time of suit, had multiple California based facilities, including a regional office, a vehicle preparation center, and a Classic Center. *Id.* MBUSA was also allegedly the largest supplier of luxury vehicles to the California market, and its California sales made up roughly 2.4% of Daimler's sales worldwide. *Id.* Neither Daimler nor MBUSA were incorporated or principally based in California. *Id.* at 761. In an opinion joined by eight justices, the Supreme Court concluded that MBUSA's California contacts were unexceptional; to approve the extension of general jurisdiction would be to "Presumably [subject Daimler to suit] in every State in which MBUSA's sales are sizable." *See id.* In *Daimler's* wake, numerous courts have since applied its reasoning to dismiss all manner of cases against non-forum defendants, including cases dealing with asbestos related claims.

13.    Since the Supreme Court's decision in *Daimler*, the Missouri Supreme Court has weighed in on the issue of general jurisdiction requirements in Missouri. In *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, 512 S.W.3d 41, (Mo. 2017) the Missouri Supreme Court overturned the ruling of Honorable Colleen Dolan of the Twenty Second Judicial Circuit wherein she determined the Norfolk Southern Railway had sufficient contacts with Missouri to exercise general jurisdiction. In an effort to show Norfolk conducted continuous and systematic business in Missouri, the plaintiff presented evidence that Norfolk owns or operates approximately 400 miles of track in the state of Missouri, generated approximately $232 million in revenue, employed approximately 590 people in Missouri, and had a registered agent in the state. Based on this

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

evidence, the Court held Norfolk's contacts were insufficient to establish general jurisdiction over Norfolk in Missouri. While in "exceptional cases" a state may have general jurisdiction over a corporation neither incorporated nor operating its principal place of business there, such exceptional cases only exist where the forum state can be said to be a surrogate for the place of incorporation or the home office, such that the corporation is essentially at home in that state. Norfolk's contacts with Missouri were insufficient to rise to the level of an "exceptional case."

14.    Most recently, in State ex rel. Cedar Crest Apartments, LLC. The Honorable Jack Grate, 2019 WL 3144036 (Mo. banc July 16, 2019), a personal injury case involving injuries sustained at an apartment complex in Overland Park, Kansas, the Missouri Supreme Court held that Missouri courts can only assert personal jurisdiction over a foreign corporation under the doctrine of specific personal jurisdiction "if that entity has at least one contact with this state and the cause of action being pursued arises out of that contact." Id at 3. In that case, Plaintiff argued that defendants' business registration in Missouri, solicitation of business in Missouri, filing lawsuits in Missouri, and owning rental property in Missouri were sufficient contacts to assert specific jurisdiction. The Missouri Supreme Court rejected that argument since none of Plaintiff's claims arose out of those specific contacts. The Supreme Court further held Missouri courts could not assert general jurisdiction over the defendant because they are Kansas business entities with principal places of business in Kansas (noting that state of incorporation and state of principal place of business are traditional bases for general jurisdiction). The fact that the defendants registered to do business in Missouri, solicited business in Missouri, filed unrelated lawsuits in Missouri, and owned rental property in Missouri was not sufficient "systematic and continuous" contacts to render defendants "at home" in Missouri. Finally, the Supreme Court rejected Plaintiff's argument that the contacts of the Kansas based defendants' parent corporation, which is

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

incorporated in Missouri, were sufficient to assert personal jurisdiction over those defendants because "one corporation does not become the agent of another corporation merely because it is owned by the other."

15.    Mack Trucks, Inc. is neither incorporated in Missouri, nor has it principal place of business in Missouri. None of the "exceptional circumstances" set out in *Daimler* or *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan* have been met here. Mack Trucks, Inc. is incorporated under the laws of Pennsylvania, and its principal place of business is in Greensboro, NC.

16.    In *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. 2014), for example, a case in which an Alabama plaintiff brought claims against various defendants for asbestos-related injuries, the Connecticut district court refused to extend general jurisdiction over the Maryland-based Lockheed Martin, even though Lockheed (1) was registered to do business and had a registered agent for service of process in Connecticut; (2) had, between 2008 and 2012, collected $160 million in revenue from Connecticut-based work, kept employees at four different Connecticut locations, and leased four properties; and (3) maintained, at the time of suit, one leased property with its name on the building, a telephone listing, and payments of state corporate income tax on Connecticut revenue. *Id.* at 391-92, 397-400. Following *Daimler*, the district court observed that, "[a]lthough Lockheed's contacts with Connecticut may appear substantial, when viewed in relation to its operations as a whole, Lockheed's Connecticut activities account for a relatively trivial amount of its overall business." *Id.* at *398. The court thus determined that Lockheed was not "at home" in Connecticut for purposes of general jurisdiction, and granted its motion to dismiss. *See id.* at *397-99. *See also BNSF Ry Co. v. Superior Court*, No. B260798, 2015, WL 1404544, at *1, *7 (Cal. Ct. App. Mar. 27, 2015) (declining to extend general jurisdiction to railroad asbestos defendant with 8.1% of workforce, 6% of revenue, and under 5% of total track

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

mileage in California); *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. MDL 875, 2014 WL 5394310, at 3 (E.D. Pa. Oct. 23, 2014) (finding in-forum contacts to be no "substitute for [defendant's] place of incorporation or principal place of business," even where defendant was (1) licensed to do business and had an agent for service in forum; (2) sailed vessels in forum waters; and (3) docked at forum ports); *Ricks v. Armstrong Intern.*, No. 4:14-CV-37-BO, 2014 WL 2873189 (E.D.N.C. Jun. 24, 2014) (denying general jurisdiction in asbestos case where in-state contacts included (1) two work-from home sales people; (2) participation and attendance at job fairs; and (3) sales constituting 9.86% of defendant's total sales); *Macqueen v. Union Carbide Corp.*, No. CV 13-831-SLR-CJB, 2014 WL 6809811, at 8 (D. Del. Dec. 3, 2014) (declining to extend general jurisdiction over foreign asbestos defendant, emphasizing that, "[w]hile seemingly broad, the standard for general jurisdiction is high in practice and not often met."); *Anderson v. Dana Co., LLC (In re Asbestos Litig.)*, 2015 Del. Super. LEXIS 66 (Del. Super. Ct. Jan. 30, 2015) (finding Virginia-based asbestos defendant lacked sufficiently continuous and systematic contacts to be considered "at home" in Delaware).

17.    What *Daimler* and its growing progeny make absolutely clear is that some contacts or some revenue generated inside a forum do not alone allow for the exercise of general jurisdiction over a foreign corporation. To qualify as "at home" in a state, a foreign corporation's contacts must be exceptional as compared with that corporation's other, non-forum contacts. Anything short of a "surrogate" headquarters or place of incorporation is insufficient. As demonstrated below, Plaintiff here cannot show that Mack's Missouri contacts are so exceptional as to permit the exercise of general jurisdiction.

18.    Since the decisions in *Daimler* and *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, the United States Supreme Court decided *BNSF Railway Co. v. Tyrrell*, 581 U.S. ___, 137

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

S. Ct. 1549 (2017). That case started with two plaintiffs filing separate cases in Montana against their employer BNSF Railway Co. under the Federal Employers' Liability Act ("FELA") for alleged on-the-job injuries. The Montana connections were limited: plaintiffs didn't live or work in Montana and weren't injured in Montana, and BNSF is a Delaware corporation with its principal place of business in Texas. Plaintiffs argued that BNSF had sufficient connection with Montana because it had over 2,000 miles of railroad and over 2,000 employees there. The Court found that general personal jurisdiction over BNSF would violate due process. The Court began by noting that, under *Daimler*, general jurisdiction is typically only appropriate over a company in the state where the company is incorporated or has its principal place of business. *Id.* at p. 1558 The Court held the due-process clause "applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued." *Id.* at p.1559. The Court repeated the narrow exception from *Daimler* for exercising general jurisdiction in states other than where a corporation is incorporated or has its principal place of business. *Id.* at 1558. ("The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case', a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'"). But the Court found that BNSF's Montana contacts were not "so substantial" because although BNSF had offices, railroad track, and employees in Montana, those contacts represented a relatively small (less than 10% each) portion of BNSF's total presence throughout the United States. *Id.* at 1559.

19.    Mack does not sufficient contact with Missouri to be considered "at home." Plaintiffs do not allege Mack is incorporated in Missouri, or has its principle place of business in Missouri. Plaintiffs must plead and demonstrate that Mack's contacts with Missouri are

Electronically Filed - City of St. Louis - June 22, 2022 - 12:56 PM

sufficiently "exceptional" so as to justify the exercise of general jurisdiction under the *Tyrrell* or *Daimler* guidelines, or those set out in *State ex rel. Norfolk So. Ry. Co. v. Hon. Colleen Dolan*, No. SC95514. Accordingly, the Petition against Mack must be dismissed for lack of general personal jurisdiction.

20.      Plaintiffs' claims are potentially barred by applicable statues of limitations. Plaintiffs fail to plead sufficient information to determine whether Missouri's statute of limitations apply to Plaintiffs' claims or a foreign state's statute of limitations applies via Missouri's Borrowing Statute. Mo. Rev. Stat. §516.100.

WHEREFORE, as Plaintiffs cannot show that Mack is incorporated or principally based in Missouri, nor demonstrate that Mack's Missouri contacts are either functionally or proportionally exceptional so as to otherwise signify that Mack is "at home" here, Mack Trucks, Inc. respectfully requests that the Court dismiss this action as to Defendant Mack Trucks, Inc.

MACK TRUCKS, INC.

BY: _Mary J. Sullivan_____
      Mary Q. Sullivan, #43030
      Curtis R. Picou, #42935
      CRIVELLO, CARLSON, PICOU &
      ANDREKANIC LLC
      1012 Plummer Drive, Suite 201
      Edwardsville, IL 62025
      (618) 655-0006
      (618) 655-0250 (fax)
      msullivan@ccpalaw.com
      cpicou@ccpalaw.com

ATTORNEYS FOR DEFENDANT

Electronically Filed - City of St. Louis - June 23, 2022 - 01:38 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| | ) | No. 2222-CC00226 |
| Plaintiffs, | ) | |
| | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| v. | ) | |
| | ) | **JURY TRIAL** |
| A.W. CHESTERTON COMPANY, et al., | ) | **DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PNEUMO ABEX, LLC'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION OR, IN
THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant Pneumo Abex, LLC, as successor-in-interest to Abex Corporation (hereinafter "Pneumo Abex") and, pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' First Amended Petition or, in the alternative, for a more definite statement of Plaintiffs' claims.  In support of its Motion, Pneumo Abex states as follows:

1.      On February 8, 2022, Plaintiffs filed this action against various Defendants, including Pneumo Abex, seeking damages for Plaintiff David Butler's alleged asbestos-related injuries.  Specifically against Pneumo Abex, Plaintiffs' claims were based upon theories of negligence, willful and wanton misconduct, strict liability, negligent spoliation of evidence and willful and wanton spoliation of evidence.  Plaintiff Kathy Butler also sought damages for loss of consortium.

2.      Because the Petition failed to state a claim, Pneumo Abex filed a Motion to Dismiss.

1

Electronically Filed - City of St. Louis - June 23, 2022 - 01:38 PM

3.      On June 14, 2022, Plaintiffs filed a First Amended Petition.  Plaintiffs have not cured any of the defects addressed in Pneumo Abex's original Motion to Dismiss in the First Amended Petition, but instead, have filed the identical Petition, merely adding a new Defendant as a party.

4.      Plaintiffs' First Amended Petition should be dismissed on numerous grounds as described in more detail below.  By way of this motion, Pneumo Abex does not waive any arguments, defenses or rights including but not limited to arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

5.      Plaintiffs' First Amended Petition fails to establish any basis for specific or general personal jurisdiction over Pneumo Abex in Missouri.  Specifically, Plaintiffs do not allege that Pneumo Abex is organized under the laws of the State of Missouri or that its principal place of business is in the State of Missouri; Plaintiffs do not allege that Pneumo Abex has any connections with the State of Missouri, such that Pneumo Abex could be considered "at home" in the State of Missouri; Plaintiffs do not allege that injuries arise from any actions taken or omitted by Pneumo Abex in the State of Missouri; and Pneumo Abex has not consented to jurisdiction in Missouri.  See State ex rel. Norfolk Southern Railway Co. v. Dolan, No. SC95514, slip op. (Mo. Feb. 28, 2017).

6.      Plaintiffs' First Amended Petition also should be dismissed because it is well settled Missouri is a fact-pleading state.  State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo. banc 1997); Luethans v. Washington Univ., 894 S.W.2d 169, 171 (Mo. banc 1995); ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1995).  The purpose of fact pleading is the quick, efficient and fair resolution of

Electronically Filed - City of St. Louis - June 23, 2022 - 01:38 PM

disputes.  Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial.  Luethans, 894 S.W.2d at 171.

7.      In this case, Plaintiffs have violated both the substance and spirit of that law because the First Amended Petition is wholly devoid of basic factual information.  Plaintiffs bring their actions against numerous Defendants.  All of the Defendants have been combined together in Plaintiffs' allegations.  Plaintiffs do not identify the type of alleged asbestos product(s) to which Plaintiff David Butler allegedly was exposed.  Plaintiffs do not identify any Defendant as having manufactured or sold any specific asbestos-containing product to which Plaintiff David Butler allegedly was exposed.  Plaintiffs do not identify with any particularity the time period in which Plaintiff David Butler allegedly was exposed.  Plaintiffs do not allege the type of activity or job duty Plaintiff David Butler was performing that allegedly exposed Plaintiff David Butler to an asbestos-containing product.  Instead, Plaintiffs merely set forth bare conclusions.

8.      As Plaintiffs' allegations currently stand, it is impossible for any of the Defendants to know which, if any, of their products allegedly caused Plaintiff David Butler's injuries, when he allegedly was injured, or how he allegedly was injured.  Such information is crucial to Defendants' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant.  As set forth above, Plaintiffs have a duty under Missouri law to plead these facts.  As they have failed to do so, Plaintiffs' First Amended Petition should be dismissed.

Electronically Filed - City of St. Louis - June 23, 2022 - 01:38 PM

9.    In addition to their failure to plead their claims with the necessary particularity, Plaintiffs have failed to plead facts establishing the specific elements of each of their claims against Pneumo Abex.

10.    In Count I, Plaintiffs allege negligence against Defendants, including Pneumo Abex, as manufacturers.  In order to plead a cause of action for negligence, Plaintiffs must establish Defendants owed a duty to Plaintiff David Butler to protect him from injury, that Defendants failed to perform that duty, and that the failure caused Plaintiff David Butler's injuries.  Meekins v. St. John's Reg. Health Ctr., 149 S.W.3d 525, 532 (Mo.App.S.D. 2004).  In this case, Plaintiffs do not allege facts that demonstrate any Defendant owed any legal duty of care to Plaintiff David Butler and/or that any Defendant breached any such duty.  Without such facts, Plaintiffs have failed to state a claim against Defendants for negligence.

11.    Instead, Plaintiffs suggest an improper legal standard under which Pneumo Abex's alleged negligence should be reviewed.  Plaintiffs claim that, as manufacturers, Defendants have a duty to exercise reasonable care and caution for the safety of Plaintiff David Butler and others working around any asbestos-containing products, regardless of the manufacturer.  This is incorrect.  In a negligence action against a manufacturer, a duty is imposed on that manufacturer only with respect to foreseeable dangerous consequences of its specific products.  Judy v. Arkansas Log Homes, Inc., 923 S.W.2d 409, 422 (Mo.App.W.D. 1996).  Plaintiffs do not allege any facts that demonstrate foreseeable dangerous consequences of a Pneumo Abex product.  In fact, as pointed out above, Plaintiffs do not allege Plaintiff David Butler worked with or around any Pneumo Abex products whatsoever.  Count I should be dismissed.

4

Electronically Filed - City of St. Louis - June 23, 2022 - 01:38 PM

12.    In Count II, Plaintiffs allege willful and wanton misconduct against Defendants, including Pneumo Abex, as manufacturers.  Plaintiffs do not state a claim for willful and wanton misconduct against Pneumo Abex, because they fail to set forth any facts that demonstrate Pneumo Abex intentionally acted to harm Plaintiff David Butler, or that Pneumo Abex showed complete indifference to or conscious disregard for Plaintiff David Butler's safety.  See Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596 (Mo. 1968).  As these facts are necessary for Plaintiffs' willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

13.    In Count III, Plaintiffs allege strict liability against numerous Defendants, including Pneumo Abex, as manufacturers.  In order to plead a cause of action for strict liability based on a defective design, Plaintiffs must plead facts that establish: (1) the product was sold in the course of Defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) Plaintiff David Butler was damaged as a direct result of a defective condition which existed at the time the product was sold.  Fahy v. Dresser Indus., Inc., 740 S.W.2d 635, 637-38 (Mo.banc 1987).  Because Plaintiffs have not alleged any facts regarding the type of alleged asbestos-containing products to which Plaintiff David Butler was exposed and how those products were being used, Plaintiffs have failed to plead the elements of a strict liability claim for defective design.

14.    Likewise, Plaintiffs do not state a cause of action against Defendants for strict liability based upon an alleged failure to warn.  In order to plead such a claim, Plaintiffs must set forth facts that establish:  (1) Defendants sold the product in question

Electronically Filed - City of St. Louis - June 23, 2022 - 01:38 PM

in the course of their business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated, without knowledge of its characteristics; (3) Defendants did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) Plaintiff David Butler was damaged as a direct result of the product being sold without an adequate warning. Tune v. Synergy Gas Corp., 883 S.W.2d 10, 13 (Mo.banc 1994). In addition to the failures in Plaintiffs' pleading mentioned above, Plaintiffs have also failed to allege with sufficient specificity any defects in any Defendants' warnings. Thus, Plaintiffs have not set forth a cause of action for strict liability based on a failure to warn. Count III should be dismissed.

15.    In Counts IV and V, Plaintiff Kathy Butler seeks damages from Defendants for loss of consortium. A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse. Lear v. Norfolk and Western Railway Co., 815 S.W.2d 12, 14-15 (Mo.App. 1991). Said Count fails to state a cause of action against Pneumo Abex in that it is predicated on Counts I, II, and III, VI and VII, which as set forth above, fail to state a cause of action against Pneumo Abex. Counts IV and V should be dismissed.

16.    In Counts VI and VII, Plaintiff alleges negligent spoliation of evidence and willful and wanton spoliation of evidence, respectively. Missouri does not recognize spoliation, either intentional or negligent, as the basis for tort liability. Baugher v. Gates Rubber Co., Inc., 863 S.W.2d 905, 907 (Mo.App.1993) (citing Brown v. Hamid, 856 S.W.2d 51, 56-57 (Mo. banc 1993); see also Pikey v. Bryant, 203 S.W.3d 817, 822 (Mo.App. 2006).

Electronically Filed - City of St. Louis - June 23, 2022 - 01:38 PM

17.     Plaintiffs' First Amended Petition fails to set forth any specific facts that would establish the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed.  508.010.4, RSMo (Cum. Supp. 2010).

18.     Plaintiffs' claims are barred by the applicable statutes of limitations.

19.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

20.     Plaintiffs' claims are preempted under the Federal Locomotive Boiler Inspection Act, 49 U. S. C. §20701 et seq.; the Safety Appliances Act, 49 U.S.C. §20301, et seq.; the Federal Railroad Safety Act of 1970, 49 U. S. C. §20102 et seq., and all applicable federal regulations related to the various acts.  See Kurns v. Railroad Friction Products Corporation, 132 S. Ct. 1261 (2012).

21.     Pneumo Abex incorporates and adopts herein the Motions and arguments made in response to Plaintiffs' First Amended Petition by other co-Defendants in this cause of action, to the extent those arguments do not contain allegations against Pneumo Abex and do not contradict anything stated herein.

22.     In the alternative, Plaintiffs should be required to amend their First Amended Petition as it is so vague and ambiguous that Pneumo Abex is unable to prepare a responsive pleading, affirmative defense, and/or cross-claim.

WHEREFORE, Defendant Pneumo Abex, LLC prays this Court enter its Order dismissing Plaintiffs' First Amended Petition against it and for such other and further relief as is proper under the circumstances.  Alternatively, Defendant Pneumo Abex, LLC respectfully requests this Court enter an Order requiring Plaintiffs to amend their First Amended Petition to include such specificity as to allow Defendant Pneumo Abex, LLC

Electronically Filed - City of St. Louis - June 23, 2022 - 01:38 PM

to file a responsive pleading.

**DEFENDANT PNEUMO ABEX, LLC DEMANDS TRIAL BY JURY.**

Respectfully submitted,

PELIKAN & ORRIS, LLC

_____/s/ Matthew Pelikan_____
      Thomas L. Orris     #37416
      Matthew E. Pelikan   #57820
      Ross S. Titzer       #59581
      10 South Broadway, Suite 1100
      St. Louis, MO 63102
      314-735-2560
      314-300-9487 (Facsimile)
      tom.orris@pelikanorris.com
      matthew.pelikan@pelikanorris.com
      ross.titzer@pelikanorris.com
      citymail@pelikanorris.com

*Attorneys for Defendant Pneumo Abex, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

_____/s/ Matthew Pelikan_____

Electronically Filed - City of St. Louis - June 23, 2022 - 01:41 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| | ) | No. 2222-CC00226 |
| Plaintiffs, | ) | |
| | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| v. | ) | |
| | ) | **JURY TRIAL** |
| A.W. CHESTERTON COMPANY, et al., | ) | **DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BRAND INSULATIONS, INC.'S**
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION OR, IN**
**THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant Brand Insulations, Inc., (hereinafter "Brand"), and pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure, moves to dismiss Plaintiffs' First Amended Petition or, in the alternative, for a more definite statement of Plaintiffs' claims.  In support of its Motion, Brand states as follows:

1.      On February 8, 2022, Plaintiffs filed this action against various Defendants, including Brand, seeking damages for Plaintiff David Butler's alleged asbestos-related injuries.  Specifically against Brand, Plaintiffs' claims were based upon theories of negligence, willful and wanton misconduct, strict liability, negligent spoliation of evidence and willful and wanton spoliation of evidence.  Plaintiff Kathy Butler also sought damages for loss of consortium.

2.      Because the Petition failed to state a claim, Brand filed a Motion to Dismiss.

3.      On June 14, 2022, Plaintiffs filed a First Amended Petition.  Plaintiffs

1

Electronically Filed - City of St. Louis - June 23, 2022 - 01:41 PM

have not cured any of the defects addressed in Brand's original Motion to Dismiss in the First Amended Petition, but instead, have filed the identical Petition, merely adding a new Defendant as a party.

4.      Plaintiffs' First Amended Petition should be dismissed on numerous grounds as described in more detail below.  By way of this motion, Brand does not waive any arguments, defenses or rights including but not limited to arguments based upon lack of personal jurisdiction, failure to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or statutes of repose.

5.      Plaintiffs' First Amended Petition fails to establish any basis for specific or general personal jurisdiction over Brand in Missouri.  Specifically, Plaintiffs do not allege that Brand is organized under the laws of the State of Missouri or that its principal place of business is in the State of Missouri; Plaintiffs do not allege that Brand has any connections with the State of Missouri, such that Brand could be considered "at home" in the State of Missouri; Plaintiffs do not allege that injuries arise from any actions taken or omitted by Brand in the State of Missouri; and Brand has not consented to jurisdiction in Missouri.  See State ex rel. Norfolk Southern Railway Co. v. Dolan, No. SC95514, slip op. (Mo. Feb. 28, 2017).

6.      Plaintiffs' First Amended Petition also should be dismissed because it is well settled Missouri is a fact-pleading state.  State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo. banc 1997); Luethans v. Washington Univ., 894 S.W.2d 169, 171 (Mo. banc 1995); ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1995).  The purpose of fact pleading is the quick, efficient and fair resolution of disputes.  Fact pleading identifies, narrows and defines the issues so that the trial court

Electronically Filed - City of St. Louis - June 23, 2022 - 01:41 PM

and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. Luethans, 894 S.W.2d at 171.

7.      In this case, Plaintiffs have violated both the substance and spirit of that law because the First Amended Petition is wholly devoid of basic factual information. Plaintiffs bring their actions against numerous Defendants.  All of the Defendants have been combined together in Plaintiffs' allegations.  Plaintiffs do not identify the type of alleged asbestos product(s) to which Plaintiff David Butler allegedly was exposed. Plaintiffs do not identify any Defendant as having manufactured or sold any specific asbestos-containing product to which Plaintiff David Butler allegedly was exposed. Plaintiffs do not identify with any particularity the time period in which Plaintiff David Butler allegedly was exposed.  Plaintiffs do not allege the type of activity or job duty Plaintiff David Butler was performing that allegedly exposed Plaintiff David Butler to an asbestos-containing product.  Instead, Plaintiffs merely set forth bare conclusions.

8.      As Plaintiffs' allegations currently stand, it is impossible for any of the Defendants to know which, if any, of their products allegedly caused Plaintiff David Butler's injuries, when he allegedly was injured, or how he allegedly was injured.  Such information is crucial to Defendants' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant.  As set forth above, Plaintiffs have a duty under Missouri law to plead these facts.  As they have failed to do so, Plaintiffs' First Amended Petition should be dismissed.

9.      In addition to their failure to plead their claims with the necessary particularity, Plaintiffs have failed to plead facts establishing the specific elements of each of their claims against Brand.

3

Electronically Filed - City of St. Louis - June 23, 2022 - 01:41 PM

10.     In Count I, Plaintiffs allege negligence against Defendants, including Brand, as manufacturers.  In order to plead a cause of action for negligence, Plaintiffs must establish Defendants owed a duty to Plaintiff David Butler to protect him from injury, that Defendants failed to perform that duty, and that the failure caused Plaintiff David Butler's injuries.  <u>Meekins v. St. John's Reg. Health Ctr.</u>, 149 S.W.3d 525, 532 (Mo.App.S.D. 2004).  In this case, Plaintiffs do not allege facts that demonstrate any Defendant owed any legal duty of care to Plaintiff David Butler and/or that any Defendant breached any such duty.  Without such facts, Plaintiffs have failed to state a claim against Defendants for negligence.

11.     Instead, Plaintiffs suggest an improper legal standard under which Brand's alleged negligence should be reviewed.  Plaintiffs claim that, as manufacturers, Defendants have a duty to exercise reasonable care and caution for the safety of Plaintiff David Butler and others working around any asbestos-containing products, regardless of the manufacturer.  This is incorrect.  In a negligence action against a manufacturer, a duty is imposed on that manufacturer only with respect to foreseeable dangerous consequences of its specific products.  <u>Judy v. Arkansas Log Homes, Inc.</u>, 923 S.W.2d 409, 422 (Mo.App.W.D. 1996).  Plaintiffs do not allege any facts that demonstrate foreseeable dangerous consequences of a Brand product.  In fact, as pointed out above, Plaintiffs do not allege Plaintiff David Butler worked with or around any Brand products whatsoever.  Count I should be dismissed.

12.     In Count II, Plaintiffs allege willful and wanton misconduct against Defendants, including Brand, as manufacturers.  Plaintiffs do not state a claim for willful and wanton misconduct against Brand, because they fail to set forth any facts that

Electronically Filed - City of St. Louis - June 23, 2022 - 01:41 PM

demonstrate Brand intentionally acted to harm Plaintiff David Butler, or that Brand showed complete indifference to or conscious disregard for Plaintiff David Butler's safety.  See Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596 (Mo. 1968). As these facts are necessary for Plaintiffs' willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

13.     In Count III, Plaintiffs allege strict liability against numerous Defendants, including Brand, as manufacturers.  In order to plead a cause of action for strict liability based on a defective design, Plaintiffs must plead facts that establish: (1) the product was sold in the course of Defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) Plaintiff David Butler was damaged as a direct result of a defective condition which existed at the time the product was sold.  Fahy v. Dresser Indus., Inc., 740 S.W.2d 635, 637-38 (Mo.banc 1987).  Because Plaintiffs have not alleged any facts regarding the type of alleged asbestos-containing products to which Plaintiff David Butler was exposed and how those products were being used, Plaintiffs have failed to plead the elements of a strict liability claim for defective design.

14.     Likewise, Plaintiffs do not state a cause of action against Defendants for strict liability based upon an alleged failure to warn.  In order to plead such a claim, Plaintiffs must set forth facts that establish:  (1) Defendants sold the product in question in the course of their business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated, without knowledge of its characteristics; (3) Defendants did not give adequate warning of the danger; (4) the product was used in a

Electronically Filed - City of St. Louis - June 23, 2022 - 01:41 PM

reasonably anticipated manner; and (5) Plaintiff David Butler was damaged as a direct result of the product being sold without an adequate warning.  Tune v. Synergy Gas Corp., 883 S.W.2d 10, 13 (Mo.banc 1994).  In addition to the failures in Plaintiffs' pleading mentioned above, Plaintiffs have also failed to allege with sufficient specificity any defects in any Defendants' warnings.  Thus, Plaintiffs have not set forth a cause of action for strict liability based on a failure to warn.  Count III should be dismissed.

15.    In Counts IV and V, Plaintiff Kathy Butler seeks damages from Defendants for loss of consortium.  A loss of consortium action derives from an injured spouse's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured spouse.  Lear v. Norfolk and Western Railway Co., 815 S.W.2d 12, 14-15 (Mo.App. 1991).  Said Count fails to state a cause of action against Brand in that it is predicated on Counts I, II, and III, VI and VII, which as set forth above, fail to state a cause of action against Brand.  Counts IV and V should be dismissed.

16.    In Counts VI and VII, Plaintiff alleges negligent spoliation of evidence and willful and wanton spoliation of evidence, respectively.  Missouri does not recognize spoliation, either intentional or negligent, as the basis for tort liability.  Baugher v. Gates Rubber Co., Inc., 863 S.W.2d 905, 907 (Mo.App.1993) (citing Brown v. Hamid, 856 S.W.2d 51, 56-57 (Mo. banc 1993); see also Pikey v. Bryant, 203 S.W.3d 817, 822 (Mo.App. 2006).

17.    Plaintiffs' First Amended Petition fails to set forth any specific facts that would establish the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed.  508.010.4, RSMo (Cum. Supp. 2010).

18.    Plaintiffs' claims are barred by the applicable statutes of limitations.

Electronically Filed - City of St. Louis - June 23, 2022 - 01:41 PM

19. Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

20. Brand incorporates and adopts herein the Motions and arguments made in response to Plaintiffs' First Amended Petition by other co-Defendants in this cause of action, to the extent those arguments do not contain allegations against Brand and do not contradict anything stated herein.

21. In the alternative, Plaintiffs should be required to amend their First Amended Petition as it is so vague and ambiguous that Brand is unable to prepare a responsive pleading, affirmative defense, and/or cross-claim.

WHEREFORE, Defendant Brand Insulations, Inc. prays this Court enter its Order dismissing Plaintiffs' First Amended Petition against it and for such other and further relief as is proper under the circumstances. Alternatively, Defendant Brand Insulations, Inc. respectfully requests this Court enter an Order requiring Plaintiffs to amend their First Amended Petition to include such specificity as to allow Defendant Brand Insulations, Inc. to file a responsive pleading.

**DEFENDANT BRAND INSULATIONS, INC. DEMANDS TRIAL BY JURY.**

Electronically Filed - City of St. Louis - June 23, 2022 - 01:41 PM

Respectfully submitted,

PELIKAN & ORRIS, LLC


    /s/ Matthew Pelikan
       Thomas L. Orris     #37416
       Matthew E. Pelikan   #57820
       Ross S. Titzer      #59581
       10 South Broadway, Suite 1100
       St. Louis, MO 63102
       314-735-2560
       314-300-9487 (Facsimile)
       tom.orris@pelikanorris.com
       matthew.pelikan@pelikanorris.com
       ross.titzer@pelikanorris.com
       citymail@pelikanorris.com

*Attorneys for Defendant Brand*
*  Insulations, Inc.*


## CERTIFICATE OF SERVICE

     I hereby certify that on the 23rd day of June, 2022, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.


     /s/ Matthew Pelikan

8

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00226 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID BUTLER | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN E  RICHARDSON JR<br>ONE COURT STREET<br>Alton, IL 62002 | |
| vs. | | |
| Defendant/Respondent:<br>A W CHESTERTON COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Asbestos | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   OSHKOSH CORPORATION
Alias:

**CT CORPORATION SYSTEM**
**8040 EXCELSIOR DR STE 200**
**MADISON, WI 53717**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*CITY OF ST LOUIS*

**June 24, 2022**

_____           _____
Date                                                                                  Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**
| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-THIRD JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER, his wife,** | ) ) ) | |
| Petitioners, | ) ) | **Case No: 2222-CC00226** |
| vs. | ) ) | **PERSONAL INJURY PRODUCTS LIABILITY** |
| **EATON CORPORATION, *et. al.*** | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

<u>**DEFENDANT EATON CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION**</u>

Defendant Eaton Corporation's Answer and Affirmative Defenses to Plaintiffs' First Amended Petition ("Plaintiffs' Petition"):

<u>**ANSWER TO JURISDICTION, VENUE AND GENERAL ALLEGATIONS**</u>

1.      Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Petition.

2.      Eaton is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2 of Plaintiffs' Petition. Eaton denies the allegations contained in Paragraph 2 of Plaintiffs' Petition to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.      Eaton denies that joint and several liability is proper. Eaton denies the allegations contained in Paragraph 3 of Plaintiffs' Petition, and each of its sub-paragraphs, to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

4.    Eaton denies the allegations contained in Paragraph 4 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

5.    Eaton denies the allegations contained in Paragraph 5 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

6.    Eaton denies the allegations contained in Paragraph 6 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants. Eaton denies that the Court has general jurisdiction over it in this matter.

7.    Eaton denies the allegations contained in Paragraph 7 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants. Eaton denies that the Court has specific jurisdiction over it in this matter.

8.    Eaton denies the allegations contained in Paragraph 8 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants. Eaton denies that the Court has jurisdiction over it in this matter.

9.    Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Petition.

10.    Eaton denies the allegations contained in Paragraph 10 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

11.     Eaton denies the allegations contained in Paragraph 11 of Plaintiffs' Petition to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

12.     Eaton denies that venue is proper in the City of St. Louis, Missouri. Eaton denies the allegations contained in Paragraph 12 of Plaintiffs' Petition to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants. Eaton denies that venue is proper in this Court.

13.     Eaton denies the allegations contained in Paragraph 13 of Plaintiffs' Petition, and each of its sub-paragraphs, to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

14.     Eaton denies the allegations contained in Paragraph 14 of Plaintiffs' Petition to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

15.     Eaton denies the allegations contained in Paragraph 15 of Plaintiffs' Petition to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

16.     Eaton denies the allegations contained in Paragraph 16 of Plaintiffs' Petition to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

17.    Eaton denies the allegations contained in Paragraph 17 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

18.    Eaton denies the allegations contained in Paragraph 18 of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

## ANSWER TO COUNT I – NEGLIGENCE

1.    Eaton incorporates its answer to Paragraph 3 of Plaintiffs' Petition.

2.    Eaton is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2 of Count I of Plaintiffs' Petition.

3.    Eaton denies the allegations contained in Paragraph 3 of Count I of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

4.    Eaton denies the allegations contained in Paragraph 4 of Count I of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

5.    Eaton denies the allegations contained in Paragraph 5 of Count I of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

6.      Eaton denies the allegations contained in Paragraph 6 of Count I of Plaintiffs' Petition, and each of its sub-paragraphs, to the extent they pertain to Eaton. Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

7.      Eaton denies the allegations contained in Paragraph 7 of Count I of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual and compensatory damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count I of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT II – WILLFUL & WANTON MISCONDUCT

1.      Eaton incorporates its answers to Paragraphs 2-4 of Count I of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count II of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.      Eaton denies the allegations contained in Paragraph 3 of Count II of Plaintiffs' Petition, and each of its sub-paragraphs, to the extent they pertain to Eaton.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

4.      Eaton denies the allegations contained in Paragraph 4 of Count II of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

5.      Eaton denies the allegations contained in Paragraph 5 of Count II of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual, compensatory, or punitive damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count II of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT III – STRICT LIABILITY

1.      Eaton incorporates its answers to Paragraphs 2-4 of Count I of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count III of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

3.      Eaton denies the allegations contained in Paragraph 3 of Count III of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

4.      Eaton denies the allegations contained in Paragraph 4 of Count III of Plaintiffs' Second Amended Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual and compensatory damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count III of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

<u>**ANSWER TO COUNT IV – NEGLIGENCE<br>(LOSS OF CONSORTIUM)**</u>

1.      Eaton incorporates its answers to all preceding paragraphs of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count IV of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual and compensatory

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count IV of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT V – WILFUL/WANTON MISCOUNDUCT (LOSS OF CONSORTIUM)

1.      Eaton incorporates its answers to all preceding paragraphs of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count V of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.      Eaton denies the allegations contained in Paragraph 3 of Count V of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual, compensatory, or punitive damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count V of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT VI – NEGLIGENCE (SPOLIATION OF EVIDENCE)

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

1.     Eaton incorporates its answers to all preceding paragraphs of Plaintiffs' Petition.

2.     Eaton denies the allegations contained in Paragraph 2 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.     Eaton denies the allegations contained in Paragraph 3 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

4.     Eaton denies the allegations contained in Paragraph 4 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

5.     Eaton denies the allegations contained in Paragraph 5 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

6.     Eaton denies the allegations contained in Paragraph 6 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

7.      Eaton denies the allegations contained in Paragraph 7 of Count VI of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual and compensatory damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count VI of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## ANSWER TO COUNT VII – WILFUL/WANTON MISCONDUCT (SPOLIATION OF EVIDENCE)

1.      Eaton incorporates its answers to Paragraphs 2-5 of Count VI of Plaintiffs' Petition.

2.      Eaton denies the allegations contained in Paragraph 2 of Count VII of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

3.      Eaton denies the allegations contained in Paragraph 3 of Count VII of Plaintiffs' Petition to the extent they pertain to Eaton.  Eaton is without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other defendants.

Defendant Eaton Corporation denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiff, including actual, compensatory, or

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

punitive damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiff is entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on Count VII of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' Petition fails to state a claim against this Defendant upon which relief may be granted.

2.      This Court lacks personal jurisdiction over this Defendant.

3.      Venue is improper in the City of St. Louis, Missouri.

4.      Plaintiffs' claims against this Defendant are barred by the applicable statutes of limitations or statutes of repose, including §§ 516.120, 516.190, 516.230, 537.100, 400.2-607, 400.1-106, 400.2-715, and 400.2-725 RSMo; and potentially other statutes of limitations and/or repose of foreign states.

5.      Plaintiffs' claims may be barred or limited by the substantive law of foreign states or jurisdictions.

6.      Plaintiffs' claims should be dismissed for failure to join one or more necessary parties.

7.      Plaintiffs' claims against this Defendant should be dismissed pursuant to Rule 52.04 for failure to join one or more indispensable parties, including but not limited to bankrupt entities or other entities whom may be liable for Plaintiff's alleged injury, in that the absence of these parties leaves this Defendant subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

8.    Plaintiffs' claim should be dismissed pursuant to Section 55.27(a)(9) if Plaintiff has an ongoing action between the same parties for the same cause. Mo. Sup. Ct. R. 55.27(a)(9).

9.    Defendant does not deny that the Plaintiff may have been exposed to product(s) or injured by the activities of other Defendants and/or non-parties and does not deny the liability of any other Defendant or non-party.

10.    If damages were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by the conduct, carelessness, fault and/or negligence of Plaintiff, including, but not limited to conduct in smoking, consuming alcohol, and failure to lose weight, or by products or conduct of other persons and entities not under this Defendant's control, including learned intermediaries.  The Court should therefore deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

11. If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff knowingly assuming all risks. Therefore, Plaintiff is barred from recovery.

12.    Under the facts of this case, this Defendant owed no duty to Plaintiffs.

13.    At all pertinent times, the state of the medical, scientific and industrial knowledge was such that this Defendant neither knew, nor should have known, that asbestos-containing products presented reasonably foreseeable risks to Plaintiff or others similarly situated in the normal and expected use of said products.

14.    If products containing asbestos for which Defendant has liability caused or contributed to Plaintiff's alleged injuries and damages, which is denied, such products were

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

misused, altered, or modified by Plaintiff or persons other than this Defendant, or installed or used contrary to the instructions of this Defendant.

15.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff's unreasonable failure to appreciate any risks that may be involved in the use of asbestos-containing materials or the consequences thereof and his unreasonable exposure to such risks.

16.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff's failure to undertake the precautions a reasonably careful user of asbestos-containing materials would take to protect himself against possible risks which he should reasonably appreciate under the same or similar circumstances.

17.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff's failure to mitigate damages.

18.    If Plaintiff was exposed to asbestos-containing products manufactured, sold, or distributed by this Defendant, which is denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Plaintiffs.

19.    The doctrine of laches bars Plaintiffs from asserting that Defendant is liable for any losses that allegedly were suffered by Plaintiff.

20.    Plaintiffs' prayer to have Defendant be held jointly and severally liable is contrary to the provisions of § 537.067 RSMo.

21.    Joint and several liability is unconstitutional as applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts.    Joint and several liability is unconstitutional because recovery of damages by

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

Plaintiffs against this Defendant in excess of Defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that this Defendant would be subject to a penalty above and beyond its causal fault.

    a.  Recovery of such damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because they would subject this Defendant to excessive fines and punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106 RSMo.

    b.  Further, recovery of such damages by Plaintiffs would deny this Defendant of property without due process of law in violation of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because such recovery would allow an award that is grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

    c.  Recovery of such damages by Plaintiffs would deprive this Defendant of property without due process of law and further deprive this Defendant of the equal protection of the laws in violation of Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10.

22.    Plaintiffs' claim for punitive damages is barred by the United States Constitution because by requesting an award of punitive damages, Plaintiffs seek to have the Court impose state action upon Defendant, whether those damages are imposed by statute or common law.

23.    Plaintiffs' claim for punitive damages is barred by the United States Constitution because recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

as applied to state courts via the Fourteenth Amendment, in that Defendant may be subjected to multiple awards for an alleged single course of conduct.

24.    Recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that the standards, whether statutory or common law, by which a jury may determine the culpability of Defendant and the amount of damages to be awarded are vague and therefore constitutionally defective.

25.    Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they would subject Defendant to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106 RSMo.

26.    Recovery of punitive damages by Plaintiffs would deny Defendant property without due process of law in violation of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because there are insufficient legal standards for a jury to determine the amount of any such damages so as to allow awards that are grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

27.    Recovery of punitive damages by Plaintiffs in this case would violate

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

   a. Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

   b. Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

   c. Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award;

   d. The right to a speedy trial, the requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-incrimination during the discovery process and at trial, all of which are afforded to defendants facing criminal sanctions.

28. Recovery of punitive damages by Plaintiffs would deprive this Defendant of property without due process of law and further deprive Defendant of the equal protection of the laws in violation of Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10, because the jury is told to take into consideration the evidence of Defendant's net worth, implying to the jury that it would be more appropriate to punish Defendant rather than another defendant of similar circumstances which had a lesser net worth.

29. Sections 408.040, 509.050, and 537.765 RSMo are unconstitutional as applied to the facts of this case.

30. Plaintiffs' claims for punitive damages are barred for the above reasons and because an alleged successor is not liable for punitive damages under the law of this State.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

31.     Plaintiffs' claims for punitive damages are barred for the above reasons and because an award of punitive damages would be contrary to the public policy of this State.

32.     Plaintiffs' claims against Defendant are barred by federal preemption and/or statutory compliance.

33.     If Missouri substantive law applies, then pursuant to § 537.060 RSMo, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given in good faith by Plaintiffs to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Plaintiffs' claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

34.     Defendant asserts all defenses available to it under Mo. H.B. No. 393 (2005).

35.     Defendant cannot be held liable for the allegedly defective design of its products because Defendant satisfied the requirements of the "Military or Government Contractor Defense" announced in *Boyle v. United Technologies*, 487 U.S. 500 (1988). State law which imposes liability for design defects in military equipment is displaced where the United States approved reasonably precise specifications; the equipment conformed to those specifications; and the supplier warned the United States about the dangers in the use of the equipment known to the supplier but not to the United States.

36.     Defendant denies all allegations not expressly and specifically admitted.

37.     Defendant reserves the right to assert any additional defenses which it may learn through discovery and further adopts and asserts all defenses raised or asserted or to be raised or asserted by other Defendants to this action.

38.     Plaintiffs' claims are barred by all affirmative defenses provided for in

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

Missouri Rule 55.08.

39.     Plaintiffs' claims for punitive damages are barred pursuant to RSMo. 510.261(5), which states that "No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant to file such a pleading only on written motion by the claimant . . . ."  The statute further provides that a motion must be supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages. Plaintiff has failed to file the required motion, failed to submit any supporting evidence, and failed to obtain leave of the Court before asserting a claim for a punitive damage award.

Defendant Eaton Corporation, Individually and as Successor-in-Interest to Cutler-Hammer, Inc. denies that joint and several liability is proper, that Eaton is liable for any damages alleged by Plaintiffs, including actual, compensatory, and punitive damages, pre-judgment and post-judgment interest and the costs of this action, and that Plaintiffs are entitled to a judgment in any sum against this Defendant, and therefore, seeks judgment in its favor on all counts of Plaintiffs' Petition, plus costs and any other relief as the Court deems just.

Respectfully Submitted,

/s/ Sarah E. Schwartz
Dyanna Ballou, #48124
Sarah E. Schwartz, #70453
RASMUSSEN, DICKEY & MOORE, L.L.C.
1001 E. 101st Terrace
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Fax: (816) 960-1669
dballou@rdm.law
sschwartz@rdm.law
**Attorneys for Defendant Eaton Corporation**

## CERTIFICATE OF SERVICE

I certify that on this 24th of June 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties.

/s/ Sarah E. Schwartz
**Attorney for Defendant Eaton Corporation**

Electronically Filed - City of St. Louis - June 24, 2022 - 11:48 AM

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID AND KATHY BUTLER** | ) | |
| | ) | **Case No. 2222-CC00226** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT DEMANDS** |
| **A.W. CHESTERTON COMPANY,** *et al.,* | ) | **TRIAL BY JURY** |
| | ) | |
| **Defendants.** | ) | |

**MORSE TEC LLC, F/K/A BORGWARNER MORSE TEC, LLC, AND SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION**

Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation ("Morse TEC") responds to Plaintiffs' First Amended Petition:

**JURISDICTION, VENUE AND GENERAL ALLEGATIONS**

1.     Morse TEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.     Morse TEC lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's work history.  Morse TEC otherwise denies the allegations in Paragraph 2.

3.     Morse TEC denies that joint and several liability is proper. Morse TEC denies the allegations in Paragraph 3, including all sub-paragraphs, to the extent the allegations pertain to Morse TEC.

4.     Morse TEC denies the allegations in Paragraph 4 to the extent the allegations pertain to Morse TEC.

5.     Morse TEC denies the allegations in Paragraph 5 to the extent the allegations pertain to Morse TEC.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

6.      Paragraph 6 states a conclusion of law for which no answer is required. Morse TEC otherwise denies the allegations in Paragraph 6 to the extent the allegations pertain to Morse TEC and specifically denies that this court has general jurisdiction over it.

7.      Paragraph 7 states a conclusion of law for which no answer is required. Morse TEC otherwise denies the allegations in Paragraph 7 to the extent the allegations pertain to Morse TEC and specifically denies that this court has specific jurisdiction over it.

8.      Morse TEC denies the allegations in Paragraph 8 to the extent the allegations pertain to Morse TEC.

9.      Morse TEC denies the allegations in Paragraph 9 to the extent the allegations pertain to Morse TEC.

10.     Morse TEC denies the allegations in Paragraph 10 to the extent the allegations pertain to Morse TEC.

11.     Morse TEC denies the allegations in Paragraph 11 to the extent the allegations pertain to Morse TEC. Morse TEC specifically denies that this court has jurisdiction over it.

12.     Morse TEC denies that venue is proper in the City of St. Louis.  Paragraph 12 states a conclusion of law for which no answer is required.  Morse TEC otherwise denies the remaining allegations in Paragraph 12.

13.     Morse TEC denies the allegations in Paragraph 13 to the extent the allegations pertain to Morse TEC.

14.     Morse TEC denies the allegations in Paragraph 14 to the extent the allegations pertain to Morse TEC.

15.     Morse TEC denies the allegations in Paragraph 15 to the extent the allegations pertain to Morse TEC.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

16.     Morse TEC denies the allegations in Paragraph 16 to the extent the allegations pertain to Morse TEC.

17.     Morse TEC lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's disease and the date of its discovery.  Morse TEC otherwise denies the allegations in Paragraph 17.

18.     Morse TEC denies the allegations in Paragraph 18 to the extent the allegations pertain to Morse TEC.

Morse TEC requests that Plaintiffs' First Amended Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorneys' fees.

## COUNT I – Negligence
### (materials / products / equipment)

1.     Morse TEC restates its answers to Paragraphs 1 through 18 of Plaintiffs' First Amended Petition as its answer to Paragraph 1 of Count I.

2.     Morse TEC denies the allegations in Paragraph 2 of Count I to the extent the allegations pertain to Morse TEC.

3.     Morse TEC denies the allegations in Paragraph 3 of Count I to the extent the allegations pertain to Morse TEC.

4.     Morse TEC denies the allegations in Paragraph 4 of Count I to the extent the allegations pertain to Morse TEC.

5.     Morse TEC denies the allegations in Paragraph 5 of Count I to the extent the allegations pertain to Morse TEC.

6.     Morse TEC denies the allegations in Paragraph 6 of Count I, including sub-paragraphs (a) through (m) to the extent the allegations pertain to Morse TEC.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

7.    Morse TEC denies the allegations in Paragraph 7 of Count I to the extent the allegations pertain to Morse TEC.

Morse TEC denies that it is responsible for Plaintiffs' damages. Morse TEC requests that Plaintiffs' First Amended Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorney's fees.

### COUNT II – Willful/Wanton Misconduct
### (materials / products / equipment)

1.    Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' First Amended Petition as its answer to Paragraph 1 of Count II.

2.    Morse TEC denies the allegations in Paragraph 2 of Count II to the extent the allegations pertain to Morse TEC.

3.    Morse TEC denies the allegations in Paragraph 3 of Count II, including sub-paragraphs (a) through (m) to the extent the allegations pertain to Morse TEC.

4.    Morse TEC denies the allegations in Paragraph 4 of Count II to the extent the allegations pertain to Morse TEC.

5.    Paragraph 5 states a conclusion of law for which no answer is required.  Morse TEC denies the allegations in Paragraph 5 of Count II to the extent the allegations pertain to Morse TEC. Morse TEC specifically denies that it is liable for punitive damages.

Morse TEC denies that it is responsible for Plaintiffs' damages, including punitive damages.  Morse TEC requests that Plaintiffs' First Amended Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorney's fees.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

### COUNT III – Strict Liability
### (materials / products / equipment)

1.    Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' First Amended Petition as its answer to Paragraph 1 of Count III.

2.    Morse TEC denies the allegations in Paragraph 2 of Count III, including sub-paragraphs (a) through (c) to the extent the allegations pertain to Morse TEC.

3.    Morse TEC denies the allegations in Paragraph 3 of Count III to the extent the allegations pertain to Morse TEC.

4.    Morse TEC denies the allegations in Paragraph 4 of Count III to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages.  Morse TEC requests Plaintiffs' First Amended Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorney's fees.

### COUNT IV – Negligence
### (loss of consortium)

1.    Morse TEC restates its answers to prior Paragraphs of Plaintiffs' First Amended Petition as its answer to Paragraph 1 of Count IV.

2.    Morse TEC denies the allegations in Paragraph 2 of Count IV to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages.  Morse TEC requests Plaintiffs' First Amended Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorney's fees.

### COUNT V – Willful /Wanton Misconduct
### (loss of consortium)

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

1.      Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' First
Amended Petition as its answer to Paragraph 1 of Count V.

2.      Morse TEC denies the allegations in Paragraph 2 of Count V to the extent the
allegations pertain to Morse TEC.

3.      Morse TEC denies the allegations in Paragraph 3 of Count V to the extent the
allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages, including punitive
damages.  Morse TEC requests Plaintiffs' First Amended Petition be dismissed, and that Morse
TEC be reimbursed for its costs and reasonable attorney's fees.

## COUNT VI– Negligence
## (spoliation of evidence)

1.      Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' First
Amended Petition as its answer to Paragraph 1 of Count VI.

2.      Morse TEC denies the allegations in Paragraph 2 of Count VI to the extent the
allegations pertain to Morse TEC.

3.      Morse TEC denies the allegations in Paragraph 3 of Count VI to the extent the
allegations pertain to Morse TEC.

4.      Morse TEC denies the allegations in Paragraph 4 of Count VI to the extent the
allegations pertain to Morse TEC.

5.      Morse TEC denies the allegations in Paragraph 5 of Count VI to the extent the
allegations pertain to Morse TEC.

6.      Morse TEC denies the allegations in Paragraph 6 of Count VI to the extent the
allegations pertain to Morse TEC.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

7.      Morse TEC denies the allegations in Paragraph 7 of Count VI to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages.  Morse TEC requests Plaintiffs' First Amended Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorney's fees.

### COUNT VII- Willful/wanton misconduct
### (spoliation of evidence)

1.      Morse TEC restates its answers to the prior Paragraphs of Plaintiffs' First Amended Petition as its answer to Paragraph 1 of Count VII.

2.      Morse TEC denies the allegations in Paragraph 2 of Count VII to the extent the allegations pertain to Morse TEC.

3.      Morse TEC denies the allegations in Paragraph 3 of Count VII to the extent the allegations pertain to Morse TEC.

Morse TEC denies that is responsible for Plaintiffs' damages, including punitive damages.  Morse TEC requests Plaintiffs' First Amended Petition be dismissed, and that Morse TEC be reimbursed for its costs and reasonable attorney's fees.

### AFFIRMATIVE DEFENSES

1.      Plaintiffs' First Amended Petition fails to state a claim against this Defendant upon which relief can be granted.

2.      This Court lacks personal jurisdiction over Morse TEC.  *See State ex rel. Norfolk Southern Railway Company v. Dolan*, 512 S.W.3d 41 (Mo. banc 2017).  The exercise of personal jurisdiction over Morse TEC by this Court would violate Morse TEC's state and federal Constitutional due process rights.  Plaintiffs' First Amended Petition is vague and fails to

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

establish jurisdictional allegations. Plaintiffs failed to allege this cause of action arose from any activity in Missouri, and consequently all claims against Morse TEC should be dismissed for lack of personal jurisdiction.

3.      Venue is improper in the City of St. Louis.

4.      Plaintiffs' claims are barred by the applicable statutes of limitations or statutes of repose, including §§ 516.120, 516.190, 516.230, 537.100, 400.2-607, 400.1-106, 400.2-715, and 400.2-725 RSMo, and others, and potentially the statutes of limitations or statutes of repose of foreign states.

5.      Plaintiffs' claims may be barred or limited by the substantive law of foreign states or jurisdictions.

6.      Plaintiffs' claims should be dismissed for failure to join one or more necessary parties.

7.      Plaintiffs' claims against this Defendant should be dismissed pursuant to Rule 52.04 for failure to join one or more indispensable parties, including but not limited to bankrupt entities or other entities who may be liable for Plaintiffs' alleged injury, in that the absence of these parties leaves this Defendant subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

8.      Defendant does not deny that Plaintiff was exposed to asbestos from the products of, or as the result of conduct by, any other defendant or non-party, and does not deny the liability of any other defendant or non-party.

9.      If damages were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by the conduct, carelessness, fault and/or negligence of the Plaintiffs, including, but not limited to conduct in smoking, consuming alcohol, and failure to lose weight,

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

or by products or conduct of other persons and entities not under this defendant's control, including learned intermediaries, and the Court should therefore deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

10.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiffs knowingly assuming all risks and therefore Plaintiffs are barred from recovery.

11.    Under the facts of this case, Defendant owed no duty to Plaintiffs.

12.    At all times pertinent, the state of the medical, scientific, and industrial knowledge was such that Defendant neither knew, nor should have known, that asbestos-containing products presented reasonably foreseeable risks to Plaintiffs or others similarly situated in the normal and expected use of said products.

13.    If products containing asbestos for which Defendant has liability caused or contributed to Plaintiffs' alleged injuries and damages, which is denied, such products were misused, altered, or modified by Plaintiffs or persons other than this defendant, or installed or used contrary to the instructions of this Defendant.

14.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiffs' unreasonable failure to appreciate any risks that may be involved in the use of asbestos-containing materials or the consequences thereof and his unreasonable exposure to such risks.

15.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiffs' failure to undertake the precautions a

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

reasonably careful user of asbestos-containing materials would take to protect himself against possible risks, which he should reasonably appreciate under the same or similar circumstances.

16.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by the failure to mitigate damages.

17.    If Plaintiffs were exposed to asbestos-containing products manufactured, sold, or distributed by this Defendant, which is denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Plaintiffs.

18.    Plaintiffs are barred from asserting that Defendant is liable for any losses that allegedly were suffered by Plaintiffs because of the doctrine of laches.

19.    Plaintiffs' prayer to have Defendant be held jointly and severally liable is contrary to the provisions of § 537.067 RSMo.

20.    Joint and several liability is unconstitutional as applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts.  Joint and several liability is unconstitutional because recovery of damages by Plaintiffs against this Defendant in excess of Defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that this Defendant would be subject to a penalty above and beyond its causal fault.

      a.    Recovery of such damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because they would subject this Defendant to excessive fines and punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106 RSMo.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

b.    Further, recovery of such damages by Plaintiffs would deny this Defendant of property without due process of law in violation of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because such recovery would allow an award that is grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

c.    Recovery of such damages by Plaintiffs deprives this Defendant of property without due process of law and further deprives this Defendant of the equal protection of the laws in violation of Defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10.

21.    Plaintiffs' claim for punitive damages is barred by the United States Constitution because by requesting an award of punitive damages, Plaintiffs seek to have the Court impose state action upon Defendant, whether those damages are imposed by statute or common law.

22.    Plaintiffs' claim for punitive damages is barred by the United States Constitution because recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that Defendant may be subjected to multiple awards for an alleged single course of conduct.

a.    Recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that the standards, whether statutory or common law, by which a jury may determine the culpability of Defendant and the amount of damages to be awarded are vague and therefore constitutionally defective.

b.    Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments. Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they would subject Defendant to multiple jeopardy, excessive fines, and

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

unusual punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106 RSMo.

c.      Recovery of punitive damages by Plaintiffs would deny Defendant property without due process of law in violation of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because there are insufficient legal standards for a jury to determine the amount of any such damages so as to allow awards that are grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

23.     Recovery of punitive damages by Plaintiffs in this case would violate procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

a.      Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

b.      Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

c.      Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award;

d.      The right to a speedy trial, the requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-incrimination during the discovery process and at trial, all of which are afforded to defendants facing criminal sanctions.

24.     Recovery of punitive damages by Plaintiffs deprives Defendant of property without due process of law and further deprives Defendant of the equal protection of the laws in violation of a defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10, because the jury is told to take into consideration the evidence of

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

defendant's net worth, implying to the jury that it would be more appropriate to punish Defendant rather than another defendant of similar circumstances which had a lesser net worth.

25.    Sections 408.040, 509.050, and 537.765 RSMo are unconstitutional as applied to the facts of this case.

26.    Plaintiffs' claims for punitive damages are barred for the above reasons and because an alleged successor is not liable for punitive damages under the law of this State.

27.    Plaintiffs' claims for punitive damages are barred for the above reasons and because an award of punitive damages would be contrary to the public policy of this State.

28.    Plaintiffs' claims against Defendant are barred by federal preemption.

29.    Plaintiffs' suit should be barred or limited by the doctrine of judicial estoppel.

30.    Plaintiffs lack standing to maintain this cause of action.

31.    Plaintiffs' alleged injury was not caused by exposure to asbestos fibers.

32.    If Missouri substantive law applies, then pursuant to § 537.060 RSMo, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by Plaintiffs to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Plaintiff's claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  To date, Plaintiffs have not disclosed any such agreements, and Defendant does not otherwise currently possess knowledge or information regarding any such agreements between Plaintiffs and any party or nonparty.  As such, the precise identity of any entities with whom Plaintiffs may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Defendant at this time.  Information regarding Plaintiffs' settlements and arrangements necessary for Defendant to fully plead the affirmative defense of reduction under § 537.060 is

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

expected to be gleaned through written discovery. Defendant is entitled to a reduction for the stipulated or paid amounts of all settlement agreements under § 537.060, as well as setoffs for any future compensation Plaintiffs receive in the form of payments from any other parties or entities for the alleged damages.

33.    If Plaintiffs and any other party and/or its insurer enter into a contract pursuant to §§ 537.060 and 537.065 RSMo to levy execution, by garnishment or otherwise, against specific assets of that party and/or its insurer, then this Defendant should be entitled to a set-off of any verdict for the entire amount of such levy or garnishment, and final judgment shall not be entered until all such setoffs are applied.

34.    Plaintiffs' claims for punitive damages are barred pursuant to RSMo. 510.261(5), which states that "No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant to file such a pleading only on written motion by the claimant . . ." The statute further provides that a motion must be supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages. Plaintiffs failed to file the required motion, failed to submit any supporting evidence, and failed to obtain leave of the Court before asserting a claim for a punitive damage award.

35.    Defendant reserves the right to assert any additional defenses which it may learn through discovery and further adopts and asserts all defenses raised or asserted, or to be raised or asserted, by other Defendants to this action.

Defendant Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation moves to dismiss Plaintiffs' First Amended Petition, for its costs, and, for other relief as this Court deems appropriate.

Electronically Filed - City of St. Louis - June 24, 2022 - 11:52 AM

Respectfully submitted,

 */s/ Dyanna Ballou*
Dyanna Ballou, MO #48124
Justin U. Ijei, MO #63906
RASMUSSEN DICKEY MOORE LLC
1001 East 101ˢᵗ Terrace, Suite 300
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Facsimile: (816) 960-1669
dballou@rdm.law
jijei@rdm.law
**Attorneys for Defendant Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 24, 2022, this document was filed electronically with the Clerk of the Court to be served by operation of the Missouri Court's eFiling System upon all counsel of record.

*/s/ Dyanna Ballou*
**One of the Attorneys for Defendant Morse TEC LLC, f/k/a BorgWarner Morse TEC LLC, and Successor-by-Merger to Borg-Warner Corporation**

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Cause No. 2222-CC00226 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PACCAR INC'S MOTION TO DISMISS
FIRST AMENDED PETITION FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Defendant PACCAR Inc, by and through its counsel, and pursuant to Missouri Supreme Court Rule 55.27, hereby moves this Court for an Order dismissing the First Amended Petition ("Petition") filed by Plaintiffs David Butler and Kathy Butler.  In support of its Motion, PACCAR states as follows:

**INTRODUCTION**

Plaintiffs brought this action against nonresident corporate defendant PACCAR in violation of the Due Process Clause of the Fourteenth Amendment and the Missouri long-arm statute. *See Daimler A.G. v. Bauman,* 134 S. Ct. 746 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"); *Bristol-Myers Squibb Co. v. Superior Court*, 1773, 1781 (U.S. 2017) ("For specific jurisdiction, a defendant's general connections with the forum are not enough."); REV. STAT. § 506.500; U.S. CONST. amend. XIV, § 1. Plaintiffs' causes of action against PACCAR should be dismissed because Plaintiffs fail to allege sufficient facts upon which a Missouri court could base jurisdiction over PACCAR. This Missouri Court lacks specific and general jurisdiction over

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

PACCAR, and PACCAR does not have sufficient minimum contacts with Missouri to satisfy due process requirements. Further, PACCAR is not domiciled in Missouri and did not consent to jurisdiction in Missouri such that any of the traditional bases upon which a court can exercise jurisdiction are satisfied. Without the requisite contacts in Missouri to warrant the exercise of this Court's jurisdiction over PACCAR, Plaintiffs' causes of action against PACCAR must be dismissed.

## **STATEMENT OF FACTS**

Plaintiffs' Petition consists of seven separate counts, lists numerous defendants, and seeks damages related to David Butler's alleged exposure to asbestos. *See generally* Pet. Plaintiffs generally allege that David Butler was "exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers…." *See* Pet, Jurisdiction, Venue and Gen. Allegations, ¶ 8.  As a result, David Butler developed Pleural Mesothelioma. *See* Pet, Jurisdiction, Venue, and General Allegations, ¶ 17. Plaintiffs further allege that David Butler

> was employed, at relevant times, from 1978 to 2018 as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including, but not limited to, locations in the State of Missouri …. Petitioner was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational projects including, but not limited to, home and automotive repairs, maintenance and remodeling and/or in other ways from 1978 to 1991.

*See* Pet, Jurisdiction, Venue, and General Allegations, ¶ ¶ 2, 9.

Based on the information contained in Plaintiffs' Petition, there are no actual allegations that David Butler worked with or around any products or materials manufactured, sold, distributed, and/or otherwise used by PACCAR in the state of Missouri. The Petition does not allege that David Butler was exposed to any particular products – or even any category of products – manufactured, sold, or distributed by PACCAR. In fact, no allegation specifically refers to or relates to PACCAR. *See generally*, Pet.

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

This Court may not assert personal jurisdiction over PACCAR. Under principles announced by the United States Supreme Court and recently adopted by the Missouri Supreme Court, a court does not have personal jurisdiction over a corporate defendant unless (1) there is specific jurisdiction, meaning the suit arises out of or relates to the defendant's contacts with the forum, or (2) there is general jurisdiction, meaning the corporation is "essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *State ex rel. Norfolk S. Ry. v. Dolan*, No. SC95514, 2017 Mo. LEXIS 66 at *6 (Mo. banc. Feb. 28, 2017) (holding there is no personal jurisdiction where the plaintiff failed to plead facts alleging his injury occurred as a result of the non-resident defendant's activities in Missouri); *Bristol-Myers Squibb Co. v. Superior Court of California*, No. 16-466, 2017 U.S. LEXIS 3873, *1, 10-21 (June 19, 2017) (holding that a defendant's general connections with the forum are not enough for a finding of specific jurisdiction, as there must be "a connection between the forum and the specific claims at issue" which requires "identifying an[] adequate link between the state and the nonresident['s] claim[].")

First, Plaintiffs allege no facts whatsoever that connect the claims in this suit to PACCAR's business activities in Missouri, to the extent that such exist. *See* Pet. Plaintiffs do not allege that David Butler worked with PACCAR products or materials in Missouri, that he suffered any harm in Missouri from PACCAR products or materials, or that PACCAR took any actions in Missouri that allegedly caused his alleged injuries. *See id.* Thus, as a matter of law, PACCAR is not subject to specific jurisdiction in Missouri.

Second, Plaintiffs allege no facts whatsoever to establish that PACCAR is "essentially at home" in Missouri. *Daimler*, 134 S. Ct. at 762. PACCAR is not domiciled in Missouri. PACCAR is a Delaware corporation, and neither its headquarters nor principal place of business is located in Missouri.

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

Accordingly, there is no basis for this Court to assert personal jurisdiction over PACCAR in this case, and therefore this matter should be dismissed as to PACCAR for lack of personal jurisdiction.

## ARGUMENT

### I.    This Court Lacks Specific Personal Jurisdiction over PACCAR

Plaintiffs' Petition fails to demonstrate that specific jurisdiction over PACCAR exists. "[S]pecific jurisdiction 'encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum.'" *Dolan*, 2017 Mo. LEXIS 66, at *12 (quoting *Daimler*, 134 S. Ct. at 748-49). For instance, in *Dolan*, the Missouri Supreme Court clarified that **"[o]nly if the instant suit arises out of [the defendant's] contacts with Missouri does Missouri have specific jurisdiction."** *Id*. (emphasis added). The Court further explained that "[b]ecause Norfolk has purposefully availed itself of the opportunity to do business in Missouri, it would be subject to specific jurisdiction in Missouri. But that jurisdiction would exist only over claims that are related to those contacts." *Id.* at **12-13. Unrelated suits can be brought in the forum only when the forum has general jurisdiction. *Id.* at * 13.

The Supreme Court recently reaffirmed this reasoning when it held that "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California*, No. 16-466, 2017 U.S. LEXIS 3873, *1, 11-12 (June 19, 2017). The Court reasoned that:

> Our settled principles regarding specific jurisdiction control this case. In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State. *Goodyear*, 564 U. S., at 919 (internal quotation marks and brackets in original omitted). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

unconnected activities in the State. *See id.*, at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

*Id.* at 13.  The Court explained that "a defendant's general connections with the forum are not enough" for a finding of specific jurisdiction. *Id.* at *14.  The court further explained that "what is needed … is a connection between the forum and the specific claims at issue" which requires "identifying an[] adequate link between the state and the nonresident['s] claim[]." *Id.* at *14-15. Accordingly, the Court found the California court's exercise of specific jurisdiction over a non-resident defendant violated the Due Process Clause of the Fourteenth Amendment, where the plaintiffs were not California residents and did not claim to have suffered harm in that State. *Id.* at 10-16.

Here, Plaintiffs have not tied their claims to any activities by PACCAR in Missouri.[1]  *See* Pet.  Plaintiffs do not allege that David Butler suffered any harm from a PACCAR product in Missouri. *Id.*  In fact, Plaintiffs make no mention of *any* activities by PACCAR in Missouri whatsoever, nor do Plaintiffs allege any contacts between PACCAR and Missouri, other than a vague statement that PACCAR is "doing business in the State of Missouri." *Id.*, Jurisdiction, Venue, and General Allegations, ¶ 3.  Accordingly, Plaintiffs have not alleged sufficient facts to meet the requirements of due process and establish that PACCAR is subject to specific personal jurisdiction in Missouri.  *See Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *1, 2 (Mo. Cir. Ct. Jan. 12, 2015) ("The Petition [] does not allege that [defendant] committed any act in Missouri in connection with Plaintiff's [asbestos exposure] claims. Therefore, the Court lacks specific personal jurisdiction over [defendant.]"); *Keeley v. Pfizer, Inc.*,

---

[1] Plaintiffs cannot circumvent this deficiency even if they could establish personal jurisdiction over one of the other Defendants.  "**Each defendant's contacts with the forum State must be assessed individually**." *Calder v. Jones*, 465 U.S. 783, 790 (1984) (emphasis added).

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

No. 4:15-CV-00583, 2015 WL 3999488, at *3 (E.D. Mo. July 1, 2015) (dismissing products liability action against out-of-state defendant because "[p]laintiffs do not allege any facts regarding the quality of the contacts with Missouri, the quantity of those contacts, or the relation of the cause of action to those contacts" and allegations that "Defendant marketed, promoted, and sold [products] in Missouri does not establish specific jurisdiction").

## II.    The Court Lacks General Personal Jurisdiction Over PACCAR.

### A.    The Supreme Court Has Narrowed the Standard for General Personal Jurisdiction.

Lacking a specific-jurisdictional basis, Plaintiffs must prove that the Court has general jurisdiction over PACCAR.  In 2014, the Supreme Court dramatically limited the scope of general jurisdiction.  *See Daimler*, 134 S. Ct. at 760-62 & nn.18-20; *see also Dolan*, 2017 Mo. LEXIS 66 at *13.

In *Daimler*, the Supreme Court set forth the minimum requirements for any finding of general jurisdiction on the basis of a corporation's in-state contacts.  In that case, starting from the assumed premise that the contacts of one of Daimler's subsidiary companies could be imputed to Daimler, (*id.* at 760), the Court rejected an assertion of general jurisdiction in California notwithstanding the fact that Daimler (through its subsidiary) was the largest supplier of luxury vehicles to the State, had multiple offices and facilities in the State, including a regional headquarters, and had sales in the State totaling $4.6 billion, comprising 2.4% of Daimler's worldwide sales.  *Id.* at 752, 766-67.  The Court held that these contacts "plainly do not approach [the] level" at which the company could be considered at home in California for purposes of general jurisdiction.  *Id.* at 761 n.19.

Thus, the Supreme Court held that a plaintiff can sue a defendant on any and all claims, regardless of the connection between those claims and the forum, so long as the defendant's

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

contacts within the forum are "so 'continuous and systematic' as to render [it] essentially at home in the forum State … *i.e.*, comparable to a domestic enterprise in that State." *Daimler*, 134 S. Ct. at 758 n.11 (quotations and citation omitted). For a corporation, therefore, the place of incorporation and principal place of business are "paradig[matic] … bases for general jurisdiction." *Id.* at 760 (internal quotation marks and citations omitted). The Court's test is appropriately demanding, given that an exercise of general jurisdiction subjects a defendant to suit in that state for any claim arising anytime, anywhere in the country. *Daimler* does not "foreclose the possibility that in an exceptional case … a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19. However, a corporation is not subject to general jurisdiction "in every State in which a corporation engages in a substantial, continuous, and systematic course of business" because such a formulation of jurisdictional requirements "is unacceptably grasping." *Id.* at 761 (internal quotations marks omitted). Rather, a plaintiff asserting general jurisdiction must show that the corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (internal quotation marks and citation omitted). The Supreme Court further explained that "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20.

*Daimler* marks a doctrinal shift and a break from the "doing business" test that previously prevailed in the case law for the last fifty years. It imposes a new test that creates a much higher standard for the assertion of general jurisdiction and one that will be met in only rare and exceptional circumstances not present here. Courts applying Missouri law in the wake of *Daimler* have refused to find general jurisdiction where a defendant is not "at home" in Missouri. *See, e.g.*,

*Smith,* 2015 WL 191118, at *3 (holding that Delaware corporation not subject to general jurisdiction for asbestos lawsuit filed in Missouri even where defendant had a wholly-owned Missouri-based subsidiary that conducts continuous and significant business for the corporation); *Commerce Bank v. The Bank of New York Mellon*, No. 1316-CV 28444, 2014 WL 3690660, at *1 (Mo. Cir. June 25, 2014) (holding that, even including the activity of its affiliates, defendants only conducted minimal business activity in Missouri, which was insufficient for considering the corporation "at home" in Missouri); *Keeley,* 2015 WL 3999488, at *2 ("Simply marketing and selling a product in a state does not make a defendant's affiliations with the state so 'continuous and systematic as to render them essentially at home in the forum state.'"); *Am. Recreation Prod., LLC v. Tennier Indus., Inc.*, 11 F. Supp. 3d 959, 963 (E.D. Mo. 2014) (finding that defendant corporation's purchases of products from a Missouri company were insufficient to render the defendant corporation "at home" in Missouri).

In fact, the Missouri Supreme Court applied the *Daimler* standard in a recent decision, *State ex rel. Norfolk S. Ry. v. Dolan*, stating that "[a] court normally can exercise general jurisdiction over a corporation only when the corporation's place of incorporation or its principal place of business is in the forum state." *State ex rel. Norfolk S. Ry. v. Dolan*, No. SC95514, 2017 Mo. LEXIS 66 at *6 (Feb. 28, 2017*)* (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2011); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The Court reiterated that in "exceptional cases" a corporation could be subject to general jurisdiction in another state, but that "to be such 'an exceptional case,' the forum state must be a 'surrogate for place of incorporation or home office.'" *Id.* at *6-7 (quoting *Daimler*, 134 S. Ct. at 765 n.8, 761). Thus, "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

add up to an 'exceptional case.'" *Id.* (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627-30 (2d Cir. 2016)) (emphasis added).

Accordingly, in *Dolan*, the Court held that Norfolk, a Virginia corporation with its principal place of business in Virginia, was not subject to general jurisdiction in Missouri. *See id.* at *6-12. The Court rejected the Plaintiff's argument that general jurisdiction was proper because Norfolk had "continuous and systematic" contacts with Missouri where it "owns or operates some 400 miles of track, generates approximately $232 million in revenue, and employs some 590 people in Missouri." *Id.* at *9. The Court held that "[p]rior to *Daimler*, this would have been a valid argument. But, it is no longer the law." *Id.* at *7 (citation omitted). Instead, the Court recognized that in *Daimler*, the U.S. Supreme Court rejected "continuous and systematic" contacts as a basis for general jurisdiction because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at *11. And because Norfolk was not incorporated in Missouri and because Missouri was not "its de facto principal place of business," the Court held that it was not subject to general jurisdiction. *Id.* at *12.

**B.    Plaintiffs' Petition Fails to Allege Sufficient Facts to Establish General Personal Jurisdiction Over PACCAR.**

Here, there is no basis for general jurisdiction over PACCAR, as its place of formation and its principal place of business are not in Missouri. PACCAR is incorporated in the State of Delaware, and it has never had its headquarters or principal place of business in Missouri. Plaintiffs must establish that jurisdiction over a defendant complies with the requirements of due process, which Plaintiffs have not in this case.

Further, regardless of whether PACCAR maintains a registered agent in the State of Missouri, the fact that a corporation is registered to do business or uses a registered in-state process

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

agent in Missouri, as required under Missouri law,[2] without more, does not form a basis for personal jurisdiction under *Daimler* and *Dolan* and is contrary the Due Process Clause of the Fourteenth Amendment.  *Dolan*, 2017 Mo. LEXIS 66 at **18-21; *see also Smith*, 2015 WL 191118, at *3 (finding no general jurisdiction over foreign corporation that registered to do business in Missouri and appointed an in-state registered agent); *Beard v. Smithkline Beecham Corp.*, No. 4:15-CV-1833 RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016) (agreeing with "more recent judicial precedent from the United States Supreme Court and this district that have determined that more substantial contacts [than the appointment of an agent] are required to hale a litigant into the court's forum"); *Keeley*, 2015 WL 3999488, at *4 ("If following [foreign business registration] statutes creates jurisdiction, national companies would be subject to suit all over the country.  This result is contrary to the holding in *Daimler* that merely doing business in a state is not enough to establish general jurisdiction."); *Neeley v. Wyeth LLC*, No. 4:11-cv-00325, 2015 WL 1456984 at *3 (E.D. Mo. Mar. 30, 2015) ("Foreign corporations authorized to transact business in Missouri are also required to maintain a registered agent in the state….  Therefore, to extend the Plaintiff's reasoning to its natural conclusion, every foreign corporation transacting business in the state of Missouri would be subject to general jurisdiction here.  *Daimler* clearly rejects this proposition."); *Goodyear*, 131 S. Ct. at 2853 ("The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant."); *see also Daimler*, 134 S. Ct. at 760-62.  In fact, in the *Dolan* matter, the Missouri Supreme Court expressly rejected that the idea that a foreign corporation consents to jurisdiction

---

[2] Mo. Rev. Stat. § 351.572 ("A foreign corporation may not transact business in this state until it obtains a certificate of authority from the secretary of state."); *id.* § 351.586 ("Each foreign corporation authorized to transact business in this state shall continuously maintain in this state . . . a registered agent.").

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

in Missouri merely by maintaining a registered agent for service of process in compliance with Missouri's foreign corporation registration statute. *Dolan*, 2017 Mo. LEXIS 66 at \*\*18-21.

Plaintiffs allege no facts that, if true, would be sufficient to provide this Court general jurisdiction over PACCAR. *See Daimler*, 134 S. Ct. at 761; *Dolan*, 2017 Mo. LEXIS 66 at \*\*6-12, 18-21. In fact, Plaintiffs' Petition makes no mention whatsoever of PACCAR's contacts in Missouri. Plaintiffs' claims do not arise out of any alleged contacts between PACCAR and Missouri, and PACCAR is neither incorporated in nor has its principal place of business in Missouri. PACCAR certainly cannot be said to be "at home" in Missouri.

### III. PACCAR Has Not Consented to Jurisdiction in Missouri

Plaintiffs allege, without any factual support, that venue is proper in St Louis, Missouri because one or more of the named Defendants maintains a registered agent in the City of St. Louis, Missouri. *See Pet.*, Jurisdiction, Venue, and General Allegations at ¶ 12. However, merely registering to do business in a state does not provide consent to or an independent basis for personal jurisdiction. *See Dolan*, 512 S.W.3d at 51-53 (recognizing that Missouri's registration statute does not mention consent to personal jurisdiction for unrelated claims, and holding that it does not provide an independent basis for jurisdiction over foreign corporations in Missouri); *see also MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414-CEJ, 2017 U.S. Dist. LEXIS 60898 (E.D. Mo. Apr. 21, 2017) (citing *Dolan*).

Any argument that PACCAR has consented to jurisdiction by virtue of being in compliance with Missouri's corporate registration statute fails. The Missouri Supreme Court explicitly rejected the argument that Missouri registration statutes confer personal jurisdiction. *Dolan* held that although:

> Missouri permits service on resident defendants, and on a corporation's agent for service of process, section 506.150.1(3), and Missouri's long-arm statute, section

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

506.500, permits service on defendants for causes of action arising out of their activities in Missouri, but *neither these nor other Missouri statutes provide that suit may be brought in Missouri against non-resident corporations for suits unrelated to the corporation's activities in this state*.

*Dolan*, 512 S.W.3d at 52 (emphasis added). Furthermore, "as section 351.594.1 provides only that registration is consent to service of process that Missouri requires or permits to be served on foreign corporations, the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* Finally, the court prevented any contrary suggestion or potentially contested ambiguity by concluding its holding regarding consent via registration statutes with: "[t]o the extent the holding or dicta in prior cases suggest otherwise, they go beyond the language of the relevant statutes and should no longer be followed." *Id.* at 52-53.

Thus, the *Dolan* court's interpretations of the statutes are explicit and left no room for equivocation—the Missouri registration statutes would enable service of process on PACCAR, but they could not confer personal jurisdiction over PACCAR. Therefore, merely registering to do business in a state cannot confer personal jurisdiction upon PACCAR or otherwise amount to consent to personal jurisdiction. Accordingly, under established Supreme Court and Missouri Precedent, Plaintiffs have not alleged any facts to establish this Court's jurisdiction over PACCAR. Plaintiffs' claims do not arise out of any alleged contacts between PACCAR and Missouri, and PACCAR is neither incorporated in nor has its principal place of business in Missouri. Further, personal jurisdiction cannot be conferred through the Missouri registration statutes. Therefore, PACCAR should be dismissed.

Electronically Filed - City of St. Louis - June 24, 2022 - 03:24 PM

## CONCLUSION

WHEREFORE, Defendant PACCAR Inc respectfully requests that this Court dismiss this case for lack of personal jurisdiction and award PACCAR its costs and any further relief this Court deems appropriate and just.

Respectfully submitted,

By: /s/ Mark D. Crapo
    Mark D. Crapo, #67308
    211 N. Broadway, Suite 2150
    St. Louis, MO 63102
    (314) 961-6686
    (314) 338-3076 – Facsimile
    mcrapo@grsm.com

    Edward M. Slaughter, #65705
    2200 Ross Avenue, Suite 3700
    Dallas, TX 75201
    (214) 231-4660
    (214) 461-4053 – Facsimile
    eslaughter@grsm.com

Attorneys for Defendant PACCAR Inc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served upon all counsel of record via Missouri e-Filing System on the 24th day of June 2022.

/s/ Mark D. Crapo

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

011677.0016

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) | Cause No. 2222-CC00226 |
| | ) | |
| Petitioners, | ) | DIVISION 1 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT J.P. BUSHNELL PACKING SUPPLY CO.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PETITIONERS' FIRST AMENDED PETITION**

Defendant J.P. BUSHNELL PACKING SUPPLY CO., improperly named as "J.P. Bushnell Packing" (hereinafter referred to as "J.P. Bushnell" or "Defendant"), by its attorneys, Sinars Slowikowski Tomaska LLC, for its answer to Petitioners' First Amended Petition, states as follows:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1.     J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 1 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition and therefore denies the same and demands strict proof thereof.

2.     J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 2 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition and therefore denies the same and demands strict proof thereof.

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

3.      J.P. Bushnell denies each and every allegation contained in Paragraph 3 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

4.      J.P. Bushnell denies each and every allegation contained in Paragraph 4 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

5.      J.P. Bushnell denies each and every allegation contained in Paragraph 5 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

6.      J.P. Bushnell denies each and every allegation contained in Paragraph 6 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

7.      J.P. Bushnell denies each and every allegation contained in Paragraph 7 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

8.      J.P. Bushnell denies each and every allegation contained in Paragraph 8 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

9.      J.P. Bushnell denies each and every allegation contained in Paragraph 9 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

10.     J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 10 of the "Jurisdiction, Venue, and General

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

Allegations" of Petitioners' First Amended Petition and therefore denies the same and demands strict proof thereof.

11.    J.P. Bushnell denies each and every allegation contained in Paragraph 11 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

12.    J.P. Bushnell denies venue is proper in the City of St. Louis, Missouri. Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition and therefore denies the same and demands strict proof thereof.

13.    J.P. Bushnell denies each and every allegation contained in Paragraph 13 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

14.    J.P. Bushnell denies each and every allegation contained in Paragraph 14 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

15.    J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 15 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition and therefore denies the same and demands strict proof thereof.

16.    J.P. Bushnell denies each and every allegation contained in Paragraph 16 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition as they pertain to this Defendant only.

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

17.    J.P. Bushnell denies that it is a direct and proximate cause of Petitioner David Butler's ("Petitioner's") injuries.  Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 17 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition and therefore denies the same and demands strict proof thereof.

18.    J.P. Bushnell denies that it is a direct and proximate cause of Petitioner's injuries. Further answering, Defendant is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding damages contained in Paragraph 18 of the "Jurisdiction, Venue, and General Allegations" of Petitioners' First Amended Petition and therefore denies the same and demands strict proof thereof.

## COUNT I
## NEGLIGENCE
### (materials/products/equipment)

1.    J.P. Bushnell adopts and restates its answers to the General Allegations of Petitioners' First Amended Petition as though fully set forth herein.

2.    J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count I of Petitioners' First Amended Petition as they pertain to this Defendant only.

3.    J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count I of Petitioners' First Amended Petition as they pertain to this Defendant only.

4.    J.P. Bushnell denies each and every allegation contained in Paragraph 4 of Count I of Petitioners' First Amended Petition as they pertain to this Defendant only.

5.    J.P. Bushnell objects to the legal conclusions contained Paragraph 5 of Count I of Petitioners' First Amended Petition and therefore denies the same.

6.    J.P. Bushnell denies each and every allegation contained in Paragraph 6 of Count I

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

of Petitioners' First Amended Petition, including sub-paragraphs (a) through (m), as they pertain to this Defendant only.

7.      J.P. Bushnell denies that it was a direct and proximate cause of Petitioner's injury. Further answering, Defendant is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding damages contained in Paragraph 7 of Count I of Petitioners' First Amended Petition and demands strict proof thereof.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT II
## WILLFUL/WANTON MISCONDUCT
### (materials/products/equipment)

1.      J.P. Bushnell adopts and restates its answers to the General Allegations and Paragraphs 2 through 4 of Count I of Petitioners' First Amended Petition as though fully set forth herein.

2.      J.P. Bushnell objects to the legal conclusions contained in Paragraph 2 of Count II of Petitioners' First Amended Petition and therefore denies the same.  Further answering, J.P. Bushnell states that it acted in accordance with all legal duties imposed upon it by law.

3.      J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count II of Petitioners' First Amended Petition, including sub-paragraphs (a) through (m), as they pertain to this Defendant only.

4.      J.P. Bushnell denies that it was a direct and proximate cause of Petitioner's injury.

Further answering, Defendant is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding damages contained in Paragraph 4 of Count II of Petitioners' First Amended Petition and demands strict proof thereof.

5.     J.P. Bushnell denies each and every allegation contained in Paragraph 5 of Count II of Petitioners' First Amended Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT III
## STRICT LIABILITY
### (materials/products/equipment)

1.     J.P. Bushnell adopts and restates its answers to the General Allegations and Paragraphs 2 through 4 of Count I of Petitioners' First Amended Petition as though fully set forth herein.

2.     J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count III of Petitioners' First Amended Petition as they pertain to this Defendant only.

3.     J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 3 of Count III of Petitioners' First Amended Petition and therefore denies the same and demands strict proof thereof.

4.     J.P. Bushnell denies that it was a direct and proximate cause of Petitioner's injury. Further answering, Defendant is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding damages contained in Paragraph 4 of Count III of Petitioners'

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

First Amended Petition and demands strict proof thereof.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT IV**
**NEGLIGENCE**
**(loss of consortium)**

</div>

1.      J.P. Bushnell adopts and restates its answers to the General Allegations and Counts I-IIII of Petitioners' First Amended Petition as though fully set forth herein.

2.      J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count IV of Petitioners' First Amended Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT V**
**WILLFUL/WANTON MISCONDUCT**
**(loss of consortium)**

</div>

1.      J.P. Bushnell adopts and restates its answers to the General Allegations and Counts I-III of Petitioners' First Amended Petition as though fully set forth herein.

2.      J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count V of Petitioners' First Amended Petition as they pertain to this Defendant only.

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

3.    J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count V of Petitioners' First Amended Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT VI**
**NEGLIGENCE**
**(spoliation of evidence)**

</div>

1.    J.P. Bushnell adopts and restates its answers to the General Allegations of Petitioners' First Amended Petition as though fully set forth herein.

2.    J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count VI of Petitioners' First Amended Petition as they pertain to this Defendant only.

3.    J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count VI of Petitioners' First Amended Petition as they pertain to this Defendant only.

4.    J.P. Bushnell objects to the legal conclusions contained in Paragraph 4 of Count VI of Petitioners' First Amended Petition and therefore denies the same.

5.    J.P. Bushnell denies each and every allegation contained in Paragraph 5 of Count VI of Petitioners' First Amended Petition as they pertain to this Defendant only.

6.    J.P. Bushnell denies each and every allegation contained in Paragraph 6 of Count VI of Petitioners' First Amended Petition as they pertain to this Defendant only.

7.    J.P. Bushnell denies each and every allegation contained in Paragraph 7 of Count VI of Petitioners' First Amended Petition as they pertain to this Defendant only.

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT VII
## WILLFUL/WANTON MISCONDUCT
### (spoliation of evidence)

1.       J.P. Bushnell adopts and restates its answers to the General Allegations and Paragraphs 2 through 5 of Count VI of Petitioners' First Amended Petition as though fully set forth herein.

2.       J.P. Bushnell denies each and every allegation contained in Paragraph 2 of Count VII of Petitioners' First Amended Petition as they pertain to this Defendant only.

3.       J.P. Bushnell denies each and every allegation contained in Paragraph 3 of Count VII of Petitioners' First Amended Petition as they pertain to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Petitioners are entitled to a judgment against this Defendant in the sum of any amount whatsoever, and Defendant prays that Petitioners' cause of action be dismissed, and that judgment be entered in favor of J.P. Bushnell and against Petitioners.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

## AFFIRMATIVE DEFENSES

The Defendant, J.P. BUSHNELL PACKING SUPPLY CO., by and through its attorneys, Sinars Slowikowski Tomaska, LLC, while continuing to deny liability to Petitioners and without prejudice to its Answer set forth above, for its affirmative defenses to Petitioners' First Amended

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

Petition, states as follows:

### FIRST AFFIRMATIVE DEFENSE

Petitioners' First Amended Petition fails to state a claim against this defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

J.P. Bushnell did not manufacture any asbestos-containing products that are at issue in this case.

### THIRD AFFIRMATIVE DEFENSE

J.P. Bushnell did not manufacture products; it only supplied products manufactured by others. Thus, the only potential liability against Defendant is based on its status as a seller in the stream of commerce. As such, recovery against J.P. Bushnell should be barred pursuant to Missouri Revised Statute §537.762.

### FOURTH AFFIRMATIVE DEFENSE

J.P. Bushnell denies that it was a proximate cause of the alleged injuries. Petitioner worked with or around many other sources of asbestos exposure. *See Generally Petitioners' First Amended Petition.* These other cumulative exposures are the sole proximate cause of the alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

If Petitioner was exposed to asbestos-containing products manufactured, sold, or distributed by J.P. Bushnell Packing Supply Co., which is denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Petitioners.

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries were caused by Petitioner's failure and/or his family members' failure

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

to exercise due care and caution for their own safety by one or more of the following acts or omissions:

(a)     Petitioner and/or his family members altered, modified, or used products allegedly manufactured, sold, or distributed by J.P. Bushnell in a manner which could not be reasonably anticipated;

(b)     Petitioner and/or his family members used products allegedly produced by J.P. Bushnell for a purpose not intended by J.P. Bushnell;

(c)     Petitioner and/or his family members failed to exercise safe work practices, including those which would minimize the creation of dust particles from the use of asbestos-containing products;

(d)     Petitioner and/or his family members ignored warnings and instructions of J.P. Bushnell regarding the handling and installation of said products;

(e)     Petitioner exposed themselves to, or failed to discontinue their exposure to, known causes of lung impairment other than asbestos;

(f)     Petitioner failed to use protective masks or respirators while working in the vicinity of industrial insulation materials; and

(g)     Petitioner and/or his family members failed to adhere to the safety regulations and work practices required by the Occupational Safety and Health Administration (OSHA).

Under a theory of negligence and/or strict liability, Petitioner's recovery, if any, must be reduced in an amount commensurate with the percentage of fault attributable to the failure of Petitioner and/or their family members to exercise due care and caution for their own safety and the Court should therefore deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

## SEVENTH AFFIRMATIVE DEFENSE

Petitioner's prayer to have Defendant be held jointly and severally liable is contrary to the provisions of Missouri Revised Statute §537.067. Joint and several liability is unconstitutional as

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts. Joint and several liability is unconstitutional because recovery of damages by Petitioners against this defendant in excess of defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that this defendant would be subject to a penalty above and beyond its causal fault.

Recovery of such damages by Petitioners would be unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments. Further, such damages are precluded because they would subject this Defendant to excessive fines and punishment and would be a violation of due process. Such damages are also precluded under Missouri Revised Statute §400-001.106.

## EIGHTH AFFIRMATIVE DEFENSE

Recovery of punitive damages by Petitioners would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth, and Fourteenth Amendments. Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they would subject defendant to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process. Such damages are also precluded under § 400.1-106 RSMo.

Further recovery of punitive damages by Petitioners in this case would violate procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

(a)     Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

(b)     Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

(c)     Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award;

(d)     The right to a speedy trial, the requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-incrimination during the discovery process and at trial, all of which are afforded to defendants facing criminal sanctions.

Petitioners' claims for punitive damages are barred for the above reasons and because an alleged successor is not liable for punitive damages under the law of this State. Further, an award of punitive damages would be contrary to the public policy of this State.

## NINTH AFFIRMATIVE DEFENSE

Petitioners' claims against this Defendant should be dismissed pursuant to Rule 52.04 for failure to join one or more indispensable parties, including but not limited to bankrupt entities or other entities who may be liable for Petitioners' alleged injury, in that the absence of these parties leaves this Defendant subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## TENTH AFFIRMATIVE DEFENSE

If Missouri substantive law applies, then pursuant to Revised Missouri Statute §537.060, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given in good faith by Petitioners to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Petitioners' claim by the stipulated amount of the agreement, or in the

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

amount of consideration paid, whichever is greater. Defendant is currently unaware of any such agreements between Petitioners and a party or nonparty. As such, the precise identity of all the entities with whom Petitioners may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Defendant at this time.

### ELEVENTH AFFIRMATIVE DFEFENSE

This action was brought in the wrong forum and must be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred by the applicable statutes of limitations and repose including, but not limited to, Revised Missouri Statutes §516.120, §516.097, §537.100.

### THIRTEENTH AFFIRMATIVE DEFENSE

Petitioners' claims are barred in whole or in part by principles of equity including laches, waiver, equitable estoppel, and/or legal estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Petitioner, or those from whom secondary exposure is alleged, knew or should have known of the presence of asbestos at the places where she worked and/or on the products which they worked on and around, and of the potential risk of injury from exposure to such substances and therefore assumed the risk of any injuries or allegedly sustained.

### FIFTEENTH AFFIRMATIVE DEFENSE

Petitioner's employers and/or their family members' employers were sophisticated users and/or learned intermediaries who had knowledge of the dangers and risks associated with using or working around asbestos-containing products and who had a duty to warn of the hazards of exposure to said products.

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

## SIXTEENTH AFFIRMATIVE DEFENSE

If any of Petitioner's allegations regarding the allegedly defective condition of asbestos, asbestos-containing products, packaging, or warnings are proven, Petitioners are barred from recovery against this Defendant because there was no known practical or feasible substitute for asbestos or asbestos-containing products at the time of the alleged exposure and the benefit of the product outweighed any harm allegedly caused by the same.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The state of the medical and scientific knowledge and the published literature and other materials reflecting the state of the medical art at all relevant times was such that this Defendant neither knew nor could have known that the products it manufactured or distributed presented a foreseeable risk of harm, if any, to Petitioner in the normal and expected use of these products at the time of the alleged exposure. The methods, standards, and techniques of selling any asbestos-containing products distributed by this Defendant, if any, were performed in conformity with generally recognized state of the art existing at the time such products were distributed by this Defendant and placed into the stream of commerce.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages were caused in whole or in part by persons, corporations, or entities other than those parties before this Court, and such negligence either bars or comparatively reduces any possible recovery by Petitioners.

## NINETEENTH AFFIRMATIVE DEFENSE

Petitioners' claim is barred by the exclusive remedy provision of the Missouri Workers' Compensation Statutes, or other applicable Workers' Compensation statutes.

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

## TWENTIETH AFFIRMATIVE DEFENSE

Petitioners' alleged injuries and damages were caused in whole or in part by the failure of the employers of Petitioner and/or his family members to take adequate precautions and properly follow applicable safety regulations and guidelines, including but not limited to the Occupational Safety and Health Act (OSHA). Such failures include but are not limited to the failure of said employers to properly inspect, repair and maintain their facilities and the failure of said employers to properly instruct and warn their employees regarding proper methods of handling asbestos products.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Petitioners' claims are barred by the Missouri borrowing statute, Revised Missouri Statute §516.190.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant is entitled to set off, should any damages be awarded against it, in the amount of the damages or settlement amounts recovered by Petitioners for the alleged injuries.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Petitioners have failed to mitigate damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

If it is judicially determined that Petitioners incurred any injuries or damages, as alleged, all of which have been specifically denied, then such injuries or damages are due solely to unrelated disease processes or other causes unrelated to this Defendant's products.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control and unrelated to the conduct

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

of J.P. Bushnell.  Defendant's actions or omissions, if any, were superseded by the negligence and wrongful conduct of others.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times pertinent, asbestos-containing products allegedly attributable to J.P. Bushnell, were in compliance with all applicable industry standards and health and safety statutes and regulations applicable to the manufacturer, sale, and use of said products.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant denies that it was a cause of the alleged injuries.  The cause of the alleged injuries and damages was Petitioner's use of and/or exposure to tobacco products and the superseding negligence of non-party cigarette manufacturers.  The disease-causing hazards of tobacco exposure have been universally accepted by medical practitioners and health warnings were issued by the Surgeon General since 1965. Petitioners continued to smoke cigarettes for many years after such warnings were issued.  Additionally, and despite knowledge of the cancer-causing hazards of their products, non-party cigarette manufacturers' intentionally suppressed information concerning the potential health effects of the products they supplied to customers.  The Petitioners' claim against this defendant is therefore barred.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The alleged injuries, if any, were proximately caused by Petitioner's act of knowingly and voluntarily assuming a position of danger and thus assuming the risks ordinarily incident to such acts, which were open, obvious, apparent, and actually known to him.  The alleged injuries, if any, were proximately caused by Petitioner's assumption of such risks and such conduct bars the Petitioner's cause of action and any recovery.

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Petitioner, or those from whom secondary exposure is alleged, appreciated, and had knowledge of the manner in which the products, if any, were to be used and misused such products. As such, Petitioners' recovery, if any, should be limited or barred.

**THIRTIETH AFFIRMATIVE DEFENSE**

Petitioners' alleged damages were negligently caused in whole or in part by persons, firms, corporations, or entities other than those parties before this Court, and such negligence either bars or comparatively reduces any possible recovery by Petitioners.  These entities include, but are not limited to: Johns-Manville, Eagle-Picher Industries, Keasbey & Mattison, Forty-Eight Insulations (a/k/a 48 Insulations), Fibreboard Corp., Southern Textile, H.K. Porter, Nicolet, Inc., Keene Corp., Baldwin Ehret Hill, Raybestos-Manhattan; UNR Industries, Inc., UNARCO, Standard Asbestos Manufacturing & Insulating Company, Celotex Corporation, Babcock & Wilcox, Fibreboard Global Settlement Trust; Rutland Fire Clay; Pittsburgh Corning Corporation; and Asbestos Claims Management Company (f/k/a National Gypsum).   Pursuant to §537.060, RSMo., Petitioners's agreements with third-parties, whether by release, covenant not to sue or not to enforce a judgment, or bankruptcy trust applications, shall reduce or bar any damages from this Defendant by the stipulated amount of such agreements or the amount of consideration paid by said third parties, whichever is greater.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

This Defendant is not liable for any product complained of which was manufactured pursuant to specifications issued by the United States government.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Petitioners' First Amended Petition fails to state a strict liability cause of action because

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

this Defendant did not manufacture the allegedly defective component (asbestos) of any product sold or distributed by this Defendant.

<div align="center">**THIRTY-THIRD AFFIRMATIVE DEFENSE**</div>

This Defendant owed no duty to Petitioners.

<div align="center">**THIRTY-FOURTH AFFIRMATIVE DEFENSE**</div>

Pursuant to § 537.067, RSMo., any defendant whose fault is determined by the trier of fact to be less than 51% of the total fault attributable to Petitioners, the Defendant, and any third party defendants who could have been sued by Petitioners, shall only be severally and not jointly liable. If Petitioners sustained injuries and damages as a result of exposure(s) to any of defendant's products, as Petitioners alleges, and which this Defendant continues to deny, the amount of fault attributable to this Defendant is less than 51% of the total fault, and thus, subject to the provisions of § 537.067, RSMo., rendering this Defendant only severally liable.

<div align="center">**THIRTY-FIFTH AFFIRMATIVE DEFENSE**</div>

Venue is improper.

<div align="center">**THIRTY-SIXTH AFFIRMATIVE DEFENSE**</div>

J.P. Bushnell reserves the right to assert any additional defenses which it may learn through discovery and further adopts and asserts all defenses raised or asserted or to be raised or asserted by other Defendants to this action to the extent that said defenses do not conflict with this Defendant's defenses.

WHEREFORE, J.P. BUSHNELL PACKING SUPPLY CO. prays for judgment in its favor on all Counts of Petitioners' First Amended Petition, for its costs, and for all other relief which the Court deems just and necessary.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

Respectfully submitted,

SINARS SLOWIKOWSKI TOMASKA LLC

By:    /s/ Cary A. Press
        Matthew R. Fields #50561
        Anna G. O'Connor #70579
        Cary A. Press #67530
        800 Market St., Suite 2950
        St. Louis, MO 63101
        Telephone: (314) 391-2260
        Facsimile: (312) 767-9780
        E-mail: cpress@sinarslaw.com
        Attorneys for Defendant
        J.P. BUSHNELL PACKING
        SUPPLY CO.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties of record in this cause enrolled in the Missouri eFiling System on this 24th day of June 2022.

Victoria Bougeno

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

011677.0016

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | Cause No. 2222-CC00226 |
| | ) | |
| Petitioners, | ) | DIVISION 1 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT J.P. BUSHNELL PACKING SUPPLY CO.'S
MOTION TO DISMISS PETITIONERS' FIRST AMENDED PETITION
OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Defendant J.P. BUSHNELL PACKING SUPPLY CO., improperly named as "J.P. Bushnell Packing" (hereinafter referred to as "J.P. Bushnell" or "Defendant"), by its attorneys, Sinars Slowikowski Tomaska LLC, moves this Court to dismiss Petitioners' First Amended Petition because it is substantially insufficient in law and fails to state a claim against Defendant upon which relief can be granted. Alternatively, Defendant J.P. Bushnell moves this Court to order Petitioners to make the First Amended Petition more definite and certain and to identify which product, if any, Defendant allegedly manufactured from which asbestos fibers were allegedly emitted causing asbestos exposure. In support of the instant motion, J.P. Bushnell states as follows:

1.      Petitioners filed their First Amended Petition seeking damages against multiple defendants, including J.P. Bushnell, for asbestos-related injuries to Petitioner David Butler ("Petitioner") caused by exposure to asbestos fibers emanating from products mined, manufactured, sold, distributed, marketed, specified, designed, promoted, licensed, installed,

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

removed, and/or otherwise used by numerous defendants.

2.      Missouri law provides for fact pleading, not notice pleading.  Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the plaintiff is entitled to relief.  In order to recover against J.P. Bushnell, Petitioners must plead and prove that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  See *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W. 2d 371, 379 (Mo. banc 1993); *Hagan v. Celotex*, 816 S.W. 2d 667, 670 (Mo. banc 1991).

3.      Petitioners' First Amended Petition fails to state a cause of action against J.P. Bushnell because it fails to identify any asbestos-containing product manufactured, sold, distributed, or installed by Defendant which caused the alleged exposure.

4.      As written, Petitioners' First Amended Petition simply makes conclusory allegations against Defendant which are not supported by any factual allegations. Petitioners have failed to set forth the specific job sites where Petitioner was allegedly exposed to J.P. Bushnell products, the specific products to which he was exposed, where in the chain of production Defendant is located, and the dates of exposure to these products.

5.      If recovery is allowed pursuant to Petitioners' First Amended Petition, J.P. Bushnell's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

6.      Further, Petitioners' First Amended Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, for the reasons stated herein Defendant J.P. BUSHNELL PACKING SUPPLY CO. requests the Court to dismiss the instant case against it or, in the alternative, to

Electronically Filed - City of St. Louis - June 24, 2022 - 04:28 PM

require Petitioners to make more definite and certain the allegations against it and for such other and further relief as is warranted.

Respectfully submitted,

SINARS SLOWIKOWSKI TOMASKA LLC

By:    /s/ Cary A. Press
Matthew R. Fields #50561
Anna G. O'Connor #70579
Cary A. Press #67530
800 Market St., Suite 2950
St. Louis, MO 63101
Telephone: (314) 391-2260
Facsimile: (312) 767-9780
E-mail: cpress@sinarslaw.com
Attorneys for Defendant
J.P. BUSHNELL PACKING
SUPPLY CO.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties of record in this cause enrolled in the Missouri eFiling System on this 24th day of June 2022.

Victoria Bougeno

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

DAVID BUTLER and )
KATHY BUTLER, )
 )
     Plaintiffs, )
 )     Cause No. 2222-CC00226
v. )
 )     (Asbestos)
A.W. CHESTERTON COMPANY, et al., )
 )
     Defendants. )

## DEFENDANT CNH INDUSTRIAL AMERICA LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, OR TO STRIKE, OR TO TRANSFER VENUE

Defendant CNH Industrial America LLC (hereinafter "CNH"), by and through its counsel Thompson Coburn LLP, moves this Court for an Order dismissing Plaintiffs' First Amended Petition (hereinafter "Petition") pursuant to Missouri Rules of Civil Procedure 55.27(a)(2), 55.27(a)(6) and 67.03 for lack of personal jurisdiction and/or failure to state a claim. In the alternative, CNH moves the Court for an Order requiring Plaintiffs to make the Petition more definite and certain pursuant to Missouri Rule of Civil Procedure 55.27(d), or striking Plaintiff's Petition pursuant to Missouri Rule of Civil Procedure 55.27(e), or transferring venue pursuant to Missouri Rule of Civil Procedure 51.045. In support thereof, CNH states:

1.     Plaintiffs' Petition consists of seven counts, lists thirty-seven (37) defendants, and generally alleges that Plaintiff David Butler ("Butler") was exposed to asbestos and/or asbestos-containing materials, and subsequently developed mesothelioma. Count I (Negligence), Count II (Willful and Wanton Misconduct), Count III (Strict Liability), Count IV (Negligence- Loss or Consortium), Count V (Willful and Wanton Misconduct – Loss of Consortium), Count VI

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

(Negligent Spoliation of Evidence), and VII (Willful and Wanton Misconduct – Spoliation of Evidence) are brought against CNH, among the numerous other defendants.

### Missouri Rule of Civil Procedure 55.27(a)(2)
### (Motion to Dismiss for Lack of Personal Jurisdiction)

2.    CNH moves to dismiss Plaintiffs' Petition pursuant to Mo. R. Civ. Pro. 55.27(a)(2) because this Court lacks personal jurisdiction over CNH. Specifically, this Court lacks jurisdiction over CNH under the Missouri long arm statute, Mo. Rev. Stat. § 506.500, because Plaintiffs' alleged claims do not arise from "the transaction of any business" conducted by CNH, or from "the commission of a tortious act" by CNH within Missouri. *See Anderson Trucking Services, Inc. v. Ryan*, 746 S.W.2d 647, 649 (Mo. App. 1988); *Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 899 (Mo. App. 2000). Indeed, the Petition fails to allege any activities in Missouri <u>by CNH</u> that give rise to Plaintiffs' claims against it.[1]

3.    Similarly, this Court also lacks general or "all-purpose" personal jurisdiction over CNH. The United States Supreme Court recently held in *Daimler AG v. Bauman* that, absent exceptional circumstances, a company is only subject to general personal jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." 134 S.Ct. 746, 760-62 (2014).  Here, CNH has never been incorporated in Missouri or had a principal place of business in Missouri.  *See Exhibit A to Suggestions In Support: Affidavit.* Therefore, Plaintiffs' Petition as to CNH should be dismissed for lack of personal jurisdiction.  *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1553 (2017); *State ex rel. Norfolk Southern Railway Co.*

---

[1] Plaintiffs make conclusory allegations, without any factual support as required by Missouri Rule of Civil Procedure 55.05, that each defendant is amenable to suit in Missouri "by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." Pet. at ¶ 11.  However, there are no specific facts alleging any acts committed by CNH in Missouri. *See* Pet.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

*v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017); *Clark v. Lockheed Martin Corporation,* 2016 WL 67265 at *2 (S.D. Ill. Jan. 6, 2016); *Keeley v. Pfizer, Inc.*, 2015 WL 3999488 at *4 (E.D. Mo. July 1, 2015); *Neeley v. Wyeth LLC*, 2015 WL 1456984 at *1-4 (E.D. Mo. Mar. 20, 2015); *Denton v. Air & Liquid Sys. Corps.*, 2015 WL 682158 at *1-2 (S.D. Ill. Feb. 17, 2015); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11 (E.D. Pa. Oct. 23, 2014); *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at *1-2 (E.D.N.C. June 24, 2014); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390, 396-400 (D. Conn. May 14, 2014), *aff'd*; *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016); *Smith v. Union Carbide*, Case No. 1422-CC00457, Div. No. 18 (Jan. 12, 2015).

4.    CNH hereby incorporates by reference its Suggestions in Support of its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Mo. R. Civ. Pro. 55.27(a)(2), filed contemporaneously herewith.

### Missouri Rules of Civil Procedure 55.27(a)(6), 55.27(d), and 55.27(e) (Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for a More Definite Statement, or to Strike)

5.    In addition, each of the counts directed against CNH in Plaintiffs' Petition fails to comport with the basic requirements of Missouri Rule of Civil Procedure 55.05, which requires that claims for relief consist of "a short and plain statement of the facts showing that the pleader is entitled to relief." Plaintiffs' Petition should be dismissed as a result.

6.    Missouri is a fact-pleading jurisdiction. *ITT Commercial Fin. Co. v. Mid-America Marine Supply*, 854 S.W.2d 371, 379 (Mo. 1993). "Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be presented at trial." *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

7.     To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and must allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial. *Fischer, Spuhl, Herzwurm & Assoc., Inc. v. Forrest T. Jones & Co.*, 586 S.W.2d 310, 315 (Mo. 1979). Although a petition does not have to plead evidentiary facts, it must plead ultimate facts and cannot rely on mere conclusions. *Westphal v. Lake Lotawana Ass'n, Inc.*, 95 S.W.3d 144, 152 (Mo. App. 2003). Further, "where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id*.

8.     Alternatively, defendants are entitled to a more definite statement of the pleaded facts when the matters contained in a pleading are not averred with sufficient definiteness or particularity to enable a responding party to prepare responsive pleadings and prepare generally for trial. Mo. R. Civ. Pro. 55.27(d); *see also State ex rel. Harvey*, 955 S.W.2d at 547.

9.     Furthermore, pursuant to Missouri Rule of Civil Procedure 55.27(e), "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter."

10.     The Court may dismiss Plaintiffs' claims against CNH with or without prejudice pursuant to Missouri Rule of Civil Procedure 67.03.

11.     Plaintiffs' Petition fails to meet the fact-pleading requirement established by Missouri Rule of Civil Procedure 55.05 and fails to enable Defendant CNH to prepare responsive pleadings and prepare generally for trial. Plaintiffs' Petition should be dismissed or, in the alternative, be made more definite or stricken because Plaintiffs' allegations fail to comport with

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

the Missouri Rules of Civil Procedure and fail to identify any particular CNH product on which the allegations rest.

12.    Plaintiffs have not identified any particular product attributable to CNH – whether by name, model, date of manufacture, or other identifying characteristic – that was allegedly composed of, or contained, asbestos with which Butler worked with or around.

13.    Nowhere do Plaintiffs allege exposure to any CNH product at any particular location, much less the date, manner, frequency, duration, or circumstances under which Butler was allegedly exposed to an asbestos containing product, and Plaintiffs have failed to make any distinction between any particular exposures involving particular products or premises of the numerous named Defendants.

14.    Without any particular facts alleged, CNH is unable to determine whether it can plead certain defenses, including, but not limited to, those afforded by Missouri Rule of Civil Procedure 55.27(a)(7), Mo. Rev. Stat. §§ 287.128(2), 516.120, and 516.097, or those afforded by any other states where alleged asbestos exposure occurred.

15.    CNH is unable to properly analyze or respond to Plaintiffs' Petition, conduct discovery, or generally prepare for trial unless Plaintiffs set forth the above-enumerated matters with specificity, as required by Missouri Law. Mo. R. Civ. Pro. 55.05, 55.27(d); *see also State ex rel. Harvey*, 955 S.W.2d at 547.

16.    In addition, CNH did not owe a duty to Plaintiffs collectively, or to Butler individually, to the extent Plaintiffs allege secondary exposure or "take home" exposure to Butler attributable to CNH.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

## **Missouri Rule of Civil Procedure 51.045**
### **(Motion to Transfer Venue)**

17.     Also, without any particular facts alleged, Plaintiffs have not shown that venue is proper in the Circuit Court of the City of St. Louis.

18.     Venue in this matter is governed by Mo. Rev. Stat. § 508.010.

19.     The venue statute provides that "[i]n all actions, venue shall be determined as of the date the plaintiff was first injured." Mo. Rev. Stat. § 508.010(9).

20.     Under Missouri's venue statute "[a] plaintiff is considered first injured where the trauma or exposure occurred rather than where symptoms are first manifested." Mo. Rev. Stat. § 508.010(14).

21.     Plaintiffs do not allege that Butler was first exposed inside the State of Missouri. Pet. at ¶¶ 1-2. Upon information and belief, Butler was first exposed outside the state of Missouri. *See id.*

22.     In a tort action where a plaintiff was first injured outside Missouri, our venue statute provides, in pertinent part, that "[i]f the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located, or if the plaintiff's principal place of residence was in the State of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured." Mo. Rev. Stat. § 508.010(5)(1).

23.     Plaintiffs allege that venue is proper in the City of St. Louis because Defendants General Gasket Corporation, Hercules Incorporated, and J.P. Bushnell Packing Supply Co. have registered agents in the City of St. Louis.  Pet. at ¶ 3.

24.    Missouri Courts will not allow a plaintiff to fix venue by naming a resident defendant without any reasonable belief that under the law and evidence he or she can prevail against the defendant.  *See State ex rel. Hoeft v. Koehr*, 825 S.W.2d 65 (Mo. App. 1992).

25.    Without any particular facts alleged as to Butler's alleged asbestos exposure, it cannot be determined whether the defendants that allegedly make venue proper in the City of St. Louis have been added in good faith.

26.    Additionally, according to the website of the Missouri Secretary of State, at least some of the alleged Defendants with  registered agents in the City of St. Louis are no longer in existence as businesses in Missouri.[2]

27.    When venue is challenged, the plaintiff has the burden of showing that venue is proper. *State ex rel. Harness v. Grady*, 201 S.W.3d 48, 50 (Mo. App. 2006) (citing *Igoe v. Dept. of Labor & Indus. Relations*, 152 S.W.3d 284, 288 (Mo. banc 2005)).

28.    Plaintiffs have not done so, and this case should be transferred to a proper venue, such as the St. Louis County Circuit Court, where at least fifteen (15) defendants, including CNH, have registered agents. *See Petition, pgs. 2-10.*

WHEREFORE, Defendant CNH respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' First Amended Petition as directed against Defendant CNH for lack of personal jurisdiction and/or failure to state a claim.  In the alternative, CNH requests that this Court order Plaintiffs to File a More Definite Statement, or Enter an Order Striking Plaintiffs' First Amended Petition, or Transfer the Case to a Proper Venue, such as the St. Louis County Circuit Court, and,

---

[2] *Available at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=84544* (click on "filings," click on "View Document" link for entry filed on 8/29/2012, with an effective date of 8/29/2012). Similarly, Hercules Incorporated has withdrawn from the State of Missouri. *Available at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=460754* (click on "filings," click on "View Document" link for entry filed on 12/13/16, with an effective date of 12/13/16).

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

in any event, award Defendant CNH its costs herein, and award any additional relief the Court deems appropriate and just.

Respectfully submitted,

Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for CNH Industrial America LLC*

OF COUNSEL:
THOMPSON COBURN LLP

## Certificate of Service

I hereby certify that on the 27th day of June, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record. In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com



Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CNH INDUSTRIAL AMERICA LLC'S SUGGESTIONS IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION FOR LACK
OF PERSONAL JURISDICTION PURSUANT TO MO. R. CIV. PRO. 55.27(a)(2)**

Defendant CNH Industrial America LLC (hereinafter "CNH"), by and through its counsel Thompson Coburn LLP, for its Suggestions in Support of its Motion to Dismiss Plaintiffs' First Amended Petition for Lack of Personal Jurisdiction pursuant to Mo. R. Civ. Proc. 55.27(a)(2), states as follows:

**INTRODUCTION**

CNH is not subject to personal jurisdiction in Missouri because Plaintiffs have not alleged activity (asbestos exposure) by CNH in Missouri that caused David Butler's ("Butler") alleged injuries. Indeed, there is <u>no alleged connection</u> between CNH and Butler in Missouri.

Plaintiffs filed a Petition against numerous defendants, including CNH, alleging that Butler developed mesothelioma caused by asbestos exposure through his employment and non-occupational projects. Pet. at ¶¶ 8-9.

The Petition does not allege that Butler's mesothelioma was caused by *any* asbestos exposure or activity attributable to CNH in Missouri. In addition, CNH has never been formed or

incorporated in Missouri and its principal place of business is not in Missouri. *See Affidavit, attached hereto as Exhibit A.* Therefore, this Court should dismiss CNH from this case for lack of personal jurisdiction pursuant to Missouri Rule of Civil Procedure 55.27(a)(2).

## ARGUMENT

**A.    This Court Cannot Exercise Specific Personal Jurisdiction Over CNH Based on the Alleged Facts.**

Pursuant to Mo. R. Civ. Pro. 55.27(a)(2), CNH moves to dismiss Plaintiffs' Petition as to it because this Court lacks specific personal jurisdiction over CNH. "Specific jurisdiction requires consideration of the relationship among the defendant, the forum, and the litigation." *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 48 (Mo banc. 2017) (internal citations omitted); *see also* Mo. Rev. Stat. 506.500(1) and (3) (Missouri's long-arm statute provides for specific jurisdiction for the transaction of business in Missouri or the commission of a tortious act in Missouri, among other bases not relevant here). A foreign corporation that does business in Missouri is only subject to specific jurisdiction if a plaintiff's claims are related to that business. *Dolan*, 512 S.W.3d at 48 ("Because [defendant] has purposefully availed itself of the opportunity to do business in Missouri, it would be subject to specific jurisdiction in Missouri. But that jurisdiction would exist only over claims that are related to those contacts.").

The U.S. Supreme Court recently clarified that a State court has no specific personal jurisdiction when a non-resident plaintiff, like Plaintiffs in this case, brings a claim for injuries that occurred outside of the forum State. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, 'the *suit*' must arise out of or relate to the defendant's contacts with the *forum*. In other words, there must be an affiliation between the forum and the underlying controversy,

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (internal citations omitted).

Here, Plaintiffs' alleged claims do not arise from the transaction of any business conducted by CNH or from the commission of a tortious act by CNH within Missouri.[1] *See* Pet. at ¶¶ 1-5. Plaintiffs have alleged no activity by CNH that occurred in Missouri that forms the basis of Plaintiffs' causes of action against CNH. Therefore, the Court lacks specific personal jurisdiction over CNH. *See, e.g., Bristol-Myers Squibb*, 137 S.Ct. at 1780; *Dolan*, 512 S.W.3d at 48-49; *MacCormack v. Adel Wiggins Group*, 2017 WL 1426009 at *4-5 (E.D. Mo. Apr. 21, 2017) (finding no specific jurisdiction because no actions alleged in plaintiffs' amended complaint occurred in Missouri); *Perez v. Air & Liquid Systems Corporation*, 2016 WL 7049153 at *5, 6 (S.D. Ill. Dec. 2, 2016) (finding no specific personal jurisdiction where the plaintiff did not allege that the plaintiff's injuries arose out of or relate to the defendant's activities in Illinois).

**B.    This Court Cannot Exercise General Personal Jurisdiction Over CNH Based on the Alleged Facts.**

Likewise, the Court should dismiss CNH from this case because the Court also lacks general personal jurisdiction over CNH. Specifically, in *Daimler AG v. Bauman*, the United States Supreme Court held that, absent exceptional circumstances, a company is only subject to general jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760-62 (2014) (holding that, even after attributing California contacts of New Jersey subsidiary, which included facilities located in

---

[1] Plaintiffs make conclusory allegations, without any factual support as required by Missouri Rule of Civil Procedure 55.05, that each defendant is amenable to suit in Missouri "by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." Pet. at ¶ 11.  However, there are no specific facts alleging any acts committed by CNH in Missouri. *See* Pet.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

California and significant sales in California, to foreign corporation,[2] the foreign corporation was not subject to personal jurisdiction in California where plaintiffs' claims had no connection to California).

The *Daimler* Court made clear that simply doing business in a forum does not constitute an "exceptional case" allowing a finding of general personal jurisdiction in a forum other than a company's formal place of formation or principal place of business. *Id.* at 760, 761 n.18 (holding that a formulation approving "the exercise of general jurisdiction in every State in which the corporation 'engages in a substantial, continuous, and systematic course of business'" is "unacceptably grasping"). As the Supreme Court explained, a corporation that operates in many places cannot be at home in all of them. *Id.* at 762 n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity.").

The United States Supreme Court recently reaffirmed these principles in *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549 (2017), holding that a railroad worker suing her employer under the Federal Employers' Liability Act for injuries sustained outside the state cannot sue the railroad in the state, even though the railroad does some business in the state, but instead the courts of a state may only exercise personal jurisdiction over the railroad where the exercise of that jurisdiction is consistent with the due process principles described in *Daimler*.

The Supreme Court of Missouri recently issued an opinion bearing directly on the issue whether this Court has personal jurisdiction over CNH. In *Dolan*, the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. 512 S.W.3d at 46-68. Further,

---

[2] "Foreign corporation" for purposes of personal jurisdiction includes not only companies formed or headquartered in a foreign country, but also those formed or headquartered in a sister-state. *See Daimler*, 134 S.Ct. at 754 (citing *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

Missouri could not assert general jurisdiction over a defendant company unless it is organized in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Dolan*, 512 S.W.3d at 46-68. Finally, the Court held that Missouri's business registration statutes do not require a foreign company to consent to suit over activities unrelated to Missouri and, thus, compliance with Missouri's foreign business registration statutes do not constitute consent to general jurisdiction. *Id.*

This Court considered a similar personal jurisdiction defense brought by a similarly situated defendant in a multi-defendant asbestos exposure case. This Court found personal jurisdiction lacking based on the same arguments CNH makes here. *Smith v. Union Carbide*, 2015 WL 191118 at *1, 2-3 (Mo. Cir. Ct. Jan. 12, 2015).

The plaintiff in *Smith* alleged exposure to asbestos in various states. *Id.* at *1. Defendant E.I. Du Pont De Nemours is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id.* All of the plaintiff's alleged exposures as to Du Pont occurred in Oklahoma. *Id.* Thus, the Court found that specific personal jurisdiction was not at issue and turned to an analysis of general personal jurisdiction. *Id.* at *2.

Judge Dierker noted that *Daimler* made clear that "a corporation's place of incorporation and principal place of business are the paradigm bases for general jurisdiction." *Id.* He then considered the plaintiff's argument that, despite the U.S. Supreme Court's holding in *Daimler*, the law in Missouri is that general jurisdiction is proper if a foreign corporation has a registered agent in Missouri and the corporation conducts substantial and continuous business in Missouri. *Id.* (citing *State ex rel. K-Mart Corp. v. Hollinger*, 986 S.W.2d 165 (Mo. banc 1999)). However, because the *K-Mart* court specifically noted that the Due Process Clause of the United States

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

Constitution may limit the exercise of general jurisdiction in Missouri on the basis of having a registered agent, Judge Dierker held that a federal due process analysis was required to make a determination regarding general jurisdiction. *Id.*

Turning to due process, Judge Dierker held that plaintiff could not meet its burden of establishing general jurisdiction, rejecting arguments that service on a registered agent in Missouri or substantial sales by a wholly-owned subsidiary were sufficient to comply with federal due process. *Id.* at *3. Because DuPont was not incorporated in Missouri, did not have a principal place of business in Missouri, and there was no evidence of "exceptional circumstances" to warrant the exercise of general jurisdiction, Judge Dierker held that the Court "lacks personal jurisdiction over DuPont under the Due Process Clause." *Id.* As in *Smith*, Plaintiffs in this case have not provided any evidence suggesting that jurisdiction over CNH is proper in Missouri.

Courts in other jurisdictions have also considered similar personal jurisdiction defenses brought by similarly situated defendants in multi-defendant asbestos cases and dismissed foreign defendants under *Daimler*. *See, e.g., Clark v. Lockheed Martin Corporation,* 2016 WL 67265 at *2 (S.D. Ill. Jan. 6, 2016); *Denton v. Air & Liquid Sys. Corps.*, 2015 WL 682158 at *1-2 (S.D. Ill. Feb. 17, 2015); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11 (E.D.Pa. Oct. 23, 2014); *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at *1 (E.D.N.C. June 24, 2014); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. May 14, 2014).

All of these cases establish that asbestos claims against such defendants should be dismissed when 1) the alleged asbestos exposure did not occur in the forum state; 2) the defendant is not formed in the forum state; and 3) the defendant does not have its principal place of business in the forum state. *Ricks,* 2014 WL 2873189 at *1-2; *Brown*, 19 F. Supp. 3d at 396-400.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

In *Brown*, the plaintiff, an Alabama resident, brought suit in Connecticut. 19 F. Supp. 3d at 391. Defendant Lockheed Martin, a Maryland corporation with its principal place of business in Maryland, sought dismissal for lack of personal jurisdiction. *Id.* Lockheed was registered to do business in Connecticut, derived $160 million in revenue in Connecticut between 2008 and 2012, maintained employees at four locations in Connecticut, leased a 9,000 square foot facility in Connecticut, paid Connecticut state corporate income tax, and maintained Connecticut workers' compensation coverage. *Id.* at 391-92.

Citing *Daimler*, the Connecticut district court held that it did not have personal jurisdiction over Lockheed. Lockheed's Connecticut connections were insufficient to render it "at home" in Connecticut and, thus, allowing Lockheed to be sued in Connecticut would exceed the bounds of federal due process. *Id.* at 396-400.  Recently, the Second Circuit affirmed the ruling of the District Court in *Brown* and found that it properly granted the motion to dismiss for lack of personal jurisdiction because plaintiffs' claims did not arise out of defendant's Connecticut contacts and those contacts were insufficient to render a Maryland corporation "at home" in Connecticut. *Brown v. Lockheed Martin Corp.*, 2016 WL 641392 (2d Cir. Feb. 18, 2016).

In this case, CNH has never been formed or incorporated in Missouri. *See Exhibit A.* Nor is CNH's principal place of business in Missouri. *Id.* CNH is formed in Delaware, with its principal place of business in Wisconsin. *Id.* This Court should dismiss Plaintiffs' Petition against CNH for lack of general jurisdiction, as the Supreme Court did in *Daimler*, and Judge Dierker did in *Smith*, because CNH is not formed under the laws of Missouri and does not have its principal place of business in Missouri. *See Exhibit A; see also Daimler*, 134 S.Ct at 760-62; *Smith*, 2015 WL 191118 at *2-3; *Denton*, 2015 WL 682158 at *2 (holding that Du Pont was not subject to general jurisdiction in Illinois based on alleged Du Pont exposures in Texas, even though Du Pont has

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

several facilities in Illinois, because "the Supreme Court has made it clear that the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum"); *Brown*, 19 F. Supp. 3d at 396-400; *Ricks*, 2014 WL 2873189 at *1-2 (granting motion to dismiss for lack of personal jurisdiction because the plaintiff's claims did not arise out of defendant's North Carolina contacts and those contacts were insufficient to render Massachusetts corporation "at home" in North Carolina); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *9-11 (granting motion to dismiss for lack of general personal jurisdiction because defendants' contacts with the U.S. Virgin Islands—one had a facility in the forum, and another was licensed to do business there, had an agent for service of process there, and was doing some business there—were insufficient to render the foreign defendants "at home" there).

Even assuming Plaintiffs could show that CNH does some business in Missouri, Plaintiffs' Petition does not allege that any of CNH's activities in Missouri gave rise to the pending claims. *See* Pet. at ¶¶ 1-5. Moreover, the *Daimler* Court held that the mere fact that a company does business in the forum state (through, for example, the distribution of vehicles to dealerships in that state) does not establish a court's general jurisdiction over that company, particularly when that company did not engage in any activities in the forum state that gave rise to the pending claim. *See Daimler*, 134 S.Ct. at 760-62; Mo. R. Civ. Pro. 55.27(a)(2).

Plaintiffs bear the burden of proving personal jurisdiction over a nonresident defendant. *See Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010). Because Plaintiffs have not met that burden, CNH should be dismissed. *Daimler*, 134 S.Ct at 760-62; *Smith*, 2015 WL 191118 at *2-3*; Neeley*, 2015 WL 1456984 at *1-4; *Denton*, 2015 WL 682158 at *2; *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11; *Ricks,* 2014 WL 2873189 at *1; *Brown*, 19 F. Supp. 3d at 392.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

**C.**    **CNH did not consent to personal jurisdiction in Missouri.**

To the extent Plaintiffs argue that CNH's designation of a registered agent in Missouri constitutes waiver of its personal jurisdiction defense, the Missouri Supreme Court has conclusively held that registering to do business in Missouri and designating a registered agent do not amount to consent to jurisdiction for any and all claims that arose outside of Missouri. *See Dolan*, 512 S.W.3d at 52-53 ("[Missouri's] registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present."); *see also Matthews v. BNSF Railway Company*, 2017 WL 2266891 at *2 (W.D. Mo. May 23, 2017) (citing *Dolan* and finding that consent to jurisdiction based on business registration is not valid under Missouri law); *Alvarracin v. Volume Services, Inc.*, 2017 WL 1842701 at *1-3 (same). As a result, the "consent" argument must be rejected, and Plaintiffs' Petition should be dismissed as to CNH for lack of personal jurisdiction.

WHEREFORE, Defendant CNH respectfully requests that this Court enter an Order dismissing Plaintiffs' First Amended Petition against it, with prejudice, for lack of personal jurisdiction, and awarding any additional relief the Court deems appropriate and just.

Respectfully submitted,



_____
Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for CNH Industrial America LLC*

OF COUNSEL:
THOMPSON COBURN LLP

## Certificate of Service

I hereby certify that on the 27th day of June, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record. In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com



_____

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

Exhibit A

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2222-CC00226 |
| v. | ) ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

**NOTICE OF HEARING ON BEHALF OF CNH INDUSTRIAL AMERICA LLC**

PLEASE TAKE NOTICE that Defendant CNH Industrial America LLC's Motion to Dismiss, or Alternatively, for a More Definite Statement or to Strike Plaintiffs' First Amended Petition, or to Transfer Venue, will be called up for hearing on **Tuesday, October 4, 2022, at 9:00 a.m.** in Division 18.

Respectfully submitted,

_____

Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for CNH Industrial America LLC*

OF COUNSEL:
THOMPSON COBURN LLP

Electronically Filed - City of St. Louis - June 27, 2022 - 02:40 PM

## **Certificate of Service**

I hereby certify that on the 27th day of June, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record. In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com



_____

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CASE NEW HOLLAND INDUSTRIAL INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, OR TO STRIKE, OR TO TRANSFER VENUE**

Defendant Case New Holland Industrial Inc. (hereinafter "CNHII"), by and through its counsel Thompson Coburn LLP, moves this Court for an Order dismissing Plaintiffs' First Amended Petition (hereinafter "Petition") pursuant to Missouri Rules of Civil Procedure 55.27(a)(2), 55.27(a)(6) and 67.03 for lack of personal jurisdiction and/or failure to state a claim. In the alternative, CNHII moves the Court for an Order requiring Plaintiffs to make the Petition more definite and certain pursuant to Missouri Rule of Civil Procedure 55.27(d), or striking Plaintiff's Petition pursuant to Missouri Rule of Civil Procedure 55.27(e), or transferring venue pursuant to Missouri Rule of Civil Procedure 51.045. In support thereof, CNHII states:

1.  Plaintiffs' Petition consists of seven counts, lists thirty-seven (37) defendants, and generally alleges that Plaintiff David Butler ("Butler") was exposed to asbestos and/or asbestos-containing materials, and subsequently developed mesothelioma. Count I (Negligence), Count II (Willful and Wanton Misconduct), Count III (Strict Liability), Count IV (Negligence- Loss or Consortium), Count V (Willful and Wanton Misconduct – Loss of Consortium), Count VI

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

(Negligent Spoliation of Evidence), and VII (Willful and Wanton Misconduct – Spoliation of Evidence) are brought against CNHII, among the numerous other defendants.

**Missouri Rule of Civil Procedure 55.27(a)(2)**
**(Motion to Dismiss for Lack of Personal Jurisdiction)**

2.       CNHII moves to dismiss Plaintiffs' Petition pursuant to Mo. R. Civ. Pro. 55.27(a)(2) because this Court lacks personal jurisdiction over CNHII. Specifically, this Court lacks jurisdiction over CNHII under the Missouri long arm statute, Mo. Rev. Stat. § 506.500, because Plaintiffs' alleged claims do not arise from "the transaction of any business" conducted by CNHII, or from "the commission of a tortious act" by CNHII within Missouri. *See Anderson Trucking Services, Inc. v. Ryan*, 746 S.W.2d 647, 649 (Mo. App. 1988); *Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 899 (Mo. App. 2000). Indeed, the Petition fails to allege any activities in Missouri <u>by CNHII</u> that give rise to Plaintiffs' claims against it.[1]

3.       Similarly, this Court also lacks general or "all-purpose" personal jurisdiction over CNHII. The United States Supreme Court recently held in *Daimler AG v. Bauman* that, absent exceptional circumstances, a company is only subject to general personal jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." 134 S.Ct. 746, 760-62 (2014). Here, CNHII has never been incorporated in Missouri or had a principal place of business in Missouri. *See Exhibit A to Suggestions In Support: Affidavit.* Therefore, Plaintiffs' Petition as to CNHII should be dismissed for lack of personal jurisdiction. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1553 (2017); *State ex rel. Norfolk Southern Railway Co.*

---

[1] Plaintiffs make conclusory allegations, without any factual support as required by Missouri Rule of Civil Procedure 55.05, that each defendant is amenable to suit in Missouri "by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." Pet. at ¶ 11. However, there are no specific facts alleging any acts committed by CNHII in Missouri. *See* Pet.

*v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017); *Clark v. Lockheed Martin Corporation,* 2016 WL 67265 at \*2 (S.D. Ill. Jan. 6, 2016); *Keeley v. Pfizer, Inc.*, 2015 WL 3999488 at \*4 (E.D. Mo. July 1, 2015); *Neeley v. Wyeth LLC*, 2015 WL 1456984 at \*1-4 (E.D. Mo. Mar. 20, 2015); *Denton v. Air & Liquid Sys. Corps.*, 2015 WL 682158 at \*1-2 (S.D. Ill. Feb. 17, 2015); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at \*3-11 (E.D. Pa. Oct. 23, 2014); *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at \*1-2 (E.D.N.C. June 24, 2014); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390, 396-400 (D. Conn. May 14, 2014), *aff'd*; *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016); *Smith v. Union Carbide*, Case No. 1422-CC00457, Div. No. 18 (Jan. 12, 2015).

4.      CNHII hereby incorporates by reference its Suggestions in Support of its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Mo. R. Civ. Pro. 55.27(a)(2), filed contemporaneously herewith.

### Missouri Rules of Civil Procedure 55.27(a)(6), 55.27(d), and 55.27(e) (Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for a More Definite Statement, or to Strike)

5.      In addition, each of the counts directed against CNHII in Plaintiffs' Petition fails to comport with the basic requirements of Missouri Rule of Civil Procedure 55.05, which requires that claims for relief consist of "a short and plain statement of the facts showing that the pleader is entitled to relief." Plaintiffs' Petition should be dismissed as a result.

6.      Missouri is a fact-pleading jurisdiction. *ITT Commercial Fin. Co. v. Mid-America Marine Supply*, 854 S.W.2d 371, 379 (Mo. 1993). "Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be presented at trial." *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).

7.      To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and must allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial. *Fischer, Spuhl, Herzwurm & Assoc., Inc. v. Forrest T. Jones & Co.*, 586 S.W.2d 310, 315 (Mo. 1979). Although a petition does not have to plead evidentiary facts, it must plead ultimate facts and cannot rely on mere conclusions. *Westphal v. Lake Lotawana Ass'n, Inc.*, 95 S.W.3d 144, 152 (Mo. App. 2003). Further, "where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, a motion to dismiss is properly granted." *Id*.

8.      Alternatively, defendants are entitled to a more definite statement of the pleaded facts when the matters contained in a pleading are not averred with sufficient definiteness or particularity to enable a responding party to prepare responsive pleadings and prepare generally for trial. Mo. R. Civ. Pro. 55.27(d); *see also State ex rel. Harvey*, 955 S.W.2d at 547.

9.      Furthermore, pursuant to Missouri Rule of Civil Procedure 55.27(e), "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defenses or any redundant, immaterial, impertinent, or scandalous matter."

10.     The Court may dismiss Plaintiffs' claims against CNHII with or without prejudice pursuant to Missouri Rule of Civil Procedure 67.03.

11.     Plaintiffs' Petition fails to meet the fact-pleading requirement established by Missouri Rule of Civil Procedure 55.05 and fails to enable Defendant CNHII to prepare responsive pleadings and prepare generally for trial. Plaintiffs' Petition should be dismissed or, in the alternative, be made more definite or stricken because Plaintiffs' allegations fail to comport with

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

the Missouri Rules of Civil Procedure and fail to identify any particular CNHII product on which the allegations rest.

12.    Plaintiffs have not identified any particular product attributable to CNHII – whether by name, model, date of manufacture, or other identifying characteristic – that was allegedly composed of, or contained, asbestos with which Butler worked with or around.

13.    Nowhere do Plaintiffs allege exposure to any CNHII product at any particular location, much less the date, manner, frequency, duration, or circumstances under which Butler was allegedly exposed to an asbestos containing product, and Plaintiffs have failed to make any distinction between any particular exposures involving particular products or premises of the numerous named Defendants.

14.    Without any particular facts alleged, CNHII is unable to determine whether it can plead certain defenses, including, but not limited to, those afforded by Missouri Rule of Civil Procedure 55.27(a)(7), Mo. Rev. Stat. §§ 287.128(2), 516.120, and 516.097, or those afforded by any other states where alleged asbestos exposure occurred.

15.    CNHII is unable to properly analyze or respond to Plaintiffs' Petition, conduct discovery, or generally prepare for trial unless Plaintiffs set forth the above-enumerated matters with specificity, as required by Missouri Law. Mo. R. Civ. Pro. 55.05, 55.27(d); *see also State ex rel. Harvey*, 955 S.W.2d at 547.

16.    In addition, CNHII did not owe a duty to Plaintiffs collectively, or to Butler individually, to the extent Plaintiffs allege secondary exposure or "take home" exposure to Butler attributable to CNHII.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

**<u>Missouri Rule of Civil Procedure 51.045</u>**
**(Motion to Transfer Venue)**

17.     Also, without any particular facts alleged, Plaintiffs have not shown that venue is proper in the Circuit Court of the City of St. Louis.

18.     Venue in this matter is governed by Mo. Rev. Stat. § 508.010.

19.     The venue statute provides that "[i]n all actions, venue shall be determined as of the date the plaintiff was first injured." Mo. Rev. Stat. § 508.010(9).

20.     Under Missouri's venue statute "[a] plaintiff is considered first injured where the trauma or exposure occurred rather than where symptoms are first manifested." Mo. Rev. Stat. § 508.010(14).

21.     Plaintiffs do not allege that Butler was first exposed inside the State of Missouri. Pet. at ¶¶ 1-2. Upon information and belief, Butler was first exposed outside the state of Missouri. *See id.*

22.     In a tort action where a plaintiff was first injured outside Missouri, our venue statute provides, in pertinent part, that "[i]f the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located, or if the plaintiff's principal place of residence was in the State of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured." Mo. Rev. Stat. § 508.010(5)(1).

23.     Plaintiffs allege that venue is proper in the City of St. Louis because Defendants General Gasket Corporation, Hercules Incorporated, and J.P. Bushnell Packing Supply Co. have registered agents in the City of St. Louis.  Pet. at ¶ 3.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

24.    Missouri Courts will not allow a plaintiff to fix venue by naming a resident defendant without any reasonable belief that under the law and evidence he or she can prevail against the defendant.  *See State ex rel. Hoeft v. Koehr*, 825 S.W.2d 65 (Mo. App. 1992).

25.    Without any particular facts alleged as to Butler's alleged asbestos exposure, it cannot be determined whether the defendants that allegedly make venue proper in the City of St. Louis have been added in good faith.

26.    Additionally, according to the website of the Missouri Secretary of State, at least some of the alleged Defendants with  registered agents in the City of St. Louis are no longer in existence as businesses in Missouri.[2]

27.    When venue is challenged, the plaintiff has the burden of showing that venue is proper. *State ex rel. Harness v. Grady*, 201 S.W.3d 48, 50 (Mo. App. 2006) (citing *Igoe v. Dept. of Labor & Indus. Relations*, 152 S.W.3d 284, 288 (Mo. banc 2005)).

28.    Plaintiffs have not done so, and this case should be transferred to a proper venue, such as the St. Louis County Circuit Court, where at least fifteen (15) defendants, including CNHII, have registered agents. *See Petition, pgs. 2-10.*

WHEREFORE, Defendant Case New Holland Industrial Inc. respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' First Amended Petition as directed against Defendant CNHII for lack of personal jurisdiction and/or failure to state a claim.  In the alternative, CNHII requests that this Court order Plaintiffs to File a More Definite Statement, or Enter an Order Striking Plaintiffs' First Amended Petition, or Transfer the Case to a Proper Venue, such as the St.

---

[2]  *Available at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=84544* (click on "filings," click on "View Document" link for entry filed on 8/29/2012, with an effective date of 8/29/2012). Similarly, Hercules Incorporated has withdrawn from the State of Missouri. *Available at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=460754* (click on "filings," click on "View Document" link for entry filed on 12/13/16, with an effective date of 12/13/16).

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

Louis County Circuit Court, and, in any event, award Defendant CNHII its costs herein, and award any additional relief the Court deems appropriate and just.

Respectfully submitted,



_____
Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois  62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for Case New Holland Industrial Inc.*

OF COUNSEL:
THOMPSON COBURN LLP

### Certificate of Service

I hereby certify that on the 27th day of June, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com

_____

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CASE NEW HOLLAND INDUSTRIAL INC.'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION FOR LACK OF PERSONAL JURISDICTION PURSUANT TO MO. R. CIV. PRO. 55.27(a)(2)**

Defendant Case New Holland Industrial Inc. (hereinafter "CNHII"), by and through its counsel Thompson Coburn LLP, for its Suggestions in Support of its Motion to Dismiss Plaintiffs' First Amended Petition for Lack of Personal Jurisdiction pursuant to Mo. R. Civ. Proc. 55.27(a)(2), states as follows:

**INTRODUCTION**

CNHII is not subject to personal jurisdiction in Missouri because Plaintiffs have not alleged activity (asbestos exposure) by CNHII in Missouri that caused David Butler's ("Butler") alleged injuries. Indeed, there is <u>no alleged connection</u> between CNHII and Butler in Missouri.

Plaintiffs filed a Petition against numerous defendants, including CNHII, alleging that Butler developed mesothelioma caused by asbestos exposure through his employment and non-occupational projects. Pet. at ¶¶ 8-9.

The Petition does not allege that Butler's mesothelioma was caused by *any* asbestos exposure or activity attributable to CNHII in Missouri. In addition, CNHII has never been formed

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

or incorporated in Missouri and its principal place of business is not in Missouri.  *See Affidavit, attached hereto as Exhibit A.*  Therefore, this Court should dismiss CNHII from this case for lack of personal jurisdiction pursuant to Missouri Rule of Civil Procedure 55.27(a)(2).

### ARGUMENT

**A.    This Court Cannot Exercise Specific Personal Jurisdiction Over CNHII Based on the Alleged Facts.**

Pursuant to Mo. R. Civ. Pro. 55.27(a)(2), CNHII moves to dismiss Plaintiffs' Petition as to it because this Court lacks specific personal jurisdiction over CNHII. "Specific jurisdiction requires consideration of the relationship among the defendant, the forum, and the litigation." *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 48 (Mo banc. 2017) (internal citations omitted); *see also* Mo. Rev. Stat. 506.500(1) and (3) (Missouri's long-arm statute provides for specific jurisdiction for the transaction of business in Missouri or the commission of a tortious act in Missouri, among other bases not relevant here). A foreign corporation that does business in Missouri is only subject to specific jurisdiction if a plaintiff's claims are related to that business. *Dolan*, 512 S.W.3d at 48 ("Because [defendant] has purposefully availed itself of the opportunity to do business in Missouri, it would be subject to specific jurisdiction in Missouri. But that jurisdiction would exist only over claims that are related to those contacts.").

The U.S. Supreme Court recently clarified that a State court has no specific personal jurisdiction when a non-resident plaintiff, like Plaintiffs in this case, brings a claim for injuries that occurred outside of the forum State. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, 'the *suit*' must arise out of or relate to the defendant's contacts with the *forum*. In other words, there must be an affiliation between the forum and the underlying controversy,

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.") (internal citations omitted).

Here, Plaintiffs' alleged claims do not arise from the transaction of any business conducted by CNHII or from the commission of a tortious act by CNHII within Missouri.[1] *See* Pet. at ¶¶ 1-5. Plaintiffs have alleged no activity by CNHII that occurred in Missouri that forms the basis of Plaintiffs' causes of action against CNHII. Therefore, the Court lacks specific personal jurisdiction over CNHII. *See, e.g., Bristol-Myers Squibb*, 137 S.Ct. at 1780; *Dolan*, 512 S.W.3d at 48-49; *MacCormack v. Adel Wiggins Group*, 2017 WL 1426009 at *4-5 (E.D. Mo. Apr. 21, 2017) (finding no specific jurisdiction because no actions alleged in plaintiffs' amended complaint occurred in Missouri); *Perez v. Air & Liquid Systems Corporation*, 2016 WL 7049153 at *5, 6 (S.D. Ill. Dec. 2, 2016) (finding no specific personal jurisdiction where the plaintiff did not allege that the plaintiff's injuries arose out of or relate to the defendant's activities in Illinois).

**B.      This Court Cannot Exercise General Personal Jurisdiction Over CNHII Based on the Alleged Facts.**

Likewise, the Court should dismiss CNHII from this case because the Court also lacks general personal jurisdiction over CNHII. Specifically, in *Daimler AG v. Bauman*, the United States Supreme Court held that, absent exceptional circumstances, a company is only subject to general jurisdiction in its state of formation or where it has its principal place of business, i.e., where it is "at home." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760-62 (2014) (holding that, even after attributing California contacts of New Jersey subsidiary, which included facilities located in

---

[1] Plaintiffs make conclusory allegations, without any factual support as required by Missouri Rule of Civil Procedure 55.05, that each defendant is amenable to suit in Missouri "by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Petitioner occurred in and/or were directed at Missouri." Pet. at ¶ 11.  However, there are no specific facts alleging any acts committed by CNHII in Missouri. *See* Pet.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

California and significant sales in California, to foreign corporation,[2] the foreign corporation was not subject to personal jurisdiction in California where plaintiffs' claims had no connection to California).

The *Daimler* Court made clear that simply doing business in a forum does not constitute an "exceptional case" allowing a finding of general personal jurisdiction in a forum other than a company's formal place of formation or principal place of business. *Id.* at 760, 761 n.18 (holding that a formulation approving "the exercise of general jurisdiction in every State in which the corporation 'engages in a substantial, continuous, and systematic course of business'" is "unacceptably grasping"). As the Supreme Court explained, a corporation that operates in many places cannot be at home in all of them. *Id.* at 762 n.20 ("Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity.").

The United States Supreme Court recently reaffirmed these principles in *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549 (2017), holding that a railroad worker suing her employer under the Federal Employers' Liability Act for injuries sustained outside the state cannot sue the railroad in the state, even though the railroad does some business in the state, but instead the courts of a state may only exercise personal jurisdiction over the railroad where the exercise of that jurisdiction is consistent with the due process principles described in *Daimler*.

The Supreme Court of Missouri recently issued an opinion bearing directly on the issue whether this Court has personal jurisdiction over CNHII. In *Dolan*, the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. 512 S.W.3d at 46-68. Further,

---

[2] "Foreign corporation" for purposes of personal jurisdiction includes not only companies formed or headquartered in a foreign country, but also those formed or headquartered in a sister-state. *See Daimler*, 134 S.Ct. at 754 (citing *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

Case No. 2222-CC00226
Page 4 of 10

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

Missouri could not assert general jurisdiction over a defendant company unless it is organized in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Dolan*, 512 S.W.3d at 46-68.  Finally, the Court held that Missouri's business registration statutes do not require a foreign company to consent to suit over activities unrelated to Missouri and, thus, compliance with Missouri's foreign business registration statutes do not constitute consent to general jurisdiction.  *Id.*

This Court considered a similar personal jurisdiction defense brought by a similarly situated defendant in a multi-defendant asbestos exposure case. This Court found personal jurisdiction lacking based on the same arguments CNHII makes here. *Smith v. Union Carbide*, 2015 WL 191118 at *1, 2-3 (Mo. Cir. Ct. Jan. 12, 2015).

The plaintiff in *Smith* alleged exposure to asbestos in various states. *Id.* at *1. Defendant E.I. Du Pont De Nemours is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id.* All of the plaintiff's alleged exposures as to Du Pont occurred in Oklahoma. *Id.* Thus, the Court found that specific personal jurisdiction was not at issue and turned to an analysis of general personal jurisdiction. *Id.* at *2.

Judge Dierker noted that *Daimler* made clear that "a corporation's place of incorporation and principal place of business are the paradigm bases for general jurisdiction." *Id.* He then considered the plaintiff's argument that, despite the U.S. Supreme Court's holding in *Daimler*, the law in Missouri is that general jurisdiction is proper if a foreign corporation has a registered agent in Missouri and the corporation conducts substantial and continuous business in Missouri. *Id.* (citing *State ex rel. K-Mart Corp. v. Hollinger*, 986 S.W.2d 165 (Mo. banc 1999)). However, because the *K-Mart* court specifically noted that the Due Process Clause of the United States

Constitution may limit the exercise of general jurisdiction in Missouri on the basis of having a registered agent, Judge Dierker held that a federal due process analysis was required to make a determination regarding general jurisdiction. *Id.*

Turning to due process, Judge Dierker held that plaintiff could not meet its burden of establishing general jurisdiction, rejecting arguments that service on a registered agent in Missouri or substantial sales by a wholly-owned subsidiary were sufficient to comply with federal due process. *Id.* at *3. Because DuPont was not incorporated in Missouri, did not have a principal place of business in Missouri, and there was no evidence of "exceptional circumstances" to warrant the exercise of general jurisdiction, Judge Dierker held that the Court "lacks personal jurisdiction over DuPont under the Due Process Clause." *Id.* As in *Smith*, Plaintiffs in this case have not provided any evidence suggesting that jurisdiction over CNHII is proper in Missouri.

Courts in other jurisdictions have also considered similar personal jurisdiction defenses brought by similarly situated defendants in multi-defendant asbestos cases and dismissed foreign defendants under *Daimler*. *See, e.g., Clark v. Lockheed Martin Corporation,* 2016 WL 67265 at *2 (S.D. Ill. Jan. 6, 2016); *Denton v. Air & Liquid Sys. Corps.*, 2015 WL 682158 at *1-2 (S.D. Ill. Feb. 17, 2015); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11 (E.D.Pa. Oct. 23, 2014); *Ricks v. Armstrong Int'l, Inc.,* 2014 WL 2873189 at *1 (E.D.N.C. June 24, 2014); *Brown v. CBS Corp.*, 19 F. Supp. 3d 390 (D. Conn. May 14, 2014).

All of these cases establish that asbestos claims against such defendants should be dismissed when 1) the alleged asbestos exposure did not occur in the forum state; 2) the defendant is not formed in the forum state; and 3) the defendant does not have its principal place of business in the forum state. *Ricks,* 2014 WL 2873189 at *1-2; *Brown*, 19 F. Supp. 3d at 396-400.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

In *Brown*, the plaintiff, an Alabama resident, brought suit in Connecticut. 19 F. Supp. 3d at 391. Defendant Lockheed Martin, a Maryland corporation with its principal place of business in Maryland, sought dismissal for lack of personal jurisdiction. *Id.* Lockheed was registered to do business in Connecticut, derived $160 million in revenue in Connecticut between 2008 and 2012, maintained employees at four locations in Connecticut, leased a 9,000 square foot facility in Connecticut, paid Connecticut state corporate income tax, and maintained Connecticut workers' compensation coverage. *Id.* at 391-92.

Citing *Daimler*, the Connecticut district court held that it did not have personal jurisdiction over Lockheed. Lockheed's Connecticut connections were insufficient to render it "at home" in Connecticut and, thus, allowing Lockheed to be sued in Connecticut would exceed the bounds of federal due process. *Id.* at 396-400. Recently, the Second Circuit affirmed the ruling of the District Court in *Brown* and found that it properly granted the motion to dismiss for lack of personal jurisdiction because plaintiffs' claims did not arise out of defendant's Connecticut contacts and those contacts were insufficient to render a Maryland corporation "at home" in Connecticut. *Brown v. Lockheed Martin Corp.*, 2016 WL 641392 (2d Cir. Feb. 18, 2016).

In this case, CNHII has never been formed or incorporated in Missouri. *See Exhibit A.* Nor is CNHII's principal place of business in Missouri. *Id.* CNHII is formed in Delaware, with its principal place of business in Wisconsin. *Id.* This Court should dismiss Plaintiffs' Petition against CNHII for lack of general jurisdiction, as the Supreme Court did in *Daimler*, and Judge Dierker did in *Smith*, because CNHII is not formed under the laws of Missouri and does not have its principal place of business in Missouri. *See Exhibit A; see also Daimler*, 134 S.Ct at 760-62; *Smith*, 2015 WL 191118 at *2-3; *Denton*, 2015 WL 682158 at *2 (holding that Du Pont was not subject to general jurisdiction in Illinois based on alleged Du Pont exposures in Texas, even though Du

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

Pont has several facilities in Illinois, because "the Supreme Court has made it clear that the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum"); *Brown*, 19 F. Supp. 3d at 396-400; *Ricks*, 2014 WL 2873189 at *1-2 (granting motion to dismiss for lack of personal jurisdiction because the plaintiff's claims did not arise out of defendant's North Carolina contacts and those contacts were insufficient to render Massachusetts corporation "at home" in North Carolina); *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *9-11 (granting motion to dismiss for lack of general personal jurisdiction because defendants' contacts with the U.S. Virgin Islands—one had a facility in the forum, and another was licensed to do business there, had an agent for service of process there, and was doing some business there—were insufficient to render the foreign defendants "at home" there).

Even assuming Plaintiffs could show that CNHII does some business in Missouri, Plaintiffs' Petition does not allege that any of CNHII's activities in Missouri gave rise to the pending claims. *See* Pet. at ¶¶ 1-5. Moreover, the *Daimler* Court held that the mere fact that a company does business in the forum state (through, for example, the distribution of vehicles to dealerships in that state) does not establish a court's general jurisdiction over that company, particularly when that company did not engage in any activities in the forum state that gave rise to the pending claim. *See Daimler*, 134 S.Ct. at 760-62; Mo. R. Civ. Pro. 55.27(a)(2).

Plaintiffs bear the burden of proving personal jurisdiction over a nonresident defendant. *See Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010). Because Plaintiffs have not met that burden, CNHII should be dismissed. *Daimler*, 134 S.Ct at 760-62; *Smith*, 2015 WL 191118 at *2-3*; Neeley*, 2015 WL 1456984 at *1-4; *Denton*, 2015 WL 682158 at *2; *In re Asbestos Products Liability Litigation (No. VI)*, 2014 WL 5394310 at *3-11; *Ricks,* 2014 WL 2873189 at *1; *Brown*, 19 F. Supp. 3d at 392.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

**C.     CNHII did not consent to personal jurisdiction in Missouri.**

To the extent Plaintiffs argue that CNHII's designation of a registered agent in Missouri constitutes waiver of its personal jurisdiction defense, the Missouri Supreme Court has conclusively held that registering to do business in Missouri and designating a registered agent do not amount to consent to jurisdiction for any and all claims that arose outside of Missouri. *See Dolan*, 512 S.W.3d at 52-53 ("[Missouri's] registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present."); *see also Matthews v. BNSF Railway Company*, 2017 WL 2266891 at *2 (W.D. Mo. May 23, 2017) (citing *Dolan* and finding that consent to jurisdiction based on business registration is not valid under Missouri law); *Alvarracin v. Volume Services, Inc.*, 2017 WL 1842701 at *1-3 (same). As a result, the "consent" argument must be rejected, and Plaintiffs' Petition should be dismissed as to CNHII for lack of personal jurisdiction.

WHEREFORE, Defendant Case New Holland Industrial Inc. respectfully requests that this Court enter an Order dismissing Plaintiffs' First Amended Petition against it, with prejudice, for lack of personal jurisdiction, and awarding any additional relief the Court deems appropriate and just.

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

Respectfully submitted,



_____

Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for Case New Holland Industrial Inc.*

OF COUNSEL:
THOMPSON COBURN LLP

## Certificate of Service

I hereby certify that on the 27th day of June, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record. In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com

_____

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | (Asbestos) |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF HEARING ON BEHALF OF CASE NEW HOLLAND INDUSTRIAL INC.**

PLEASE TAKE NOTICE that Defendant Case New Holland Industrial Inc.'s Motion to Dismiss, or Alternatively, for a More Definite Statement or to Strike Plaintiffs' First Amended Petition, or to Transfer Venue, will be called up for hearing on **Tuesday, October 4, 2022, at 9:00 a.m.** in Division 18.

Respectfully submitted,

_____
Erick E. VanDorn, #50663
Lindsay K. Gilmore, #72815
525 West Main Street, Suite 300
Belleville, Illinois 62220
618-277-4700 / FAX 618-236-3434
evandorn@thompsoncoburn.com
lgilmore@thompsoncoburn.com

*Attorneys for Case New Holland Industrial Inc.*

OF COUNSEL:
THOMPSON COBURN LLP

### Certificate of Service

I hereby certify that on the 27th day of June, 2022, defendant filed the foregoing in the above styled case and a true and correct copy was electronically served via the Missouri Courts e-filing system on all counsel of record.  In addition, a copy was also e-mailed to Plaintiffs' attorney of record:

John E. Richardson, Jr.
Simmons Hanley Conroy
One Court Street
Alton, IL 62002
jrichardson@simmonsfirm.com



Case No. 2222-CC00226
Page 2 of 2

Electronically Filed - City of St. Louis - June 27, 2022 - 02:52 PM

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| **DAVID BUTLER and KATHY BUTLER,** | ) | |
| his wife, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No: 2222-CC00226** |
| | ) | |
| **v.** | ) | **Division 1** |
| | ) | **(Asbestos)** |
| **A.W. CHESTERTON COMPANY, et al.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

**CUMMINS INC.'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' FIRST AMENDED PETITION**

Defendant, Cummins Inc., (hereinafter, "Defendant") answers the Plaintiffs' First Amended Petition ("Petition") as follows:

Unless otherwise expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other defendants.

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1.      Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Petition and therefore denies the same.

2.      Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Petition and therefore denies the same.

3.      Defendant admits only that it is a foreign corporation, but denies all other allegations contained in Paragraph 3 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant specifically denies that it is jointly and severally liable with

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

other defendants.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

4.    Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

5.    Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

6.    Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

7.    Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

8.    Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

10.      Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

11.      Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

12.      Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant specifically denies that venue is proper in the City of St. Louis, Missouri. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

13.      Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

14.      Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient

information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

## ANSWER TO COUNT I
## NEGLIGENCE

1.     Defendant incorporates by reference its answers in response to all previous paragraphs of Plaintiffs' Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

2.     Defendant denies the allegations contained in Paragraph 2 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.     Defendant denies the allegations contained in Paragraph 3 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

4.     Defendant denies the allegations contained in Paragraph 4 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

5.     Defendant denies the allegations contained in Paragraph 5 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

6.     Defendant denies the allegations contained in Paragraph 6 of Count I of Plaintiffs' Petition, including all sub-paragraphs, to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

7.     Defendant denies the allegations contained in Paragraph 7 of Count I of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper. Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count I of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

<u>**ANSWER TO COUNT II**</u>
<u>**WILLFUL AND WANTON MISCONDUCT**</u>

1.      Defendant reincorporates by reference its answers in response to Plaintiff's General Allegations and paragraphs 2-4 of Count I of Plaintiff's Petition as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count II of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count II of Plaintiffs' Petition, including all sub-paragraphs therein, to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

4.      Defendant denies the allegations contained in Paragraph 4 of Count II of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

5.      Defendant denies the allegations contained in Paragraph 5 of Count II of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual, compensatory, and punitive damages. Defendant respectfully prays for judgment in its favor on Count II of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

## ANSWER TO COUNT III
## STRICT LIABILITY

1.      Defendant reincorporates by reference its answers in response to Plaintiff's General Allegations and paragraphs 2-4 of Count I of Plaintiff's Petition as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count III of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count III of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

4.      Defendant denies the allegations contained in Paragraph 4 of Count III of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count III of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

### ANSWER TO COUNT IV
### NEGLIGENCE
### (loss of consortium)

1.      Defendant reincorporates by reference its answers in response to all previous paragraphs of Plaintiff's Petition as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count IV of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count IV of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

### ANSWER TO COUNT V
### WILLFUL AND WANTON MISCONDUCT
### (loss of consortium)

1.      Defendant reincorporates by reference its answers in response to all previous paragraphs of Plaintiff's Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

2.      Defendant denies the allegations contained in Paragraph 2 of Count V of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count V of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual, compensatory, and punitive damages. Defendant respectfully prays for judgment in its favor on Count V of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

<div align="center">

**COUNT VI**
**NEGLIGENCE**
**<u>(spoilation of evidence)</u>**

</div>

1.      Defendant reincorporates by reference its answers in response to Plaintiff's General Allegations as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 3 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

4.      Defendant denies the allegations contained in Paragraph 4 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

5.      Defendant denies the allegations contained in Paragraph 5 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

6.      Defendant denies the allegations contained in Paragraph 6 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

7.      Defendant denies the allegations contained in Paragraph 7 of Count VI of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count VI of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

## COUNT VII
## WILLFUL AND WANTON MISCONDUCT
## (spoilation of evidence)

1.      Defendant reincorporates by reference its answers in response to Plaintiff's General Allegations and paragraphs 2-5 of Count VI of Plaintiff's Petition as if fully set forth herein.

2.      Defendant denies the allegations contained in Paragraph 2 of Count VII of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

3.      Defendant denies the allegations contained in Paragraph 7 of Count VII of Plaintiffs' Petition to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

Defendant denies that joint and several liability is proper.  Defendant denies that it is liable for any damages alleged by Plaintiffs, including actual and compensatory damages. Defendant respectfully prays for judgment in its favor on Count VII of Plaintiffs' Petition, for its costs, and for any further relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Petition fails to state a claim against this Defendant upon which relief can be granted.

2.      This Court lacks personal jurisdiction over this defendant.  *See State ex rel. Norfolk Southern Railway Company v. Dolan*, SC95514 (February 28, 2017).

3.      Venue is improper in the City of St. Louis.

4.    Plaintiffs' claims are barred by the applicable statutes of limitations and statutes of repose, including without limitation, R.S.Mo. §§ 537.100, 516.120, 516.190, 516.230, 400.2-607, 400.1-106, 400.2-715, 400.2-725 and others.

5.    Plaintiffs' claims may be barred or otherwise affected by the substantive law of foreign jurisdictions.

6.    Defendant does not deny that Plaintiff may have been exposed to the products or injured by the activities of other defendants or nonparties and does not deny the liability of any other defendant or nonparty.

7.    If damages were sustained by Plaintiff, which is denied, those damages were caused or contributed to by the conduct, carelessness, fault and/or negligence of Plaintiff, including, but not limited to smoking, consuming alcohol, and failure to lose weight, or that of other entities not under this defendant's control, including learned intermediaries, and the Court should therefore, deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

8.    Plaintiffs' Petition fails because if damages were sustained by Plaintiff as alleged, which is denied, those damages were caused or contributed to by Plaintiff's own acts or omissions or by products or conduct of other persons and entities not under defendant's control and the Court should entirely deny recovery, or, in the alternative, assess the percentage of fault under the doctrine of comparative fault as set forth in 537.067, R.S. Mo. (as amended by Mo. H.B. No. 393 (2005)).

9.    If damages or injuries were sustained by Plaintiff, which is denied, those damages were caused or contributed to by Plaintiff knowingly assuming all risks and Plaintiff is, therefore, barred from recovery.

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

10.    At all times pertinent, the state of the medical, scientific and industrial knowledge was such that this Defendant neither knew, nor should have known, that asbestos-containing products presented reasonably foreseeable risks to Plaintiff or others similarly situated in the normal and expected use of said products.

11.    If products containing asbestos caused or contributed to Plaintiffs' alleged injuries and damages, which is denied, such products were misused, altered, or modified by Plaintiff or persons other than this defendant, or installed or used contrary to the instructions of this defendant.

12.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiffs' unreasonable failure to appreciate any risks that may be involved in the use of asbestos-containing materials or the consequences thereof and the unreasonable exposure to such risks.

13.    If damages or injuries were sustained by Plaintiffs, which is denied, those damages were caused or contributed to by Plaintiff's failure to undertake the precautions a reasonably careful user of asbestos-containing materials would take to protect against possible risks which he should reasonably appreciate under the same or similar circumstances.

14.    If damages or injuries were sustained by Plaintiff, which is denied, those damages were caused or contributed to by the failure to mitigate damages.

15.    If Plaintiff was exposed to asbestos-containing products manufactured, sold, or distributed by this defendant, which is denied, then such exposure was inconsequential or de minimis, thus barring any recovery by Plaintiff.

16.    Plaintiffs' prayer to have defendant be held jointly and severally liable is contrary to the provisions of 537.067, R.S. Mo. (as amended by Mo. H.B. No. 393 (2005)).

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

17.    Joint and several liability is unconstitutional as applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts.  Joint and several liability is unconstitutional because recovery of damages by Plaintiff against this defendant in excess of defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that this defendant would be subject to a penalty above and beyond its causal fault.

Recovery of such damages by Plaintiff would be unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because they would subject this defendant to excessive fines and punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106, R.S.Mo.

Further, recovery of such damages by Plaintiff would deny this defendant of property without due process of law in violation of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19 and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because such recovery would allow an award that is grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the defendant no notice of the consequences of its conduct.

Recovery of such damages by Plaintiff deprives this defendant of property without due process of law and further deprives this defendant of the equal protection of the laws in violation of defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution

and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10.

18.     Plaintiffs' claim for punitive damages is barred by the United States Constitution because by requesting an award of punitive damages, Plaintiff seeks to have the Court impose state action upon defendant, whether those damages are imposed by statute or common law.

19.     Plaintiffs' claim for punitive damages is barred by the United States Constitution because recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that Defendant may be subjected to multiple awards for an alleged single course of conduct.

20.     Recovery of punitive damages by Plaintiffs in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that the standards, whether statutory or common law, by which a jury may determine the culpability of Defendant and the amount of damages to be awarded are vague and therefore constitutionally defective.

21.     Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.  Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they would subject defendant to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process.  Such damages are also precluded under § 400.1-106, R.S.Mo.

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

22.     Recovery of punitive damages by Plaintiffs would deny Defendant property without due process of law in violation of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments because there are insufficient legal standards for a jury to determine the amount of any such damages so as to allow awards that are grossly excessive or wholly disproportionate to the offense and obviously unreasonable and give the Defendant no notice of the consequences of its conduct.

23.     Recovery of punitive damages by Plaintiffs in this case would violate procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

a)     Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

b)     Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

c)     Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award.

24.     Recovery of punitive damages by Plaintiffs would be unconstitutional to the extent that Plaintiffs' Petition seeks to punish defendant without the protection of constitutional safeguards, including, but not limited to, the right to speedy trial, requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-incrimination during the discovery process and trial, which are guaranteed under the Fifth, Sixth and Fourteenth

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

Amendments of the United States Constitution and the Constitution of the State of Missouri, including Article I, Bill of Rights, Sections 10, 18(a), 19, 21 and 22(a); and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon the decisions of Missouri courts which would permit Plaintiff to recover punitive damages without the protection of such safeguards is unconstitutional.

25.    Recovery of punitive damages by Plaintiffs deprives defendant of property without due process of law and further deprives defendant of the equal protection of the laws in violation of defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 2 and 10, because the jury is told to take into consideration the evidence of defendant's net worth, implying to the jury that it would be more appropriate to punish Defendant rather than another Defendant of similar circumstances which had a lesser net worth.

26.    Plaintiffs' claims for punitive damages are barred pursuant to RSMo. 510.261(5), which states that "No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant to file such a pleading only on written motion by the claimant . . . ."  The statute further provides that a motion must be supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages. Plaintiff has failed to file the required motion, failed to submit any supporting evidence, and failed to obtain leave of the Court before asserting a claim for a punitive damage award.

27.    Sections 408.040, 509.050, 537.765, R.S.Mo., are unconstitutional as applied to the facts of this case.

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

28.     Plaintiffs' claims against this Defendant should be dismissed pursuant to § 537.762, R.S.Mo.

29.     Plaintiffs' claims for punitive damages are barred for the above reasons and because an award of punitive damages would be contrary to the public policy of this State.

30.     Plaintiffs' claims against Defendant are barred by federal preemption.

31.     If Missouri substantive law applies, then pursuant to § 537.060 RSMo, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by Plaintiff to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Plaintiffs' claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  To date, Plaintiff has not disclosed any such agreements, and Defendant does not otherwise currently possess knowledge or information regarding any such agreements between Plaintiff and any party or nonparty.  As such, the precise identity of any entities with whom Plaintiff may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Defendant at this time.  Information regarding Plaintiffs' settlements and arrangements necessary for Defendant to fully plead the affirmative defense of setoff under § 537.060 is expected to be gleaned through written discovery.  Defendant is entitled to a reduction for the stipulated or paid amounts of all settlement agreements under § 537.060, as well as setoffs for any future compensation Plaintiff receives in the form of payments from any other parties or entities for the alleged damages.

32.     Defendant asserts all defenses available to it under Mo. H.B. No. 393 (2005).

33.     Defendant cannot be held liable for the allegedly defective design of its products because Defendant satisfied the requirements of the "Military or Government Contractor Defense" announced in *Boyle v. United Technologies*, 487 U.S. 500 (1988). State law which imposes liability

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

for design defects in military equipment is displaced where the United States approved reasonably precise specifications; the equipment conformed to those specifications; and the supplier warned the United States about the dangers in the use of the equipment known to the supplier but not to the United States.

34.    If Plaintiff and any other party and/or its insurer enter into a contract pursuant to Mo. Rev. Stat. §§537.060 and 537.065 to levy execution, by garnishment or otherwise, against specific assets of that party and/or its insurer, then this Defendant should be entitled to a set-off of any verdict for the entire amount of such levy or garnishment and final judgment shall not be entered until all such set-offs are applied.

35.    Defendant owed no duty to Plaintiff.

36.    Plaintiff was not an ordinary or foreseeable user of asbestos-containing products attributable to this Defendant, and therefore, there was no duty for this Defendant to warn Plaintiff of any potential hazards.

37.    Defendant denies all allegations not expressly and specifically admitted.

WHEREFORE, Defendant prays for judgment in its favor on all Counts of Plaintiffs' Petition, for its costs, and for all other relief which the Court deems just and necessary.

Respectfully submitted,

/s/ Dillon B. Williams
Nathan A. Lindsey      MO # 64992
Dillon B. Williams      MO # 73436
RASMUSSEN DICKEY MOORE, LLC
10 S. Broadway, Suite 1520
St. Louis, Missouri 63102
Telephone: (314) 768-3770
Fax: (314) 768-3775
nlindsey@rdm.law
dwilliams@rdm.law
**Attorneys for Defendant Cummins Inc.**

Electronically Filed - City of St. Louis - July 05, 2022 - 01:28 PM

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2022, this document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel who have entered their appearance in this matter.


*/s/ Dillon B. Williams*
**Attorney for Defendant Cummins Inc.**

Electronically Filed - City of St. Louis - July 07, 2022 - 04:57 PM

**IN THE CIRCUIT COURT**
**OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS, STATE OF MISSOURI**

| | |
|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) |
|      Plaintiffs, | ) ) |
| v. | )   Cause No. 2222-CC00226 ) |
| A.W. CHESTERTON COMPANY, et al, | ) ) |
|      Defendants. | ) |

**DEFENDANT JOHN CRANE INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant, John Crane Inc., by and through its undersigned attorneys, pursuant to Missouri Supreme Court Rule 55.27, V.A.M.S. §516.120 and others, in support of its Motion to Dismiss Plaintiffs' First Amended Petition (hereinafter "Petition") and/or alternatively, Motion for More Definite Statement, states as follows:

1.    Plaintiffs allege in their Petition that Plaintiff David Butler was exposed to asbestos-containing products during the course of his employment as a laborer, roofer, mechanic, and business owner/operator at various locations from 1978 to 2018.  Plaintiffs' Petition further alleges that Plaintiff David Butler was exposed to asbestos-containing products during non-occupational home and automotive repairs, maintenance, and remodeling from 1978 to 1991. Plaintiffs' Petition alleges that Plaintiff David Butler was diagnosed with pleural mesothelioma on or about July 20, 2017, which Plaintiffs allege was wrongfully caused.

2.    This court lacks personal jurisdiction over the Defendant.  *Daimler AG v. Bauman*, 134 S.Ct. 746, 752 (U.S. 2014).

Electronically Filed - City of St. Louis - July 07, 2022 - 04:57 PM

3.  Plaintiffs' Petition consists of numerous Counts purporting to set forth claims in strict liability, negligence, willful and wanton misconduct, loss of consortium, spoliation of evidence, and others.

4.  Plaintiffs have improperly united several counts against multiple defendants.  The Petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(a) (10).

5.  To the extent it is deemed that Plaintiffs are seeking damages for any other claims from this Defendant, the Counts should be dismissed for Plaintiffs' failure to allege any specific facts showing conduct by this Defendant regarding those claims.

6.  Plaintiffs' Petition was not filed in a timely manner pursuant to the Statute of Limitations (V.A.M.S. §516.120, and others) and the applicable Statute of Repose.

7.  Plaintiffs have failed to plead specific allegations of conduct, or the existence of asbestos-containing products that were in any way supplied or provided by this Defendant to establish a causal connection to Plaintiff's alleged disease.

8.  Plaintiffs' Petition fails to state a claim upon which relief can be granted and, therefore, should be dismissed in accordance with Missouri Supreme Court Rule 55.27(a)(6).

9.  Plaintiffs' Petition is devoid of allegations regarding Plaintiff's particular dates of exposure or job sites.  Plaintiffs made no effort to relate a specific time frame for any alleged exposure location.  Furthermore, Plaintiffs failed to identify any specific asbestos-containing products that were in any way supplied or provided by Defendant John Crane Inc.  Plaintiffs have failed to supply information with sufficient definiteness or particularity to enable this Defendant to prepare a proper responsive pleading.  Therefore, the Petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(d) and V.A.M.S. §509.310.

10.     Plaintiffs have failed to allege facts to establish that venue in the Circuit Court of the City of St. Louis, Missouri is appropriate.  Plaintiffs have failed to allege that Plaintiff was first injured in the City of St. Louis by any alleged wrongful acts of any defendant, including John Crane Inc., as required by V.A.M.S. §§ 508.010.4 and 508.010.5.

11.     Plaintiffs improperly seek the recovery of punitive damages.  Plaintiffs' claims for punitive damages are barred by the United States Constitution because recovery of such damages in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that this Defendant may be subjected to multiple awards for an alleged single course of conduct.

12.     Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, as well as the United States Constitution.  Such damages are precluded because the standards for recovery of said damages are too vague to give notice of the conduct prohibited, and would subject Defendant to multiple jeopardy, excessive fines and unusual punishment and would be a violation of due process.  Furthermore, such damages are precluded under V.A.M.S. §400.1-106.

## BILL OF PARTICULARS

13.     If Plaintiffs' Petition is not dismissed, John Crane Inc. demands that Plaintiffs file a Bill of Particulars pursuant to V.A.M.S. §509.310, providing the following information:

a.     Plaintiff's residence address (es) throughout the time he was allegedly exposed to asbestos;

b.     The name, address, and duration of employment for each and every employer for which Plaintiff worked and was allegedly exposed to asbestos as alleged in the Petition;

c.     The name, address and date(s) worked for each and every job site on which Plaintiff worked and was allegedly exposed to asbestos;

Electronically Filed - City of St. Louis - July 07, 2022 - 04:57 PM

Electronically Filed - City of St. Louis - July 07, 2022 - 04:57 PM

d.     Each and every asbestos-containing material/product that Plaintiffs contend Plaintiff worked with and/or was exposed to and that was allegedly supplied and/or provided by John Crane Inc., indicating during which employment and job site the alleged exposure(s) took place and when the alleged exposure(s) occurred; and

e.     Each act that gave rise to Plaintiffs' cause of action that occurred in the City of St. Louis, Missouri.

14.     It is well established that Plaintiffs cannot plead mere conclusions of law.  Plaintiffs are required to plead ultimate facts which would entitle them to recover some type of relief from the court.

The Petition must "contain a short and plain statement of the facts showing that the pleader is entitled to relief."  Missouri Supreme Court Rule 55.05.  Although not required to plead evidentiary or operative facts showing an entitlement to the relief sought, the Petition must, at a minimum, plead ultimate facts demonstrating an entitlement to relief.  See *Westphal v. Lake Lotawana Ass'n, Inc.,* 95 S.W.3d 144, 152 (Mo.App. 2003).  Plaintiffs cannot merely assert conclusions.  *Id.*  The Court must disregard mere conclusions which are not supported by facts in determining whether a Petition states a cause of action.  *Williams v. Barnes & Noble, Inc.,* 174 S.W.3d 556, 559-60 (Mo.App. W.D., 2005), citing *Lick Creek Sewer Sys. v. Bank of Bourbon,* 747 S.W.2d 317, 322 (Mo.App.1988).

WHEREFORE, Defendant John Crane Inc., hereby requests that this Court enter an Order dismissing the action against it, or, in the alternative, require Plaintiffs to allege a more definite statement of facts to state a cause of action against John Crane Inc., or a transfer to an appropriate venue and for such other and further relief the court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Electronically Filed - City of St. Louis - July 07, 2022 - 04:57 PM

/s/ A.J. Bronsky
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2000
Telephone:  314-421-3400
Email:  ajbronsky@bjpc.com
Email:  apeterfy@bjpc.com
**Attorneys for Defendant**
**John Crane Inc.**

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 7th day of July, 2022, upon: John E. Richardson, Jr., SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky

AJB/ALS
27846962.1

Electronically Filed - City of St. Louis - July 08, 2022 - 01:05 PM

**IN THE CIRCUIT COURT
OF THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS, STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 2222-CC00226 |
| | ) | |
| ACE HARDWARE CORPORATION et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MISSOURI DRYWALL SUPPLY, INC.'S, MOTION TO DISMISS, OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW defendant, Missouri Drywall Supply, Inc., by and through its undersigned attorneys, pursuant to Missouri Supreme Court Rule 55.27, V.A.M.S. §516.120 and others, in support of its Motion to Dismiss and/or alternatively, Motion for More Definite Statement, states as follows:

1.    Plaintiffs allege in the First Amended Petition that David Butler was exposed to asbestos-containing products from 1978 through 1991.  Plaintiffs further allege that David Butler was diagnosed with mesothelioma on July 20, 2017.

2.    Plaintiffs' First Amended Petition consists of numerous Counts purporting to set forth claims in strict liability, negligence, willful and wanton misconduct, conspiracy and others.

3.    Plaintiffs have improperly united several counts against multiple defendants.  The First Amended Petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(a)(10).

4.    It does not appear that the conspiracy claims are directed to Missouri Drywall Supply, Inc.  However, to the extent it is deemed that Plaintiffs are seeking damages for these

Electronically Filed - City of St. Louis - July 08, 2022 - 01:05 PM

claims from this defendant, the counts should be dismissed for Plaintiffs' failure to allege any specific facts showing conduct by this defendant regarding those claims.

5.      Plaintiffs' First Amended Petition was not filed in a timely manner pursuant to the Statute of Limitations (V.A.M.S. §516.120, and others) and the applicable Statute of Repose.

6.      Plaintiffs have failed to plead specific allegations of conduct, or the existence of asbestos-containing products that were in any way supplied or provided by this defendant to establish a causal connection to plaintiff's alleged disease.

7.      Plaintiffs' First Amended Petition fails to state a claim upon which relief can be granted and, therefore, should be dismissed in accordance with Missouri Supreme Court Rule 55.27(a)(6).

8.      Plaintiffs' First Amended Petition is devoid of allegations regarding particular dates of exposure or job sites.  Plaintiffs made no effort to relate a specific time frame for any alleged exposure location.  Furthermore, Plaintiffs failed to identify any specific asbestos-containing products that were in any way supplied or provided by defendant Missouri Drywall Supply, Inc.  Plaintiffs failed to supply information with sufficient definiteness or particularity to enable this defendant to prepare a proper responsive pleading.  Therefore, the First Amended Petition should be dismissed pursuant to Missouri Supreme Court Rule 55.27(d) and V.A.M.S. §509.310.

9.      Plaintiffs failed to allege facts to establish that venue in the Circuit Court of the City of St. Louis, Missouri is appropriate.  Plaintiffs failed to allege that Mr. Simpson was first injured in the City of St. Louis by any alleged wrongful acts of any defendant, including Missouri Drywall Supply, Inc., as required by V.A.M.S. §§ 508.010.4 and 508.010.5.

10.     Plaintiffs improperly seek the recovery of punitive damages, artfully referred to in the First Amended Petition as "aggravated circumstances."  Plaintiffs' claim for punitive damages

Electronically Filed - City of St. Louis - July 08, 2022 - 01:05 PM

is barred by the United States Constitution because recovery of such damages in this case would violate substantive due process, as afforded in the federal courts under the Fifth Amendment, and as applied to state courts via the Fourteenth Amendment, in that this defendant may be subjected to multiple awards for an alleged single course of conduct.

11.     Recovery of punitive damages by Plaintiffs would be unconstitutional under the provisions of the Constitution of Missouri of 1945, as well as the United States Constitution.  Such damages are precluded because the standards for recovery of said damages are too vague to give notice of the conduct prohibited, and would subject defendant to multiple jeopardy, excessive fines and unusual punishment and would be a violation of due process.  Furthermore, such damages are precluded under V.A.M.S. §400.1-106.

## BILL OF PARTICULARS

12.     If Plaintiffs' First Amended Petition is not dismissed, Missouri Drywall Supply, Inc., demands that Plaintiffs file a Bill of Particulars pursuant to V.A.M.S. §509.310, providing the following information:

    a.    Plaintiff's residence address(es) throughout the time she was allegedly exposed to asbestos;

    b.    The name, address, and duration of employment for each and every employer for which Plaintiff worked and was allegedly exposed to asbestos as alleged in the First Amended Petition;

    c.    The name, address and date(s) worked for each and every job site on which Plaintiff worked and was allegedly exposed to asbestos;

    d.    Each and every asbestos-containing material/product that Plaintiff contends he worked with and/or was exposed to and that was allegedly supplied and/or provided by Missouri Drywall Supply, Inc., indicating during which employment and job site the alleged exposure(s) took place and when the alleged exposure(s) occurred; and

    e.    Each act that gave rise to Plaintiff's cause of action that occurred in the City of St. Louis, Missouri.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:05 PM

13.     It is well established that Plaintiffs cannot plead mere conclusions of law.  Plaintiffs are required to plead ultimate facts which would entitle Plaintiffs to recover some type of relief from the court.

The   Petition must "contain a short and plain statement of the facts showing that the pleader is entitled to relief."  Missouri Supreme Court Rule 55.05.  Although not required to plead evidentiary or operative facts showing an entitlement to the relief sought, the   Petition must, at a minimum, plead ultimate facts demonstrating an entitlement to relief.  See *Westphal v. Lake Lotawana Ass'n, Inc.,* 95 S.W.3d 144, 152 (Mo.App. 2003).  Plaintiff cannot merely assert conclusions.  *Id.*  The Court must disregard mere conclusions which are not supported by facts in determining whether a   Petition states a cause of action.  *Williams v. Barnes & Noble, Inc.*, 174 S.W.3d 556, 559-60 (Mo.App. W.D., 2005), citing *Lick Creek Sewer Sys. v. Bank of Bourbon*, 747 S.W.2d 317, 322 (Mo.App.1988).

WHEREFORE, defendant Missouri Drywall Supply, Inc., hereby requests that this Court enter an Order dismissing the action against it, or, in the alternative, require Plaintiffs to allege a more definite statement of facts to state a cause of action against Missouri Drywall Supply, Inc., or a transfer to an appropriate venue and for such other and further relief the court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY**

Electronically Filed - City of St. Louis - July 08, 2022 - 01:05 PM

/s/ A.J. Bronsky
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
Telephone:  314-421-3400
Facsimile:   314-421-3128
E-mail:  ajbronsky@bjpc.com
E-mail:  apeterfy@bjpc.com
**Attorneys for Defendant**
**Missouri Drywall Supply, Inc.**

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 8th day of July, 2022, upon: SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky

AJB/AP/csb/27847083.1

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

**IN THE CIRCUIT COURT**
**OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS, STATE OF MISSOURI**

DAVID BUTLER and KATHY BUTLER,   )
his wife,   )
   )
      Plaintiffs,   )   Cause No.: 2222-CC00226
   )
v.   )   **JURY TRIAL DEMANDED**
   )
A.W. CHESTERTON COMPANY, et al.,   )
   )
      Defendants.   )

**DEFENDANT GENERAL GASKET CORP.'S ANSWER TO**
**PLAINTIFFS' FIRST AMENDED PETITION**

COMES NOW the Defendant, General Gasket Corp., by and through its undersigned attorneys, and for its Answer to Plaintiffs' First Amended Petition, states as follows:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1.    Defendant denies the allegations contained in Paragraph 1.

2.    Defendant denies the allegations contained in Paragraph 2.

3.    Defendant denies the allegations contained in Paragraph 3.

4.    Defendant denies the allegations contained in Paragraph 4.

5.    Defendant denies the allegations contained in Paragraph 5.

6.    Defendant denies the allegations contained in Paragraph 6.

7.    Defendant denies the allegations contained in Paragraph 7.

8.    Defendant denies the allegations contained in Paragraph 8.

9.    Defendant denies the allegations contained in Paragraph 9.

10.    Defendant denies the allegations contained in Paragraph 10.

11.    Defendant denies the allegations contained in Paragraph 11.

12.    Defendant denies the allegations contained in Paragraph 12.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

13.     Defendant denies the allegations contained in Paragraph 13.

14.     Defendant denies the allegations contained in Paragraph 14.

15.     Defendant denies the allegations contained in Paragraph 15.

16.     Defendant denies the allegations contained in Paragraph 16.

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

WHEREFORE, Defendant, General Gasket Corp. prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**<u>AFFIRMATIVE DEFENSES</u>**

1.     Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.     Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.     Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.     Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the doctrine of laches.

5.     Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.     Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.      Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.      Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.      Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.     Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the First Amended Petition should be dismissed.

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.     Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.     Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.     Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the First Amended Petition.

17.     Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.     Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.     Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.    Defendant states that to the extent that the Plaintiffs' First Amended Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.    This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

### <u>COUNT I – NEGLIGENCE (MATERIALS/PRODUCTS/EQUIPMENT)</u>

1.    Defendant denies the allegations contained in Paragraph 1 of Count I.

2.    Defendant denies the allegations contained in Paragraph 2 of Count I.

3.    Defendant denies the allegations contained in Paragraph 3 of Count I.

4.    Defendant denies the allegations contained in Paragraph 4 of Count I.

5.    Defendant denies the allegations contained in Paragraph 5 of Count I.

6.    Defendant denies the allegations contained in Paragraph 6 of Count I, including sub-paragraphs (a) through (m) thereof of Count I.

7.    Defendant denies the allegations contained in Paragraph 7 of Count I.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

## AFFIRMATIVE DEFENSES

1.      Defendant states that it was the Plaintiff's own conduct which caused or contributed to her injuries in whole or in part.

2.      Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.      Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.      Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the doctrine of laches.

5.      Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.      Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.      Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.      Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.    Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.    Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the First Amended Petition should be dismissed.

11.    Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.    Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.    Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.    Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.    Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.    Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the First Amended Petition.

17.    Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.    Defendant states that to the extent that the Plaintiffs' First Amended Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

23.    This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

## COUNT II – WILLFUL/WANTON MISCONDUCT (MATERIALS/PRODUCTS/EQUIPMENT)

1.    Defendant denies the allegations contained in Paragraph 1 of Count II.

2.    Defendant denies the allegations contained in Paragraph 2 of Count II.

3    Defendant denies the allegations contained in Paragraph 3 of Count II, including subparagraphs (a) through (m) thereof of Count II.

4.    Defendant denies the allegations contained in Paragraph 4 of Count II.

5.    Defendant denies the allegations contained in Paragraph 5 of Count II.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

## AFFIRMATIVE DEFENSES

1.    Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.    Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.    Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.    Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the doctrine of laches.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

5.      Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.      Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.      Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.      Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.      Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.     Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the First Amended Petition should be dismissed.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.     Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.     Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.     Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the First Amended Petition.

17.     Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented

foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.     Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.     Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.     Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.     Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.     Defendant states that to the extent that the Plaintiffs' First Amended Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

### COUNT III – STRICT LIABILITY (MATERIALS/PRODUCTS/EQUIPMENT)

1.     Defendant denies the allegations of Paragraph 1 of Count III.

2.     Defendant denies the allegations of Paragraph 2 of Count III.

3.     Defendant denies the allegations of Paragraph 3 of Count III.

4.     Defendant denies the allegations of Paragraph 4 of Count III.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**<u>AFFIRMATIVE DEFENSES</u>**

1.      Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.      Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.      Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.      Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the doctrine of laches.

5.      Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.      Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.      Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.      Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.      Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.      Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the First Amended Petition should be dismissed.

11.      Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.      Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.      Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.      Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.    Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.    Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the First Amended Petition.

17.    Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

22.     Defendant states that to the extent that the Plaintiffs' First Amended Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

### COUNT IV – NEGLIGENCE (LOSS OF CONSORTIUM)

1.     Defendant denies the allegations of Paragraph 1 of Count IV.

2.     Defendant denies the allegations of Paragraph 2 of Count IV.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

### THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.

### AFFIRMATIVE DEFENSES

1.     Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.     Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.     Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.     Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the doctrine of laches.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

5.    Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.    Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.    Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.    Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.    Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.    Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the First Amended Petition should be dismissed.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.     Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.     Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.     Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the First Amended Petition.

17.     Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.    Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.    Defendant states that to the extent that the Plaintiffs' First Amended Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.    This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

## COUNT V – WILLFUL/WANTON MISCONDUCT (LOSS OF CONSORTIUM)

1.  Defendant denies the allegations of Paragraph 1 of Count V.

2.  Defendant denies the allegations of Paragraph 2 of Count V.

3.  Defendant denies the allegations of Paragraph 3 of Count V.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

## AFFIRMATIVE DEFENSES

1.  Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.  Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.  Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.  Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the doctrine of laches.

5.  Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.  Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.    Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.    Defendant states that whatever damages were incurred by the Plaintiff resulted from his own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.    Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.    Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the First Amended Petition should be dismissed.

11.    Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.    Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.    Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.     Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.     Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.     Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the First Amended Petition.

17.     Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.     Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.     Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.     Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

21.     Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.     Defendant states that to the extent that the Plaintiffs' First Amended Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

### COUNT VI – NEGLIGENCE (SPOLIATION OF EVIDENCE)

1     Defendant denies the allegations of Paragraph 1 of Count VI.

2.     Defendant denies the allegations of Paragraph 2 of Count VI.

3.     Defendant denies the allegations of Paragraph 3 of Count VI.

4.     Defendant denies the allegations of Paragraph 4 of Count VI.

5.     Defendant denies the allegations of Paragraph 5 of Count VI.

6.     Defendant denies the allegations of Paragraph 6 of Count VI.

7.     Defendant denies the allegations of Paragraph 7 of Count VI.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

### THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.

### AFFIRMATIVE DEFENSES

1.     Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

2.      Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.      Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.      Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the doctrine of laches.

5.      Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.      Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.      Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.      Defendant states that whatever damages were incurred by the Plaintiff resulted from her own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

9.      Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.     Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the First Amended Petition should be dismissed.

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.     Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.     Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

16.     Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the First Amended Petition.

17.     Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.     Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.     Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.     Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

21.     Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.     Defendant states that to the extent that the Plaintiffs' First Amended Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

## COUNT VII – WILLFUL/WANTON MISCONDUCT (SPOLIATION OF EVIDENCE)

1.      Defendant denies the allegations of Paragraph 1 of Count VII.

2.      Defendant denies the allegations of Paragraph 2 of Count VII.

3.      Defendant denies the allegations of Paragraph 3 of Count VII.

WHEREFORE, Defendant, General Gasket Corp., prays for judgment in its favor, with each party to bear its own costs of suit.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

## AFFIRMATIVE DEFENSES

1.      Defendant states that it was the Plaintiff's own conduct which caused or contributed to his injuries in whole or in part.

2.      Defendant is an innocent seller of products manufactured by other persons and therefore, is not liable for any injuries sustained by the Plaintiff.

3.      Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the applicable statute of limitations, Sect. 537.100 R. S. Mo.

4.      Defendant states that all claims asserted against this Defendant in the First Amended Petition are barred by the doctrine of laches.

5.      Defendant states that whatever damages were incurred by the Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom the Defendant had no control.

6.      Defendant states that at all times relevant, the knowledge of Plaintiff's employers was superior to that of Defendant with respect to possible health hazards associated with Plaintiff's employment and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers and not the Defendant, and a breach of that

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

duty was an intervening and/or superseding cause of the injuries allegedly sustained by the Plaintiff.

7.      Defendant states that any exposure that the Plaintiff claims he had to this Defendant's products, which exposure is vigorously denied, is so minimal as to be insufficient to establish a reasonable degree of probability that any of this Defendant's products substantially contributed to the Plaintiff's alleged injuries.

8.      Defendant states that whatever damages were incurred by the Plaintiff resulted from her own negligence in failing to care for his own health by smoking tobacco products over an extended period of time; and that smoking of tobacco products is the sole, direct and proximate cause, or contributing cause of any alleged injury.

9.      Defendant states that Plaintiff's injuries, if any, were sustained in the ordinary course of his employment and therefore are barred under the applicable Workers' Compensation laws of the State of Missouri and/or any other state.

10.     Defendant states that the Plaintiffs failed to join indispensable parties needed to provide just adjudication of this matter and complete relief cannot be afforded in the absence; therefore, the First Amended Petition should be dismissed.

11.     Defendant states that there is no privity between the Plaintiffs and the Defendant and, therefore, Plaintiffs' action is barred.

12.     Defendant states that any alleged injuries and damages for which Plaintiffs complain were sustained as a direct and proximate result of the negligence of the Plaintiff, fellow servants, fellow supervisors and employers engaged in the ordinary course of common employment with the Plaintiff, and such negligence by fellow servants bars this cause of action.

13.     Defendant states that the sale of products containing asbestos, if any, made by Defendant were made to users of said products who had full knowledge of the dangers and risks

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

associated with using or working with and around asbestos and, as such, such sales of products bar any claims of liability against this Defendant.

14.    Defendant adopts and incorporates by reference all the Affirmative Defenses evoked by all of the Defendants not specifically enumerated herein, and further reserves its rights to assert any and all applicable Affirmative Defenses as may be appropriate under the facts and circumstances of this case.

15.    Defendant states that the alleged injuries and damages of which Plaintiffs complain were caused by unauthorized, unattended or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which this Defendant is not responsible.

16.    Defendant states that this Honorable Court lacks jurisdiction over the subject matter of the First Amended Petition.

17.    Defendant states that the state of the medical, scientific and industrial knowledge, art and practice was at all material times such that the Defendant neither breached any alleged duty owed to the Plaintiff, nor knew, nor could have known, that its products presented foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

18.    Defendant states that Plaintiffs' claims are barred by the doctrine of estoppel.

19.    Defendant states that Plaintiff's alleged injuries were the result of concurrent or successive exposures.  Therefore, if this Defendant is found liable, which liability is denied, liability should be apportioned to the damages Plaintiff proves was directly and proximately caused by this Defendant's products.

20.    Defendant states that Plaintiffs' damages, if any, were caused by the alteration, or unintended use or misuse of this Defendant's products.

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

21.     Defendant states that to the extent that Plaintiffs have released, settled, or otherwise compromised their claims in whole or in part, Plaintiffs' claims are barred by the operation of law or alternatively are reduced by way of set off.

22.     Defendant states that to the extent that the Plaintiffs' First Amended Petition seeks the imposition of punitive damages or awards for aggravating circumstances, such claims violate this Defendant's rights to due process and to equal protection as provided in the Fifth and Fourteenth Amendments of the United States Constitution and all applicable privileges of the Constitution of the State of Missouri.

23.     This Defendant waives any statute of limitations defense as required under Illinois Supreme Court Rule 187(c)(2) even if otherwise pled herein.

WHEREFORE, General Gasket Corp. respectfully prays that upon final trial and hearing hereof, that Plaintiffs takes nothing by reason of their claims; that General Gasket Corp. be discharged and recover its costs and attorneys' fees expended on its behalf; and for such other and further relief as this Court deems just under the circumstances.

/s/ A.J. Bronsky
A. J. Bronsky, #29686
Agota Peterfy, #48378
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
Telephone:  314-421-3400
Facsimile:   314-421-3128
E-mail:  ajbronsky@bjpc.com
E-mail:  apeterfy@bjpc.com
**Attorneys for Defendant**
**General Gasket Corp.**

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the forgoing pleading was served by the court's electronic filing system this 8th day of July, 2022, upon: John E. Richardson, Jr., SIMMONS HANLY CONROY, Attorneys for Plaintiffs, and upon all counsel of record.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that [he/she] has signed the original of this Certificate and the foregoing pleadings.

/s/ A.J. Bronsky

AJB/AP/csb/27847080.1

Electronically Filed - City of St. Louis - July 08, 2022 - 01:07 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

DAVID BUTLER and KATHY BUTLER, )
his wife, )
)
                Plaintiffs, )
)
vs. )
)
A.W. CHESTERTON COMPANY, *et al.,* )
)
                Defendants. )

Cause No. 2222-CC00226

Division 1 (Asbestos)

## DEFENDANT CATERPILLAR INC.'S
## CONSOLIDATED MOTION TO DISMISS FIRST AMENDED PETITION
## PURSUANT TO RULE 55.27

COMES NOW Defendant Caterpillar Inc. ("Caterpillar"), by and through its counsel, and

moves this Court pursuant to Missouri Supreme Court Rule 55.27(f) to dismiss all claims against

Caterpillar for lack of personal jurisdiction, for failure to state a claim upon which relief can be

granted, for improper venue and/or forum and other grounds as set forth herein.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

For its Motion to Dismiss for Lack of Personal Jurisdiction, Caterpillar states as follows:

1.      Plaintiffs have filed a First Amended Petition alleging that David Butler suffered

injuries as a result of exposure to asbestos attributable to thirty-seven (37) Defendants. *See* First

Amended Petition, ¶¶ 1-4.

2.      Plaintiffs' First Amended Petition fails to establish any basis for specific or

general personal jurisdiction over Caterpillar in Missouri. See, *Daimler AG v. Bauman*, 571 U.S.

117, 134 S. Ct. 746, 754-758 (2014); *State ex rel. Norfolk Southern Railway Co. v. Dolan*, 512

S.W.3d 41 (Mo. banc 2017).

Electronically Filed - City of St. Louis - July 13, 2022 - 12:02 PM

Electronically Filed - City of St. Louis - July 13, 2022 - 12:02 PM

3.      Plaintiffs do not allege facts to establish that David Butler's alleged injuries arise from any actions taken or omitted by Caterpillar in the State of Missouri.

4.      Plaintiffs do not allege facts to establish that Caterpillar is organized under the laws of the State of Missouri or that it has its principal place of business in the State of Missouri.

5.      Plaintiffs do not allege facts to establish that Caterpillar has sufficient connections with the State of Missouri, such that Caterpillar could be considered "at home" in the State of Missouri.

6.      Caterpillar has not consented to jurisdiction in Missouri.

7.      Once the defendant raises an objection to personal jurisdiction, "[t]he plaintiff has the burden of proving the existence of personal jurisdiction over the defendant." *Wineteer v. Vietnam Helicopter Pilots Ass'n,* 121 S.W.3d 277, 281 (Mo. App. W.D. 2003).  Because Missouri is a fact-pleading jurisdiction, plaintiffs cannot rely on mere legal conclusions to meet this burden but instead must allege facts to support jurisdiction.  *See* Mo. R. Civ. P. 55.05; *Gibson v. Brewer,* 952 S.W.2d 239, 245 (Mo. banc 1997); *City of Fenton v. Exec. Int'l Inn, Inc.,* 740 S.W.2d 338, 339 (Mo. App. E.D. 1987).

8.      Plaintiffs have not alleged facts that establish that this Court's exercise of specific or general personal jurisdiction over Caterpillar is appropriate in this case. Therefore, all claims against Caterpillar must be dismissed.

WHEREFORE, Defendant Caterpillar Inc. respectfully requests that the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction, and dismiss all claims against it in this case.

Electronically Filed - City of St. Louis - July 13, 2022 - 12:02 PM

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

For its Motion to Dismiss for Failure to State a Claim, Caterpillar states as follows:

1.     Plaintiffs have filed this action against thirty-seven (37) Defendants seeking damages for David Butler's alleged asbestos-related injuries. Specifically, against Caterpillar, Plaintiffs' claims are based upon theories of negligence, willful and wanton misconduct, strict liability and spoliation of evidence.  *See*, Plaintiffs' First Amended Petition, generally.

2.     Plaintiffs' First Amended Petition should be dismissed. It is well settled that Missouri is a fact-pleading state. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997); *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995); *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact pleading is the quick, efficient and fair resolution of disputes – fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans*, 894 S.W.2d at 171.

3.     In this case, Plaintiffs have violated both the substance and spirit of that law in that the First Amended Petition is wholly devoid of basic factual information. Plaintiffs bring this action against thirty-seven (37) Defendants. All of the Defendants have been grouped together in every Count. Plaintiffs do not identify the type of alleged asbestos product(s) to which David Butler was allegedly exposed. Plaintiffs do not identify any Defendant as having manufactured or sold any specific asbestos-containing product to which David Butler was allegedly exposed. Plaintiffs do not allege the specific type of activity or job duty David Butler was performing that allegedly exposed him to an asbestos-containing product. Instead, Plaintiffs merely set forth bare conclusions.

Electronically Filed - City of St. Louis - July 13, 2022 - 12:02 PM

4.      As Plaintiffs' allegations currently stand, it is impossible for any of the Defendants, all of whom are named in the counts purporting to assert product liability claims, to know which, if any, of their products allegedly caused David Butler's alleged injuries, when he was allegedly injured, or how he was allegedly injured. Such information is crucial to Defendants' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant. As set forth above, Plaintiffs have a duty under Missouri law to plead these facts. As they have failed to do so, Plaintiffs' First Amended Petition should be dismissed.

5.      In addition to failing to plead their claims with the necessary particularity, Plaintiffs have failed to plead facts establishing the specific elements of each of their claims.

6.      In Count I, Plaintiffs allege negligence against all named Defendants, including Caterpillar, as manufacturers. In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to David Butler to protect him from injury, that Defendants failed to perform that duty, and that the failure caused David Butler's injuries. *Meekins v. St. John's Reg. Health Ctr.*, 149 S.W.3d 525, 532 (Mo.App. S.D. 2004). In this case, however, Plaintiffs do not allege facts that demonstrate that any Defendant owed any legal duty of care to David Butler and/or that any Defendant breached any such duty. Without such facts, Plaintiffs have failed to state a claim against Defendants for negligence. Count I should be dismissed.

7.      In Count II, Plaintiffs allege willful and wanton misconduct against all named Defendants, including Caterpillar, as manufacturers. Plaintiffs do not state a claim for willful and wanton misconduct against Caterpillar, however, because they fail to set forth any facts that demonstrate that Caterpillar intentionally acted to harm David Butler or that Caterpillar showed complete indifference to or conscious disregard for David Butler's safety. *See Warner v. Southwestern Bell Telephone Co.*, 428 S.W.2d 596 (Mo. 1968). As these facts are necessary for

Electronically Filed - City of St. Louis - July 13, 2022 - 12:02 PM

Plaintiffs' willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

9.      In Count III, Plaintiffs allege strict liability against all named Defendants, including Caterpillar, as manufacturers. In order to plead a cause of action for strict liability based on a defective design, Plaintiffs must plead facts that establish: (1) the product was sold in the course of Defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) the plaintiff was damaged as a direct result of a defective condition which existed at the time the product was sold. *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 637-38 (Mo. banc 1987). Because Plaintiffs have not alleged any facts regarding the type of alleged asbestos-containing products to which David Butler was exposed and how those products were being used, Plaintiffs have failed to plead the elements of a strict liability claim for defective design.

10.      Likewise, Plaintiffs do not state a valid cause of action for strict liability based upon an alleged failure to warn. In order to plead such a claim, Plaintiffs must set forth facts that establish: (1) Defendants sold the product in question in the course of their business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated, without knowledge of its characteristics; (3) Defendants did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) Plaintiff was damaged as a direct result of the product being sold without an adequate warning. *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 13 (Mo. banc 1994). In addition to the deficiencies in Plaintiffs' pleading mentioned above, Plaintiffs have also failed to allege with sufficient specificity any defects in Caterpillar's

Electronically Filed - City of St. Louis - July 13, 2022 - 12:02 PM

alleged warnings. Thus, Plaintiffs have not set forth a cause of action for strict liability based on a failure to warn. Count III should thus be dismissed.

11.     In Counts IV and V, Plaintiffs seeks damages for loss of consortium. Counts IV and V fail to state a cause of action against Caterpillar in that it is predicated on Counts I through III which, as set forth above, fail to state valid causes of action against Caterpillar.  A loss of consortium action derives from an injured person's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured person.  *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14-15 (Mo.App. 1991). As Counts I through III are improperly pled and should be dismissed, those counts cannot result in liability for loss of consortium.  Therefore, Count IV and V should also be dismissed.

12.     Plaintiff also prays for punitive damages in Counts II and V.  Punitive damages are appropriate, however, only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others.  *Jacobs v. Bonser*, 46 S.W.3d 41, 45 (Mo. App. E.D. 2001).  Here, Plaintiffs do not allege any specific action or inaction by Caterpillar warranting a claim for punitive damages.  As the facts alleged in the First Amended Petition do not constitute the outrageous conduct required for punitive damages, Plaintiffs' prayer for punitive damages should be stricken.

13.     In Counts VI and VII, Plaintiffs seek damages for negligent and willful/wanton spoliation of evidence.  No Missouri court has recognized intentional or negligent spoliation as a tort.  *Fisher v. Bauer Corp.,* 239 S.W.3d 693, 701 (Mo. App. E.D. 2007); see also, *Marmaduke v. CBL & Associates Management*, 521 S.W.3d 257, 270 (Mo. App. E.D. 2017).  Therefore, Counts IV and V of Plaintiffs' First Amended Petition must be dismissed.

Electronically Filed - City of St. Louis - July 13, 2022 - 12:02 PM

WHEREFORE, Defendant Caterpillar Inc. respectfully requests that the Court grant its Motion to Dismiss for Failure to State a Claim and dismiss all claims against it in this case.

## MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE AND/OR FORUM

For its Motion to Dismiss or Transfer for Improper Venue and/or Forum, Caterpillar states as follows:

1.    Plaintiffs' First Amended Petition fails to set forth any specific facts that would establish that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed. 508.010.4, RSMo. Alternatively, Plaintiffs' First Amended Petition should be transferred under the doctrine of *forum non conveniens*.

WHEREFORE, Defendant Caterpillar Inc. respectfully requests that the Court grant its Motion to Dismiss or Transfer for Improper Venue and/or Forum.

## MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT BASED ON OTHER DEFENSES

For its Motion to Dismiss or For More Definite Statement Based on Other Defenses, Caterpillar states as follows:

1.    Plaintiffs' claims are barred by the applicable statutes of limitations.

2.    Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

3.    In the alternative, Plaintiffs should be required to amend their First Amended Petition as it is so vague and ambiguous that Caterpillar is unable to prepare a responsive pleading, affirmative defense, and/or cross-claim.

4.    Defendant Caterpillar incorporates and adopts herein the motions and arguments made in response to Plaintiffs' First Amended Petition by co-defendants in this cause of action, to the extent that they do not contain allegations against Caterpillar and do not contradict anything stated herein.

Electronically Filed - City of St. Louis - July 13, 2022 - 12:02 PM

WHEREFORE, Defendant Caterpillar Inc. prays for an Order of this Court dismissing Plaintiffs' First Amended Petition or, in the alternative, ordering Plaintiffs to make same more definite and certain, and for such other relief as the Court deems just and proper.

BAKER STERCHI COWDEN & RICE LLC

By:  /s/ Julie A. Simaytis
  Michael B. Hunter #45097
  Julie A. Simaytis #56199
  100 North Broadway, 21st Floor
  St. Louis, MO 63102
  (314) 345-5000
  (314) 345-5010 (FAX)

  ATTORNEYS FOR CATERPILLAR INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed with the Court and served upon counsel of record via the Missouri Courts e-Filing System this 13th day of July, 2022.

  /s/ Julie A. Simaytis

Electronically Filed - City of St. Louis - July 19, 2022 - 09:15 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | Asbestos Division |
| | ) | |
| A.W. CHESTERTON COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Sherry A. Rozell of McAfee & Taft, P.C., and hereby enters her appearance as counsel for Ford Motor Company in the above entitled cause.

Respectfully submitted,

/s/ Sherry A. Rozell
Sherry A. Rozell, MO Bar No. 34131
MCAFEE & TAFT, PC
4050 S. Fairview Ave.
Springfield, MO 65807
(918) 587-0000; (918) 599-9317 (fax)
sherry.rozell@mcafeetaft.com
Attorneys for Ford Motor Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically served upon all counsel of record this 19th day of September, 2022.

/s/ Sherry A. Rozell

Electronically Filed - City of St. Louis - July 25, 2022 - 12:23 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No: 2222-CC00226 |
| | ) | |
| vs. | ) | Division No. |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | (Asbestos) |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION**

COMES NOW Defendant Hercules LLC ("Defendant"), by and through its attorneys of record Armstrong Teasdale LLP, and moves this Court to dismiss Plaintiffs' First Amended Petition ("Petition") because it fails to establish this Court's jurisdiction, either personal or general, over Defendant. In the alternative, Defendant moves this Court to dismiss Plaintiffs' Petition for failure to state a claim or to order Plaintiff to make the Petition more definite and certain, and to identify which product, if any, Defendant allegedly manufactured from which asbestos fibers were allegedly emitted causing asbestos exposure. Defendant files this Motion subject to and without waiving any defenses or challenges which it may have based on lack of personal jurisdiction, venue, or service of process. In support of the instant Motion, Defendant states as follows:

1.      Plaintiffs' Petition fails to establish this Court's personal jurisdiction, either general or specific, over Defendant, under the holding of *Daimler AG v. Bauman*¸134 S. Ct. 746 (2014). As the Missouri Supreme Court recently ruled in *Missouri ex rel. Norfolk Southern Ry Co. v. Dolan*, No. SC95514, 2017 WL 770977 (Mo. Feb. 28, 2017), absent a finding that the Defendant is essentially "at home," in Missouri, this Court does not have general personal

Electronically Filed - City of St. Louis - July 25, 2022 - 12:23 PM

jurisdiction over Defendant. *Id*. at *3-4. There are no allegations in this matter that any action of Defendant in Missouri caused Plaintiff's alleged injuries, therefore, this Court does not have specific personal jurisdiction over Defendant. *Id*. at *5-7. In addition, Defendant did not consent to this Court's jurisdiction. *Id*. at *7-8. The Supreme Court in *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011) discussed the distinctions between specific and general jurisdiction. The Court stated, "A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Id.* at 2850 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). As the Court noted in *Daimler*, "the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction' . . .[ but] such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'" 134 S. Ct. at 757. The Court specified, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.* (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

      The Supreme Court directed in *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), that to meet "minimum contacts" standards for specific jurisdiction, Plaintiff must establish that the relationship with the forum state is based on contacts with the state which the defendant creates itself, 134 S. Ct. at 1222, and that the Plaintiff, or Plaintiff's decedent, "cannot be the only link between the defendant and the forum." *Id.*

      Here, Defendant is neither "at home" in Missouri, nor have Plaintiffs established any

Electronically Filed - City of St. Louis - July 25, 2022 - 12:23 PM

connection whatsoever between Missouri, the underlying claims, and Defendant.  Therefore, this Court lacks both specific and general personal jurisdiction over Defendant, and this Court should, dismiss Plaintiffs' Petition against Defendant for lack of personal jurisdiction, either special or general.

2.      In the alternative, if the Court determines that it has personal jurisdiction over this Defendant, the Court should, nonetheless, dismiss Plaintiffs' Petition as insufficient under Missouri law.  Plaintiffs filed the instant Petition seeking damages against multiple defendants, including Defendant, for alleged asbestos-related injuries to Plaintiff caused by exposure to asbestos fibers emanating from products manufactured, sold, distributed or installed by numerous defendants.

3.      The Petition, as written, fails to state a cause of action against Defendant because it fails to identify any asbestos-containing product manufactured, sold, distributed or installed by Defendant which caused the alleged exposure.

4.      Missouri law provides for fact pleading not notice pleading.  Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the Plaintiffs are entitled to relief.  In order to recover against Defendant, the Plaintiffs must plead and prove that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  See *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W. 2d 371, 379 (Mo. banc 1993); *Hagan v. Celotex*, 816 S.W. 2d 667, 670 (Mo banc 1991).

5.      If recovery is allowed pursuant to Plaintiffs' Petition, Defendant's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

Electronically Filed - City of St. Louis - July 25, 2022 - 12:23 PM

6.      As written, the Petition simply makes conclusory allegations against Defendant which are not supported by any factual allegations. The Plaintiffs have failed to set forth the specific job sites where Plaintiff was allegedly exposed to Defendant's products or at Defendant's premises, the specific products to which Plaintiff was exposed, where in the chain of production Defendant is located, and the dates of Plaintiff's exposure to these products.

7.      Further, Plaintiffs' Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, for the reasons stated herein, Defendant moves this Honorable Court to dismiss the instant case against it for lack of personal jurisdiction, or, in the alternative, to dismiss the Petition for failure to raise a claim against Defendant under Missouri law, or, to require Plaintiffs to make more definite and certain the allegations against Defendant, and for such other and further relief as is warranted.

ARMSTRONG TEASDALE LLP

By: */s/ Bryan D. Nicholson*
    Anita M. Kidd, #46690
    Gregory A. Iken, #51106
    Bryan D. Nicholson, #53083
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    (314) 621-5070
    (314) 621-5065 (facsimile)
    akidd@atllp.com
    giken@atllp.com
    bnicholson@atllp.com

ATTORNEYS FOR DEFENDANT
HERCULES LLC

Electronically Filed - City of St. Louis - July 25, 2022 - 12:23 PM

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 25th day of July, 2022, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Bryan D. Nicholson*

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

DAVID BUTLER and KATHY BUTLER,    )
his wife,    )
    )
    Petitioners,    )
    )
    vs.    )    No. 2222-CC00226
    )
A.W. CHESTERTON COMPANY, et al.,    )
    )
    Defendants.    )

## BWDAC, INC.'S ANSWER TO PETITIONERS' FIRST AMENDED PETITION

COMES NOW, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," ("BWDAC") by and through its counsel, Swanson, Martin & Bell, LLP, hereby files its Answer to petitioners' first amended first amended petition. In support thereof, BWDAC states as follows:

### PRELIMINARY STATEMENT

Many of the allegations of petitioners' first amended first amended petition purportedly apply to BWDAC as well as the other defendants.  Unless otherwise stated below, BWDAC has no knowledge of the actions of other defendants and, therefore, limits its Answer to BWDAC, and denies each and every other allegation contained therein.

### JURISDICTION, VENUE, and GENERAL ALLEGATIONS

1. BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the first amended petition, and, therefore, denies the same

2. BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the first amended petition, and, therefore, denies the same.

3. BWDAC admits it is a corporation. BWDAC denies any and all remaining allegations contained in paragraph 3 of the first amended petition directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 the first amended petition, and, therefore, denies the same.

4. BWDAC denies any and all allegations contained in paragraph 4 of the first amended petition directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the first amended petition, and, therefore, denies the same.

5. BWDAC denies any and all allegations contained in paragraph 5 of the first amended petition directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of the first amended petition, and, therefore, denies the same.

6. The statement contained in paragraph 6 is a statement of law and calls for a legal conclusion and therefore, this defendant neither admits nor denies the allegation contained in paragraph 6 and makes no answer thereto. To the extent the allegation of paragraph 6 requires an answer, it is denied.

7. The statement contained in paragraph 7 is a statement of law and calls for a legal conclusion and therefore, this Defendant neither admits nor denies the allegation contained in paragraph 7 and makes no answer thereto. To the extent the allegation of paragraph 8 requires an answer, it is denied.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

8.      BWDAC denies any and all allegations contained in paragraph 8 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the first amended petition, and, therefore, denies the same.

9.      BWDAC denies any and all allegations contained in paragraph 9 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the first amended petition, and, therefore, denies the same.

10.     BWDAC denies any and all allegations contained in paragraph 10 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the first amended petition, and, therefore, denies the same.

11.     The statement contained in paragraph 11 is a statement of law and calls for a legal conclusion and therefore, this Defendant neither admits nor denies the allegation contained in paragraph 11 and makes no answer thereto.  To the extent the allegation of paragraph 11 requires an answer, it is denied.

12.     The statement contained in paragraph 12 is a statement of law and calls for a legal conclusion and therefore, this Defendant neither admits nor denies the allegation contained in paragraph 12 and makes no answer thereto.  To the extent the allegation of paragraph 12 requires an answer, it is denied.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

13.    BWDAC denies any and all allegations contained in paragraph 13 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the first amended petition, and, therefore, denies the same.

14.    BWDAC denies any and all allegations contained in paragraph 14 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the first amended petition, and, therefore, denies the same.

15.    BWDAC denies any and all allegations contained in paragraph 15 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the first amended petition, and, therefore, denies the same.

16.    BWDAC denies any and all allegations contained in paragraph 16 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the first amended petition, and, therefore, denies the same.

17.    BWDAC denies any and all allegations contained in paragraph 17 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

the allegations contained in paragraph 17 of the first amended petition, and, therefore, denies the same.

18.     BWDAC denies any and all allegations contained in paragraph 18 of the first amended petition directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the first amended petition, and, therefore, denies the same.

WHEREFORE, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," prays that the first amended petition be dismissed at petitioners' expense.

## COUNT I
## NEGLIGENCE

1.     BWDAC reinstates and incorporates its answer to paragraph 3 of the General Allegations as its answer to paragraph 1 of this count.

2.     BWDAC denies any and all allegations contained in paragraph 2 of Count I directed toward BWDAC. With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the first amended petition, and, therefore, denies the same.

3.     BWDAC denies any and all allegations contained in paragraph 3 of Count I directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the first amended petition, and, therefore, denies the same.

4.     BWDAC denies any and all allegations contained in paragraph 4 of Count I directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants,

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the first amended petition, and, therefore, denies the same.

5.      BWDAC admits any and all duties imposed upon it under Missouri law, denies that it breached any duties thereunder, and further denies petitioners have correctly stated any duty owed by BWDAC to petitioners.  To the extent the allegations contained in paragraph 5 of Count I set forth any duties imposed by law, they are denied.  To the extent the allegations in paragraph 5 of Count I are directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of Count I, and, therefore, denies the same.

6.      BWDAC denies any and all allegations contained in paragraph 6 of Count I directed toward BWDAC, including subparagraphs (a) through (m) contained therein.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of Count I, and, therefore, denies the same.

7.      BWDAC denies any and all allegations contained in paragraph 7 of Count I directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of Count I, and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count I of the first amended petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

## COUNT II
### WILFUL/WANTON MISCONDUCT

1.       BWDAC reinstates and incorporates its answers to petitioners' General Allegations and paragraphs 2 through 4 of Count I as its answer to paragraph 1 of this Count.

2.       BWDAC admits any and all duties imposed upon it under Missouri law, denies that it breached any duties thereunder, and further denies petitioners have correctly stated any duty owed by BWDAC to petitioners.  To the extent the allegations contained in paragraph 2 of Count II set forth any duties imposed by law, they are denied.  To the extent the allegations in paragraph 2 of Count II are directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Count II, and, therefore, denies the same.

3.       BWDAC denies any and all allegations contained in paragraph 3 of Count II directed toward BWDAC, including subparagraphs (a) through (m) contained therein.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Count II, and, therefore, denies the same.

4.       BWDAC denies any and all allegations contained in paragraph 4 of Count II directed toward BWDAC  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of Count II, and, therefore, denies the same.

5.       BWDAC denies any and all allegations contained in paragraph 5 of Count II directed toward BWDAC  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of Count II, and, therefore, denies the same.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count II of the first amended petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

<div align="center">

COUNT III
STRICT LIABILITY
</div>

1.     BWDAC reinstates and incorporates its answers to petitioners' General Allegations and paragraphs 2 through 4 of Count I as its answer to paragraph 1 of Count III.

2.     BWDAC denies any and all allegations contained in paragraph 2 of Count III directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Count III, and, therefore, denies the same.

3.     BWDAC denies any and all allegations contained in paragraph 3 of Count III directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Count III, and, therefore, denies the same.

4.     BWDAC denies any and all allegations contained in paragraph 4 of Count III directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of Count III, and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

III of the first amended petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

## COUNT IV
## NEGLIGENCE – LOSS OF CONSORTIUM

1.      BWDAC reinstates and incorporates its answers to petitioners' General Allegations and the factual allegations of Counts I-III as its answer to paragraph 1 of Count IV.

2.      BWDAC denies any and all allegations contained in paragraph 2 of Count IV directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Count IV, and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count IV of the first amended petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

## COUNT V
## WILLFUL/WANTON MISCONDUCT – LOSS OF CONSORTIUM

1.      BWDAC reinstates and incorporates its answers to petitioners' General Allegations and the factual allegations of Counts I-III as its answer to paragraph 1 of Count V.

2.      BWDAC denies any and all allegations contained in paragraph 2 of Count III directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Count V, and, therefore, denies the same.

3.      BWDAC denies any and all allegations contained in paragraph 3 of Count III directed toward BWDAC.  With respect to the remaining allegations directed toward other

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Count V, and, therefore, denies the same. BWDAC further denies petitioners are entitled to damages.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count V of the first amended petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

## COUNT VI
## NEGLIGENCE – SPOLIATION OF EVIDENCE

1.      BWDAC reinstates and incorporates its answers to petitioners' General Allegations as its response to paragraph 1 of Count VI.

2.      BWDAC denies any and all allegations contained in paragraph 2 of Count VI directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of petitioners' first amended petition and, therefore, denies the same.

3.      BWDAC denies any and all allegations contained in paragraph 3 of Count VI directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of petitioners' first amended petition and, therefore, denies the same.

4.      BWDAC denies any and all allegations contained in paragraph 4 of Count VI directed toward BWDAC.  With respect to the remaining allegations directed toward other

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of petitioners' first amended petition and, therefore, denies the same.

5.    BWDAC denies any and all allegations contained in paragraph 5 of Count VI directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of petitioners' first amended petition and, therefore, denies the same.

6.    BWDAC admits any and all duties imposed upon it under Missouri law, denies that it breached any duties thereunder, and further denies petitioners have correctly stated any duty owed by BWDAC to petitioners.  To the extent the allegations contained in paragraph 6 of Count VI set forth any duties imposed by law, they are denied.  To the extent the allegations in paragraph 6 of Count VI are directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of Count II, and, therefore, denies the same.

7.    BWDAC denies any and all allegations contained in paragraph 7 of Count VI directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of petitioners' first amended petition and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

VI of the first amended petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

<div align="center">COUNT VII<br>
<u>WILLFUL / WANTON MISCONDUCT SPOLIATION OF EVIDENCE</u></div>

1.     BWDAC reinstates and incorporates its answers to petitioners' General Allegations and to paragraphs 2 through 5 of Count VI as its response to paragraph 1 of Count VII.

2.     BWDAC denies any and all allegations contained in paragraph 2 of Count VII directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of petitioners' first amended petition and, therefore, denies the same.

3.     BWDAC denies any and all allegations contained in paragraph 3 of Count VII directed toward BWDAC.  With respect to the remaining allegations directed toward other defendants, BWDAC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of petitioners' first amended petition and, therefore, denies the same.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," denies that petitioners are entitled to any recovery from it whatsoever and requests that this Court enter judgment in its favor and against petitioners on Count VI of the first amended petition, that it award defendant its costs and fees associated with this matter, and that it award any and all appropriate further relief.

<div align="center"><u>**AFFIRMATIVE DEFENSES TO ALL COUNTS**</u></div>

<div align="center"><u>1. FAILURE TO STATE A CLAIM</u></div>

The first amended petition and all purported causes of action stated therein fail to state a

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

claim or a cause of action against BWDAC upon which relief can be granted.

## 2. LACK OF PERSONAL JURISDICTION

This Court lacks general personal jurisdiction over BWDAC or over the incidents and persons joined in this matter. Subjecting BWDAC to general jurisdiction in this case would violate both long standing Missouri law and federal due process under the *Daimler* decision. Pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), general jurisdiction is constitutionally proper only where a "corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (emphasis added). Applying that test, the Supreme Court held that, except perhaps in an exceptional case, a corporation is "at home," and hence subject to general jurisdiction, in only two states—its state of incorporation and its principal place of business. *Id.* at 760.

This Court further lacks specific personal jurisdiction over BWDAC or over the incidents and persons joined in this matter. Petitioner's injuries did not occur in Missouri, nor did they arise from any acts that BWDAC took in Missouri, nor from extraterritorial acts that produced consequences in this state. Specific jurisdiction is therefore unavailable under both Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, and the Due Process Clause.

Further, the Supreme Court of Missouri recently issued an opinion bearing directly on the issue of whether a Missouri court has personal jurisdiction over a defendant. In *State ex rel. Norfolk Southern Railway Co. v. Dolan*, the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. 512 S.W.3d 41, 44 (Mo. banc 2017). The Court also held that Missouri could not assert general jurisdiction over a defendant company unless it is incorporated

in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id*. Finally, the Court held that Missouri's registration statute does not require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* at 52.

### 3. LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the incidents and persons joined in this matter.

### 4. IMPROPER VENUE

Venue is improper, so the first amended petition should be dismissed.

### 5. FAILURE TO JOIN NECESSARY AND/ORINDISPENSABLE PARTIES

The first amended petition fails to join necessary and/or indispensable parties.  Thus, petitioners' claims are barred.

### 6. DE MINIMIS EXPOSURE

If petitioner was exposed to any products of BWDAC, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by petitioners.

### 7. STATUTE OF LIMITATIONS

Petitioners' claims are barred by the applicable statutes of limitations, including, but not limited to, Mo. Rev. Stat. 516.120 and 537.080

### 8. LACHES, ESTOPPEL AND WAIVER

Petitioners unreasonably delayed in bringing this action against BWDAC in a way which

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

prejudiced its rights.  Therefore, petitioners' cause of action is barred by the doctrines of laches, estoppel, and/or waiver.

## 9. ASSUMPTION OF THE RISKS

Petitioner knew, understood, and appreciated the risks and hazards involved in the products and, therefore, petitioners' cause of action against BWDAC are barred by petitioner's assumption of the risks.

## 10. COMPARATIVE FAULT OF PETITIONER

If petitioner sustained any injury or damages, which BWDAC denies, such injuries or damages were directly and proximately caused or contributed to, in whole or in part, by petitioner's own culpable conduct, negligence, and/or fault. Therefore, said fault would bar or reduce recovery in proportion to the culpable conduct and negligence of petitioner.

## 11. IMPROPER USE

Petitioner neither used BWDAC's products as reasonably anticipated by BWDAC, nor for purposes intended by BWDAC.  Therefore, if petitioner sustained any injury or damages, which BWDAC denies, such injuries or damages were directly and proximately caused by petitioner's misuse or improper use of BWDAC's products.

## 12. FAILURE TO USE ORDINARY CARE

Petitioner unreasonably failed to appreciate the dangers involved in the use of the products alleged in the first amended petition or the consequences thereof.  Thus, petitioner unreasonably exposed himself to the dangers that a reasonably careful user would reasonably appreciate under the same or similar circumstances

## 13. SOLE CAUSE

The culpable conduct of petitioner, co-defendants, and/or third-parties, over which

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

BWDAC had no control, was the sole cause of any alleged damages or injuries petitioner may have sustained.  Consequently, no act or omission of BWDAC was a proximate cause of any damages or injuries allegedly sustained by petitioner, thereby prohibiting the imposition of liability on BWDAC.

## 14. INTERVENING CAUSE

The culpable conduct and/or negligence of co-defendants and third-parties, not under the control of BWDAC, was a direct and proximate cause of the alleged injuries of petitioner.  Such conduct or negligence was an intervening or superseding cause, which prohibits the imposition of liability on BWDAC.

## 15. NO DUTY TO WARN

Petitioner, his employers, and any other persons or entities, other than BWDAC, were sophisticated purchasers and users of the products identified in the first amended petition, who required no warning in order to be fully appraised of the potential dangers of the use of such products.

## 16. NO FORESEEABLE RISK OF HARM

BWDAC did not have a duty to warn petitioner, as its products did not represent a foreseeable risk of harm to petitioner.  The scope of any duty to warn on the part of BWDAC did not extend to petitioner as a non-user of any of the products.

## 17. FAILURE TO MITIGATE

Petitioner failed to mitigate damages, which bars or reduces recovery.

## 18. CONSTITUTIONAL DEFENSES AGAINST PUNITIVE DAMAGES

The first amended petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded because it violates the United States and/or Missouri

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

Constitutions, including, but not limited to, the following particulars:

(a)    Petitioners' claim for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Missouri Constitution;

(b)    Petitioners' claim for punitive damages is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment;

(c)    Petitioners' claim for punitive damages violates BWDAC's right to equal protection under the law provided in the Fifth and Fourteenth Amendments of the United States Constitution and is otherwise unconstitutional under the United States Constitution and the Missouri Constitution;

(d)    Petitioners' claim for punitive damages violates BWDAC's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Missouri Constitution;

(e)    Petitioners' claim for punitive damages violates the Contract Clause of the United States Constitution; and

(f)    Petitioners' claim for punitive damages violates the Fourth and Sixth Amendments to the United States Constitution.

The claim for punitive damages violates the United States Constitution and Missouri Constitution for, but not limited to, the following reasons:

(aa)    The jury is given unfettered discretion to award punitive damages on vague grounds with no objective standards;

(bb)    A presumption of innocence is not applied;

(cc)    Specific intent is not required;

(dd)    A unanimous jury verdict is not required;

(ee)    The purpose is the punishment of BWDAC and is tantamount to the imposition of a criminal fine based upon conduct, which is not defined with sufficient precision to give BWDAC advance notice of that conduct;

(ff)    Although indistinguishable from a criminal penalty, a lesser standard of proof and procedural safeguards is required than in criminal cases;

(gg)    Multiple awards of punitive damages can be made for the same acts or omissions;

(hh)    The imposition of punitive damages would constitute an excessive fine;

(ii)    Such punishment is retrospective in operation, constituting an uncertain remedy and impairing BWDAC's access to the courts;

(jj)    Joint and several judgments against multiple defendants for different alleged acts of wrongdoings may result; and

(kk)    The imposition of different penalties for the same or similar acts may be the result of an imposition of punitive damages, constituting an irrational, arbitrary and capricious punishment. Moreover, a discrimination on the basis of wealth would result.

<u>19. STATE OF THE ART</u>

The state of the medical and scientific knowledge, the published literature and other materials reflecting said state of the art at all relevant times was such that BWDAC neither knew, nor could have known that their products presented a foreseeable risk of harm, if any, to the

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

petitioner in the normal and expected use of these products, according to the law in full force and effect at the time of the transactions complained of.  Thus, said products were neither defective, nor unreasonably dangerous.  The methods, standards and techniques of selling, distributing or installing any asbestos containing products by BWDAC were performed in conformity with the generally recognized state of the art existing at the time such products were sold, distributed, or installed by BWDAC and placed in the stream of commerce.  BWDAC demands trial by jury.

### 20. UNAVOIDABLY UNSAFE PRODUCT

Petitioners are barred from any recovery due to the fact that there was no known adequate substitute for the asbestos containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

### 21. CHANGE IN PRODUCT

All or some products to which petitioner was exposed may have been in a substantially changed condition or may have been altered or mishandled since the time said products left the control of BWDAC.  Such abuse or misuse may constitute the sole proximate cause, or an intervening or superseding cause of petitioner's alleged injuries or damages.

### 22. UNRELATED CAUSES

Petitioner's alleged physical condition is due solely to an unrelated disease process or other causes unrelated to BWDAC's products.

### 23. "INNOCENT SELLER" DEFENSE

BWDAC is considered an "innocent seller" under Missouri Revised Statute § 537.762. BWDAC is aware of no basis for alleged liability to petitioner, other than as a seller in the stream of commerce, and therefore should be dismissed.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

## 24. SET-OFF/SATISFACTION

Pursuant to Missouri Revised Statute § 537.060, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by petitioners to any person allegedly liable for the same injuries claimed in this action shall reduce petitioners' claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  To date, petitioners have not disclosed any such agreements, and BWDAC does not otherwise currently possess knowledge or information regarding any such agreements between petitioners and any party or nonparty.  As such, the precise identity of any entities with whom petitioners may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to BWDAC at this time.  BWDAC is entitled to a reduction for the stipulated or paid amounts of all settlement agreements under Missouri Revised Statute § 537.060, as well as setoffs for any future compensation petitioners receive in the form of payments from any other parties or entities for the alleged damages.

## 25. NEGLIGENCE OF NON-PARTIES

Petitioners' losses, if any were caused or directly contributed to by the negligence of others over whom BWDAC exercised no control or had no legal duty to control. BWDAC is not liable for any losses caused by others.  Petitioners are, therefore, barred from any recovery from BWDAC, or alternatively, recovery should be apportioned under the doctrine of comparative fault and comparative indemnity.

## 26. ADDITIONAL DEFENSES

BWDAC will assert any and all additional defenses which become available or appear in this action.  BWDAC specifically reserves the right to amend its Answer for the purpose of asserting such additional affirmative defenses.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

## 27. ADOPTION OF OTHER DEFENDANTS' DEFENSES

BWDAC adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to BWDAC.

## 28. ALLOCATION OF FAULT

BWDAC alleges that one or more of the parties to this action and/or other persons whose identities are not presently known were negligent or legally responsible or otherwise at fault for the damages alleged in the first amended petition. Therefore, BWDAC requests that in the event of any award against it, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties pursuant to Section §537.067 R.S.Mo. BWDAC further requests a judgment or declaration of indemnification and contribution against all those parties or person in accordance with the apportionment of fault.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC, Inc., f/k/a BWD Automotive Corporation," prays that the first amended petition be dismissed against it, for its costs incurred, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

/s/ Marcie J. Vantine
One of the attorneys for Defendant,
**BWDAC, Inc.**

Marcie J. Vantine #56860
Mandi K. Ferguson #60687
**SWANSON, MARTIN & BELL, LLP**
800 Market Street, Suite 2100
St. Louis, MO 63101
(314) 241-7100
mvantine@smbtrials.com
mferguson@smbtrials.com

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | |
| his wife, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| vs. | ) | No. 2222-CC00226 |
| | ) | |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BWDAC, INC.'S OBJECTION TO PERSONAL JURISDICTION AND
MOTION TO DISMISS PETITIONERS' FIRST AMENDED PETITION**

COMES NOW, defendant, BWDAC, Inc., improperly named as "BWDAC Inc., f/k/a BWD Automotive Corporation," ("BWDAC") by and through its counsel, Swanson Martin & Bell, LLP, and, for its Motion to Dismiss pursuant to Missouri Revised Statutes §537.762, states as follows:

1.     David Butler and Kathy Butler, ("petitioners") sued BWDAC and dozens of other defendants, claiming that exposure to asbestos in their products caused David Butler ("Mr. Butler") to develop mesothelioma. *See generally* First Amended Petition.

2.     Petitioners allege Mr. Butler was exposed to asbestos while working as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States, including Missouri from 1978 to 2018. *Id.* at Jurisdiction, Venue, and General Allegations ¶ 2. Petitioners also allege Mr. Butler was exposed to asbestos from non-occupational home and automotive repairs, maintenance, and remodeling from 1978 to 1991. *Id.* at Jurisdiction, Venue, and General Allegations ¶ 9.

3.     Petitioners' first amended first amended petition fails to state a claim upon which relief can be granted and/or fails to set forth with sufficient specificity facts or alleged facts upon

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

which the claim is based so as to fully and completely apprise BWDAC of the nature and basis of the complaint and allegations made against it in violation of Missouri Supreme Court Rule 55.05. Under Missouri law, the pleadings must identify the facts upon which the petitioners' claim rests. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993).

4.    The purpose of fact pleading is the quick, efficient, and fair resolution of disputes as fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995).

5.    In this case, petitioners have violated both the substance and spirit of that law in that the first amended first amended petition is wholly devoid of basic factual information. Petitioners bring this cause of action against multiple defendants.  All of the defendants have been combined together in petitioners' allegations.  Petitioners do not identify the type of alleged asbestos product(s) to which Mr. Butler was allegedly exposed.  Petitioners do not identify any defendant as having manufactured or sold any specific asbestos-containing product to which Mr. Butler was allegedly exposed.  Petitioners do not identify with any particularity the period in which Mr. Butler was allegedly exposed.  Petitioners do not identify with any particularity any location at which Mr. Butler was allegedly exposed.  Further, petitioners do not allege the type of activity or job duty Mr. Butler was performing that allegedly exposed her to an asbestos-containing product.  Instead, petitioners merely set forth bare conclusions.  Mere conclusions of the pleader not supported by factual allegations are disregarded. *Commercial Bank of St. Louis Co. v. James*, 658 S.W.2d 17, 21-22 (Mo. banc 1983).

6.    In addition to failure to plead claims with the necessary particularity, petitioners have failed to plead facts establishing the specific elements of each of the claims against BWDAC.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

7.     In Count I, petitioners allege negligence against defendants, including BWDAC. In order to plead a cause of action for negligence, a plaintiff must establish that defendants owed a duty to plaintiff to protect him from injury, that defendants failed to perform that duty, and that the failure caused the injuries. *Meekins v. St. John's Reg. Health Ctr.*, 149 S.W.3d 525, 532 (Mo.App.S.D. 2004). In this case, however, petitioners do not allege facts that demonstrate any defendant owed any legal duty of care to Mr. Butler and/or that any defendant breached such a duty. Without such facts, petitioners have failed to state a claim against defendants for negligence. As such, Count I should be dismissed.

8.     In Count II, petitioners allege willful and wanton misconduct against defendants, including BWDAC. Petitioners do not state a claim for willful and wanton misconduct against BWDAC, however, because petitioners fail to set forth any facts that demonstrate that BWDAC intentionally acted to harm Mr. Butler or that BWDAC showed complete indifference to or conscious disregard for Mr. Butler's safety. *See Warner v. Southwestern Bell Telephone Co.*, 428 S.W.2d 596 (Mo. 1968). As these facts are necessary for petitioners' willful and wanton misconduct claim but have not been pled, Count II should be dismissed.

9.     In Count III, petitioners allege strict liability against all of the defendants, including BWDAC. In order to plead a cause of action for strict liability based on a defective design, a plaintiff must plead facts that establish: (1) the product was sold in the course of defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) plaintiff was damaged as a direct result of a defective condition which existed at the time the product was sold. *Fahy v. Dresser Indus., Inc.*, 740 S.W.2d 635, 637-38 (Mo. Banc 1987). Because petitioners have not alleged any facts regarding the type of alleged asbestos-containing products to which Mr. Butler was exposed and how those products were being

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

used, petitioners have failed to plead the elements of a strict liability claim for defective design. Count III should be dismissed.

10.     In Counts IV-V, plaintiffs allege loss of consortium against defendants, including BWDAC. Loss of consortium is meant to permit recovery for the economic loss of the injured spouse's household services as well as the intangible loss of companionship, comfort and sexual services.  Plaintiffs have failed to plead facts to support such a claim, and these counts should, accordingly, be dismissed.

11.      In Counts VI-VII, petitioners allege negligent and willful and wanton spoliation of evidence against defendants, including BWDAC.  Petitioners do not state a claim for spoliation of evidence because petitioners fail to allege facts from which one could reasonably infer that this defendant destroyed evidence in order to defeat a lawsuit. *Pikey v. Bryant*, 203 S.W.3d 817 (Mo.App. 2006).  Petitioners fail to identify what evidence was allegedly destroyed and has failed to show that "the evidence was destroyed under circumstances manifesting fraud, deceit or bad faith.  Simple negligence is insufficient to warrant the application of the spoliation doctrine." *Prins v. Director of Revenue*, 333 S.W.3d 17, 20 (Mo.App. 2010).  Because petitioners failed to state a cause of action for spoliation of evidence, Counts VI-VII should be dismissed.

12.     Petitioners' first amended petition fails to allege any basis for this Court to exercise jurisdiction over BWDAC.  BWDAC lacks sufficient contacts with Missouri to establish personal jurisdiction, and there is no jurisdictional basis for this suit against BWDAC in Missouri pursuant to Missouri Supreme Court Rule 55.27(a)(2).  The Supreme Court of the United States' recent decision in *Daimler AG v. Bauman* limited the forums that have general jurisdiction over a corporation to essentially two locations: the state of incorporation and the principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624, 761-762. (U.S. 2014). BWDAC was incorporated in the state of Delaware with its principle place of business in Ohio.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

Further, there is no specific jurisdiction as petitioners' claims do not arise from or relate to any contacts BWDAC has with Missouri. *See State ex rel. Norfolk Southern Railway Company v. The Honorable Colleen Dolan*, 2017 WL 770977 (Mo. Banc February 28, 2017). There is no general or specific jurisdiction as to this defendant, and to require defendant to defend this action in this Court would violate its rights to due process under the United States Constitution and the Constitution of the State of Missouri.

11.     Missouri courts may exercise personal jurisdiction over a nonresident defendant if the exercise of jurisdiction (1) is authorized by the Missouri long-arm statute and (2) does not violate the Due Process Clause of the United States Constitution. *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000).  Once the defendant raises a jurisdictional objection, it is the petitioners' burden to plead and prove jurisdiction. *See State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. Ct. App. 2008); *Anderson Trucking Serv., Inc. v. Ryan*, 746 S.W.3d 647, 648 (Mo. Ct. App. 1998); *Pohlman v. Bil-Jax, Inc.*, 954 S.W.2d 371, 372 (Mo. Ct. App. 1997). Because Missouri is a fact-pleading jurisdiction (MO. R. CIV. P. 55.05; *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997)), a plaintiff must allege ultimate facts to carry its burden, and cannot rely on mere conclusions. *See City of Fenton v. Exec. Int'l Inn, Inc.*, 740 S.W.2d 338, 339 (Mo. Ct. App. 1987).

12.     The Missouri long-arm statute permits the exercise of specific jurisdiction over a nonresident defendant if the defendant commits a statutorily-enumerated act in Missouri that serves as the basis for the petitioners' claims. *See* MO. Rev. Stat. §506.500. Specifically, the Missouri long-arm statute permits the exercise of jurisdiction over a nonresident defendant "as to any cause of action arising from" certain Missouri contacts, including:

(1)     The transaction of any business within this State;
(2)     The making of any contract within the state;
(3)     The commission of a tortious act within this state; and
(4)     The ownership, use, or possession of any real estate situated in this State[.]

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

§ 506.500.3.  Here, petitioners' claims must arise from an enumerated act for jurisdiction to be appropriate. *Id.*  Similarly, the Due Process Clause of the Fourteenth Amendment permits specific jurisdiction when a petitioners' claims arise out of the defendant's purposeful contacts with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

13.     Recently, the United States Supreme Court in *Bristol-Myers Squibb* noted "(i)n order for a state court to exercise specific jurisdiction, "the suit" must "aris[e] out of or relat[e] to the defendant's contacts with the forum."  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017), citing *Daimler*; see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  The Court continued "(i)n other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* citing *Goodyear*, 564 U.S., at 919.   In reversing the California Supreme Court and finding the Fourteenth Amendment Due Process Clause prevents California Courts from having jurisdiction over nonresident petitioners, the *Bristol-Myers Squibb* Court stated that principles regarding specific jurisdiction control this case. *Id.* at *7.  For specific jurisdiction, a defendant's general connections with the forum are not enough. *Id.* at *8.  As we have said, "[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'  "*Id.* citing *Goodyear* at 927 (quoting *International Shoe*, 326 U.S., at 318).

14.     Further, the Supreme Court of Missouri recently issued an opinion bearing directly on the issue of whether a Missouri court has personal jurisdiction over a defendant.  In *State ex*

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

*rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017), the Court held that where a personal injury action did not arise out of, and did not relate to the defendant's activities in Missouri, Missouri has no specific jurisdiction over the defendant. *Id*. at 1.  Here, petitioners' claims against BWDAC do not arise out of any allegation Mr. Butler was exposed through any product associated with BWDAC in Missouri. *See* First Amended Petition.  In fact, petitioners' first amended petition is devoid of any allegations that BWDAC committed *any* act in Missouri, generally or in connection with petitioners' claims. *Id*. Accordingly, petitioners have not established even a *prima facie* case for specific personal jurisdiction over BWDAC.

15.     Missouri law permits the exercise of general jurisdiction over a foreign corporation only when the corporation is "present and conducting substantial business in Missouri." *See State ex rel. K-Mart Corp. v. Holliger*, 986 S.W.2d 165, 167 (Mo. banc 1999).  Because petitioners do not allege any facts showing BWDAC conducted "substantial business" in Missouri, petitioners have failed to establish general jurisdiction under Missouri law.  In any event, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011).  Here, the Due Process Clause prohibits the exercise of general jurisdiction over BWDAC.  The Due Process clause only permits general jurisdiction over a foreign corporation when that corporation maintains "continuous corporate operations within [the] state [that are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealing entirely distinct from those activities." *Goodyear*, 131 S. Ct. at 2853 (quoting *Int'l Shoe*, 326 U.S. at 318).  The "paradigm forum" for general jurisdiction over a corporation is "one in which the corporation is fairly regarded as at home." *Id.*

16.     In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

recently clarified the limited reach of general jurisdiction. In *Daimler*, the Court held that "continuous activity of some sorts within a state is not enough to support [general jurisdiction.]" 134 S. Ct. at 758 (quoting *Int'l Shoe*, 326 U.S. at 318).  Rather, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760 (citing *Goodyear*, 131 S. Ct. at 2853-54).  For corporations, that "limited set of affiliations" consist of two "paradigm bases" for general jurisdiction: (1) state of incorporation and (2) principal place of business. *Daimler*, 134 S. Ct. at 760. Exceptional cases aside, it is only in these forums that a corporation is truly "at home" such that the exercise of general jurisdiction is constitutional. *Id.*[1] In *Daimler*, for instance, the Court held that the defendant Daimler AG, a German car manufacturer with its principal place of business in Germany, was not subject to general jurisdiction in California, despite the fact that it distributed an appreciable quantity of cars into that state and had "multiple California-based facilities, including a regional office . . . a Vehicle Preparation Center . . . and a Classic Center." *Id.* at 752.[2]  Because Daimler was neither incorporated in California nor had its principal place of business there, the Court held that California lacked general jurisdiction over Daimler. *Id.* at 761.  According to the Court, Daimler's California contacts "hardly render it

---

[1] Citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), the Court in *Daimler* acknowledges the possibility that "in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that state." *Daimler*, 134 S. Ct. at 761 n.19. But *Perkins* was indeed exceptional. In *Perkins*, a Philippine mining company temporarily transferred its corporate headquarters to Ohio during World War II. *See Perkins*, 342 U.S. at 447-48. Clarifying the Court's holding in *Perkins*, the *Daimler* Court observed: "We held that the Ohio courts could exercise general jurisdiction over Benguet without offending due process . . . because 'Ohio was the corporation's principal, if temporary, place of business.'" *Id.* at 756 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779-80 (1984)). Short of a *de facto* transfer of a company's principal place of business to the forum, *Daimler* limits the exercise of general jurisdiction to its two "paradigm bases": state of incorporation and principal place of business. *See* 134 S. Ct. at 761 n.19.

[2] Daimler was apparently the largest supplier of luxury vehicles to the California market, and California sales accounted for 2.4% of Daimler's worldwide sales. *Daimler*, 134 S. Ct. at 752. For purposes of its decision, the Court assumed that the contacts of Mercedes-Benz USA, LLC ("MBUSA"), an indirect subsidiary of Daimler and a Delaware limited liability company with its principal place of business in New Jersey, were attributable to Daimler. *Id.* at 760 ("Even if we were . . . to assume MBUSA's contacts are imputable to Daimler there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there.").

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

at home there" and California, therefore, could not serve as an "all-purpose forum" for claims against it. *Id.*

17.    In *BNSF Ry. Co. v. Tyrrell*, No. 16-405, 2017 WL 2322834 (U.S. May 30, 2017), the U.S. Supreme Court reversed the Montana Supreme Court which found personal jurisdiction in Montana for BNSF stating that "the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not "at home" in the State and the episode-in-suit occurred elsewhere". *BNSF Ry. Co. v. Tyrrell*, at *3 citing *Daimler*. Since neither plaintiff in *BNSF Ry. Co. v. Tyrrell* alleged injury in Montana, the Court only considered general personal jurisdiction in this case.  The *BNSF* Court stated "(t)he Fourteenth Amendment due process constraint described in *Daimler*, however, applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued.  *Id* at 10.  The Court found BNSF was not incorporated in Montana and does not maintain its principal place of business there; nor is BNSF so heavily engaged in activity in Montana "as to render [it] essentially at home" in that State.  *Id*.  The Court concluded that "in-state business, we clarified in *Daimler* and *Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims like [petitioners] that are unrelated to any activity occurring in Montana". *Id*.

18.    The United States Supreme Court further reaffirmed *Daimler* in the recent case of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017).  In *Bristol-Myers Squibb*, a group of petitioners— consisting of 86 California residents and 592 residents from 33 other States—filed eight separate complaints in California Superior Court, alleging that Plavix had damaged their health. *Id*. at *4. The Court noted there are two types of personal jurisdiction, "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction. *Id*. at *6 citing

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

*Goodyear*, 564 U.S., at 919. A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *Id.* But "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *Id.* citing *Daimler*.

19.     Further, in *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, No. SC95514, slip op. (Mo. banc Feb. 28, 2017), the Supreme Court of Missouri held that Missouri could not assert general jurisdiction over a defendant company unless it is incorporated in Missouri, has its principal place of business in Missouri, or, in the exceptional case, "when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state." *Id.* at 2. Finally, the Court held Missouri's registration statute does not require foreign corporations to consent to suit over activities unrelated to Missouri and, thus, "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Id.* at 18. Here, Missouri is not an "all-purpose" forum for claims against this Defendant. Like the defendant corporation in *Daimler*, BWDAC is not incorporated in Missouri and does not maintain its principal place of business in Missouri. *See Daimler*, 134 S. Ct. at 761. Rather, BWDAC was a Delaware corporation with its principal place of business in Ohio. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"). Accordingly, BWDAC is not "at home" in Missouri such that Missouri courts may adjudicate claims against BWDAC lacking any connection with the forum, like petitioners' claims here. This Court, therefore, does not have general personal jurisdiction over BWDAC.

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

20.     BWDAC reserves its right to present applicable motions regarding choice of law depending on the facts that may be discovered in this matter.

21.     To the extent petitioners' first amended petition prays for punitive damages, such a prayer should be stricken as the facts alleged in petitioners' first amended petition do not rise to the level of conduct required for punitive damages.  Conscious disregard or complete indifference includes situations where the person doing the act or failing to act must be conscious from the knowledge of surrounding circumstances and existing conditions, that, although lacking specific intent to injure, the person's conduct or failure to act will naturally or probably result in injury. *Peters v. General Motors*, 200 S.W.3d 1, 24 (Mo.App.W.D. 2006).  Evidence of a vague and generalized knowledge of danger is insufficient to state a claim for punitive damages.  *Lewis v. FAG Bearings Corp.*, 5 S.W.3d 579, 584 (Mo.App.S.D. 1999).  The evidence must show that, at the time of the act complained of, the defendant had knowledge of a high degree of probability of injury to a specific class of persons.  *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 339 (Mo. banc 1996).  The few factual allegations that petitioners actually allege do not rise to the level of willful and wanton conduct; therefore, petitioners' claims for punitive damages should be dismissed as a matter of law.

22.     Punitive damages, however, are appropriate only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others.  *Jacobs v. Bonser*, 46 S.W.3d 41, 45 (Mo.App.E.D. 2001).  Petitioners' allegations they are entitled to punitive damages are mere conclusions and lack factual support.  Petitioners fail to allege any specific action or inaction by this defendant that would warrant a claim for punitive damages.

23.     Some or all of petitioners' claims are barred by the applicable statutes of repose.

24.     Some or all of petitioners' claims are barred by the applicable statute of limitations.

25.     Some or all of petitioners' claims are barred by the laws of the appropriate forum

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

pursuant to Missouri's Borrowing Statute.

26.    Some or all of petitioners' claims are barred by the exclusive remedy provision of the Missouri Workers' Compensation Act and Occupational Diseases Act pursuant to Mo.Rev. Statute §287.120, or under analogous statutes under any other applicable state's law.

27.    BWDAC incorporates and adopts herein the Motions and arguments made in response to petitioners' first amended petition by other co-defendants in this cause of action to the extent those arguments do not contain allegations against BWDAC and do not contradict anything stated herein.

WHEREFORE, defendant, BWDAC, Inc., improperly named as "BWDAC Inc., f/k/a BWD Automotive Corporation hereby respectfully requests an Order of the Court dismissing petitioners' first amended petition with petitioners to pay costs of suit and for whatever further relief this Courts deems proper and just.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

/s/ Marcie J. Vantine
One of the attorneys for Defendant,
**BWDAC, Inc.**

Marcie J. Vantine #56860
Mandi K. Ferguson #60687
**SWANSON, MARTIN & BELL, LLP**
800 Market Street, Suite 2100
St. Louis, MO 63101
(314) 241-7100
mvantine@smbtrials.com
mferguson@smbtrials.com

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | |
| Petitioners, | ) ) | |
| vs. | ) ) | No. 2222-CC00226 |
| A.W. CHESTERTON COMPANY, et al., | ) ) | |
| Defendants. | ) | |

**<u>NOTICE OF FILING</u>**

PLEASE TAKE NOTICE that on July 25, 2022, there was filed with the Clerk of the Circuit Court of the City of St. Louis, Missouri, the *Answer to Petitioners' First Amended Petition* and *Motion to Dismiss Petitioners' First Amended Petition* of BWDAC, Inc., improperly sued as "BWDAC Inc., f/k/a BWD Automotive Corporation," copies of which are attached and served upon all counsel of record.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

/s/ Marcie J. Vantine
One of the attorneys for Defendant,
**BWDAC, Inc.**

Marcie J. Vantine #56860
Mandi K. Ferguson #60687
**SWANSON, MARTIN & BELL, LLP**
800 Market Street, Suite 2100
St. Louis, MO 63101
(314) 241-7100
mvantine@smbtrials.com
mferguson@smbtrials.com

Electronically Filed - City of St. Louis - July 26, 2022 - 02:24 PM

## PROOF OF SERVICE

The undersigned, a non-attorney certifies that the aforementioned documents were electronically sent to CaseNet for service on the attorneys of record in this case on July 25, 2022.

/s/ David Crews

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL DISTRICT
(CITY OF ST. LOUIS)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) ) ) | Cause No. 2222-CC00226 |
| Plaintiffs, | ) ) ) | |
| -vs.- | ) ) | |
| A.W. CHESTERTON COMPANY, *et al.,* | ) ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

**RILEY SAFER HOLMES & CANCILA LLP**, by the undersigned, enters an appearance

in the above-captioned case on behalf of Defendant Deere & Company.

/s/ Matthew J. Fischer
Matthew J. Fischer (Missouri Bar No. 67551)
*mfishcher@rshc-law.com*

**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 (fax)

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL DISTRICT
(CITY OF ST. LOUIS)

DAVID BUTLER and KATHY BUTLER,      )
his wife,                                   )
                                      )    Cause No. 2222-CC00226
                                      )
         Plaintiffs,               )
                                      )
-vs.-                                    )
                                      )
A.W. CHESTERTON COMPANY, *et al.,*     )
                                      )
         Defendants.             )

## NOTICE OF FILING

PLEASE TAKE NOTICE on July 27, 2022, Defendant Deere & Company sent for filing its Appearance, Jury Demand, Answer, and Affirmative and Other Defenses to Plaintiffs' First Amended Petition, a copy of which is attached and served upon you.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing document was served upon all counsel of record electronically via Missouri Electronic Filing System on July 27, 2022.

Respectfully submitted,

*/s/ Matthew J. Fischer*
Matthew J. Fischer (Missouri Bar No. 67551)
*mfishcher@rshc-law.com*

**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 (fax)

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL DISTRICT
(CITY OF ST. LOUIS)

DAVID BUTLER and KATHY BUTLER, )
his wife, )
 ) Cause No. 2222-CC00226
 )
 Plaintiffs, )
 )
-vs.- )
 )
A.W. CHESTERTON COMPANY, *et al.,* )
 )
 Defendants. )

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO**
**PLAINTIFFS' FIRST AMENDED PETITION ON BEHALF OF DEERE & COMPANY**

 Deere & Company, as its Answer and Affirmative and Other Defenses to Plaintiffs' First

Amended Petition ("Petition") states as follows:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

 1-2. Deere & Company is without sufficient knowledge or information to form a belief

as to the truth of the allegations set forth in Paragraphs 1-2.

 3-4. To the extent that Paragraphs 3-4, and all subparagraphs therein, contains

allegations against entities other than Deere & Company, Deere & Company is without sufficient

knowledge or information to form a belief as to the truth of those allegations. Deere & Company

denies all allegations in Paragraphs 3-4, and all subparagraphs therein, as they relate to Deere &

Company.

 5. To the extent that Paragraph 5 contains allegations against entities other than Deere

& Company, Deere & Company is without sufficient knowledge or information to form a belief

as to the truth of the allegations set forth against those entities. To the extent that Paragraph 5

contains allegations against Deere & Company, Deere & Company admits only that it has, in the

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

past, sold equipment that contained certain asbestos-containing component parts that were manufactured by others, and that it sold some asbestos-containing component parts, again manufactured by others, as service parts. Deere & Company denies each and every remaining allegation against it.

6-7. Whether Jurisdiction is proper is a conclusion of law and therefore no response is required. To the extent that a response is deemed to be required, the allegations are denied. Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 6-7.

8-10.    Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8-10.

11.     To the extent that Paragraph 11 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of those allegations. Deere & Company denies all allegations in Paragraph 11 as they relate to Deere & Company.

12.     Whether Venue is proper is a conclusion of law and therefore no response is required. To the extent that a response is deemed to be required, the allegations are denied. Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12.

13-16.   To the extent that Paragraphs 13-16 contain allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of those allegations. Deere & Company denies all allegations in Paragraphs 13-16 as they relate to Deere & Company.

17. Deere & Company denies that Petitioner's disease was wrongfully caused. Deere & Company is without sufficient knowledge or information to form a belief as to the truth of remaining allegations in Paragraph 17.

18.     Deere & Company denies that Plaintiffs' injuries were caused by any alleged action or inaction of Deere & Company. Deere & Company is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 18.

**WHEREFORE,** Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT I

1.     Deere & Company restates its answers to Paragraphs 1-18 of the General Allegations of this Petition as its answer to Paragraph 1 of Count I of this Petition.

2-3.    To the extent that Paragraphs 2-3 contain allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge to form a belief as to the truth of those allegations. To the extent that Paragraphs 2-3 contain allegations against Deere & Company, Deere & Company denies all allegations set forth in Paragraphs 2-3 as they relate to Deere & Company.

4.     To the extent that the allegations of Paragraph 4 are directed to entities other than Deere & Company, Deere is without sufficient information to admit or deny the allegations contained in Paragraph 4. To the extent that the allegations in Paragraph 4 are directed to Deere & Company, Deere & admits only that, for some equipment sold by Deere & Company, it provided catalogues, service manuals and parts lists that contained information related to the service, maintenance and repair of the equipment and that it intended users to read and be guided by those publications. Deere denies all remaining allegation contained in Paragraph 4.

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

5-6.    To the extent that Paragraphs 5-6 contain allegations against Deere & Company, Deere & Company denies all allegations as they relate to Deere & Company, and further states that any duty owed to Plaintiffs is a conclusion of law and therefore no response is required. To the extent that Paragraphs 5-6 contain allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge and information to form a belief as to the truth of those allegations set forth against those entities.

7.    Deere & Company denies that Petitioner's disease was caused by any alleged action or inaction of Deere & Company, and further states that any characterization of Deere & Company's alleged conduct as negligent is a conclusion of law and therefore no response is required. To the extent that Paragraph 7 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

**WHEREFORE,** Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT II

1.    Deere & Company restates its answers to Paragraphs 1-18 of the General Allegations and Paragraphs 2-4 of Count I of this Petition as its answer to Paragraph 1 of Count II of this Petition.

2-3.    To the extent that Paragraphs 2-3 contain allegations against Deere & Company, Deere & Company denies all allegations as they relate to Deere & Company, and further states that any duty owed to Plaintiffs is a conclusion of law and therefore no response is required. To the extent that Paragraphs 2-3 contain allegations against entities other than Deere & Company,

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

Deere & Company is without sufficient knowledge and information to form a belief as to the truth of those allegations set forth against those entities.

4.      Deere & Company denies that Plaintiff David Butler's disease was caused by any alleged action or inaction of Deere & Company. Deere & Company is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 4.

5.      Any characterization of Deere & Company's alleged conduct as willful and wanton is a conclusion of law and therefore no response is required. To the extent that Paragraph 5 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## <u>COUNT III</u>

1.      Deere & Company restates its answers to Paragraphs 1-18 of the General Allegations and Paragraphs 2-4 of Count I of this Petition as its answer to Paragraph 1 of Count III of this Petition.

2-3.    To the extent that Paragraphs 2 through 3 contain allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraphs 2 through 3 contain allegations against Deere & Company, Deere & Company denies each and every allegation as they relate to Deere & Company.

4.      Deere & Company denies that Plaintiff David Butler's disease was caused by any alleged action or inaction of Deere & Company. Deere & Company is without sufficient

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT IV

1.    Deere & Company restates its answers to the General Allegations and Counts I-III of this Petition as its answer to Paragraph 1 of Count IV of this Petition.

2.    Deere & Company denies that Petitioner's spouse's disease was caused by any alleged action or inaction of Deere & Company, and further states that any characterization of Deere & Company's alleged conduct as negligent is a conclusion of law and therefore no response is required. To the extent that Paragraph 2 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiff Kathy Butler is entitled to the relief requested, or any relief at all, and further requests that Plaintiff's claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT V

1.    Deere & Company restates its answers to the General Allegations and Counts I-III of this Petition as its answer to Paragraph 1 of Count V of this Petition.

2-3.    Deere & Company denies that Petitioner's spouse's disease was caused by any alleged action or inaction of Deere & Company, and further states that any characterization of Deere & Company's alleged conduct as negligent is a conclusion of law and therefore no response is required. To the extent that Paragraphs 2-3 contain allegations against entities other than Deere

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

& Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiff Kathy Butler is entitled to the relief requested, or any relief at all, and further requests that Plaintiff's claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## <u>COUNT VI</u>

1.      Deere & Company restates its answers to the General Allegations of this Petition as its answer to Paragraph 1 of Count VI of this Petition.

2.      Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.

3.      To the extent that Paragraph 3 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraph 3 contains allegations against Deere & Company, Deere & Company denies each and every allegation as they relate to Deere & Company.

4.      Deere & Company denies the allegations set forth in Paragraph 4, and further states that a duty owed to Plaintiffs is a conclusion of law and therefore no response is required. To the extent that Paragraph 4 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

5.      To the extent that Paragraph 5 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraph 5

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

contains allegations against Deere & Company, Deere & Company denies each and every allegation as they relate to Deere & Company.

6.      Deere & Company denies the allegations set forth in Paragraph 6, and further states that a duty owed to Plaintiffs is a conclusion of law and an improper allegation therefore no response is required. To the extent that Paragraph 6 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

7.      To the extent that Paragraph 7 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraph 7 contains allegations against Deere & Company, Deere & Company denies each and every allegation as they relate to Deere & Company.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT VII

1.      Deere & Company restates its answers to the General Allegations and Paragraphs 2 through 5 of Count VI of this Petition as its answer to Paragraph 1 of Count VII of this Petition.

2.      Deere & Company denies the allegations set forth in Paragraph 2, and further states that a duty owed to Plaintiffs is a conclusion of law and an improper allegation therefore no response is required. To the extent that Paragraph 2 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

3.      Deere & Company denies the allegations set forth in Paragraph 3, and further states that the characterization of Deere & Company's alleged actions as intentional or reckless is a conclusion of law and an improper allegation therefore no response is required. To the extent that Paragraph 3 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## AFFIRMATIVE AND OTHER DEFENSES

This Defendant asserts the following affirmative and other defenses, in response to Plaintiffs' Petition:

### FIRST DEFENSE

There is an insufficiency of service of process upon the person of the Defendant.

### SECOND DEFENSE

There is a lack of service of process upon the person of the Defendant.

### THIRD DEFENSE

Plaintiffs' Petition fails to state a claim against this Defendant upon which relief may be granted.

### FOURTH DEFENSE

Plaintiffs' cause of action, and each of them, are barred by the applicable Statute of Limitations.

### FIFTH DEFENSE

Plaintiffs' cause of action is barred by the applicable Statutes of Repose.

### SIXTH DEFENSE

Plaintiffs' Petition is barred by laches.

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

## SEVENTH DEFENSE

The conduct of the Plaintiffs is the sole proximate cause or a proximate contributing cause of the injuries and damages Plaintiffs complain of.  By reason of the aforesaid, Plaintiffs' recovery, if any, should be limited.

## EIGHTH DEFENSE

The sole proximate cause of Plaintiffs' alleged injuries and damages was the conduct, actions, failure to act, or exposure to the products of, or intervening acts of, persons and entities other than this defendant. This Defendant asserts its right to introduce evidence consistent with its sole proximate cause defense.

## NINTH DEFENSE

If Plaintiffs suffered damages as a result of the allegations set forth in Plaintiffs' Petition, then those damages were not sustained by reason of the conduct of this Defendant, but rather were the result of intervening or superseding acts or omissions of others.

## TENTH DEFENSE

Plaintiffs' alleged injuries and damages, if any, were negligently caused in whole or in part by persons, firms, corporations, or entities other than those parties before this Court and such negligence either bars or comparatively reduces any possible recovery by Plaintiffs.

## ELEVENTH DEFENSE

Plaintiff David Butler was not exposed to any asbestos material through any act or omission of this Defendant, or if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of Plaintiffs' damages, if any, as a matter of law. Therefore, this Defendant denies that any of its products or any alleged action or inaction on its part has damaged or injured Plaintiffs in any manner or at any time.

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

## TWELFTH DEFENSE

The claims raised in Plaintiffs' Petition are barred by the applicable workers' compensation laws.

## THIRTEENTH DEFENSE

If Plaintiffs suffered damages as a proximate result of any condition of the product sold by this Defendant, which this Defendant denies, then any such products would have been supplied to the employer of Plaintiffs, which employer was knowledgeable and a sophisticated user of said products with adequate warnings or instructions, or with the knowledge of such information contained in said warnings, and thus this Defendant had no further legal duty to warn or instruct Plaintiffs.

## FOURTEENTH DEFENSE

The state of the medical and scientific knowledge and the published literature and other materials reflecting said state of the medical art at all times pertinent hereto was such that this Defendant neither knew or could have known that its products presented a foreseeable risk of harm, if any, to Plaintiffs in the normal and expected use of these products according to the law in full force and effect at the time of the transactions complained of. The methods, standards and techniques of designing, manufacturing or selling any asbestos-containing products sold or designed by this Defendant, if any, were performed in conformity with the generally recognized state of the art existing at the time such products were designed and/or sold, if any, by this Defendant and placed in the stream of commerce.

## FIFTEENTH DEFENSE

If Plaintiffs sustained injuries and damages as a result of Plaintiff David Butler's exposure to any products sold by this Defendant, as alleged in Plaintiffs' Petition, which this Defendant

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

denies, the amount of any such exposure and any attributable to Plaintiffs' alleged injuries and damages, were and are negligible in degree and amount and hence, *de minimis*.

## SIXTEENTH DEFENSE

Plaintiff David Butler appreciated and understood risks associated with the use of this Defendant's products, if any, which this Defendant denies.  In the face of Plaintiff David Butler's knowledge, Plaintiff continued to use the products in such a manner as to continue to expose him/herself to any risks. As a result of Plaintiff David Butler's own assumption of risk, Plaintiffs' recovery, if any, should be limited to or barred.

## SEVENTEENTH DEFENSE

This Defendant denies that Plaintiffs have incurred any damages. However, as to any injuries or damages Plaintiffs are alleged to have incurred, Plaintiff David Butler failed to exercise ordinary care for his/her own safety, and such failure on Plaintiff's part proximately caused any injuries or damages alleged in Plaintiffs' Petition.

## EIGHTEENTH DEFENSE

Plaintiffs lacked privity or otherwise had no relationship with this Defendant sufficient to impose a duty on this Defendant.

## NINETEENTH DEFENSE

There is a lack of joinder of one or more parties who should or must be joined and, without joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

## TWENTIETH DEFENSE

To the extent that Plaintiffs have received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

joint tortfeasors, Plaintiffs' Petition in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

## TWENTY-FIRST DEFENSE

Plaintiff David Butler misused the products of this Defendant.

## TWENTY-SECOND DEFENSE

Plaintiffs failed to mitigate Plaintiffs' damages, if any.

## TWENTY-THIRD DEFENSE

If Plaintiffs have heretofore or should hereafter settle for any of the alleged injuries and damages with any parties, or non-parties, such as any 524 (g) Trusts, then this Defendant is entitled to a credit in the amount of said settlement.

## TWENTY-FOURTH DEFENSE

Any Defendant whose fault is determined by the trier of fact to be less than 25% of the total fault attributable to Plaintiffs, the Defendants, and any third-party Defendants who could have been sued by Plaintiffs, shall only be severally and not jointly liable.

If Plaintiffs sustained injuries and damages as a result of Plaintiff David Butler's exposures to any product manufactured by this Defendant, as Plaintiffs have alleged in Plaintiffs' Petition, and which this Defendant continues to deny, the amount of fault attributable to this Defendant is less than 25% of the total fault, thus Defendant is only severally liable.

## TWENTY-FIFTH DEFENSE

Plaintiffs' Petition fails to set forth a claim for punitive damages upon which relief may be granted.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claim for punitive damages is barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution prohibiting the imposition of excessive fines, as applied to the states through the Fourteenth Amendment.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## TWENTY-NINTH DEFENSE

This Court lacks jurisdiction over the subject matter of Plaintiffs' Petition.

## THIRTIETH DEFENSE

Venue is improper in the Court and this action should be dismissed based on *forum non conveniens*.

## THIRTY-FIRST DEFENSE

This Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

## THIRTY-SECOND DEFENSE

Defendant adopts and asserts any defenses raised or asserted by other defendants to this action.

## THIRTY-FIFTH DEFENSE

To the extent that Plaintiff David Butler's alleged exposure to Defendant's products occurred within the territory of a state, nation, or jurisdiction other than Missouri, or to the extent that other grounds exist for the application of law of a jurisdiction other than Missouri to Plaintiffs' claims against Defendant, Defendant reserves the right to argue that Plaintiffs' claims against

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

Defendant should be governed by the laws of such other jurisdiction, including but not limited to statute(s) of limitations, statute(s) of repose, causation standards, exposure standards, product identification standards, and limitations on the types and/or amount of recoverable damages.

**DEERE & COMPANY DEMANDS TRIAL BY A JURY OF TWELVE PERSONS.**

Respectfully submitted,

/s/ *Matthew J. Fischer*
Matthew J. Fischer (Missouri Bar No. 67551)
*mfishcher@rshc-law.com*

**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 (fax)

Electronically Filed - City of St. Louis - August 12, 2022 - 12:29 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| DAVID BUTLER and | ) | |
| KATHY BUTLER, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 2222-CC00226 |
| v. | ) | |
| | ) | Div. No. 1 |
| A.W. CHESTERTON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF CHANGE OF ADDRESS

COME NOW Brenda G. Baum, Carl J. Geraci and the law firm of HeplerBroom LLC, as counsel for Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company, and hereby notify this Court and counsel of record that their address has changed, effective immediately, as follows:

HeplerBroom LLC
701 Market Street, Suite 1400
St. Louis, MO 63101

Telephone numbers, email addresses and fax numbers remain unchanged.

HEPLERBROOM LLC

By: /s/ Carl J. Geraci
    BRENDA G. BAUM    #38428
    CARL J. GERACI    #46561
    ALEX BELOTSERKOVSKY    #50757
    HBASB@heplerbroom.com
    Attorneys for Defendant
    701 Market Street, Suite 1400
    St. Louis, Missouri 63101
    Phone:    (314) 241-6160
    Fax:    (314) 241-6116

Electronically Filed - City of St. Louis - August 12, 2022 - 12:29 PM

## CERTIFICATE OF SERVICE

The undersigned states that on the 12th day of August, 2022, the foregoing was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system, which will send notification of such filings to all Counsel of Record, pursuant to the June 21, 2013 Administrative Order.

/s/ Carl J. Geraci

Electronically Filed - City of St. Louis - August 16, 2022 - 08:29 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| vs. | ) Cause No. 2222-CC00226 |
| | ) |
| A.W. CHESTERTON COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF VIDEOTAPED DEPOSITION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that the videotaped deposition of the deponent will be taken as indicated above; that said deposition will be taken on oral interrogatories before a Notary Public and certified Shorthand Reporter, or any other officer authorized by law to take depositions in like cases, and will continue day to day until complete, except by agreement of the parties or ordered by the court.

DATE & TIME:        **Thursday, August 25th, 2022 at 11:00 AM (CDT)**
                    **(continuing day to day until complete)**

LOCATION:           **TELEPHONE / VIDEO-CONFERENCE**

DEPONENT:           **David Butler**

Dated:  August 16, 2022

SIMMONS HANLY CONROY,

By: /s/ John E. Richardson, Jr._____
John E. Richardson, Jr., #58561
One Court Street
Alton, IL  62002
Phone: (618) 259-2222
Fax: (618) 259-2251

cc:      **Paszkiewicz Court Reporting**

This is to certify that a copy of the following has been served upon the following attorneys of record as follows (circle):

1. Hand Delivery

2. **Electronic Mail (E-mail Transmission)**

3. Facsimile Transmission

4. Placing same in an envelope with postage prepaid, plainly addressed to each attorney and by depositing same in a U.S. Mailbox

5. **Missouri E-Service**

6. Copy served to Defense Coordinating Counsel, Swanson, Martin & Bell, LLP via first class mail at 800 Market Street, Suite 2100, St. Louis, MO 63101, via e-mail electronic transmission, or facsimile transmission at 314-241-7106

this 16th day of August  2022 by: /s/ Brooke Pryor (Simmons Hanly Conroy)

## Representing Firms
## (Copies: 26)

---

**Armstrong Teasdale LLP**

GENERAL ELECTRIC COMPANY || HERCULES, LLC || REDCO CORPORATION, f/k/a CRANE CO.

**7700 Forsyth Blvd., Suite 1800  St. Louis, MO  63105 || Phone: (314)621-5070 || Fax:  (314)621-5065 || One Touch:  48**

Anita M. Kidd (akidd@armstrongteasdale.com) || Bryan D. Nicholson (bnicholson@armstrongteasdale.com) || Gregory A. Iken (giken@armstrongteasdale.com)

---

**Baker Sterchi Cowden & Rice L.L.C.**

CATERPILLAR INC.

**100 North Broadway, 21st Floor  St. Louis, MO  63102 || Phone: (314)231-2925 || Fax:  (314)231-4857 || One Touch:  52**

Julie A. Simaytis (jsimaytis@bscr-law.com) || Michael B. Hunter (mhunter@bscr-law.com)

---

**Brown & James, P.C.**

GENERAL GASKET CORPORATION || JOHN CRANE, INC. || MISSOURI DRYWALL SUPPLY INC.

**800 Market Street, Suite 1100  St. Louis, MO  63101-2501 || Phone: (314)421-3400 || Fax:  (314)421-3128 || One Touch:  29**

Agota Peterfy (apeterfy@bjpc.com) || AJ Bronsky (ajbronsky@bjpc.com)

---

**Crivello Carlson Picou and Andrekanic LLC**

MACK TRUCKS INC. || VOLVO GROUP NORTH AMERICA, LLC

**1012 Plummer Drive Suite 201  Edwardsville, IL  62025 || Phone: (618)655-0006 || Cell:  (618)407-5136 || Fax:  (618)655-0250 || One Touch:  129**

Curtis R. Picou (cpicou@ccpalaw.com) || Robert D. Andrekanic (randrekanic@ccpalaw.com)

---

**Foley & Mansfield, PLLP**

KELLY MOORE PAINT COMPANY INC. || PARAMOUNT GLOBAL, f/k/a VIACOMCBS INC., f/k/a CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION

**101 South Hanley Road, Suite 600  St. Louis, MO  63105 || Phone: (314)925-5700 || Fax:  (314)925-5701 || One Touch:  67**

Electronically Filed - City of St. Louis - August 16, 2022 - 08:29 AM

Electronically Filed - City of St. Louis - August 16, 2022 - 08:29 AM

.ASBESTOS MO (missouriasbestos@foleymansfield.com) ||
Daniel G. Donahue (ddonahue@foleymansfield.com) || Kevin
J Newton (knewton @foleymansfield.com) || Roger K. Rea
(rrea@foleymansfield.com)

---

**Goldberg Segalla LLP**

OSHKOSH CORPORATION

**8000 Maryland Ave, Suite 640 P.O. Box 1017, Buffalo, NY 14201 St
Louis, MO 63105 || Phone: (314)446-3350 || Fax: (314)446-3360 ||
One Touch: 162**

Paul L Knobbe (pknobbe@goldbergsegalla.com)

---

**Gordon Rees Scully
Mansukhani, LLP**

PACCAR INC.

**211 North Broadway, Suite 2150 St. Louis, MO 63102 || Phone:
(314)961-6686 || Fax: (314)338-3076 || One Touch: 622**

Edward M. Slaughter (eslaughter@grsm.com) || Jason Irvin
(jirvin@grsm.com)

**2200 Ross Avenue, Suite 4100W Dallas, TX 75201 || Phone:
(214)231-4600 || Fax: (214)461-4053 || One Touch: 801**

Edward M. Slaughter (eslaughter@grsm.com) || Jason Irvin
(jirvin@grsm.com)

---

**Hart McLaughlin &
Eldridge, LLC**

FOSTER WHEELER ENERGY CORPORATION

**22 West Washington St., Suite 1600 Chicago, IL 60601 || Phone:
(312)955-0545 || Fax: (312)971-9243 || One Touch: 277**

Carter D. Grant (cgrant@hmelegal.com)

---

**HeplerBroom LLC**

CATERPILLAR INC. || INDUSTRIAL HOLDINGS CORPORATION f/k/a
THE CARBORUNDUM COMPANY

**130 N. Main Street P.O. Box 510 Edwardsville, IL 62025- || Phone:
(618)656-0184 || Fax: (618)656-1364 || One Touch: 27**

.ASBESTOS (hbasb@heplerbroom.com) || Brenda G. Baum
(bbaum@heplerbroom.com) || Eric P. Hall
(ehall@heplerbroom.com) || Sean P. Sheehan
(ssheehan@heplerbroom.com)

**701 Market Street, Suite 1400 St. Louis, MO 63101 || Phone:
(314)241-6160 || Fax: (314)241-6116 || One Touch: 34**

.ASBESTOS (hbasb@heplerbroom.com) || Brenda G. Baum
(bbaum@heplerbroom.com) || Eric P. Hall
(ehall@heplerbroom.com) || Sean P. Sheehan
(ssheehan@heplerbroom.com)

---

**Heyl, Royster, Voelker
& Allen, PC**

MCKESSON CORPORATION || RILEY POWER, INC.

**105 W. Vandalia, Suite 100 Post Office Box 467 Edwardsville, IL
62025 || Phone: (618)656-4646 || Fax: (309)420-0402 || One Touch:
63**

.ASBESTOS EDWARDSVILLE (edwecf@heylroyster.com) ||
Kent Plotner (kplotner@hrva.com) || Philip Eisele
(peisele@heylroyster.com)

---

**Lewis Brisbois
Bisgaard & Smith LLP**

CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.

**Mark Twain Plaza II, Suite 300 103 W. Vandalia Street Edwardsville, IL 62025 || Phone: (618)307-7290 || Fax: (618)692-6099 || One Touch: 137**

Jeffrey T. Bash (Jeff.Bash@lewisbrisbois.com)

---

**McAfee & Taft**

FORD MOTOR COMPANY

**Two West 2nd Street, Suite 1100 Williams Tower II Tulsa, OK 74103 || Phone: (918)587-0000 || Fax: (918)599-9317 || One Touch: 480**

Sherry A. Rozell (sherry.rozell@mcafeetaft.com)

---

**Pelikan & Orris LLC**

BRAND INSULATIONS, INC. || PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION

**10 South Broadway, Suite 1100 St. Louis, MO 63102 || Phone: (314)735-2560 || Fax: (314)300-9487 || One Touch: 292**

.ASBESTOS (citymail@pelikanorris.com) || Danielle Shoemaker (Danielle.shoemaker@pelikanorris.com) || Matthew Pelikan (matthew.pelikan@pelikanorris.com) || Ross Titzer (Ross.Titzer@pelikanorris.com) || Tom Orris (Tom.Orris@pelikanorris.com)

---

**Rasmussen Dickey Moore, L.L.C.**

CUMMINS, INC. || EATON CORPORATION || MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION

**10 South Broadway Suite 1520 St. Louis, MO 63102 || Phone: (314)768-3770 || Fax: (314)768-3775 || One Touch: 296**

Dyanna Ballou (dballou@rdm.law) || Justin U. Ijei (jijei@rdm.law) || Nathan A. Lindsey (nlindsey@rdm.law) || Virginia Giokaris (vgiokaris@RDM.law)

**1001 East 101st Terrace, Suite 300 Kansas City, MO 64131 || Phone: (816)960-1611 || Fax: (816)960-1669 || One Touch: 33**

Dyanna Ballou (dballou@rdm.law) || Justin U. Ijei (jijei@rdm.law) || Nathan A. Lindsey (nlindsey@rdm.law) || Virginia Giokaris (vgiokaris@RDM.law)

---

**Riley, Safer, Holmes & Cancila, LLP**

DEERE & COMPANY

**70 W. Madison Street, Suite 2900 Three First National Plaza Chicago, IL 60602 || Phone: (312)471-8700 || Fax: (312)471-8701 || One Touch: 271**

Brian O. Watson (bwatson@rshc-law.com) || Edward Casmere (ecasmere@rshc-law.com) || Mathew J. Fischer (mfischer@rshc-law.com)

---

**Rynearson, Suess, Schnurbusch & Champion L.L.C.**

CROWN CORK & SEAL COMPANY, INC.

**107 Southpointe Drive Edawrdsville, IL 62025 || Phone: (618)659-0588 || Fax: (618)465-3744 || One Touch: 13**

David A. Schott (ntrail@rssclaw.com)

---

Electronically Filed - City of St. Louis - August 16, 2022 - 08:29 AM

**Sinars Slowikowski Tomaska LLC**

J.P. BUSHNELL PACKING

**55 West Monroe Street, Suite 4000  Chicago, IL  60603 || Phone: (312)767-9790 || Fax:  (312)767-9780 || One Touch:  272**

Douglas M. Sinars (dsinars@sinarslaw.com)

---

**Swanson, Martin & Bell, LLP**

ALLIED MANUFACTURING COMPANY || BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION || DAIMLER TRUCKS NORTH AMERICA LLC || NAVISTAR INC. || WESTERN AUTO SUPPLY COMPANY

**103 W Vandalia Street, Suite 215  Edwardsville, IL  62025 || Phone: (314)241-7100 || Fax:  (314)241-7106 || One Touch:  363**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

**330 North Wabash Suite 3300  Chicago, IL  60611 || Phone: (312)321-9100 || Fax:  (312)321-0990 || One Touch:  159**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

**800 Market Street Suite 2100  St. Louis, MO  63101 || Phone: (314)241-7100 || Fax:  (314)242-0990 || One Touch:  159**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

---

**The Cook Group PLLC**

CLEAVER-BROOKS, INC.

**125 South Clark Street, 17th Floor  Chicago, IL  60603 || Phone: (314)882-9869**

.ASBESTOS Midwest (midwestasbestos@cookgrouplegal.com) || Meredith Hudgens (mhudgens@cookgrouplegal.com)

---

**Thompson Coburn LLP**

CASE NEW HOLLAND INDUSTRIAL, INC. || CNH INDUSTRIAL AMERICA LLC

**525 West Main Street, Suite 300  Belleville, IL  62222-0750 || Phone: (618)277-4700 || Fax:  (618)236-3434 || One Touch: 76**

Erick E. VanDorn (evandorn@thompsoncoburn.com) || Ryan G. Webb (rwebb@thompsoncoburn.com)

**One US Bank Plaza Suite 2600  St. Louis, MO  63101 || Phone: (314)552-6000 || Fax:  (314)552-7000 || One Touch: 16**

Erick E. VanDorn (evandorn@thompsoncoburn.com) || Ryan G. Webb (rwebb@thompsoncoburn.com)

---

Electronically Filed - City of St. Louis - August 19, 2022 - 05:09 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI**

DAVID BUTLER and KATHY BUTLER,     )
his wife,     )
    )
          Petitioners,     )
    )
vs.     )  Cause No. **2222-CC00226**
    )
A.W. CHESTERTON COMPANY, et al.,     )
    )
          Defendants.     )

**CERTIFICATE OF SERVICE FOR PETITIONER'S
ANSWERS TO INTERROGATORIES**

I hereby certify that Petitioner's Answers to Interrogatories have been served upon the attorneys of record per the attached Proof of Service via facsimile, on this 19th day of August, 2022.

Respectfully Submitted,

SIMMONS HANLY CONROY

By: /s/ John E. Richardson, Jr._____
      John E. Richardson, Jr., #58561
      One Court Street
      Alton, IL  62002
      Phone: (618) 259-2222
      Fax: (618) 259-2251

**Master Service List for :  Butler, David Dwayne**                           **Case# 2222-CC00226**

This is to certify that a copy of the following has been served upon the following attorneys of record as follows (circle):

1. Hand Delivery

2. Electronic Mail (E-mail Transmission)

3. Facsimile Transmission

4. Placing same in an envelope with postage prepaid, plainly addressed to each attorney and by depositing same in a U.S. Mailbox

5. Missouri E-Service

6. Copy served to Defense Coordinating Counsel, Swanson, Martin & Bell, LLP via first class mail at 800 Market Street, Suite 2100, St. Louis, MO  63101, via e-mail electronic transmission, or facsimile transmission at 314-241-7106

this ___19th___ day of ___August___ 2022 by: ___Kelly Jo Skowornski___(Simmons Hanly Conroy)

## Representing Firms (Copies: 26)

**Armstrong Teasdale LLP**

GENERAL ELECTRIC COMPANY || HERCULES, LLC || REDCO CORPORATION, f/k/a CRANE CO.

**7700 Forsyth Blvd., Suite 1800  St. Louis, MO  63105 || Phone:  (314)621-5070 || Fax:  (314)621-5065 || One Touch:  48**

Anita M. Kidd (akidd@armstrongteasdale.com) || Bryan D. Nicholson (bnicholson@armstrongteasdale.com) || Gregory A. Iken (giken@armstrongteasdale.com)

**Baker Sterchi Cowden & Rice L.L.C.**

CATERPILLAR INC.

**100 North Broadway, 21st Floor  St. Louis, MO  63102 || Phone:  (314)231-2925 || Fax:  (314)231-4857 || One Touch:  52**

Julie A. Simaytis (jsimaytis@bscr-law.com) || Michael B. Hunter (mhunter@bscr-law.com)

**Brown & James, P.C.**

GENERAL GASKET CORPORATION || JOHN CRANE, INC. || MISSOURI DRYWALL SUPPLY INC.

**800 Market Street, Suite 1100  St. Louis, MO  63101-2501 || Phone:  (314)421-3400 || Fax:  (314)421-3128 || One Touch:  29**

Agota Peterfy (apeterfy@bjpc.com) || AJ Bronsky (ajbronsky@bjpc.com)

**Crivello Carlson Picou and Andrekanic LLC**

MACK TRUCKS INC. || VOLVO GROUP NORTH AMERICA, LLC

**1012 Plummer Drive Suite 201  Edwardsville, IL  62025 || Phone:  (618)655-0006 || Cell:  (618)407-5136 || Fax:  (618)655-0250 || One Touch:  129**

Curtis R. Picou (cpicou@ccpalaw.com) || Robert D. Andrekanic (randrekanic@ccpalaw.com)

**Foley & Mansfield, PLLP**

KELLY MOORE PAINT COMPANY INC. || PARAMOUNT GLOBAL, f/k/a VIACOMCBS INC., f/k/a CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION

**101 South Hanley Road, Suite 600  St. Louis, MO  63105 || Phone:  (314)925-5700 || Fax:  (314)925-5701 || One Touch:  67**

.ASBESTOS MO (missouriasbestos@foleymansfield.com) || Daniel G. Donahue (ddonahue@foleymansfield.com) || Kevin J Newton (knewton@foleymansfield.com) || Roger K. Rea (rrea@foleymansfield.com)

**Goldberg Segalla LLP**

OSHKOSH CORPORATION

**8000 Maryland Ave, Suite 640 P.O. Box 1017, Buffalo, NY 14201  St Louis, MO  63105 || Phone:  (314)446-3350 || Fax:  (314)446-3360 || One Touch:  162**

Paul L Knobbe (pknobbe@goldbergsegalla.com)

Electronically Filed - City of St. Louis - August 19, 2022 - 05:09 PM

**Master Service List for : Butler, David Dwayne**                                    **Case# 2222-CC00226**

## Representing Firms (Copies: 26)

---

**Gordon Rees Scully Mansukhani, LLP**

PACCAR INC.

**211 North Broadway, Suite 2150  St. Louis, MO  63102 || Phone:  (314)961-6686 || Fax:  (314)338-3076 || One Touch: 622**

Edward M. Slaughter (eslaughter@grsm.com) || Jason Irvin (jirvin@grsm.com)

**2200 Ross Avenue, Suite 4100W  Dallas, TX  75201 || Phone:  (214)231-4600 || Fax:  (214)461-4053 || One Touch:  801**

Edward M. Slaughter (eslaughter@grsm.com) || Jason Irvin (jirvin@grsm.com)

---

**Hart McLaughlin & Eldridge, LLC**

FOSTER WHEELER ENERGY CORPORATION

**22 West Washington St., Suite 1600  Chicago, IL  60601 || Phone:  (312)955-0545 || Fax:  (312)971-9243 || One Touch: 277**

Carter D. Grant (cgrant@hmelegal.com)

---

**HeplerBroom LLC**

CATERPILLAR INC. || INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY

**130 N. Main Street P.O. Box 510  Edwardsville, IL  62025- || Phone:  (618)656-0184 || Fax:  (618)656-1364 || One Touch: 27**

.ASBESTOS (hbasb@heplerbroom.com) || Brenda G. Baum (bbaum@heplerbroom.com ) || Eric P. Hall (ehall@heplerbroom.com ) || Sean P. Sheehan (ssheehan@heplerbroom.com )

**701 Market Street, Suite 1400  St. Louis, MO  63101 || Phone:  (314)241-6160 || Fax:  (314)241-6116 || One Touch: 34**

.ASBESTOS (hbasb@heplerbroom.com) || Brenda G. Baum (bbaum@heplerbroom.com ) || Eric P. Hall (ehall@heplerbroom.com ) || Sean P. Sheehan (ssheehan@heplerbroom.com )

---

**Heyl, Royster, Voelker & Allen, PC**

MCKESSON CORPORATION  || RILEY POWER, INC.

**105 W. Vandalia, Suite 100 Post Office Box 467  Edwardsville, IL  62025 || Phone:  (618)656-4646 || Fax:  (309)420-0402 || One Touch: 63**

.ASBESTOS EDWARDSVILLE (edwecf@heylroyster.com) || Kent Plotner (kplotner@hrva.com) || Philip Eisele (peisele@heylroyster.com)

---

**Lewis Brisbois Bisgaard & Smith LLP**

CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.

**Mark Twain Plaza II, Suite 300 103 W. Vandalia Street  Edwardsville, IL  62025 || Phone:  (618)307-7290 || Fax: (618)692-6099 || One Touch:  137**

Jeffrey T. Bash (Jeff.Bash@lewisbrisbois.com)

---

**McAfee & Taft**

FORD MOTOR COMPANY

**Two West 2nd Street, Suite 1100 Williams Tower II  Tulsa, OK  74103 || Phone:  (918)587-0000 || Fax:  (918)599-9317 || One Touch:  480**

Sherry A. Rozell (sherry.rozell@mcafeetaft.com)

---

**Master Service List for :  Butler, David Dwayne**                           **Case# 2222-CC00226**

## Representing Firms (Copies: 26)

### Pelikan & Orris LLC

BRAND INSULATIONS, INC. || PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION

**10 South Broadway, Suite 1100  St. Louis, MO  63102 || Phone:  (314)735-2560 || Fax:  (314)300-9487 || One Touch: 292**

.ASBESTOS (citymail@pelikanorris.com) || Danielle Shoemaker (Danielle.shoemaker@pelikanorris.com ) || Matthew Pelikan (matthew.pelikan@pelikanorris.com) || Ross Titzer (Ross.Titzer@pelikanorris.com) || Tom Orris (Tom.Orris@pelikanorris.com)

### Rasmussen Dickey Moore, L.L.C.

CUMMINS, INC. || EATON CORPORATION  || MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION

**10 South Broadway Suite 1520  St. Louis, MO  63102 || Phone:  (314)768-3770 || Fax:  (314)768-3775 || One Touch:  296**

Dyanna Ballou (dballou@rdm.law) || Justin U. Ijei (jijei@rdm.law ) || Nathan A. Lindsey (nlindsey@rdm.law) || Virginia Giokaris (vgiokaris@RDM.law)

**1001 East 101st Terrace, Suite 300  Kansas City, MO  64131 || Phone:  (816)960-1611 || Fax:  (816)960-1669 || One Touch:  33**

Dyanna Ballou (dballou@rdm.law) || Justin U. Ijei (jijei@rdm.law ) || Nathan A. Lindsey (nlindsey@rdm.law) || Virginia Giokaris (vgiokaris@RDM.law)

### Riley, Safer, Holmes & Cancila, LLP

DEERE & COMPANY

**70 W. Madison Street, Suite 2900 Three First National Plaza  Chicago, IL  60602 || Phone:  (312)471-8700 || Fax: (312)471-8701 || One Touch:  271**

Brian O. Watson (bwatson@rshc-law.com) || Edward Casmere (ecasmere@rshc-law.com) || Mathew J. Fischer (mfischer@rshc-law.com)

### Rynearson, Suess, Schnurbusch & Champion L.L.C.

CROWN CORK & SEAL COMPANY, INC.

**107 Southpointe Drive  Edwardsville, IL  62025 || Phone:  (618)659-0588 || Fax:  (618)465-3744 || One Touch:  13**

David A. Schott (ntrail@rssclaw.com)

### Sinars Slowikowski Tomaska LLC

J.P. BUSHNELL PACKING

**55 West Monroe Street, Suite 4000  Chicago, IL  60603 || Phone:  (312)767-9790 || Fax:  (312)767-9780 || One Touch: 272**

Douglas M. Sinars (dsinars@sinarslaw.com)

### Swanson, Martin & Bell, LLP

ALLIED MANUFACTURING COMPANY || BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION || DAIMLER TRUCKS NORTH AMERICA LLC || NAVISTAR INC. || WESTERN AUTO SUPPLY COMPANY

**103 W Vandalia Street, Suite 215  Edwardsville, IL  62025 || Phone:  (314)241-7100 || Fax:  (314)241-7106 || One Touch:  363**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

**330 North Wabash Suite 3300  Chicago, IL  60611 || Phone:  (312)321-9100 || Fax:  (312)321-0990 || One Touch:  159**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

Electronically Filed - City of St. Louis - August 19, 2022 - 05:09 PM

**Master Service List for : Butler, David Dwayne**                    **Case# 2222-CC00226**

**Representing Firms (Copies: 26)**

---

**800 Market Street Suite 2100  St. Louis, MO  63101 || Phone: (314)241-7100 || Fax: (314)242-0990 || One Touch: 159**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

---

**The Cook Group PLLC**

CLEAVER-BROOKS, INC.

**125 South Clark Street, 17th Floor  Chicago, IL  60603 || Phone: (314)882-9869**

.ASBESTOS Midwest (midwestasbestos@cookgrouplegal.com) || Meredith Hudgens (mhudgens@cookgrouplegal.com)

---

**Thompson Coburn LLP**

CASE NEW HOLLAND INDUSTRIAL, INC. || CNH INDUSTRIAL AMERICA LLC

**525 West Main Street, Suite 300  Belleville, IL  62222-0750 || Phone: (618)277-4700 || Fax: (618)236-3434 || One Touch: 76**

Erick E. VanDorn (evandorn@thompsoncoburn.com) || Ryan G. Webb (rwebb@thompsoncoburn.com)

**One US Bank Plaza Suite 2600  St. Louis, MO  63101 || Phone: (314)552-6000 || Fax: (314)552-7000 || One Touch: 16**

Erick E. VanDorn (evandorn@thompsoncoburn.com) || Ryan G. Webb (rwebb@thompsoncoburn.com)

---

Electronically Filed - City of St. Louis - August 19, 2022 - 05:09 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
(City of St. Louis)

DAVID BUTLER and KATHY BUTLER, his wife )
      Plaintiffs,                       )
                                  )
-vs.-                               )    NO. 2222-CC00226
                                  )
A.W. CHESTERTON COMPANY, et al.,      )
                                  )
      Defendants.                 )

**NOTICE OF COMPLIANCE**

Now comes the Plaintiffs, by their attorneys, Simmons Hanly Conroy, pursuant to Supreme Court Rules, and hereby gives notice to all interested parties that the items listed on the receipts attached hereto were produced to the liaison counsel, Swanson, Martin & Bell LLP, the date indicated on said receipts, which has been signed by a representative of the liaison counsel, Swanson, Martin & Bell LLP. All parties, including non-participating members of the liaison counsel, Swanson, Martin & Bell LLP, will be allowed an opportunity to inspect and/or copy these documents during the office's usual business hours.

Respectfully Submitted,

**SIMMONS HANLY CONROY**

By: /s/ John E. Richardson, Jr.
      John E. Richardson, Jr., #58561
      One Court Street
      Alton, IL  62002
      Phone: (618) 259-2222
      Fax: (618) 259-2251

2222-CC00569

Electronically Filed - City of St. Louis - August 25, 2022 - 11:44 AM

Electronically Filed - City of St. Louis - August 25, 2022 - 11:44 AM

August 22, 2022


Swanson, Martin & Bell, LLP
Bank of America Plaza
800 Market Street, Suite 2100
St. Louis, MO 63101


Authorizations for the following case filed in St. Louis City, Missouri:


David Butler, Cause No. 2222-CC00226


Received this ___22_____day of _____August_____, 2022.



_____Shannon Williams_____
SWANSON MARTIN & BELL, LLP



Prepared by Kelly Jo Skowronski



Page 1 of 1

**Master Service List for :  Butler, David Dwayne**                                **Case# 2222-CC00226**

This is to certify that a copy of the following has been served upon the following attorneys of record as follows (circle):

1. Hand Delivery
2. Electronic Mail (E-mail Transmission)
3. Facsimile Transmission
4. Placing same in an envelope with postage prepaid, plainly addressed to each attorney and by depositing same in a U.S. Mailbox
5. Missouri E-Service
6. Copy served to Defense Coordinating Counsel, Swanson, Martin & Bell, LLP via first class mail at 800 Market Street, Suite 2100, St. Louis, MO 63101, via e-mail electronic transmission, or facsimile transmission at 314-241-7106

this __25th__ day of __August__ 2022 by: __Kelly Jo Skowronski__ (Simmons Hanly Conroy)

## Representing Firms (Copies: 26)

### Armstrong Teasdale LLP

GENERAL ELECTRIC COMPANY || HERCULES, LLC || REDCO CORPORATION, f/k/a CRANE CO.

**7700 Forsyth Blvd., Suite 1800  St. Louis, MO  63105 || Phone:  (314)621-5070 || Fax:  (314)621-5065 || One Touch:  48**

Anita M. Kidd (akidd@armstrongteasdale.com) || Bryan D. Nicholson (bnicholson@armstrongteasdale.com) || Gregory A. Iken (giken@armstrongteasdale.com)

### Baker Sterchi Cowden & Rice L.L.C.

CATERPILLAR INC.

**100 North Broadway, 21st Floor  St. Louis, MO  63102 || Phone:  (314)231-2925 || Fax:  (314)231-4857 || One Touch:  52**

Julie A. Simaytis (jsimaytis@bscr-law.com) || Michael B. Hunter (mhunter@bscr-law.com)

### Brown & James, P.C.

GENERAL GASKET CORPORATION || JOHN CRANE, INC. || MISSOURI DRYWALL SUPPLY INC.

**800 Market Street, Suite 1100  St. Louis, MO  63101-2501 || Phone:  (314)421-3400 || Fax:  (314)421-3128 || One Touch:  29**

Agota Peterfy (apeterfy@bjpc.com) || AJ Bronsky (ajbronsky@bjpc.com)

### Crivello Carlson Picou and Andrekanic LLC

MACK TRUCKS INC. || VOLVO GROUP NORTH AMERICA, LLC

**1012 Plummer Drive Suite 201  Edwardsville, IL  62025 || Phone:  (618)655-0006 || Cell:  (618)407-5136 || Fax:  (618)655-0250 || One Touch:  129**

Curtis R. Picou (cpicou@ccpalaw.com) || Robert D. Andrekanic (randrekanic@ccpalaw.com)

### Foley & Mansfield, PLLP

KELLY MOORE PAINT COMPANY INC. || PARAMOUNT GLOBAL, f/k/a VIACOMCBS INC., f/k/a CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION

**101 South Hanley Road, Suite 600  St. Louis, MO  63105 || Phone:  (314)925-5700 || Fax:  (314)925-5701 || One Touch:  67**

.ASBESTOS MO (missouriasbestos@foleymansfield.com) || Daniel G. Donahue (ddonahue@foleymansfield.com) || Kevin J Newton (knewton@foleymansfield.com) || Roger K. Rea (rrea@foleymansfield.com)

### Goldberg Segalla LLP

OSHKOSH CORPORATION

**8000 Maryland Ave, Suite 640 P.O. Box 1017, Buffalo, NY 14201  St Louis, MO  63105 || Phone:  (314)446-3350 || Fax:  (314)446-3360 || One Touch:  162**

Paul L Knobbe (pknobbe@goldbergsegalla.com)

Electronically Filed - City of St. Louis - August 25, 2022 - 11:44 AM

**Master Service List for : Butler, David Dwayne**                                  **Case# 2222-CC00226**

Electronically Filed - City of St. Louis - August 25, 2022 - 11:44 AM

## Representing Firms (Copies: 26)

---

**Gordon Rees Scully Mansukhani, LLP**

    PACCAR INC.

    **211 North Broadway, Suite 2150  St. Louis, MO  63102 || Phone: (314)961-6686 || Fax: (314)338-3076 || One Touch: 622**

        Edward M. Slaughter (eslaughter@grsm.com) || Jason Irvin (jirvin@grsm.com) || Mark D. Crapo (mcrapo@grsm.com)

    **2200 Ross Avenue, Suite 4100W  Dallas, TX  75201 || Phone: (214)231-4600 || Fax: (214)461-4053 || One Touch:  801**

        Edward M. Slaughter (eslaughter@grsm.com) || Jason Irvin (jirvin@grsm.com) || Mark D. Crapo (mcrapo@grsm.com)

---

**Hart McLaughlin & Eldridge, LLC**

    FOSTER WHEELER ENERGY CORPORATION

    **22 West Washington St., Suite 1600  Chicago, IL  60601 || Phone: (312)955-0545 || Fax: (312)971-9243 || One Touch: 277**

        Carter D. Grant (cgrant@hmelegal.com)

---

**HeplerBroom LLC**

    CATERPILLAR INC. || INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY

    **130 N. Main Street P.O. Box 510  Edwardsville, IL  62025- || Phone: (618)656-0184 || Fax: (618)656-1364 || One Touch:  27**

        .ASBESTOS (hbasb@heplerbroom.com) || Brenda G. Baum (bbaum@heplerbroom.com ) || Eric P. Hall (ehall@heplerbroom.com ) || Sean P. Sheehan (ssheehan@heplerbroom.com )

    **701 Market Street, Suite 1400  St. Louis, MO  63101 || Phone: (314)241-6160 || Fax: (314)241-6116 || One Touch: 34**

        .ASBESTOS (hbasb@heplerbroom.com) || Brenda G. Baum (bbaum@heplerbroom.com ) || Eric P. Hall (ehall@heplerbroom.com ) || Sean P. Sheehan (ssheehan@heplerbroom.com )

---

**Heyl, Royster, Voelker & Allen, PC**

    MCKESSON CORPORATION  || RILEY POWER, INC.

    **105 W. Vandalia, Suite 100 Post Office Box 467  Edwardsville, IL  62025 || Phone: (618)656-4646 || Fax: (309)420-0402 || One Touch:  63**

        .ASBESTOS EDWARDSVILLE (edwecf@heylroyster.com) || Kent Plotner (kplotner@hrva.com) || Philip Eisele (peisele@heylroyster.com)

---

**Lewis Brisbois Bisgaard & Smith LLP**

    CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.

    **Mark Twain Plaza II, Suite 300 103 W. Vandalia Street  Edwardsville, IL  62025 || Phone: (618)307-7290 || Fax: (618)692-6099 || One Touch: 137**

        Jeffrey T. Bash (Jeff.Bash@lewisbrisbois.com)

---

**McAfee & Taft**

    FORD MOTOR COMPANY

    **Two West 2nd Street, Suite 1100 Williams Tower II  Tulsa, OK  74103 || Phone: (918)587-0000 || Fax: (918)599-9317 || One Touch:  480**

        Sherry A. Rozell (sherry.rozell@mcafeetaft.com)

---

**Master Service List for :   Butler, David Dwayne**            **Case# 2222-CC00226**

## Representing Firms (Copies: 26)

### Pelikan & Orris LLC

BRAND INSULATIONS, INC. || PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION

**10 South Broadway, Suite 1100  St. Louis, MO  63102 || Phone:  (314)735-2560 || Fax:  (314)300-9487 || One Touch: 292**

.ASBESTOS (citymail@pelikanorris.com) || Danielle Shoemaker (Danielle.shoemaker@pelikanorris.com ) || Matthew Pelikan (matthew.pelikan@pelikanorris.com) || Ross Titzer (Ross.Titzer@pelikanorris.com) || Tom Orris (Tom.Orris@pelikanorris.com)

### Rasmussen Dickey Moore, L.L.C.

CUMMINS, INC. || EATON CORPORATION  || MORSE TEC LLC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION

**10 South Broadway Suite 1520  St. Louis, MO  63102 || Phone:  (314)768-3770 || Fax:  (314)768-3775 || One Touch:  296**

Dyanna Ballou (dballou@rdm.law) || Justin U. Ijei (jijei@rdm.law ) || Nathan A. Lindsey (nlindsey@rdm.law) || Virginia Giokaris (vgiokaris@RDM.law)

**1001 East 101st Terrace, Suite 300  Kansas City, MO  64131 || Phone:  (816)960-1611 || Fax:  (816)960-1669 || One Touch:  33**

Dyanna Ballou (dballou@rdm.law) || Justin U. Ijei (jijei@rdm.law ) || Nathan A. Lindsey (nlindsey@rdm.law) || Virginia Giokaris (vgiokaris@RDM.law)

### Riley, Safer, Holmes & Cancila, LLP

DEERE & COMPANY

**70 W. Madison Street, Suite 2900 Three First National Plaza  Chicago, IL  60602 || Phone:  (312)471-8700 || Fax: (312)471-8701 || One Touch:  271**

Brian O. Watson (bwatson@rshc-law.com) || Edward Casmere (ecasmere@rshc-law.com) || Mathew J. Fischer (mfischer@rshc-law.com)

### Rynearson, Suess, Schnurbusch & Champion L.L.C.

CROWN CORK & SEAL COMPANY, INC.

**107 Southpointe Drive  Edwardsville, IL  62025 || Phone:  (618)659-0588 || Fax:  (618)465-3744 || One Touch:  13**

David A. Schott (ntrail@rssclaw.com)

### Sinars Slowikowski Tomaska LLC

J.P. BUSHNELL PACKING

**55 West Monroe Street, Suite 4000  Chicago, IL  60603 || Phone:  (312)767-9790 || Fax:  (312)767-9780 || One Touch: 272**

Douglas M. Sinars (dsinars@sinarslaw.com)

### Swanson, Martin & Bell, LLP

ALLIED MANUFACTURING COMPANY || BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION || DAIMLER TRUCKS NORTH AMERICA LLC || NAVISTAR INC. || WESTERN AUTO SUPPLY COMPANY

**103 W Vandalia Street, Suite 215  Edwardsville, IL  62025 || Phone:  (314)241-7100 || Fax:  (314)241-7106 || One Touch:  363**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

**330 North Wabash Suite 3300  Chicago, IL  60611 || Phone:  (312)321-9100 || Fax:  (312)321-0990 || One Touch:  159**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

Electronically Filed - City of St. Louis - August 25, 2022 - 11:44 AM

**Master Service List for :  Butler, David Dwayne**                                      **Case# 2222-CC00226**

## Representing Firms (Copies: 26)

**800 Market Street Suite 2100  St. Louis, MO  63101 || Phone:  (314)241-7100 || Fax:  (314)242-0990 || One Touch:  159**

Alison R Helgeson (ahelgeson@smbtrials.com) || April Vesely (avesely@smbtrials.com) || Drew M. Schilling (dschilling@smbtrials.com) || Leo C. Chmielewski (lchmielewski@smbtrials.com) || Marcie J Vantine (mvantine@smbtrials.com) || Paul Lore || Robert Stephens (rstephens@smbtrials.com)

### The Cook Group PLLC

CLEAVER-BROOKS, INC.

**125 South Clark Street, 17th Floor  Chicago, IL  60603 || Phone:  (314)882-9869**

.ASBESTOS Midwest (midwestasbestos@cookgrouplegal.com) || Meredith Hudgens (mhudgens@cookgrouplegal.com)

### Thompson Coburn LLP

CASE NEW HOLLAND INDUSTRIAL, INC. || CNH INDUSTRIAL AMERICA LLC

**525 West Main Street, Suite 300  Belleville, IL  62222-0750 || Phone:  (618)277-4700 || Fax:  (618)236-3434 || One Touch:  76**

Erick E. VanDorn (evandorn@thompsoncoburn.com) || Ryan G. Webb (rwebb@thompsoncoburn.com)

**One US Bank Plaza Suite 2600  St. Louis, MO  63101 || Phone:  (314)552-6000 || Fax:  (314)552-7000 || One Touch:  16**

Erick E. VanDorn (evandorn@thompsoncoburn.com) || Ryan G. Webb (rwebb@thompsoncoburn.com)

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | Cause No. 2222-CC00226 |
| | ) | Division No. 1 |
| Plaintiffs, | ) | (Asbestos) |
| vs. | ) | |
| | ) | |
| A.W.CHESTERTON COMPANY, et al., | ) | **Jury Trial Demanded** |
| | ) | **by Defendant** |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COMES NOW, Sarah B. Mangesldorf, and the law firm of Goldberg Segalla LLP, and enters their appearance on behalf of Defendant Oshkosh Corporation.

Respectfully submitted,
**GOLDBERG SEGALLA LLP**

By:/s/ Sarah B. Mangelsdorf
    Sarah B. Mangelsdorf #59918
    smangelsdorf@goldbergsegalla.com
    8000 Maryland Avenue, Suite 640
    St. Louis, MO 63105-3752
    314-446-3350
    314-446-3360 (Facsimile)

    Attorneys for Defendant Oshkosh
    Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri Case.net on the 12th day of September, 2022.

/s/ Sarah B. Mangelsdorf

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | Cause No. 2222-CC00226 |
| | ) | Division No. 1 |
| Plaintiffs, | ) | (Asbestos) |
| vs. | ) | |
| | ) | |
| A.W.CHESTERTON COMPANY, et al., | ) | **Jury Trial Demanded** |
| | ) | **by Defendant** |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANT OSHKOSH CORPORATION'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FIRST AMENDED PETITION**</u>

COMES NOW Defendant Oshkosh Corporation (hereinafter referred to as "Oshkosh" or "Defendant"), by and through its attorneys, Goldberg Segalla, LLP, and for its Answers and Affirmative Defenses to Plaintiffs' First Amended Petition states as follows:

1.      Defendant is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and therefore denies the same.

2.      Defendant is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and therefore denies the same.

3.      Denied as to this Defendant.

4.      Denied as to this Defendant.

5.      Denied as to this Defendant.

6.      Denied as to this Defendant.

7.      Denied as to this Defendant.

8.      Denied as to this Defendant.

9.      Defendant is without sufficient information or belief to admit or deny the allegations set forth within this paragraph, and therefore denies the same.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

10.    Denied as to this Defendant.

11.    Denied as to this Defendant.

12.    Denied as to this Defendant.

13.    Denied as to this Defendant.

14.    Denied as to this Defendant.

15.    Denied as to this Defendant.

16.    Denied as to this Defendant.

17.    Denied as to this Defendant.

18.    Denied as to this Defendant.

**Count I – Negligence
(materials / products / equipment)**

1.    Defendant restates and reasserts its answers to the General Allegations of Plaintiffs' First Amended Petition as if fully set forth herein.

2.    Denied as to this Defendant.

3.    Denied as to this Defendant.

4.    Denied as to this Defendant.

5.    Denied as to this Defendant.

6.    Denied as to this Defendant, including all sub-parts.

7.    Denied as to this Defendant.

WHEREFORE, having fully answered the allegations of Count I, and the same having failed to state a cause of action, Defendant Oshkosh Corporation respectfully prays that the same be dismissed with prejudice, and that this Court enter its judgment for this Defendant and against Plaintiffs, together with this Defendant's costs, and for such further and additional relief as is just and proper.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

**Count II – Willful / Wanton Misconduct**
**(materials / products / equipment)**

1.      Defendant restates and reasserts its answers to the General Allegations and to paragraphs Two (2) through Four (4) of Count I of Plaintiffs' First Amended Petition as if fully set forth herein.

2.      Denied as to this Defendant.

3.      Denied as to this Defendant, including all sub-parts.

4.      Denied as to this Defendant.

5.      Denied as to this Defendant.

WHEREFORE, having fully answered the allegations of Count II, and the same having failed to state a cause of action, Defendant Oshkosh Corporation respectfully prays that the same be dismissed with prejudice, and that this Court enter its judgment for this Defendant and against Plaintiffs, together with this Defendant's costs, and for such further and additional relief as is just and proper.

**Count III – Strict Liability**
**(materials / products / equipment)**

1.      Defendant restates and reasserts its answers to the General Allegations and to paragraphs Two (2) through Four (4) of Count I of Plaintiffs' First Amended Petition as if fully set forth herein.

2.      Denied as to this Defendant, including all sub-parts.

3.      Denied as to this Defendant.

4.      Denied as to this Defendant.

WHEREFORE, having fully answered the allegations of Count III, and the same having failed to state a cause of action, Defendant Oshkosh Corporation respectfully prays that the same

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

be dismissed with prejudice, and that this Court enter its judgment for this Defendant and against Plaintiffs, together with this Defendant's costs, and for such further and additional relief as is just and proper.

## Count IV – Negligence
### (loss of consortium)

1.      Defendant restates and reasserts its answers to the General Allegations and to the factual allegations of Counts I-III of Plaintiffs' First Amended Petition as if fully set forth herein.

2.      Denied as to this Defendant.

WHEREFORE, having fully answered the allegations of Count IV, and the same having failed to state a cause of action, Defendant Oshkosh Corporation respectfully prays that the same be dismissed with prejudice, and that this Court enter its judgment for this Defendant and against Plaintiffs, together with this Defendant's costs, and for such further and additional relief as is just and proper.

## Count V – Willful / Wanton Misconduct
### (loss of consortium)

1.      Defendant restates and reasserts its answers to the General Allegations and to the factual allegations of Counts I-III of Plaintiffs' First Amended Petition as if fully set forth herein.

2.      Denied as to this Defendant.

3.      Denied as to this Defendant.

WHEREFORE, having fully answered the allegations of Count V, and the same having failed to state a cause of action, Defendant Oshkosh Corporation respectfully prays that the same be dismissed with prejudice, and that this Court enter its judgment for this Defendant and against Plaintiffs, together with this Defendant's costs, and for such further and additional relief as is just and proper.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

**Count VI – Negligence**
**(spoliation of evidence)**

1.      Defendant restates and reasserts its answers to the General Allegations of Plaintiffs' First Amended Petition as if fully set forth herein.

2.      Denied as to this Defendant.

3.      Denied as to this Defendant.

4.      Denied as to this Defendant.

5.      Denied as to this Defendant.

6.      Denied as to this Defendant.

7.      Denied as to this Defendant.

WHEREFORE, having fully answered the allegations of Count VI, and the same having failed to state a cause of action, Defendant Oshkosh Corporation respectfully prays that the same be dismissed with prejudice, and that this Court enter its judgment for this Defendant and against Plaintiffs, together with this Defendant's costs, and for such further and additional relief as is just and proper.

**Count VII – Willful / Wanton Misconduct**
**(spoliation of evidence)**

1.      Defendant restates and reasserts its answers to the General Allegations and to paragraphs Two (2) through Five (5) of Count VI of Plaintiffs' First Amended Petition as if fully set forth herein.

2.      Denied as to this Defendant.

3.      Denied as to this Defendant.

WHEREFORE, having fully answered the allegations of Count VII, and the same having failed to state a cause of action, Defendant Oshkosh Corporation respectfully prays that the same

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

be dismissed with prejudice, and that this Court enter its judgment for this defendant and against Plaintiff, together with this Defendant's costs, and for such further and additional relief as is just and proper.

## **AFFIRMATIVE DEFENSES**

In further answer and defense, and pleading in the alternative, Defendant Robert Bosch LLC states the following:

1.      This defendant denies that Plaintiff was exposed to products of this Defendant, if any, and denies that Plaintiffs were injured by any of the same and accordingly denies that Plaintiffs suffered any damage thereby and denies each and every allegation contained in Plaintiffs' Petition not herein above specifically admitted.

2.      Plaintiffs' Petition fails to state a cause of action or claim upon which relief can be granted against this Defendant and should accordingly be dismissed.

3.      All or part of Plaintiffs' claims are barred by the applicable statute of limitation, statute of repose, construction statute of repose, and by the doctrines of laches, estoppel, and/or waiver.

4.      To the extent that Plaintiffs fail to prove any connection to this forum, the doctrine of Forum-Non-Conveniens applies.

5.      This Defendant, further pleading in the alternative, states that any product that has allegedly been manufactured, sold, distributed or installed by this Defendant during the relevant time period related to Plaintiffs' cause of action, conformed to the state-of-the-art at that time.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

6.      To the extent Plaintiffs have entered into any settlement agreement with any other party or entity, related to the claims that have been, or could have been asserted in the pending cause of action, this Defendant is entitled to a set-off of any such settlement amount.

7.      If Plaintiffs sustained injuries or damages as alleged, which is specifically denied by this Defendant, said damages or injuries were caused or contributed to be caused by the acts, omissions or fault of Plaintiffs or other third parties, including contributory negligence, contributory fault, comparative negligence; Defendant Oshkosh Corporation, states that such acts, omissions or fault bar recovery by Plaintiffs herein, or in the alternative, that such acts, omissions or fault do not act as a complete bar, then said acts or omissions diminish Plaintiffs' recovery herein in an amount based upon Plaintiffs' relative degree of fault.

8.      The injuries allegedly sustained by Plaintiffs, if any, were proximately caused by Plaintiff's voluntary and free acts of voluntarily and knowingly placing himself in a position of danger and thus assuming the risk ordinarily incident to such acts. The risks were open, obvious, apparent and actually known to Plaintiffs in the condition described in the Petition, and injury and damage, if any, sustained by Plaintiffs were proximately caused by Plaintiff's own assumption of such risk.

9.      If Plaintiffs sustained injuries or damages as alleged, which is specifically denied, said injuries or damages were caused by the acts, omissions or fault of Plaintiffs, or others for whose conduct Defendant Oshkosh Corporation is not responsible, and over whom Defendant Oshkosh Corporation had no control; and Defendant Oshkosh Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

10.    Plaintiffs' alleged damages should be reduced or wholly barred to the extent the injuries were not reasonably mitigated.

11.    Plaintiffs' asserted injury(ies) were the result of unreasonable and/or unforeseeable modification of this Defendant's alleged products, whether installed, distributed, manufactured, or sold by or on behalf of this Defendant, or other unreasonable and unforeseeable conduct on the part of Plaintiffs or other third parties over which this Defendant could exercise no control and Plaintiffs' claims are barred in whole or in part as a result.

12.    This Defendant further states that venue is not proper in the City of St. Louis, pursuant to §508.010 R.S.Mo., and said action should be dismissed and/or transferred to the county having appropriate venue where the Plaintiff was "first injured" outside the State of Missouri, and this case should be transferred to the appropriate venue as set forth by §508.010 R.S.Mo.

13.    Further answering, this Defendant states that Plaintiffs' Petition fails to state a claim for relief for punitive damages against Defendant Oshkosh Corporation and in addition, to the extent that Plaintiffs seek to recover punitive damages herein, Plaintiffs have not stated and cannot state a claim for relief for punitive damages because the procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendments to the Constitution of the United States of America and Article I, Section 10 of the Constitution of Missouri in that:

A.    Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court decisions in *Pacific Life Insurance Co. v. Haslip*; *State Farm v. Campbell* and *White v. Ford Motor*.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

B.      Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

C.      Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.

D.      Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive defendant of sufficient notice of the type of conduct and mental state upon which punitive damages could be awarded as a result of Defendant's alleged misconduct.

E.      Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, Plaintiffs' injury, plaintiffs' expenses, Defendant's conduct, and Defendant's mental state.

F.      Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

G.      Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include:

    i.      A nebulous and undefined "abuse of discretion" standard of review;

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

ii.    A nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of "bias and prejudice';

iii.    A standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion;

iv.    A standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award. Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

H.    Missouri improperly permits a plaintiff to submit punitive damages to the jury based upon a defendant's conduct which, as a matter of law, was not willful or reckless. Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

I.    Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence. The instructions also fail to

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

J.      Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

K.      Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

L.      Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards; Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

M.      Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

N.      Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

O.      Missouri does not provide objective standards and procedures to prevent the plaintiff form receiving an unfair windfall of money as a result of a punitive damages award.

P.      Missouri does not have legal standards which would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct. These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

Q.      Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

R.      An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675. That portion of the punitive award therefore constitutes a fine payable to the State, but the State of Missouri has established no standards or limits upon the amount of punitive damages which may be awarded in a particular case, and has not provided procedural safeguards, including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

S.      A punitive damage award in this case punishes the defendant for harm not involved in this lawsuit and denies a company the right to defend claims against it. *Philip Morris USA v. Williams*, U.S. Sup. Ct., 127 S. Ct. 1057 (2007).

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

14.    This Court lacks personal jurisdiction over this Defendant and/or over the subject matter, and thus, this Defendant should be dismissed.

15.    As Plaintiffs do not identify the time or jurisdiction where exposure to this Defendant's product allegedly occurred, nor the alleged product(s), conduct or means of exposure at issue, this Defendant reserves the right to raise any and all affirmative defenses under any applicable foreign law that may later be determined to apply in this case, as well as jurisdictional challenges, depending upon the facts developed throughout the course of discovery.

16.    To the extent Plaintiffs allege any exposure to asbestos while Plaintiff was employed by this Defendant the claim is barred by the exclusive remedy of the Workers' Compensation, or the Occupational Disease Acts.

17.    Defense Defendant asserts that government-contractor defense set forth by the Supreme Court of the United States in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and developed in numerous federal court opinions since *Boyle*.  Under this defense, Defendant asserts that it is immune from liability by reason of its status as a contractor for the United States Government.  Defendant cannot be held liable for the allegedly effective design of its products. To prove this defense, Defendant will establish through its evidence at trial that (1) the United State Government, through the United States Army and its agents and representatives, exercised its discretion and created and approved reasonably precise specifications applicable to Defendant's products, including 10-Ton Trucks and Tank Haulers, at various locations where Plaintiff was stationed, which specifications governed the design, construction, and material content of the products, including vehicles and their components, as well as the product literature, labeling, and warnings to be supplied with the products, including vehicles; (2) Defendant's products, including vehicles, complied with the applicable specifications and directives in all ways and were approved

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

by the United States; (3) Defendants warned the United States and/or the United States knew as much as Defendant or more regarding the potential hazards of asbestos containing materials during the time periods at issue.

Moreover, Defendant asserts it cannot be held liable for any alleged failure to warn as (1) the United States Government, through the United States Army and its agents and representatives, exercised its discretion and approved reasonably precise specification applicable to Defendant's products, including 10-Ton Trucks and Tank Haulers, at various locations where Plaintiff was stationed, including certain warnings to be supplied with the products, including vehicles; (2) Defendant provided the approved warnings required by the government; and (3) Defendant warned the United States and/or the United States knew as much as Defendant or more regarding the potential hazards of asbestos containing materials during the time periods at issue. *Graves v. 3M Co.*, 17 F.4th 764, 772 (8th Cir. 2021).

18.    If Plaintiff was exposed to any products of Defendant, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by Plaintiff.

19.    Pursuant to Missouri Revised Statute § 537.060, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given by Plaintiff to any person allegedly liable for the same injuries claimed in this action shall reduce Plaintiff's claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater. Defendant is entitled to a reduction for the stipulated or paid amounts of all settlement agreements as well as setoffs for any future compensation Plaintiff receives in the form of payments from any other parties or entities for the alleged damages.

20.    This Defendant reserves the right to adopt the affirmative defenses asserted by other defendants to this cause of action.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

21.    This Defendant reserves the right to assert additional affirmative defenses that become known or available throughout this matter, including those that may apply under other states' laws.

WHEREFORE, Defendant Oshkosh Corporation, having fully answered Plaintiffs' Petition, respectfully prays to be dismissed with its costs expended herein, and for such other and further relief as is just and proper.

Respectfully submitted,

**GOLDBERG SEGALLA  LLP**

By: /s/ Sarah B. Mangelsdorf_____
Sarah B. Mangelsdorf, #59918
*smangelsdorf@goldbergsegalla.com*
8000 Maryland, Suite 640
St. Louis, Missouri  63105
Telephone:  (314) 446-3350
Facsimile:  (314) 446-3360

Attorneys for Defendant
Oshkosh Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri Case Net on the 12th day of September, 2022.

/s/ Sarah B. Mangelsdorf

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)

| | | |
|---|---|---|
| DAVID BUTLER and KATHY BUTLER, | ) | Cause No. 2222-CC00226 |
| | ) | Division No. 1 |
| Plaintiffs, | ) | (Asbestos) |
| vs. | ) | |
| | ) | |
| A.W.CHESTERTON COMPANY, et al., | ) | **Jury Trial Demanded** |
| | ) | **by Defendant** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OSHKOSH CORPORATION'S MOTION TO DISMISS THE FIRST
AMENDED PETITION FOR LACK OF PERSONAL JURISDICTION, AND FOR
FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE
STATEMENT**

NOW COMES the Defendant, OSHKOSH CORPORATION, by and through its attorneys,

GOLDBERG SEGALLA, LLP, and moves this Court pursuant to Missouri Rules of Civil

Procedure 55.27(a)(6), 55.27(d), 67.03 to dismiss Plaintiffs' First Amended Petition (the "Petition"

or "First Amended Petition") because it is substantially insufficient in law, and fails to state a claim

against Defendant upon which relief can be granted. Alternatively, Defendant moves this Court to

order Plaintiffs to make the Petition more definite and certain and to identify which product, if

any, Defendant allegedly manufactured or which activities of Defendant, if any, allegedly caused

David Butler to be exposed to asbestos. In support of its motion, Defendant states as follows:

29358101.v1

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

**I.      This Court Lacks Personal Jurisdiction over this Defendant**

1.      Plaintiffs filed the instant multi-count Petition seeking damages against multiple defendants, including OSHKOSH CORPORATION (the or this "Defendant"), for alleged asbestos-related injuries to or caused by David Butler's exposure to asbestos or asbestos-related products while he was employed at various work sites across the country. *See,* Plaintiff's First Amended Petition.

2.      Plaintiffs' First Amended Petition simply alleges that David Butler was exposed to asbestos from 1986 to 1991 while working as a laborer, roofer, mechanic, and business owner/operator at various locations throughout the United States.  The Petition further alleges David Butler was exposed to asbestos through non-occupational projects from 1978 to 1991. *See,* Plaintiffs' First Amended Petition, ¶¶ 1, 8-9.

3.      Plaintiff does not specifically allege in the Petition that he was exposed to any product of the Defendant in St. Louis City, Missouri.

4.      Defendant first argues that Plaintiffs' First Amended Petition must be dismissed because Plaintiffs' First Amended Petition fails to establish facts that this Court has personal jurisdiction over this Defendant. The allegations contained in Plaintiffs' First Amended Petition do not establish facts adequate to invoke Missouri's long-arm statute nor do they support a finding of minimum contacts with Missouri sufficient to satisfy due process over this Defendant.

5.      A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state. Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1780 (2017). However, ''only a limited set of affiliations with a forum will render a defendant amenable to'' general jurisdiction in that State. Id. Under the United States Supreme Court's analysis in Bristol Myers Squibb and BNSF Railway Co. v. Tyrrell, 137 S.Ct 1549 (2017), the relevant inquiry for general jurisdiction is no longer the magnitude of the

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

corporate defendant's in-state contacts, but whether the corporate defendant is ''essentially at home'' in the state. A corporation that operates in many states cannot be ''at home'' in all of them, and in-state business does not suffice to permit the assertion of general jurisdiction over claims that are unrelated to any activity occurring in the state. Id. The BNSF Railway case redefined the contours of a court's jurisdictional reach by effectively subjecting corporations to general personal jurisdiction only in those states where they are incorporated or have their principal place of business. Id., *See also*, State ex rel. Bayer Corp. v. Moriarty, No. SC 96189, 2017 BL 455030 at *4-5 (Mo. Dec. 19, 2017)(The defendant was neither incorporated nor had its principal place of business in Missouri, and the court held that the mere allegation that the defendant did substantial business in the state was insufficient to render the defendant at home in Missouri.).

6.      Thus, the mere fact that a corporation has contacts with a foreign state will "not suffice to permit the assertion of general jurisdiction" over claims "unrelated to any activity occurring" there. BNSF Railway Co. v. Tyrrell at 1559 (internal citation omitted). In other words, general "all purpose" jurisdiction over an out-of-state corporate defendant will no longer obtain simply because that corporation maintains a presence—even a significant presence—in the forum. Id, *See also*, State ex rel. Norfolk Southern Ry. Co. v. Dolan, 512 S.W.3d 41 (Mo. banc 2017)(A plaintiff may bring an action in Missouri on a cause of action unrelated to a corporation's Missouri activities if the corporation is incorporated in Missouri, has its principal place of business in Missouri, or in the exceptional case when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state.).

7.      This Defendant argues that none of the allegations pleaded in Plaintiffs' First Amended Petition are sufficient to support a finding of general personal jurisdiction over the Defendant.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

8.      Additionally, Plaintiffs have also failed to allege facts in the First Amended Petition that would give rise to specific jurisdiction over the Defendant.

9.      ''Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'' Bristol-Myers Squibb, 137 S. Ct. at 1780. ''When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'' Id. at 1781.  Specific jurisdiction requires consideration of the "relationship among the defendant, the forum, and the litigation." Andra v. Left Gate Prop. Holding, Inc., 453 S.W.3d 216, 226 (Mo. banc 2015), quoting, Walden v. Fiore, 571 U.S. 277, 283, 134 S.Ct. 1115, 1121, (2014).

10.     Only if the instant suit arises out of the Defendant's contacts with Missouri does Missouri have specific jurisdiction. Plaintiffs have pleaded no facts in the First Amended Petition alleging that David Butler's injury specifically arose from the Defendant's Missouri activities.

11.     Here, Missouri is not this Defendant's state of incorporation, nor is Missouri its principal places of business. Also, Plaintiffs' First Amended Petition fails to establish any facts that his claims arise out of any of the activities enumerated in Missouri's long-arm statute necessary for this court to have specific jurisdiction over this Defendant. See, V.A.M.S § 506.500. Furthermore, Plaintiffs' First Amended Petition also fails to show that this Defendant's "affiliations with [Missouri] are so 'continuous and systematic' as to render [them] essentially at home in [Missouri]." Daimler Ag v. Bauman, 134 S. Ct. 746 (2014) (quoting, Goodyear Dunlap Tires Operations, S.A.. v. Brown, 131 S. Ct. 2846, 2851(2011)).

12.     Further, Defendant does not maintain a registered agent in Missouri.

13.     Consequently, Plaintiffs' First Amended Petition should be dismissed for lack of personal jurisdiction pursuant to Missouri Rule of Civil Procedure 55.27(a)(2).

29358101.v1

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

**II.    Plaintiffs' First Amended Petition Fails to State a Cause of Action Against the Defendant**

14.    Plaintiffs' First Amended Petition fails to state any actionable cause of action against this Defendant.

15.    "Missouri is a fact-pleading state." <u>Gibson v. Brewer,</u> 952 S.W.2d 239, 245 (Mo. 1997). Accordingly, Missouri Supreme Court Rule 55.05 requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R.C.P. 55.05 (2005). This requirement is not without purpose. Rather, fact-pleading is necessary to present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits." <u>Gibson</u>, 952 S.W.2d at 245.

16.    Plaintiffs' entire First Amended Petition makes only conclusory allegations against the Defendant which are not supported by any factual allegations.

17.    This Defendant however, addresses each count of Plaintiffs' First Amended Petition individually.

**a.    Plaintiffs' First Amended Petition Fails to State a Cause of Action Against the Defendant for Negligence (Count I)**

18.    Count I of Plaintiffs' First Amended Petition purports to state a cause of action for negligence against the Defendant.

19.    Liability may be predicated upon a theory of negligence in product liability cases. To support such a claim, the plaintiff must allege factual allegations establishing a duty owed by a manufacturer, seller, or other supplier with respect to foreseeable dangerous consequences of a product and a breach of that duty. <u>Blevins v. Cushman Motors</u>, 551 S.W.2d 602, 607 (Mo. banc 1977); <u>Bailey v. Innovative Management & Inv., Inc.</u>, 916 S.W.2d 805 (Mo. App. 1995).

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

20.      In order to state a cause of action against Defendant, Plaintiff must plead that a specific product attributable to Defendant was a substantial factor in causing the alleged harm. ITT Commercial Financial Corp. v. Mid-America Marine Supply Co., 854 S.W.2d 371,379 (Mo. 1993).

21.      Here, Plaintiffs do not allege facts that demonstrate that Defendant owed any legal duty of care to David Butler and/or that Defendant breached any such duty.  Without such facts, Plaintiffs have failed to state a claim against Defendant for negligence.

22.      Moreover, Count I fails to set forth any allegations of fact in support of any specific product of the Defendant that contained asbestos and to which David Butler was allegedly exposed. Plaintiffs, therefore, fail to plead necessary facts to establish a duty owed by the Defendant or a breach of any such duty, which are essential elements of the purported cause of action. Hoover's Dairy v. Mid-America Dairymen, Inc./Special Prods., Inc., 700 S.W.2d 426, 431 (Mo. 1985). The Plaintiffs' First Amended Petition as written also fails to state a cause of action against Defendant because it fails to identify where and when the alleged exposure to Defendant's products or activities occurred. Furthermore, the Plaintiffs' First Amended Petition as written fails to plead how Defendant's products or activities were a substantial factor in causing David Butler's alleged exposure to asbestos.

23.      The Defendant cannot possibly prepare a responsive pleading without knowing, at minimum, the product(s) at issue, as well as the occupation, employer, time periods and job locations David Butler is alleged to have worked with, and/or been exposed to, Defendant's products or activities. Therefore, Count I of Plaintiffs' First Amended Petition must also be dismissed as a matter of law as to the Defendant.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

**b.  Plaintiffs' First Amended Petition Fails to State a Cause of Action for Willful and Wanton Misconduct Against the Defendant (Count II)**

24.    Count II of Plaintiffs' First Amended Petition alleges willful and wanton misconduct, setting forth the same allegations as in the negligent claim in Plaintiff's Count I, but adding the language "[i]ntentionally or with a reckless disregard for the health, safety and well-being of Petitioner …" before most of the enumerated acts or omissions set forth in Count II. *Compare,* Plaintiffs' First Amended Petition, Count I, ¶ 6 and Count II, ¶ 3.

25.    Willful and wanton negligence means something more than ordinary negligence. Howie v. St. Louis S. W. Ry. Co., 230 S.W.2d 703, 706 (Mo. 1950). To plead a recoverable claim for willful and wanton negligence, the plaintiff must allege facts in excess of those which would be sufficient to support a finding of ordinary negligence. *Id*.

26.    In this case, Count II of Plaintiffs' First Amended Petition pleads no additional facts from Plaintiff's negligence count (Count I), but merely adds a conclusory phrase that each was intentional or reckless. Therefore, Count II of Plaintiffs' First Amended Petition must be dismissed as a matter of law.

**c.  Plaintiffs' First Amended Petition Fails to State a Cause of Action Against the Defendant for Strict Liability (Count III)**

27.    In Count III, Plaintiffs purport to state a cause of action for strict liability against the Defendant. This Court should dismiss Count III as to the Defendant because Count III fails to contain allegations of ultimate fact as to a specific, if any, product of Defendant in support of each essential element of the cause sought to be pleaded in contradiction of Missouri's fact pleading requirements.

29358101.v1

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

28.    The essential elements of a strict product liability claim are (1) defendant sold a product in course of its business; (2) the product was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) the plaintiff was damaged as a direct result of defective condition as existed when product was sold. *Lay v. P & G Health Care, Inc.*, 37 S.W.3d 310 (Mo. App. 2000).

29.    In Count III, Plaintiff alleges that the named defendants each manufactured, sold, and distributed the asbestos-containing products to which David Butler was exposed, and that said products were in a defective condition and were unreasonably dangerous in that:

(a)    They contained and incorporated asbestos, a hazardous / carcinogenic substance, in a manner that said asbestos would be liberated and inhaled by end-users;

(b)    They were designed and intended to be used with materials and products that contained an incorporated asbestos, a hazardous / carcinogenic substance, such that the regular, expected and intended use of Defendants' materials / products / equipment would cause asbestos to be liberated and inhaled by end-users; and

(c)    They were not accompied by any warnings or instructions regarding the asbestos hazards associated with the regular, expected and intended use of said materials / products / equipment and/or any such warnings or instructions were not adequate.

*See,* Plaintiffs First Amended Petition, Count III, ¶ 2.

30.    Count III of Plaintiffs' First Amended Petition fails to allege any specific product of the Defendant which is alleged to have been defective. Instead, Plaintiffs lump numerous defendants into multiple conclusory allegations that relate to each named defendant. *See,*

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

Plaintiffs' First Amended Petition, Count III, ¶ 2. Thus, Plaintiffs have failed to alleged factual support to satisfy the essential elements of a strict products liability claim against the Defendant, such that Count III should be dismissed as a matter of law.

    **d.**    **Plaintiffs' First Amended Petition Fails to State a Cause of Action for Loss of Consortium Against the Defendant (Count IV and V)**

31.    Count IV and V of Plaintiffs' First Amended Petition purports to allege a cause of action for loss of consortium against all the named defendants.

32.    Counts IV and V fail to state a cause of action against Defendant in that it is predicated on Counts I through III, which as set forth above, fail to state valid causes of action against Defendant.

33.    An action for loss of consortium derives from an injured person's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured person. *Lear v. Norfolk and Western Railway Co.*, 815 S.W.2d 12, 14-15 (Mo.App. 1991).

34.    Counts I through III are improperly pled and should be dismissed.  Therefore, Counts IV and V should also be dismissed.

    **e.**    **Plaintiffs' First Amended Petition Fails to State a Cause of Action for Negligent and Willful/Wanton Spoliation of Evidence Against the Defendant (Count VI and VII)**

35.    Counts VI and VII seeks damages for negligent and willful/wanton spoliation of evidence.

36.    Missouri courts have not recognized intentional or negligent spoliation as a tort. *Fisher v. Bauer Corp.*, 239 S.W.3d 693, 701 (Mo. App. E.D. 2007); *see also*, *Marmaduke v. CBL & Associates Management*, 521 S.W.3d 257, 270 (Mo. App. E.D. 2017).

37.    Therefore, Counts VI and VII of Plaintiff's First Amended Petition must be dismissed.

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

**f.**    **Plaintiffs should be required to amend Counts I through VII of the First Amended Petition to Provide Sufficient Facts, Definiteness, or Particularity**

37.    Alternatively, this Defendant argues that Counts I through VII of Plaintiffs' First Amended Petition fail to state claims with sufficient facts, definiteness or particularity to enable the Defendant to properly prepare a responsive pleading. Accordingly, Plaintiffs should be required to amend Counts I through VII of the First Amended Petition to provide a more definite statement of the claims against this Defendant pursuant to Rule 55.27(d).

WHEREFORE, for the reasons stated above, Defendant, OSHKOSH CORPORATION., respectfully moves this Honorable Court to dismiss the instant case against it, or in the alternative, to require Plaintiffs to make more definite and certain the allegations against this Defendant, award Defendant its fees and costs, and for such other and further relief as the court deems just and proper.

Respectfully submitted,

**GOLDBERG SEGALLA  LLP**

By: /s/ Sarah B. Mangelsdorf
Sarah B. Mangelsdorf, #59918
smangelsdorf@goldbergsegalla.com
8000 Maryland, Suite 640
St. Louis, Missouri  63105
Telephone:  (314) 446-3350
Facsimile:   (314) 446-3360

Attorneys for Defendant
Oshkosh Corporation

29358101.v1

Electronically Filed - City of St. Louis - September 12, 2022 - 12:36 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri Case Net on the 12th day of September, 2022.

/s/ Sarah B. Mangelsdorf

29358101.v1