IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL DISTRICT
(CITY OF ST. LOUIS)

| | |
|---|---|
| DAVID BUTLER and KATHY BUTLER, his wife,<br><br>Plaintiffs,<br><br>-vs.-<br><br>A.W. CHESTERTON COMPANY, *et al.*,<br><br>Defendants. | Cause No. 2222-CC00226 |

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO
PLAINTIFFS' FIRST AMENDED PETITION ON BEHALF OF DEERE & COMPANY**

Deere & Company, as its Answer and Affirmative and Other Defenses to Plaintiffs' First Amended Petition ("Petition") states as follows:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1-2.   Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 1-2.

3-4.   To the extent that Paragraphs 3-4, and all subparagraphs therein, contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of those allegations. Deere & Company denies all allegations in Paragraphs 3-4, and all subparagraphs therein, as they relate to Deere & Company.

5.   To the extent that Paragraph 5 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraph 5 contains allegations against Deere & Company, Deere & Company admits only that it has, in the

past, sold equipment that contained certain asbestos-containing component parts that were manufactured by others, and that it sold some asbestos-containing component parts, again manufactured by others, as service parts. Deere & Company denies each and every remaining allegation against it.

6-7.    Whether Jurisdiction is proper is a conclusion of law and therefore no response is required. To the extent that a response is deemed to be required, the allegations are denied. Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 6-7.

8-10.   Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8-10.

11.     To the extent that Paragraph 11 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of those allegations. Deere & Company denies all allegations in Paragraph 11 as they relate to Deere & Company.

12.     Whether Venue is proper is a conclusion of law and therefore no response is required. To the extent that a response is deemed to be required, the allegations are denied. Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12.

13-16.  To the extent that Paragraphs 13-16 contain allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of those allegations. Deere & Company denies all allegations in Paragraphs 13-16 as they relate to Deere & Company.

17. Deere & Company denies that Petitioner's disease was wrongfully caused. Deere & Company is without sufficient knowledge or information to form a belief as to the truth of remaining allegations in Paragraph 17.

18. Deere & Company denies that Plaintiffs' injuries were caused by any alleged action or inaction of Deere & Company. Deere & Company is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 18.

**WHEREFORE,** Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT I

1. Deere & Company restates its answers to Paragraphs 1-18 of the General Allegations of this Petition as its answer to Paragraph 1 of Count I of this Petition.

2-3. To the extent that Paragraphs 2-3 contain allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge to form a belief as to the truth of those allegations. To the extent that Paragraphs 2-3 contain allegations against Deere & Company, Deere & Company denies all allegations set forth in Paragraphs 2-3 as they relate to Deere & Company.

4. To the extent that the allegations of Paragraph 4 are directed to entities other than Deere & Company, Deere is without sufficient information to admit or deny the allegations contained in Paragraph 4. To the extent that the allegations in Paragraph 4 are directed to Deere & Company, Deere & admits only that, for some equipment sold by Deere & Company, it provided catalogues, service manuals and parts lists that contained information related to the service, maintenance and repair of the equipment and that it intended users to read and be guided by those publications. Deere denies all remaining allegation contained in Paragraph 4.

5-6. To the extent that Paragraphs 5-6 contain allegations against Deere & Company, Deere & Company denies all allegations as they relate to Deere & Company, and further states that any duty owed to Plaintiffs is a conclusion of law and therefore no response is required. To the extent that Paragraphs 5-6 contain allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge and information to form a belief as to the truth of those allegations set forth against those entities.

7. Deere & Company denies that Petitioner's disease was caused by any alleged action or inaction of Deere & Company, and further states that any characterization of Deere & Company's alleged conduct as negligent is a conclusion of law and therefore no response is required. To the extent that Paragraph 7 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

**WHEREFORE,** Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT II

1. Deere & Company restates its answers to Paragraphs 1-18 of the General Allegations and Paragraphs 2-4 of Count I of this Petition as its answer to Paragraph 1 of Count II of this Petition.

2-3. To the extent that Paragraphs 2-3 contain allegations against Deere & Company, Deere & Company denies all allegations as they relate to Deere & Company, and further states that any duty owed to Plaintiffs is a conclusion of law and therefore no response is required. To the extent that Paragraphs 2-3 contain allegations against entities other than Deere & Company,

Deere & Company is without sufficient knowledge and information to form a belief as to the truth of those allegations set forth against those entities.

4. Deere & Company denies that Plaintiff David Butler's disease was caused by any alleged action or inaction of Deere & Company. Deere & Company is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 4.

5. Any characterization of Deere & Company's alleged conduct as willful and wanton is a conclusion of law and therefore no response is required. To the extent that Paragraph 5 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT III

1. Deere & Company restates its answers to Paragraphs 1-18 of the General Allegations and Paragraphs 2-4 of Count I of this Petition as its answer to Paragraph 1 of Count III of this Petition.

2-3. To the extent that Paragraphs 2 through 3 contain allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraphs 2 through 3 contain allegations against Deere & Company, Deere & Company denies each and every allegation as they relate to Deere & Company.

4. Deere & Company denies that Plaintiff David Butler's disease was caused by any alleged action or inaction of Deere & Company. Deere & Company is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT IV

1.       Deere & Company restates its answers to the General Allegations and Counts I-III of this Petition as its answer to Paragraph 1 of Count IV of this Petition.

2.       Deere & Company denies that Petitioner's spouse's disease was caused by any alleged action or inaction of Deere & Company, and further states that any characterization of Deere & Company's alleged conduct as negligent is a conclusion of law and therefore no response is required. To the extent that Paragraph 2 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiff Kathy Butler is entitled to the relief requested, or any relief at all, and further requests that Plaintiff's claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT V

1.       Deere & Company restates its answers to the General Allegations and Counts I-III of this Petition as its answer to Paragraph 1 of Count V of this Petition.

2-3.      Deere & Company denies that Petitioner's spouse's disease was caused by any alleged action or inaction of Deere & Company, and further states that any characterization of Deere & Company's alleged conduct as negligent is a conclusion of law and therefore no response is required. To the extent that Paragraphs 2-3 contain allegations against entities other than Deere

& Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiff Kathy Butler is entitled to the relief requested, or any relief at all, and further requests that Plaintiff's claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT VI

1. Deere & Company restates its answers to the General Allegations of this Petition as its answer to Paragraph 1 of Count VI of this Petition.

2. Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. To the extent that Paragraph 3 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraph 3 contains allegations against Deere & Company, Deere & Company denies each and every allegation as they relate to Deere & Company.

4. Deere & Company denies the allegations set forth in Paragraph 4, and further states that a duty owed to Plaintiffs is a conclusion of law and therefore no response is required. To the extent that Paragraph 4 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

5. To the extent that Paragraph 5 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraph 5

contains allegations against Deere & Company, Deere & Company denies each and every allegation as they relate to Deere & Company.

6. Deere & Company denies the allegations set forth in Paragraph 6, and further states that a duty owed to Plaintiffs is a conclusion of law and an improper allegation therefore no response is required. To the extent that Paragraph 6 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

7. To the extent that Paragraph 7 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities. To the extent that Paragraph 7 contains allegations against Deere & Company, Deere & Company denies each and every allegation as they relate to Deere & Company.

**WHEREFORE,** Defendant Deere & Company denies that Plaintiffs are entitled to the relief requested, or any relief at all, and further requests that Plaintiffs' claims be dismissed with prejudice and any other relief this Honorable Court deems just.

## COUNT VII

1. Deere & Company restates its answers to the General Allegations and Paragraphs 2 through 5 of Count VI of this Petition as its answer to Paragraph 1 of Count VII of this Petition.

2. Deere & Company denies the allegations set forth in Paragraph 2, and further states that a duty owed to Plaintiffs is a conclusion of law and an improper allegation therefore no response is required. To the extent that Paragraph 2 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

3.     Deere & Company denies the allegations set forth in Paragraph 3, and further states that the characterization of Deere & Company's alleged actions as intentional or reckless is a conclusion of law and an improper allegation therefore no response is required. To the extent that Paragraph 3 contains allegations against entities other than Deere & Company, Deere & Company is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## AFFIRMATIVE AND OTHER DEFENSES

This Defendant asserts the following affirmative and other defenses, in response to Plaintiffs' Petition:

### FIRST DEFENSE

There is an insufficiency of service of process upon the person of the Defendant.

### SECOND DEFENSE

There is a lack of service of process upon the person of the Defendant.

### THIRD DEFENSE

Plaintiffs' Petition fails to state a claim against this Defendant upon which relief may be granted.

### FOURTH DEFENSE

Plaintiffs' cause of action, and each of them, are barred by the applicable Statute of Limitations.

### FIFTH DEFENSE

Plaintiffs' cause of action is barred by the applicable Statutes of Repose.

### SIXTH DEFENSE

Plaintiffs' Petition is barred by laches.

**SEVENTH DEFENSE**

The conduct of the Plaintiffs is the sole proximate cause or a proximate contributing cause of the injuries and damages Plaintiffs complain of.  By reason of the aforesaid, Plaintiffs' recovery, if any, should be limited.

**EIGHTH DEFENSE**

The sole proximate cause of Plaintiffs' alleged injuries and damages was the conduct, actions, failure to act, or exposure to the products of, or intervening acts of, persons and entities other than this defendant. This Defendant asserts its right to introduce evidence consistent with its sole proximate cause defense.

**NINTH DEFENSE**

If Plaintiffs suffered damages as a result of the allegations set forth in Plaintiffs' Petition, then those damages were not sustained by reason of the conduct of this Defendant, but rather were the result of intervening or superseding acts or omissions of others.

**TENTH DEFENSE**

Plaintiffs' alleged injuries and damages, if any, were negligently caused in whole or in part by persons, firms, corporations, or entities other than those parties before this Court and such negligence either bars or comparatively reduces any possible recovery by Plaintiffs.

**ELEVENTH DEFENSE**

Plaintiff David Butler was not exposed to any asbestos material through any act or omission of this Defendant, or if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of Plaintiffs' damages, if any, as a matter of law. Therefore, this Defendant denies that any of its products or any alleged action or inaction on its part has damaged or injured Plaintiffs in any manner or at any time.

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

**TWELFTH DEFENSE**

The claims raised in Plaintiffs' Petition are barred by the applicable workers' compensation laws.

**THIRTEENTH DEFENSE**

If Plaintiffs suffered damages as a proximate result of any condition of the product sold by this Defendant, which this Defendant denies, then any such products would have been supplied to the employer of Plaintiffs, which employer was knowledgeable and a sophisticated user of said products with adequate warnings or instructions, or with the knowledge of such information contained in said warnings, and thus this Defendant had no further legal duty to warn or instruct Plaintiffs.

**FOURTEENTH DEFENSE**

The state of the medical and scientific knowledge and the published literature and other materials reflecting said state of the medical art at all times pertinent hereto was such that this Defendant neither knew or could have known that its products presented a foreseeable risk of harm, if any, to Plaintiffs in the normal and expected use of these products according to the law in full force and effect at the time of the transactions complained of. The methods, standards and techniques of designing, manufacturing or selling any asbestos-containing products sold or designed by this Defendant, if any, were performed in conformity with the generally recognized state of the art existing at the time such products were designed and/or sold, if any, by this Defendant and placed in the stream of commerce.

**FIFTEENTH DEFENSE**

If Plaintiffs sustained injuries and damages as a result of Plaintiff David Butler's exposure to any products sold by this Defendant, as alleged in Plaintiffs' Petition, which this Defendant

denies, the amount of any such exposure and any attributable to Plaintiffs' alleged injuries and damages, were and are negligible in degree and amount and hence, *de minimis*.

### SIXTEENTH DEFENSE

Plaintiff David Butler appreciated and understood risks associated with the use of this Defendant's products, if any, which this Defendant denies. In the face of Plaintiff David Butler's knowledge, Plaintiff continued to use the products in such a manner as to continue to expose him/herself to any risks. As a result of Plaintiff David Butler's own assumption of risk, Plaintiffs' recovery, if any, should be limited to or barred.

### SEVENTEENTH DEFENSE

This Defendant denies that Plaintiffs have incurred any damages. However, as to any injuries or damages Plaintiffs are alleged to have incurred, Plaintiff David Butler failed to exercise ordinary care for his/her own safety, and such failure on Plaintiff's part proximately caused any injuries or damages alleged in Plaintiffs' Petition.

### EIGHTEENTH DEFENSE

Plaintiffs lacked privity or otherwise had no relationship with this Defendant sufficient to impose a duty on this Defendant.

### NINETEENTH DEFENSE

There is a lack of joinder of one or more parties who should or must be joined and, without joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

### TWENTIETH DEFENSE

To the extent that Plaintiffs have received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged

joint tortfeasors, Plaintiffs' Petition in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

### TWENTY-FIRST DEFENSE

Plaintiff David Butler misused the products of this Defendant.

### TWENTY-SECOND DEFENSE

Plaintiffs failed to mitigate Plaintiffs' damages, if any.

### TWENTY-THIRD DEFENSE

If Plaintiffs have heretofore or should hereafter settle for any of the alleged injuries and damages with any parties, or non-parties, such as any 524 (g) Trusts, then this Defendant is entitled to a credit in the amount of said settlement.

### TWENTY-FOURTH DEFENSE

Any Defendant whose fault is determined by the trier of fact to be less than 25% of the total fault attributable to Plaintiffs, the Defendants, and any third-party Defendants who could have been sued by Plaintiffs, shall only be severally and not jointly liable.

If Plaintiffs sustained injuries and damages as a result of Plaintiff David Butler's exposures to any product manufactured by this Defendant, as Plaintiffs have alleged in Plaintiffs' Petition, and which this Defendant continues to deny, the amount of fault attributable to this Defendant is less than 25% of the total fault, thus Defendant is only severally liable.

### TWENTY-FIFTH DEFENSE

Plaintiffs' Petition fails to set forth a claim for punitive damages upon which relief may be granted.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claim for punitive damages is barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution prohibiting the imposition of excessive fines, as applied to the states through the Fourteenth Amendment.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**TWENTY-NINTH DEFENSE**

This Court lacks jurisdiction over the subject matter of Plaintiffs' Petition.

**THIRTIETH DEFENSE**

Venue is improper in the Court and this action should be dismissed based on *forum non conveniens*.

**THIRTY-FIRST DEFENSE**

This Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

**THIRTY-SECOND DEFENSE**

Defendant adopts and asserts any defenses raised or asserted by other defendants to this action.

**THIRTY-FIFTH DEFENSE**

To the extent that Plaintiff David Butler's alleged exposure to Defendant's products occurred within the territory of a state, nation, or jurisdiction other than Missouri, or to the extent that other grounds exist for the application of law of a jurisdiction other than Missouri to Plaintiffs' claims against Defendant, Defendant reserves the right to argue that Plaintiffs' claims against

Electronically Filed - City of St. Louis - July 27, 2022 - 12:03 PM

Defendant should be governed by the laws of such other jurisdiction, including but not limited to statute(s) of limitations, statute(s) of repose, causation standards, exposure standards, product identification standards, and limitations on the types and/or amount of recoverable damages.

**DEERE & COMPANY DEMANDS TRIAL BY A JURY OF TWELVE PERSONS.**

Respectfully submitted,

/s/ *Matthew J. Fischer*
Matthew J. Fischer (Missouri Bar No. 67551)
*mfishcher@rshc-law.com*

**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 (fax)